IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter W. Thiemann,           )
                              )
                              )
         Plaintiff,           )  Case No. C-1-00-793
                              )
    vs.                       )
                              )
                              )
OHSL Financial Corporation,   )
et al.,                       )
                              )
         Defendants.          )

O R D E R

       This matter comes before the Court on a motion filed by Plaintiff Walter W. Thiemann to compel Magistrate Judge Hogan to recuse or be disqualified from further participation in this case (Doc. No. 165).  Plaintiff, bringing this motion pursuant to 28 U.S.C. §§ 144 & 455, claims that Magistrate Judge Hogan has exhibited bias or the appearance of bias toward him and the class of Plaintiffs.  Magistrate Judge Hogan has referred Plaintiff's motion to this Court for resolution.  For the reasons set forth below, Plaintiff's motion is not well-taken and is **DENIED**.

       This is a class-action securities fraud case in which Plaintiffs contend that the Defendants made a number of materially false and misleading representations and omissions in proxy statements issued concerning the 1999 merger between OHSL Financial Corporation and Provident Financial Group, Inc.  This case was referred to Magistrate Judge Hogan as a matter of

routine to coordinate discovery and officiate over all pretrial matters. Judging from the volume of pleadings filed in the case thus far, Magistrate Judge Hogan has been given an enormous undertaking. In any event, as noted, both Plaintiff and his trial counsel believe that Judge Hogan has exhibited bias or the appearance of bias toward them in his handling of this case. The examples of alleged bias cited by Plaintiff occurred in oral and written statements made by Judge Hogan in certain of his rulings.

In the first instance of alleged bias cited by Plaintiff, Judge Hogan stated during a hearing that:

> It would be my preference not to have anything to do with class actions. My colleagues on this bench don't agree, but this is a perfect example of how one judge is better than two.

See Doc. No. 165, Ex. A, at 2. According to Plaintiff, this statement shows that Judge Hogan bears antagonism or hostility toward class action lawsuits and class action plaintiffs.

In the second example, as quoted without ellipses by Plaintiff in his brief, Judge Hogan stated:

> Second, I granted a motion to amend the complaint. Objections were filed. Judge Beckwith remanded it. She always uses delicate language when she disagrees with me, and you can read into that two things.
>
> One is, she really thinks it was, rather than a motion to amend, it was a motion for leave to amend, and on that basis the case was remanded.
>
> Viewed another way, you might say that was a way of saying, "I don't want to enlarge the scope of this case and I'm not going to grant this or any other motions to amend the complaint and enlarge the scope of this case."
>
> You're free to speculate on which of the two is her point of view and ultimately have to argue that.

2

> One more factor plays into this: There's now another motion to amend the complaint, and the directive from the District Judge is she want [sic] to hear that herself. So, why would that be if she liked the decision I made on the first one?
>
> So, to me, I have a picture of where this case is headed and I simply want to communicate it. Nothing's done, nothing's in stone, and the arguments are still viable to be made before the Court.
>
> The impression that I have is that the District Judge intends not to broaden this case, but rather to maintain the status quo. And I may be wrong and I may be surprised by the decision she makes on the Amended Complaint of what I think she might or might not do, but I pass it on for what it's worth. It appears to be a subtle clue that I picked up. All right? So, I'll get on it as soon as I get back on the 2nd.

Doc. No. 165, at 6-7. Plaintiff argues that this statement shows that Judge Hogan has prejudged all of the motions before him and intends to resolve them in a manner which would be approved by this Court rather than exercise his own independent judgment on the merits of the motions. Despite Plaintiff's contention, however, the Court observes that whether through design or inadvertence, Plaintiff has omitted from his quotation of Judge Hogan's comments, the following critical phrase: "And I'm going to approach this without any consideration of what I think she might or might not do[.]" See id., Ex. A, at 2. To the Court, this statement certainly indicates that Judge Hogan intends to rule on the motions before him without regard to any preconceived notions about how this Court might rule on other motions before it in the future.

In his reply brief, Plaintiff contends that Judge Hogan has exhibited bias because he has made gratuitous and unwarranted

attacks on his trial counsel's professionalism or alleged lack thereof in handling this case. Plaintiff notes that in various orders Judge Hogan has stated that counsel's conduct or behavior has been "uncivil," "unreasonable," and "sophomoric." On another occasion Judge Hogan stated that counsel "should be ashamed" for suggesting that the only reason for him to deny a motion would be to show favoritism toward the opposing party's law firm. Plaintiff contends that counsel made no such statement in the brief cited by Judge Hogan when he made this comment in one of his orders.

The moving party bears a heavy burden to secure to the recusal or disqualification of the judge assigned to his case. <u>United States v. Balistrieri</u>, 779 F.2d 1191, 1199 (2nd Cir. 1985).

In 1974, Congress revised 28 U.S.C. § 455 to allow disqualification for bias or prejudice. The amendment added §§ 455(a) and 455(b)(1), which read:

>   (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>   (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Sections 455(a) and (b)(1), the bias and prejudice subdivisions, were handled under 28 U.S.C. § 144 prior to 1974. Though the words "bias" and "prejudice" do not appear in § 455(a)

they are historical bases for disqualification and have been read into that subdivision as one of several grounds to question impartiality. Section 455(a) is the "catchall" provision added in 1974, overlapping with subdivision (b), but expanding the circumstances requiring disqualification.

Under § 455(a) a judge must disqualify himself in any proceeding in which a reasonable person might question her ability to remain impartial. This is an objective standard, to be applied as the determination a reasonable person, aware of all pertinent facts, would make regarding the appearance of partiality.

In <u>Liteky v. United States</u>, 510 U.S. 540 (1994), the United States Supreme Court discussed the standard a trial judge should employ in ruling on a § 455(a) motion to disqualify, in particular, the role of the "extrajudicial source" doctrine. The extrajudicial source doctrine was used as a shield in determining disqualification under the predecessor of § 455(a) and roughly required that any knowledge upon which the judge based her bias or prejudice that would show partiality must come from a source outside the dealings in her capacity as judge. Thus, information arising from current or even previous proceedings could be the grounds for opinions that might otherwise show bias or prejudice, but would nevertheless allow the judge to retain immunity from disqualification for those opinions. The Court in <u>Liteky</u> ruled that whether the source of a judge's bias or prejudice was extrajudicial was neither a necessary element for

disqualification nor alone sufficient grounds for recusal, making the inquiry into the source of the bias a factor in the analysis and not necessarily a dispositive doctrine.  <u>Liteky</u>, 510 U.S. at 554-55.

The Court outlined several guidelines for ruling on § 455(a) motions.

- First, "what matters is not the reality of bias or prejudice, but its appearance." <u>Id</u>. at 548.
- Second, the source of a judge's bias or prejudice need not be extrajudicial, and if it arises from proceedings before the court it may be grounds for disqualification if "it is so extreme as to display clear inability to render fair judgment." <u>Id</u>. at 551.  Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id</u>. at 555.
- Third, judicial rulings alone are very rarely sufficient basis for a showing of bias or prejudice, and generally are better suited for appeal than recusal.  <u>Id</u>.

Finally, the Court outlined circumstances under which a

trial judge's remarks generally will remain immune from showing bias or prejudice sufficient for recusal.  Remarks by the judge that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge."  Id.  Also immune are "expressions of impatience, dissatisfaction, annoyance, and even anger."  Id. at 555-56.  Finally, "[a] judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune."  Id. at 556.  On the merits in Liteky, the Court ruled that the grounds for recusal were insufficient, in part because they "consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments."  Id.

In light of the standards enunciated above, it is clear that Judge Hogan's recusal or disqualification is not warranted in this case.  The Court finds that the examples of bias cited by Plaintiff either do not exhibit bias or the appearance of bias at all, do not result from any extrajudicial source, or are not so extreme as to display a clear inability to render a fair judgment.  Alternatively, at worst, Judge Hogan's comments are merely critical or disapproving, but do not warrant recusal.

The statement "It would be my preference not to have anything to do with class actions" does not on its face exhibit any hostility or antagonism toward Plaintiff or the class of Plaintiffs.  Nor does this statement intimate that Judge Hogan harbors such sentiments.  In fact, the following statement, "this

7

is a perfect example of how one judge is better than two," seems to indicate that, overall, Judge Hogan simply believes that assigning a magistrate judge to handle pretrial matters in class action cases is inefficient.  Nothing in his comments, however, suggests that Judge Hogan was making a value judgment about the relative worth of class action lawsuits or class action plaintiffs.  Even if Judge Hogan did mean to say that he simply does not like to handle class action lawsuits, there is still no suggestion in his comments that he is unable or unwilling to handle his duties in this case in an impartial manner.

The Court will not spend much time on Plaintiff's contention that Judge Hogan has shown that he will not exercise independent judgment in ruling on the motions before him.  This argument is refuted by Judge Hogan's comment that Plaintiff failed or omitted to cite in his brief - "I'm going to approach this without any consideration of what I think she might or might not do."  Clearly, Judge Hogan does not intend to make decisions which conform to any preconceived notions about what future rulings of this Court might be.

Finally, Judge Hogan's comments about Plaintiff's counsel's conduct or behavior do not warrant recusal or disqualification.  These comments fit into the category of comments that are immune from establishing grounds for recusal.  See supra, at 7.  The Court does, however, take pause to make several observations here.  To this point in the case, Judge Hogan has had the bulk of the day-to-day interactions with the

parties and their trial counsel. Therefore, if Judge Hogan has found that Plaintiff's counsel's conduct has been uncivil, unreasonable, and sophomoric, then this Court defers to his first hand observations of counsel's conduct. Second, Plaintiff's counsel claims that Magistrate Judge Hogan accused him without foundation of stating that Judge Hogan would be predisposed to favoring the opposing party's law firm if he ruled a certain way. Judge Hogan may have miscited Plaintiff's brief. The Court notes that in the reply brief to the series of motions referenced by Plaintiff, Plaintiff's counsel states:

> If the Court wishes to impose a stay of discovery to accommodate KMK it should do so. But it should abandon the fiction that this case is proceeding because it is not. . . . Throughout this case, exceptional deference has been paid to KMK-both as defendants and defense counsel.

See Doc. No. 156, at 8. The passage quoted certainly seems to be an insinuation by Plaintiff's counsel that the Court has been inclined to favor opposing counsel. Therefore, Judge Hogan's comment appears to have an appropriate foundation.

Finally, the Court notes that Magistrate Judge Hogan has rendered distinguished service to this Court since 1996. Before then, Judge Hogan served as a judge with the Hamilton County Court of Common Pleas for two years and with the Hamilton County Municipal Court for fourteen years. Judge Hogan has been either a practicing attorney or a serving judge in this district for over thirty years. Thus, Judge Hogan is keenly familiar with the standards of practice and conduct expected in our court system. On the other hand, Plaintiff's primary trial counsel,

Mr. Brautigam, is not a member of the Ohio bar and has only been admitted to practice before this Court pro hac vice. He is, therefore, by definition a stranger to our Court and its expectations regarding professionalism. Consequently, when a judge with Magistrate Judge Hogan's experience and ability comments unfavorably on counsel's conduct, it behooves counsel to look inwardly, rather than to question Judge Hogan's capacity to preside over his client's case in an impartial manner.

For the reasons stated, Plaintiff's motion to have Magistrate Judge Hogan recuse or be disqualified from further participation in this case is without merit. Accordingly, Plaintiff's motion is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date October 7, 2003              /s Sandra S. Beckwith
                                  Sandra S. Beckwith
                                  United States District Judge