UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
FILED
OCT 8 2003
AT COVINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 2002-165

MORRIS HEATING AND COOLING, ET AL          PLAINTIFFS

VS.

PEOPLES BANK OF NORTHERN KENTUCKY,
ET AL                                       DEFENDANTS

### ORDER

On October 6, 2003, the above styled case was called for a hearing on motion of defendants for judgment on the pleadings or for summary judgment (Doc. #39), and to file a sur-reply (Doc. #97) and motions of plaintiffs to certify a question of law to the Supreme Court of Kentucky and to stay this matter pending such ruling (Doc. #65), to disqualify counsel (Doc. #69), for an extension of time to amend complaint after discovery is complete (Doc. #94) and Motion for a Rule 56(f) continuance (Doc. #43).

Morris Heating, et al, was represented by Jerry Miniard. Peoples Bank of Northern Kentucky and the individual Directors of Peoples Bank of Northern Kentucky were represented by Janet Jakubowicz, Beverly Storm and Mark Arnzen. The other parties to the litigation, John Finnan, Mark Menne, William Erpenbeck, and JAMS Properties, did not participate in this hearing. The proceedings were recorded by official court reporter, Joan Averdick.

1

109

**Motions of Defendants, the individual Directors of Peoples Bank of Northern Kentucky for Judgment on the Pleadings or, in the alternative, Summary Judgment and Plaintiffs Motion for a Rule 56(f) Continuance**

The Defendants, the Individual Directors of Peoples Bank, assert that they should not be parties in this case because the amended complaint makes only conclusory allegations in regard to the directors' liability. The directors assert that the complaint is devoid of any specific allegations and discovery has disclosed no evidence that any of them had any involvement with or knowledge of the activities of the alleged bank fraud scheme. As a matter of both RICO and tort law, defendants argue that the plaintiffs are not able to support their allegations.

Plaintiffs responded and moved for a 56(f) continuance. Plaintiffs assert that they have diligently attempted to conduct discovery to produce the evidence they believe is within the possession and control of the defendants and that will further substantiate what they believe to be valid claims in and of themselves. Plaintiffs claim that their discovery attempts have been thwarted by key witnesses and defendants pleading the fifth amendment due to the Federal investigation and by several drawn out discovery disputes between the parties over the past year.

This Court finds that the plaintiffs have sufficiently plead facts to support a RICO violation as to the defendant directors of Peoples Bank of Northern Kentucky. Construing the pleadings, supplemental filings and partial discovery, most favorably to the Plaintiffs, there is enough evidence that the claims of the Plaintiffs herein are not frivolous. RICO requires: 1) one or more persons; 2) who conduct an enterprise; 3) through a pattern of racketeering activity (a series of federal crimes); 4) and that the plaintiffs be injured as a result of the criminal acts. 18 U.S.C. sec. 1961-1964; VanDenBrock v. CommonPoint Mortgage Co., 210 F.3d 696 (6th Cir. 2000).

2

Here, there are several possible "persons" and several candidates for the "enterprise," including Peoples Bank, The Erpenbeck Company and JAMS and a possible conspiracy among the above. There are ongoing federal criminal investigations of some of the defendants, one of whom, Mr. Erpenbeck, has actually plead guilty to fraud involving Peoples Bank, as have two non-parties. This fact supports the allegations of a "pattern of racketeering activity." Thus, it cannot be said that plaintiffs' claims are without some support. Further, plaintiffs have been hampered in pursuing discovery by a less than cooperative attitude on the part of defendants and the fact, which is unavoidable, that key witnesses are taking the Fifth Amendment, as is their right. In addition, the action is exceptionally complex and there are collateral proceedings, civil and criminal, in several courts.

Therefore, plaintiffs' request for additional time to pursue discovery to stave off summary judgment is not unreasonable and should be granted pursuant to F.R.Civ.P. 56(f). The court will, therefore, extend the discovery deadlines subject to a motion for further extension for good cause. The court will expect plaintiffs to make all possible progress during the extension as a pre-requisite for any further extension.

**Motion to Certify Question to the Supreme Court of Kentucky**

Plaintiffs have made a motion to certify to the Supreme Court of Kentucky a question regarding KRS 280.990(5) and the constitutionality thereof. Kentucky Civil Rule 76.37 allows for certification of questions to the Supreme Court. This rule requires that the question certified be dispositive of the case and that it be an issue that is likely to come before the court again. As there are many factual yet undecided issues in this case, the court finds that the Plaintiffs' motion

3

is premature at this time.

**Motion to Disqualify**

Plaintiffs have filed a motion to disqualify attorney Mark Arnzen and his law firm, Arnzen & Wentz. Plaintiffs argue that it will be necessary to call Mr. Arnzen as a witness and that he has a pervasive conflict of interest that has and will impede these proceedings. Mr. Arnzen and the defendants point out that they have filed waivers of any conflict of interest.

It is unnecessary to consider whether the fact that Mr. Arnzen will be a witness requires his disqualification since the court has concluded that Mr. Arnzen has a conflict of interest that cannot be waived. Thus, he and his firm must be disqualified.

This case presents the unusual situation where an attorney representing other parties is a party himself. As such, he has unavoidable conflicts with his co-parties. For example, it is to the interest of each defendant to minimize his own involvement in the dealings of Peoples Bank with Mr. Erpenbeck and his companies and to emphasize the involvement of the other defendants. It is impossible for an attorney who is a defendant himself to give unbiased advice in this situation, since it is to his client's interest to emphasize the attorney's role in the events, but to his own interest to minimize such role. Or, it might be to the interest of some defendants to try to negotiate a separate settlement. Reference is made to the transcript of the hearing on these motions for further elaboration of the court's reasoning on this issue.

Although generally waivers of conflict of interest are to be respected, there are some situations where the conflict is too pervasive to permit a waiver, and this is such a case. Ky. Sup. Ct. Rule 3.130 (1.7) Cmt. 4; Schenck v. Hill, 530 N.Y.S.2d 486 (NY 1988).

4

Therefore the court being advised, it is hereby ordered as follows:

1. That defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment is denied without prejudice;

2. The plaintiffs' motion to certify a question to the Supreme Court of Kentucky and to stay proceedings pending motions is denied without prejudice;

3. The plaintiffs' motion to disqualify Mark Arnzen and the law firm of Arnzen & Wentz is granted;

4. The plaintiffs' motion for a rule 56(f) continuance is granted and discovery is extended for six months, or until April 6, 2004, subject to a timely motion for renewal;

5. Not later than 30 days after the close of discovery plaintiffs shall file an amended complaint pleading with particularity all fraud and RICO claims, showing the existence of all required RICO elements which can be alleged in good faith based on the facts disclosed by discovery;

6. Dispositive motions shall be filed not later than 30 days after the filing of the amended complaint;

7. Plaintiffs' motion for continuance of discovery deadline is denied as moot in light of the court's ruling on the plaintiffs' rule 56(f) motion; and

8. Defendants' motion to file a sur-reply is granted.

This 8th day of October, 2003.

_William O. Bertelsman_
WILLIAM O. BERTELSMAN, JUDGE