UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | Case No. C-1-00-793 |
| Plaintiff, | Judge Sandra S. Beckwith |
| vs. | Magistrate Judge Hogan |
| OHSL Financial Corporation, et al. | **OBJECTION TO SCHEDULING ORDER** |
| Defendants. | |

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

The plaintiff class respectfully objects to the Order of 18 November 2003 Scheduling Order issued by Magistrate Judge Hogan. The plaintiff class objects for two reasons: first, that the Order sets a trial date of May 2005, which the plaintiff class submits is prejudicial, especially since many of the key witnesses are old and infirm, and will likely not be able to meaningfully give testimony at trial at this date. The need to accelerate discovery in all phases of the litigation is brought into sharp relief by the recent indication that the health of former OHSL Chairman of the Board, Norbert Brinker, has greatly deteriorated, making him unable to appear for his deposition "at this

1

time[1]." (*See*, December 2, 2003 Letter from James E. Burke, Attached as Exhibit A.) Although Mr. Burke's letter says nothing about the health of any of the other former OHSL directors, many of whom were old and infirm years ago, this is likely a preview of coming attractions, as the plaintiffs seek to depose other former OHSL directors, it is reasonable to conclude that these requests will be met with a myriad of reasons why various individuals cannot be deposed[2].

The legal standard for review of a non-dispositive Order issued by a Magistrate Judge is as follows:

> The Court may reverse a non-dispositive order of a magistrate judge only upon a finding that the order is clearly erroneous or contrary to law.

28 U.S.C. § 636 (b) (1) (A); Fed. R. Civ. P. 72 (a).

Applying this standard to the Scheduling Order objected to, one can only conclude that the Order objected to is severely prejudicial to the plaintiffs, and as such,

---

[1] Given Mr. Brinker's age and health problems, it is rather optimistic to believe that Mr. Brinker will be available for trial in May 2005, and it should not surprise anyone that, as the former chairman of OHSL's Board of Directors, his testimony is absolutely necessary to the prosecution of this action. Mr. Brinker has never been deposed in this case, was last deposed in a state court action more than three and a half years ago, at a time when Provident's restatement—a key issue—was not known. Worthy of note is the fact that the defendants have vigorously resisted Mr. Brinker's deposition, which is the subject of an Order by this Court. Obviously, continued delay in these circumstances can only hurt the plaintiff class.

[2] Counsel for the plaintiff class has repeatedly reminded counsel for the OHSL defendants of their obligation to track the health of the former OHSL directors. Counsel has repeatedly made representations to the plaintiff class and the Court that the health of these defendants was fine, and should not be used as a reason to accelerate discovery. Two possible conclusions can be drawn: Mr. Brinker's health has declined recently, and/or counsel's representations were not made in good faith. In any event, the fact remains that the circumstances are such that crucial evidence has been lost—and will continue to be lost—unless the realities of this case are taken into account and a new schedule set.

2

an exception must be made to allow discovery to proceed on an accelerated basis, with a new Scheduling Order established.

Attached as Exhibit B is a true and correct copy of the telephonic status conference that took place on 4 November 2003 in which Magistrate Judge Hogan fixed the scheduling dates. Attached as Exhibit C is the Order itself. The transcript of the proceedings along with the Order itself clearly show that while Magistrate Judge Hogan was properly concerned about prejudice to the defendants, especially the new defendants, he was not similarly concerned with prejudice to the plaintiffs. As this Court is well aware, the Private Securities Litigation Reform Act, 15 USC § 78u-4, contains exceptions for good cause. Section 3 Motion to Dismiss; stay of discovery (B) states as follows:

> Motion to dismiss; stay of discovery. In any private action arising under this title [15USCS §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Attached as Exhibit D.

Although the statute is written to allow discovery to proceed if either condition is present, both prongs of this test are easily met in these circumstances. As this latest correspondence makes absolutely clear, evidence will be lost if the stay of discovery is imposed. Additionally, the plaintiff class is prejudiced by the inability to take discovery until some point in mid-2004 at best, more than 5 years after key events took place. There has been no discovery on restatement issues, and all such discovery from the OHSL side is likely to be lost due to the age and infirmity of many of the former OHSL directors, many of whom had a shaky recollection of key events when they were deposed

3

years ago. It is exceedingly unlikely that their memory of key events has improved—or remained the same—years after the events took place. Finally, all parties, including the new parties, have had detailed notice of the claims against them since 7 March 2003 when the first amended complaint related to restatement issues was filed.

## II.    CONCLUSION

This is a very old case. All parties, and the Court, have recognized a need to put this case on something of a logical track, but the Scheduling Order objected to does not do so. As applied to the unique facts and circumstances of this case, the Scheduling Order is clearly erroneous and contrary to law.

The plaintiffs respectfully submit that the Scheduling Order objected to is extremely prejudicial to the plaintiffs, and is the very embodiment of the elevation of form over substance in insisting on stay of discovery upon stay of discovery. As pointed out above, the "new claims" relate back to 7 March 2003, and virtually nothing has happened since that time, yet another *de facto* stay of discovery. Mr. Burke's letter of 2 December 2003 is a clear indication of the need to move forward expeditiously, and is likely a preview of coming attractions, as other OHSL directors who are similarly old and infirm are stricken with maladies that the defendants will claim prevent them from being deposed and/or testifying at a May 2005 trial.

The plaintiffs have already been significantly harmed and will continue to be harmed by the imposition of this Scheduling Order. Accordingly, the plaintiffs respectfully request that the Order objected to be overruled, that discovery on all aspects of all cases be ordered to commence immediately, and that an accelerated schedule be set

4

in its place, and that this Court conduct a status conference to provide direction to all parties.

 

Respectfully Submitted,

Michael G. Brautigam Esquire
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513-221-8800 phone
513-221-1097 fax

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of December 2003, a true and correct copy of the Objection to Scheduling Order was served as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

By Fax 651 3836
J. Michael Debbler, Esq.
GRAYDON HEAD & RITCHEY
1900 FIFTH THIRD CENTER
511 Walnut Street
P.O. Box 6464
Cincinnati, OH 45201-6464

By Fax 721 2139
Michael R. Barrett, Esq.
BARRETT & WEBER
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, OH 45202-4015

**and by U.S. Mail:**

John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4203 (fax)

By Fax 202 626 1700
James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

                                                          Michael G. Brautigam