IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann,<br><br>      Plaintiff,<br><br>    v.<br><br>OHSL Financial Corporation, et al.,<br><br>      Defendants. | Case No. C-1-00-793<br><br>Judge:  Sandra S. Beckwith<br><br>Magistrate:  Timothy S. Hogan |

**ERNST & YOUNG'S RESPONSE TO PLAINTIFFS'
OBJECTION TO SCHEDULING ORDER**

Plaintiffs' Objection to the Magistrate Judge's November 18, 2003 scheduling order (the "Scheduling Order") is without merit and should be denied.  The Scheduling Order represents a balanced attempt to fulfill this Court's desire to move this case forward while at the same time applying the Private Securities Litigation Reform Act's (the "Reform Act") automatic discovery stay and setting a realistic schedule for dispositive motions, class certification briefing and discovery on wholly new claims against, among others, Defendant Ernst & Young ("E&Y") a new party whom Plaintiffs injected into this case nearly two-and-a-half years after they first filed.  The Magistrate's Scheduling Order correctly applies the applicable governing law and should be upheld, for the reasons set forth in the OHSL and Provident Defendants' Memorandum in Opposition to Plaintiff's Objection to Scheduling Order, as well as for the reasons set forth below.

**I.    The Reform Act Mandates a Stay of Discovery as to E&Y and the Claims Against It**

Although the Reform Act mandates a stay of discovery until motions to dismiss have been decided, in asking that discovery on "all aspects of all cases" (Pls.' Objection at 4) commence immediately, Plaintiffs appear to claim that they are prejudiced by not being able to take discovery as to new claims and parties during the four months the Scheduling Order allows for briefing and disposition of motions to dismiss. As it relates to Ernst & Young ("E&Y"), this issue has been briefed, argued and decided. *See* Order Denying Plaintiffs' Motion to Compel (June 10, 2003) (Doc. 169). Plaintiffs' objection to the Scheduling Order presents nothing new.

The Reform Act mandates "all discovery . . . *shall* be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). This period includes the time during which, as here, a motion to dismiss is anticipated but has not yet been filed. *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003). In addition, the Reform Act's mandatory stay applies even if a plaintiff's complaint has survived challenges from fewer than all defendants as to fewer than all claims. *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) (allowing limited discovery of only those defendants whose motions to dismiss had been denied, and staying discovery as to all other defendants). Therefore, it is settled that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 679 (D. Md. 2000) (citation omitted).

Plaintiffs cannot dispute any of this. Instead, Plaintiffs complain that it has been nine months since the announcement of the restatements that form the basis of their claims against E&Y, and that any further delay unnecessarily prejudices them. Courts have recognized,

however, that this delay represents a conscious choice by Congress and cannot justify relief from the Reform Act's automatic stay:

> Prejudice caused by the delay inherent in the [Reform Act]'s discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair.  Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence.

*In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001).

Although the Reform Act provides a narrow exception for "particularized discovery" that is necessary to "preserve evidence or to prevent undue prejudice," 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs, in making their request for discovery on "all aspects of all cases," Pls.' Objection at 4, do not even attempt to meet this standard as to E&Y.  The Court has, in fact, allowed discovery of a number of elderly witnesses with respect to the old claims in this case.  Plaintiffs have not even hinted at any particular discovery that is necessary as to E&Y or the claims against it.  In allowing discovery to proceed on Plaintiffs' old claims while staying discovery against new parties or on new claims, the Magistrate Judge appropriately honored the balance struck by Congress in the Reform Act.  Accordingly, the Scheduling Order's stay of discovery should be upheld.

## II.     The Scheduling Order's Already Accelerated Schedule Should Not Be Accelerated Further

Plaintiffs also repeatedly express their frustration that this "very old case" is not advancing at the pace they would like and ask this Court to impose an unspecified "accelerated schedule" in place of the Magistrate Judge's schedule.  Pls.' Objection at 4.  Plaintiffs' original claims may be old, but instead of advancing those claims on a schedule that would have put them in trial by now, Plaintiffs chose to add new parties, including, only nine months ago, E&Y.  E&Y

should not be deprived of a realistic opportunity to conduct discovery, oppose class certification and make dispositive motions simply because these Plaintiffs decided to add them to unrelated litigation against the Provident and OHSL Defendants. As it is, the Magistrate's Scheduling Order has paved a much shorter road for Plaintiffs through motions to dismiss, class certification, discovery and to eventual trial than they would have had if they brought these new securities claims stemming from the 2003 restatements on their own. Other plaintiffs who brought similar securities law claims arising out of precisely the same restatements against many of the same defendants (although not E&Y) at the same time are currently in the process of briefing motions to dismiss and have no deadline for a ruling. *See Merzin v. Provident Financial Group, et al.*, No. C-1-03-165 (S.D. Ohio). Plaintiffs here have offered no justification to bypass this normal process simply because they have tacked those securities claims onto a preexisting action.

      For the foregoing reasons, this Court should reject Plaintiffs objection to the Magistrate Judge's Scheduling Order.

Dated: December 15, 2003                                    Respectfully submitted,

/s/ James E. Gauch
Stephen J. Brogan
James E. Gauch (Ohio bar # 0042161)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Counsel for Defendant
ERNST & YOUNG LLP

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of December, 2003, I caused a true and correct copy of Ernst & Young's Response to Plaintiffs' Objection to Scheduling Order to be served via U.S. First Class Mail on the parties listed below:

  Gene Mesh, Esq.
  Michael G. Brautigam, Esq.
  GENE MESH & ASSOCIATES
  2605 Burnet Avenue
  Cincinnati, OH  45219-2502

  James E. Burke, Esq.
  KEATING, MUETHING & KLEKAMP, P.L.L.
  1400 Provident Tower
  One East Fourth Street
  Cincinnati, OH  45202-3752

  John Hust, Esq.
  SCHROEDER, MAUNDRELL, BARBERIE & POWERS
  11935 Mason Road
  Suite 110, Governor's Knoll
  Cincinnati, OH  45249-3703

  Michael R. Barrett, Esq.
  BARRET & WEBER
  500 Fourth & Walnut Centre
  105 East Fourth Street
  Cincinnati, OH  45202-4015

  John B. Pinney
  J. Michael Debbler, Esq.
  GRAYDON HEAD & RITCHEY
  P.O. Box 6464
  Cincinnati, OH  45201-6464

            /s/ James E. Gauch