UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** | **CASE NO. C-1-00-793** |
|     PLAINTIFF | (BECKWITH, J.) |
| | (HOGAN, M.J.) |
| VS. | |
| **OHSL FINANCIAL CORP. ET AL.,** | |
|     DEFENDANTS | |

**ORDER**

      The Court conducted an informal discovery conference on December 9, 2003. Although the conference was conducted in chambers, a court reporter was connected via telephone at the request of Messrs. Brautigam and Mesh, counsel for Plaintiff. The first subject of disagreement was Plaintiff's request to re-depose Mr. Brinker, the former OHSL Chairman, who was previously deposed in the former state court action to the tune of an approximate 800 page transcript. Mr. Brinker is recovering from a stroke and is under a doctor's care. Plaintiff wants to depose Mr. Brinker immediately and agrees to be governed by any accommodation set by defense counsel. The Court instructed Mr. Burke, counsel for the OHSL Defendants, to seek the physicians' advice as to when and under what conditions can Mr. Brinker be deposed a second time. Following communication with Mr. Burke, Mr. Brinker can be deposed on any subject covered by the Plaintiff's Amended Complaint on which he has not been previously deposed. Mr. Burke agreed that Plaintiff may use the previous state court deposition of Mr. Brinker as if it had been taken in the instant case.

      The second item in dispute is Plaintiff's desire that Lou Gilligan and/or Pat Fischer, two Keating lawyers designated as loss prevention officers relative to Keating's malpractice carrier, be required to enter individual notices of appearance, since they or one of them took part in informal settlement discussions with Mr. Mesh, one of counsel for Plaintiff, and/or sent a letter to Mr. Brautigam declining to make Keating lawyers, Kreider and Rosenberg, available for

depositions. Local Rule 83.5(b) requires pleadings and motions to be signed by trial attorneys, but does make the same requirement that lawyer correspondence be limited to those designated as trial attorneys. The Rule deals, in other words, with the relationship between the attorney and the court and not the relationship of the attorneys with each other. An attorney must presume that when a firm's lawyer, other than the designated trial lawyer, sends a correspondence, that the firm's lawyer acts for the firm's client. The Court sees no purpose in requiring Messrs. Gilligan and Fischer to enter a formal appearance in the case and no advantage to Plaintiff in making that happen. Plaintiff's request in that regard is denied.

      The last issue concerns Plaintiff's request to re-depose other OHSL directors, all of whom have previously been deposed in either the previously filed state case or in this case. The purpose of re-deposing anyone is to ask questions on issues that were not covered in a previous deposition, not to provide an avenue for the impeachment of previous testimony. Since the Complaint in the instant case has been amended, the Court deems it appropriate to subject the deponents to questions about new subjects or old subjects covered incompletely, but not to questions about old subjects completely covered in previous deposition testimony. This is especially so since counsel for the deponents has agreed to stipulate the previous testimony for purposes of trial.

December 22, 2003                        s/Timothy S. Hogan
                                                 Timothy S. Hogan
                                                 United States Magistrate Judge

J:\HOGANTS\thiemann8.wpd