UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | : | Case No. C-1-00-793 |
| | : | Judge Sandra S. Beckwith |
| Plaintiff, | : | |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| OHSL Financial Corporation, et al. | : | **AFFIDAVIT OF WALTER W.** |
| Defendants. | : | **THIEMANN** |

| | |
|---|---|
| STATE OF MINNESOTA | : |
| | : SS: |
| COUNTY OF CARVER | : |

**WALTER W. THIEMANN, being duly sworn, deposes and states as follows:**

1. I am one of the plaintiffs in the above-captioned action. I am a member of the class, and I was damaged as a result of the merger complained of.

2. I make this affidavit in support of the Motion for Reconsideration of the Court's Order Decertifying the Class, (Doc. No. 227) which I have reviewed.

3. On pages 7-8 of the Order, it states "In other words, even assuming the proxy statement falsely painted the rosiest of pictures regarding the merger, Mr. Thiemann still concluded that the merger was a bad deal. Therefore, he clearly was not misled by the materials, thus legitimately raising the possibility that other investors likewise were not fooled by the allegedly misleading statements."

1

4. On page 5 of the Order it states:

5. Further discovery, which at this point is apparently not contradicted, indicates that Mr. Thiemann did not rely on The alleged misleading proxy statements and that the fraud-on-the-market exception is not applicable to those claims which require proof of reliance.

I do not understand how the Court has reached these conclusions, which are simply incorrect. As stated herein, I did rely on the materially false and misleading Proxy Materials/Registration Statement in voting in favor of the merger. Had I known, *inter alia,* that the Board vote had not been unanimous, and that OHSL CEO, board member, and largest shareholder Ken Hanauer opposed the transaction and did not believe it in the best interests of OHSL shareholders, I would have voted **against** the merger

5. I later learned that this was not the case. Had I know the true facts—that the OHSL Board vote was far from unanimous and that Ken Hanauer did not believe that the merger was in the best interests of OHSL shareholders, I would not have voted in favor of the transaction.

6. Contrary to the Court's Order, I was clearly misled by the materially false and misleading Proxy Materials/Registration Statement. There can be no doubt about this, since I would have voted **against** the transaction had I known the true facts.

7. My deposition testimony at pages 117 to 126 shows that I voted in

2

favor of the transactions for the reasons stated in paragraph 5 above. The deposition testimony referenced in the Court Order at page 7 (Thiemann Dep. at 80-84) has nothing to do with my vote in favor of the merger, but instead deals with my long-term plans for my investments in retirement.

8. In summary, the Court's conclusion that I was not misled by the Proxy Materials/Registration Statement is simply incorrect. I was misled by the Proxy Materials/Registration Statement, upon which I justifiably relied to my detriment.

9. I believe it is important to bring this to the Court's attention, so that the Court will have an accurate record of my vote on the merger.

**FURTHER AFFIANT SAYETH NAUGHT**

*Walter W. Thiemann*
Walter W. Thiemann

Sworn to before me and subscribed in my presence this 24 day of December, 2003.

TAMELA HAMES
Notary Public
Minnesota
My Commission Expires January 31, 2007

3