# KEATING, MUETHING & KLEKAMP, P.L.L.

ATTORNEYS AT LAW | 1400 PROVIDENT TOWER • ONE EAST FOURTH STREET • CINCINNATI, OHIO 45202
TEL. (513) 579-6400 • FAX (513) 579-6457 • www.kmklaw.com

JAMES E. BURKE
DIRECT DIAL: 513/579-6429
FACSIMILE: 513/579-6457
E-MAIL: JBURKE@KMKLAW.COM

August 6, 2001

*Via Facsimile and Regular Mail*

Richard B. Brualdi, Esq.
The Brualdi Law Firm
29 Broadway, Suite 1515
New York, New York 10006

David J. Manogue, Esq.
Specter, Specter, Evans & Manogue, P.C.
The Koppers Building, 26th Floor
Pittsburgh, Pennsylvania 15219

RE: Thiemann v. OHSL Financial Corp.

Dear Counsel:

I write in accordance with our obligations under Federal Civil Rule 11(c)(1)(A) to provide you with a safe harbor to avoid a motion for sanctions, fees and costs relating to the allegations and claims made against my clients in the above-referenced action.

Judge Beckwith's recent decision dismissed the control person claims against all of the individual directors, except for Ken Hanauer. She also dismissed the vast majority of your claimed misrepresentations and non-disclosures either on the ground that they were disclosed, or that they were immaterial as a matter of law. In short, most of your complaint failed to survive even the minimal threshold standard of Fed. R. 12(b)(6).

The remaining claims focus essentially on two issues. The first involves "the extent to which Provident relied on securitization of loans to generate corporate profits." See July 25, 2001 Order at P. 7. The Court concedes that securitization profits were disclosed. Id. Moreover, as you know, Provident's Form 10-K for December 31, 1999 as well as its Form 10-Q's for March 31, 1999 and June 30, 1999 provided extensive disclosures both of the securitization activity and of Provident's overall profits. These public filings clearly are part of the "total mix of information" available to OHSL shareholders. Anyone could determine how much of Provident's overall net profits in 1998 and 1999 resulted from securitization activities, through a simple arithmetic calculation. This is the same calculation that you apparently performed, from publicly available information, in connection with your opposition to our motion to dismiss. These facts, therefore, were disclosed. At the very least, these circumstances refute a finding of actionable scienter. Under these circumstances we believe that this claim is without evidentiary or legal support and violates Fed. Rule 11.

Richard B. Brualdi, Esq.
David J. Manogue, Esq.
August 6, 2001
Page 2

      The remaining group of claims related to the allege dissension on the OHSL Board and the purported lack of unanimity in approving the transaction. From the discovery conducted in the State Court Action, certain things are undisputed. First, although Norb Brinker testified that, in accordance with established company practice, he did not vote on the transaction (because no tie needed to be broken), the Provident deal was fair and he would have voted in favor of it had he been called upon to do so. See Brinker Dep. pp. 294-95, 351-52, 370-71, 381-82, 421, 424. Second, Tom McKiernan also supported the Provident deal as entirely fair, confirmed that the OHSL "unanimously" supported it and even attempted to cast a vote for it even though he was out of the country. See McKiernan Dep. at 81-82, 242, 337-38, 353, 382. Third, Tom Herron never voted on the final Provident deal on August 2, 1999, because he was not even on the OHSL board at the time, having resigned a few days earlier. His letter of resignation said nothing about any "opposition to the merger." Finally, as you know from Ken Hanauer's deposition, he only opposed the general strategic decision to pursue a sale, as opposed to remaining independent. Once the board decided to pursue a sale, as it had the right to do, the only issue became whether the specific Provident deal was fair. As you know from the citations in our Motion to Dismiss, Hanauer testified repeatedly that the deal _was_ fair, which was why he voted for it. Given this undisputed testimony, we believe that any purported nondisclosure claim based upon an alleged "lack of unanimity of the OHSL board" is without evidentiary support and is unsupportable under existing law. These facts also preclude a finding of the requisite scienter as to these claims.

      As you know, under the Private Securities Litigation Reform Act of 1995, a Rule 11 review is mandatory at the conclusion of this case. Under the federal rules, we are required to provide you with this advance notice of our intention so that you may consider whether to dismiss the complaint or take other appropriate correction. We respectfully hope that you will do so within twenty-one (21) days of the date of this letter.

      Very truly yours,

      KEATING, MUETHING & KLEKAMP, P.L.L.

      By: _____
           James E. Burke

mks/881207.1

cc:    Michael Brautigam, Esq.
       John W. Hust, Esq.