FILED
JAMES BONINI
CLERK

03 DEC 22 AM 10: 50

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | Case No. C-1-00-793 |
| Plaintiff, | Judge Sandra S. Beckwith |
| vs. | Magistrate Judge Hogan |
| OHSL Financial Corporation, et al. | **REPLY BRIEF IN FURTHER SUPPORT OF OBJECTION TO SCHEDULING ORDER** |
| Defendants. | |

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully submits this reply brief in further support of to the Order of 18 November 2003 Scheduling Order issued by Magistrate Judge Hogan. The Scheduling Order set out by Magistrate Judge Hogan calls for a trial in May, 2005, almost 5 years after the filing of the case, and more than two and a half years after the original November, 2002 Trial Date. This reply brief is filed in response to all of the oppositions to the Scheduling Order.

## II.  ANALYSIS

This objection largely involves factual issues and calls for a factual determination. Plaintiffs respectfully submit that the May, 2005 trial date, and the discovery schedule leading up to that trial date, is prejudicial to the plaintiffs. The defendants cannot dispute that the Scheduling Order objected to sets a May, 2005 trial date, nor can they deny that

1

the discovery has been delayed. The Scheduling Order objected to is simply not consistent with Rule 1 of the Federal Rules of Civil Procedure, calling for "the just, speedy, and inexpensive determination of every action."

### 1. Compliance With The Scheduling Order Runs the Risk of Offending the Court

Plaintiffs are justifiably concerned about another Scheduling Order that requires the filing of an Amended Complaint, since the District Court has determined that to be "errant conduct" on the part of counsel in strikingly similar circumstances. Counsel for the plaintiffs pointed out that they had read the Disqualification Order (Doc. No. 215) as not only not requiring, but not permitting, plaintiffs to file an amended complaint, but were directed to do so by Magistrate Judge Hogan. (*See*, Transcript of Proceedings, attached to plaintiffs' opening objection, Doc. No. 222, Exhibit B at 10).

### 2. The Scheduling Order is Fundamentally Unfair

The Scheduling Order stays some discovery, and sets a trial date of May, 2005. During the telephonic scheduling conference, counsel for the plaintiffs objected to virtually all of the Magistrate's rulings, and attempted to provide input that would result in an accelerated schedule and trial date. These attempts were unavailing.

### 3. Discovery is Not Proceeding

Defendants contention that discovery is proceeding is simply false. Nothing has happened since the Court lifted the stay of discovery on 27 October 2003. Nothing has happened since Magistrate Judge Hogan conducted a scheduling conference on 4 November 2003. Nothing has happened since the most recent scheduling conference on 9 December 2003. Nothing is scheduled to happen in 2003. Nothing is firmly agreed to

for 2004. With that background, the statements by the defendants that discovery is proceeding is false.

Plaintiffs are puzzled that defendants devote so much of their opposition brief to re-arguing issues that have already been decided. In yet another attempt to unfairly place plaintiffs and their counsel in the worst possible light, certain defendants discuss, at some length, the entirely irrelevant fact that certain defendants were deposed in a different case, with different charges, in a different court, in a different century. *See*, KMK Opposition at page 5, footnote 2. That historical anachronism is entirely irrelevant. <u>This</u> issue was already litigated and decided in favor of the plaintiffs (Doc. No. 142) and in favor of the Dinsmore defendants, who also objected to the motion for a protective order (Doc. No. 138) since they had no opportunity to question many of the relevant witnesses in <u>this</u> case or any other. The statement "Discovery of the original defendants clearly is proceeding, therefore." (Opposition at 6) is not in conformity with reality.

For example, as of this writing, the promised letter referred to at page 6 footnote 3 of the opposition brief has not materialized. (See, Letters on this topic, collectively attached as Exhibit A.) One has to wonder how much delay is necessary in order to obtain a simple letter from a physician that his patient is unable to be deposed at this time, if this is in fact the case. Confusing the ridiculous with the sublime, plaintiffs have theoretically been permitted to depose certain defendants since the Court's ruling on 5 February 2003, to no avail, as one discovery stay after another—as well as the complete lack of cooperation by KMK—has prevented this from happening. Defendants correctly point out that plaintiffs have been granted permission to proceed with discovery; regrettably, it does not follow that discovery is proceeding. The lack of any real progress

speaks for itself, and cries out in favor of an accelerated schedule that can be monitored monthly for compliance.

### 4. The Scheduling Order Fails to Take Into Account the Age and Health of Many of the OHSL Defendants, Whose Condition Seems to Deteriorate Daily

Plaintiffs respectfully submit that, in fairness, the age and health of many of the OHSL defendants needs to be taken into account. Although their counsel has represented for years that there was no danger that their testimony would be lost due to health issues, when finally ordered to proceed with discovery, it seems that they were unable to. The latest example of this is a series of letters from their counsel describing their various health problems and their general inability to get around. Former OHSL Chairman of the Board Norbert G. Brinker recently suffered what has been described as a mild stroke. Mr. Brinker is at least 86 years old. Many of the OHSL directors are of similar vintage, and admittedly suffer from health problems that would normally be associated with men of that age.

As discussed above, representations have been made that Mr. Brinker is unable to be deposed "at this time," even though the plaintiffs have agreed to do anything reasonable so as not to jeopardize his health, for example, going to where Mr. Brinker is, limiting the depositions sessions to an hour, or even less, with his doctor present, if needed. Although a letter from Mr. Brinker's physician confirming his physical condition has been promised, as of this writing it has not been received. The Scheduling Order does not take into account, and apparently did not consider, the age and health of these key defendants and witnesses, and the fact that they may be unavailable to give testimony in this case, as Mr. Brinker apparently is. This is a powerful argument in favor

of explicitly recognizing the particular facts and circumstances of this case, and setting an accelerated Scheduling Order that reflects this reality. As this currently stand, there seems to be a high degree of statistical probability that the plaintiffs will be forced to go to trial with key witnesses and defendants unavailable for one reason or another. Common sense seems to indicate that the further out the trial is scheduled to take place, the greater this likelihood becomes. With Mr. Brinker's mild stroke, this has become much more than a theoretical concern. The May, 2005 trial date is simply too far out for a case that was originally scheduled to go to trial in November, 2002.

### III.    CONCLUSION

This is a very old case. All parties, and the Court, have recognized a need to put this case on something of a logical track, but the Scheduling Order objected to does not do so.

The plaintiffs respectfully submit that the Scheduling Order objected to is extremely prejudicial to the plaintiffs, and is the very embodiment of the elevation of form over substance in insisting on stay of discovery upon stay of discovery. As pointed out above, the "new claims" relate back to 7 March 2003, with the claims against KMK and Hertlein relate back to 4 February 2002. Virtually nothing has happened since plaintiffs first sought and received permission to amend the complaint, as stay of discovery followed stay of discovery. Mr. Burke's letter of 2 December 2003 is a clear indication of the need to move forward expeditiously, and is likely a preview of coming attractions, as other OHSL directors who are similarly old and infirm are stricken with maladies that the defendants will claim prevent them from being deposed and/or testifying at a May 2005 trial.

The plaintiffs have already been significantly harmed and will continue to be harmed by the imposition of this Scheduling Order. Accordingly, the plaintiffs respectfully request that the Order objected to be overruled, that discovery on all aspects of all cases be ordered to commence immediately, and that an accelerated schedule be set in its place, that that schedule be monitored for compliance, and that this Court conduct a status conference to provide direction to all parties.

Dated: 22 December 2003

Respectfully Submitted,

*/s/ Michael G. Brautigam*

Michael G. Brautigam Esquire
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513-221-8800 phone
513-221-1097 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2003, a true and correct copy of the Reply Brief in Further Suppport of Objection to Scheduling Order was served as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

By Fax 651 3836
John B. Pinney, Esq.
J. Michael Debbler, Esq.
GRAYDON HEAD & RITCHEY
1900 FIFTH THIRD CENTER
511 Walnut Street
P.O. Box 6464
Cincinnati, OH 45201-6464

By Fax 721 2139
Michael R. Barrett, Esq.
BARRETT & WEBER
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, OH 45202-4015

**and by U.S. Mail:**

John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4203 (fax)

By Fax 202 626 1700
James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

Michael G. Brautigam