UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | MEMORANDUM OF KEATING, |
| OHSL FINANCIAL CORP., et al., | ) | MUETHING & KLEKAMP PLL IN |
| | ) | OPPOSITION TO MOTION TO TAKE |
| Defendants. | ) | THE DEPOSITIONS OF GARY P. |
| | ) | KREIDER AND J. DAVID |
| | ) | ROSENBERG |

A.   **INTRODUCTION**

This matter is before the Court on yet another discovery-related motion by Plaintiff[1] Walter Thiemann ("Thiemann"). Plaintiff has filed a motion seeking to depose Gary P. Kreider and J. David Rosenberg, two partners of Keating, Muething & Klekamp PLL ("KMK"). Thiemann's motion should be denied for three reasons: (a) the recently-entered Scheduling Order in this matter expressly provides for a stay of discovery as to KMK; (b) given Thiemann's professed intent to name KMK as a new defendant in his Amended Complaint, the Private Securities Litigation Reform Act ("PSLRA") expressly provides for a stay of discovery pending a ruling on a motion to dismiss the claims against KMK; and (c) there is no prejudice to Thiemann because Messrs. Kreider and Rosenberg had "minimal" or no involvement in the OHSL-Provident merger, and the KMK attorneys who were involved already have been deposed.

---

[1] On December 15, 2003, the Court in this matter granted the motion of the Provident and OHSL Defendants to reconsider class certification and decertified the class herein (doc. 227). As a result, this action now is an individual action on behalf of Walter Thiemann only.

### B.    ARGUMENT OF LAW

#### 1.    This Court's Scheduling Order Provides For A Stay of Discovery As To KMK

On October 20, 2003, the Court granted Plaintiff's Motion for Leave to Amend the Complaint and directed the Magistrate Judge to establish a new (and final) Scheduling Order (doc. 215).  A conference call with the Magistrate Judge was held on Tuesday, November 4, 2003 to discuss scheduling (docs. 216, 220).  During this conference call, the parties had a full and fair opportunity to present their respective views of what the new trial schedule should be (Transcript of Proceedings attached as Exhibit B to Plaintiff's Objection to Scheduling Order (doc. 222)).  In particular, the parties stated their respective positions on the impact of the mandatory stay of discovery under the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), as it related to the Amended Complaint and claims against new defendants, including KMK (Transcript of Proceedings, doc. 222, Exhibit B at pp. 11-25).  Magistrate Judge Hogan indicated that he planned to discuss this with Judge Beckwith and address the topic of a stay of discovery in the Scheduling Order (Transcript of Proceedings, doc. 222, Exhibit B at pp. 24, 36).

The Magistrate Judge did precisely that.  The Scheduling Order entered on November 19, 2003 (doc. 221) – presumably <u>after</u> Magistrate Judge Hogan conferred with Judge Beckwith – expressly states:

> A stay of discovery pending the Court's decision on motions to dismiss shall pertain only to the claims asserted against the newly added parties, namely Defendants Keating, Muething & Klekamp and Ernst & Young.

Scheduling Order (doc. 221) at p. 2.

Thiemann's motion to depose Messrs. Kreider and Rosenberg of KMK flies in the face of the Scheduling Order.  This matter already has been fully discussed and decided.  Thiemann's

request to proceed with these depositions has been considered and rejected. Accordingly, Thiemann's motion to depose these KMK attorneys should never have been filed and must be denied.

### 2. The PSLRA's Automatic Stay of Discovery Precludes The Depositions of KMK Attorneys

If Thiemann has made one thing clear, it is that he plans to name KMK as a defendant in the forthcoming Amended Complaint alleging that it and certain of its attorneys are primarily liable under the federal securities laws for alleged inaccuracies in the September, 1999 proxy statement for the Provident-OHSL merger. As a result, KMK and its lawyers are entitled to the benefits of the automatic stay of discovery codified at 15 U.S.C. § 78u-4(b)(3)(B).

When Congress enacted the PSLRA in 1995, it sought to end what it perceived as plaintiff attorneys' rampant abuse of securities class actions. As Congress itself noted, actions "are often based on nothing more than a company's announcement of bad news, not evidence of fraud." S. Rep. No. 104-98, at 4., 1995 U.S.C.C.A.N. 679, 683. Among other things, Congress was concerned that some plaintiffs would file meritless "strike" suits and then use the discovery process to fish for evidence of fraud. To prevent that, Congress enacted the automatic stay provision. As the Senate Report explains:

> The Securities Subcommittee heard testimony that discovery in securities class actions resembles a fishing expedition…. Thus, plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Accordingly, the Committee has determined that *discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint*.

*Id.* at 14, 1995 U.S.C.C.A.N. at 693 (emphasis added).

As a result, the PSLRA mandates "*all discovery… shall* be stayed during the pendency of any motion to dismiss…." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). This period includes

the time during which, as here, a motion to dismiss is anticipated but has not yet been filed. *In re DPL Inc., Sec. Litig.,* 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003). In addition, the PSLRA's mandatory stay applies even if a plaintiff's complaint has survived challenges from fewer than all defendants as to fewer than all claims. *See, e.g., In re Lernout & Hauspie Sec. Litig.,* 214 F. Supp. 2d 100 (D. Mass. 2002) (allowing limited discovery of only those defendants whose motions to dismiss had been denied, and staying discovery as to all other defendants). Therefore, it is settled that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." *In re Carnegie Int'l Corp. Sec. Litig.,* 107 F. Supp. 2d 676, 679 (D. Md. 2000) (citation omitted).

KMK is precisely the sort of defendant that should be entitled to avail itself of the automatic stay. For some reason, this case has been transformed from a case concerning the Provident-OHSL merger into Thiemann's single-minded and counter-productive pursuit of KMK. KMK submits that Thiemann's claims against it are completely without merit and fail to state a claim. KMK intends to file a motion to dismiss and strongly believes that it will succeed. There simply is no basis for any claim against KMK in this action. As a result, under the clear policy of the PSLRA, neither KMK nor any of its attorneys should be subject to discovery until after the court "has sustained the legal sufficiency" of Thiemann's Amended Complaint.

### 3. Plaintiff Thiemann Will Suffer No Prejudice If The Depositions of Kreider And Rosenberg Do Not Proceed At This Time

Although the PSLRA provides a narrow exception for "particularized discovery" that is necessary to "preserve evidence or to prevent undue prejudice," 15 U.S.C. § 78u-4(b)(3)(B), Plaintiff has made **no effort** to meet this high standard with respect to Messrs. Kreider and Rosenberg. Moreover, it is clear that Thiemann will suffer no prejudice in this matter, and

certainly nothing that justifies disregarding the strong policy of the PSLRA to stay discovery pending a motion to dismiss.

In the first place, the Court's Scheduling Order only contemplates a stay of discovery until April 30, 2004, the projected date for a decision on any motions to dismiss (doc. 221 at p. 1). Secondly, it is clear that any delay in conducting discovery that results from the automatic stay does not constitute "undue prejudice." Rather, this is merely the unavoidable result of Congress' enactment of needed reforms in the PSLRA:

> Prejudice caused by the delay inherent in the [Reform Act]'s discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair. Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence.

*In re CFS-Related Sec. Fraud Litig.,* 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001).

Finally, and most importantly, Thiemann can claim no prejudice because he already has deposed all of the KMK attorneys who had any substantive role in the Provident-OHSL proxy statement. Messrs. Kreider and Rosenberg – who played no meaningful role in the merger or in the proxy statement – have nothing of substance to add. On June 10, 2003, before the Court ever ruled on the propriety of Thiemann's Amended Complaint, Magistrate Judge Hogan overruled several motions for protective order and ordered that discovery (including the depositions of several KMK attorneys) should proceed (doc. 167, 168, 170). Although the Provident and OHSL Defendants objected to this Order (doc. 180), they nonetheless proceeded with the depositions of four KMK attorneys – Mark Weiss, Timothy Matthews, Mark Reuter, and John Winstead – who were involved in the Provident-OHSL merger (doc. 211, condensed transcripts of KMK depositions).

All reasonably necessary discovery of KMK has been conducted. Thiemann's counsel, Mr. Brautigam, has been expressly advised that Messrs. Kreider and Rosenberg have no meaningful testimony to add. *See* letter dated August 29, 2003 attached hereto as Exhibit A. Indeed, Mr. Kreider's role in the Provident-OHSL merger was described by one of the KMK attorneys involved in the transaction as "minimal" and Mr. Rosenberg was described as "I don't think Mr. Rosenberg had a role." (*See* Excerpt of Deposition of Timothy Matthews at p. 219 and Excerpt of Deposition of Mark Weiss at p. 95, both attached hereto as Exhibit B.)

Thiemann's counsel, Mr. Brautigam, knows this because he took all four of the KMK depositions. Nevertheless, Thiemann has chosen to file a motion to take the depositions of witnesses whom he knows have no relevant testimony to offer, in clear disregard of the PSLRA's automatic stay and the Scheduling Order. Thiemann's motion should be denied.

### C. CONCLUSION

For all of the foregoing reasons, the undersigned counsel for KMK respectfully urges this Court to deny Thiemann's Motion to Take The Depositions of Gary P. Kreider and J. David Rosenberg.

Respectfully submitted,

/s/ Michael R. Barrett
/s/ Thomas W. Breidenstein

Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
Barrett & Weber LPA
105 East Fourth Street, Suite 500
Cincinnati, Ohio 45202
Tel: (513) 721-2120
Fax: (513) 721-2139
mrbarrett@barrettweber.com
*Attorney for KMK Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by ordinary U.S. mail this 30th day of **December, 2003** upon:

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, OH  45219-2502
*Attorney for Plaintiff*

John W. Hust, Esq.
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, OH  45249
*Attorney for Defendants Roe and Dinsmore & Shohl*

John B. Pinney, Esq.
J. Michael Debbeler, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45202
*Attorneys for Provident and OHSL Defendants*

James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202
*Attorney for Provident and OHSL Defendants*

James E. Gauch, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
*Attorney for Ernst & Young*

/s/ Michael R. Barrett
　Michael R. Barrett