FILED
JAMES BONINI
CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO    03 DEC 31  AM 10: 43
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| Walter W. Thiemann, on behalf of Themselves and Gary and Lisa Meier, C-F Lindsay Meier and others similarly situated | : : | |
| Plaintiffs, | | Case No. C-1-00-793 |
| v. | : | Judge Sandra S. Beckwith |
| OHSL Financial Corporation (OHSL), et al. | : | Magistrate Judge Timothy Hogan (Class Action) |
| Defendants | : : | |

**        **        **        **        **

## <u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

Plaintiffs move this Court for an Order pursuant to Federal Rules of Civil Procedure 23 (a) and 23 (b) (3):

(1)    Determining that this action shall be maintained as a class action;

(2)    Certifying a class consisting of all individuals and entities who held OHSL shares between September 27, 1999 (the date the Proxy Materials containing the materially false and misleading statements were mailed to OHSL shareholders) and December 3, 1999) (the date of OHSL's merger into Provident, but excluding defendants, their officers, directors, affiliated, legal representatives, heirs, predecessors, successors, assigns, and any entity in which any defendant has a controlling interest;

(3)    Designating the named plaintiffs as representatives of the Class; and

(4)    Granting such other relief as may be just and proper.

In support of this motion, Plaintiffs rely on the Consolidated Amended Complaint

("CAC") and the accompanying declarations and memorandum of law.


Dated:  31 December 2003

Gene Mesh (OH Bar #0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 fax
email:  mgbrautigam@mac.com

Attorneys for Plaintiffs and the Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of December 2003, a true and correct copy of the Motion for Class Certification and Memorandum in Support was served as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

J. Michael Debbler, Esq.
GRAYDON HEAD & RITCHEY
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45201-6464

Michael R. Barrett, Esq.
BARRETT & WEBER
500 Fourth & Walnut Center
105 East Fourth Street
Cincinnati, Ohio 45202-4015

**and BY U. S. MAIL**
John W. Hurst, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113

_____
Michael G. Brautigam

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of<br>Themselves and Gary and Lisa Meier,<br>C-F Lindsay Meier and others<br>similarly situated | : | |
| | : | |
| | | Case No. C-1-00-793 |
| Plaintiffs, | | |
| | : | Judge Sandra S. Beckwith |
| v. | | |
| | : | Magistrate Judge Timothy Hogan |
| OHSL Financial Corporation (OHSL),<br>et al. | | (Class Action) |
| | : | |
| Defendants | | |
| | : | |

**            **            **            **            **

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**Preliminary Statement**

Plaintiffs respectfully moves this Court pursuant to Federal Rules of Civil

Procedure 23(a) and 23(b) (3) (Rule 23) to certify a class on all claims as to all

defendants in the above styled matter to be defined as follows:

> All individuals and entities who held OHSL shares between September 27,
> 1999 (the date the proxy Materials containing allegedly false and misleading
> statements were mailed to OHSL shareholders) and December 3, 1999, [the date
> of OHSL's merger into Provident Financial Corp. (Provident)], but excluding
> defendants, their officers, directors, affiliates, legal representatives, heirs,
> predecessors, successors, assigns, and any entity in which any defendant has a
> controlling interest.[1]

---

[1] This litigation containing claims under the 1933 Securities Act and the 1934 Securities
and Exchange Act arises out of a transaction by which Provident acquired all of the
outstanding shares of OHSL in 1999, exchanging Provident shares artificially inflated to
the true value of all OHSL outstanding shares in the amount of $57,162,375. Defendants
include the public accounting firm (E&Y) who audited Provident's financial statements
and the law firms as well as the employees thereof who co-authored the false Proxy
Materials/Registration Statement (Weiss and KMK, Roe, Hertlein, and Dinsmore).

As will be shown, class certification should be granted pursuant to the case law of this Circuit, which heavily favors class certification in securities fraud actions such as the present one, and plaintiffs' motion should be granted.

## I.    STATEMENT OF FACTS

Plaintiff filed the original complaint in the present action on September 20, 2000. After several years and extensive litigation, the Court has ordered the filing of this Consolidated Amended Complaint ("CAC") upon which this motion is based. The defendants are as follows:

| | | |
|---|---|---|
| Norbert G. Brinker | Joseph J. Tenoever | Joseph A. Steger |
| Kenneth L. Hanauer | Howard N. Zoellner | Christopher J. Carey |
| William R. Hillebrand | Thomas D. Grote Jr. | Clifford Roe |
| Alvin E. Hucke | Philip R. Meyers | Dinsmore & Shohl |
| Thomas E. McKiernan | Joseph A. Pedoto | (Dinsmore) |
| OHSL Financial Corp., (OHSL) | | Provident Financial |
| Oak Hills Savings and Loan Company (Oak Hills) | | (Provident) |
| Charles Hertlein | | |
| Mark Weiss | | |
| Keating, Muething & Klekamp (KMK) | | |
| Ernst & Young (E&Y) | | |

## II.    ARGUMENT

## A.    THIS CASE IS IDEALLY SUITED FOR CLASS ACTION TREATMENT

Even before the promulgation of the amended Rule 23, the leading academic authority on the federal securities laws had pointed out that the effectiveness of the private rights of action created thereby might well depend upon their amenability to class action litigation.  3 Louis Loss, *Securities Regulation* 1819 (2d ed. 1961).  In the years since the enactment of the Rule, a substantial line of authority in this Circuit and elsewhere has recognized and applauded the utility of the class action device in securities fraud litigation.  *See, Mader v. Armel*, 402 F.2d 158 (6th Cir.) *cert. denied*, 394 U.S. 930

(1969); *Esplin v. Hirchi*, 402 F.2d 94, 101 (10th Cir. 1968), *cert. denied*, 394 U.S. 928

(1969), *Bovee v. Coopers & Lybrand, et al.* 216 F.R.D. 596 (S.D. Ohio, 2003).

As will be shown, this action involving claims as to a materially false and

misleading Proxy Materials/Registration Statement (Attached as Exhibit B to the

Consolidated Amended Complaint "CAC," filed contemporaneously herewith) published

and disseminated under the requirements of the 1933 Securities Act [15 U.S.C.§§ 78 (j)

b, 78 n (a)], and the 1934 Securities and Exchange Act (15 U.S.C. §) is a classic example

of the type which requires class action treatment. Indeed, the Sixth Circuit has previously

indicated that cases such as the present one asserting claims for false and misleading

Proxy Materials/Registration Statement should ordinarily be certified as class actions.

*See, Mader,* at 161.

B.    **THE PREREQUISITES OF FED. R. CIV. P. 23(a) ARE**
      **SATISFIED IN THIS CASE (CAC ¶¶ 33-38)**

Fed. R. Civ. P. 23(a) provides:

> One or more members of a class may sue or be sued
> as representative parties on behalf of all only if (1) the class
> is so numerous that joinder of all members in impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

In the present litigation, each of the above prerequisites is met.  In

determining whether the requirements of Rule 23 have been met, courts have given it a

broad, liberal interpretation.  *Jordan v. Global Natural Resources, Inc.* 102 F.R.D. 45,

(S.D. Ohio 1984).  Further, the Court is not to consider the merits of plaintiffs' claims in

its determination of the propriety of class certification.  *See Eisen v. Carlisle &*

*Jacqueline*, 417 U.S. 156, 178 (1974); *In Re Revco Securities Litigation*, 142 F.R.D. 659, 662 (N.D. Ohio 1992).

      1.      **The Members Of The Class Are So Numerous That Joinder Is Impracticable (CAC ¶ 34)**

Rule 23(a) (1) requires that the class be so numerous that joinder of all members is impracticable. Where the number of class members is very large, as in this case, sheer numbers can make joinder impracticable. *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506, 508 (S.D. Ohio 1985). There can be no dispute that the Class is so numerous that joinder of all members in impracticable. It is not contested that OHSL had more than 2,500,236 shares of common stock outstanding as of September 24, 1999, nor that there are approximately 900 entities including beneficial holders within the proposed Class dispersed throughout the country. (*See*, Page 11 of the Proxy Materials/Registration Statement, Attached as Exhibit B to the Consolidated Amended Complaint, filed contemporaneously herewith). Accordingly, the numerosity requirement is satisfied. *See, e.g., In re Kmart Corp. Sec. Litig.*, 1996 Fed. Sec. L. Rep. (CCH) 99,511 (E.D. Mich. 1996) ("[a] court may assume that the numerosity requirement has been met in class action suits involving purchasers or sellers of nationally traded securities"); *Basile*, 105 F.R.D. at 508 (S.D. Ohio 1985) (class of 275 persons certified); *Afro-American Patrolman's League v. Duck*, 503 F.2d 1026, 1030 (6th Cir. 1977); *Jordan v. Global Natural Resources, Inc.*102 F.R.D. 45, 49 (S.D. Ohio 1984). *Bovee et al. v. Coopers & Lybrand, et al.* 216 F.R.D. 596 (S.D. Ohio, 2003) (Sargus, J.), cited hereinafter as "*Bovee*."

**2. There Are Questions Of Law Or Fact Common To The Class (CAC ¶ 35)**

Fed. R. Civ. P. 23(a) (2) requires that there must be "questions of law or fact common to the class." It is beyond dispute that there are questions of law or fact common to the class in this litigation. The CAC sets forth the common nucleus of wrongful conduct which is the hallmark of a securities fraud action under Rule 23. Among the questions of law and/or common to members of the Class are:

    a) Whether the federal securities laws were violated by defendants' acts;

    b) Whether the Proxy Materials/Registration Statement defendants mailed to each class member omitted or misrepresented material facts about OHSL (including, but not limited to the false financial contained in the Proxy Materials/Registration Statement issued jointly by OHSL and Provident and, whether OHSL's Board unanimously recommended the proposed combination with Provident);

    c) Whether defendants acted willfully or recklessly in omitting to state or misrepresenting material facts;

    d) Whether the members of the class have sustained damage and, if so, the proper measure of damages;

    e) Did defendants, especially Weiss and KMK, Roe, Hertlein, and Dinsmore, and E&Y co-author the materially false and misleading Proxy Materials/Registration Statement;

    f) Were the financials contained in the materially false and misleading Proxy Materials/Registration Statement and twice restated material misrepresentations and/or omissions by the terms of the 1933 Securities Act and/or Exchange Act;

    g) Did the defendants have or should they have had knowledge and disclosed same to OHSL shareholders prior to the merger of:

        1. Major dissenting shareholder votes against the merger and its impact on the "unanimity" of the director votes;

        2. The real reason for OHSL director Thomas M. Herron's resignation;

        3. The real reason for OHSL CEO Ken Hanauer's reason for refusing to sign the proxy solicitation;

4. The problems and possible liabilities resulting from the use of "off the books" accounting methods related to nine pools of auto leases containing tens of thousands of auto loans of Provident;

5. The full risk placed upon OHSL shareholders by the securitization methodology used by Provident to account for the aforementioned nine auto leasing pools containing tens of thousands of Provident auto loans;

6. The artificially inflated price of Provident shares at the time of the merger because of the inflated income and revenues publicly reported by Provident (and now restated).

The forgoing factual and legal issues are the core questions of plaintiffs' CAC, and these issues are common to all members of the Class. Courts in this Circuit and nationwide have consistently held that Rule 23(a)(2) must be construed liberally, and find that common questions exist whenever the action arises from a common nucleus of operative facts based upon singular or series of common events all pointing toward violations of the same legal interests. *See Shepherd v. Babcock & Wilcox of Ohio,* 2000 U.S. Dist. LEXIS 6349 *16-17 (S.D. Ohio Mar. 3, 2000) ("commonality is established when there is a common issue of fact or law, the resolution of which will advance the resolution of the lawsuit"); *Thompson v. Midwest Foundation Independent Physicians Association,* 117 F.R.D. 108, 111 (S.D. Ohio 1987); *See also, Jordan v. Global Natural Resources Inc.,* 102 F.R.D. at 49; *Davis v. Avco Corp.,* 371 F. Supp. 782, 792 (N.D. Ohio 1974).

Further, as the Sixth Circuit noted in a similar case, the "proxy statements alleged to contain misrepresentations and material omissions have been mailed to all shareholders. Questions of fact and law are therefore common to all of them." *Mader,* 402 F.2d at 161.

3. **The Class Representatives' Claims Are Typical Of The Claims of Those They Seek To Represent (CAC ¶¶ 117-121)**

This motion also fulfills the typicality requirement. "The typicality requirement focuses upon whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Shepherd*, 2000 U.S. Dist. LEXIS 6349 at *17 (Court); *Bovee, supra*; *Stout v. J. D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000); *Boggs v. Divested Atomic Corp et al.*, 141 F.R.D. 58, 64. (S.D. Ohio, 1991).

In this regard, it has been pointed out many times that securities fraud litigation is ideally suited for class action treatment under Rule 23 because of the existence, in such cases, of a large class of securities holders, each with a relatively small claim, when the common nexus of such claims is based upon the dissemination of documents or statement to the general investing public. *Esplin v. Hirschi*, 402 F.2d at 1001. Such is the case here, where the allegedly false and misleading Proxy Materials/Registration Statement were disseminated to each class member.

Moreover, as long as the essential elements of the claims are common to plaintiff and absent class members, courts have permitted wide factual variances in their respective positions. "[T]he mere fact that a representative plaintiff stands in a different factual posture is not sufficient to refuse certification. The atypicality or conflict must be clear and must be such that the interests of the class are placed in significant jeopardy." Here, there is no conflict or antagonism over any issue between the proposed class representative and the absent members of the class. Thus, the typicality requirement has been fulfilled. *See, In re Kmart Corp. Sec. Litig.*, 1996 Fed. Sec. L. Rep. (CCH) 99,511

7

("the test for typicality, like commonality, is not demanding"); *Bovee, supra*; *Yadlosky v.*

*Grant Thornton, L.L.P.*, 197 F.R.D. 292, 297-8, (E.D. Mich., 2000)

**4.  The Class Representatives Will Fairly and Adequately Protect the Interests of the Class (CAC ¶ 37)**

In determining whether the requirements of Fed. R. Civ. P. 23(a)(4), which

provides for adequacy of representation for absent class members, are met, the Courts of

the Sixth Circuit have generally inquired into the following two matters: (1) whether

plaintiffs' attorneys are qualified, experienced, and generally able to conduct the

proposed litigation; and (2) whether the representatives' interests are in common with,

and not antagonistic to, those of the absent class members.  *Cross v. National Trust Life*

*Insurance Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977); *Senter v. General Motors Corp.*, 532

F. 2d at 524 (Sixth Cir. 1976).  Defendants bear the burden of demonstrating that the

representation of counsel and the class representative is inadequate.

**a.      Plaintiffs' Counsel are Well-Qualified to Represent The Class (CAC ¶ 37)**

The case law dealing with the adequacy requirement of Rule 23(a)(4) places

primary emphasis on the skill and experience of plaintiffs' council.  Thus, in *Eisen v.*

*Carlisle & Jacquelin*, 391 F.2d 555, 562 (2ND Cir. 1968), the Court said:

> What are the ingredients that enable one to be termed
> "an adequate representative of the class?"  To be sure, an
> essential concomitant of adequate representation is that the
> party's attorney be qualified, experienced and generally able
> to conduct the proposed litigation.  Additionally, it is
> necessary to eliminate so far as possible the likelihood that the
> litigants are involved in a collusive suit or that plaintiff has
> interests antagonistic to those of the remainder of the class.

In the case at the bar, the local law firm of Gene Mesh and Associates while

serving as counsel for the Class representative has provided and continues to provide

well-qualified representation for the Class.  The Mesh firm is experienced in class action

8

securities litigation, and have been appointed class counsel in numerous cases throughout the country. *See, Bovee, supra. See also*, the Mesh Declaration, Attached as Exhibit A, and Mesh Firm Biography, (Attached as Exhibit 1 to the Mesh Declaration). Further, this Court has previously noted the qualifications of plaintiff's counsel, the Mesh firm. *See, Jordan,* 102 F.R.D. at 50 ("we have no qualms about the experience and ability of plaintiff's counsel in this case…[I]t is experienced in securities litigation and we are impressed with the vigorous prosecution of this action to date").

Class Counsel has already taken the initiative in the case at bar, not only by filing detailed and comprehensively researched documents including the Consolidated Amended Complaint, ("CAC"), filed contemporaneously herewith, but by succeeding to overcome opposition to defendants' Motion to Dismiss the original complaint. Although, it is fully expected that defendants will continue to make *ad hominem* arguments – not about substantive issues as they have no good arguments thereto – and will repeatedly attack the make believe issue of adequacy of the plaintiffs and their counsel, this Court will note the fact that without Gene Mesh and Associates, the class will have no counsel, a result that the Court's fiduciary duties to the class should not embrace. One Court has clearly illustrated the absurdity of the defendants attempting to protect the interests of the class[2]. In an employment practice decision in the Seventh Circuit, the court undressed the defendants' prototypical anti-class arguments:

> …the burden of establishing class requirements rests on plaintiff (citation omitted), but it is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a punitive class should be certified.  When it comes for in stance, to determining "whether the representative parties will fairly and adequately protect the interests of the class" or the

---

[2] In this particular case, the absurdity of the defendants attempting to protect the interests of the class is brought into even sharper relief, since the KMK firm is both a defendant and defense counsel (despite their disqualification).  Surely KMK does not want adequacy; they want no class at all.

plaintiffs' ability to finance the litigation, <u>it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.</u> (emphasis added)

*Eggelston et al. v. Chicago Journeyman Plumbers' Local Union No. 130, et al.,* 657 F 2d 890 at 895, (Seventh Cir. 1981).

It should be kept in mind that plaintiffs' counsel have expended over $100,000 in out of pocket costs to date in the prosecution of this action, and will only recover these monies and legal fees if successful. The majority of these expenses have gone toward the retention of expert witnesses, with whom plaintiffs counsel has been working for years. These experts, in the fields of mergers and acquisitions, damages, and plain language in the context of securities filings, have been supplemented with the recent addition of an expert in accounting and auditing, who joined this team of experts after the restatements. All of these experts, with the exception of the expert in accounting and auditing, have previously submitted expert reports pursuant to the then-existing calendar order.

**b.    <u>Plaintiffs are Well-Qualified to Represent the Class (CAC ¶¶ 7-8)</u>**

Plaintiffs Walter Thiemann and the Meiers are adequate to represent the class against all defendants. Plaintiffs have no interest that could remotely be seen as antagonistic toward other class members. Plaintiffs, especially Mr. Thiemann, have fully monitored this litigation to date and cooperated with class counsel in prosecuting it. Mr. Thiemann has previously been determined to be an adequate lead plaintiff (*See*, Doc. No. 33). Mr. Thiemann produced documents and came from Florida for his deposition on short notice. Mr. Thiemann has been in continuous contact with counsel for the class and has actively monitored the case since inception. More recently, Mr. Thiemann has participated in a series of telephonic status conferences before Magistrate Judge Hogan. Counsel has no reason to doubt his continued efforts and participation as the litigation unfolds.

10

The same can be said of Gary and Lisa Meier, C-F Lindsay Meier who owned OHSL shares at the time of the merger and did not vote on the merger, which had the same effect as voting against the merger but whose shares were forcibly converted to Provident stock as a result of the merger.  While the status of the Meier case has been uncertain at times since it was filed, plaintiffs Gary and Lisa Meier have been in frequent contact with class counsel, and will continue to do so.  Accordingly, the adequacy requirement has been fulfilled as well.  (*See*, Affidavit of Gary Meier, attached as Exhibit B.)

### C.  ALL OF THE REQUIREMENTS OF FED. R. CIV. P. 23(b)(3) ARE MET HERE

In order to certify a class, this Court must find that this action in addition to meeting the prerequisites of Fed. R. Civ. P. 23(a), also satisfies one of the conditions of Fed. R. Civ. P. 23(b).  Here, the conditions of Fed. R. Civ. P. 23(b)(3) are satisfied as to all defendants.  That rule provides, in pertinent part:

> CLASS ACTIONS MAINTAINABLE.  An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition…(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### 1.  Common Questions of Law or Fact Predominate Over Individual Question (CAC ¶¶ 39-183)

When the issues as to the defendants' liability are common, the "predominance" requirement of Fed. R. Civ. P. 23(b)(3) has been met, as to the new defendants.  It is not required that all members of the class be identically situated if there are substantial questions either of law or fact which are common to all.  *In re Revco Securities*

*Litigation,* 142 F.R.D. 659, 662 (N.D. Ohio 1992); *Bovee, supra; Deutschmann v*

*Beneficial Corp.,* 1132 F.R.D. 359, 375 (D. Del. 1990, (citing Newberg & Alba Conte,

*Newberg on Class Actions,* § 4.25 at 318, "not a quantative test," *In re: Cardizem CD*

*Antitrust Litigation* (E.D. Mich. 2001) 2001 U.S Dist. Lexis 4521.

Here, each class member was defrauded in exactly the same way. Each received

the materially false and misleading Proxy Materials/Registration Statement promulgated

by the defendants. Material information in this document was deliberately misstated,

and other information was deliberately omitted.

The issues as to the defendants' liability – whether the recent defendants have

liability for the misrepresented and omitted facts as alleged in the CAC and whether

those facts are material – are common to all members of the Class. The common issues

in this action predominate over any individual issues or issues unique to Thiemann or

the Meiers. Should plaintiff prevail and prove liability under the securities laws they

will establish the basis not only for their individual claims, but for the claims of all class

members as well. The appropriateness of class certification under such circumstances is

clear. *See, Mader,* 402 F.2d at 161; *Bovee, supra*;

### 2. The Class Action is Superior to Other Available Methods for the Fair and Efficient Adjudication Of this Controversy

Fed. R. Civ. P. 23(b)(3) also requires a determination that a "class action is

superior to other available methods for the fair and efficient adjudication of the

controversy." In making that determination, the Court must consider and has considered:

> (A) the interests of members of the individually
> controlling the prosecution…of separate actions;
> (B) the extent and nature of any litigation
> concerning that controversy already commenced
> by…members of the class; (C) the
> desirability…of concentrating the litigation of the

claims in a particular forum; and (D) the
difficulties likely to be encountered in the
management of a class action.

As discussed above, the class action form is vital to the effective prosecution of securities
fraud actions. *In Re Revco Securities Litigation,* 142 F.R.D. 659 (N.D. Ohio 1992) at
669, *Bovee, supra*; *In re Ameritrust Securities Lit.,* 139 F.R.D. 423 (S.D. Florida 1991;
*Eisenberg v. Gagnon* 766 F.2d 770 at 785 (3rd Cir. 1985).

Clearly, "the interests of members of the class in individually controlling the
prosecution…of separate action' is minimal in the present litigation. The great majority
of members of the Class are likely to be small investors for whom the prosecution of an
individual action for damages would be impractical. The costs and expenses of such
individual actions, when weighed against the individual recoveries obtainable, would be
prohibitive. *Jordan v. Global Natural Resources, Inc., supra,* at 51 (recognizing that the
class action may be the only economically feasible method of relief for a number of small
individual claims). Thus, the class action device is not only a superior method, it is the
only feasible method where, as here, those who have been injured "are in a poor position
to seek legal redress, either because they do not know enough or, because such redress is
disproportionately expensive." *Dolgow v. Anderson,* 43 F.R.D. 472, 484-85 (E.D.N.Y.
1968) (citing Kalven & Rosenfield, *The Contemporary Function of the Class Suit,* 8 U.
Chi. L. Rev. 684,686 (1941).

Finally, there is no reason to believe that significant or unusual difficulties will be
encountered in the management of this litigation even though many issues have been
hotly contested. This class action will certainly present no substantive difficulties not
encountered in other class actions discussed in this memorandum in spite of the hotly
contested matters.

13

## The *Bovee, et al. v. Coopers & Lybrand, et al.* Class Decision is Particularly Instructive (216 F.R.D. 596 S.D. Ohio, 2003)

The *Bovee* class certification opinion, cited herein, is particularly instructive and has been filed as a Notice of Supplemental Authority in opposition to reconsideration and decertification issues in this case[3]. (Doc. No. 203). *Bovee* involves recent class certification issues in a complex securities case involving many times the financial losses as in the instant case. In *Bovee*, six of the approximately twenty named class representatives were offered as class plaintiffs, with three selected by the plaintiffs and three selected by the defendants. Although the defendants vigorously contested the ability of the class representatives to fairly and adequately represent the class, they did not contest the adequacy of plaintiffs' counsel. The plaintiff class respectfully submits that it is significant that several well-respected Columbus, Ohio, (Vorys, Sater, Seymour and Pease, Bricker & Eckler) and New York City law firms (Willkie Farr & Gallagher) chose not to contest the adequacy of class counsel in opposing the motion for class certification, choosing instead to focus on issues germane to the case. At the end of the day, in a careful, well-reasoned decision, the class was certified and all six of the nominated representatives were found to be adequate to represent the class. Additionally, the Court found that the Mesh firm was well qualified to represent the class.

It is truly unfortunate that the Court has given some substance to KMK's argument regarding plaintiffs' class counsel's adequacy. By doing so, the Court has articulated a new standard for Rule 23 certification, i.e. that of requiring numerical

---

[3] The *Bovee* decision was the subject of a 23(f) petition to the Sixth Circuit. In an unpublished opinion, a unanimous three judge panel rejected 23(f) review. This unanimous rejection is now subject to a motion for *en banc* review, which remains pending.

equivalency between the Mesh firm and the battalions of defense counsel collecting their daily fees as long as they can churn this case.

## III.    CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that the Court grant his motion for an order permitting this action to be maintained as a class action against all recent defendants, and that the case be permitted to go forward on a class-wide basis against all defendants to allow for the logical presentation of issues at trial.

Dated:  31 December 2003                    Respectfully Submitted,

Gene Mesh (OH Bar #0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 fax
email:  mgbrautigam@mac.com

Attorneys for Plaintiffs and the Class