# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of Themselves and Gary and Lisa Meier, CF Lindsay Meier and others similarly situated | Case No. C-1-00-793 |
| Plaintiffs | Judge Sandra S. Beckwith |
| v. | Magistrate Judge Timothy Hogan |
| OHSL Financial Corporation (OHSL), et al. | (Class Action) |
| Defendants | |

**DECLARATION OF GENE MESH IN SUPPORT OF
PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT
OF CLASS CERTIFICATION AND AUTHENTICITY OF EXHIBITS**

I, Gene Mesh, declare as follows:

1.   I am the principal with the law firm of Gene Mesh & Associates, one of the counsel of plaintiff herein. I submit this declaration in support of plaintiff's motion for class certification.

2.   Annexed as Exhibit 1 is a true and correct copy of the Gene Mesh & Associates firm resume.

3.   All exhibits attached to this Memorandum are true and correct copies of what they purport to represent and are authentic copies thereof.

4.   That I have personally written and signed checks expending over $100,000 for out of pocket expenses such as deposition costs, reimbursement of other counsel for their out of pocket expenses and expert witness fees and expenses as well as for salaries of employees such as attorneys and paralegals in this litigation.

5.   I declare under penalty of perjury that the foregoing is true and correct.

DATED:   December 24, 2003

_____
Gene Mesh (OH Bar #0002076)

# Exhibit 1
## To Mesh Declaration

THE

LAW FIRM OF

GENE MESH & ASSOCIATES
2605 BURNET AVENUE
CINCINNATI, OHIO 45219
(513) 221-8800

BIOGRAPHY OF ATTORNEYS

1.    The Mesh firm has been actively engaged and is well known nationally in the field of corporate securities class action litigation; it has been involved in a variety of corporate matters and has gained substantial experience and knowledge in class actions and derivative actions. In April, 1983, the Mesh firm was recognized by the American Lawyers Magazine as one of the nineteen outstanding firms in the United States specializing in securities fraud litigation.

2.    The qualifications of the Mesh firm have been recognized by various courts either as lead or co-lead counsel. At the settlement and free hearing in Ideal Basic Industries, Inc. Derivative Litigation, Judge Matsch in his 1989 decision, referring to lead counsel, stated that "this one deserves . . . the highest commendation to counsel . . . ," Civil Action No. 86-M-510 (D. Col.). See also, e.g., In re General Public Utilities Securities Litigation, [1983-84 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶99,566 (D.N.J. 1983), where the Court, at 97,231, stated:

> With the advent of court-awarded counsel fees, there has been a great deal of criticism, much of it deserved, regarding the unnecessary motions, endless and repetitious discovery and pretrial maneuvering frequently escalate the costs and result in a disservice to the clients and the class being represented. None of those tactics appear in this matter. This case presents counsel performing at a level of competence, integrity and

1

cooperation which does credit to the bar and carries out the highest tradition of the profession,

and Fradkin v. Ernst, 98 F.R.D. 478 at 485 (N.D. Ohio 1983), wherein the Court said:

> In this case, the Court finds the qualifications of plaintiff's counsel particularly critical. This case involves a number of complex issues of securities law. Most of this material is beyond the ken of the average shareholder; counsel's role in this litigation, therefore, is particularly important. Here, counsel for plaintiff has done a thoroughly professional job in preparing this case. Counsel for plaintiff has prosecuted this lawsuit through an extensive round of discovery in a very short period of time, done a highly professional job in briefing the class certification and dismissal issues, and provided job extensive trial briefs in response to this Court's trial order. This record of legal representation by plaintiff's counsel indicates that the interests of the class will be adequately represented in a claim prosecuted by this counsel,

also, in Equimark Securities Litigation, No. 81-1988 (W.D. Pa.), a case involving complex issues concerning banking practices in which our firm was one of lead counsel, then District Judge Mannsman described, in part, the work the firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

3. Judge David Dowd for the Northern District of Ohio sitting by designation in Emery, et al. v. City of Cincinnati, et al., Case No. C-1-88-0791 (S.D. Ohio 1988), the nationally publicized WIRETAP litigation springing from illegal police activities in the early 70's said:

> Plaintiffs' counsel persisted in the face of a strong and unyielding defense mounted on behalf of the City of Cincinnati. Most lawyers and most law firms would have neither the resolve nor the finances to persist as

2

did the Mesh firm.

4.    The Mesh firm also had a major role in other recently concluded complex securities class and derivative actions which are styled as follows and have been placed in chronological order, the most recent first: <u>Crandon Capital Partners v. John W. Kluge, et al. and Metromedia International Group, Inc.</u>, C.A. No. 18681 NC (Delaware, New Castle County, 2001); <u>Mary E. Nunneker vs. Colonial Insurance Company vs. Tilling Hast-Towers Perrin</u>, Case No. 412736 (Court of Common Pleas, Cuyahoga County, Ohio, 2000); <u>Paul Berger and Brickell Partners, et al. v. Scott A. Wolstein, et al.</u>, Case No. 00-9395-G (Cir. Ct, Texas, County of Dallas, 134th Judicial District, 2000); <u>Walter W. Thiemann, et al. v. OHSL Financial Corporation, et al.</u>, Case No. C-1-00-793 (U.S.D.C., SD Ohio, Western Division, 2000); <u>Crandon Capital Partners, et al. v. Stuart J. Shelk, Jr., et al. and Willamette Industries, Inc.</u>, Case No. 0011-11691 (Cir. Ct. Oregon, County of Multnomah, 2000); <u>Matthew J. Murray v. The Procter & Gamble Co., et al.</u>, C-1-00-0240 (U.S.D.C. S.D. Ohio, 2000); <u>Lawrence Bass, Trustee under the will of Henry Bass, et al. v. Lodewijk, et al.</u>, Docket Number A-2617-99T3 (Sup. Ct. of New Jersey, Appellate Division, 1999); <u>Angel v. Commonwealth of Kentucky, et al.</u>, Case No. 99-47 (E.D. Ky. 1999); <u>Bloom v. Paul A. Saxton, et al.</u>, Cause No. 84D01-9907-CP-1104 (Vigo Cty, Sup. Ct. 1999); <u>Kuris, et al. v. Rolls, et al.</u>, Case No. A9901848 (Hamilton County Court of Common Pleas, 1999); <u>Neinast v. State of Texas, et al.</u>, Case No. A-99CA304JN (W.D. Tex. 1999); <u>Bovee, et al. v. Coopers & Lybrand, et al.</u>, Case No. C2-97-449 (S.D. Ohio 1999); <u>Gula, et al. v. The Western and Southern Life Insurance Company, et al.</u>, Civil Action No. 98-2313 (Mahoning County Court of Common Pleas, 1998); <u>Sylvester v. Catacosinos, et al.</u>, Case No. CV-98-4191 (E.D.N.Y. 1998); <u>Catanzaro, et al. v. Systems of Excellence, Inc., et al.</u>, Case No. 96-3690-CIV-MORENO (S.D. Florida 1996); <u>In re</u>

Metropolitan Life Insurance Co. Sales Practice Litigation, MDL Docket No. 1091 (1996); Isco, et al. v. Kraemer, et al., Case No. CV95-08941 CONSOLIDATED with Nos. CV95-09509 and CV95-17758 (Superior Court of Arizona 1996); Casella v. Future Healthcare, et al., Civil Action No. C-1-95-189 (S.D. Ohio 1995); In re PSI Shareholders Litigation, Case No. IP93/345C (S.D. Ind. 1993); Solomon v. Kemper Securities Group, Inc., et al., Case No. CV93-11503 (Superior Court of Arizona 1993); Abrahamson v. Star Banc Corporation, et al., Case No. A9202652 (Hamilton County Common Pleas, 1992); Geren v. Quantum Chemical Corporation, No. 92 Civ. 39111 (PNL) (S.D.N.Y. 1992); Pogorelec v. Midland Data Systems, Inc., et al., No. CA5:92-CV-1302 (N.D. Ohio 1992); In re Westinghouse Securities Litigation, MDL Docket No. 872 (1991); Meyer v. Texas Utilities Company, et al., Civil Action No. 3:91-CV-2513-G (N.D. Tex. 1991); Donald Trump Casino Securities Litigation, 90 MC 919 (JFG) MDL Docket No. 864 (1990); Fox v. Equimark Corp., et al., Civil Action No. 90-1504 (W.D. Pa. 1990); In re PNC Securities Litigation, Civil Action No. 90-0592 (W.D. Pa. 1990); Warkel v. Cummins Engine Company, Cause No. IP 90 428 C (S.D. Ind. 1990); Kaufman v. Campeau Corporation, No. C-1-89-636 (S.D. Ohio 1989); In re Ivan F. Boesky Securities Litigation, MDL Docket No. 732 (1989); Abrahamson v. Western Savings and Loan Association, et al., Case No. CIV 88-1677 PHX-SMM (D. Ariz. 1988); In re: Eagle-Picher Securities Litigation, No. C-1-88-936 (S.D. Ohio 1988) (Co-Lead Counsel); Marks v. GAF Corporation, Civil Action No. 88-3833 (D.N.J. 1988); Meekins v. General Homes Corporation, et al., CA No. 3-88-2509-H (N.D. Tex. 1988); The Henley Group, Inc., Civil Action No. 10275 (Del. Ch. 1988); Ideal Basic Industries, Inc. Derivative Litigation, Civil Action No. 86-M-510 (Consolidated Actions) (D. Col. 1986); Peller v. The Southern Company, No. 1:86-cv-975 RCF (N.D. Ga. 1986); In re: Consumers Power Securities

4

Litigation, 105 F.R.D. 583 (E.D. Mich. 1985); Shapiro v. Merrill Lynch & Co., Civil Action No. C-1-85-625 (S.D. Ohio 1985); Isquith v. Middle South Utilities, Inc., [1987-88 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶93,801 (5th Cir. 1988); In re Storage Technology Securities Litigation, No. 84-M-1981 (D. Col. 1984); Charter Securities Litigation, Civ. Action No. 84-488 Civ. J-12 (HMW) (M.D. Fla. 1984); In re Public Service Company of Indiana Securities Litigation, Civil Action No. IP 84-26-G (S.D. Ind. 1984); Stoller v. Baldwin-United Corporation, [1984 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶91,606 (S.D. Ohio 1984); In re Cincinnati Gas & Electric Securities Litigation, Master File No. C-1-83-1721 (S.D. Ohio 1983); Steiner v. Equimark Corp., 96 F.R.D. 603 (W.D. Pa. 1983); and In re LTV Securities Litigation, 88 F.R.D. 134 (N.D. Tex. 1980).

5. The Mesh firm has also had extensive experience in bankruptcy matters. For example, Mr. Mesh was the Court-appointed Attorney for the Trustee in World Academy, Inc., a/k/a Eastern Financial Corp., et al., Bankruptcy Nos. 57943-44 and 59747-80 (S.D. Ohio) and has represented defendants (including lawyers) in several securities fraud cases.

6. Gene Mesh is a citizen and resident of Cincinnati, Ohio; a graduate of the University of Michigan (B.B.A. 1952) and the Salmon P. Chase College of Law (J.D. 1964); admitted to practice in the following Courts as of the following dates, and is presently in good standing therein:

| | |
|---|---|
| Supreme Court of the United States of America | - January 15, 1970 |
| United States Court of Appeals for the Second, Fourth, Sixth, Eighth, and Ninth Circuits | - 1965 - 1984 |
| Supreme Court of Ohio and all other Ohio Courts | - October 17, 1964 |

U.S. District Court for the
Southern District of Ohio,
Eastern District of Michigan                                      - October 25, 1965

7. Mr. Mesh is primarily engaged in trial practice in the corporate area specializing in securities and complex class and derivative litigation. He is a member of the Federal Bar Association, the American bar Association, the Cincinnati Bar Association and the American Judicature Society. He has attended seminars on a regular basis on corporate matters and has written several articles in this area in cooperation with others. He has also spoken on local bar association panels on subjects relating to corporate matters, market fraud and insider trading and before the American Trial Lawyers 1978 Summer Meeting in Los Angeles, the 1979 Summer Meeting in Houston, the 1991 Summer Meeting in Toronto, Canada and the Kansas Trial Lawyers Association in Kansas City, Missouri.

8. Mr. Mesh has been a visiting lecturer on Securities Law, Class Actions and Accountant's Liability at the Northern Kentucky College of Law in Covington, Kentucky. Mr. Mesh has also briefly taught at the University of Cincinnati School of Finance in securities related subjects. Mr. Mesh is rated "AV" by the Martindale-Hubbell.

9. Mr. Mesh has also authored an article based upon the Beverly Hills Night Club fire disaster of May 1977, claiming 165 lives and entitled "Handling Mass Disasters as a Class Action," 27 Am.Jur. Trials p. 485 (1980) published by Bancroft-Whitney in San Francisco, California. He has lectured in August 1980 at the American Bar Association Annual Meeting in Honolulu on the subject of Accountant's Liability in the 1980s; at the American Trial Lawyers Annual Convention (July 1981) in San Francisco

6

on the subject of Marshalling the Fruits of Discovery: Use of Discovery Responses at Trial in Complex Litigation. He has lectured on Accountant's Liability and Class Actions at national and regional meetings of the American Trial Lawyers Association. He has authored an article entitled "The Negligent CPA," published in the ATLA Journal, 1979, and has published an article entitled: "A Basic Approach to Accountant's Liability," 4 Amer. Journal of Trial Advocacy 299 (Fall 1980).

10. Mr. Mesh has lectured at the American Trial Lawyers Seminars in Washington in November 1982 on the subject of "Securities Class Actions" and in 1993 in San Francisco, California on the subject of "Proving Damages in Securities Class Actions." He has an article entitled "Accountant Malpractice: A Basic Approach" published in 18 Trial Magazine 36 (No. 1) (January 1982) and has also authored another article entitled "Furthering the Ends of Justice: Class Actions in Securities and Antitrust Litigation" 18 Trial Magazine (No. 5) 56 (May 1982).

11. In addition to the above-captioned actions, Mr. Mesh has been Lead Counsel and Co-Lead Counsel in several complex cases certified as class actions as well as derivative actions including those set out in this paragraph. Mr. Mesh has been involved in over 35 class and derivative actions dealing with both state and federal securities issues. See e.g., Gula, et al. v. The Western and Southern Life Insurance Company, et al., Civil Action No. 98-2313 (Mahoning County Court of Common Pleas, 1998); In re Metropolitan Life Insurance Co. Sales Practice Litigation, MDL Docket No. 1091 (1996); Isco, et al. v. Kraemer, et al., Case No. CV95-08941 CONSOLIDATED with Nos. CV95-09509 and CV95-17758 (Superior Court of Arizona 1996); In re Westinghouse Securities Litigation, MDL Docket No. 872 (1991); Kaufman v. Campeau Corporation, No. C-1-89-636 (S.D. Ohio 1989); In re: Eagle-Picher Securities Litigation,
7

No. C-1-88-936 (S.D. Ohio 1988) (Co-Lead Counsel); <u>Mansi v. General Homes Corp.</u>, Civil Action No. CA3-88-1509-H (N.D. Tex. 1988) (Co-Lead); <u>Efros v. Dickhoner</u>, ("Cincinnati Gas & Electric Derivative Litigation"), C.A. No. C-1-82-1310 (S.D. Ohio 1985); <u>In re: Consumers Power Securities Litigation</u>, 105 F.R.D. 583 (E.D. Mich. 1985); <u>Nemo v. Astrotech International Corp.</u>, Case No. 85-982 (W.D. Pa. 1985); <u>In re Public Service Company of Indiana Securities Litigation</u>, Civil Action No. IP84-26-G (S.D. Ind. 1984); <u>In re Charter Securities Litigation</u>, Civil Action No. 84-488 Civ. J-12 (HMW) (M.D. Fla. 1984) ("Charter") (Co-Lead); <u>In re: General Public Utilities Securities Litigation</u>, [1983-84 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶99,566 (D.N.J. 1983) (Co-Lead); <u>Steiner v. Equimark Corp.</u>, 96 F.R.D. 603 (W.D. Pa. 1983); <u>Stoller v. Baldwin-United Corporation</u>, [1984 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶91,606 (S.D. Ohio 1984); <u>In re: Securities Litigation</u>, 88 F.R.D. 134 (N.D. Tex. 1980) (Co-Lead); <u>Warkel v. Cummins Engine Company</u>, Cause No. IP 90 428 C (S.D. Ind. 1990); <u>In re First Capital Holdings Corporation Financial Products Securities Litigation</u>, MDL Docket No. 901 (1991); <u>In re Del-Val Financial Corp. Securities Litigation</u>, MDL Docket No. 872 (1991); <u>Braunstein v. Merrill Lynch, et al.</u>, Index No. 94/111667 (N.Y. Sup. Ct. 1994); <u>Stoller v. The City and County of Denver Colorado</u>, Civil Action No. 95-Z-548 (D. Colo. 1995); <u>Alexander, et al. v. Arthur Andersen, et al.</u>, Case No. CV95-09509 (Superior Court of Arizona 1995); <u>Casella v. Future Healthcare, et al.</u>, Civil Action No. C-1-95-189 (S.D. Ohio 1995); and <u>Joseph v. Computer Concepts Corp, et al.</u>, Civil Action No. CV 95 3304 (E.D. N.Y. 1995). Mr. Mesh was also lead counsel in a major derivative action <u>Ideal Basic Industries, Inc. Derivative Litigation</u>, Civil Action No. 86-M-510 (Consolidated Actions) (D. Col. 1986).

12. The Mesh firm was the sole counsel for plaintiffs in the Nationally

publicized Constitutional and Civil Rights litigations (both class and individual) involving illegal wiretapping activities conducted by the City of Cincinnati Police Department in the early 1970's. Emery, et al. v. City of Cincinnati, et al., Case No. C-1-88-0791 (S.D. Ohio 1988).

13. Gene Mesh has been a successful objector to class settlements in shareholder securities and corporate mismanagement actions. See In re Kroger Company Shareholders Litigation, 70 Ohio App. 3d 52, 590 N.E. 2d 391 (1990).

14. Mr. Mesh has been involved in pro bono work during his years as a practitioner and specifically on behalf of public employees of the State of Ohio; in that capacity he was responsible for having the Public Employees Retirement System of Ohio (PERS) declared unconstitutional because of the unequal application of retirement benefits to differing "classes" of public employees. See Roth v. Public Employees Retirement Board of Ohio, et al., 44 Ohio App. 2d 155, 336 N.E. 2d 448 (1975).

15. Gene Mesh has been active in communal affairs during his professional life and has been honored by the State of Israel as the recipient of the following awards:

Man of the Year Peace Medal, 1985 (State of Israel)

Ben Gurion Scroll, 1986

Lion of Judah Medal, 1987

Golda Meir Peace Medal, 1987

Prime Minister's Club, 1982-1995

State of Israel La Societé (1994)

16. Michael G. Brautigam, joined the Mesh firm on June 1, 1992. Mr. Brautigam is a graduate of The Pennsylvania State University (B. Ph. 1982), attended the University of Maryland from 1982-1984, and graduated from the City University of

9

New York School at Queens College in 1988, where he was a member of the Phillip C. Jessup International Law Moot Court Team, and the International Law Society.

17. Mr. Brautigam was admitted to practice before the Supreme Courts of Connecticut and New York in 1989, the Supreme Court of Florida in 1992, and the Supreme Court of the Commonwealth of Kentucky in 1997. On the Federal level, Mr. Brautigam is admitted to the United States Supreme Court, and is generally admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York, and the Northern District of Ohio, and the United States Courts of Appeals for the Second, Third, Sixth and Seventh Circuits. Mr. Brautigam has been a member of the bar of the United States Supreme Court since 2000.

18. While in law school, Mr. Brautigam served as a law clerk and later as a Summer Assistant United States Attorney in the Southern District of New York. While serving at the United States Attorney's Office Mr. Brautigam was recognized by Rudolph W. Guiliani, then the United States Attorney for the Southern District of New York, now Mayor of New York City, for his "important contributions" generally and his "extraordinary performance" during the "Hells Angels" trial, which resulted in the conviction of both defendants, a past and present President of the New York City Chapter of the Hells Angels Motorcycle Club on all counts.

19. Upon graduation from law school and after an extensive trip to Europe, Mr. Brautigam was sworn in as an Assistant District Attorney in New York City in January 1989. As an Assistant District Attorney, Mr. Brautigam served in the Criminal Court Bureau, Investigations Bureau, Grand Jury Bureau, Narcotics Bureau and Supreme Court Bureau. In these various capacities, Mr. Brautigam has tried dozens of criminal cases before Judges and juries.

20.     While employed by the Mesh firm he has devoted his time almost exclusively to securities class actions. Mr. Brautigam has worked on several securities class actions including: <u>Crandon Capital Partners v. John W. Kluge, et al. and Metromedia International Group, Inc.</u>, C.A. No. 18681 NC (Delaware, New Castle County, 2001); <u>Mary E. Nunneker vs. Colonial Insurance Company vs. Tilling Hast-Towers Perrin</u>, Case No. 412736 (Court of Common Pleas, Cuyahoga County, Ohio, 2000); <u>Paul Berger and Brickell Partners, et al. v. Scott A. Wolstein, et al.</u>, Case No. 00-9395-G (Cir. Ct, Texas, County of Dallas, 134th Judicial District, 2000); <u>Walter W. Thiemann, et al. v. OHSL Financial Corporation, et al.</u>, Case No. C-1-00-793 (U.S.D.C., SD Ohio, Western Division, 2000); <u>Crandon Capital Partners, et al. v. Stuart J. Shelk, Jr., et al. and Willamette Industries, Inc.</u>, Case No. 0011-11691 (Cir. Ct. Oregon, County of Multnomah, 2000); <u>Matthew J. Murray v. The Procter & Gamble Co., et al.</u>, C-1-00-0240 (U.S.D.C. S.D. Ohio, 2000); <u>Lawrence Bass, Trustee under the will of Henry Bass, et al. v. Lodewijk, et al.</u>, Docket Number A-2617-99T3 (Sup. Ct. of New Jersey, Appellate Division, 1999); <u>Angel v. Commonwealth of Kentucky, et al.</u>, Case No. 99-47 (E.D. Ky. 1999); <u>Bloom v. Paul A. Saxton, et al.</u>, Cause No. 84D01-9907-CP-1104 (Vigo Cty, Sup. Ct. 1999); <u>Kuris, et al. v. Rolls, et al.</u>, Case No. A9901848 (Hamilton County Court of Common Pleas, 1999); <u>Neinast v. State of Texas, et al.</u>, Case No. A-99CA304JN (W.D. Tex. 1999); <u>Bovee, et al. v. Coopers & Lybrand, et al.</u>, Case No. C2-97-449 (S.D. Ohio 1999); <u>Gula, et al. v. The Western and Southern Life Insurance Company, et al.</u>, Civil Action No. 98-2313 (Mahoning County Court of Common Pleas, 1998); <u>Sylvester v. Catacosinos, et al.</u>, Case No. CV-98-4191 (E.D.N.Y. 1998); <u>Catanzaro, et al. v. Systems of Excellence, Inc., et al.</u>, Case No. 96-3690-CIV-MORENO (S.D. Florida 1996); <u>In re Metropolitan Life Insurance Co. Sales Practice Litigation</u>, MDL Docket No. 1091

(1996); <u>Isco, et al. v. Kraemer, et al.</u>, Case No. CV95-08941 CONSOLIDATED with Nos. CV95-09509 and CV95-17758 (Superior Court of Arizona 1996); <u>Stoller v. The City and County of Denver Colorado</u>, Civil Action No. 95-Z-548 (D. Colo. 1995); <u>Casella v. Future Healthcare, et al.</u>, Civil Action No. C-1-95-189 (S.D. Ohio 1995); <u>Joseph v. Computer Concepts Corp, et al.</u>, Civil Action No. CV 95 3304 (E.D. N.Y. 1995); <u>Braunstein v. Merrill Lynch, et al.</u>, Index No. 94/111667 (N.Y. Sup. Ct. 1994); <u>In re PSI Shareholders Litigation</u>, Case No. IP93/345C (S.D. Ind. 1993); <u>Solomon v. Kemper Securities Group, Inc., et al.</u>, Case No. CV93-11503 (Superior Court of Arizona 1993); <u>Abrahamson v. Star Banc Corporation, et al.</u>, Case No. A9202652 (Hamilton County Common Pleas, 1992); <u>Pogorelec v. Midland Data Systems, Inc., et al.</u>, No. CA5:92-CV-1302 (N.D. Ohio 1992); <u>Meyer v. Texas Utilities Company, et al.</u>, Civil Action No. 3:91-CV-2513-G (N.D. Tex. 1991); <u>In re First Capital Holdings Corporation Financial Products Securities Litigation</u>, MDL Docket No. 901 (1991); <u>In re Del-Val Financial Corp. Securities Litigation</u>, MDL Docket No. 872 (1991); <u>In re Westinghouse Securities Litigation</u>, MDL Docket No. 872 (1991); <u>Fox v. Equimark Corp., et al.</u>, Civil Action No. 90-1504 (W.D. Pa. 1990); <u>In re PNC Securities Litigation</u>, Civil Action No. 90-0592 (W.D. Pa. 1990); <u>Warkel v. Cummins Engine Company</u>, Cause No. IP 90 428 C (S.D. Ind. 1990); and <u>Abrahamson v. Western Savings and Loan Association, et al.</u>, Case No. CIV 88-1677 PHX-SMM (D. Ariz. 1988).

21. Mr. Brautigam served as one of two lead counsel in <u>In Re Comair Securities Litigation</u>. This action provided significant benefit to a class of Comair shareholders, including, *inter alia*, the elimination of a $50,000,000 break-up fee that Delta had imposed on Comair that served as an artificial impediment to other airlines making a competing offer for Comair.

22.  Mr. Brautigam has extensive appellate experience as well, having argued before the Supreme Court of Delaware, New Jersey Appellate Courts, as well as repeatedly arguing before the United States Court of Appeals for the Sixth Circuit. Most notably, Mr. Brautigam successfully argued for the reversal of a District Court's dismissal in a securities class action case, *Bovee, et al. v. Coopers & Lybrand, et al.*, 272 F.3d. 356. Mr. Brautigam has also argued several times before the Judicial Panel on Multi-District Litigation.

23.  Mr. Brautigam has often appeared as a legal expert in various contexts on the Cincinnati affiliate of National Public Radio, WVXU. Mr. Brautigam has appeared several times as s securities law expert on the "On the Money" radio show.