UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of Himself and all others similarly situated<br><br>　　　　Plaintiff<br><br>v.<br><br>OHSL Financial Corporation, (OHSL) et al.<br><br>　　　　Defendants | :<br>:<br>:   Case No. C-1-00-793<br>:   Judge Sandra S. Beckwith<br>:   Magistrate Judge Timothy Hogan<br>:   (Class Action)<br>: |

\*\*　　　\*\*　　　\*\*　　　\*\*　　　\*\*

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO TAKE THE DEPOSITIONS OF KMK TRANSACTIONAL ATTORNEYS GARY KREIDER AND DAVID ROSENBERG**

> *THE COURT: Here's my suggestion about how to to do that. If you file a simple motion—don't get into 50 pages, a one page thing that says that—what you want to do and why this order you think should not apply, or it was overbroad or whether it was not intended to cover what, what it says on its face. Let Jim respond with a simple one page reply, and I'll talk to Judge Beckwith about it and will probably issue a joint order within a week and bingo, that's done.*

Transcript of Proceedings, at 40. (Attached as Exhibit A).

### I.   INTRODUCTION AND PRELIMINARY STATEMENT

The opposition to the two page motion by KMK's new counsel to take the deposition of key fact witnesses, though a learned treatise on the PSLRA, has absolutely nothing to do with the issue at hand. The objection shows a fundamental lack of understanding of the case in general, and this issue specifically. There is no excuse for

1

KMK to suggest that the motion "should never have been filed" (Opposition at 3), since it suggests that the plaintiffs should not comply with Orders of this Court[1].

## II. LEGAL AND FACTUAL ARGUMENT

### 1. The Issue Has Not Been Fully Discussed and Decided

> *THE COURT: Here's my suggestion about how to to do that. If you file a simple motion—don't get into 50 pages, a one page thing that says that—what you want to do and why this order you think should not apply, or it was overbroad or whether it was not intended to cover what, what it says on its face. Let Jim respond with a simple one page reply, and I'll talk to Judge Beckwith about it and will probably issue a joint order within a week and bingo, that's done.*

Transcript of Proceedings, at 40.

Magistrate Judge Hogan, who ordered plaintiffs to file this motion, will no doubt be surprised to read that

> Thiemann's motion to depose Messrs. Kreider and Rosenberg flies in the face of the Scheduling Order. This matter has been fully discussed and decided. Thiemann's request to proceed with these depositions has been considered and rejected. Accordingly, ***Thiemann's motion to depose these KMK Attorneys*** *should never have been filed* and must be denied.

(Opposition at 2-3, emphasis added).

Such a statement is not only factually incorrect; it is insulting to Magistrate Judge Hogan. It is also insulting to counsel for the plaintiffs to the extent that it suggests that they not comply with a Court Order, something that plaintiffs' counsel have not done and will not do. As the quote from the transcript of the hearing that KMK's counsel attended, plaintiffs were directed by the Court to file the motion. To the extent that KMK suggests that Magistrate Judge Hogan has prejudged the issue, their argument is disingenuous at

---

[1] Arguably, the opposition brief does not comply with the spirit of Magistrate Judge Hogan's directive for a simple one page reply.

2

the very least and is a transparent attempt to, once again, focus on counsel rather than the issues.

### 2. The Would-Be Deponents are Key Fact Witnesses

The issue before the Court presents a simple factual question: in the absence of a stay of discovery, can the plaintiffs take the deposition of key fact witnesses?[2] Magistrate Judge Hogan called for a simple, short motion on this topic, and the plaintiffs complied. It is important to keep in mind that plaintiffs do not seek an exception to the Scheduling Order, but rather compliance with it[3].

The tome submitted in opposition is entirely irrelevant. The Scheduling Order does not provide for a stay of discovery as to KMK fact witnesses that relate to the original complaint. Four KMK attorney witnesses have already been deposed, yielding critical information that has been incorporated into the Consolidated Amended Complaint ("CAC"). Plaintiffs anticipate that the deposition of these two senior transactional attorneys will be similarly productive, as these two witnesses played some role in the subject transaction.

---

[2] There is no stay of discovery on factual issues related to the original complaint. Who wrote what in the Proxy Materials/Registration Statement relates to the original complaint. That KMK, though disqualified, has since been added as a defendant, is entirely irrelevant for the purposes of this motion.

[3] At several points in the transcript, Magistrate Judge Hogan seemed to acknowledge that the plaintiffs were seeking to depose these fact witnesses unrelated to any new allegations in the Consolidated Amended Complaint.
    THE COURT: That seems to me—you want to, and it may be—I can see that it may not have taken into consideration what you are talking about.
    MR. BRAUTIGAM: Your Honor, I—
    THE COURT: You want to depose them on things that would predate the concern that they share with Ernst & Young.
(Exhibit A, Transcript of Proceedings at 41.)

KMK submits that the role of these key witnesses is "minimal," but this assertion is rebutted by their own attachments. As the deposition of Mark Weiss makes clear, Mr. Kreider's role was important.

Q What was Mr. Kreider's role with respect to the creation and dissemination of Defendants Exhibit 1?
A Mr. Kreider was the—really the senior partner of the, the securities practice. And I don't recall exactly what role he had.
Q Well, he was listed on the various distribution lists, correct?
A I suppose, if that's—if that's what the distribution lists say.
Q And would you infer that Mr. Kreider reviewed the various drafts, the various documents that were circulated?

OBJECTION OMITTED

A I don't know what Mr. Kreider reviewed.
Q Did you ever have discussions with Mr. Kreider about the OHSL Provident merger?
MR. GILLIGAN: You can answer—
MR. BURKE: Yes or no.
MR. GILLIGAN: --whether you had discussion. Not what the discussions were[4].
A Yes.
Q Okay. Approximately how many discussions did you have with Mr. Kreider?
A I don't recall.
Q Approximately how long did they last?
A I wouldn't recall a conversation I had with Mr. Kreider three weeks ago, much less four years ago.
(Deposition of Mark Weiss, Page 94 line 4 to 95 line 10. Attached to Opposition Brief as Exhibit B)

Mark Weiss's memory should clearly not be relied on with respect to Mr. Kreider's role in the merger.

Similarly the deposition testimony of KMK transactional attorney Timothy Matthews shows that the involvement of at least one of the witnesses sought is far from

---

[4] This section includes one of the milder times that KMK shadow counsel, in conjunction with KMK litigation counsel, interrupts the proceedings to coach the witness, and assert a false privilege. It is simply not possible for there to be anything whatsoever objectionable about asking one key fact witness and defendant about a conversation he had with another key fact witness who is a member of the defendant firm. KMK however, through both the shadow counsel and litigation counsel, feels free to interrupt the proceedings, coach the witness, and effectively prevent inquiry into this important area.

4

"minimal." (Opposition at 4.) While KMK is content to stop the quote in their opposition papers at "minimal," the next few lines show that that single word is taken completely out of context, and thus yields the exact opposite impression.

> Q Okay. What was Mr. Kreider's role with respect to this merger?
> A Minimal. He was the—as, again, I've testified previously, he was the head of the securities department.
> Q Right.
> A And so as a—in an oversight capacity, he was there to consult with if questions came up.

(Deposition of Timothy Matthews, Page 219 line 19 to 220 line 2. Attached as Exhibit B to the Opposition.)

This hardly seems minimal.

### 3. The Silence is Deafening

KMK makes various assertions without any evidentiary support, and the silence is deafening. For example, KMK concludes that the proposed witnesses have had little to do with the transaction, remember little, and it is simply not worth their time to be deposed. "All reasonable discovery of KMK has been conducted." (Opposition at 6). But KMK does not submit any affidavits of Messrs. Kreider and Rosenberg, nor do they submit any billing records, or anything of substance that would support their position. Since this information is within the custody and control of KMK and could be easily supplied, the overwhelming inference is that it was not supplied because it would not support KMK's position. Instead of evidence, KMK would have this Court rely on the wild, conclusory, and entirely self-serving statements that "All reasonably necessary discovery of KMK has been conducted."

Additionally, for the Court to rule in KMK's favor, it would have to contradict its previous ruling permitting the depositions of four KMK transactional attorneys to go forward—for this is indeed the logical extension of those depositions. Additionally, the

Court would have to abdicate its responsibility of determining appropriate discovery in favor of KMK's retained counsel, who relies largely on KMK's inside counsel who has been serving as "shadow counsel" in the litigation for years, attempting to, and often succeeding, in making a mockery of the deposition process[5].

Additionally, Messrs. Kreider and Rosenberg certainly have impressive credential. (*See*, Internet Biographies of Messrs. Kreider and Rosenberg, attached as Exhibits B and C). Mr. Kreider's firm resume states that he *"is frequently called as an expert witness in corporate and securities cases."* If a materially false and misleading Proxy Materials/Registration Statement was produced under their supervision, they should be held to account. It would be foolish for the plaintiffs not to seek the testimony of this securities expert who provided guidance on the merger. It is undisputed that at least Mr. Kreider engaged in substantive discussions with defendant KMK attorney Mark Weiss. If Mr. Kreider and/or Mr. Rosenberg answered questions and/or contributed in some fashion to the final version of the materially false and misleading Proxy Materials/Registration Statement, they should not be excused from giving a deposition because an in-house KMK lawyer has determined that it would add nothing. On the other hand, if these attorneys truly had minimal or no involvement in the merger, the depositions will be short indeed.

Finally, it is important to remember that KMK made the same or exceedingly similar arguments with respect to the four KMK transaction attorneys who were previously deposed. The testimony of these witnesses, also designated by the Dinsmore

---

[5] For example, plaintiffs's counsel, in attempting to conduct the depositions, were faced with three KMK attorneys on the other side of the table: the KMK transactional attorney being deposed, KMK's shadow counsel, representing the witness and KMK, and attorneys from the KMK litigation team representing the OHSL and Provident defendants, and KMK. Adding to the circus-like atmosphere, all three KMK attorneys made various objections, including, at times, the KMK witness being deposed!

defendants as trial witnesses and who also opposed KMK's motion for a protective order, was exceedingly productive with respect to obtaining relevant information that has been incorporated into the CAC. Since no one has admitted to writing key sections of the Proxy Materials/Registration Statement, it is hardly surprising that the search for the truth continues. Perhaps either Messrs. Kreider or Rosenberg wrote some of these key passages. Logic suggests that although the Dinsmore defendants have let plaintiffs lead the charge on this and other issues, the Dinsmore defendants have a stake in this as well.

### 4. The PSLRA is Entirely Irrelevant

KMK states "Plaintiff has made **no effort** to meet this high standard [of the PSLRA] with respect to Messrs. Kreider and Rosenberg." (emphasis included, Opposition at 4). In this rare instance, KMK is right. Plaintiffs have made no effort to meet this standard because there is no need to: plaintiffs wish to take the deposition of these transactional attorneys related to the allegations of the original complaint. Simply stated, plaintiffs wish to inquire, as they have already inquired of four other KMK attorneys on the transactional team, about who wrote what with respect to the materially false and misleading Proxy Materials/Registration Statement. The logic that permitted the deposition of the other members of the KMK transactional team to go forward—relating to issues of the original complaint—who wrote what in the Proxy Materials/Registration Statement—continues with equal force to these members of the transactional team. As the Court stated in that Order (Doc. No. 168):

> The decision to make or not make Keating, Muething and Klekamp a defendant, however, is irrelevant to the issue presently before this Court, which is whether or not to permit Keating lawyers to be deposed as fact witnesses in this case, since those lawyers authored the disputed proxy statement.

Order at 1-2.

7

It makes no logical or legal sense for the Court to conclude that it is appropriate for plaintiffs—and the Dinsmore defendants—to be permitted to take the depositions of certain KMK transactional attorneys—and not others, when it is not disputed that all of the attorneys sought to be deposed worked on the merger[6]. Once again, the issue is back where it started almost a year ago, when KMK moved for a protective order to shield themselves from liability. It would be ironic indeed for the acceptance of the CAC to now be the cause of additional delay with respect to issues that were already decided, and until recent events, in the process of being scheduled. *See*, Exhibit A to opening motion:

> "we will make both Mr. Rosenberg and Mr. Kreider available at our offices on a date to be determined."

The requirement of a new motion, now coupled with the fierce—and largely irrelevant opposition—shows that the case is going backward rather than forward. If this case is going to be put back on the rails, discovery disputes should be litigated once, not twice or three times, and a reasonable degree of cooperation should be required. That KMK and their new counsel do not understand this issue should not be a free pass to further obstruct the proceedings.

### 5. Plaintiffs Are Prejudiced By Continual Delay

It should be obvious to all concerned that continued delay—now five years after some key events took place—is prejudicial to the plaintiffs. KMK, in their usual unilateral fashion, makes this argument itself—though unintentionally—with the inclusion of the letter from KMK shadow counsel Louis F. Gilligan (Attached as Exhibit

---

[6] As plaintiffs indicated in their opening motion, "It is undisputed that both Messrs. Kreider and Rosenberg provided legal services with respect to the OHSL-PFGI merger, though the parties dispute the degree of importance of the services rendered." (Motion at 1.)

A to the Opposition) in which he states "David Rosenberg has no recollection of any doing anything on the OHSL transaction nor of how many hours he may have billed, if any." Perhaps Mr. Rosenberg's recollection will be refreshed when he is shown documents that he may have worked on. If it is not refreshed, it will be a short deposition, but that does not mean that the plaintiffs do not have an obligation to attempt to ferret out this key information. Only in the world that KMK inhabits can continual delay—years, not weeks or months—never prejudice the opposing side, but that is the position they have taken for literally years.

Additionally, arguments made by KMK on the need for additional delay were previously rejected by this Court. (*See*, Doc. No. 168.) In that Order, the Court states:

> Keating's response does not argue that the disputed depositions are improper, only that the depositions should be delayed until the District Judge rules on Plaintiff's Motion for leave to File a Second Amended Complaint so that the depositions don't have to be repeated. While that argument makes some degree of sense, it is undeniably true that this case is hardly on a fast track and discovery simply needs to be accelerated.

Order at 2.

If discovery needed to proceed last year because the case was not on a fast track, the Court's words should have greater weight at this point. KMK is benefiting from the stay of discovery as it applies to KMK as a defendant. But they should not be allowed to bootstrap this argument into providing a stay of KMK against KMK fact witnesses—and the Court has previously so ruled. KMK should not get an additional bite at the apple to repeatedly argue points that have already been decided, all in the name of additional delay. They say one thing to the Court, and then behave differently to opposing counsel.

9

### III. CONCLUSION

For the foregoing reasons as well as those submitted in the opening brief (Doc. No. 225), plaintiffs respectfully request that they be allowed to take the depositions of Messrs. Kreider and Rosenberg.

Date: 7 January 2004

Respectfully Submitted,

*/s/ Gene Mesh*

Gene Mesh (OH Bar #0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097
email: mgbrautigam@mac.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on 7 January 2004, a true and correct copy of the Reply Brief in further Support of the Motion to Take The Depositions of Messrs. Kreider and Rosenberg was served as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

John B. Pinney, Esq.
J. Michael Debbler, Esq.
GRAYDON HEAD & RITCHEY
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45201-6464

Michael R. Barrett, Esq.
BARRETT & WEBER
500 Fourth & Walnut Center
105 East Fourth Street
Cincinnati, Ohio 45202-4015


**and BY U. S. MAIL**
John W. Hurst, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

Michael G. Brautigam