UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | JOINT POSITION PAPER OF |
| OHSL FINANCIAL CORP., *et. al.* | ) | ALL DEFENDANTS RELATING |
| | ) | TO CLASS CERTIFICATION |
| Defendant. | ) | **BRIEFING SCHEDULE** |
| | ) | |

Each of the Defendants to this action jointly submits this position paper in accordance with the Court's practice relating to discovery and scheduling issues. Defendants would like to raise the matters discussed below with the Court during the telephonic status conference that is set for November 16, 2004 at 10:00 a.m.

I.  **INTRODUCTION**

Defendants request that the Court enter an order providing that memoranda in opposition to Plaintiffs' motion for class certification be due July 15, 2004 -- two weeks after the close of class discovery. Absent such an order, the parties will find themselves in the same conundrum noted by Judge Beckwith in her order vacating class certification: Defendants will be forced to file briefs opposing certification without the benefit of class discovery on the Consolidated and Amended Class Action Complaint ("Consolidated Complaint") and will necessarily have to reserve issues for supplemental briefing after completion of class discovery. *See* Dec. 15, 2003 Order, (Doc. 227) at 2-5. Alternatively, Defendants request a thirty day extension, up to and

including February 21, 2004, to file memoranda opposing class certification, with permission to file supplemental memoranda after class discovery closes.

## II. FACTS

In the original class action proceedings in this case, the Court overlooked that all facts relating to class certification were not in the record and, on September 14, 2001, granted Plaintiffs' motion for class certification. The September 14, 2001 ruling led to voluminous briefing on Defendants' motions to reconsider class certification and to decertify, and ultimately wound full-circle to the Court's recent Order vacating class certification. On December 15, 2003, Judge Beckwith entered an Order vacating the September 2001 ruling, noting that, in hindsight, class certification had been improvidently granted because certification briefing was completed and the issue was ruled upon "on an incomplete and undeveloped record." Dec. 15, 2003 Order, (Doc. 227) at 6.

The Scheduling Order that is currently in place set December 31, 2003 as the date by which any motion for class certification was to be filed (*see* Nov. 19, 2003 Scheduling Order, (Doc. 221) at 1); Plaintiffs served their motion in compliance with this deadline. Because the Scheduling Order does not provide a deadline for filing memoranda in opposition to class certification, under the Local Rules, Defendants' memoranda opposing class certification would be due on January 21, 2004 and January 26, 2004. L.R. 7.2(a)(2).[1] The Scheduling Order, however, provides that class discovery may be taken up until June 30, 2004, long after class briefing is due to be completed under a Local Rules-based schedule.

On January 6, 2004, the Provident and OHSL Defendants requested from Plaintiffs' counsel a brief, nine day extension to respond to the class certification motion. *See* E-mail string

---

[1] Defendant Ernst & Young was served via U.S. Mail, and therefore has three additional days to respond to the motion under Fed. R. Civ. P. 6(e).

between R. Rowe and M. Brautigam, January 6-7, 2004 (attached as Ex. 1). Initially, Mr. Brautigam questioned whether Defendants' briefs opposing class certification actually were due in January 2004. *Id.* After reconsidering the issue, however, Mr. Brautigam took the position that he would not agree to the extension that the Provident and OHSL Defendants sought, and that he would "vigorously oppose" *any* supplemental briefing after the close of class discovery. *See* Letter from M. Brautigam to R. Rowe, January 7, 2004 (attached as Ex. 2) (emphasis added).

Defendant Ernst & Young requested that Plaintiffs' counsel reconsider his position and agree to postpone Defendants' obligation to respond until after the class discovery period. *See* Letter from M.H. Perry to M. Brautigam, January 8, 2004 (attached as Ex. 3). Specifically, Ernst & Young noted that both the letter and the spirit of the Court's December 15, 2003 Order indicated that the record on class issues should be fully developed before class briefing was completed, and that, as a newly-added defendant, it had not had the opportunity to take class discovery of any the Thiemann or Meier class representatives. *Id.*

In apparent response to Defendants' requests, Plaintiffs' counsel took the rather unorthodox step of noticing the depositions of their own clients, Mr. and Mrs. Meier, for January 19, 2004 -- two days before the first of Defendants' briefs are due. *See* Dep. Notice, January 9, 2004 (attached as Ex. 4). These depositions were scheduled without consulting opposing counsel, seemingly in an effort to force Defendants to take class discovery on Plaintiffs' timeframe, rather than the timeframe provided for by the Court's Scheduling Order and the discovery stay that is applicable to newly-added defendants in this securities action.

### III. ARGUMENT

To ensure the efficient disposition of class issues, the Court should postpone full briefing of class certification on the Consolidated Complaint until after the period for class discovery is

3

closed. Plaintiffs' counsel has taken the position that Defendants should be required to file memoranda opposing class certification in the time prescribed by the Local Rules, and that no supplemental briefs should be allowed. Not only is such a briefing schedule inefficient and prejudicial to Defendants, it also portends precisely the same difficulties that resulted in the improvident grant of class certification in September, 2001 and the later reversal of that decision more than two years later, in December, 2003.

    A.    **Orderly Resolution of Class Issues Dictates that Oppositions to Plaintiffs' Motion Should be Filed after the Close of Class Discovery.**

In addition to the Court's concern that the parties and the Court's resources be used in a manner that facilitates the just, speedy, and inexpensive resolution of this matter, Judge Beckwith's December 15, 2003 Order expressed concern that future class action briefing be conducted in a streamlined manner, with input from all parties. *See* Dec. 15, 2003 Order, (Doc. 227) at 10. Briefing class certification before the relevant discovery is complete would only thwart this goal, leading to piecemeal briefing on class issues and requiring another round of opposition papers from Defendants at the close of class discovery. Indeed, it was just this procedural posture that led to the improvident certification of the *Thiemann* class in 2001 -- class motions were filed and opposed during the discovery stay mandated by the Private Securities Litigation Reform Act ("PSLRA"), without benefit of discovery on class issues. *See* Dec. 15, 2003 Order, (Doc. 227) at 2 (recalling that the Provident and OHSL Defendants, in their original opposition to class certification, had noted that they were unable to address either the commonality or typicality requirements of Rule 23 because discovery had been stayed, and thus reserved the right to supplement the record as class discovery progressed).

A complete record on class issues is a prerequisite to the proper disposition of Plaintiffs' motion for certification. *Cf. In re Art Materials Antitrust Litig.*, 38 Fed. R. Serv. 2d 1509, 1983

4

WL 1802, MDL 436 (N.D. Ohio April 1, 1983), *1 (class certification decision not rendered until all parties stipulated class discovery complete) (attached as Ex. 5). The recent amendments to Fed. R. Civ. P 23(c)(1)(A) only underscore this conclusion. While the prior language of Rule 23 had dictated that a court should determine whether a class should be maintained "as soon as practicable," the Civil Rules Advisory Committee, in its Notes to the 2003 amendment, observed that this "exaction neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision. . . . [t]ime may be needed to gather information necessary to make the certification decision." Advisory Committee Notes, Fed. R. Civ. P. 23, (2003); s*ee also, Excerpt from the Report of the Judicial Conference Committee on Rules of Practice and Procedure*, ("Judicial Conference Committee Report") at 3-4, available at http://www.uscourts.gov/rules/supct1202/ExcerptCV.pdf (attached as Ex. 6) (noting that Rule 23(c)(1)(A)'s "emphasis on dispatch in making the certification decision has, in some instances, led courts to believe that they are overly constrained in the period before certification. A certain amount of discovery may be appropriate during this period to illuminate issues bearing on certification . . . .").

This Court's Scheduling Order acknowledges the need for class discovery; briefing on a complete factual record is an essential next step in this process, to ensure that the Court's ruling is the product of "the deliberation required for a sound decision . . . . after receiving the information necessary to decide whether certification should be granted or denied and how to define the class if certification is granted." *Judicial Conference Committee Report* at 3. The amendments to Fed. R. Civ. P. 23 (c)(1)(A), which took effect on December 1, 2003, require only that the Court rule on class certification at "an early practicable time," and Defendants

5

respectfully suggest that the July 15, 2004 opposition deadline that they propose will allow the Court to meet its obligations under this standard.

In addition, completing briefing after the Court has decided the newly-added parties' motions to dismiss may also present additional efficiencies. Resolution of these motions, which are due to be filed on January 30, 2004, may eliminate parties and claims from this action, which may affect any class and subclasses that can properly be certified, and the number of opposition papers that ultimately will be filed. The orderly resolution of class issues in a manner that makes most efficient use of the parties' and the Court's resources mandates that class certification briefing should only be completed after the close of class discovery. Defendants respectfully request that the Court enter an order requiring Defendants to file briefs opposing class certification by July 15, 2004.

### B.  Plaintiffs' Objection to Defendants' Proposal is Unreasonable and Lacks Merit.

Plaintiffs claim that Defendants were "on notice" to depose Mr. and Mrs. Meier on class issues as of November, 2003, and that their failure to engage in class discovery before their opposition papers were due under the Local Rules is simply a strategic choice with which they now must live. *See* Letter from M. Brautigam to R. Rowe, January 7, 2004 at 1 (attached as Ex. 2). Plaintiffs' position has no merit. Defendants could not have meaningfully deposed the Meiers on class issues between November 2003 and January 2004 for a host of reasons -- the most obvious of which is that the Consolidated Complaint and Motion for Class Certification were not filed and served until December 31, 2003. It strains credulity to assert that Defendants were somehow obligated to act when neither the operative complaint nor the operative class certification motion had been filed.

Plaintiffs' position also fails to recognize that, as to newly-added defendants Ernst & Young and Keating, Meuthing & Klekamp, discovery is expressly stayed until the Court renders decisions on their motions to dismiss. *See* Nov. 19, 2003 Scheduling Order, (Doc. 221) at 2. Plaintiffs' counsel's tactic of noticing the depositions of their own clients cannot change the fact that, under the PLSRA, there is to be no discovery relating to newly added defendants until it is determined that the Consolidated Complaint states a claim against them. *See generally*, Response in Opposition to Objection to Scheduling Order, (Doc. 226), Dec. 15, 2003; Response to Plaintiffs' Objection to the Scheduling Order, (Doc. 228), Dec. 15, 2003 and authorities cited therein. The Court's decisions on Defendants' motions to dismiss are due to be rendered no later than April 30, 2004. *See* Nov. 19, 2003 Scheduling Order (Doc. 221) at 1. Should any of Plaintiffs' claims against the newly added Defendants survive, the Court's schedule permits at least two months remaining to complete class discovery.

### C.    If Defendants Must Oppose Class Certification Before the Close of Class Discovery, Supplemental Briefing is Warranted.

If the Court requires Defendants to submit preliminary memoranda opposing certification, it should also permit Defendants to file supplemental briefs after the close of class discovery. In *Simon v. Phillip Morris, Inc.*, 200 F.R.D. 21 (E.D.N.Y 2001), the court held that Rule 23(c)(1) and the Advisory Committee notes thereto require that a district court allow development of facts through class discovery and mandate that any ruling on class certification be altered or amended if fuller development of the facts proves the earlier certification decision unsound. *Id.* at 41 (*quoting* Fed. R. Civ. P. 23(c)(1) Advisory Committee Notes (1966) ("A determination [of class certification] once made can be altered or amended before a decision on the merits if, upon fuller development of the facts, the determination appears unsound.")); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273-74 (11th Cir. 2000) ("[C]lass certification

determinations are so fluid and fact-sensitive that district courts should be encouraged rather than discouraged from reassessing whether the prerequisites of Rule 23 exist.").

Plaintiffs' assertion that they will "vigorously oppose" supplemental briefing after class discovery, which their counsel refers to as "attempts to obtain a second bite at the apple" (see Letter from M. Brautigam to R. Rowe at 2, January 7, 2004 (attached as Ex. 2)) directly conflicts with the mandate of Fed. R. Civ. P. 23(c)(1), and, in fact, with the Court's December 15, 2003 Order. Cases applying Fed. R. Civ. P. 23 dictate that class certification decisions be premised on a full record. Defendants should be permitted to supplement any briefs opposing class certification with facts developed during class discovery. Thus, even if the Court decides that Defendants should file memoranda opposing class certification at some point before the close of class discovery, all parties should have the absolute right to supplement those briefs after the close of class discovery, even if the Court already has issued a ruling on class certification.

## IV.     CONCLUSION

In order to avoid piecemeal, inefficient briefing from four distinct groups of Defendants that would waste the resources of the Court and the parties, Defendants request that the Court order that briefs in opposition to class certification should be filed by July 15, 2004 -- fourteen days after the close of class discovery, and grant Defendants such other relief as the Court deems proper. In the alternative, Defendants request a thirty day extension, up to and including February 21, 2004, to file preliminary memoranda opposing class certification, and leave to file supplemental papers on July 15, 2004.

Respectfully submitted,


/s/ James E. Gauch
Stephen J. Brogan
James E. Gauch (Ohio Bar # 0042161)
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001
Phone:  202-879-3939
Fax: 202-626-1700
Email:  jegauch@jonesday.com

*Attorneys for Ernst & Young, LLP*


/s/ John W. Hust
John W. Hust
Michael E. Maundrell
Schroeder Maundrell Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio  45249
Phone:  513-583-4200
Fax: 513-583-4203
Email:  jhust@schroederlaw.com
Email:  mmaundrell@schroederlaw.com

*Attorneys for the Dinsmore Defendants*


/s/ John B. Pinney
J. Michael Debbeler
John B. Pinney
Graydon Head & Ritchey
Fifth Third Center
511 Walnut Street, Suite 1900
Cincinnati, Ohio  45202
Phone:  513-629-2712
Fax:  513-629-2704
Email: mdebbeler@graydon.com
            jpinney@graydon.com

*Attorneys for the OHSL and Provident Defendants*

9

James E. Burke
Rachael A. Rowe
Keating, Muething & Klekamp
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-579-6429
Fax: 513-579-6457
Email: jburke@kmklaw.com
   rrowe@kmklaw.com

*Of Counsel to the OHSL and Provident Defendants*

/s/ Thomas W. Breidenstein
Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
Fourth & Walnut Centre, Suite 500
105 East Fourth Street
Cincinnati, Ohio 45202
Phone: 513-721-2120
Fax: (513) 721-2139
Email: mrbarrett@barrettweber.com
Email: twbreidenstein@barrettweber.com

*Attorneys for KMK Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing JOINT POSITION PAPER OF ALL DEFENDANTS RELATING TO CLASS CERTIFICATION BRIEFING SCHEDULE was served upon:

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
Attorney for Plaintiff

by facsimile and ordinary U.S. mail, this 12th day of January, 2004.

/s/ Mary-Helen Perry
Mary-Helen Perry