UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** | CASE NO. C-1-00-793 |
| PLAINTIFF | (BECKWITH, J.) |
| | (HOGAN, M.J.) |
| VS. | |
| **OHSL FINANCIAL CORP., ET. AL.,** | |
| DEFENDANT | |

**ORDER**

An informal case management/discovery conference took place this day by telephone. The first issue upon which the parties disagree is the Plaintiff's counsel's noticing the deposition of Gary Meyer, a named Plaintiff in the case. Plaintiff's argument in favor of such a novel move is that Plaintiff is in control of the discovery it wishes to take. Defendants are unanimous in their request that Meyer's deposition be delayed they wish to depose him. Defendants wonder why one would expose one's client to cross-examination when an affidavit would suffice to establish whatever Plaintiff wishes to establish for purposes of class certification. The Court sees no reason to force Defendants to take a premature deposition of Mr. Meyer, who is free to file an affidavit. The Meyer deposition, noticed for Monday, January 19, 2004 shall be cancelled.

The second issue involves the Plaintiff's desire to depose Mr. Brinker, a former OHSL Director and a person both recovering from a stroke and of advanced age. Since the parties cannot agree on the terms and conditions set by Dr. Smith, Brinker's physician, the Court has attempted and will continue to attempt to make personal contact with Dr. Smith in order to establish parameters for Mr. Brinker's deposition. The Court will personally attend Mr. Brinker's deposition to insure that Dr. Smith's guidelines are followed. A further Order will issue as soon as Dr. Smith responds to the Court's inquiry.

Lastly, the parties disagree on the time in which Defendants must respond to Plaintiff's Motion for Class Certification. Defendants have filed a Position Paper and the Court hereby incorporates into this Order their filing in reference to their collective request that their

Memorandum in Opposition to Class Discovery be due a short time after class discovery closes. The Court did not include a deadline for same, preferring instead that the parties be governed by the applicable civil rules. The Court sees no need to modify the Scheduling Order, especially since Plaintiff filed Objections to the Scheduling Order, another novel approach, and those Objections are pending before Judge Beckwith. Nothing in the Scheduling Order prevents a supplementation if, in fact, a Motion for Leave to do so is filed, of Defendant's Memorandum in Opposition at the close of discovery in June, 2004, but Defendant's Memorandum in Opposition is nevertheless due in accordance with deadlines established by the civil rules.


January 16, 2004                                  s/Timothy S. Hogan
                                                  Timothy S. Hogan
                                                  United States Magistrate Judge