## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN** | ) | **Case No. C-1-00-793** |
| | ) | |
| **Plaintiff,** | ) | **(Judge Beckwith)** |
| | ) | |
| **-v-** | ) | |
| | ) | **DEFENDANTS' MEMORANDUM** |
| **OHSL FINANCIAL** | ) | **IN OPPOSITION TO PLAINTIFF'S** |
| **CORPORATION, et al.,** | ) | **MOTION FOR LEAVE TO SUBMIT** |
| | ) | **MOTION TO RECONSIDER** |
| **Defendant.** | ) | |

## I.    INTRODUCTION

Plaintiff Walter Thiemann ("Plaintiff") has filed a perplexing motion for leave to submit a motion to reconsider a motion properly re-visited and ruled upon by the Court. Plaintiff's motion is not only completely meritless, but it is also procedurally moot. The OHSL[1] and Provident[2] Defendants oppose this latest abuse of the motion process that erroneously, and in derogation of the Court's rules, substantively attacks the Court's December 15, 2003 Order Vacating Class Certification (the "December 15 Order", Doc. No. 227). Simply put, the current procedural posture of this case renders Plaintiff's motion for reconsideration of the December 15 Order completely moot; therefore, granting leave to file such a motion would be futile.[3]

---

[1] The "OHSL Defendants" include OHSL Financial Corporation , Oak Hills Savings & Loan Company, Norbert G. Brinker, Kenneth L. Hanauer, William R. Hillebrand, Alvin E. Hucke, Thomas E. McKiernan, Joseph J. Tenoever, and Howard J. Zoellner.

[2] The "Provident Defendants" include Provident Financial Group, Inc., Thomas D. Grote, Jr., Phillip R. Myers, Joseph A. Pedoto, Joseph A. Steger, Christopher J. Carey, Robert L. Hoverson and Jack M. Cook.

[3] Even though the instant motion for leave is futile, the substantive attack on the December 15 Order requires Defendants to address Plaintiff's meritless arguments. Plaintiff dedicates sections of his motion to establishing that: (1) Plaintiff's counsel had permission to file Plaintiff's amended complaint; (2) Plaintiff is represented by two attorneys; (3) Plaintiff's counsel have adequate resources; (4) Plaintiff's counsel are not in disarray; and (5) Plaintiff's counsel will not be intimidated. The Court, however, explicitly noted in its December 15 Order that it had not made any specific findings of fact or conclusions of law regarding the adequacy of Plaintiff's counsel.

Plaintiff's filing of the December 31, 2003 Consolidated Amended Complaint (the "CAC") and the December 31, 2003 motion to certify the CAC as a class action render moot the December 15, 2003 Order decertifying the class on the original Complaint and, consequently, Plaintiff's instant Motion for Leave. Further, any error this Court may have made in its December 15, 2003 Order vacating certification of the original Complaint, to the extent such exists, has no affect on the CAC, and thus need not be reconsidered. The motion also has the thinly veiled ulterior purpose of attacking factual inferences Plaintiff believes the Court has reached. Even if such inferences were made or were improper, the use of a motion for reconsideration is an inappropriate vehicle. Accordingly, this Court must deny Plaintiff's Motion for Leave to Submit Motion for Reconsideration.

## II.    RELEVANT PROCEDURAL HISTORY

As this Court is well-versed in the convoluted procedural history of the case, only a brief recitation of the facts relevant to Plaintiff's motion is necessary. Plaintiff filed his original Complaint in September, 2000 (Doc. No. 1), and moved for class certification on January 22, 2001 (Doc. No. 27). On September 14, 2001, after briefing by the parties (which was limited by the fact that class discovery had not been completed when briefs in opposition to class certification became due), this Court issued an Order granting Plaintiff's original motion for class certification. (Doc. No. 50). On October 2, 2001, all Defendants moved this Court to reconsider its order granting class certification (Doc. Nos. 52 and 53), and on January 29, 2003, OHSL and Provident Defendants moved this Court to decertify the class (Doc. No. 65). On December 15, 2003, this Court granted the motion to reconsider class certification and vacated the order certifying the class. (Doc. No. 227).

---

(December 15 Order at 11). Accordingly, none of these inferences is appropriate for Plaintiff to challenge or the Court to reconsider.

On December 29, 2003, Plaintiff filed his instant Motion for Leave to Submit Motion to Reconsider the Court's December 15 Order vacating class certification (Doc. No. 230). Two days later, however, on December 31, 2003, Plaintiff filed a new complaint, the CAC and his motion to certify the CAC as a class action. The new CAC and motion to certify moot any reconsideration of the December 15 Order because the Court necessarily must revisit the class certification issues in the context of the new motion to certify.

## III.    ARGUMENT

### A.    Plaintiff's motion for leave is futile because Plaintiff's Consolidated Amended Complaint supercedes the original Complaint and the motion to certify arising from the original Complaint.

Plaintiff's motion for leave to file a motion to reconsider the December 15 Order is inappropriate because the Complaint contemplated in this Court's December 15, 2003 Order (the "December 15 Order") has been superceded and replaced by the December 31, 2003 by a new complaint, the CAC.

It is well established that an amended complaint supersedes the original and renders it of no legal effect. *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 - 69 (2d Cir. 1977); *Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358 (11th Cir. 1982). Courts have refused to entertain motions to dismiss and summary judgment motions made upon superceded complaints. *See U.S. v. Shofner Iron & Steel Works*, 71 F.Supp. 161, 162 (D.Ore. 1947) (denying motion to dismiss original complaint where amended complaint had been filed, reasoning that original complaint "performs no function in the action" and therefore "no motion of any kind can now be addressed to the original complaint").

When Plaintiff filed the December 31, 2003 CAC, his original complaint was "withdrawn" from this Court. *Miller v. American Export Lines, Inc*., 313 F.2d 218 (2d Cir. 1963) (where complaint was amended, original complaint was "withdrawn" from the court and

any judgment upon it was a "nullity"). Similarly, Plaintiff's original motion to certify can be deemed "withdrawn" and superceded by his new, December 31, 2003, motion to certify the CAC as a class action. In addressing the December 31, 2003 motion to certify, the Court can address any defects Plaintiff claims exist in de-certifying a class that will not proceed anyway. In other words, even if the December 15 Order was erroneous, manifestly unjust, or in need of clarification, it is of no moment to the procedural posture of this action, the instant motion therefore would be futile and reconsideration moot.

**B.    The purported "errors" cited by Plaintiff do not provide a basis for this Court to reconsider its December 15, 2003 Order.**

Even if this Court were to revisit the merits of Plaintiff's earlier complaint and motion to certify, the facts and law relied upon by this Court in its December 15 Order do not justify reconsideration of its ruling. Civil Rule 61 directs this Court, "at every stage of the proceeding", to "disregard any error or defect in the proceedings which does not affect the substantial rights of the parties". Fed. R. Civ. P. 61. Plaintiff is now attempting to certify a class under his new CAC. Therefore, as a corollary to the rule that the motion is deemed withdrawn, any alleged errors the December 15 Order may contain have no effect on Plaintiff's rights. On this basis alone, the Court must deny Plaintiff's instant Motion for Leave.

Even assuming, *arguendo*, that the December 15, 2003 Order contains Plaintiff's purported errors, these errors do not even approach the level of manifest injustice necessary for this Court to reconsider the Order. Plaintiff first argues that the Court has misconstrued his theory of the case. However, Plaintiff has amended his complaint and withdrawn whatever theory of the case previously existed. Therefore, the Court's conclusions regarding of his prior theory are now completely irrelevant. The Court's conception of a withdrawn complaint, correct or not, has no bearing on Plaintiff's current case and imposes no injustice on Plaintiff.

Second, Plaintiff seeks to change the factual "inferences" he believes the Court has reached, particularly regarding the adequacy of Plaintiff's counsel. However, in the December 15 Order, the Court explicitly noted that it was not reaching any "specific findings of fact or conclusions of law regarding the adequacy of [Plaintiff's] counsel at this time." (December 15 Order at 11). Instead, the Court states that its conclusions regarding the shortcoming of Plaintiff's counsel serve only to further "undermine" the class certification. Where the Court's order has not bound Plaintiff to any findings of fact, it is untenable for Plaintiff to argue that perceived factual errors in the Order caused him to suffer a manifest injustice.

Plaintiff has not asserted any change in controlling law or newly discovered evidence. Further, Plaintiff has not demonstrated how, in light of his amended complaint and pending motion for class certification, the December 15 Order caused him to suffer any injustice whatsoever. Accordingly, Plaintiff's motion for reconsideration is wholly inappropriate and must be denied. *Gencorp, Inc., v. American Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir.1999).

## IV.     CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to File Motion to Reconsider the Court's December 15, 2003 Order.

- 6 -

Respectfully submitted,


/s/ *J. Michael Debbeler*
John B. Pinney
J. Michael Debbeler
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202
Tel: (513) 621-6464
Fax: (513) 651-3836
pinj@graydon.com
debj@graydon.com
Attorneys for Defendants,
OHSL Financial Corp.

OF COUNSEL:

James E. Burke (0032731)
Rachael A. Rowe (0066823)
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that on the  _20th_  day of January, 2004, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT MOTION TO RECONSIDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

*Attorneys for Plaintiffs*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015

*Attorney for KMK Defendants*

John W. Hust
Schroeder, Maundrell, Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, Ohio 45249

*Attorney for Dinsmore Defendants*

James E. Gauch
Mary-Helen Perry
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

*Attorney for Defendant Ernst & Young*

/s/ *J. Michael Debbeler*
J. Michael Debbeler

1205318.4