IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re Gibson Greetings, Inc.  )
Securities Litigation.        )
                              ) Case No. C-1-94-445

### MEMORANDUM and ORDER

On April 1, 1996, this Court issued a Memorandum and Order pursuant to which it denied the second motion for class certification filed on behalf of proposed class representative Nancy Gambal. This matter is now before the Court upon the following motions:



(1) Motion of the proposed plaintiff class for reconsideration of this Court's April 1, 1996 Memorandum and Order (Doc. 53);[1]

(2) Renewed motion of the proposed plaintiff class for class certification with Paul Gambal as class representative (Doc. 53);

(3) Motion of the proposed plaintiff class for certification of a question to the United States Court of Appeals for the Sixth Circuit (Doc. 53);

(4) Motions of Defendants Gibson Greetings, Inc., Flaherty, Sottile, and Pietrangelo to dismiss for want of subject matter jurisdiction (Docs. 60, 62, 63); and

(5) Motion of Defendants Gibson Greetings, Inc. and Flaherty for leave to file supplemental authority

---

[1] The efforts of counsel for the proposed plaintiff class to evade the page limitations of Southern District of Ohio Local Rule 7.2(a)(3) have not gone unnoticed. The Court does not consider the use of prolix footnotes an acceptable alternative to compliance with the Rule. While counsel may have succeeded in complying with the letter of the Rule, he did not (and clearly did not intend to) comply with its spirit. Future submissions in which footnotes contain the majority of the text will be stricken.

PLAINTIFF'S EXHIBIT

in opposition to the proposed plaintiff class' motion for reconsideration (Doc. 67).

1. Background

In its April 1, 1996 Memorandum and Order, this Court observed that the first motion for class certification (Doc. 9) was submitted on October 14, 1994. Paul Gambal and William Steiner were then the proposed class representatives. On December 6, 1994, Judge Carl B. Rubin of this Court issued an order in which he set forth his conclusion that the proposed class representatives, Messrs. Gambal and Steiner, did not adequately represent the interests of the members of the proposed class. With regard to Mr. Gambal, Judge Rubin concluded that adequacy of representation was not demonstrated:

> Mr. Gambal is the Chairman of the money management firm of Berno & Gambal, a licensed security broker, and a registered investment advisor. It is undisputed that Mr. Gambal purchased Gibson stock both on April 22, 1994 and on July 1, 1994. It was after Gibson announced the inventory overstatement that Mr. Gambal bought the additional stock on July 1, 1994. It appears in Mr. Gambal's deposition that both he and his clients had purchased a substantial quantity of Gibson stock.
>
> Defense counsel at oral argument raised an interesting question. If Mr. Gambal is permitted to be class plaintiff, he must seek as large a monetary reward for the class as he can. That money, of necessity, will come from Gibson Greeting Card and will effect [sic] the stock value of each shareholder. On the other hand, Mr. Gambal represents in a fiduciary capacity shareholders in Gibson who would resist the payment of money since it would adversely effect [sic] their interests. Mr. Gambal is therefore in an untenable position

2

> as to his conflicting fiduciary obligations. If a class plaintiff is called upon to reconcile directly conflicting interests, it is difficult to argue that he would fairly and adequately protect the interests of the class when he has adverse interests equally compelling. He may be willing to choose between his diverse obligations, but the Court is not. In view of his holdings, it is this Court's opinion that he does not qualify as a representative party.

Order, pp. 5-6.

In its April 1, 1996 Memorandum and Order, this Court concluded that the numerosity and commonality requirements of Rule 23(a)(1) and (2) of the Federal Rules of Civil Procedure were satisfied with respect to the proposed plaintiff class. The Court also concluded that the typicality requirement of Rule 23(a)(3) was satisfied with respect to proposed class representative Nancy Gambal. The Court denied class certification, nevertheless, because it concluded that the adequacy of representation requirement of Rule 23(a)(4) was not satisfied.

The Court observed that "Ms. Gambal does not testify that she is able to bear the costs of this litigation or that she has arranged for the payment of those costs." Memorandum and Order, p. 12. The Court stated that it was "not persuaded that Nancy Gambal will be able or willing to 'prosecute the action vigorously.'" Id., p. 13 (citing Day v. NLO, Inc., 144 F.R.D. 330, 335 (S.D. Ohio 1992), vacated on other grounds, 5 F.3d 154 (6th Cir. 1993)). The Court also "perceive[d] a significant likelihood that she would become a rubber stamp for the decisions of her counsel, who would also be largely responsible for funding the litigation." Id.

3

"That likelihood convince[d] the Court that Nancy Gambal is not an adequate class representative." Id.

Counsel for the proposed plaintiff class now seeks reconsideration of this Court's April 1, 1996 Memorandum and Order, apparently pursuant to Rule 60 of the Federal Rules of Civil Procedure. Counsel asserts that the Court erred in its application of the law and in various of its factual findings. In the alternative, counsel for the proposed class renews the original class certification motion pursuant to which Paul Gambal would serve as class representative. Counsel notes that Mr. Gambal and his clients have sold all of their shares of Gibson Greetings, Inc. stock, thereby eliminating the conflict of interest perceived by Judge Rubin in denying that motion. Finally, counsel for the proposed class asks this Court to certify certain questions related to class certification to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1292. All Defendants have submitted their memoranda opposing the motions of the proposed plaintiff class. Defendants Gibson Greetings, Inc. and Flaherty have also moved for leave to file two recent decisions from this District as supplemental authority in opposition to the motion for reconsideration.

All Defendants move the Court to dismiss this action for want of subject matter jurisdiction. Defendants contend that they have tendered judgment in the amount of the largest possible award of damages to the individual plaintiffs in this action. They further contend that, inasmuch as class certification has been

denied, their tender eliminates any controversy from this action. Accordingly, they contend that the constitutional requirements for this Court's exercise of jurisdiction are no longer satisfied.

2. <u>The Motion for Reconsideration</u>

The proposed plaintiff class seeks reconsideration of the Court's April 1, 1996 Memorandum and Order on the ground that the Court's decision on class certification was "in error as both a matter of law and fact." Memorandum in support of motion for reconsideration, p. 2. The Court assumes that the motion is made pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A party's disagreement with the Court's resolution of issues presented to it is not a ground for relief pursuant to Rule 60; although, such a disagreement is the obvious basis for the instant motion. Accordingly, the Court DENIES the motion for reconsideration as not properly asserted pursuant to Rule 60.

Even were the Court to conclude that the motion was proper under Rule 60(b)(6), the motion would be denied. Counsel

5

for the proposed plaintiff class asserts that this Court's factual findings are erroneous, but he has not identified a single statement of fact by the Court that is in any material respect incorrect. Moreover, while counsel clearly disagrees with this Court's application of the adequacy of representation requirement of Rule 23(a)(4), counsel has not identified any error that convinces the Court that its decision was incorrect. Accordingly, even were the Court to reconsider its April 1, 1996 decision, the outcome would not be changed.

3. The Renewed Motion to Certify a Class

Counsel for the proposed plaintiff class also renews the earlier motion to certify a class with Paul Gambal as class representative. Counsel contends, and the Court accepts, that the apparent conflict of interest that led Judge Rubin to deny the original motion has been eliminated. The Court will, therefore, consider the motion anew.

In its April 1, 1996 Memorandum and Order, the Court observed that the numerosity and commonality requirements of Rule 23(a)(1) and (2) were satisfied with respect to the proposed plaintiff class. Memorandum and Order, pp. 5-7. In the context of the renewed motion to certify a class with Paul Gambal as class representative, the Court must consider whether the typicality and adequacy of representation requirements of Rule 23(a)(3) and (4) are satisfied and whether a class may be certified pursuant to Rule 23(b)(3).

In opposition to the original motion to certify, Defendants and third-party Defendant Arthur Andersen & Co. argued that Mr. Gambal's claims were not typical of those of the other members of the proposed class because, as a sophisticated investor, Mr. Gambal could not demonstrate reliance upon the alleged misrepresentation. This Court addressed that argument in its April 1, 1996 Memorandum and Order:

> Defendants challenge Nancy Gambal's ability to satisfy the typicality requirement on a second ground, that Paul Gambal did not rely upon Defendants' alleged misrepresentations in purchasing Gibson common stock on Nancy Gambal's behalf. The Court may not consider the merits of the parties' positions at this stage of the litigation. The Court observes, however, that Nancy Gambal has alleged reliance and that Paul Gambal has testified that he did, in fact, rely upon information from Standard & Poor in making the purchase. Paul Gambal Deposition, p.55.
>
> A plaintiff in a securities fraud action is entitled to the presumption that she relied on the information available through the market, including the alleged misrepresentations of the defendant, in reaching her decision to trade securities. Basic, Inc. [v. Levinson], 108 S. Ct. at 991-92. Any showing that severs the link between the alleged misrepresentations and the price paid by the plaintiff or her decision to trade will be sufficient to rebut the presumption of reliance on the alleged misrepresentations. Id. at 978.
>
> The Court is not persuaded that Paul Gambal's reliance on information from Standard & Poor severs the link between Defendants' alleged misrepresentations and Nancy Gambal's purchase of Gibson common stock. "To the extent that . . . [plaintiff] relied on a document such as Standard & Poor that summarizes information available on the open market and makes recommendations, defendants cannot claim that

7

> this information is extraneous to the market."
> <u>Rolex Employees Retirement Trust v. Mentor Graphics Corporation</u>, 136 F.R.D. 658, 665 (D. Ore. 1991). Accordingly, the Court's conclusion that Nancy Gambal's claims are typical of those of the members of the proposed class is unaltered by Defendants' assertions concerning reliance.

Memorandum and Order, pp. 10-11. The Court's conclusions apply equally, of course, to Paul Gambal as a class representative.

The adequacy of representation concerns expressed by Judge Rubin and by this Court in its April 1, 1996 Memorandum and Order have also been remedied. Mr. Gambal no longer suffers from the conflict of interest identified by Judge Rubin. This Court's concerns about Nancy Gambal's stake in this litigation as it relates to the costs of the litigation are not present with respect to Paul Gambal.

Defendants have raised one additional argument in opposition to Mr. Gambal as a class representative, and that argument has not yet been addressed by either Judge Rubin or this Court. Defendants contend that Mr. Gambal is not an adequate class representative because he purchased Gibson Greetings, Inc. stock immediately after the announcement of the overstatement of inventory that led to the drop in the price of that stock. Defendants contend that that purchase subjects Mr. Gambal's claim to defenses that may not be asserted against the claims of other members of the proposed class.

Defendants have not identified the defenses to Mr. Gambal's claims that would arise from his purchase of Gibson

Greetings, Inc. stock after the announcement of the inventory overstatement. Some of the cases cited by Defendants stand for the proposition that purchase after the revelatory announcement subjects a plaintiff's claim to a defense that the alleged misrepresentation was not material. See Koenig v. Benson, 117 F.R.D. 330, 336 (E.D. N.Y. 1987); Greenspan v. Brassler, 78 F.R.D. 130, 132 (S.D. N.Y. 1978). This Court is not at all convinced that post-revelation purchases are evidence that prior misrepresentations were not material. Materiality is judged by an objective standard. See Kronfeld v. Trans World Airlines, Inc., 104 F.R.D. 50, 54 n.4 (S.D. N.Y. 1984)(citing Affiliated Ute Citizens v. United States, 406 U.S. 153-54 (1972)). The Court cannot conceive of another defense to which Mr. Gambal's claims would be subject as a result of his post-revelation purchases of Gibson Greetings, Inc. stock. Accordingly, the Court is unpersuaded by Defendants' arguments that Mr. Gambal is disqualified as class representative due to unique defenses.

Having concluded that the four prerequisites of Rule 23(a) are satisfied, the Court must determine whether the proposed class may be certified pursuant to Rule 23(b)(3). That Rule provides that a class may be certified if the requirements of Rule 23(a) are satisfied and

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting individual members, and that a class action is superior to other available methods of fair and efficient adjudication of the controversy.

9

The Court has previously concluded that common questions of law and fact predominate in this matter. In light of the relatively small stakes of a number of the members of the proposed class, the Court concludes that a class action is superior to other available methods of adjudication. Accordingly, the Court concludes that certification is appropriate under Rule 23(b)(3).

While this Court continues to be concerned about the apparent practice by lawyers of filing class action suits for the potential gains to themselves and using the named representatives as a means to those gains, the Court cannot deny class certification when the prerequisites of Rule 23(a) and (b) are satisfied. The Court concludes that those prerequisites are satisfied with respect to Paul Gambal and the proposed plaintiff class. Accordingly, the renewed motion of the proposed plaintiff class to certify a class with Paul Gambal as class representative is hereby **GRANTED**. The plaintiff class consists of all persons and entities who purchased the common stock of Gibson Greetings, Inc. between November 3, 1993 and June 30, 1994, excluding the Defendants, members of their immediate families, any entities in which any Defendant has a controlling interest, and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any Defendant.

4. Conclusion

For the foregoing reasons, the motion of the proposed plaintiff class for reconsideration of this Court's April 1, 1996

Memorandum and Order (Doc. 53) is hereby DENIED. The renewed motion of the proposed plaintiff class for class certification with Paul Gambal as class representative (Doc. 53) is hereby GRANTED. The motion of the proposed plaintiff class for certification of a question to the United States Court of Appeals for the Sixth Circuit (Doc. 53) is MOOT. The Motions of Defendants Gibson Greetings, Inc., Flaherty, Sottile, and Pietrangelo to dismiss for want of subject matter jurisdiction (Docs. 60, 62, and 63) are MOOT. The Motion of Defendants Gibson Greetings, Inc. and Flaherty for leave to file supplemental authority in opposition to the proposed plaintiff class' motion for reconsideration (Doc. 67) is MOOT. The schedule established by the Court in its April 1, 1996 Memorandum and Order is hereby VACATED. The Court DIRECTS the Clerk to schedule a status conference before the United States Magistrate Judge at which a new schedule may be established.

IT IS SO ORDERED.

Sandra S. Beckwith
United States District Judge