UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER W. THIEMANN, ET AL. ) | Case No. C-1-00-793-SSB-TSH |
| ) | |
| Plaintiffs,  ) | Judge Beckwith |
| ) | Magistrate Judge Hogan |
| -v-  ) | |
| ) | **DEFENDANTS KEATING, MUETHING** |
| OHSL FINANCIAL CORPORATION, ET AL. ) | **& KLEKAMP, P.L.L.  AND MARK** |
| ) | **WEISS' MEMORANDUM IN** |
| Defendants.  ) | **OPPOSITION TO PLAINTIFFS'** |
| ) | **MOTION FOR CLASS** |
| ) | **CERTIFICATION** |

Newly named defendants Keating, Muething & Klekamp, P.L.L. ("KMK") and Mark Weiss (a partner at KMK) ("Weiss") submit this memorandum in opposition to Plaintiffs' December 31, 2003 renewed Motion for Class Certification. (Doc. No. 233).

KMK and Weiss were added as named defendants in this litigation in the Plaintiffs' Consolidated and Amended Class Action Complaint (Doc. No. 234) ("second amended complaint") filed on December 31, 2003. KMK and Weiss have not been formally served with the second amended complaint, and therefore have not formally appeared as defendants in this litigation much less answered or responded to the claims asserted against them. KMK and Weiss reserve all rights to seek dismissal of the second amended complaint for lack of proper service and other grounds. Given the peculiar and unique history of this case, however, and out of an abundance of caution, KMK and Weiss submit this opposition memorandum prior to being properly served with the second amended complaint.

Preserving the time and resources of the Court, KMK and Weiss adopt and incorporate by reference the opposition memoranda filed by other Defendants. None of the legal and factual

problems identified by the Court in its December 15, 2003 Order Vacating Class Certification (Doc. No. 227) are resolved by Plaintiffs' second amended complaint and the renewed motion for class certification. For the reasons identified by the Court in its December 15, 2003 Order, and the reasons identified by the other Defendants in their opposition memoranda, Plaintiffs' renewed Motion for Class Certification should be denied.[1]

KMK and Weiss also respectfully reserve the right to seek leave of Court and submit a supplemental opposition memorandum at the close of class discovery. Pursuant to the Court's November 19, 2003 Scheduling Order (Doc. No. 221), class discovery is to be conducted through June 30, 2004. KMK and Weiss should be properly served, allowed to respond to the second amended complaint, if necessary, participate in class discovery, and oppose the motion for class certification after class discovery is concluded.

Moreover, KMK and Weiss also respectfully request that the Court delay consideration of Plaintiffs' Motion for Class Certification until after the Court considers their motion to dismiss, which they expect to file in the near future (within the appropriate time following service). The Court is well aware of Plaintiffs and Plaintiffs counsel's "quest to bring KMK into the case" (Doc. No. 227 at 11). KMK and Weiss should not be defendants in this case; the claims supposedly alleged against them are legally and factually deficient and they are entitled to judgment as a matter of law. Their motion to dismiss will address these arguments, and they

---

[1] It is also unclear what claims Plaintiffs are seeking class certification against KMK and Weiss. Plaintiffs are asserting a Section 11 (15 U.S.C. § 77k) claim (Count I), a Rule 10b-5 claim (Count V), and Ohio statutory and common law claims (Counts VII, VIII, and X). Plaintiffs' motion, however, seeks certification "on all claims as to all defendants." *Plaintiffs' Memorandum at 1*. However, the Securities Litigation Uniform Standards Act of 1988, 15 U.S.C. § 77p(b), prohibits certification of classes based on the statutory or common law of any state when the complaint also alleges misrepresentations in connection with the sale or purchase of securities. Plaintiffs are therefore legally prohibited from seeking class certification of Counts VII, VIII, and X of the second amended complaint.

should be dismissed from the litigation before the Court even addresses the class certification issue.

KMK and Weiss therefore respectfully request that the Court deny Plaintiffs' December 31, 2003 renewed motion for class certification. Alternatively, KMK and Weiss respectfully request that the Court allow KMK and Weiss to file a supplemental opposition memorandum two weeks after the conclusion of class discovery, and delay consideration of the Plaintiff's renewed motion until after the Court: (a) considers and rules upon KMK and Weiss' motion to dismiss; and (b) class discovery is completed and all issues "can be fully analyzed with input from all parties." (Doc. No. 227 at 12.).

Respectfully submitted,

/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio  45202
Tel:  513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
Attorneys for Defendants,
Mark Weiss and Keating, Muething & Klekamp, P.L.L.

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2004, I electronically filed the foregoing Memorandum in Opposition to Plaintiffs' Motion for Class Certification with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 21st day of January, 2004.

Michael G. Brautigam
Gene Irving Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
Attorney for the Plaintiff

Stephen J. Brogan
Melissa D. Stear
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
Attorney for Defendant Ernst & Young

/s/ Thomas W. Breidenstein
Thomas W. Breidenstein