UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | : | Case No. C-1-00-793 |
| | : | Judge Sandra S. Beckwith |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | **Oral Argument Requested** |
| OHSL Financial Corporation, et al. | : | |
| Defendants. | : | |

### REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Plaintiffs respectfully submit this reply brief in further support of their Motion for Leave to Submit Motion for Reconsideration (Doc. No. 230). Although the opposition to the motion for leave attacks the filing on vague procedural grounds, what is telling is that there is no challenge to the facts asserted and supported by affidavit and citations to the record—nor can there be. The silence is deafening, and the lack of rebuttal evidence can only be seen as an admission of the truth of the facts and evidence submitted by plaintiffs. If the defendants disagreed with the corrections asserted by the plaintiffs, they could have submitted affidavits in opposition, since clearly they are in a position to. A fair reading of the defendants' opposition papers indicates a clear understanding of the

1

mistakes pointed out by plaintiffs in the District Court's Order granting reconsideration (Doc. No. 227).

## II.  ARGUMENT

### 1. The Filing is Procedurally Proper

Mistakes has been made by the District Court. The motion for leave to submit a motion for reconsideration simply attempts to set the record straight, and with sworn affidavits, offers evidence that the mistakes have been made. These affidavits are now unresponded to in the record. They are unresponded to because they accurately and completely set the record straight.

Instead of responding to the evidence presented to which they have no response, the OHSL and Provident defendants engage in a familiar pattern. First, they attack plaintiffs and their counsel for what they describe as "this latest abuse of the motion process" (Opposition at 1), although the support for this conclusory attack is non-existent.

In its Order granting reconsideration of the class certification Order, the District Court corrected what it believed to be an error through the vehicle of a motion for reconsideration. Now that errors by the District Court have been identified and corrected in the record, certain defendants wish that the filing not be considered, stating:

> Even if such inferences were made or were improper, the use of a motion for reconsideration is an inappropriate vehicle.

Opposition at 2.

But the OHSL and Provident defendants, who have had their motion for reconsideration granted, do not suggest why a motion for reconsideration is an

2

"inappropriate vehicle," nor do they suggest what an appropriate vehicle might be to correct—or at least bring to the Court's attention—these serious errors, preferring to use innuendos and outright lack of civility to urge the Court to ignore the substance of the case. There must be some mechanism to correct fundamental if inadvertent mistakes, and a motion for reconsideration seems a logical choice.

The reason that the OHSL and Provident defendants do not suggest an appropriate mechanism to challenge the mistakes in the Order is that they are content with the status quo. From the defendants' standpoint the best class is no class, and they are happy to have plaintiffs climb the same mountain again, hoping against hope that they will slip and fall.

Of course the irony is that the motion for reconsideration that decertified the class was based on what the OHSL and Provident defendants claimed was a mistake, to wit, that the OHSL and Provident defendants were forced to respond to plaintiffs' class certification brief before they had an adequate opportunity to take appropriate discovery. And while plaintiffs dispute that this was in fact the case, there is no doubt that the OHSL and Provident defendants claimed that this was a mistake and the Court accepted, at least in part, this theory. Incredibly, and adding to the ironic or perhaps farcical aspects of the case, Magistrate Judge Hogan's Scheduling Order (Doc. No. 221) sets the stage for exactly this situation to repeat itself. Indeed Magistrate Judge Hogan realized this at the time he issued the Order and re-affirmed the Order in Doc. No. 240, which demands that the defendants respond to the motion for class certification within the requirements of the local rules. Since that Order explicitly invites the defendants to file a motion for leave to supplement the record, and permits defendants to take plaintiffs' depositions at

defendants' leisure while relegating plaintiff to affidavit evidence, this Order is indeed a recipe for disaster.

### 2. The Motion for Reconsideration is Not Moot

The OHSL and Provident defendants argue that the motion for reconsideration is mooted by the filing of the Consolidated Amended Complaint, and that plaintiffs have not been harmed by the granting of the motion for reconsideration. These arguments are silly. As the Court pointed out in its 20 October 2003 disqualification Order (Doc. No. 215), the plaintiffs would have to file a new motion for class certification against new defendants, which would then be reviewed under the normal procedures for class certification motions. The Order granting reconsideration now forces plaintiffs to re-take old ground, is wasteful, is not consistent with the logical presentation of issues at trial, and is not consistent with the concept that class certifications decisions be made as soon as practicable[1]. Since the motion for class certification was filed on in January 2001 (Doc. No. 27) it is hardly condusive to the efficient administration of justice for the exact same issue to be relitigated three years later with a trial date of May, 2005, an argument that has significantly greater force when the perceived need to relitigate these issues is based on fundamental mistakes.

---

[1] There can be no doubt that the requirement of a new motion for class certification against all defendants is duplicative and wasteful. Indeed, the defendants have pointed out the similarities to the new motion to the original motion, and the plaintiffs will surely point out the similarities in arguments that have been made and rejected. For example, in their opposition brief, the defendants have the audacity to, once again, argue numerosity, truly confusing the ridiculous with the sublime.

4

### 3. There is No Case Law Directly or Indirectly on Point With This Unusual Situation

Plaintiffs have been unable to find any case law that is directly or indirectly on point. The OHSL and Provident defendants were similarly able to find any case law that was remotely on point, but instead have littered their brief with references to cases that have nothing to do with the issue before the Court, which can essentially be summarized as follows: if the District Court grants a motion for reconsideration because of a series of mistakes, is it appropriate for the victimized party to file a motion for leave to file a motion for reconsideration to correct these mistakes? The answer can only be in the affirmative, since fundamental justice and the inordinate delays in discovery and trial dates requires that mistakes be corrected.

Once again, the arguments made by the OHSL and the Provident defendants are make-weight, as they have nothing to do with the issue before the Court. The arguments and cases confuse apples with oranges. It seems hard to believe that the defendants can make the argument, with a straight face, that the disappearance of a certified class against the vast majority of the defendants is harmless; nor can they argue that plaintiffs affirmatively "chose" to file a new motion for class certification at the same time they filed the Consolidated Amended Complaint ("CAC"). Instead, both the filing of the CAC and the new motion for class certification were filed in compliance with the Orders of the District Court as reflected in the Scheduling Order issued by the Magistrate Judge; plaintiffs would have been content to stand on the Second Amended Complaint and to

merely file a new motion for class certification against the new defendants, as the 20 October 2003 disqualification Order (Doc. No. 215) directed plaintiffs to do[2].

### 4. There Can Be No Doubt that the Reconsideration and Decertification of the Class Was Based on Fundamental Mistakes

The Order Reconsidering and Decertifying the class was based on fundamental mistakes and an inability to distinguish the nature and character of reliance in the 1934 Securities Exchange Act and the 1933 Securities Act, as well as the dichotomy of direct, face-to-face securities fraud in an omissions case as at bar, contrasted with open-market, impersonal fraud on the market cases. *See, Affiliated Ute v. U.S.* 406 U.S. at 153-154 (1972), and *Rubin v. Schottenstein, Zox & Dunn*, 143 F. 3d 263 (Sixth Circuit, *en banc*, 1998) wherein the proved loss from the subject transaction (OHSL-Provident merger) equate materiality and subsume RELIANCE. The OHSL and Provident defendants essentially concede these mistakes, but argue that they are of no moment. About the only thing that the defendants get right are the five points summarized in footnote 3 on pages 1 and 2, that shows that the plaintiffs have addressed every point in the Order that they

---

[2] As has been repeatedly pointed out but regrettably needs to be pointed out again, the plaintiffs and their counsel have scrupulously complied with both the letter and spirit of all of the Court's Orders, have never deviated from compliance with the Court's Orders, and of course, will continue to do so. It is simply outrageous that the defendants continually attempt to find fault with plaintiffs and their counsel for compliance with the Court's Orders. For example, the opposition brief factually states that the opening brief was filed on 29 December 2003. The opposition then goes on to state:

> Two days later, however, on December 31, 2003, Plaintiff filed a new complaint, the CAC and his motion to certify the CAC as a class action. (Opposition at 3).

Of course, the Scheduling Order required that both documents be filed on or before that date. This is yet another example where certain defendants repeatedly attempt to fault plaintiffs and their counsel for compliance with Court Orders.

6

respectfully request be reconsidered. If the Court decides to reconsider this earlier reconsideration and decertification, the plaintiffs respectfully suggest that the Court will reach a different result, since it will have the true facts before it. The true facts can only lead to appropriate conclusions as set forth in plaintiffs' opening brief.

## III. CONCLUSION

For the foregoing reasons as well as those submitted in the opening brief (Doc. No. 230), plaintiffs respectfully request that the motion for leave to submit motion for reconsideration be granted.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated: 22 January 2004

By: _____
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513 221 8800 telephone
513 221 1097 fax

7

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the foregoing Reply Brief in Further Support of Motion for Leave to File Motion for Reconsideration was served on this, the 22nd day of January, 2004.

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202-3752

J. Michael Debbeler
John B. Pinney, Esq.
Graydon, Head & Ritchey
511 Walnut Street, Suite 1900
Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45202-3157

Michael R. Barrett
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, OH 45202

**BY U.S. MAIL**

John W. Hust
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH 45249

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

_____
Stephanie A. Hite