FILED
JAMES BONINI
CLERK

04 JAN 23 PM 2:34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of Himself and all others similarly situated : : : Plaintiff : v. : OHSL Financial Corporation, (OHSL) et al. : Defendants : | Case No. C-1-00-793 Judge Sandra S. Beckwith Magistrate Judge Timothy Hogan (Class Action) |

\*\*       \*\*       \*\*       \*\*       \*\*

## OBJECTION TO ORDER (DOC. NO. 240)

**INTRODUCTION**

Plaintiffs respectfully submit this objection to Magistrate Judge Hogan's Order, (Doc. No. 240) because certain parts of the Order are clearly erroneous and contrary to law. Plaintiffs wish to make clear that they object only to certain parts of the Order and respectfully request that the District Court issue guidance on how the plaintiffs should proceed with respect to the portions of the Order objected to.

**ARGUMENT**

    1. **The Meier Depositions**

The Order objected to has three parts. The first part of the Order briefly sets out the position of the parties and indicates "Defendants are unanimous in their request that Meyer's [sic Meier] deposition be delayed [sic] they wish to depose him." (Order at 1) Plaintiffs object to Magistrate Judge Hogan's complete failure to recognize that it is plaintiffs, not defendants, who need to provide evidence in support of their motion for

1

class certification, and simply cannot fathom why the plaintiffs are prevented from seeking evidence to support their motion within the time frame established by the Court. Although the Order does invite plaintiffs to submit an affidavit, Magistrate Judge Hogan does not explain his reasoning behind such a truly novel approach and merely suggests that it is due to the unanimous opposition of the defendants. The Order then goes on to cancel the depositions of Gary Meier as follows:

> The Court sees no reason to force Defendants to take a premature deposition of Mr. Meyer [sic Meier], who is free to file an affidavit. The Meyer [sic Meier] deposition noticed for Monday, January 19, 2004, shall be cancelled[1].

Order at 1.

The force and effect of Magistrate Judge Hogan's Order is to prevent the plaintiffs from taking appropriate discovery to support their motion for class certification within the class discovery deadline of June 30, 2004 set by the Court. Plaintiffs simply do not understand why the taking of appropriate evidence within the specific parameters set by the Court is somehow inappropriate or "premature," or a "novel move[2]." It is without doubt that the effect of the Order prejudices plaintiffs. Plaintiffs are prevented from following the normal discovery process; defendants are presumably free to notice the Meier depositions whenever they feel like it, although the depositions unilaterally cancelled by Magistrate Judge Hogan were arranged with considerable thought and lead

---

[1] Magistrate Judge Hogan was apparently unaware that the deposition of proposed class representative Lisa Meier was also scheduled for the same date and time.

[2] For reasons that the plaintiffs do not understand, the Court seems to believe that the obtaining of evidence from appropriate fact witnesses in support of a motion that the District Court ordered be brought during the established period for class discovery is "such a novel move." As the Court knows, the plaintiffs have the burden of establishing the appropriateness of class certification. Magistrate Judge Hogan's Order expressly limits the plaintiffs to affidavits of the Meiers—without explanation or justification. This is certainly clear error and contrary to law.

2

time with respect to both Gary and Lisa Meier. Ironically, these depositions were scheduled so that the Meier testimony would be able to be incorporated into appropriate filings within the time permitted by the Scheduling Order. That opportunity is now gone.

Additionally, the Order provides no guidance as to when and under what circumstances it would be appropriate for the defendants to take Mr. Meyer's deposition. The Order seems to prohibit the plaintiffs from taking the depositions of the Meiers, seemingly limiting plaintiffs to an affidavit. Presumably the depositions should be taken during the period established for class discovery, but the Order objected to does not indicate how or why the deposition is premature.

What the Order does—and what the defendants apparently want—is a repeat of the procedures that caused such chaos and confusion with respect to the previous class certification order (Doc. No. 50), which the District Court later concluded had been improvidently granted, in large part because the defendants claimed not to have had the opportunity to take the deposition of lead plaintiff Walter W. Thiemann in time to submit an appropriate response. This Order specifically allows for and indeed invites history to repeat itself, since the third part of the Order essentially encourages the defendants to submit supplemental briefing on the class certification issue, presumably something the District Court meant to avoid.

The defendants have known since November 4, 2003 that this schedule would be set in place and, in what appears to be a strategic decision, have taken no action whatsoever to obtain the depositions of the Meiers. The deadlines, including the deadline for opposing class certification, established at a November 4, 2003 conference were formalized in a November 18, 2003 Order, (Doc. No. 221) were not objected to by the

defendants. Indeed, the defendants, in an attempt to mislead the Court, have taken diametrically opposed positions, telling the District Court that the Order plaintiffs objected to is not in need of any modifications, and then, behind the back of the District Court, telling Magistrate Judge Hogan that the Order is, indeed, flawed and does need modification[3]. Documents 226 and 228 simply cannot be reconciled with Doc. No. 239, the Joint Position Paper of all Defendants, which specifically requests that the Scheduling Order (Doc. No. 221) be significantly modified.

Having chosen the path of no action, Defendants now request—and have been granted-- a special dispensation to submit supplemental materials because they will no doubt claim that their opposition to class certification was premature and could not include key evidence because of the scheduling chaos created by Magistrate Judge Hogan's Scheduling Order. What they will not say is that they had known that this was the schedule for months, were comfortable with the scheduling order, vehemently opposed the plaintiffs objection to it by repeatedly stating that it did not need to be

---

[3] The transcript of the 16 January 2004 telephonic status conference in which the defendants "unanimously" opposed the depositions of the Meiers and compliance with the existing schedule is not available as of the time of this filing, but will be included with the reply brief. In summary, however, the defendants states in their opposition to plaintiffs' objection to the Scheduling Order:
> Absolutely no part of Magistrate Judge Hogan's Scheduling Order is either clearly erroneous or contrary to law so as to warrant that it be modified or set aside.

(Doc. No. 226, Opposition at 1)

The document goes on to repeat the substance of the above quote throughout the brief, for example, with this sub-heading:
> **A. The Scheduling Order Reflects the Understanding of The Parties and Contains No Obvious Error.**

(Opposition at 3)
It is indeed curious that the defendants make these arguments before the District Court, and of course fault plaintiffs' counsel for the objection, when they argue the very opposite to Magistrate Judge Hogan.

4

modified in any way. Yet once they understood that they would be expected to comply with it, their tone changed, and behind the back of the District Court, where they had taken a diametrically opposed position, implored the Magistrate Judge to modify the Order, even though it was understood that the Order would not be changed.

## 2. The Brinker Deposition

Plaintiffs wish to make clear that they have absolutely no objection to—and indeed welcome—Magistrate Judge Hogan's decision to preside over the deposition of Mr. Brinker due to his special needs. The Order objected to in part has now been supplemented with instructions to the parties to schedule the Brinker deposition and the terms and conditions on where and when it may be held. Plaintiffs specifically wish to thank the Court for this intervention. Although negotiations on scheduling are underway, no firm date has yet been set nor have adequate reasons been given to explain this delay.

## 3. The Timing of the Response to the Motion for Class Certification

Plaintiffs do not object to the Order to the extent that it requires the Defendants to comply with the normal rules for a response to a motion, which plaintiffs had argued and believed was the case all along—a position with which Magistrate Judge Hogan agreed. Plaintiffs do, however, object to the Order as reflected in the following language:

> Nothing in the Scheduling Order prevents a supplementation if, in fact, a Motion for Leave to do so is filed, of Defendant's [sic] Memorandum in Opposition at the close of discovery in June, 2004, but Defendant's [sic] Memorandum in Opposition is nevertheless due in accordance with deadlines established by the civil rules.

Order at 2.

Plaintiffs respectfully submit that this is not condusive to the logical presentation of issues at trial, but instead is a formula for history to repeat itself with disastrous results.

The stage has now been set for an almost exact repeat of issues that the District Court has previously taken issue with, and has, in substance, rewarded months of inaction on the part of the defendants[4]. In other words, Magistrate Judge Hogan has indicated his approval at the strategy of not taking discovery during the established time period to respond to the motion for class certification, so an "incomplete" record could thus be "supplemented" after the close of class discovery. Plaintiffs do not believe that this result was the intent of the District Court, who directed Magistrate Judge Hogan to establish a schedule that would not be changed, to invite a significant change in the schedule with a motion for leave to supplement the record. If the Defendants choose to oppose class certification, they should have a full and fair opportunity to do so, but they should have only one opportunity, not multiple opportunities based on strategic choices. Indeed, the defendants argue this very point in their opposition to the motion for class certification, just as they made exactly the same point in their earlier opposition to the motion for class certification, which resulted in procedural confusion that has lasted for years and is not yet entirely corrected. The Order objected to in part does nothing to remedy the situation, but sets the stage for additional chaos.

---

[4] Although lead plaintiff Walter Thiemann is not the subject of the Order objected to, the logic of the Order presumably limits the plaintiffs to supplying only affidavit evidence, while the defendants are presumably free to re-depose Mr. Thiemann at leisure. This harms plaintiffs, who have the burden of establishing the elements of class certification.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully submit that certain parts of the Order be set aside, and that the District Court issue appropriate guidance on how class discovery should proceed, so as not to repeat the same errors of several years ago.

Dated: 23 January 2004                Respectfully submitted,

/s/ Michael G. Brautigam
Gene Mesh (OH Bar #0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219–2502
(513) 221-8800
(513) 221-1097 Facsimile

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of January 2004 a true and correct copy of the Objection to Order (Doc. No 240) was served as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

J. Michael Debbler, Esq.
John B. Pinney, Esq.
GRAYDON HEAD & RITCHEY
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45201-6464

Michael R. Barrett, Esq.
BARRETT & WEBER
500 Fourth & Walnut Center
105 East Fourth Street
Cincinnati, Ohio 45202-4015


**and BY U. S. MAIL**
John W. Hurst, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

                                                            **Michael G. Brautigam**