## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN** | ) | **Case No. C-1-00-793** |
| | ) | |
| **Plaintiff,** | ) | **(Judge Sandra S. Beckwith)** |
| | ) | **(Magistrate Judge Timothy S. Hogan)** |
| **-v-** | ) | |
| | ) | |
| **OHSL FINANCIAL CORP.,** *et. al*. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT ERNST & YOUNG'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON CLASS CERTIFICATION FOLLOWING THE CLOSE OF CLASS DISCOVERY

Newly added defendant Ernst & Young ("E&Y") submits this memorandum in opposition to Plaintiffs' December 31, 2003 Motion for Class Certification (Doc. No. 233). E&Y requests that the Court defer its decision on Plaintiffs' motion until after class discovery has been completed and that the Court grant all Defendants leave to file supplemental memoranda on class issues no later than July 15, 2004. These supplemental memoranda will include information that is revealed in class discovery, which is scheduled to close on June 30, 2004.

Should the Court prefer to rule on Plaintiffs' motion at this time, it should deny Plaintiffs' latest effort to certify a class. For the reasons stated below, and in the memoranda filed by the Provident and OHSL Defendants, the record at this time does not support class certification. Plaintiffs have not met their burden, established by Fed. R. Civ. P. 23, to show that the claims of the putative class that they would represent are susceptible to class treatment.

I.     **FACTS**

*Decertification of Prior Thiemann Class:*   On September 14, 2001, the Court granted Plaintiffs' first motion for class certification.  The September 14, 2001 ruling led to voluminous briefing on Defendants' motions to reconsider class certification and to decertify, and ultimately wound full-circle to the Court's recent Order vacating class certification.  On December 15, 2003, the Court vacated the September 2001 ruling, noting that, in hindsight, class certification had been improvidently granted because certification briefing was completed and the issue was ruled upon "on an incomplete and undeveloped record."  Dec. 15, 2003 Order, (Doc. 227) at 6. On December 29, 2003, two days before filing their motion for class certification per the Court's schedule, Plaintiffs requested that the Court reconsider its decertification of the *Thiemann* class, arguing that the court had erred in its legal and factual findings.

*Class Certification Record:*   In support of Plaintiffs' Motion to Reconsider the Court's December 15, 2003 Order, Plaintiff Thiemann submitted an affidavit stating that he did rely on the allegedly misleading misstatements contained in the proxy materials at issue and would have voted against the OHSL/Provident merger had the "true facts" been revealed to him.  Thiemann Aff. at 1-3.  In support of their motion for class certification, Plaintiffs offered the affidavit of Gary Meier, representative of the putative class.  Mr. Meier's affidavit states that he voted against the OHSL/Provident Merger.  Meier Aff. at 1.  Mr. Meier also asserts that he has produced documents, met with counsel repeatedly, and will fairly and adequately represent the class.  *Id.* at 2.  Although Lisa Meier also is a named plaintiff and putative class representative, Plaintiffs did not provide an affidavit from her in support of their motion.

*Discovery Schedule:*   As a newly added defendant, E&Y has not had the opportunity to take class discovery of any the *Thiemann* or *Meier* class representatives.  Pursuant to the Court's

Scheduling Order, E&Y's motion to dismiss is to be filed on January 30, 2004 and decided no later than April 30, 2004. Until this motion is ruled upon, discovery and all other proceedings are stayed as to E&Y under the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4(b)(3)(B). The Scheduling Order provides that class discovery may be taken up until June 30, 2004, long after initial briefing on class certification will have been completed.

## II.    ARGUMENT

### A.    Orderly Resolution of Class Issues Dictates that Plaintiffs' Motion Should be Decided after the Close of Class Discovery.

In addition to the Court's concern that the parties' and the Court's resources be used in a manner that facilitates the just, speedy, and inexpensive resolution of this matter, the Court's December 15, 2003 Order expressed concern that future class briefing be conducted in a streamlined manner, with input from all parties. *See* Dec. 15, 2003 Order, (Doc. 227) at 10. Deciding class certification before the relevant discovery is complete would only thwart this goal. Indeed, it was just this procedural posture that led to the improvident certification of the *Thiemann* class in 2001 -- class motions were filed and opposed during the discovery stay mandated by the PSLRA, without benefit of discovery on class issues. *See* Dec. 15, 2003 Order, (Doc. 227) at 2 (recalling that the Provident and OHSL Defendants, in their original opposition to class certification, had noted that they were unable to address either the commonality or typicality requirements of Rule 23 because discovery had been stayed, and thus reserved the right to supplement the record as class discovery progressed). Furthermore, the resolution of the newly added parties' motions to dismiss, which are due to be filed on January 30, 2004, may eliminate parties and claims from this action, which may affect any class and subclasses that might properly be certified. The orderly resolution of class issues in a manner that makes most

efficient use of the parties' and the Court's resources mandates that the Court's class certification decision should only be made after the close of class discovery.

A complete record on class issues is a prerequisite to the proper disposition of Plaintiffs' motion for certification. The recent amendments to Fed. R. Civ. P 23(c)(1)(A) only underscore this conclusion. While the prior language of Rule 23 had dictated that a court should determine whether a class should be maintained "as soon as practicable," the Civil Rules Advisory Committee, in its Notes to the 2003 amendment, observed that this "exaction neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision. . . . Time may be needed to gather information necessary to make the certification decision." Advisory Committee Notes, Fed. R. Civ. P. 23, (2003); s*ee also Excerpt from the Report of the Judicial Conference Committee on Rules of Practice and Procedure*, ("Judicial Conference Committee Report") at 3-4, available at http://www.uscourts.gov/ rules/supct1202/ExcerptCV.pdf (attached as Ex. 1) (noting that Rule 23(c)(1)(A)'s "emphasis on dispatch in making the certification decision has, in some instances, led courts to believe that they are overly constrained in the period before certification. A certain amount of discovery may be appropriate during this period to illuminate issues bearing on certification . . . ."). The amendments to Fed. R. Civ. P. 23 (c)(1)(A), which took effect on December 1, 2003, require only that the Court rule on class certification at "an early practicable time," and E&Y respectfully suggests that even with a July 15, 2004 deadline to file E&Y's supplemental papers, the Court would be able to meet its obligations under this standard.

**B.    In the Alternative, on the Current Record, Class Certification Should be Denied**

Should the Court choose to address class certification issues before the close of class discovery, it should deny Plaintiffs' motion. Plaintiffs have the burden of proving that class

treatment is appropriate in this case. *See In re American Med. Systs. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The record to date, however, reveals that the class that Plaintiffs purport to represent would not meet the requirements of Fed. R. Civ. P. 23. Individual issues will predominate over common ones, the putative representatives are inadequate, and their claims are not typical of the class that they purport to represent. Lastly, the conduct and bar admission status of the class's sole lawyer calls into question the adequacy of the class's chosen counsel. Thus, Plaintiffs' assertion that class treatment of securities fraud claims is uniformly favored, *see* Pls' Mem. In Support of Mot. for Class Certification (Doc. 233) at 2, is not only untrue as a general matter, it is demonstrably false as it relates to this case specifically.

As the Court itself has noted, the facts currently of record cast doubt on the suitability of this case for class treatment. A class may be certified only when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). It is not the case, as Plaintiffs claim, that securities fraud cases are automatically suited for class treatment. Here, it appears that common issues of fact and law will not predominate. *See* Dec. 15, 203 Order (Doc. 227) at 8 (observing that proof of individual reliance may be necessary to support Plaintiffs' 10b-5 claims); *see also* Provident and OHSL Defs' Mem. in Opp. to Mot. for Class Certification at 17-20.[1] Plaintiffs themselves concede as much in characterizing the transactions at issue as "face-to-face transactions" that do not depend on the fraud-on-the-market theory. *See* Pls' Mot. for Leave to Submit Mot. for Reconsideration, Dec. 29, 2003 at 1; Mem. in Support of Mot. for Reconsideration at 2-6. Contrary to Plaintiffs' assertion that common legal and factual issues will predominate, it

---

[1] E&Y hereby adopts the arguments and authorities cited in the Provident and OHSL Defendants' Memorandum In Opposition to Plaintiffs' Motion for Class Certification at pages 17-20.

appears that Plaintiffs will be required to prove reliance on an individual, rather than class-wide, basis.

Nor do the claims of the putative class representatives appear to be typical of the putative class. While E&Y during the term of the discovery stay has not had the opportunity to explore these issues -- and expects to do so before the close of class discovery -- the Provident and OHSL defendants have explained the manifold weaknesses in Plaintiffs' aspiration to represent the class. *See* Provident and OHSL Defs' Mem. in Opp. to Mot. for Class Certification at 6-14 and authorities cited therein (noting that Mr. Thiemann is a disgruntled ex-employee who did not rely on the proxy statement and registration statement at issue, further noting that Mr. Meier voted against the merger)[2]; *see also* December 15, 2003 Order, (Doc. 227) at 7-8. This lack of typicality calls into question Plaintiffs' ability to adequately represent the absent members of the putative class. *See* NEWBERG ON CLASS ACTIONS §3:22 AT 411-412 (observing that typicality is an inherent part of adequate representation); *see also In re Gibson Greetings Sec. Litig.* 159 F.R.D. 499, 500-02 (S.D. Ohio 1994) (denying motion for class certification where putative representatives were subject to unique defenses). Because Plaintiffs' claims are not susceptible to class treatment and neither of their proffered class representatives is adequate Plaintiffs' motion should be denied.

Moreover, as this Court already noted, *see* Dec. 15, 2003 Order at 9-12, and as the Provident and OHSL Defendants have argued in more detail, *see* Provident and OHSL Defs' Mem. in Opp. to Mot. for Class Certification at 14-17, there are serious concerns about the adequacy of proposed class counsel. Although E&Y has not yet had the opportunity to explore

---

[2]     E&Y hereby adopts the arguments and authorities cited in the Provident and OHSL Defendants' Memorandum In Opposition to Plaintiffs' Motion for Class Certification at pages 6-14.

such claims through discovery, the apparent fact that Mr. Brautigam is not a member of the Ohio bar, although his law office is, and has been since 1992, located in Ohio, *see id.* at 15, may subject his conduct to scrutiny under Ohio's rules against unauthorized practice. *See* Ohio Gov. Bar. R. VI § 4((D) (stating that an attorney who is employed by or a partner in an Ohio law firm may not practice law in Ohio until admitted to the Ohio Bar); *see also* Report of the Ohio State Bar Association Special Committee on Multijurisdictional Practice, at 3, available at http://www.crossingthebar.com/OSBAMJPReport.htm (observing that if a law firm has an office in Ohio, all lawyers resident in that office must be admitted in Ohio) (attached as Ex. 2). While the court has admitted Mr. Brautigam pro hac vice, the possibility that his Ohio bar status could be scrutinized creates a risk for the class, given that, as this Court has noted, Mr. Brautigam is the primary if not virtually the sole class counsel.

IV.    **CONCLUSION**

For the foregoing reasons, E&Y respectfully requests that the Court defer its decision on Plaintiffs' motion for class certification until after class discovery has closed, and that the Court grant Defendants leave to file supplemental briefing on class certification no later that July 15, 2004, two weeks after the close of class discovery.  A proposed order is attached.  In the alternative, should the Court address Plaintiffs' motion for class certification before the close of class discovery, that motion should be denied.

Respectfully submitted,

/s/ James E. Gauch
Stephen J. Brogan
James E. Gauch (Ohio Bar # 0042161)
Mary-Helen Perry
Heather Guilette Walser
Cheryl E. Forchilli
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001
Phone:  202-879-3939
Fax: 202-626-1700
Email:  jegauch@jonesday.com

*Attorneys for Defendant Ernst & Young, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AFTER THE CLOSE OF CLASS DISCOVERY was served upon:

   Michael G. Brautigam, Esq.
   Gene Mesh & Associates
   2605 Burnet Avenue
   Cincinnati, Ohio 45219-2502
   Attorney for Plaintiff

by facsimile and ordinary U.S. mail, this 26th day of January, 2004, and upon all other counsel of record via the Court's electronic case filing system.

/s/ Mary-Helen Perry
Mary-Helen Perry

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN** | ) | **Case No. C-1-00-793** |
| | ) | |
| **Plaintiff,** | ) | **(Judge Sandra S. Beckwith)** |
| | ) | **(Magistrate Judge Timothy S. Hogan)** |
| **-v-** | ) | |
| | ) | |
| **OHSL FINANCIAL CORP.,** *et. al*. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## [PROPOSED] ORDER

Upon Defendant Ernst & Young LLP's Motion for Leave to File Supplemental Briefing After the Close of Class Discovery, the authorities cited therein, and the proceedings and record in this matter it is hereby

ORDERED that Defendants are hereby granted leave to file supplemental memoranda in opposition to Plaintiffs' Motion for Class Certification, and shall do so no later than July 15, 2004.


_____
Hon. Sandra S. Beckwith
United States District Court Judge