Not Reported in F.Supp.2d
Fed. Sec. L. Rep. P 92,000
(Cite as: 2002 WL 31545952 (S.D.Ohio))

Page 1

United States District Court,
S.D. Ohio.

FIDEL, et al.,
v.
AK STEEL HOLDING CORP., et al.

No. C-1-00-320.

Sept. 19, 2002.

Opinion

WEBER, Senior J.

ORDER

*1 This matter is before the Court upon a motion to dismiss filed on behalf of all Defendants except James F. Will [FN1] (Doc. 18), and upon Defendant Will's separate motion to dismiss. (Doc. 19).

> FN1. Those Defendants include AK Steel Holding Corporation, Armco Inc., Richard M. Wardrop, Jr., James L. Wareham, James I. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang and James A. Thomson. (*See* Doc. 13).

Procedural History/The Parties' Claims

On April 19, 2000, Plaintiff Bernard Fidel filed a complaint styled as a shareholders' class action against AK Steel Holding Corporation and various officers and directors of that company [collectively, "the AK Steel Defendants"]; Armco Inc. ["Armco"]; and James F. Will, Armco's former President, Chief Executive Officer and Board of Directors Chairman. (*See* Doc. 1). By order dated June 14, 2000, this Court consolidated that action with Case No. C-1-00-349, a similar action filed by Plaintiff Al Shams. (*See* Docs. 3, 4). By order dated July 28, 2000, the Court appointed Plaintiffs Fidel and Ironwood Capital Management ["Ironwood"] as lead plaintiffs on behalf of the putative class. (*See* Doc. 11).

On August 28, 2000, the designated lead plaintiffs filed a consolidated amended complaint, asserting a class action on behalf of those who purchased or otherwise acquired AK Steel publicly-traded securities between July 15, 1999 and January 25, 2000, as well as a sub-class of those who held shares in Armco Inc. as of August 25, 1999. (*See* Doc. 13). Plaintiffs allege that Defendants made false and misleading statements or failed to disclose material facts, thereby artificially inflating the price of AK Steel stock during the class period. They further allege that Defendant AK Steel acquired Defendant Armco on September 30, 1999, in a stock-for-stock acquisition also based on AK Steel stock's artificially inflated price. Claiming that Defendants' actions violated federal securities law, Plaintiffs seek damages, interest, costs and attorneys' fees.

On October 20, 2000, the AK Steel Defendants and Armco moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) and the provisions of the Private Securities Litigation Reform Act of 1995 ["PSLRA"], 15 U.S.C. §§ 77z, 78u. (Doc. 18). Said Defendants urge that Plaintiffs have failed to demonstrate that Defendants made any material misrepresentation or omission; that Defendants' "forward-looking statements" regarding AK Steel's projected economic performance are insufficient to establish liability under the PSLRA; and that Plaintiffs have not met the requisite standard for pleading scienter under the PSLRA.

On October 23, 2000, Defendant Will filed a separate motion to dismiss on similar grounds. (Doc. 19). Noting that he is implicated only as to the third claim of the amended complaint (*see* Doc. 13, PP 99-103), Defendant Will argues that the content of the Joint Proxy Statement/Prospectus on which that claim relies is not actionable.

Plaintiffs filed a memorandum in opposition to both motions to dismiss. (Doc. 23). They argue that the allegations of the amended complaint are sufficiently particularized to meet the standard for pleading securities fraud; that Defendants had a duty, but failed, to disclose negative information; and that Defendants' "truth on the market" defense must be resolved by the trier of fact and thus is not appropriate on a motion to dismiss. Additionally, Plaintiffs urge that Defendants' statements are protected by neither the PSLRA's "safe harbor" provision nor the "bespeaks caution" doctrine; that Defendants can be held liable for their statements to securities analysts without proof of the elements of the entanglement doctrine; and that the complaint adequately pleads scienter.

*2 In both their opposing memorandum and a separate motion to strike (*see* Doc. 24), Plaintiffs also argue that the Court should not consider certain exhibits proffered in support of Defendants' motions to dismiss. Plaintiffs argue that two purported transcripts of conference calls between AK Steel representatives and industry analysts (*see* Doc. 18, Affidavit of David C. Horn, Exhs. 2 & 3), as well as a purported press release issued by Armco Inc. (*see id.,* Exh. 17), constitute matters outside the pleadings which are not appropriate for consideration on a motion to dismiss.

Although the Court denied the motion to strike as an inappropriate remedy (*see* Doc. 37), Plaintiffs' arguments opposing consideration of those exhibits at this juncture remain before the Court as to the motions to dismiss. In response, the AK Steel Defendants argue that the conference

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
Fed. Sec. L. Rep. P 92,000
**(Cite as: 2002 WL 31545952 (S.D.Ohio))**

Page 1

United States District Court,
S.D. Ohio.

FIDEL, et al.,
v.
AK STEEL HOLDING CORP., et al.

No. C-1-00-320.

Sept. 19, 2002.

Opinion

WEBER, Senior J.

ORDER

*1 This matter is before the Court upon a motion to dismiss filed on behalf of all Defendants except James F. Will [FN1] (Doc. 18), and upon Defendant Will's separate motion to dismiss. (Doc. 19).

> FN1. Those Defendants include AK Steel Holding Corporation, Armco Inc., Richard M. Wardrop, Jr., James L. Wareham, James I. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang and James A. Thomson. (*See* Doc. 13).

Procedural History/The Parties' Claims

On April 19, 2000, Plaintiff Bernard Fidel filed a complaint styled as a shareholders' class action against AK Steel Holding Corporation and various officers and directors of that company [collectively, "the AK Steel Defendants"]; Armco Inc. ["Armco"]; and James F. Will, Armco's former President, Chief Executive Officer and Board of Directors Chairman. (*See* Doc. 1). By order dated June 14, 2000, this Court consolidated that action with Case No. C-1-00-349, a similar action filed by Plaintiff Al Shams. (*See* Docs. 3, 4). By order dated July 28, 2000, the Court appointed Plaintiffs Fidel and Ironwood Capital Management ["Ironwood"] as lead plaintiffs on behalf of the putative class. (*See* Doc. 11).

On August 28, 2000, the designated lead plaintiffs filed a consolidated amended complaint, asserting a class action on behalf of those who purchased or otherwise acquired AK Steel publicly-traded securities between July 15, 1999 and January 25, 2000, as well as a sub-class of those who held shares in Armco Inc. as of August 25, 1999. (*See* Doc. 13). Plaintiffs allege that Defendants made false and misleading statements or failed to disclose material facts, thereby artificially inflating the price of AK Steel stock during the class period. They further allege that Defendant AK Steel acquired Defendant Armco on September 30, 1999, in a stock-for-stock acquisition also based on AK Steel stock's artificially inflated price. Claiming that Defendants' actions violated federal securities law, Plaintiffs seek damages, interest, costs and attorneys' fees.

On October 20, 2000, the AK Steel Defendants and Armco moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) and the provisions of the Private Securities Litigation Reform Act of 1995 ["PSLRA"], 15 U.S.C. §§ 77z, 78u. (Doc. 18). Said Defendants urge that Plaintiffs have failed to demonstrate that Defendants made any material misrepresentation or omission; that Defendants' "forward-looking statements" regarding AK Steel's projected economic performance are insufficient to establish liability under the PSLRA; and that Plaintiffs have not met the requisite standard for pleading scienter under the PSLRA.

On October 23, 2000, Defendant Will filed a separate motion to dismiss on similar grounds. (Doc. 19). Noting that he is implicated only as to the third claim of the amended complaint (*see* Doc. 13, PP 99-103), Defendant Will argues that the content of the Joint Proxy Statement/Prospectus on which that claim relies is not actionable.

Plaintiffs filed a memorandum in opposition to both motions to dismiss. (Doc. 23). They argue that the allegations of the amended complaint are sufficiently particularized to meet the standard for pleading securities fraud; that Defendants had a duty, but failed, to disclose negative information; and that Defendants' "truth on the market" defense must be resolved by the trier of fact and thus is not appropriate on a motion to dismiss. Additionally, Plaintiffs urge that Defendants' statements are protected by neither the PSLRA's "safe harbor" provision nor the "bespeaks caution" doctrine; that Defendants can be held liable for their statements to securities analysts without proof of the elements of the entanglement doctrine; and that the complaint adequately pleads scienter.

*2 In both their opposing memorandum and a separate motion to strike (*see* Doc. 24), Plaintiffs also argue that the Court should not consider certain exhibits proffered in support of Defendants' motions to dismiss. Plaintiffs argue that two purported transcripts of conference calls between AK Steel representatives and industry analysts (*see* Doc. 18, Affidavit of David C. Horn, Exhs. 2 & 3), as well as a purported press release issued by Armco Inc. (*see id.*, Exh. 17), constitute matters outside the pleadings which are not appropriate for consideration on a motion to dismiss.

Although the Court denied the motion to strike as an inappropriate remedy (*see* Doc. 37), Plaintiffs' arguments opposing consideration of those exhibits at this juncture remain before the Court as to the motions to dismiss. In response, the AK Steel Defendants argue that the conference

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

call transcripts reflect the content of the conference calls referred to in the allegations of Plaintiffs' complaint, and that the press release simply records a fact of which the Court could take judicial notice. (Doc. 27). Said Defendants also have submitted copies of the actual tape recordings of such conference calls, to address any objections regarding accuracy or authenticity. (*See* Doc. 28).

The parties' subsequent submissions (*see* Docs. 31, 32) regarding the intervening decision in *Helwig v. Vencor,* 251 F.3d 540 (6th Cir.2001) *(en banc), cert. dismissed,* 122 S.Ct. 2616, 153 L.Ed.2d 800 (2002), previously were accepted by the Court (*see* Doc. 34) and have been considered herein.

Standard of Review Applicable to Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. When deciding a 12(b)(6) motion, the Court must accept all well-pleaded allegations of the complaint as true, *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987), and must construe them in the light most favorable to the plaintiff. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995), *cert. denied,* 516 U.S. 1158 (1996). *See also Operation Badlaw, Inc. v. Licking Co. Gen. Health Dist. Bd. Of Health,* 866 F.Supp. 1059 (S.D.Ohio 1992), *aff'd,* 991 F.2d 796 (6th Cir.1993). If an allegation is susceptible to more than one inference, the allegation must be construed in the plaintiff's favor. *Columbia Natural Resources,* 58 F.3d at 1109. Dismissal must be granted if plaintiffs can prove no set of facts in support of their claims that would permit them to recover. *Conley v. Gibson,* 355 U.S. 41, 45- 46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957); *Carter by Carter v. Cornwell,* 983 F.2d 52, 54 (6th Cir.1993).

Allegations of securities fraud must satisfy the requirements of Fed.R.Civ.P. 9(b). *In re Comshare, Inc. Securities Litigation,* 183 F.3d 542, 548 (6th Cir.1999). Under Rule 9(b), a plaintiff averring fraud or mistake must state with particularity the circumstances which constitute such. *Id.* Courts must stay all discovery and other proceedings upon the filing of a motion to dismiss in any private action under the Securities Act of 1933 or 1934, absent compelling circumstances. *See* 15 U.S.C. § § 77z-1(b), 78u- 4(b)(3)(B).

Law Applicable to Plaintiffs' Securities Fraud Claims
a. The Elements of Securities Fraud

*3 The Securities Act of 1933 ["the 1933 Act"] recognizes a private right of action based upon untrue statements or omissions of material fact in security registration statements. *See* 15 U.S.C. § 77k. The 1933 Act also extends liability for such statements or omissions to "controlling persons," defined as including "every person who, by or through stock ownership, agency or otherwise ...," controls any person liable under 15 U.S.C. § 77k. *See* 15 U.S.C. § 77o.

The Securities Exchange Act of 1934 ["the 1934 Act"] further precludes the use of "any manipulative or deceptive device or contrivance" in connection with the purchase or sale of securities, as well as the solicitation of proxies in contravention of applicable securities rules and regulations. *See* 15 U.S.C. § § 78j(b), 78n(a). Like the 1933 Act, the 1934 Act imposes liability for such violations on "controlling persons." *See* 15 U.S.C. § 78t(a). A plaintiff can hold individual defendants liable under a "controlling persons" theory of liability only if the defendants were "controlling persons" of an entity that has violated the Securities Act. *Comshare,* 183 F.3d at 554, n. 11 (*citing Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983)). If the Court concludes that plaintiffs have not stated a claim that the defendant company violated the Securities Act, the Court need not reach the plaintiffs' claim to "controlling person" recovery.

In addition, Rule 10b-5 of the Rules and Regulations applicable to the 1934 Act provides as follows:
> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. In essence, Section 10(b) of the 1934 Act and the corollary rule "have the effect of prohibiting the commission of fraud in connection with the sale or purchase of securities." *In re Sofamor Danek Gp., Inc.,* 123 F.3d 394, 400 (6th Cir.1997), *cert. denied,* 523 U.S. 1106 (1998).

In order to state a claim for relief under these sections, a claimant must allege, in connection with the purchase or sale of securities, (1) the misstatement or omission of a material fact, (2) made with scienter, (3) upon which the plaintiff justifiably relied, and (4) which proximately caused the plaintiff's injury. *Comshare,* 183 F.3d at 548. In a case where fraud on the market is alleged, plaintiffs are presumed to have relied on the stock price established by the market. *Basic Inc. v. Levinson,* 485 U.S. 224, 247, 99 L.Ed.2d 194, 108 S.Ct. 978 (1988).

*4 To satisfy the requirement of a misstatement or omission