

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | ) ) ) ) | Case No. C-1-00-793 |
| Plaintiff, | ) ) ) | Judge Sandra S. Beckwith |
| vs. | ) ) ) | Magistrate Judge Hogan |
| OHSL Financial Corporation, et al. | ) ) ) | **AFFIDAVIT OF WALTER W. THIEMANN** |
| Defendants. | ) ) | |

STATE OF FLORIDA          : SS:
COUNTY OF ST. LUCIE    :

**WALTER W. THIEMANN, being duly sworn, deposes and states as follows:**

1. I am one of the plaintiffs in the above-captioned action. I am a member of the class, and I was damaged as a result of the merger complained of.

2. I make this affidavit in opposition to the motion to decertify the class. Specifically, I submit this affidavit in opposition to the affidavit of Kenneth L. Hanauer, which I have reviewed. This affidavit is based on my personal knowledge.

3. Many of the statements made in the Hanauer affidavit are simply untrue. Mr. Hanauer's affidavit goes back 22 years. To suggest that I have been " very bitter" as a result of my experiences with OHSL going back 22 years is inaccurate.

4. I was never approached by any OHSL board member about the CEO position. Defendant Brinker never promised me the CEO position and, indeed, I never discussed the subject with him. At the request of the consulting firm hired to do the search, I consented to an interview. I was not selected; defendant Ken Hanauer was. I was not

1

"very bitter" about being passed over for this position, nor was I promised such a position by defendant Brinker.

5. Defendant Hanauer's affidavit is also suspect because he states that he perceived me as being "very bitter," although he does not provide even one example of how this alleged bitterness manifested itself. Indeed, I continued to work with and for defendant Hanauer without incident from 1987 (the alleged inception of the bitterness) until 1995 when I retired from OHSL. During this time I had excellent relations with defendant Hanauer, other members of senior management, OHSL employees and customers, and the OHSL board.

6. Defendant Hanauer's affidavit states that the OHSL Board voted to remove me from the board. This statement is untrue. The OHSL board never voted to remove me from the OHSL board. I completed my term in office and was ineligible to run for another term, because the board had decided that it would be composed of only one management director. All of this occurred before OHSL became a public company, so it is not accurate to refer to the OHSL board in the 1980s with the OHSL board after OHSL became a public company in January of 1993.

7. After my retirement, I raised certain issues with defendant Hanauer with respect to amounts that I felt were due me under both an ESOP and a Bonus Incentive Plan ("BIP"). After a short period of negotiations with defendant Hanauer, these issues were resolved in my favor. At no time did I threaten to sue OHSL and/or its board over this issue.

8. With respect to my participation in this lawsuit, I was initially pleased that OHSL would merge with a larger institution. When I received the Proxy Materials, I believed them to be true and reasonably relied on them to my detriment. Only later did I

learn that litigation existed in state court in Hamilton County. At some point in early 2000 I called defendant Hanauer, with whom I had always had friendly relations, to obtain Mr. Hanauer's views on the merger. Mr. Hanauer was not a defendant in that action, nor did I initially contemplate additional litigation; I simply wanted to search for the truth.

9. Mr. Hanauer, although cordial, was reluctant to talk about specific allegations in the lawsuit. When I said or implied to Mr. Hanauer that I would like additional information, Mr. Hanauer promptly suggested that I call Michael G. Brautigam, one of plaintiff's counsel in the state court action, if I would like to pursue the matter further. At some point shortly after this conversation with Mr. Hanauer, Mr. Brautigam and I spoke, and I became the lead plaintiff in the Federal securities fraud litigation.

10. I have reviewed the affidavit submitted by Mr. Burke of the law firm of KMK (which did represent certain defendants and now is a defendant in this action) submitted an affidavit that suggests that my lead counsel group is in "disarray" and is not qualified to represent the class. I find this suggestion disingenuous and ridiculous. I do not understand how the defense counsel or the defendants are in a position to even comment on this aspect of the litigation, since they should not have any say in the counsel structure of the firms that are suing their clients or their firm

11. In any event, I am completely satisfied with the performance of the lead counsel since I first spoke to Mr. Brautigam. Not only has the lead counsel team significantly moved the case, they have kept me informed as to the status of my action at all key points in the litigation. I have been in frequent contact with the Mesh firm, and continue to be in contact with them. In short, I could not think of a better legal team to represent me and the class.

3

FURTHER AFFIANT SAYETH NAUGHT

*Walter W. Thiemann* (signature)

Walter W. Thiemann

Sworn to before me and subscribed in my presence this 15th day of February, 2002.

*Barbara A. Gaerttner* (signature)

> BARBARA A. GAERTTNER
> MY COMMISSION # CC 832160
> EXPIRES: May 2, 2003
> 800-3-NOTARY  Fla. Notary Service & Bonding Co.