UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OHSL Financial Corporation, et al.<br><br>Defendants. | Case No. C-1-00-793<br><br>Judge Sandra S. Beckwith<br><br>Magistrate Judge Hogan<br><br>AFFIDAVIT OF THOMAS M. HERRON |

**THOMAS M. HERRON, being duly sworn, deposes and states as follows:**

1. I am a former director of OHSL and Oak Hills Savings and Loan. I served as a director the entire time OHSL was a public company, up until I resigned in part in protest of the proposed OHSL PFGI merger. I resigned on July 27, 1999 effective July 30, 1999.

2. I make this affidavit in opposition to the motion to decertify the class. Specifically, I submit this affidavit in opposition to the affidavit of Kenneth L. Hanauer, which I have reviewed. This affidavit is based on my personal knowledge.

3. I knew Walter W. Thiemann through my service as a director to OHSL. My time as a director slightly pre-dated OHSL going public, and I was a director the entire time OHSL was a public company, until my resignation.

4. I knew Walter W. Thiemann as a member of senior management from 1992 to 1995. I do not believe that it is correct to characterize Walter W. Thiemann as a bitter former employee.

1

5. From 1992 to 1995, when Walter Thiemann retired, I was aware of absolutely no animosity between Walter W. Thiemann, Ken Hanauer, and the Oak Hills or OHSL board. Mr. Thiemann was simply a member of senior management. More importantly, had there been serious animosity between Mr. Thiemann and Mr. Hanauer or any other board member, this is something that I would expect to be discussed at OHSL board meetings. Animosity of the type referred to in Mr. Hanauer's affidavit was simply never brought to the full board's attention.

6. Mr. Thiemann retired from OHSL in 1995. Again I perceived no animosity between OHSL board members and Mr. Thiemann.

7. Mr. Thiemann did raise a question with respect to certain amounts that he believed were due him as a result of the public offering of OHSL stock. Mr. Thiemann raised this by letter with Ken Hanauer. Based on my personal knowledge from discussions at board meetings, I understood that this was simply a legitimate business dispute that was ultimately resolved in Mr. Thiemann's favor.

8. I was not aware of Mr. Thiemann ever threatening to bring a lawsuit against OHSL for any reason. Had Mr. Thiemann threatened a lawsuit, I would expect Mr. Hanauer, OHSL's former CEO and board member, to bring it to the attention of the full OHSL board. As Mr. Hanauer never raised this with the board, I conclude that Mr. Thiemann never threatened such a suit.

9. I have no reason to believe that Mr. Thiemann was bitter or held any animosity to the board for any reason unrelated to the lawsuit. Indeed, I am informed and believe that Mr. Thiemann voted in favor of the OHSL-PFGI merger--a merger that I opposed-- because Mr. Thiemann relied on the representations of the OHSL board that, *inter alia*, the vote had been to approve unanimously the transaction and the OHSL board

unanimously believed that the transaction was in the best interests of OHSL and its shareholders, which the evidence demonstrates is not truthful.

FURTHER AFFIANT SAYETH NAUGHT

_____
THOMAS M. HERRON

*[Notary signature]*
*NOTARY PUBLIC*

Sworn to before me and subscribed in my presence this 27th day of February, 2002.

My commission expires February 20, 2007