Ex C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann,<br>on behalf of himself and of<br>all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>OHSL Financial Corporation, et al.<br><br>      Defendants. | Case No. C-1-00-793<br><br>Judge Sandra S. Beckwith<br><br>Magistrate Judge Hogan<br><br>AFFIDAVIT OF GENE MESH IN OPPOSITION TO DEFENDANTS' MOTION TO DECERTIFY THE CLASS AND JAMES BURKE'S AFFIDAVIT IN SUPPORT THEREOF |

State of Florida    )
                         ) ss:
County of Palm Beach  )

    **GENE MESH, being duly sworn, deposes and states as follows:**

    1. I am the principal at the law firm of Gene Mesh and Associates of Cincinnati, Ohio. I have personal knowledge of the facts set forth in this affidavit. I submit this afficavit in response to the ad hominem statements made by James Burke in his recently filed affidavit purporting to be a substantive opposition to this Court's previous order certifyin this action as a proper class action pursuant to Rule 23 F.R. Cv. P.

    2. My firm has had primary responsibility for the above-captioned action, and is experienced in securities fraud class action. Your affiant's firm has expended well over 1000 hours to this case so far and has advanced substantial funds in prosecution thereof.

1

3. I have been personally and actively involved in virtually every material and substantive decision in the case to date, and will continue to be actively involved in the prosecution of this action. This includes review of many of the voluminous documents produced to date, attendance at depositions, and frequently consulting with co-counsel as well as the selection of trial experts in the fields of finance, disclosure, and damgamages, and the perparations for depositions.

4. The results achieved and the continuing progress made in this case to date are borne out by the following summary of salient events in the litigation:

- **Complaint Filed September 20, 1999**
- **Lead Plaintiff Certified, March 2, 2001**
- **Complaint Sustained, July 25, 2000**
- **Discovery Commenced August/September 2001 (continuing)**
- **Class Certified, September 13, 2000**
- **Various depositions taken September 2001 to the present**
- **Amended Complaint Filed, February 4, 2002**

5. Your affiant has not meant to offend Mr. Burke of Keating, Muething & Klekamp by not having any communication with him, and was personally available to him at the deposition of Clifford Roe, managing partner of Defendant Dinsmore & Shohl, but Mr. Burke was absent therefrom for reasons that now have become abundantly clear. Your affiant would have welcomed communication with Mr. Burke absent the invective and venality that most of Mr. Burke's written and oral communications with Mr. Brautigam of my office have contained, all of which culminated in Mr. Burke's refusal to correspond or communicate with Mr. Brautigam. Your affiant has--up until this case--pleasant and professional relations with Mr. Burke's firm of Keating,

Muething & Klekamp, P.L.L. For 30 years but unfortunately communications with Mr. Burke or any member of the KMK firm may now be prohibited since they have been added as a party defendant in the Amended Complaint.

FURTHER AFFIANT SAYETH NAUGHT

*[signature]*

GENE MESH

Sworn to before me and subscribed in my presence this ___ day of February, 2002.

*[notary signature and seal]*
Josephine A. Gagliano
Commission # CC 983843
Expires Feb. 14, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

3