# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, et al., | : | Case No. C-1-00-793 |
| | : | |
| | | Judge Sandra S. Beckwith |
| Plaintiff, | : | |
| | | Magistrate Judge Hogan |
| vs. | : | |
| | | |
| OHSL Financial Corporation, et al. | : | **AFFIDAVIT OF WALTER W.** |
| Defendants. | : | **THIEMANN** |

STATE OF FLORIDA        :
                        : SS:
COUNTY OF PORT ST. LUCIE :

**WALTER W. THIEMANN**, being duly sworn, deposes and states as follows:

1. I am one of the plaintiffs in the above-captioned action. I am a member of the class, have been certified as the lead plaintiff, and I was damaged as a result of the merger complained of.

2. I make this affidavit in support of the Motion for class certification.

3. On pages 7-8 of the Order decertifying the class (Doc. No. 227), it states "In other words, even assuming the proxy statement falsely painted the rosiest of pictures regarding the merger, Mr. Thiemann still concluded that the merger was a bad deal. Therefore, he clearly was not misled by the materials, thus

1

legitimately raising the possibility that other investors likewise were not fooled by the allegedly misleading statements."

4. On page 5 of the Order it states:

> Further discovery, which at this point is apparently not contradicted, indicates that Mr. Thiemann did not rely on the alleged misleading proxy statements and that the fraud-on-the-market exception is not applicable to those claims which require proof of reliance.

5. I do not understand how the Court has reached these conclusions, which are simply incorrect. As stated herein, I did rely on the materially false and misleading Proxy Materials/Registration Statement in voting in favor of the merger. I concluded that the merger was a **good deal**, based on the materially false and misleading Proxy Materials/Registration Statement. Had I known, *inter alia*, that the Board vote had not been unanimous, and that OHSL CEO, board member, and largest shareholder Ken Hanauer opposed the transaction and did not believe it in the best interests of OHSL shareholders, I would have voted <u>against</u> the merger. Similarly, had I known the true facts that Provident was improperly recording hundreds of millions of dollars of auto-lease transactions off Provident's balance sheet and not properly reporting revenues or expenses and that Provident stock was materially artificially inflated as a result, I would have voted against the merger.

2

6. Contrary to the Court's Order, I was clearly misled by the materially false and misleading Proxy Materials/Registration Statement and suffered financial losses from the transaction as a result thereof.

7. My deposition testimony at pages 117 to 126 shows that I voted in favor of the transactions for the reasons stated in paragraph 5 above. The deposition testimony referenced in the Court Order at page 7 (Thiemann Dep. at 80-84) has nothing to do with my vote in favor or the merger, but instead deals with my view of the financial values reflectd by the subject transaction and my long-term plans for my investments in retirement.

8. I believe it is important to bring this to the Court's attention, so that the Court will have an accurate record of my vote on the merger.

9. In the summer of 2000 I retained the firm of Gene Mesh and Associates to serve as my counsel in this case. Since that time, I have conferred with both Messrs. Brautigam and Mesh, have been kept informed of all aspects of the case since even before inception, and continue to devote substantial amounts of time to conferring with my counsel, reading relevant documents, and generally monitoring the litigation.

10. I believe that my counsel are exceptionally knowledgable about the litigation (from day to day involvement in the case for many years), and as lead plaintiff, I re-affirm my choice of the Mesh firm and Gene Mesh and Michael G. Brautigam as lead counsel and state my support for their adequacy as lead counsel.

11. With respect to other counsel whom the Court permitted to withdraw from the case several years ago, the extent of my contact with them was as follows: I remember meeting an attorney, Dave Manogue, from the firm of Specter, Specter, Evans & Manogue on a single occasion. Mr. Manogue attended the deposition but said nothing, except for a single interjection for which he was admonished by Mr. Burke. Aside from routine pleasantries, Mr. Manogue and I said nothing to each other ever. With respect to Richard Brualdi and other attorneys from his firm, I cannot remember having any contact with them whatsoever. Since even before the inception of this case, I have been satisfied with the firm of Gene Mesh and Associates (based on their pre-trial investigation), and continue to believe that they are the most adequate counsel by far in this litigation.

12. As lead plaintiff, I hereby re-affirm my choice of Gene Mesh and Associates as lead counsel in this case, as the results they have achieved to date speak for themselves.

13. I was willing and had expected to be deposed with respect to the new defendants against whom I am seeking class certification or indeed any issues as the Court may direct. In fact, I am disappointed that I am prevented by Court Order (Doc. No. 241) from being deposed in time to have my testimony included in the record against the new defendants, and can only submit affidavit evidence instead.

**FURTHER AFFIANT SAYETH NAUGHT**

*Walter W. Thiemann*
Walter W. Thiemann

Sworn to before me and subscribed in my presence this 31st day of January, 2004.

*Kandice D. Morgan*

KANDICE D. MORGAN
MY COMMISSION # DD 205663
EXPIRES: June 16, 2007
Bonded Thru Budget Notary Services

5