# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann,<br>on behalf of himself and of<br>all others similarly situated, | : <br>: <br>: | Case No. C-1-00-793 <br><br>Judge Sandra S. Beckwith |
| Plaintiff, | : | |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| OHSL Financial Corporation, et al. | : | **AFFIDAVIT OF<br>GARY MEIER** |
| Defendants. | : | |

| | |
|---|---|
| STATE OF OHIO | : |
| | : SS: |
| COUNTY OF HAMILTION | : |

**GARY MEIER, being duly sworn, deposes and states as follows:**

1. I am a member of the class that I seek to represent.

2. I make this affidavit in support of the Motion for Class Certification. I have been banking at OHSL since I was in the third grade. I have been a stockholder of OHSL since it became a public company, and I hold shares for the benefit of my daughter since OHSL became a public company. During the entire time I held shares in OHSL, I never sold a single share for myself or the shares held for the benefit of my daughter.

3. In or about August of 2001 I read an article in the Cincinnati Business Courier about the litigation involving OHSL. I then called one of the

1

attorneys quoted in the article, James E. Burke, about the status of the litigation. Mr. Burke declined to speak to me substantively about the case.

4. I then called Michael G. Brautigam, the other attorney quoted in the article. During this conversation, I informed Mr. Brautigam of my interest in serving as a class representative in the litigation.

5. Over the years I have repeatedly met and conferred with Gene Mesh.

6. Since August of 2001 I have actively followed the litigation, and have attempted to participate in it to the extent possible. For example, on 5 January 2004 I attended the depositions of several former OHSL directors.

7. Plaintiffs' counsel has kept me fully informed as to the status of the case at all relevant times.

8. I have conferred with counsel at least monthly since August of 2001. I have received all appropriate Orders from the Court, and have discussed the status of my case with counsel on an on-going basis.

9. I have selected the firm of GENE MESH AND ASSOCIATES based don their experience and expertise in the area of securities class actions generally, and their unparalled knowledge of this case in particular.

10. I am satisfied with the results obtained by my counsel thus far, and have great faith in their ability to represent the class.

11. I have been damaged by the merger. Although I voted against the merger, the transaction was narrowly approved by the OHSL shareholders, all of whom received the same Proxy Materials/Registration Statement that I received. The Court has previously determined that some of the document may contain material misrepresentations and/or omissions. Since that determination, Provident has issued two restatements in 2003 which continue to damage me and other former OHSL shareholders like me who have not sold the Provident stock that they were forced to accept based on the materially false and misleading Proxy Materials/Registration Statement.

12. I estimate the amount of my losses to be approximately $872 in the account jointly held with my wife, and an additional $872 in the account held for the benefit of my daughter, Lindsey Meier. This estimate is made by taking the number of shares I received due to the forcible conversion, 109, multiplying by $40, and then deducting 20%. It is not economically rational for me to prosecute this amount of damages as an individual action, since the cost of virtually any proceeding in the litigation, such as a deposition, is likely to exceed the total amount of my damages.

13. I reserve the right to amend and supplement these damages calculations as the case progresses.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
GARY MEIER

Sworn to before me and subscribed in my presence this 31st day of January 2004

MICHAEL G. BRAUTIGAM

NOTARY PUBLIC

My commission expires on 20 February 2007

4