

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Walter W. Thiemann, | : | Case No. C-1-00-793 |
| on behalf of himself and of | | |
| all others similarly situated, | : | Judge Sandra S. Beckwith |
| | | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | | |
| vs. | : | **Oral Argument** |
| | | **Requested** |
| OHSL Financial Corporation, et al. | : | |
| | | |
| Defendants. | : | |

**EMERGENCY MOTION TO STRIKE CERTAIN DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT THEM INTO RULE 56 MOTIONS FOR SUMMARY JUDGMENT AND TO ALLOW ADEQUATE TIME FOR DISCOVERY AND BRIEFING TO SUPPORT A PROPER RULE 56 RESPONSE AND MOTION FOR A STATUS CONFERENCE**

### I.    INTRODUCTION

Plaintiffs respectfully bring this emergency motion to strike the so-called motions to dismiss filed by the Dinsmore defendants, the OHSL and Provident defendants, and the KMK defendants pursuant to Rule 12 (f). The motions at issue should be stricken because they are redundant, immaterial, impertinent, scandalous, and contemptuous in that they knowingly and deliberately mock the Court's previous Order in this case in that each argues and re-argues materiality for the third time, do not raise any new issues not already before the Court, and attached volumes of discovery taken in another non-securities case not appropriate for Rule 12 motions. Plaintiffs should not be required to

1

respond to, yet again, determinations on materiality that have already been made by this Court.

In the alternative, should the Court not wish to strike the motions, plaintiffs respectfully request that the Court convert these motions into motions for summary judgment under Rule 56, as that is what they really are, and give proper NOTICE to allow plaintiffs time for adequate discovery <u>in this case</u> and briefing on these issues. Only with this relief can plaintiffs adequately respond to what are, in form and substance, motions for summary judgment that require detailed factual determinations to be made. This emergency motion does not apply to the motion to dismiss brought by E&Y, which is a motion to dismiss in form and substance, and can reasonably be responded to within the normal time frame governing motions[1].

Additionally, although the case has been pending for 42 months, there has been very little discovery taken. All of the defendants combined have taken exactly one deposition on any issue in this case. Plaintiffs, for a variety of reasons, but mostly due to the obstructionist tactics of certain defendants, have taken only a handful of depositions, and have not been permitted to depose many critical witnesses in the case, although the gap is narrowing. Of the witnesses who have been deposed, few are complete given the new issues raised by Provident's massive 2003 restatements. To require plaintiffs to respond to these Rule 56 motions masquerading as Rule 12 motions without adequate discovery at this point would not only be severely prejudicial, but would require the Court to make detailed factual determinations—determinations that the Court has already made—based

---

[1] Unfortunately, the schedule set by Magistrate Judge Hogan does not even provide plaintiffs with the normal time frame for responding to a single motion. This Order has been objected to.

2

on an incomplete record from years ago that was obtained in another case—a case that was not even a securities case, but need to be rebutted lest they go unanswered by the absence of evidence in this case.

Finally, defendants seem to think that the previous case is fungible with this one, and that plaintiffs should be limited to discovery from a case that is long gone. Indeed, even Magistrate Judge Hogan has recognized that the existence of the CAC changes the complexion of the case, and has permitted plaintiffs to depose witnesses who had testified in the earlier action. This Order states:

> Since the Complaint in the instant case has been amended, the Court deems it appropriate to subject the deponents to questions about new subjects or old subjects incompletely covered, but not to questions about old subjects completely covered in previous deposition testimony.

Doc. No. 229 at 2.

## II.    THESE MOTIONS SHOULD BE STRICKEN

It is appropriate for the Court to strike these motions, since all of them deliberately flout the Court's Order (Doc. No. 46) as to what is and is not material. Since the plaintiffs were limited by this Order in what they could allege, it logically follows that the defendants not be given repeated opportunities to argue materiality with respect to three of the four issues remaining in the case. *See, Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed. 2d 318 (1983)

## III.    THESE ARE MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

The Dinsmore defendants, the OHSL and Provident defendants, along with the KMK defendants, have brought a series of interconnected motions that are captioned

3

motions to dismiss, but in form and substance are motions for summary judgment. This latest series of events only adds to the procedural confusion which Magistrate Judge Hogan has previously described as "chaos." (*See*, Transcript of Proceedings of Status Conference of 4 November 2003, p. 36, line 22.)

Regrettably, the Order Magistrate Judge Hogan issued pursuant to that Status Conference, (Doc No. 221), does nothing to eliminate the chaos, but adds to it instead. This Order has been objected to for several reasons (*See*, Doc. No. 222), and because it provides less time to respond to four massive motions totaling 110 pages with hundreds of pages of attachments, than the local rules provide for, is in part the reason for this emergency motion.

### a. The Current Schedule is Unworkable

The current schedule requires plaintiffs to respond by 16 February 2004, substantially less time than allowed pursuant to the local rules[2]. Additionally, the defendants have filed cookie-cutter motions totaling 110 pages, 48 from the OHSL and Provident defendants, 21 from the KMK defendants, 20 from the Dinsmore defendants, and 21 from the E&Y defendants. It is unfair and unreasonable to require the plaintiffs to respond to these motions in 17 days, when the defendants had almost three months to prepare these motions[3]. It is obvious that the defendants used every bit of that time. The motions contain selected excerpts of the deposition transcripts that have been carefully parsed and taken out of context to create a completely misleading impression of what happened and why.

---

[2] 16 February 2004 is President's day, so presumably plaintiffs' response is due the next day.
[3] The Dinsmore defendants, perhaps forgetting the scheduling order, filed their motion to dismiss on 22 January 2004

### b. Plaintiffs Could Not Anticipate that these Defendants Would File Motions that Attempt to Re-Argue Decisions of This Court

Reduced to lowest terms, the OHSL and Provident defendants ask that the case be dismissed on the basis of an alleged lack of materiality of certain allegations made in the CAC. This position is incredible—and not defensible—since the Court previously dismissed nine of the twelve allegations of the original complaint, and allowed plaintiffs to proceed with only three of the original allegations, along with new allegations regarding Provident's massive 2003 restatements. Plaintiffs have complied with the letter and the spirit of the Court's Order.

Defendants have not. The OHSL and Provident defendants, the Dinsmore defendants, and the KMK defendants, make the same spurious arguments that have been previously rejected by this Court. They simply, and contemptuously, ignore the law of this case and bring the very same arguments that the Court has previously rejected in another attempt to clog the progress of the case and require the Court to re-adjudicated and plaintiffs to re-argue the very same issues. (*See*, Table of Contents of the OHSL and PFGI defendants to First Motion to Dismiss, Doc. No. 9 and Table of Contents of Second Motion to Dismiss, Doc. No. 253, Attached as Exhibits A and B).

### c. The Defendants Ask that the Case Be Dismissed Based Almost Exclusively on Testimony from Another Case in Another Court That Did Not Assert Securities Claims

Defendants truly confuse the ridiculous with the sublime. The bulk of their contemptuous arguments—arguments that the Court has previously rejected—deal with testimony that was <u>not taken in this case</u>. This is the height of absurdity. These defendants ask that the case be dismissed based largely on the testimony of former OHSL CEO and Director Hanauer and former OHSL Chairman Brinker, which in many

5

instances, they allege is not disputed. Virtually every quote that these defendants include <u>is disputed</u>, and more often than not, <u>directly rebutted</u> by other testimony at some other point in the transcript.

Defendants are certainly enamored with the quote from Hanauer that they include on page 38 of the opposition, where Hanauer responds "No" to two questions about materiality. Defendants introduce the statement as follows:

> Hanauer unambiguously testified that he did not believe that the Proxy Materials contained any material misstatements or omissions.

They then go on to describe his testimony as follows:

> Given Hanauer's unequivocal denial that any of the alleged misstatements were material, or that any of the alleged omissions should have been included in the Proxy Materials, it is clear that Plaintiffs' false portrayal of Hanauer's role in the preparation of the Proxy Materials is legally insufficient and fails to state a claim.

OHSL and Provident Opposition at 38.

Unambiguous testimony? Unequivocal denial? Defendants must be kidding, or perhaps they did not read the transcript past page 274, which so captured their interest. In the fourth volume of his testimony, (attached as Exhibit C[4],) Hanauer clearly testifies that he believes that the document contains a number of material misstatements, only one of which is included here:

---

[4] The fourth volume of Hanauer's testimony refutes many, if not all of the unsupported contentions that Hanauer did not believe that there were material misstatements and omissions in the documents which center around the issues that this Court held to be potentially material. These include Hanauer's testimony that the Proxy Materials/Registration Statement was wrong (page 753), that he believes that the document contains a misstatement (page 761), that the term unanimously should have been stricken from the document (page 762), and that he does not know what makes something material or immaterial (page 802).

6

Q Do you believe that the vote or nonvote of the Chairman of the Board of Directors on this transaction is material information?
A Whether he voted or not?
Q Yes.
A I believe that—yeah, I believe that that could be material information.
Q Okay. Do you believe that it's properly disclosed in the document, based on our conversation today?
MR. RAMSEY: Objection.
A It is not in the document, that he did not vote, if that is his testimony that he did not vote.

Hanauer at 755.

Mr. Hanauer goes on to clarify his position.

Q Do you believe that whatever Mr. Brinker did as Chairman of the Board Should have been disclosed to shareholders? In other words, if he didn't vote to approve the transaction, fine, he could have said the directors who were there and who were eligible to vote did vote to unanimously approve the transaction, but I abstained. Do you think that would have been better?
A If it is his testimony and intent to have abstained, yes. If he purposely, if he purposely did not vote, then I believe that should have been disclosed, yes sir.
Q Okay.
A I believe that.

Hanauer at 757.

Of course it is the Court and not one of the defendants who ultimately decides the issue of materiality, so Mr. Hanauer's testimony, whatever it is, is flimsy, only partially presented, and not controlling on legal questions. But the fact that there are hotly contested factual issues clearly shows that these disputed facts cannot be resolved at the motion to dismiss stage of the litigation, nor at the summary judgment stage of the litigation. Plaintiffs concede nothing, and only respectfully request that they have sufficient notice and a full and fair opportunity to gather evidence and respond in this case.

7

### d. When a Motion for Summary Judgment Masquerades as a Motion to Dismiss The Court Must Provide Notice and a Full and Fair Opportunity to Respond

The three motions that are the subject of this emergency motion are, in form and substance, motions for summary judgment. Each motion asks the Court to make detailed factual determinations and to dismiss the case based on this basis. Of course, the Court has already made certain factual determinations, and ordered that allegations that had previously been deemed not material not be included in the CAC.

Defendants, however, mock the Court's previous Order by re-arguing the very same points in the very same way, in many cases with the exact same language. (*See*, Exhibits A and B.) This direct challenge to the Court's authority was not expected, and, if the Court deems a response appropriate, cannot be responded to within the time limits set by the current Scheduling Order, (Doc. No. 221) and the pending objection (Doc. No. 222).

When matters outside the pleadings are presented to the trial court, it has the effect of converting the motion to dismiss under Rule 12 into a motion for summary judgment under Rule 56. As the Sixth Circuit has previously held:

> When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceedings must be considered one for summary judgment. Fed. R. Civ. P. 12 (b) (6). Where one party is likely to be surprised by the change of proceedings, notice is required. *Dayco Corp. v. Goodyear Tire & Rubber*, 523 F.2d 389, 393 (6th Cir. 1975)

*United Bhd. Of Carpenters & Joiners, Dresden Local No. 267 v. Ohio Carpenters Health and Welfare Fund*, 926 F.2d 550, 558.

Here, defendants ask the Court to consider matters that have been developed in another case in another court that was not even a securities case. Additionally, the testimony presented is taken completely out of context, and in some cases, completely eviscerates the position that the defendants take. For example, the OHSL and Provident defendants assert, without any evidentiary support, that the documents destroyed by the various defendants are of no importance: "there is not, nor has there ever been, any indication that the destroyed documents were anything other than irrelevant materials or duplicate copies of documents produced by OHSL or other OHSL directors." (OHSL and Provident motion to dismiss at 45). This is false, and is not even supported by the excerpt from Mr. Brinker's testimony that these defendants include. The OHSL and Provident defendants are far too quick to discount the value and importance of documents that have already been shredded. Mr. Brinker was, after all, the Chairman of the Board of the selling company. It insults the intelligence of plaintiffs and the Court to suggest that the Chairman of the Board's file is of no relevance and no importance. Perhaps Mr. Brinker put it best when he responded to why he shredded his entire file. He replied:

> Because I didn't want to throw them out as they were, just tear them up and have the papers end up in a dump where they would be whole. **I shredded them so that they couldn't be seen by anybody.**

Brinker deposition at 41, emphasis added.

It is convenient for the OHSL and Provident defendants (the Dinsmore defendants make exactly the same argument) that the files are of no importance when they cannot be evaluated because they no longer exist. Plaintiffs respectfully submit that the

9

overwhelming inference is that once litigation was initiated, similar to Arthur Anderesen, the OHSL director defendants who destroyed their entire files, acting in concert with at least the tacit approval of Dinsmore, meant to destroy evidence. What other conclusion can be drawn?

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the so-called motions to dismiss filed by the OHSL and Provident defendants, the Dinsmore defendants, and the KMK defendants be stricken, and that the plaintiffs be excused of any obligation to respond to such documents. In the alternative, should the Court not wish to strike these documents in their entirety, plaintiffs respectfully request that the motions be converted into what they are—motions for summary judgment pursuant to Rule 56—and that plaintiffs be given adequate time for discovery in this case to respond, and that a reasonable schedule for same be set. Finally, plaintiffs respectfully a status conference with the Court to discuss these matters and the logical presentation of issues at trial.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated:  3 February 2004

By: _____
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513 221 8800 telephone
513 221 1097 fax

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the foregoing Emergency Motion To Strike was served on this, the 3rd day of February, 2004.

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202-3752

J. Michael Debbeler
John B. Pinney, Esq.
Graydon, Head & Ritchey
511 Walnut Street, Suite 1900
Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45202-3157

Michael R. Barrett
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, OH  45202

**BY U.S. MAIL**

John W. Hust
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH  45249

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113

_____
Stephanie A. Hite