# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, *et al.*, | ) | Case No. C-1-00-793 |
| Plaintiffs, | ) ) ) | (Judge Sandra S. Beckwith) |
| -v- | ) ) | (Magistrate Judge Timothy S. Hogan) |
| OHSL FINANCIAL CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO DISMISS OF DEFENDANTS OHSL FINANCIAL CORPORATION, OAK HILLS SAVINGS & LOAN COMPANY, F.A., PROVIDENT FINANCIAL GROUP, INC., BRINKER, HANAUER, HILLEBRAND, HUCKE, MCKIERNAN, TENOEVER, ZOELLNER, HOVERSON, COOK, GROTE, MYERS, PEDOTO, STEGER AND CAREY WITH MEMORANDUM IN SUPPORT**

Dated: January 30, 2004

Respectfully submitted,

/s/ John B. Pinney
John B. Pinney
J. Michael Debbeler
GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
Tel: (513) 621-6464
Fax: (513) 651-3836
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
Jennifer J. Morales
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## MOTION

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), the Private Securities Litigation Reform Act ("PSLRA") of 1995, and the Securities Litigation Uniform Standards Act ("SLUSA") of 1998, Defendants OHSL Financial Corporation ("OHSL"), Oak Hills Savings & Loan Company, F.A. ("Oak Hills"), Norbert G. Brinker ("Brinker"), Kenneth L. Hanauer ("Hanauer"), William R. Hillebrand ("Hillebrand"), Alvin E. Hucke ("Hucke"), Thomas E. McKiernan ("McKiernan"), Joseph J. Tenoever ("Tenoever"), Howard J. Zoellner ("Zoellner"), Provident Financial Group, Inc. ("Provident"), Robert L. Hoverson ("Hoverson"), Thomas D. Grote, Jr. ("Grote"), Jack M. Cook ("Cook"), Phillip R. Myers ("Myers"), Joseph A. Pedoto ("Pedoto"), Joseph A. Steger ("Steger"), and Christopher J. Carey ("Carey") (collectively herein "Defendants") move the Court for an Order dismissing Plaintiffs' Consolidated and Amended Class Action Complaint (the "CAC") for failure to state a claim and failure to adequately plead securities fraud and scienter. This motion is supported by the attached Memorandum in Support.

Respectfully submitted,

/s/ John B. Pinney
John B. Pinney
J. Michael Debbeler
GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
Tel: (513) 621-6464
Fax: (513) 651-3836
Attorneys for OHSL and Provident
Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
Jennifer J. Morales
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. SUMMARY OF POINTS RAISED AND PRIMARY AUTHORITIES RELIED UPON......................................................................................................................4

    A. The Court Should Dismiss Plaintiffs' Section 10(b), 11, 12(2) and 14 Claims Because They Fail to Allege Facts Sufficient to Establish that the Proxy Materials Contain Material Misstatements and/or Omissions ......................4

        1. Plaintiffs' False Allegations of Misstatements and/or Omissions ...............4

        2. Plaintiffs' Fourth Alleged Misstatement is Legally Immaterial ..................5

    B. The Court Should Dismiss Plaintiffs' Claim of Securities Fraud Under Section 10(b)/Rule 10b-5 Because Plaintiffs Have Failed to Adequately Allege Scienter and Show Reliance on the Proxy Materials ...................................5

        1. Plaintiffs' Section 10(b)/Rule 10b-5 Claim Fails as a Matter of Law Because Plaintiffs Have Not Adequately Pled Scienter .......................5

        2. Plaintiffs' Failure to Demonstrate Reliance on the Allegedly Misleading Proxy Materials is Fatal to Their Securities Fraud Claim..............................................................................................................5

    C. The Court Should Dismiss Plaintiffs' Section 11 Claim for the Additional Reason that the Individual Defendants are Not Liable Under Section 11 for the Expertised Portions of the Proxy Materials.................................6

    D. Dismissal of Plaintiffs' Section 12(2) Claim Against the Individual Defendants is Further Warranted on the Basis that Plaintiffs Have Failed to Allege Any Facts Demonstrating that They Were Statutory Sellers ...................6

    E. Plaintiffs' Federal Securities Claims are All Time-Barred......................................7

    F. The CAC Fails to Adequately Plead Control Person Liability as to Hanauer, Hoverson, and Cook ..................................................................................7

    G. Four of Plaintiffs' Five State Law Claims are Preempted by SLUSA ....................7

    H. Plaintiffs' Claims Under Ohio Securities Law are Time-Barred.............................8

    I. Plaintiffs' Common-law Fraud Claim Must Also be Dismissed for Failure to Plead Fraud with the Requisite Particularly and Show Reliance, and Also Because it is Time-Barred ................................................................................8

|      | J.  | Plaintiffs' Breach of Fiduciary Duty Claim Previously Has Been Stricken by the Court and Voluntarily Withdrawn by Plaintiffs' Counsel .......................... 8 |
|------|-----|---|
|      | K.  | Plaintiffs' Spoliation Claim is Barred Under Ohio Law .......................................... 8 |
| III. | STATEMENT OF FACTS ........................................................................................... 9 |
|      | A.  | Background of OHSL and Its Search for an Acquisition ....................................... 9 |
|      | B.  | OHSL's Arms Length Negotiations with Provident ............................................... 9 |
|      | C.  | The First Restatement ........................................................................................... 11 |
|      | D.  | The Second Restatement ....................................................................................... 12 |
|      | E.  | The Provident Stock Price .................................................................................... 13 |
|      | F.  | Summary of Plaintiffs' Allegations in the CAC ................................................... 13 |
| IV.  | ARGUMENT .............................................................................................................. 14 |
|      | A.  | The Court Should Dismiss Plaintiffs' Section 10(b), 11, 12(2) and 14 Claims Because They Fail to Allege Facts Sufficient to Establish that the Proxy Materials Contain Material Misstatements and/or Omissions ................... 15 |
|      |     | 1. Plaintiffs' False Allegations of Misstatements and/or Omissions ............. 16 |
|      |     | 2. Plaintiffs' Fourth Alleged Misstatement is Legally Immaterial ................ 24 |
|      | B.  | The Court Should Dismiss Plaintiffs' Claim of Securities Fraud Under Section 10(b)/Rule 10b-5 Because Plaintiffs Have Failed to Adequately Allege Scienter and Show Reliance on the Proxy Materials ................................. 25 |
|      |     | 1. Plaintiffs' Section 10(b)/Rule 10b-5 Claim Fails as a Matter of Law Because Plaintiffs Have Not Adequately Pled Scienter ..................... 26 |
|      |     | 2. Plaintiffs' Failure to Demonstrate Reliance on the Allegedly Misleading Proxy Materials is Fatal to Their Securities Fraud Claim .......................................................................................................... 31 |
|      | C.  | The Court Should Dismiss Plaintiffs' Section 11 Claim for the Additional Reason that the Individual Defendants are Not Liable Under Section 11 for the Expertised Portions of the Proxy Materials .............................................. 32 |
|      | D.  | Dismissal of Plaintiffs' Section 12(2) Claim Against the Individual Defendants is Further Warranted on the Basis that Plaintiffs Have Failed to Allege Any Facts Demonstrating that They Were Statutory Sellers ................. 33 |
|      | E.  | Plaintiffs' Federal Securities Claims are All Time-Barred .................................... 35 |

F. The CAC Fails to Adequately Plead Control Person Liability as to Hanauer, Hoverson, and Cook ........................................................................... 36

G. Four of Plaintiffs' Five State Law Claims are Preempted by SLUSA ................... 39

H. Plaintiffs' Claims Under Ohio Securities Law are Time-Barred .......................... 41

I. Plaintiffs' Common-law Fraud Claim Must Also be Dismissed for Failure to Plead Fraud with the Requisite Particularly and Show Reliance, and Also Because it is Time-Barred ............................................................................ 42

J. Plaintiffs' Breach of Fiduciary Duty Claim Previously Has Been Stricken by the Court and Voluntarily Withdrawn by Plaintiffs' Counsel ......................... 43

K. Plaintiffs' Spoliation Claim is Barred Under Ohio Law ........................................ 44

V. CONCLUSION ...................................................................................................................... 46