UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** *et al.*,  )<br>  )<br>           **Plaintiffs,**  )<br>  )<br>     -v-  )<br>  )<br>**OHSL FINANCIAL CORPORATION,**  )<br>*et al.*,  )<br>  )<br>           **Defendants.**  )<br>  ) | **Case No. C-1-00-793**<br><br>**(Judge Sandra S. Beckwith)**<br>**(Magistrate Judge Timothy S. Hogan)**<br><br>**OHSL AND PROVIDENT**<br>**DEFENDANTS' OPPOSITION TO**<br>**PLAINTIFF'S "EMERGENCY"**<br>**MOTION TO STRIKE DEFENDANTS'**<br><u>**MOTIONS TO DISMISS**</u> |
| | |

I.     **INTRODUCTION**

Plaintiffs' Emergency Motion to Strike Defendants' Motions to Dismiss or, Alternatively, to Deem Them Motions for Summary Judgment (Plaintiffs' "Emergency Motion") has no merit. The Court should summarily deny the Emergency Motion and further order Plaintiffs to comply with the Court's November 19, 2003 Scheduling Order (Doc. No. 221).

In the Emergency Motion, Plaintiffs' claim that Defendants' Motions to Dismiss actually are "disguised" motions for summary judgment. This is an astounding case of the pot calling the kettle black; Plaintiffs' purported "Emergency Motion" is nothing more than a disguised ploy to delay briefing and decision on Defendants' proper and meritorious Motions to Dismiss. Plaintiffs apparently do not have sufficient resources to timely respond to the Motions to Dismiss and therefore have done what they can to try to delay responding. Presumably, Plaintiffs do not want to simply ask for an extension of time in a straight forward manner because: (1) Plaintiffs' counsel repeatedly, and recently, has refused Defendants' counsel the courtesy of even brief extensions of time on other briefs and is therefore afraid that if he makes such a request of

Defendants or the Court, he will get what he gave; and (2) the very same day he filed the "Emergency Motion", Plaintiffs' counsel filed a Reply in Support of Class Certification, claiming that Plaintiffs' counsel have sufficient resources to adequately represent the putative class (Reply (Doc. No. 260), at 13-19) when, in reality, they evidently do not even have sufficient resources to timely respond to Defendants' Motions to Dismiss (*See* Emergency Motion (Doc. No. 261), at 4).

The Court should deny the Emergency Motion and require Plaintiffs to respond to Defendants' Motions to Dismiss by February 16, 2004, in accordance with the Court's current Scheduling Order (Doc. No. 221).

II.  **FACTS/ARGUMENT**

In the Emergency Motion, Plaintiffs make two claims:

    1.    Plaintiffs claim that Defendants' Motions to Dismiss should be stricken because they allegedly are redundant in that they re-argue issues that, Plaintiffs claim, were dispositively decided by the Court in its July 25, 2001 Order (Emergency Motion (Doc. 261), at 5); and

    2.    In the alternative, Plaintiffs claim that Defendants' Motions to Dismiss should be converted to summary judgment motions because Plaintiffs allege they go outside of the pleadings and materials appropriate for consideration under Rule 12(b) (Emergency Motion (Doc. No. 261), at 5-7).

Both of these claims lack merit.

    A.    **Plaintiffs Have Not Offered Any Reasons That Would Justify Striking the Motions to Dismiss.**

Defendants' Motions to Dismiss do not improperly re-argue issues already decided by the Court. The Court's July 25, 2001 ruling dispositively held that, as a matter of law, nine of the twelve categories of misstatements or omissions alleged in Plaintiffs' original Complaint were, as a matter of law, either accurate or immaterial. (Doc. 46). Contrary to the assertions made in

the Emergency Motion, the Court did not then, and never has, ruled that the three remaining categories of alleged misstatements or omissions were actual misstatements or were material as a matter of law. In other words, while the Court did dispositively rule that nine of the twelve categories of allegations raised in Plaintiffs' original Complaint failed to state a claim for relief as a matter of law, the Court did not dispositively rule that the remaining three categories did state a claim. Therefore, Defendants are free to continue to present arguments as to why these three categories of allegations fail to state a claim.

Moreover, the CAC is an entirely new complaint and Defendants' counsel are free to argue the legal sufficiency of the claims raised in the new CAC. Importantly, since the Court's July 25, 2001 Order, the law relating to many of the issues raised in the CAC has changed and now even more clearly mandates dismissal with prejudice of each of Plaintiffs' claims. Plaintiffs apparently want the Court to ignore this new law and rest on an earlier, non-dispositive ruling made on a different complaint. The law does not require Defendants to remain silent in the face of new and clearer law, particularly when the claims before the Court are alleged in an entirely new and different complaint -- the December 31, 2003 CAC.

### B. Plaintiffs Have Not Alleged Grounds Sufficient to Justify Converting the Motions to Dismiss to Summary Judgment Motions.

Plaintiffs' claim that Defendants' Motions to Dismiss should be converted to summary judgment motions because they "attached volumes of discovery taken in another non-securities case" (Doc. No. 261, at 1), is especially disingenuous and is nothing more than a weak attempt to delay briefing and ruling on Defendants' motions to dismiss. The only reason the Motions to Dismiss reference depositions taken by Plaintiffs' counsel in his State Court Action is because Plaintiffs' December 31, 2003 Consolidated Amended Complaint (the "CAC") is based largely on excerpts taken from those same depositions which were presented in the CAC out of context.

As Plaintiffs' counsel is well aware, courts can and should consider all documents referenced in a complaint when deciding a motion to dismiss such complaint. *In re Gupta Corp. Sec. Litig.* 900 F.Supp. 1217, 1228 (N.D. Cal. 1994) (*quoting Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2nd Cir. 1991)) (when ruling on a motion to dismiss, a court may consider documents whose contents are alleged in the complaint). Although Plaintiffs now complain that the Motions to Dismiss should be converted to summary judgment motions because they cite testimony from depositions "not taken in this case" (Doc. 261, at 8 (emphasis in original)), the reality is that the motions to dismiss cite those depositions **only** because they were first cited, and relied on by Plaintiffs, in the CAC. Consistent with Plaintiffs' *modus operandi*, they wish to rely on misleading excerpts from those depositions in the CAC, then cry that the Court should not review the entire transcripts when considering Defendants' Motions to Dismiss because that would require that a "detailed factual determination be made." (Doc. 261, at 2).

Conversion of the Motions to Dismiss would be wholly improper and would constitute a blatant violation of the Private Securities Litigation Reform Act's proscription on discovery while motions to dismiss remain pending. Essentially, Plaintiffs want to delay briefing and decision on Defendants' Motions to Dismiss, presumably because Plaintiffs recognize that the motions have merit and Plaintiffs' claims should be dismissed with prejudice.

Contrary to the assertions made in their Reply in Support of Class Certification (Doc. 260, at 13-19), Plaintiffs' counsel evidently does not have sufficient resources to respond to Defendants' Motions to Dismiss in accordance with the deadline set forth in the Court's November 19, 2003 Scheduling Order. Instead of simply requesting or moving for an extension -- as would be proper, but which was likely unpalatable in light of the unreasonable refusal by

Plaintiffs' counsel to grant Defendants the same courtesy -- Plaintiffs' counsel filed this meritless Emergency Motion.[1]

The Court should deny Plaintiffs' Emergency Motion.  Plaintiffs are free to raise whatever issues they like when responding to Defendants' Motions to Dismiss.  If Plaintiffs truly believe that the Court already has decided that the three categories of allegations left standing after the Court's July 25, 2001 Order are sufficient to state a claim for relief and that new law on the relevant issues has no impact, then Plaintiffs are free to make such arguments in their memoranda opposing the Motions to Dismiss.  Similarly, if Plaintiffs wish to argue that depositions that they excerpted in the CAC are sufficient to defeat the Motions to Dismiss, then they should make such an argument in their memoranda opposing those motions.  These arguments, however, if made at all, should be made in Plaintiffs' briefs opposing Defendants' Motions to Dismiss, which are due to be filed on February 16, 2004.  Plaintiffs' arguments do not support striking the Motions to Dismiss, or converting them to motions for summary judgment.  The Court should not permit Plaintiffs to escape the dictates of the Scheduling Order and further delay briefing and decisions on Defendants' proper Motions to Dismiss.

III.  **CONCLUSION**

For the foregoing reasons, the Court should summarily deny Plaintiffs' Emergency Motion and should further order Plaintiffs to file their memoranda opposing Defendants' Motions to Dismiss on February 16, 2004, in accordance with the Court's Scheduling Order.

---

[1] Defendants did not object to the Scheduling Order and have complied with its dictates.  That stated, Defendants would have no objection if the Court wishes to allow Plaintiffs an extension of time to respond to Defendants' Motions to Dismiss commensurate with the Local Rules.  Under the Scheduling Order, Plaintiffs' opposition papers are due on February 16, 2004.  Under the Local Rules, Plaintiffs' opposition papers would be due on February 21, 2004.  Defendants would have no objection to this four day extension, and even would agree to a further brief extension of ten days or two weeks.  Ironically, Defendants requested from Plaintiffs a brief, nine day extension to reply to Plaintiffs' Motion for Class Certification, but Plaintiffs' counsel refused, stating: "I will not agree to an extension, and I will vehemently oppose any attempts to obtain a second bite at the apple after you took absolutely no action for months, all the while knowing this deadline was approaching."  (1/7/04 Brautigam letter, attached as Exhibit 2 to Defendant's 1/12/04 Position Paper (Doc. No. 239)).

- 7 -

                Respectfully submitted,

                /s/John B. Pinney
                John B. Pinney
                J. Michael Debbeler
                GRAYDON, HEAD & RITCHEY LLP
                1900 Fifth Third Center
                511 Walnut Street
                Cincinnati, Ohio  45202
                Tel:  (513) 621-6464
                Fax:  (513) 651-3836
                Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
Jennifer J. Morales
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum was served upon the following, electronically on this 5th day of February, 2004.

| | |
|---|---|
| Michael G. Brautigam<br>Gene L. Mesh<br>Gene Mesh & Associates<br>2605 Auburn Avenue<br>Cincinnati, Ohio  45219-2502<br><br>*Attorneys for Plaintiffs* | John W. Hust<br>Michael E. Maundrell<br>Schroeder, Maundrell, Barbiere & Powers<br>11935 Mason Road, Suite 110<br>Cincinnati, Ohio  45249<br><br>*Attorneys for Dinsmore Defendants* |
| | James E. Gauch<br>Jones Day<br>51 Louisiana Avenue, N.W><br>Washington, D.C.  20001-2113<br><br>*Attorney for Defendant Ernst & Young* |
| | Michael R. Barrett<br>Thomas W. Breidenstein<br>Barrett & Weber<br>500 Fourth & Walnut Centre<br>105 East Fourth Street<br>Cincinnati, Ohio  45202-4015<br><br>*Attorneys for KMK Defendants* |

/s/John B. Pinney
John B. Pinney

1213678.1