UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, ET AL. | ) | Case No. C-1-00-793-SSB-TSH |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| -v- | ) | |
| | ) | **DEFENDANTS KEATING, MUETHING** |
| OHSL FINANCIAL CORPORATION, ET AL. | ) | **& KLEKAMP, P.L.L. AND MARK** |
| | ) | **WEISS' MEMORANDUM IN** |
| Defendants. | ) | **OPPOSITION TO PLAINTIFFS'** |
| | ) | **EMERGENCY MOTION (T.d. 261)** |
| | ) | |

Defendants Keating, Muething & Klekamp, PLL and Mark Weiss ("KMK Defendants") oppose Plaintiffs' emergency motion (*T.d. 261*) and respectfully request that the Court maintain the current briefing schedule (*T.d. 221*) with respect to the KMK Defendants' motion to dismiss (*T.d. 256*).

I. **Plaintiffs' emergency motion and request violate the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA").**

Plaintiffs' request for the Court to convert the pending motions to dismiss into motions for summary judgment and allow them to conduct discovery on the pending issues is an end run around the specific intent and the explicit language of the PSLRA which applies to this case. **The PSLRA requires a stay of all discovery pending resolution of motions to dismiss** so the Court can clarify what claims and what parties should properly be in the litigation before merits discovery (and class discovery) can proceed. 15 U.S.C. §78u-4(b)(3)(B); S. Rep. No. 104-98, at 14 (1995) (U.S.C.C.A.N. 679, 683) (Congressional intent was to permit discovery "only after the court has sustained the legal sufficiency of the complaint") (cited *in In re: Unum Provident*

*Corp. Sec. Litig.*, 2003 U.S. Dist. Lexis 24412, *2-3, (E.D. Tenn. Dec. 29, 2003) (attached); *In re: DPL Inc. Sec. Litig.*, 247 F.Supp. 2d 946, 947 (S.D. Ohio 2003)).

II.     **The KMK Defendants' January 30, 2004 Motion to Dismiss (*T.d. 256*) is proper and should not be converted into a Motion for Summary Judgment.**

The KMK Defendants' January 30, 2004 motion to dismiss seeks dismissal on multiple grounds, including: (1) Plaintiffs' federal and state law claims are barred by the applicable statute of limitations and/or statute of repose; (2) Plaintiffs' state law claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA"); and (3) Plaintiffs' Section 10(b)/Rule 10b-5 and Section 11 claims are not pled with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(b)(1) of the PSLRA.  **These arguments are not dependent on any depositions or documents** – they are straight-forward legal arguments properly raised in a motion to dismiss that should be addressed by the Court at its earliest opportunity because they dispose of the case against the KMK Defendants.  They are similar to the arguments raised by Defendant Ernst & Young in its motion to dismiss – which Plaintiff apparently acknowledges requires an opposition memorandum (or dismissal of the claims) by February 16, 2004.  There is no reason why Plaintiffs' opposition to these legal arguments cannot be filed by February 16, 2004 in compliance with the Court's scheduling Order.

The KMK Defendants also argued to the Court that in considering Plaintiffs' "expert" argument under Section 11 and the "scienter" requirement of Plaintiffs' Section 10(b)/Rule 10b-5 and Section 11 claims, Defendant Mark Weiss was already deposed and testified on these matters.  **The KMK Defendants cited to the deposition testimony because Plaintiffs cited repeatedly to deposition testimony of KMK Defendants** in its December 31, 2002 Consolidated Amended Complaint. (*T.d. 234 at ¶¶ 30, 31, 56, 66*).  The Sixth Circuit case law is clear that when a plaintiff chooses to cite and rely upon documents and deposition testimony in

its complaint, the Court can consider the full document or testimony without converting a motion to dismiss into a motion for summary judgment.[1]  Plaintiffs cannot cite misleadingly from the Weiss deposition in their December 31, 2003 Consolidated Amended Complaint (*T.d. 234*), and then complain when the deposition testimony is clarified for the Court.  In any event, the Court does not need to reach this argument or consider the deposition testimony in granting the KMK Defendants' motion to dismiss and dismissing them from this litigation, even though it is entirely proper and appropriate for the Court to do so under the circumstances.[2]

The KMK Defendants also incorporated by reference the "lack of materiality" arguments advanced by the OHSL/Provident Defendants, who have also opposed Plaintiffs' emergency motion (*T.d. 262*) and addressed the appropriateness of raising these arguments in their motion to dismiss.  The KMK Defendants refer the Court to the OHSL/Provident Defendants' opposition on this issue.

---

[1] *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (court may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim); *see also Allied Mechanical Services, Inc. v. Local 337*; 221 F.3d 1333, 2000 WL 924594 (6th Cir. 2000) (attached) (district court's consideration of materials presented in connection with a motion to dismiss did not convert the motion to one for summary judgment because the materials reiterated the contents of the complaint, were referred to in the complaint, or were central to the claims asserted.); *Weiner v. Klais*, 108 F.3d 86 (6th Cir. 1997) (a defendant may introduce certain pertinent documents if the plaintiff fails to do so, otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss by failing to attach a dispositive document upon which it relied); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994) (when ruling on a motion to dismiss, a court may consider a variety of documents in addition to the complaint, including, but not limited to, documents whose contents are alleged in the complaint but which are not physically attached to the pleading).

[2] Plaintiffs have already circumvented the PSLRA by deposing four attorneys at KMK, and then attempting to add the KMK Defendants as additional defendants in an amended complaint.  For this reason, the Court's current scheduling Order explicitly states that no discovery will be conducted against the KMK Defendants while the motions to dismiss are pending. (*T.d. 221*). No valid reasons exist to modify the finding and ignore the PSLRA.

Even if the Court determines that the OHSL/Provident Defendants' "lack of materiality" arguments should be addressed in a summary judgment context, that determination should not affect resolution of the statute of limitations, statute of repose, SLUSA preemption, and failure to plead arguments raised in the KMK Defendants' motion to dismiss.

III. **Plaintiffs' emergency motion and letter of February 6, 2004 are procedurally improper.**

Plaintiffs' emergency motion seeking "guidance" from the Court is a waste of time and resources. Plaintiffs are improperly asking the Court to render an advisory opinion without full and appropriate briefing and consideration.

Plaintiffs argue that the motion to dismiss is actually a motion for summary judgment. If Plaintiffs believe that the motions to dismiss, or any portion of any motion to dismiss, is really a motion for summary judgment, then Plaintiffs are obligated under the Federal Rules of Civil Procedure to: (1) respond to the arguments presented that Plaintiffs believe require a Rule 12 response; and (2) respond and argue that one or more arguments must be resolved in the context of a motion for summary judgment **and** either: (a) present appropriate Rule 56 evidence in opposition; or (b) submit a Rule 56(f) affidavit. *F.R.C.P. 12, 56*. The KMK Defendants would then reply to the fully briefed arguments accordingly, and the Court would decide the issue accordingly.

Plaintiffs' emergency motion ignores the rules and seeks an advisory opinion without appropriate venting of arguments. Plaintiffs are asking the Court to decide how it will treat arguments in the pending motions without receiving full briefing on the matter. Plaintiffs should make their arguments in an opposition memorandum on February 16, 2004 consistent with the Federal Rules of Civil Procedure, applicable case law and this Court's scheduling Order of November 18, 2003 (*T.d 221*).

IV. **The KMK Defendants do not oppose a reasonable and limited extension of time within which Plaintiffs may respond to their Motion to Dismiss, but do oppose any further modification of the Court's current scheduling Order.**

The KMK Defendants complied with the Court's scheduling Order and filed their motion to dismiss Plaintiffs' December 31, 2003 Consolidated Amended Complaint on January 30, 2004. The briefing schedule on motions to dismiss was entered months ago to allow the Court to decide the motions by April 30, 2004 – **a firm date that was requested by Plaintiffs' counsel**. At this time, the KMK Defendants do not oppose a reasonable limited extension of time for the Plaintiffs to respond to the motion to dismiss. However, the KMK Defendants request that their motion to dismiss be ruled upon at the earliest opportunity and preferably before or on April 30, 2004. The Court is well aware of Plaintiffs' and Plaintiffs' counsel's "quest to bring KMK into the case" (*T.d. 227 at 11*) – yet the claims asserted are time-barred, preempted, or inadequately pled – not too mention baseless and without merit. The KMK Defendants want their motion to dismiss decided at the Court's earliest opportunity to avoid the cost and expense of class discovery (and the costs and expense of participating in this litigation generally and responding to procedurally improper motions such as Plaintiffs' emergency motion).[3]

V. **Conclusion**

For the foregoing reasons, the KMK Defendants respectfully request that the Court deny Plaintiffs' emergency motion and deny any request to modify unreasonably the current briefing

---

[3] Under the current scheduling Order, the Court would decide the motions to dismiss by April 30, 2004 and class discovery would be allowed through June 30, 2004. If the Court denies, in whole or in part, the KMK Defendants' motion to dismiss, they still have sufficient time to conduct class discovery and oppose class certification with a properly developed discovery record. For this reason, the KMK Defendants opposed Plaintiffs' December 31, 2003 motion for class certification by incorporating the arguments of other Defendants but requested that the Court stay consideration of the motion until after the KMK Defendants conducted class discovery. (*T.d. 245*).

schedule requiring the Plaintiffs to file a memorandum in opposition to the KMK Defendants' motion to dismiss by February 16, 2004.

                Respectfully submitted,

                /s/ Thomas W. Breidenstein
                Michael R. Barrett (0018159)
                Thomas W. Breidenstein (0064299)
                BARRETT & WEBER, LPA
                500 Fourth & Walnut Centre
                105 East Fourth Street
                Cincinnati, Ohio 45202
                Tel: 513-721-2120
                Fax: 513-721-2139
                mrbarrett@barrettweber.com
                twbreidenstein@barrettweber.com
                Attorneys for Defendants,
                Mark Weiss and Keating, Muething & Klekamp, P.L.L.

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2004, I electronically filed the foregoing Memorandum in Opposition to Plaintiffs' Emergency Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 10th day of February, 2004.

    Michael G. Brautigam
    Gene Irving Mesh
    Gene Mesh & Associates
    2605 Burnet Avenue
    Cincinnati, Ohio  45219-2502
    Attorney for the Plaintiff

    Stephen J. Brogan
    Melissa D. Stear
    Jones Day
    51 Louisiana Avenue, N.W.
    Washington, DC 20001
    Attorney for Defendant Ernst & Young

                                          /s/ Thomas W. Breidenstein
                                          Thomas W. Breidenstein