LEXSEE 2003 US DIST LEXIS 24412

In re: UNUM PROVIDENT CORP. SECURITIES LITIGATION

Lead Case No. 1:03-CV-049, MDL Case No. 1:03-md-1552

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA DIVISION

2003 U.S. Dist. LEXIS 24412

December 29, 2003, Filed

**PRIOR HISTORY:** *Keir v. UnumProvident Corp., 2003 U.S. Dist. LEXIS 14522 (S.D.N.Y., Aug. 22, 2003)*

**DISPOSITION:** Motions for lifting of discovery stay denied.

**CORE TERMS:** discovery, motion to dismiss, lifting, lift, necessary to preserve, undue prejudice, e-mails, preserve evidence, opposing party, particularized, inadvertent, waived, fault

**COUNSEL:** [*1] For FRANK W KNISLEY, On Behalf of Himself and Others Similarly Situated, plaintiff: George E Barrett, Douglas S Johnston, Jr, Barrett, Johnston & Parsley, Nashville, TN. Buckley P. Hollister, Milberg Weiss Bershad Hynes & Lerach, LLP, San Diego, CA.

For TEACHERS' RETIREMENT SYSTEM OF LOUISIANA, LOUISIANA SCHOOL EMPLOYEES' RETIREMENT SYSTEM, plaintiffs: Paul K Bramlett, Nashville, TN. Roger J LeBlanc, LeBlanc & Waddell, Baton Rouge, LA. Bryan A Wood, Julie A Richmond, Kathleen M Donovan-Maher, Jeffrey C Block, Berman, Devalerio, Pease, Tabacco, Burt & Pucillo, Boston, MA. Javier Bleichmar, Douglas M McKeige, Eitan Misulovin, Bernstein, Litowitz, Berger & Grossman, LLP, New York, NY.

For GLICKENHAUS AND CO, plaintiff: J William Pope, Jr, Ward Crutchfield & Associates, Chattanooga, TN. Ramzi Abadou, Andrew J. Brown, Edward P Dietrich, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA.

For UNUM PROVIDENT CORPORATION, defendant: John P Konvalinka, Susan Kerr Lee, Grant, Konvalinka & Harrison, PC, Chattanooga, TN.

For J HAROLD CHANDLER, defendant: William H. Horton, Michael A Anderson, Horton, Maddox & Anderson, PLLC, Chattanooga, TN.

For ROBERT C GREVING, [*2] defendant: John P Konvalinka, Susan Kerr Lee, Grant, Konvalinka & Harrison, PC, Chattanooga, TN.

**JUDGES:** C. Clifford Shirley, Jr., UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** C. Clifford Shirley, Jr.

**OPINION:**

MEMORANDUM & ORDER

Before the Court is Lead Plaintiff Glickenhaus & Co.'s Motion for Lifting of Discovery Stay [Doc. 70] and the Joint Motion of Proposed Lead Plaintiffs Teachers' Retirement System of Louisiana and Louisiana School Employees' Retirement Systems (collectively the "Louisiana Funds") for Lifting the Discovery Stay [Doc. 73]. n1 For the reasons set forth below, Lead Plaintiff Glickenhaus & Co.'s motion [Doc. 70] is **DENIED**, and Plaintiffs Louisiana Funds' motion [Doc. 73] is **DENIED AS MOOT**.

   n1 Since the filing of these motions, the Court entered an Order designating Glickenhaus & Co. as lead plaintiff in the securities litigation [Doc. 77].

Lead Plaintiff Glickenhaus & Co, ("Lead Plaintiff" or "Glickenhaus") seeks a lifting of the discovery stay imposed by the Private Securities [*3] Litigation Reform Act of 1995 ("PSLRA"), *15 U.S.C. § 78u-4, 5*. The PSLRA provides, in pertinent part, as follows:

   In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the

> motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

*15 U.S.C. § 78u-4(b)(3)(B)*. In light of Congress' intent to permit discovery in securities class actions "only after the court has sustained the legal sufficiency of the complaint," S. Rep. No, 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693, courts have held that the PSLRA discovery stay is triggered not only when an actual motion to dismiss has been filed, but also when a defendant has indicated its intent to file such a motion in the future. See *In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 679, 681 (D. Md. 2000)*; see also *In re DPL Inc., Sec. Litig., 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003)* (citing In re Carnegie with approval); [*4] *Newby v. Enron Corp., 188 F. Supp. 2d 684, 709 (S.D. Tax. 2002)*; Global Intellicom, Inc. v. Thomson Kernaghan & Co., 1999 U.S. Dist.b LEXIS 5439, No. 99 CIV 342(DLC), *1999 WL 223158,* at *1 (S.D.N.Y. Apr. 16, 1999); *In re Trump Hotel Shareholder Derivative Litig.,1997 U.S. Dist. LEXIS 11353,* No. 96 CIV 7820 (DAB)(HBP), *1997 WL 442135,* at *2 (S.D.N.Y. Aug. 5, 1997); but see *Dartley v. Ergobilt, Inc.,1998 U.S. Dist. LEXIS 17751,* No. 3:98-CV-1442-G, *1998 WL 792500,* at *1 (N.D. Tex. Nov. 4, 1998) (holding, under PSLRA, "discovery must be stayed only when a motion to dismiss has actually been filed"); *Novak v. Kasaks, 1996 U.S. Dist. LEXIS 11778,* No.96 CIV 3073(AGS), *1996 WL 467534,* at *1 (S.D.N.Y. Aug. 16, 1996) (denying request for stay of discovery prior to filing of motion to dismiss). In the instant case, Defendants have expressed their intent to pursue a motion to dismiss once the consolidated amended complaints has been filed [Doc. 78], and the parties do not dispute that the PSLRA stay is applicable in this case and is currently in effect. n2

> n2 Neither party, however, addresses in the pleadings that these civil actions are also subject to a discovery stay pursuant to the Practice and Procedure Order entered by the Court on October 9, 2003. In that Order, the Court ordered all discovery proceedings stayed "until further order of the Court . . ." [Doc. 9]. For the purposes of this Memorandum and opinion, the Court will consider Lead Plaintiff's motion to lift the PSLRA stay as a request to lift the stay imposed by the Practice and Procedure Order as well.

[*5]

Lead Plaintiff argues that the discovery stay should be lifted because Defendants have violated the PSLRA's document-preservation mandate. In support of this contention, Lead Plaintiff cites the opinion authored by Judge Cote in *Keir v. UnumProvident Corp., 2003 U.S. Dist. LEXIS 14522,* No. 02 CIV 8781(DLC), *2003 WL 21997747* (S.D.N.Y. Aug. 22, 2003). Keir is an ERISA class action that has since been transferred to this Court as part of the present multidistrict litigation. Plaintiff argues that Judge Cote's findings of fact in the Keir opinion establish as a matter of law that UnumProvident willfully failed to preserve evidence. Based upon these, findings, Lead Plaintiff seeks a lifting of the PSLRA discovery stay as a sanction against Defendants [Doc. 71].

Defendants oppose Lead Plaintiffs motion, arguing that the first federal securities action was not filed against UnumProvident until February, 2003, and therefore, the loss of e-mails in 2002, which was the subject of Judge Cote's August 22, 2003 Order, could not have been in violation of any duty UnumProvident had under the PSLRA to preserve evidence. Furthermore, Defendant argues, the Court in Keir expressly found that the [*6] loss of e-mails was inadvertent and not due to the fault of anyone [Doc. 78].

Under the PSLRA a party who has "actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." *15 U.S.C. § 78u-4(b)(3)(C)(i)*. If a party willfully fails to comply with this provision, the opposing party may seek appropriate sanctions from the Court. See *15 U.S.C. § 78u-4(b)(3)(C)(ii)*.

Upon reviewing the Keir opinion, the Court cannot agree with Lead Plaintiff's characterization of Judge Cote's findings. Judge Cote specifically found that the loss of e-mails at issue "was inadvertent and unintended" and "through the fault of no one." *Keir, 2003 U.S. Dist. LEXIS 14522, 2003 WL 21997747,* at *12, *13. The PSLRA provides for the possibility of sanctions only in the event of a party's "willful failure" to preserve [*7] relevant evidence. *See In re Tyco Int'l. Ltd., Sec. Litig., No.00MD1335, 2000 WL 33654141,* at *2 (D.N.H. July 27, 2000). While the Court agrees with Judge Cote's conclusion that had UnumProvident "been as diligent as it should have been. . . many fewer tapes would have been inadvertently overwritten," *Keir, 2003 U.S. Dist. LEXIS 14522, 2003 WL 21997747,* at *13, the Court cannot say that UnumProvident's conduct in this regard was "willful." Accordingly, the Court finds that sanctions are not appropriate under *15 U.S.C. § 78u-4(b)(3)(C)(ii)*.

Lead Plaintiff argues that, at a minimum, Plaintiffs

should be entitled to discover the evidence that has already been produced in the Keir case. In this regard, Lead Plaintiff contends that UnumProvident waived its ability to contest production of the Keir documents by arguing for centralization of all cases before the Judicial Panel on Multidistrict Litigation [Doc. 71]. Defendant counters that it did not waive the protection afforded by the PSLRA by arguing for consolidation of pretrial proceedings of various ERISA and securities actions filed against it. Further, it contends that Lead Plaintiff has not [*8] shown that immediate discovery of the materials produced in Keir is warranted [Doc. 78].

In order to lift the discovery stay, Lead Plaintiff must show that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *15 U.S.C. § 78u-4(b)(3)(B)*. The Court finds that Lead Plaintiff has failed to demonstrate how immediate discovery of the evidence produced in Keir is necessary to preserve such evidence or how the discovery of such evidence is necessary to prevent undue prejudice to the Plaintiffs.

Furthermore, the Court does not find any merit to Lead Plaintiffs argument that Defendants waived the statutory stay by seeking transfer and coordination of these civil actions by the MDL Panel. Accordingly, Lead Plaintiffs request to lift the PSLRA discovery stay is **DENIED**.

The Joint Motion of Proposed Lead Plaintiffs Louisiana Funds for Lifting the Discovery Stay [Doc. 73] seeks relief identical to that sought by Glickenhaus. As indicated earlier, since these motions have been filed, Glickenhaus has been appointed lead plaintiff in the securities litigation. For these reasons, the Joint Motion of Proposed [*9] Lead Plaintiffs Louisiana Funds for Lifting the Discovery Stay [Doc. 73] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

C. Clifford Shirley Jr.

UNITED STATES MAGISTRATE JUDGE