**LAW OFFICES OF GENE MESH AND ASSOCIATES**

6 February 2004

BY HAND DELIVERY

Judge Sandra S. Beckwith
United States District Court
Southern District of Ohio
Western Division at Cincinnati
810 Potter Stewart Courthouse
100 East Fifth Street
Cincinnati, OH 45202

Re: <u>Thiemann, et al. v. OHSL, et al. Case No. C-1-00-793</u>

Dear Judge Beckwith:

I am writing at the suggestion of, and with the explicit permission of, Magistrate Judge Hogan to respectfully request your intervention to clarify several recently-filed motions, Docs. No 246, 253, and 256. Currently, the plaintiffs are facing a dilemma, and need guidance to determine, how, when, and if at all to respond to these recent filings by all defendants save Ernst & Young. Generally speaking, these issues are dealt with in greater detail in the Emergency Motion (Doc. No. 261), and the response by the OHSL and Provident defendants thereto (Doc. No 262). The issues relate to all defendants except Ernst & Young.

The plaintiffs believe that two issues in particular need to be addressed. First, plaintiffs request clarification on the "motions to dismiss" filed by the OHSL and Provident defendants, the Dinsmore defendants, and the KMK defendants. Plaintiffs believe that they are, in form and substance, motions for summary judgment. If plaintiffs are correct, plaintiffs request that they be treated as such, and an appropriate schedule be set for plaintiffs to take discovery and respond with a full and fair record that is developed in this case.[1] If plaintiffs are not correct, and the Court wishes to treat the filings as motions to dismiss, plaintiffs request that an appropriate schedule be set for the plaintiffs to respond to these massive, interlocking motions., Although the defendants had months to prepare these motions, the plaintiffs presently only have days to respond to them under the existing schedule. Plaintiffs are sure that this result was not the intent of this Court.

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

---

[1] Many of the attachments are misleading excerpts from transcripts that were taken in another case in another court that was not a securities case. While plaintiffs can rebut the contentions made by defendants from other sections of these depositions, the very ess of doing so—responding to detailed factual allegations, and asking the Court to ed factual determinations--suggests that these are summary judgment

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

Second, and more importantly, the motions at issue seem to disregard this Court's previous Order (Doc. No. 46), in that they directly challenge this Order and argue points that have been already decided by the Court. The motions make the same arguments in the very same way, often verbatim, including the same supporting quotations. Just as plaintiffs were limited by the Court's Order as to what they could allege, plaintiffs believe that the defendants should also be similarly limited as to what arguments the defendants can make in opposing the Consolidated Amended Complaint ("CAC"). Plaintiffs do not believe that it is efficient or fair for Plaintiffs to be forced to respond to the arguments that the Court has already decided, or fair for this Court to be asked to decide the very same issues that it has previously decided.

Indeed, John Hust, speaking on behalf of the Dinsmore defendants at yesterday's status conference, acknowledged as much when he stated in substance, that the *"defendants may be out on a limb"* and may have *"overstepped"* with respect to this strategy. However, he also added that they did so with the belief that this Court would immediately recognize if they overstepped, and would provide guidance to the parties as to how to proceed if this was the case.[2] Plaintiffs agree, but respectfully request that the Court be made aware of this issue, and provide guidance, before, not after, plaintiffs are required to respond to these motions.

Additionally, the issue of scheduling is also important. Previously this Court has Ordered Magistrate Judge Hogan to set a schedule that would not be changed. At yesterday's status conference, Magistrate Judge Hogan suggested that the true intent of the Order was that nothing be changed that would affect the trial date of May, 2005, but that other dates could be changed as needed. He further indicated that this situation could be especially applicable since the defendants did not oppose a reasonable extension of time. Therefore, based upon the foregoing, Plaintiffs also respectfully request guidance on this issue in order to avoid any potential misunderstandings.

Finally, plaintiffs respectfully request a status conference at the Court's earliest convenience to address this issue, and to set an appropriate schedule once the Court clarifies the nature of the motions and how the parties should proceed.

Sincerely,

Michael G. Brautigam

Cc: All Counsel by Fax

---

[2] Although Mr. Hust was speaking on behalf of the Dinsmore defendants, his rationale logically extends to the OHSL and Provident defendants, and the KMK defendants.