UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER W. THIEMANN, *et al.*, | ) Case No. C-1-00-793 |
| Plaintiffs, | ) (Judge Sandra S. Beckwith) |
| | ) (Magistrate Judge Timothy S. Hogan) |
| -v- | ) |
| OHSL FINANCIAL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

### AFFIDAVIT OF JAMES WHITAKER IN SUPPORT OF PROVIDENT FINANCIAL GROUP, INC.'S RULE 56(F) MOTION FOR ADDITIONAL TIME TO RETAIN AN EXPERT AND SUBMIT EXPERT TESTIMONY

STATE OF OHIO        )
                     ) SS:
COUNTY OF HAMILTON   )

JAMES WHITAKER, being first duly cautioned and sworn, deposes and states as follows:

(1) I am the Vice President and General Counsel of Provident Financial Group, Inc. ("Provident"). I have held this position since December 2, 2002. I am familiar with the facts and underlying circumstances of Provident's restatement on March 5, 2003 (the "First Restatement") and the subsequent restatement on April 18, 2003 (the "Second Restatement"). I am also familiar with this litigation. I have first-hand knowledge of the facts contained herein and would be competent to testify to them if called as a witness at trial.

(2) On January 22, 2004, Plaintiffs filed a motion for partial summary judgment on what they call their "Restatement Claim." In their Restatement Claim, Plaintiffs allege that Provident's March and April, 2003 restatements of operating results (the "First" and "Second" Restatements," respectively) prove that certain financial data contained in the September 24, 1999 OHSL-Provident Proxy Materials was misstated. Plaintiffs' motion for partial summary

judgment seeks a ruling from this Court that those misstatements in the 1999 Proxy Materials, which were disclosed by the Restatements in 2003, were material for the purposes of establishing Provident's liability under Section 11 of the 1933 Act.

(3) I believe that Plaintiffs' motion for partial summary judgment should be denied for the reasons stated in Provident's memorandum in opposition. To the extent the Court disagrees, Provident needs more time to conduct discovery into the materiality of the financial data in the September, 1999 Proxy Materials which Plaintiffs claim were misstated.

(4) Specifically, Provident needs time to retain an expert who can review the facts and then testify to whether he or she believes that the purported misstatements upon which Plaintiffs base their motion for partial summary judgment were material.

(5) Provident has not previously retained such an expert in this case because Plaintiffs only officially added this claim on December 31, 2003, when they filed their Amended Complaint. Three weeks after adding this claim in their Amended Complaint, Plaintiffs filed their summary judgment motion. Because this claim was newly added, Provident has not had sufficient time to retain an expert to testify about the issues raised in the claim.

FURTHER AFFIANT SAYETH NAUGHT.

_____
James Whitaker

Sworn to before me and subscribed in my presence this 12th day of February, 2004.

_____
Notary Public

JAMES E. BURKE, Attorney at Law
Notary Public, State of Ohio
My commission has no expiration date
Section 147.03 O. R. C.

1217037.1

1217681.1