# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Walter W. Thiemann,                              :
on behalf of himself and of                              Case No. C-1-00-793
all others similarly situated,                   :

                                                         Judge Sandra S. Beckwith
            Plaintiff,                           :

                                                         Magistrate Judge Hogan
    vs.                                          :


OHSL Financial Corporation, et al.               :       **RULE 56 (f)**
                                                         **AFFIDAVIT OF**
                                                         **MICHAEL G.**
            Defendants.                          :       **BRAUTIGAM**

_____

STATE OF OHIO                  :
                               : SS:
COUNTY OF HAMILTION            :


**MICHAEL G. BRAUTIGAM, being duly sworn, deposes and states as**

**follows:**

1.  I am one of the counsel for the plaintiffs in this action.

2.  I make this affidavit pursuant to Rule 56 (f) to inform the Court that I

    believe that plaintiffs are unable to fully and fairly respond to the

    motions to dismiss filed by the KMK defendants, the Dinsmore

    defendants, and the OHSL and Provident defendants based on the

    current incomplete state of the record.

3.  I have conferred with Gene Mesh, another of the counsel for the

    plaintiffs, and I am informed and believe that Mr. Mesh also believes

1

that plaintiffs are unable to fully and fairly respond to the motions to

dismiss due to the current state of the record.

4.  Both Gene Mesh and I believe that the motions to dismiss filed by the

KMK defendants, the Dinsmore defendants, and the OHSL and

Provident defendants, are really motions for summary judgment

masquerading as motions to dismiss that would require the Court to

make detailed factual findings inappropriate on a 12(b) (6) motion.


**FURTHER AFFIANT SAYETH NAUGHT**

Michael G. Brautigam


Sworn to before me and subscribed in my presence this  13th day of February
2004.


MAHER W. KADDOURA
Notary Public, State of Ohio
My Commission Expires
July 30, 2008

2

# EXHIBIT B

**1**

```
1
        UNITED STATES DISTRICT COURT
2            SOUTHERN DISTRICT OF OHIO
3        WESTERN DIVISION AT CINCINNATI
4
5                    - - -
6
7   WALTER W. THIEMANN, on  :
    behalf of himself and   :
8   of all others similarly :
    situated.               :
9                           :
       Plaintiff,           :
10                          :
    VS.               : CASE NO. C-1-00793
11                          :
    OHSL FINANCIAL CORP.,   :
12  OAK HILLS SAVINGS AND   :
    LOAN COMPANY, F.A.,     :
13  NORBERT G. BRINKER,     :
    KENNETH L. HANAUER,     :
14  WILLIAM R. HILLEBRAND,  :
    ALVIN E. HUCKE, THOMAS  :
15  E. MCKIERNAN, JOSEPH J. :
    TENOEVER, HOWARD N.     :
16  ZOELLNER, PROVIDENT     :
    FINANCIAL GROUP, INC.,  :
17  ROBERT L. HOVERSON,     :
    JACK M. COOK, THOMAS D. :
18  GROTE, JR., PHILIP R.   :
    MYERS, JOSEPH A. PEDOTO,:
19  JOSEPH A. STEGER,       :
    CHRISTOPHER J. CAREY,   :
20  CLIFFORD ROE, and       :
    DINSMORE & SHOHL, LLP.  :
21                          :
       Defendants.          :
22
                    - - -
23
24       Transcript of hearing held before
```

**2**

```
1   Magistrate Judge Hogan, pursuant to the
2   Federal Rules of Civil Procedure, taken
3   before me, Lee Ann Williams, a Registered
4   Professional Reporter and Notary Public in
5   and for the State of Ohio, on Thursday, January
6   5, 2004, at 1:00 p.m.
7
8   APPEARANCES:
9      On behalf of the Plaintiff:
10        Michael G. Brautigam, Esq.
          Gene Mesh & Associates
11        2605 Burnet Avenue
          Cincinnati, Ohio 45219
12
       On behalf of the Defendants:
13
          James E. Burke, Esq.
14        Rachael A. Rowe, Esq.
          Keating, Muething & Klekamp
15        1400 Provident Tower
          One East Fourth Street
16        Cincinnati, Ohio 45202
17     On behalf of the Defendants Dinsmore &
       Shohl and Clifford Roe:
18
          John W. Hust, Esq.
19        Schroeder, Maundrell, Barbiere
          & Powers
20        110 Governor's Knoll
          11935 Mason Road
21        Cincinnati, Ohio 45249
22
23
24
```

**3**

```
1   On behalf of the Defendants:
2      Michael Barrett, Esq.
       and
3      Thomas W. Breidenstein, Esq.
       Barrett & Weber
4      105 East Fourth Street
       Suite 500
5      Cincinnati, Ohio 45202
6   On behalf of the Defendants:
7      John B. Pinney, Esq.
       Graydon, Head & Ritchey
8      1900 Fifth Third Center
       511 Walnut Street
9      Cincinnati, Ohio 45202
10  On Behalf of the Defendants:
11     Mary-Helen Perry, Esq.
       Jones Day
12     51 Louisiana Avenue, N.W.
       Washington, D.C. 20001
13
14                  - - -
15
16
17
18
19
20
21
22
23
24
```

**4**

```
12:57:30 1        THE COURT: Everybody's here in
12:57:38 2   chambers and we've agreed to have a brief
12:57:40 3   status conference on whatever Mr. Brautigam
12:57:44 4   wants to discuss. I don't know. Go ahead.
12:57:46 5        MR. BRAUTIGAM: Your Honor, first
12:57:48 6   of all, thank you very much for taking time
12:57:50 7   with the deposition this morning and thank you
12:57:52 8   for meeting with us briefly with respect to the
12:57:52 9   status conference.
12:57:54 10       Your Honor, we asked for a status
12:57:56 11  conference because the schedule that you set,
12:57:58 12  document 221, is no longer workable. It's
12:58:00 13  fundamentally unfair and it's unfair in part
12:58:04 14  because the defendants have chosen to
12:58:08 15  re-litigate things that have already --
12:58:12 16       THE COURT: Can I stop you a
12:58:12 17  second, Mike? My understanding was that the
12:58:14 18  calendar order was the subject of objections
12:58:16 19  before Judge Beckwith. And if that's the case,
12:58:16 20  that issue is before Judge Beckwith and why
12:58:20 21  would I want to address it now? I mean, that's
12:58:24 22  my -- that's my understanding.
12:58:28 23       And I'm not sure that there is any
12:58:32 24  legal authority for filing objections to a
```

02/12/2004  16:26  5136740561    WILLIAMS & OLIVER    PAGE 02

OHSL HEARING 2/5/04

**5**

| | |
|---|---|
| 12:58:34 1 | calendar order, but technically speaking -- I |
| 12:58:36 2 | mean, beyond technically speaking, I think it's |
| 12:58:40 3 | up to her how to schedule her case. And I'm |
| 12:58:46 4 | certain she's going to react to that in some |
| 12:58:48 5 | way. |
| 12:58:48 6 | Now, maybe if she were to dismiss |
| 12:58:50 7 | it on technical grounds, then it might be a |
| 12:58:56 8 | subject to be discussed here. But my feeling |
| 12:58:58 9 | for the moment is it's Judge Beckwith's call |
| 12:59:00 10 | what she wants to do with the calendar order. |
| 12:59:04 11 | I mean, I don't know how you all feel about it. |
| 12:59:08 12 | I -- |
| 12:59:10 13 | MR. BURKE: Your Honor -- |
| 12:59:10 14 | THE COURT: Am I right? |
| 12:59:12 15 | MR. BURKE: Yes. There were |
| 12:59:12 16 | objections filed, Your Honor. |
| 12:59:14 17 | MR. BRAUTIGAM: Your Honor, the |
| 12:59:14 18 | problem is this, we have not been able to get |
| 12:59:18 19 | before Judge Beckwith for the pendency of the |
| 12:59:20 20 | entire case. I believe we've filed emergency |
| 12:59:22 21 | motions before, and somehow these things have a |
| 12:59:24 22 | way of mooting these things out. |
| 12:59:26 23 | As it stands now, we are required |
| 12:59:28 24 | to respond by February 16th, which is a |

**6**

| | |
|---|---|
| 12:59:30 1 | holiday, which is less than the usual time, to |
| 12:59:34 2 | something that the defendants collectively had |
| 12:59:38 3 | months to do. |
| 12:59:38 4 | We object to that, we think it's |
| 12:59:40 5 | fundamentally unfair. Except with respect to |
| 12:59:42 6 | Ernst & Young, who truly did file a motion to |
| 12:59:46 7 | dismiss, what the defendants have filed are |
| 12:59:48 8 | motions for summary judgment. They have reams |
| 12:59:50 9 | of attachments, and that's one thing. But even |
| 12:58:52 10 | worse, they attempt to re-argue decisions of |
| 12:59:54 11 | this Court. |
| 12:59:54 12 | And we think it's simply |
| 12:59:56 13 | outrageous and we don't feel that we have to |
| 12:59:58 14 | respond to something like that. And we need |
| 13:00:00 15 | some guidance on this right away. |
| 13:00:02 16 | MR. BURKE: Your Honor, if I can |
| 13:00:04 17 | respond. Mr. Brautigam is free to bring all of |
| 13:00:06 18 | those issues up in his response and to argue |
| 13:00:08 19 | whatever he wants. I would further add, Your |
| 13:00:10 20 | Honor, that if Mr. Brautigam had called us and |
| 13:00:14 21 | said, there's a lot of motions to be responded |
| 13:00:18 22 | to, I would like a couple of weeks, the answer |
| 13:00:18 23 | would have been we will not oppose a motion to |
| 13:00:20 24 | give you additional time, quite honestly. |

**7**

| | |
|---|---|
| 13:00:22 1 | The problem with Mr. Brautigam is |
| 13:00:22 2 | when we asked for a similar courtesy earlier in |
| 13:00:26 3 | the case with respect to class certification |
| 13:00:28 4 | about a month ago, he said no. I guess he |
| 13:00:30 5 | feels he can't ask us for something or we would |
| 13:00:34 6 | respond as he has responded. That's not the |
| 13:00:38 7 | way we practice law in the Ohio Bar, that's the |
| 13:00:40 8 | way he practices law. If he had asked us, we |
| 13:00:42 9 | would have agreed, it's that simple. |
| 13:00:44 10 | MR. BRAUTIGAM: Your Honor, that's |
| 13:00:44 11 | disingenuous. Judge Beckwith had issued a |
| 13:00:48 12 | ruling saying the schedule will not be changed. |
| 13:00:50 13 | So I think it was wrong for Mr. Burke to call |
| 13:00:52 14 | me up and say, we'd like some additional time. |
| 13:00:56 15 | And I think it would be wrong for me to ask for |
| 13:00:58 16 | additional time sort of behind the Court's |
| 13:01:00 17 | back. |
| 13:01:00 18 | MR. BURKE: He could file a motion |
| 13:01:02 19 | and we would not oppose it. |
| 13:01:04 20 | THE COURT: I'm not clear on what |
| 13:01:08 21 | you want. |
| 13:01:08 22 | MR. BRAUTIGAM: Your Honor, we |
| 13:01:08 23 | would like to meet before Judge Beckwith and |
| 13:01:10 24 | explain what has happened. We don't believe we |

**8**

| | |
|---|---|
| 13:01:14 1 | should re-argue things that have already been |
| 13:01:14 2 | decided. In fact, they have wrongly accused us |
| 13:01:18 3 | of doing that throughout the case and that's |
| 13:01:18 4 | not true. |
| 13:01:20 5 | What they did was, of the three |
| 13:01:20 6 | allegations that were made previously, the |
| 13:01:22 7 | Herron resignation, unanimity of the Board, and |
| 13:01:26 8 | with respect to securitizations, they argued |
| 13:01:28 9 | the same thing. They quote the same language |
| 13:01:30 10 | and we think it's outrageous. It's not what |
| 13:01:32 11 | the Court wanted. |
| 13:01:34 12 | THE COURT: You're still losing |
| 13:01:34 13 | me. The defense has filed motions for summary |
| 13:01:36 14 | judgment? |
| 13:01:38 15 | MS. ROWE: No. |
| 13:01:40 16 | MR. BURKE: No. |
| 13:01:42 17 | THE COURT: Motions to dismiss, |
| 13:01:42 18 | and you want time to respond to the motions to |
| 13:01:44 19 | dismiss? |
| 13:01:46 20 | MR. BRAUTIGAM: Correct. |
| 13:01:46 21 | MR. BURKE: We don't oppose that, |
| 13:01:48 22 | Your Honor. |
| 13:01:48 23 | MR. BRAUTIGAM: We want guidance |
| 13:01:50 24 | on how to respond to these things. If these |

02/12/2004  16:26   5136740561   WILLIAMS & OLIVER   PAGE  03

OHSU HEARING 2/5/04

**9**

13:01:52 1 things -- if we're correct and these things are
13:01:54 2 really motions for summary judgment
13:01:56 3 masquerading as 12(B)(6) motions, let's all say
13:02:00 4 that. Let's set an additional time, a normal
13:02:02 5 time period to take discovery and respond.
13:02:04 6 That's what we want, but it's not a matter of a
13:02:06 7 week or two.
13:02:08 8         MR. HUST: Your Honor, may I be
13:02:10 9 heard? If I understand the procedure for the
13:02:12 10 12(B)(6), if Mr. Brautigam feels that we have
13:02:16 11 cited materials beyond the scope of a 12(B)(6)
13:02:18 12 motion, he certainly could point that out in a
13:02:20 13 memorandum in opposition.
13:02:22 14         If Judge Beckwith somehow
13:02:26 15 concluded that this was, in fact, a disguised
13:02:28 16 motion for summary judgment, the Court would
13:02:32 17 have to so advise the parties in advance that
13:02:34 18 the Court was going to treat it as a summary
13:02:38 19 motion and then go from there in terms of any
13:02:40 20 modifications of the briefing or discovery or
13:02:44 21 whatever.
13:02:44 22         So I mean, to the -- and the last
13:02:46 23 point about the three remaining allegations, as
13:02:50 24 I have pointed out in our motion to dismiss, we

**10**

13:02:52 1 were mindful that the Court had overruled the
13:02:54 2 12(B)(6) as to those claims or allegations back
13:02:58 3 at the original complaint, but the new
13:03:02 4 complaint had made additional factual
13:03:04 5 allegations, incorporated other documents, and
13:03:08 6 made specific references to testimony of
13:03:10 7 various witnesses.
13:03:12 8         So we've gone out on a limb, so to
13:03:14 9 speak, and said, we think we're entitled to
13:03:18 10 attack those three remaining misrepresentations
13:03:20 11 because the new complaint contains vastly more
13:03:24 12 allegations than the original. If I'm wrong,
13:03:28 13 I'm sure Judge Beckwith will let me know
13:03:30 14 that -- if I've overstepped the bounds in our
13:03:34 15 motion.
13:03:34 16         MR. BURKE: But it's certainly
13:03:36 17 something for Judge Beckwith to rule on on the
13:03:38 18 merits of the motion, not in advance, Your
13:03:40 19 Honor.
13:03:40 20         MR. BRAUTIGAM: Your Honor, I
13:03:42 21 agree with what Mr. Hust has said largely, he
13:03:44 22 is out on a limb, he may have overstepped the
13:03:46 23 bounds. And what we want is for Judge Beckwith
13:03:48 24 to look at this and give us guidance. Are

**11**

13:03:50 1 these really motions to dismiss, should we
13:03:52 2 respond in significantly less than the normal
13:03:54 3 amount of time for motions.
13:03:56 4         THE COURT: I think the answer to
13:03:56 5 this is very simple. It starts with two
13:04:00 6 premises. First, Judge Beckwith does not
13:04:02 7 delegate dispositive motions, so whether it's a
13:04:06 8 motion to dismiss or a motion for summary
13:04:08 9 judgment, it's going to be decided by her
13:04:10 10 without any reports and recommendations here.
13:04:14 11 That's the first point.
13:04:14 12         My second point is, it will be
13:04:18 13 obvious to her that -- I guess I've got three
13:04:20 14 points. It will be obvious to her whether or
13:04:24 15 not, regardless of what the defendants have
13:04:26 16 called the motion, whether it's in effect a
13:04:28 17 summary judgment or for dismissal.
13:04:30 18         I mean, if it raises factual
13:04:32 19 issues that aren't established otherwise in the
13:04:36 20 record, she's going to consider it a motion for
13:04:38 21 summary judgment. The Rules require that if
13:04:42 22 that's the case, she has to provide notice that
13:04:46 23 she's treating it as a motion for summary
13:04:46 24 judgment. And that would be the point, it

**12**

13:04:50 1 seems to me where if you wanted time, you would
13:04:52 2 make that request right as soon as you got
13:04:56 3 notice.
13:04:58 4         MR. BRAUTIGAM: Your Honor, that's
13:04:58 5 what we did. We filed an emergency motion. We
13:04:58 6 received these papers by mail on Monday. We
13:05:00 7 filed an emergency motion on Tuesday. The
13:05:02 8 defendants responded today. Now, their defense
13:05:06 9 is they've called me names. They say that we
13:05:08 10 don't have the resources, that's not correct.
13:05:10 11 That's their entire strategy for this entire
13:05:12 12 case, to call us names.
13:05:14 13         But I agree with everything you've
13:05:16 14 said, so the question is, procedurally, how do
13:05:18 15 we get to Judge Beckwith soon to figure out
13:05:20 16 what to do? It's unfair for us to respond to
13:05:24 17 these things that Mr. Hust has said are way out
13:05:26 18 on a limb, where he may have overstepped. I
13:05:30 19 mean, we have less than the usual amount of
13:05:32 20 time to respond to one motion. Significantly
13:05:34 21 less, I think it's a week, so it's unfair.
13:05:38 22         It's simply unfair to ask us to do
13:05:40 23 this when they've had months to do it. They
13:05:42 24 all got together and they have this

**13**

13:05:44 1 coordinating strategy because everything is
13:05:46 2 interlocking. The Dinsmore defendants
13:05:48 3 incorporate parts of the OHSL defendants'
13:05:52 4 brief. The other defendants -- the KMK
13:05:54 5 defendants incorporate part of the other
13:05:56 6 briefs.
13:05:56 7 They had months to do this, we
13:05:58 8 have days to respond. And it's contemptuous of
13:06:02 9 Judge Beckwith's ruling because they argue the
13:06:04 10 same thing in the same way. I was shocked by
13:06:06 11 it. I never expected this, Your Honor.
13:06:10 12 MR. HUST: Your Honor, I --
13:06:10 13 MR. BARRETT: Can I say that we
13:06:12 14 should focus on point eight, because that's
13:06:12 15 where everyone seems to not be --
13:06:16 16 THE COURT: That's good, you read
13:06:18 17 that.
13:06:18 18 MR. BARRETT: We have no problem
13:06:20 19 with a short extension. I'm sure the Judge
13:06:22 20 would sign an agreed entry. I don't normally
13:06:26 21 speak for her, but she probably would, I think.
13:06:28 22 And I think the Court has already recognized
13:06:30 23 that if, in fact, items are raised that makes
13:06:32 24 the Court feel it's a summary judgment, she'll

**14**

13:06:34 1 give us the proper notice and go forward.
13:06:38 2 But we can respond to the reply
13:06:40 3 for the motion to dismiss well within the four
13:06:44 4 corners of the consolidated complaint. But I
13:06:46 5 think we're not out on a limb, I think we're on
13:06:50 6 pretty solid footing, quite frankly.
13:06:52 7 MR. HUST: In this case we filed
13:06:54 8 our motion to dismiss first. I think it was
13:06:56 9 January 21st or 22nd. And the other defendants
13:07:00 10 filed shortly thereafter, so we're not in the
13:07:04 11 business of incorporating other people's memos
13:07:06 12 in the motion to dismiss. The time to respond
13:07:06 13 to ours may be even shorter.
13:07:12 14 MR. BRAUTIGAM: Your Honor, I just
13:07:14 15 want to point out that no one seems to have a
13:07:16 16 problem with an extension except the District
13:07:18 17 Judge. And if you give me a minute, I can find
13:07:20 18 it. You were told to set a schedule, document
13:07:24 19 221. The Judge said the schedule should not be
13:07:28 20 changed. So we observed the letter and the
13:07:28 21 spirit of Judge Beckwith's order. So I don't
13:07:30 22 think --
13:07:32 23 MR. BURKE: Well, then file your
13:07:32 24 response on the 16th.

**15**

13:07:34 1 MR. BRAUTIGAM: May I finish,
13:07:36 2 please? So I don't think that it's fair for
13:07:38 3 Mr. Burke to call me up and say, hey, we have
13:07:40 4 to change the schedule. And it's not fair for
13:07:42 5 me to call him up and say, we need time to
13:07:46 6 respond, with respect to Mr. Burke's other
13:07:48 7 disingenuous use. It's simply unfair, Your
13:07:52 8 Honor.
13:07:54 9 THE COURT: This is from my eight
13:07:54 10 years of being here and chatting formally and
13:07:58 11 informally with my colleagues. I really think
13:08:00 12 that the thing that triggers their interest is
13:08:04 13 moving back the dispositive motion cut off, all
13:08:06 14 right? Because that usually interferes with
13:08:10 15 the pretrial and trial.
13:08:12 16 I don't see a lot of interest in
13:08:12 17 what we do at this level to move the schedule
13:08:16 18 around to accommodate people, as long as it
13:08:16 19 doesn't impact on what they're doing.
13:08:18 20 MR. BRAUTIGAM: So I mean, let's
13:08:22 21 go back to the first question asked. How do I
13:08:24 22 get to Judge Beckwith?
13:08:26 23 THE COURT: I would think that
13:08:28 24 what you ought to do is approach her and ask

**16**

13:08:30 1 her for some guidance on the schedule, you
13:08:34 2 know.
13:08:36 3 MR. BRAUTIGAM: Okay. Should we
13:08:38 4 call, Your Honor? We thought we were doing
13:08:38 5 that with the filing of the emergency motion.
13:08:40 6 THE COURT: Well, you know, I
13:08:42 7 think there's a -- it's like a football term
13:08:46 8 where you're splitting the zone, you know.
13:08:52 9 It's not real clear sometimes what she's doing
13:08:54 10 and what I'm doing when you get in cases like
13:08:58 11 this. And I've tried to stay out of her way
13:09:02 12 and I think vice versa.
13:09:04 13 So I don't mind, you can say in
13:09:06 14 your motion, if you want to approach it, that
13:09:08 15 in light of the Court's orders that you just
13:09:10 16 quoted, that I'm unsure about my authority to
13:09:12 17 change the schedule. And I -- the lawyers
13:09:14 18 don't seem to object. If you can work out a
13:09:18 19 reasonable accommodation, I can't see Judge
13:09:20 20 Beckwith getting in the way. I really can't.
13:09:24 21 MR. BRAUTIGAM: Well, Your Honor,
13:09:24 22 is it possible to have this emergency motion
13:09:26 23 heard before Judge Beckwith, because we pretty
13:09:30 24 much --

17

13:09:30 1 THE COURT: That's up to her,
13:09:32 2 Mike. I can't tell you what she'd do. I think
13:09:34 3 what you have to explain to her is it's okay
13:09:36 4 with me and it's not -- you know, it's not
13:09:38 5 purely a scheduling issue in a complicated
13:09:42 6 case.
13:09:42 7 It's going to impact on her order
13:09:46 8 and if -- whenever that happens to me, I just
13:09:48 9 go up and ask them, that it apparently
13:09:52 10 conflicts with what you've earlier said and I
13:09:56 11 don't want to do something that would be
13:09:58 12 contemptuous, so how do you feel about it? I
13:10:00 13 mean, informally. But I don't see any reason
13:10:02 14 why you can't do that and just represent to her
13:10:06 15 that that's how I feel about it.
13:10:08 16 MR. BRAUTIGAM: So I should call
13:10:10 17 Judge Beckwith's chambers?
13:10:12 18 THE COURT: I would ask her.
13:10:12 19 MR. BRAUTIGAM: That's exactly
13:10:12 20 what I'll do.
13:10:14 21 THE COURT: See if you can get a
13:10:14 22 reasonable extension of time that nobody seems
13:10:18 23 to oppose.
13:10:18 24 MR. BRAUTIGAM: Your Honor, it's

18

13:10:18 1 not only a reasonable extension of time, but
13:10:20 2 it's an extension of time to do what. If I'm
13:10:24 3 correct and these are summary judgment
13:10:26 4 motions --
13:10:26 5 THE COURT: Well, I don't think
13:10:28 6 you can say that now because she's got to react
13:10:28 7 to that. She's got to look at that motion and
13:10:32 8 say I consider this a motion for summary
13:10:32 9 judgment and put a notice out to the parties
13:10:34 10 that it's going to be considered that way.
13:10:36 11 MR. BRAUTIGAM: Right. But
13:10:36 12 somehow she has to be alerted to look at it
13:10:40 13 before the 16th.
13:10:40 14 MR. BURKE: Well, put it your
13:10:42 15 response and say that. File your response and
13:10:44 16 say that and then she will be put on notice and
13:10:48 17 then she can react. I don't understand what's
13:10:50 18 so hard.
13:10:50 19 MR. BRAUTIGAM: Well, Jim --
13:10:52 20 MR. HUST: My experience is the
13:10:54 21 Court would sua sponte react if it's a 12(B)(6)
13:10:58 22 motion. And if the plaintiffs suggest that
13:10:58 23 there are matters outside the pleadings or that
13:11:02 24 otherwise are improperly incorporated, the

19

13:11:04 1 Court at that juncture can say, okay, I agree
13:11:06 2 with plaintiffs, I'll ignore those. Or the
13:11:08 3 Court can say, all right, I'm going to treat it
13:11:12 4 as a summary judgment, here's the notice.
13:11:14 5 THE COURT: I don't see any reason
13:11:14 6 not to call. That's what you're saying.
13:11:16 7 MR. BURKE: Exactly.
13:11:18 8 MR. HUST: If she was going to
13:11:18 9 agree with us that they are properly referred
13:11:20 10 to --
13:11:20 11 MR. BURKE: For the record, Your
13:11:22 12 Honor, we think the cases that have been cited
13:11:24 13 in our brief are pretty clear. If Mr.
13:11:24 14 Brautigam is going to start alleging facts and
13:11:28 15 half quotes from a deposition or from a proxy
13:11:30 16 statement or from a document outside the
13:11:32 17 record, if he references it, refers to it and
13:11:34 18 relies on it in his complaint, we have the
13:11:36 19 right to bring to the Court's attention that
13:11:36 20 entire document so that it be placed in
13:11:38 21 context.
13:11:40 22 We think the law is pretty clear
13:11:40 23 on that. So just for the record, we'd disagree
13:11:44 24 with Mr. Brautigam's position. But whether

20

13:11:46 1 that's correct or incorrect, I agree with Mr.
13:11:48 2 Hust if he says that the Judge can react.
13:11:50 3 MR. BRAUTIGAM: Your Honor,
13:11:50 4 essentially what Mr. Burke is saying is it's a
13:11:54 5 motion for summary judgment, and with that I
13:11:56 6 agree.
13:11:56 7 MR. BARRETT: No, time out.
13:11:58 8 MR. BRAUTIGAM: Please don't
13:11:58 9 interrupt me.
13:12:00 10 MR. BARRETT: It's unbelievable
13:12:02 11 the way you handle yourself.
13:12:04 12 MR. BRAUTIGAM: I didn't interrupt
13:12:04 13 you.
13:12:04 14 MR. BARRETT: Yes, I know you
13:12:06 15 didn't.
13:12:06 16 THE COURT: Let's get back to the
13:12:08 17 point. How do you get to Judge Beckwith and
13:12:10 18 explain to her your quandary. You simply
13:12:12 19 approach her chambers and say, I need to know
13:12:14 20 for my own ability to represent my clients, do
13:12:16 21 you consider these motions to dismiss summary
13:12:20 22 judgments or not.
13:12:20 23 MR. BRAUTIGAM: Okay.
13:12:20 24 THE COURT: And if so, will you

**21**

13:12:22 1  give me more time to do it. The Magistrate
13:12:24 2  Judge says it's okay with him. We're not on
13:12:28 3  each other's turf, if she considers it that
13:12:30 4  way.
13:12:30 5       MR. BRAUTIGAM: Your Honor, may
13:12:32 6  plaintiffs have permission to write a letter to
13:12:34 7  Judge Beckwith and copy you?
13:12:36 8       MR. BURKE: I assume that includes
13:12:36 9  counsel, too.
13:12:38 10       THE COURT: I don't care.
13:12:40 11       MR. BRAUTIGAM: Of course. I can
13:12:42 12  have permission?
13:12:42 13       THE COURT: Yes.
13:12:44 14       MR. BRAUTIGAM: Thank you, Your
13:12:44 15  Honor. So I will send a letter to Judge
13:12:46 16  Beckwith and all counsel, of course, and just
13:12:50 17  ask for some resolution thereof.
13:12:52 18       THE COURT: And if I get marching
13:12:54 19  orders to re-create the calendar order, fine.
13:12:56 20  It's not a big deal.
13:12:58 21       MR. BRAUTIGAM: I just want it
13:12:58 22  clear on the record that I have permission to
13:13:00 23  write Judge Beckwith.
13:13:04 24       MR. HUST: You have my permission

**22**

13:13:04 1  to represent that I have no objection to an
13:13:08 2  extension.
13:13:10 3       MR. BARRETT: Reasonable
13:13:10 4  extension.
13:13:10 5       MS. ROWE: Just so we're clear,
13:13:12 6  Your Honor, is it correct to say that the
13:13:12 7  scheduling order as it's written stays in place
13:13:16 8  until Judge Beckwith makes some sort of
13:13:20 9  extension?
13:13:20 10       THE COURT: Yes. Okay?
13:13:24 11       MR. BRAUTIGAM: Thanks, Your
13:13:24 12  Honor.
13:13:26 13       MS. PERRY: Thank you, Your Honor.
13:13:28 14       THE COURT: Okay, thanks.
15
16       . . .
17  (Hearing concluded at 1:13 p.m.)
18       . . .
19
20
21
22
23
24

**23**

1       CERTIFICATE
2
3       I, Lee Ann Williams, a Notary Public in
4  and for the State of Ohio, do hereby certify
5  that the foregoing is a true and correct
6  transcript of the proceedings in the foregoing
7  captioned matter, taken by me at the time and
8  place so stated and transcribed from my
9  stenographic notes.
10
11
   My commission expires: _____
12  August 26, 2004       Lee Ann Williams, RPR
                Notary Public-State of Ohio
13
14
15
16
17
18
19
20
21
22
23
24