Page 1

```
 1
 2                UNITED STATES DISTRICT COURT
 3                  SOUTHERN DISTRICT OF OHIO
 4                WESTERN DIVISION AT CINCINNATI
 5
 6                           - - -
 7    WALTER W. THIEMANN, on    :
      behalf of himself and     :
 8    of all others similarly   :
      situated,                 :
 9                              :
             Plaintiff,         :
10                              :
         VS.                    : CASE NO. C-1-00793
11                              :
      OHSL FINANCIAL CORP.,     :
12    OAK HILLS SAVINGS AND     :
      LOAN COMPANY, F.A.,       :
13    NORBERT G. BRINKER,       :
      KENNETH L. HANAUER,       :
14    WILLIAM R. HILLEBRAND,    :
      ALVIN E. HUCKE, THOMAS    :
15    E. MCKIERNAN, JOSEPH J.   :
      TENOEVER, HOWARD N.       :
16    ZOELLNER, PROVIDENT       :
      FINANCIAL GROUP, INC.,    :
17    ROBERT L. HOVERSON,       :
      JACK M. COOK, THOMAS D.   :
18    GROTE, JR., PHILIP R.     :
      MYERS, JOSEPH A. PEDOTO,  :
19    JOSEPH A. STEGER,         :
      CHRISTOPHER J. CAREY,     :
20    CLIFFORD ROE, and         :
      DINSMORE & SHOHL, LLP,    :
21                              :
             Defendants.        :
22
                             - - -
23
24          Transcript of hearing held before
```

Williams & Oliver
(513)683-9626

EXHIBIT A

Page 2

1  Magistrate Judge Hogan, pursuant to the
2  Federal Rules of Civil Procedure, taken
3  before me, Lee Ann Williams, a Registered
4  Professional Reporter and Notary Public in
5  and for the State of Ohio, on Thursday, January
6  5, 2004, at 1:00 p.m.
7
8  APPEARANCES:
9    On behalf of the Plaintiff:
10       Michael G. Brautigam, Esq.
         Gene Mesh & Associates
11       2605 Burnet Avenue
         Cincinnati, Ohio 45219
12
     On behalf of the Defendants:
13
         James E. Burke, Esq.
14       Rachael A. Rowe, Esq.
         Keating, Muething & Klekamp
15       1400 Provident Tower
         One East Fourth Street
16       Cincinnati, Ohio 45202
17   On behalf of the Defendants Dinsmore &
     Shohl and Clifford Roe:
18
         John W. Hust, Esq.
19       Schroeder, Maundrell, Barbiere
         & Powers
20       110 Governor's Knoll
         11935 Mason Road
21       Cincinnati, Ohio 45249
22
23
24

Page 3

1    On behalf of the Defendants:
2        Michael Barrett, Esq.
            and
3        Thomas W. Breidenstein, Esq.
         Barrett & Weber
4        105 East Fourth Street
         Suite 500
5        Cincinnati, Ohio 45202
6    On behalf of the Defendants:
7        John B. Pinney, Esq.
         Graydon, Head & Ritchey
8        1900 Fifth Third Center
         511 Walnut Street
9        Cincinnati, Ohio 45202
10   On Behalf of the Defendants:
11       Mary-Helen Perry, Esq.
         Jones Day
12       51 Louisiana Avenue, N.W.
         Washington, D.C. 20001
13
14             - - -
15
16
17
18
19
20
21
22
23
24

Page 4

1            THE COURT: Everybody's here in
2  chambers and we've agreed to have a brief
3  status conference on whatever Mr. Brautigam
4  wants to discuss, I don't know. Go ahead.
5            MR. BRAUTIGAM: Your Honor, first
6  of all, thank you very much for taking time
7  with the deposition this morning and thank you
8  for meeting with us briefly with respect to the
9  status conference.
10           Your Honor, we asked for a status
11 conference because the schedule that you set,
12 document 221, is no longer workable. It's
13 fundamentally unfair and it's unfair in part
14 because the defendants have chosen to
15 re-litigate things that have already --
16           THE COURT: Can I stop you a
17 second, Mike? My understanding was that the
18 calendar order was the subject of objections
19 before Judge Beckwith. And if that's the case,
20 that issue is before Judge Beckwith and why
21 would I want to address it now? I mean, that's
22 my -- that's my understanding.
23           And I'm not sure that there is any
24 legal authority for filing objections to a

Page 5

1  calendar order, but technically speaking -- I
2  mean, beyond technically speaking, I think it's
3  up to her how to schedule her case. And I'm
4  certain she's going to react to that in some
5  way.
6            Now, maybe if she were to dismiss
7  it on technical grounds, then it might be a
8  subject to be discussed here. But my feeling
9  for the moment is it's Judge Beckwith's call
10 what she wants to do with the calendar order.
11 I mean, I don't know how you all feel about it.
12 I --
13           MR. BURKE: Your Honor --
14           THE COURT: Am I right?
15           MR. BURKE: Yes. There were
16 objections filed, Your Honor.
17           MR. BRAUTIGAM: Your Honor, the
18 problem is this, we have not been able to get
19 before Judge Beckwith for the pendency of the
20 entire case. I believe we've filed emergency
21 motions before, and somehow these things have a
22 way of mooting these things out.
23           As it stands now, we are required
24 to respond by February 16th, which is a

Page 6

1 holiday, which is less than the usual time, to
2 something that the defendants collectively had
3 months to do.
4       We object to that, we think it's
5 fundamentally unfair. Except with respect to
6 Ernst & Young, who truly did file a motion to
7 dismiss, what the defendants have filed are
8 motions for summary judgment. They have reams
9 of attachments, and that's one thing. But even
10 worse, they attempt to re-argue decisions of
11 this Court.
12       And we think it's simply
13 outrageous and we don't feel that we have to
14 respond to something like that. And we need
15 some guidance on this right away.
16       MR. BURKE: Your Honor, if I can
17 respond. Mr. Brautigam is free to bring all of
18 those issues up in his response and to argue
19 whatever he wants. I would further add, Your
20 Honor, that if Mr. Brautigam had called us and
21 said, there's a lot of motions to be responded
22 to, I would like a couple of weeks, the answer
23 would have been we will not oppose a motion to
24 give you additional time, quite honestly.

Page 7

1       The problem with Mr. Brautigam is
2 when we asked for a similar courtesy earlier in
3 the case with respect to class certification
4 about a month ago, he said no. I guess he
5 feels he can't ask us for something or we would
6 respond as he has responded. That's not the
7 way we practice law in the Ohio Bar, that's the
8 way he practices law. If he had asked us, we
9 would have agreed, it's that simple.
10       MR. BRAUTIGAM: Your Honor, that's
11 disingenuous. Judge Beckwith had issued a
12 ruling saying the schedule will not be changed.
13 So I think it was wrong for Mr. Burke to call
14 me up and say, we'd like some additional time.
15 And I think it would be wrong for me to ask for
16 additional time sort of behind the Court's
17 back.
18       MR. BURKE: He could file a motion
19 and we would not oppose it.
20       THE COURT: I'm not clear on what
21 you want.
22       MR. BRAUTIGAM: Your Honor, we
23 would like to meet before Judge Beckwith and
24 explain what has happened. We don't believe we

Page 8

1 should re-argue things that have already been
2 decided. In fact, they have wrongly accused us
3 of doing that throughout the case and that's
4 not true.
5       What they did was, of the three
6 allegations that were made previously, the
7 Herron resignation, unanimity of the Board, and
8 with respect to securitizations, they argued
9 the same thing. They quote the same language
10 and we think it's outrageous. It's not what
11 the Court wanted.
12       THE COURT: You're still losing
13 me. The defense has filed motions for summary
14 judgment?
15       MS. ROWE: No.
16       MR. BURKE: No.
17       THE COURT: Motions to dismiss,
18 and you want time to respond to the motions to
19 dismiss?
20       MR. BRAUTIGAM: Correct.
21       MR. BURKE: We don't oppose that,
22 Your Honor.
23       MR. BRAUTIGAM: We want guidance
24 on how to respond to these things. If these

Page 9

1 things -- if we're correct and these things are
2 really motions for summary judgment
3 masquerading as 12(B)(6) motions, let's all say
4 that. Let's set an additional time, a normal
5 time period to take discovery and respond.
6 That's what we want, but it's not a matter of a
7 week or two.
8       MR. HUST: Your Honor, may I be
9 heard? If I understand the procedure for the
10 12(B)(6), if Mr. Brautigam feels that we have
11 cited materials beyond the scope of a 12(B)(6)
12 motion, he certainly could point that out in a
13 memorandum in opposition.
14       If Judge Beckwith somehow
15 concluded that this was, in fact, a disguised
16 motion for summary judgment, the Court would
17 have to so advise the parties in advance that
18 the Court was going to treat it as a summary
19 motion and then go from there in terms of any
20 modifications of the briefing or discovery or
21 whatever.
22       So I mean, to the -- and the last
23 point about the three remaining allegations, as
24 I have pointed out in our motion to dismiss, we

Williams & Oliver
(513)683-9626

Page 10

1  were mindful that the Court had overruled the
2  12(B)(6) as to those claims or allegations back
3  at the original complaint, but the new
4  complaint had made additional factual
5  allegations, incorporated other documents, and
6  made specific references to testimony of
7  various witnesses.
8      So we've gone out on a limb, so to
9  speak, and said, we think we're entitled to
10 attack those three remaining misrepresentations
11 because the new complaint contains vastly more
12 allegations than the original. If I'm wrong,
13 I'm sure Judge Beckwith will let me know
14 that -- if I've overstepped the bounds in our
15 motion.
16     MR. BURKE: But it's certainly
17 something for Judge Beckwith to rule on on the
18 merits of the motion, not in advance, Your
19 Honor.
20     MR. BRAUTIGAM: Your Honor, I
21 agree with what Mr. Hust has said largely, he
22 is out on a limb, he may have overstepped the
23 bounds. And what we want is for Judge Beckwith
24 to look at this and give us guidance. Are

Page 11

1  these really motions to dismiss, should we
2  respond in significantly less than the normal
3  amount of time for motions.
4      THE COURT: I think the answer to
5  this is very simple. It starts with two
6  premises. First, Judge Beckwith does not
7  delegate dispositive motions, so whether it's a
8  motion to dismiss or a motion for summary
9  judgment, it's going to be decided by her
10 without any reports and recommendations here.
11 That's the first point.
12     My second point is, it will be
13 obvious to her that -- I guess I've got three
14 points. It will be obvious to her whether or
15 not, regardless of what the defendants have
16 called the motion, whether it's in effect a
17 summary judgment or for dismissal.
18     I mean, if it raises factual
19 issues that aren't established otherwise in the
20 record, she's going to consider it a motion for
21 summary judgment. The Rules require that if
22 that's the case, she has to provide notice that
23 she's treating it as a motion for summary
24 judgment. And that would be the point, it

Page 12

1  seems to me where if you wanted time, you would
2  make that request right as soon as you got
3  notice.
4      MR. BRAUTIGAM: Your Honor, that's
5  what we did. We filed an emergency motion. We
6  received these papers by mail on Monday. We
7  filed an emergency motion on Tuesday. The
8  defendants responded today. Now, their defense
9  is they've called me names. They say that we
10 don't have the resources, that's not correct.
11 That's their entire strategy for this entire
12 case, to call us names.
13     But I agree with everything you've
14 said, so the question is, procedurally, how do
15 we get to Judge Beckwith soon to figure out
16 what to do? It's unfair for us to respond to
17 these things that Mr. Hust has said are way out
18 on a limb, where he may have overstepped. I
19 mean, we have less than the usual amount of
20 time to respond to one motion. Significantly
21 less, I think it's a week, so it's unfair.
22     It's simply unfair to ask us to do
23 this when they've had months to do it. They
24 all got together and they have this

Page 13

1  coordinating strategy because everything is
2  interlocking. The Dinsmore defendants
3  incorporate parts of the OHSL defendants'
4  brief. The other defendants -- the KMK
5  defendants incorporate part of the other
6  briefs.
7      They had months to do this, we
8  have days to respond. And it's contemptuous of
9  Judge Beckwith's ruling because they argue the
10 same thing in the same way. I was shocked by
11 it. I never expected this, Your Honor.
12     MR. HUST: Your Honor, I --
13     MR. BARRETT: Can I say that we
14 should focus on point eight, because that's
15 where everyone seems to not be --
16     THE COURT: That's good, you read
17 that.
18     MR. BARRETT: We have no problem
19 with a short extension. I'm sure the Judge
20 would sign an agreed entry. I don't normally
21 speak for her, but she probably would, I think.
22 And I think the Court has already recognized
23 that if, in fact, items are raised that makes
24 the Court feel it's a summary judgment, she'll

Page 14

1  give us the proper notice and go forward.
2       But we can respond to the reply
3  for the motion to dismiss well within the four
4  corners of the consolidated complaint. But I
5  think we're not out on a limb, I think we're on
6  pretty solid footing, quite frankly.
7       MR. HUST: In this case we filed
8  our motion to dismiss first. I think it was
9  January 21st or 22nd. And the other defendants
10 filed shortly thereafter, so we're not in the
11 business of incorporating other people's memos
12 in the motion to dismiss. The time to respond
13 to ours may be even shorter.
14      MR. BRAUTIGAM: Your Honor, I just
15 want to point out that no one seems to have a
16 problem with an extension except the District
17 Judge. And if you give me a minute, I can find
18 it. You were told to set a schedule, document
19 221. The Judge said the schedule should not be
20 changed. So we observed the letter and the
21 spirit of Judge Beckwith's order. So I don't
22 think --
23      MR. BURKE: Well, then file your
24 response on the 16th.

Page 15

1       MR. BRAUTIGAM: May I finish,
2  please? So I don't think that it's fair for
3  Mr. Burke to call me up and say, hey, we have
4  to change the schedule. And it's not fair for
5  me to call him up and say, we need time to
6  respond, with respect to Mr. Burke's other
7  disingenuous use. It's simply unfair, Your
8  Honor.
9       THE COURT: This is from my eight
10 years of being here and chatting formally and
11 informally with my colleagues. I really think
12 that the thing that triggers their interest is
13 moving back the dispositive motion cut off, all
14 right? Because that usually interferes with
15 the pretrial and trial.
16      I don't see a lot of interest in
17 what we do at this level to move the schedule
18 around to accommodate people, as long as it
19 doesn't impact on what they're doing.
20      MR. BRAUTIGAM: So I mean, let's
21 go back to the first question asked. How do I
22 get to Judge Beckwith?
23      THE COURT: I would think that
24 what you ought to do is approach her and ask

Page 16

1  her for some guidance on the schedule, you
2  know.
3       MR. BRAUTIGAM: Okay. Should we
4  call, Your Honor? We thought we were doing
5  that with the filing of the emergency motion.
6       THE COURT: Well, you know, I
7  think there's a -- it's like a football term
8  where you're splitting the zone, you know.
9  It's not real clear sometimes what she's doing
10 and what I'm doing when you get in cases like
11 this. And I've tried to stay out of her way
12 and I think vice versa.
13      So I don't mind, you can say in
14 your motion, if you want to approach it, that
15 in light of the Court's orders that you just
16 quoted, that I'm unsure about my authority to
17 change the schedule. And I -- the lawyers
18 don't seem to object. If you can work out a
19 reasonable accommodation, I can't see Judge
20 Beckwith getting in the way. I really can't.
21      MR. BRAUTIGAM: Well, Your Honor,
22 is it possible to have this emergency motion
23 heard before Judge Beckwith, because we pretty
24 much --

Page 17

1       THE COURT: That's up to her,
2  Mike. I can't tell you what she'd do. I think
3  what you have to explain to her is it's okay
4  with me and it's not -- you know, it's not
5  purely a scheduling issue in a complicated
6  case.
7       It's going to impact on her order
8  and if -- whenever that happens to me, I just
9  go up and ask them, that it apparently
10 conflicts with what you've earlier said and I
11 don't want to do something that would be
12 contemptuous, so how do you feel about it? I
13 mean, informally. But I don't see any reason
14 why you can't do that and just represent to her
15 that that's how I feel about it.
16      MR. BRAUTIGAM: So I should call
17 Judge Beckwith's chambers?
18      THE COURT: I would ask her.
19      MR. BRAUTIGAM: That's exactly
20 what I'll do.
21      THE COURT: See if you can get a
22 reasonable extension of time that nobody seems
23 to oppose.
24      MR. BRAUTIGAM: Your Honor, it's

Page 18

1  not only a reasonable extension of time, but
2  it's an extension of time to do what. If I'm
3  correct and these are summary judgment
4  motions --
5        THE COURT: Well, I don't think
6  you can say that now because she's got to react
7  to that. She's got to look at that motion and
8  say I consider this a motion for summary
9  judgment and put a notice out to the parties
10 that it's going to be considered that way.
11       MR. BRAUTIGAM: Right. But
12 somehow she has to be alerted to look at it
13 before the 16th.
14       MR. BURKE: Well, put it your
15 response and say that. File your response and
16 say that and then she will be put on notice and
17 then she can react. I don't understand what's
18 so hard.
19       MR. BRAUTIGAM: Well, Jim --
20       MR. HUST: My experience is the
21 Court would sua sponte react if it's a 12(B)(6)
22 motion. And if the plaintiffs suggest that
23 there are matters outside the pleadings or that
24 otherwise are improperly incorporated, the

Page 19

1  Court at that juncture can say, okay, I agree
2  with plaintiffs, I'll ignore those. Or the
3  Court can say, all right, I'm going to treat it
4  as a summary judgment, here's the notice.
5        THE COURT: I don't see any reason
6  not to call. That's what you're saying.
7        MR. BURKE: Exactly.
8        MR. HUST: If she was going to
9  agree with us that they are properly referred
10 to --
11       MR. BURKE: For the record, Your
12 Honor, we think the cases that have been cited
13 in our brief are pretty clear. If Mr.
14 Brautigam is going to start alleging facts and
15 half quotes from a deposition or from a proxy
16 statement or from a document outside the
17 record, if he references it, refers to it and
18 relies on it in his complaint, we have the
19 right to bring to the Court's attention that
20 entire document so that it be placed in
21 context.
22       We think the law is pretty clear
23 on that. So just for the record, we'd disagree
24 with Mr. Brautigam's position. But whether

Page 20

1  that's correct or incorrect, I agree with Mr.
2  Hust if he says that the Judge can react.
3        MR. BRAUTIGAM: Your Honor,
4  essentially what Mr. Burke is saying is it's a
5  motion for summary judgment, and with that I
6  agree.
7        MR. BARRETT: No, time out.
8        MR. BRAUTIGAM: Please don't
9  interrupt me.
10       MR. BARRETT: It's unbelievable
11 the way you handle yourself.
12       MR. BRAUTIGAM: I didn't interrupt
13 you.
14       MR. BARRETT: Yes, I know you
15 didn't.
16       THE COURT: Let's get back to the
17 point. How do you get to Judge Beckwith and
18 explain to her your quandary. You simply
19 approach her chambers and say, I need to know
20 for my own ability to represent my clients, do
21 you consider these motions to dismiss summary
22 judgments or not.
23       MR. BRAUTIGAM: Okay.
24       THE COURT: And if so, will you

Page 21

1  give me more time to do it. The Magistrate
2  Judge says it's okay with him. We're not on
3  each other's turf, if she considers it that
4  way.
5        MR. BRAUTIGAM: Your Honor, may
6  plaintiffs have permission to write a letter to
7  Judge Beckwith and copy you?
8        MR. BURKE: I assume that includes
9  counsel, too.
10       THE COURT: I don't care.
11       MR. BRAUTIGAM: Of course. I can
12 have permission?
13       THE COURT: Yes.
14       MR. BRAUTIGAM: Thank you, Your
15 Honor. So I will send a letter to Judge
16 Beckwith and all counsel, of course, and just
17 ask for some resolution thereof.
18       THE COURT: And if I get marching
19 orders to re-create the calendar order, fine.
20 It's not a big deal.
21       MR. BRAUTIGAM: I just want it
22 clear on the record that I have permission to
23 write Judge Beckwith.
24       MR. HUST: You have my permission

Page 22

```
 1  to represent that I have no objection to an
 2  extension.
 3          MR. BARRETT:  Reasonable
 4  extension.
 5          MS. ROWE:  Just so we're clear,
 6  Your Honor, is it correct to say that the
 7  scheduling order as it's written stays in place
 8  until Judge Beckwith makes some sort of
 9  extension?
10          THE COURT:  Yes.  Okay?
11          MR. BRAUTIGAM:  Thanks, Your
12  Honor.
13          MS. PERRY:  Thank you, Your Honor.
14          THE COURT:  Okay, thanks.
15
16              - - -
17  (Hearing concluded at 1:13 p.m.)
18              - - -
```

Page 23

```
 1          C E R T I F I C A T E
 2
 3      I, Lee Ann Williams, a Notary Public in
 4  and for the State of Ohio, do hereby certify
 5  that the foregoing is a true and correct
 6  transcript of the proceedings in the foregoing
 7  captioned matter, taken by me at the time and
 8  place so stated and transcribed from my
 9  stenographic notes.
10
11
    My commission expires:
12  August 26, 2004       Lee Ann Williams, RPR
                Notary Public-State of Ohio
```