**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WALTER W. THIEMANN,** *et al.,* | ) | **Case No. C-1-00-793** |
| | ) | |
| **Plaintiffs,** | ) | **(Judge Sandra S. Beckwith)** |
| | ) | **(Magistrate Judge Timothy S. Hogan)** |
| **-v-** | ) | |
| | ) | |
| **OHSL FINANCIAL CORPORATION,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS KEATING, MUETHING & KLEKAMP PLL AND MARK A. WEISS**
**REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

---

Plaintiffs' opposition memorandum (*T.d.* 275) completely fails to substantively respond to the legal arguments raised by the KMK Defendants in their motion to dismiss. *T.d.* 256. Plaintiffs' claims are time-barred or insufficient as a matter of law, and Plaintiffs' personal attacks, inflammatory rhetoric, and off-color analogies are insufficient grounds to circumvent clear and unequivocal case law and statutes. All claims against the KMK Defendants should be dismissed.

**I.    PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY THE SECURITIES**
**LITIGATION UNIFORM STANDARDS ACT ("SLUSA")**

Plaintiffs offer no response to the KMK Defendants' argument that all state law claims are preempted by SLUSA. *T.d.* 256 (*KMK Defendants' Memorandum* at 17-20). The Court should dismiss the state law claims asserted against the KMK Defendants (Counts VII, VIII, and X) based on clear application of 15 U.S.C §77p(b).[1]

---

[1] Plaintiffs also fail to respond to the KMK Defendants' argument that they are not "sellers" under O.R.C. §§1707.41 and 1707.43, which also justifies dismissal of these claims.

## II.     PLAINTIFFS' FEDERAL CLAIMS AGAINST THE KMK DEFENDANTS ARE TIME-BARRED

Both federal claims asserted by Plaintiffs against the KMK Defendants on all four alleged misrepresentations (Counts I and V) are time-barred by the applicable statutes of limitation and/or repose.

### A.     Plaintiffs' Section 11 and Section 10(b)/Rule 10b-5 claims relating to the board unanimity, risk factors, and the Herron resignation are barred by the applicable one year statute of limitations contained in 15 U.S.C. §77m and 15 U.S.C. §78i(e).

Claims arising under Section 11 of the Exchange Act and Section 10(b)/Rule 10b-5 of the Securities Exchange Act are subject to a one year statute of limitations. 15 U.S.C. §77m; 15 U.S.C. §78i(e); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 362 (1991); *New England Health Care Employees Pension Fund v. Ernst & Young*, 336 F.3d 495, 497 (6th Cir. 2003). This limitations period commences at the time that a plaintiff is put on "inquiry notice" of the possibility of fraud by a particular defendant. *New England Health Care*, 336 F.3d at 500; *Isaak v. Trumbull Sav. & Loan Co.,* 169 F.3d 390, 399 (6th Cir. 1999); *see also Eckstein v. Balcor Film Investors*, 58 F.3d 1162, 1168 (7th Cir. 1995). The level of awareness sufficient to put a plaintiff on inquiry notice is extremely low. *See Isaak*, 169 F.3d at 399. Once a plaintiff is presented with evidence that even suggests a possibility of fraud, the plaintiff is on inquiry notice and will be imputed with any and all knowledge that could have been discovered through a reasonable, diligent search. *See In re Arm Financial Group, Inc. Sec. Litig.*, 2002 U.S. Dist. Lexis 13451 (W.D. Ky. July 18, 2002) (relying upon *Harner v. Prudential-Bache Securities, Inc.,* 35 F.3d 565 (6th Cir. 1994)) (copy attached).

Plaintiffs attempt to raise two arguments: (1) inquiry notice is a factual issue and should not be decided at this time; and (2) the one year statute of limitations has been extended to two years by Sarbanes-Oxley. Neither argument has any merit.

2

**1.    There is no question that Plaintiffs were on inquiry notice by September 20, 2000 and did not file any claim against the KMK Defendants within one year**

Plaintiffs simply assert that the determination of inquiry notice is a factual question reserved for a jury. *T.d.* 275 (*Plaintiffs' Opposition* at 13-14). Numerous courts, however, have specifically held that inquiry notice can be decided as a matter of law, and have granted motions to dismiss on this issue. *See, e.g., New England Health Care, 336 F.3d at 502* (Sixth Circuit affirms Rule 12(b)(6) dismissal of Section 10(b) claim on statute of limitations grounds); *Chance v. F.N. Wolf & Co., Inc.*, 1994 U.S. App. Lexis 27508, *11 (4th Cir. Sept. 30, 1994) ("Where the underlying facts are undisputed, the issue of whether the plaintiff has been put on inquiry notice can be decided as a matter of law.") (copy attached); *Dodds v. Cigna Securities, Inc.*, 12 F.3d 346, 352 (2d Cir. 1993) (affirmed motion to dismiss on ground that plaintiff was on inquiry notice more than a year before action was filed); *Cross v. 21st Century Holding Co., et. al.*, 2001 U.S. Dist. Lexis 11189 (S.D.N.Y. Aug. 6, 2001) (the question of inquiry notice can be decided as a matter of law) (copy attached). Moreover, regardless of Plaintiffs' argument that a plaintiff need not negate a statute of limitations defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993).

In this case, there is no factual dispute on the issue of inquiry notice requiring any further discovery. The August 26, 1999 Registration Statement is referenced in Plaintiffs' September, 2000 Complaint.[2] The August 26, 1999 Registration Statement clearly identifies Weiss and KMK as Provident's counsel with respect to the merger transaction and the underlying

---

[2] The August 26, 1999 Registration Statement is also referenced in plaintiffs' complaint in the state court proceedings in December, 1999, and the Court can take judicial notice of this state court filing. *Granader v. Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969).

documents.  It is the same document that formed the basis of the claims against Defendants

Dinsmore & Shohl and Clifford Roe in September, 2000 – whose names appeared right next to

the KMK Defendants on the Registration Statement.  The same Section 11 and Section

10(b)/Rule 10 b-5 claims now asserted against the KMK Defendants relating to board unanimity,

risk factors, and the Herron resignation were raised against Dinsmore & Shohl and Roe, and

others, in September, 2000 – but not against the KMK Defendants.  Plaintiffs, did not file these

claims against KMK or Weiss until August 23, 2002 – 36 months after the Registration

Statement naming KMK and Weiss was filed, 32 months after Plaintiff Thiemann instituted the

state court proceeding based on the Registration Statement, and more than 23 months after

Plaintiffs filed their initial complaint naming Dinsmore & Shohl and Clifford Roe, among others,

as defendants.  There can be no fair debate that Plaintiffs and their counsel have been on inquiry

notice of KMK and Weiss's involvement with the Proxy Materials/Registration Statement since

August of 1999.

    Plaintiffs simply assert that they were unaware of the <u>extent</u> of KMK and Weiss's role in

the preparation of the Proxy Materials/Registration Statement, and thus were not on inquiry

notice until December of 2001 when the testimony of Defendants Roe and Hertlein was

obtained.  *T.d.* 275 (*Plaintiffs' Opposition* at 14).[3]  Plaintiffs' "extent of their role" argument is

completely at odds with the applicable case law on inquiry notice.  Inquiry notice only requires a

"low level awareness" and does not require a plaintiff to "fully learn of the alleged wrongdoing."

*Isaak*, 169 F.3d at 399.  The <u>extent</u> of the KMK Defendants' involvement is irrelevant –

Plaintiffs and their counsel were required to exercise reasonable diligence in attempting to

---

[3] Plaintiffs are therefore conceding that they were aware of the KMK Defendants' involvement prior to December of 2001 – which would date back to the August 26, 1999 Registration Statement.  As explained, it was at this time that Plaintiffs should be charged with inquiry notice.

uncover the "extent" of the misconduct purportedly committed by the KMK Defendants within one year of reviewing page one of the August 26, 1999 Registration Statement. *See New England Health Care*, 336 F.3d at 502 (plaintiff should have investigated and made determination "during the 12 months that elapsed between July 1, 1998 and June 28, 1999 – ample time, it seems to us, for a diligent investigation to establish [defendant's] close involvement")*; Eckstein*, 58 F.3d at 1168; *Picard Chemical Inc. v. Perrigo Co.,* 940 F. Supp. 1101, 1118 (W.D. Mich. 1996).

> Where, as here, the facts needed for determination of when a reasonable investor of ordinary intelligence would have been aware of the existence of fraud can be gleaned from the complaint and papers such as the prospectuses and disclosure forms that are integral to the complaint, resolution of the issue on a motion to dismiss is appropriate.

*See Dodds*, 12 F.3d at 352 n.3. Plaintiffs' claims against the KMK Defendants based on the three alleged misrepresentations concerning Board unanimity, risk factors, and Herron's resignation were clearly instituted more than one year after Plaintiffs were on inquiry notice. Plaintiffs' Section 11 and Section 10(b)/Rule 10b-5 claims are thus time-barred and should be dismissed as a matter of law.

## 2. The Sarbanes-Oxley Act does not alter the one year statute of limitations

Plaintiffs also argue that Section 804 (28 U.S.C. §1658(b)) of the Sarbanes-Oxley Act, enacted on July 30, 2002, lengthened the statutes of limitation and repose to two and five years, respectively. *T.d.* 276 (*Plaintiffs' Opposition* at 12-13, 15). This argument fails for two reasons.

### a. Section 804 is inapplicable to Section 11 claims.

Section 804 is inapplicable to Section 11 claims. *See In re Worldcom, Inc. Sec. Litig.,* 294 F. Supp.2d 431, 444 (S.D.N.Y. 2003). Section 804 applies only to securities fraud claims involving "fraud, deceit, manipulation, or contrivance." 15 U.S.C. §1658(b). Section 11 claims,

however, only require proof that "'material facts have been omitted' from a registration statement or 'presented in such a way as to obscure or distort their significance.'" *In re Worldcom, Inc. Sec. Litig.*, 294 F. Supp.2d at 441 (quoting *I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 761 (2d Cir. 1991)); 15 U.S.C. §77k.   Thus, courts examining the language and legislative history of Section 804 of the Act have held that Section 11 claims continue to be subject to the one year statute of limitations of 15 U.S.C. §77m and not the lengthened limitations period created by Sarbanes-Oxley. *Id.* at 441 (citing *In re Merrill Lynch & Co. Research Sec. Litig.*, 272 F. Supp.2d 243, 265 (S.D.N.Y. 2001); *Friedman v. Rayovac Corp.*, 295 F. Supp.2d 957 (W.D. Wis. 2003)).

Therefore, Sarbanes-Oxley does not alter the one year statute of limitations applicable to Plaintiffs' Section 11 claim against the KMK Defendants.  Because Plaintiffs failed to institute their action within one year of inquiry notice,  Plaintiffs' Section 11 claim should be dismissed as a matter of law.

> **b.    Sarbanes-Oxley does not apply retroactively to Plaintiffs' Section 10(b)/Rule 10b-5 Claim**

With respect to Section 10(b)/Rule 10b-5 claims, Section 804 of the Act does not have retroactive application to revive already time-barred claims.  *See In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.*, 295 F. Supp.2d 307, 317 (S.D.N.Y. 2003); *In re Heritage Bond Litigation*, 289 F. Supp.2d 1132, 1148 (C.D. Cal. 2003) (the amended statute of limitations contained in Section 804 "cannot apply to claims already barred at the time of its enactment, regardless of the filing date").   The Act specifically enumerates that "nothing in [Section 804] shall create a new, private right of action." 15 U.S.C. §1658(c).  Nothing in the Act's language states that the statute has retroactive applicability.  *See Enterprise Mortgage,* 295 F. Supp. 2d at 312-313 ("If Congress wanted Section 804 to clearly revive time-barred claims, it could have

used the unambiguous language it had used in previous statutes that revived formerly time-barred claims"); *see also,* 15 U.S.C. §1658. Even the legislative history behind the Act reveals that Congress had no intention of enabling this Act to revive time-barred claims. *Enterprise Mortgage,* 295 F. Supp.2d at 316.

Although the Sixth Circuit has not yet addressed this issue, the Fifth, Eighth, Ninth, Tenth and Eleventh Circuits have all refused to permit the retroactive application of new statutes lengthening a limitations period to claims that are already time-barred. *Id.* at 314, 315 n.9 (citing *Million v. Frank*, 47 F.3d 385, 390 (10th Cir. 1995) (permitting retroactive application would afford plaintiff relief where previously barred and would strip defendant of his right to raise a valid defense and would substantially increase his liability); *Chenault v. U.S. Postal Serv.,* 37 F.3d 535 (9th Cir. 1994); *Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assocs., Inc.,* 61 F.3d 608, 615 (8th Cir. 1995); *Resolution Trust Corp. v. Artley,* 28 F.3d 1099, 1103 n.6 (11th Cir. 1994); *FDIC v. Belli*, 981 F.2d 838, 842-843 (5th Cir. 1993) (applying a statute lengthening the statute of limitations retroactively to pending cases <u>except</u> when it would revive an expired claim) (emphasis added).

Sarbanes-Oxley, therefore, has no retroactive application to Plaintiffs' Section 10(b)/Rule 10b-5 claim that was time-barred before the Act was even enacted on July 30, 2002. The one year statute of limitations (and three year statute of repose) are therefore applicable. 15 U.S.C. §77m; 15 U.S.C. §78i(e); *Lampf, Pleva, Lipkind, Prupis & Petigrow*, 501 U.S. at 362. Plaintiffs' Section 10(b)/Rule 10b-5 claim based upon the three purported misrepresentations concerning Board unanimity, risk factors, and Mr. Herron's resignation is time-barred against the KMK Defendants and should therefore be dismissed as a matter of law.

**B.** **Plaintiffs' Section 11 and Section 10(b)/Rule 10b-5 claims relating to the Provident restatement of financials alleged misrepresentation are now time-barred by the applicable three year statute of repose.**

Separate and apart from the statute of limitations argument, the KMK Defendants sought dismissal of the Section 11 and Section 10(b)/Rule 10b-5 claims relating to the Provident restatement of financials based upon the three year statute of repose contained in 15 U.S.C. §77m. *T.d.* 256 (*KMK Defendants Memorandum* at 7–8). Plaintiffs attempt to raise two arguments in opposition: (1) Sarbanes-Oxley extended the statute of repose to five years; and (2) the claims relate back to their prior complaint. Both arguments fail as a matter of law. As outlined previously, Sarbanes Oxley is not retroactive and does not apply to Section 11 claims. As outlined below, Plaintiffs' relation back argument under Rule 15(c) does not circumvent application of the statute of repose.

As the Supreme Court has determined, the three year statute of repose is an unyielding bar and reflects Congress' intent to place an "outside limit" on securities litigation. *Lampf*, 501 U.S. at 363; *see also New England Health Care*, 336 F.3d at 497 (citing *Lampf*); *The Ohio Company, et al. v. Nemecek*, 98 F.3d 234 (6th Cir. 1996) (citing *Lampf*). The statute of repose has been repeatedly applied to bar claims brought more than three years after the offering to the public. *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982) ("the statutory language requires the conclusion that Congress meant the bar to be absolute"); *Donohoe v. Consolidated Operating & Production Corp.*, 763 F. Supp. 315 (N.D. Ill. 1991) (three year statute of repose establishes "drop dead" date for filing claim). Numerous courts have followed *Lampf* and held that equitable tolling principles do not apply to circumvent or toll the statute, even if it is undisputed that the facts underlying the claim could not have been discovered during the three year time period.

8

> The 3-year limit is a period of repose inconsistent with tolling. . . . Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.

*Lampf*, 501 U.S. at 363.

> [A] statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action. . . . In fact, as noted earlier, a repose period can run to completion even before injury has occurred to a potential plaintiff, extinguishing a cause of action before it even accrues.

*Stolz Family Partnership v. Daum,* 355 F.3d 92, 102-03 (2d Cir. 2004) (barring plaintiff's Section 12 claims by application of 15 U.S.C. §77m); *accord Anixter v. Home-Stake Prod. Co.,* 939 F.3d 1420 (10th Cir. 1991); *Seaboard*, 677 F.2d at 1308; *Jackson Nat. Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir. 1994) ("The three year period is an absolute limitation which applies whether or not the investor could have discovered the violation").

The statute of repose defines substantive rights under federal securities law. "[A] statute of repose acts to define temporally the right to initiate suit against a defendant after a legislatively determined period. Unlike a statute of limitations, a statute of repose is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit." *Stolz*, 355 F.3d at 102.

Rule 15(c) and the relation back doctrine are inapplicable to circumvent the statute of repose and the extinguishment of substantive rights.

> **Relation back under Rule 15 does not apply when the statute at issue defines substantive rights rather than merely limiting procedural remedies. A statute of limitations is procedural in nature while a statute of repose is substantive in that it defines a right rather than merely limits its enforcement.**

*Resolution Trust Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991) (internal citations omitted) (emphasis added); *In re Arm Financial,* 2002 U.S. Dist. Lexis 13451 *16 (W.D. Ky. July 18,

2002) ("[A]llowing relation back of claims of plaintiffs in consolidated, untimely actions totally defeats the reasoning and import of *Lampf*") (quoting *Morin*); *Morin v. Trupin*, 778 F. Supp. 711 (S.D.N.Y. 1991) (equitable tolling and relation back doctrine are "fundamentally inconsistent" with and would render "meaningless" the statute of repose and are therefore inapplicable). While some courts have allowed relation back to circumvent a statute of limitations, the same arguments and policies do not apply in the statute of repose context.

Plaintiffs rely upon the Sixth Circuit's decision in *Miller v. American Heavy Lift Shipping,* 231 F.3d 242 *(*6th Cir. 2000*)*. *Miller*, however, involved a statute of limitations (under the maritime Jones Act), not a statute of repose. The equitable principles and policy considerations discussed in *Miller* are inapplicable in this case. The Sixth Circuit addressed this distinction in *The Ohio Company v. Nemecek*, 98 F.3d 234 (6th Cir. 1996). In *Ohio Company*, the issue was whether the six year deadline for filing a demand for arbitration under NYSE Rule 603 was subject to equitable tolling. The Sixth Circuit discussed whether Rule 603 was a statute of limitations or a substantive eligibility requirement. *Id.* at 236. The Sixth Circuit concluded that Rule 603 was a "substantive temporal limitation" and was therefore not a statute of limitations and "not subject to equitable tolling." *Id.* at 237. The Sixth Circuit compared its analysis to the Supreme Court's decision in *Lampf* establishing a three year "outer limit" for bringing Rule 10b-5 claims. *Id.; see also Stolz,* 355 F.3d at 103 ("a statute of repose acts to define temporally the right to initiate suit against a defendant"). The Sixth Circuit obviously recognizes the distinction between characterizing statutes of limitations and statutes of repose, and does not apply equitable tolling principles to the latter category.

There are no factual disputes relevant to the statute of repose argument. The securities were offered by December 3, 1999. Any claims regarding the offering had to be brought before

December 3, 2002. The disclosure of the Provident restatements occurred in the spring of 2003 and were not included as a basis for any claim in any complaint until December 31, 2003. Even if raised in the spring of 2003, the claims would have been barred by the statute of repose. This is not a matter of inquiry notice, or equitable tolling, or a factual issue for discovery – this is a matter of simply applying a statute consistent with congressional intent and Supreme Court precedent.

Plaintiffs' Section 11 and Section 10(b)/Rule 10b-5 claims relating to the Provident restatement of financials are barred by the three year statute of repose contained in 15 U.S.C. §77m and should be dismissed.[4]

### C.    Plaintiffs' State Law Claims are Time-Barred

Nowhere in Plaintiffs' Opposition do they explain how they circumvent Ohio's statute of limitations for the state law claims asserted in the complaint. As the KMK Defendants have argued, the state law claims are clearly time-barred. *T.d. 256 (KMK Defendants' Memorandum*

---

[4] Even if the Court determines generally that claims time-barred by a statute of repose can relate back under Federal Rule of Civil Procedure ("FRCP") 15(c), Plaintiffs' claim regarding Provident's restatement of financials cannot relate back because it is based on a set of operative facts different from any of the allegations set forth in the August, 2002 *Meier* Complaint – the first complaint naming the KMK Defendants.

Rule 15(c)(2) permits the relation back of amendments where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings." Fed. R. Civ. P. 15(c)(2). However, Rule 15(c) does not allow relation back if the amended claim sets forth new operative facts. *See Pruiss v. Bosse*, 912 F. Supp. 104, 106 (S.D.N.Y. 1996); *Koon v. Lakeshore Contractors*, 128 F.R.D. 650, 653 (W.D. Mich. 1988), *aff'd*, 889 F.2d 1087 (Table) (6th Cir. 1989). The rationale behind this assertion stems from the well-founded rational of FRCP 15(c) that forbids relation back where the original pleading fails to put a defendant on notice of the entire scope of allegations and where the allowance of the amendment would unduly prejudice the defendant. *See Barcume v. City of Flint*, 819 F. Supp. 631, 636 (E.D. Mich. 1993); *Collyer v. Darling*, 98 F.3d 211 (6th Cir. 2000); *Miller v. American Heavy Lift Shipping*, 231 F.3d 242 (6th Cir. 2000); *Albin v. Reynolds Financial Group, Inc.,* 1997 U.S. App. Lexis 28885 (9th Cir. Oct. 17, 1997) (affirming district court's refusal of relation back because amendment was "predicated by different facts, different requirements, and different documents") (copy attached).

Plaintiffs' restatement claim alleges an entirely new set of operative facts that were not part of any prior pleadings. The KMK Defendants had absolutely no notice prior to the filing of the CAC on December 31, 2003 that Plaintiffs' claims would encompass Provident's restatements. Because relation back under FRCP 15(c) was not intended to prejudice defendants and force them to defend claims based on new operative facts that they had no notice of, Plaintiffs' restatement claim should not relate back to the August, 2002 *Meier* Complaint. Without relation back, Plaintiffs' restatement claim is again time-barred by the applicable three year statute of repose, and therefore should be dismissed as a matter of law.

at 8-9). In the event that the Court does not dismiss the state law claims under SLUSA, the Court should dismiss the state law claims as time-barred.

### III.    ALTERNATIVELY THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIM UNDER SECTION 11 OF THE SECURITIES ACT, 15 U.S.C. §77k, BECAUSE KMK AND WEISS ARE NOT "EXPERTS" SUBJECT TO SECTION 11 LIABILITY

The KMK Defendants are not "experts" subject to Section 11 liability. The Supreme Court held in *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983), that "certain individuals who play a part in preparing the registration statement generally cannot be reached by a Section 11 action. These include . . . lawyers not acting as 'experts' . . ." *Id.* at 387 n. 22. Plaintiffs cite to this same language and simply argue that because the Court said "generally," attorneys can be held liable under Section 11 so the Court should hold the KMK Defendants liable. *T.d.* 275 (*Plaintiffs' Opposition* at 16). They cite no caselaw in support of their argument. They offer no explanation why this case is different from any other case where an attorney's name and law firm appear on a registration statement. Plaintiffs' position is completely contrary to *Herman* and numerous courts that have specifically addressed this issue.

Plaintiffs assert that, "Defendant Weiss was the KMK partner with overall responsibility for writing and assembling the final version of the Proxy Materials/Registration Statement." *T.d.* 233 (*December 31, 2003 CAC* at ¶31). Plaintiffs assert that KMK and Weiss are liable under Section 11 because they had extensive knowledge of Provident's business and a high degree of involvement in the note offering.

The standard under Section 11, however, is whether an attorney expertised relevant portions of the registration materials, not whether or not the attorney had extensive knowledge of defendant company's business affairs or a high degree of involvement in drafting or compiling the relevant note offering as Plaintiffs seem to assert in the present case. *Ahern v. Gaussoin*, 611

F. Supp. 1465, 1482 (D.C. Ore. 1985) (plaintiffs assertion that defendant attorneys were liable because they had extensive knowledge of defendant company's business affairs and a high degree of involvement in the note offering had no basis in case law); s*ee also In re New York City Shoes Sec. Litig.*, 1988 U.S. Dist. Lexis 7283, **9-10 (E.D. Pa. July 8, 1988) (copy attached); *In re Flight Transportation Corporation Sec. Litig.*, 593 F. Supp. 612, 615 (D. Minn. 1984) (rendering of legal advice does not expertise the registration statement); *Tirone v. Calderone-Cunan Ranches, Inc.*, Fed.Sec.L.Rep. (CCH) ¶ 96,480 at 93,775 (W.D.N.Y. 1978) (for purposes of a motion to dismiss for failure to state a claim under section 11, "[t]he mere fact that these defendants 'passed on all legal matters' relative to the registration statement and prospectus does not confer liability upon them as experts within the meaning of section 11(a)(4)").

In order to qualify as an "expert" under Section 11, an attorney must "expertise" a statement in the registration materials **and**, **even then**, the attorney is only liable for the expertised opinion and not for the entire document. *Seidel v. Public Service Co.*, 616 F. Supp. 1342, 1361 (D.N.H. 1985); *Hagert v. Glickman,* 520 F. Supp. 1028, 1035 (D. Minn. 1981) ("There is no allegation that this defendant signed or expertised any portion of the registration statement. Absent such an allegation, a claim of a primary violation of Section 11 cannot be made against this defendant") (citing *Escott v. Barchris Construction Corp.*, 283 F. Supp. 643, 683 (S.D.N.Y. 1968)). It is clear from even a cursory examination of the registration materials in question that neither KMK nor Weiss expertised any portion of the materials as required by Section 11. The Proxy Materials/Registration Statement shows that the only part signed off on by KMK or Weiss is the required formal opinion as to the legality of the securities being registered (as a filed exhibit to the registration statement) which does not trigger Section 11

liability.  *See ZZZZ Best Sec. Litig.,* 1990 U.S. Dist. Lexis 11867 (C.D. Cal. July 23, 1990) (under federal regulations, required review report not considered a "report . . . certified by an accountant" nor would it be part of the registration statement) (copy attached).

Based on the lack of certification by KMK or Weiss, Plaintiffs presumably assert that KMK and Weiss are liable as "experts" under Section 11 for their involvement in the preparation of the entire document.  Despite Plaintiffs' assertion, the case law is clear that an attorney who assists in the preparation of a registration statement does not thereby become an expert for the entire registration statement under Section 11.

> [T]o say that the entire registration statement is expertised because some lawyer prepared it would be an unreasonable construction of the statute.

*Escott*, 283 F. Supp. at 683.  The "mere preparation of a registration statement or passing on all legal matters contained therein is insufficient participation to confer liability upon lawyers under section 11 as experts."  *In re New York City Shoes Sec. Litig.*, 1988 U.S. Dist. Lexis 7283 at * 9– 10); *see also*, *Ahern*, 611 F. Supp. at 1482; *In re Flight Transportation Corporation Sec. Litig.,* 593 F. Supp. at 615; *Tirone,* Fed.Sec.L.Rep. (CCH) ¶ 96,480 at 93,775.  As the Court stated in *Ahern*, "this argument finds no support in the case law," and should be dismissed.  *Ahern*, 611 F. Supp. at 1482.

Plaintiffs cite no case against a lawyer or law firm finding Section 11 liability simply because their name is on a registration statement.  Therefore, Plaintiffs' Section 11 claim against the KMK Defendants is legally deficient and must be dismissed as a matter of law.

**IV.    ALTERNATIVELY THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIM UNDER SECTION 10(B)/RULE 10b-5 BECAUSE PLAINTIFFS HAVE FAILED TO ADEQUATELY ALLEGE SCIENTER**

The KMK Defendants seek dismissal of Plaintiffs' Section 10(b)/Rule 10b-5 claim for failure to plead scienter with specificity – a requirement explicitly required by Congress in enacting the Private Securities Litigation Reform Act ("PSLRA") to sift through meritless claims against improper parties before the litigation proceeds with discovery. *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 551 (6th Cir. 1999).

In their opposition, Plaintiffs simply provide the same list of unsupported, allegations from their complaint. *T.d.* 275 (*Plaintiffs' Opposition* at 19). This list of allegations, taken directly from the December 31, 2003 CAC, remains vastly insufficient to state a claim under the heightened pleading requirements of the PSLRA. "To state a claim under §10(b) of the Securities and Exchange Act of 1934 (the "1934 Act") and Rule 10b-5, a plaintiff must allege, in connection with the purchase or sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury." *Comshare,* 183 F.3d at 548; *Helwig v. Vencor, Inc.,* 251 F.3d 552 (6th Cir. 2001).

In order to allege scienter or fraudulent intent, as specifically required by the PSLRA in a private securities action, "the complaint shall, with respect to each act or omission alleged to violate this chapter state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Miller v. Champion Enterprises, Inc.,* 346 F.3d 660, 673 (6th Cir. 2003) (quoting 15 U.S.C. §78u-4(b)(2)); *Helwig,* 251 F.3d at 551; *Fidel v. AK Steel Holding Corp.,* 2002 U.S. Dist. Lexis 18887 (S.D. Ohio Sept. 19, 2002) (copy attached). Thus, there are three elements that Plaintiffs must satisfy in order to show scienter: (1) Plaintiffs must plead their allegations with particularity; and (2) those allegations must give rise to a strong

inference; (3) that Defendants KMK and Weiss acted with the required state of mind. Plaintiffs fail to meet any of them.

First, Plaintiffs fail to plead their allegations with particularity. As discussed at length in the KMK Defendants' motion to dismiss, Plaintiffs' December 31, 2003 CAC contains nothing but generalized and conclusory allegations without factual bases.[5] *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 362 (6th Cir. 2001) (generalized and conclusory allegations that defendant's conduct was fraudulent do not satisfy rule requiring that circumstances of alleged fraud be pleaded with particularity). Plaintiffs' further listing of conclusory allegations in their opposition memorandum does nothing but bolster the KMK Defendants' argument that Plaintiffs simply provide a laundry list of unsupported and generalized allegations insufficient to meet the particularized pleading requirement.

Second, Plaintiffs' allegations do not give rise to a strong inference of scienter. This "strong inference" requirement means that a plaintiff is entitled "only to the most plausible of competing inferences." *Miller*, 346 F.3d at 673 (holding "if certain factors are not met in the complaint – factual particularity and the most plausible of competing inferences – the court shall, on the motion of any defendant, dismiss the complaint"); *Helwig,* 251 F.3d at 551 (inferences of scienter will not survive a motion to dismiss if they are simply reasonable; rather, such inferences must be both reasonable and strong). Plaintiffs' allegations are neither reasonable nor strong as demonstrated by the detailed discussion in the KMK Defendants' motion to dismiss. Plaintiffs attempt to establish a strong inference of scienter merely by alleging facts demonstrating motive and opportunity, yet fail to establish that Defendants KMK and Weiss

---

[5] In the KMK Defendants' motion to dismiss, Defendants provide an allegation by allegation showing that **none** of Plaintiffs allegations are plead with particularity and/or give rise to a strong inference that KMK and Weiss acted with extreme recklessness. *T.d.* 256 (*KMK Defendants' Memorandum* at 14-16).

acted recklessly or knowingly with the requisite state of mind. The bare pleading of motive and opportunity alone does not constitute the pleading of a strong inference of scienter. *Comshare*, 183 F.3d at 551; *see also*, *Bovee*, 272 F.3d at 362; *Helwig*, 251 F.3d at 550.

Finally, a plaintiff is required to plead facts which indicate "a mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hockfelder*, 425 U.S. 185, 193 (1976). In the Sixth Circuit, as in most other circuits, this required state of mind is "recklessness," that is, "highly unreasonable conduct which is an <u>extreme</u> departure from the standards of ordinary care." *Miller*, 346 F.3d at 672 (quoting *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017, 1025 (6th Cir. 1979)) (emphasis added). Simple, or even inexcusable, negligence is <u>not</u> sufficient to satisfy the PSLRA's recklessness requirement. *Comshare*, 183 F.3d at 550 (recklessness is a mental state "apart from negligence and akin to conscious disregard"); *see also*, *In re Kindred Healthcare, Inc. Sec. Litig.*, 2004 U.S. Dist. Lexis 374 (W.D. Ky. Jan. 9, 2004) (healthcare company's failure to disclose rise of medical malpractice claims and inadequacy of its liability reserves did not amount to securities fraud under §10(b), even though company miscalculated extent of its potential liability by $55 million) (copy attached).

Plaintiffs allege that KMK and Weiss, at most, acted negligently. *T.d.* 275 (*Plaintiffs' Opposition* at 19). Plaintiffs CAC is filled with unsupported and generalized allegations of negligence. Furthermore, Plaintiffs' opposition does not shed any further light on – in fact, does not even address – the lack of any particularized allegations as related to KMK and/or Weiss in the CAC. It is abundantly clear from the above discussion that under the PSLRA Plaintiffs are required to provide much more than generalized allegations and unsubstantiated innuendo in order to survive a motion to dismiss for failure to state a claim. Congress passed the PSLRA in 1995 in order to prevent abuse of securities laws by private litigants. *Comshare*, 183 F.3d at 548

(citing H.R. Conf. Rep. No. 104-369 (1995)).  Congress, in enacting the PSLRA, explained that frivolous securities fraud litigation "unnecessarily increase[s] the cost of raising capital and chill[s] corporate disclosure."  *Id*.  Plaintiffs in the present action have asserted just the sort of generalized allegations that Congress intended to thwart.  Such allegations should be dismissed for failure to state a claim.

## V.    ALTERNATIVELY, THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE FOURTH ALLEGED "MATERIAL" MISREPRESENTATIONS ARE NOT MATERIAL

It is critical to point out that the Court does not need to reach or address this issue of materiality of the alleged misrepresentations as it pertains to the claims against the KMK Defendants.  The Court only needs to reach this issue if it first determines: (1) the state law claims are not preempted by SLUSA; **and** (2) the federal and state claims against the KMK Defendants are not time-barred by either the applicable statute of limitations or the statute of repose; **and** (3) the KMK Defendants are determined to be an expert under Section 11, **and/or** (4) the Section 10(b)/Rule 10b-5 claim is adequately pled under the PSLRA.

If the Court reaches this issue, the KMK Defendants incorporated by reference the materiality arguments raised and more fully briefed by the OHSL/Provident Defendants.  To avoid duplication and repetition, to the extent that Plaintiffs respond to the arguments in their opposition, the KMK Defendants refer the Court to the OHSL/Provident Defendants' motion to dismiss (*T.d.* 253, 264) and any pleadings they file regarding same.

## VI.   PLAINTIFFS' REQUEST TO STRIKE THE MOTION TO DISMISS OR TO CONVERT THIS MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

Plaintiffs spend several pages in their opposition attempting to argue that the KMK Defendants' "so called" motion to dismiss is "a disguised motion for summary judgment pursuant to Rule 56" and ask the Court to strike the motion or convert it into a motion for

summary judgment and delay consideration. *T.d.* 275 (*Plaintiffs' Opposition* at 10, 21-24). Plaintiffs are desperately seeking to avoid the inevitable dismissal of the claims against the KMK Defendants, and this conversion argument is completely without merit.

This issue of motion conversion is completely misleading because Plaintiffs are arguing that the entire motion to dismiss should be converted into a motion for summary judgment solely because the KMK Defendants cited to the deposition testimony of Mark Weiss to partially support two arguments raised in their motion to dismiss and also incorporated the materiality argument of the OHSL/Provident Defendants and the deposition testimony cited in their argument. Plaintiffs ignore the fact that:

- There is no deposition testimony or "factual evidence" submitted with respect to SLUSA preemption; this legal argument is determined solely by application of statute and case law.

- There is no deposition testimony or "factual evidence" submitted with respect to the application of the federal one year statute of limitations; this legal argument is determined by reference to the one document referenced in the December 31, 2003 CAC and application of statute and case law to dismiss.

- There is no deposition testimony or "factual evidence" submitted with respect to application of the federal three year statute of repose; again, this legal argument is determined by reference to the December 31, 2003 CAC and application of statute and case law.

- There is no deposition testimony or "factual evidence" relevant to decide the KMK Defendants legal status as an "expert" under Section 11.

- There is no deposition testimony or "factual evidence" relevant to Plaintiffs' failure to plead Section 10(b)/Rule 10b-5 claims with specificity.

The KMK Defendants only cited to deposition testimony in support of particular parts of the arguments because Plaintiffs cited repeatedly to deposition testimony of KMK Defendants in its December 31, 2003 CAC. *T.d.* 234 (*December 31, 2003 CAC* at ¶¶ 30, 31, 56, 66). The Sixth

Circuit case law is overwhelmingly clear that when a plaintiff chooses to cite and rely upon documents and deposition testimony in its complaint, the Court can consider the full document or testimony without converting a motion to dismiss to a motion for summary judgment.[6] Plaintiffs cannot cite misleadingly from the Weiss deposition in their December 31, 2003 CAC and then complain when the deposition testimony is clarified for the Court.

This "conversion" argument is a delay tactic that violates the intent and language of the PSLRA. The arguments in the motion should be decided now before any further discovery proceeds. The Court can dismiss all claims asserted against the KMK Defendants without considering any deposition testimony, but it is also completely proper for the Court to do so. The KMK Defendants' motion to dismiss should not be stricken or converted or stayed pending further discovery, but should be granted by the Court at its earliest opportunity.

## VII.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' claims against the KMK Defendants in the December 31, 2003 CAC (Counts I, V, VII, VIII, and X) should be dismissed against the KMK Defendants.

---

[6] *See, e.g. Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (court may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim); *see also Allied Mechanical Services, Inc. v. Local 337*, 2000 U.S. App. Lexis 15723 (6th Cir. June 26, 2000) (district court's consideration of materials presented in connection with a motion to dismiss did not convert the motion to one for summary judgment because the materials reiterated the contents of the complaint, were referred to in the complaint, or were central to the claims asserted) (copy attached); *Weiner v. Klais*, 108 F.3d 86 (6th Cir. 1997) (a defendant may introduce certain pertinent documents if the plaintiff fails to do so, otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss by failing to attach a dispositive document upon which it relied); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994) (when ruling on a motion to dismiss, a court may consider a variety of documents in addition to the complaint, including, but not limited to, documents whose contents are alleged in the complaint but which are not physically attached to the pleading).

Respectfully submitted,


/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202
Tel: 513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
*Attorney for Defendants,*
*Keating, Muething & Klekamp PLL*
*and Mark A. Weiss*

## CERTIFICATE OF SERVICE


I hereby certify that on February 27, 2004, I electronically filed the foregoing Reply Memorandum in Further Support of the KMK Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 27th day of February, 2004.

Michael G. Brautigam
Gene Irving Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
Attorney for the Plaintiff

Stephen J. Brogan
Cheryl E. Forchilli
Heather Guilette Walser
Melissa D. Stear
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
Attorney for Defendant Ernst & Young


/s/ Thomas W. Breidenstein
Thomas W. Breidenstein