3 of 4 DOCUMENTS

IN RE: NEW YORK CITY SHOES SECURITIES LITIGATION

Civil Action No. 87-4677

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1988 U.S. Dist. LEXIS 7283*

**July 7, 1988; July 8, 1988, Filed and Entered**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Third-party defendant law firm sought to dismiss the complaint of third party plaintiff, an underwriting and securities brokerage firm, which sought indemnity in an action brought by plaintiff class action claimants who claimed they were damaged as a result of an alleged misleading prospectus.

**OVERVIEW:** A class action alleging securities law violations was brought against the brokerage firm and accounting firm stemming from alleged misleading, and other improprieties in a prospectus in a public offering for common stock in a company. The brokerage firm brought a third-party complaint against the law firm involved in the prospectus process seeking indemnification for any damages for which the brokerage firm was found liable. The law firm sought to dismiss the brokerage's third-party complaint. The court denied the motion in part and granted it in part, holding that: (1) despite the law firm's claim that the language in the third-party complaint that the law firm was "solely liable" to the original plaintiffs rendered it subject to dismissal as violative of *Fed. R. Civ. P. 14(a)*, the brokerage firm did include the required language that the law firm would be secondarily liable to the brokerage firm in the event that the latter was held liable to the original plaintiffs, the class; (2) those portions of the third-party complaint which sought indemnity under the federal securities law were to be stricken because no right to indemnification was recognized under federal securities law.

**OUTCOME:** The court denied, in part, and granted, in part, the law firm's motion to dismiss the brokerage firm's third party complaint which sought indemnity for any damages from any securities law violations for which the brokerage firm was found liable.

**CORE TERMS:** third-party, registration statement, prospectus, aider-abettor, motion to dismiss, particularity, aiding and abetting, seller, wrongful act, indemnification, knowingly, valuation, prong, failure to state a claim, material fact, offering, omission, cause of action, fails to state, memorandum, preparing, purchaser, active participant, failed to state, misstatements, participated, wrongdoing, reinstated, stricken, sounded

**LexisNexis (TM) HEADNOTES- Core Concepts:**

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*
[HN1] *Fed. R. Civ. P. 14(a)* provides that: A defending party, as a third-party plaintiff, may cause a summons and complains to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*
[HN2] Under *Fed. R. Civ. P 14(a)*, a defendant may only assert that the third-party defendant is liable to the defendant for all or part of the plaintiff's claim. A third-party complaint is appropriate only in cases where the proposed third-party defendant is secondarily liable to the original defendant in the event that the latter is held to be liable to the plaintiff.

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*
[HN3] Under *Fed. R. Civ. P. 14*, a judgment against the third-party defendant must inure to the benefit of the third-party plaintiff, and not the original plaintiff; in addition, defendant may not implead someone who is solely liable to plaintiff.

*Civil Procedure > Pleading & Practice > Pleadings > Impleader*

[HN4] No right to indemnity exists under the securities law.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN5] Section 11 of the Securities Act of 1933 provides that, where a registration statement contains an untrue statement of a material fact or omits a material fact, the purchaser of any security issued thereunder may sue various listed persons. Lawyers may be held liable under § 11 on either of two theories. First, a lawyer may be held liable if he is one of the listed persons under § 11 itself. Second, it appears that a lawyer may be held liable under § 11 if he acts as an "expert" in connection with the drafting of the registration statement.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN6] Under § 11(a)(4) of the Securities Act of 1933, the purchaser of any security say sue: Any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to be prepared or certified by him. *15 U.S.C.S. § 77k*(a)(4). If a lawyer is named, with his consent, as preparing or certifying either the registration statement or any report or valuation used in connection therewith, he may be subject to liability under § 11.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN7] Certain individuals who play a part in preparing the registration statement generally cannot be reached by an action under § 11 of the Securities Act of 1933. These include lawyers not acting as experts. Thus, by implication, lawyers may be held liable under that section where they have act as "experts."

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN8] To say that the entire registration statement is expertised because a lawyer prepared it is an unreasonable construction of § 11 of the Securities Act of 1933. For the purposes of a motion to dismiss for failure to state a claim under § 11, the mere fact that defendants pass on all legal matters relative to the registration statement and prospectus does not confer liability upon them as experts within the meaning of § 11(a)(4). The mere preparation of a registration statement or passing on all legal matters contained therein is insufficient participation to confer liability upon lawyers under § 11 as experts.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN9] If it appears beyond a doubt that the plaintiff cannot prove its claim, the court may dismiss for failure to state a claim.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN10] Section 12(2) of the Securities Act of 1933, provides, in relevant part, that any person who sells or offers to sell any security by means of a prospectus which contains a false or misleading statement of a material fact or an omission of a material fact, shall be liable to the purchaser of any such security. *15 U.S.C.S. § 77k*(2).

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN11] The Third Circuit recognizes aider-abettor liability under § 12(2) of the Securities Act of 1933.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN12] Aider-abettor liability exists where violations under both § 12(2) of the Securities Act of 1933, and § 10(b) of the 1934 Act are raised. Aider-abettor liability is possible in a case that alleges violations of §§ 11, 12(2), 15, 17(a) of the Securities Act of 1933, and §§ 10(b), 30 of the 1934 Act.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN13] To sustain a charge of aiding and abetting, the plaintiffs have the burden of establishing: (1) that there is a commission of a wrongful act — and underlying securities violation; (2) that the alleged aider-abettor has knowledge of the act; and (3) that the aider-abettor knowingly and substantially participate in the wrongdoing.

*Securities Law > Bases for Liability > Civil LiabilitySecurities Law > Bases for Liability > Liability for Fraud*
[HN14] A substantial factor test might be appropriate to determine aider-abettor liability.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
[HN15] *Fed. R. Civ. P. 9(b)* provides: In all averments of fraud or mistake, the circumstances constituting fraud

or mistake shall be stated with particularty. *Fed. R. Civ. P. 9(b)*. The federal courts only require a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)*.

***Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading RequirementsSecurities Law > Bases for Liability > Liability for Fraud***

[HN16] *Fed. R. Civ. P. 9(b)* does not apply to claims based on §§ 11, 12(2) of the Securities Act of 1933, where the claims are not "sounded in fraud." A successful action under § 11 does not require proof of fraud, and, therefore, the *Fed. R. Civ. P. 9(b)* particularity requirement does not apply. Similarly, a successful action under § 12(2) of the Securities Act of 1933 need not be based on an intentional misrepresentation and is not bound by the particularity requirements of *Fed. R. Civ. P. 9(b)*. Some cases hold that, where the §§ 11, 12(2) claim is "sounded in fraud" it must be stated with particularity pursuant to *Fed. R. Civ. P. 9(b)*, claim for intentionally misleading omissions subject to requirements of Rule 9(b)).The requirements of Rule 9(b) are attenuated where the allegations are contained in a third-party complaint. This is because the third-party complaint can rely on the specificity of the original complaint and simply allege that, if the original defendant is liable for the specific acts, then the third-party defendant is liable to it for those acts.

**COUNSEL:** [*1]

Richard D. Greenfield, Esq., Haverford, PA, David B. Zlotnick, Bala Cynwid, PA, Attorneys for Plaintiffs

Barry E. Ungar, Esq., MANN & UNGAR, Philadelphia, PA, Attorney for MARGOLIS & COMPANY

Colleen Holt, Esq., BASKIN FLAHERTY ELLIOTT & MANNINO, Philadelphia, PA, Attorney for EARL SHUBB

Leonard Barrack, Esq., Daniel E. Bacine, Esq., BARRACK RODOS & BACINE, Philadelphia, PA, Attorneys for MULLER AND COMPANY

TERRY S. RAKOFF, Overbrook Hills, PA, p.p.

C. Clark Hodgson, Jr., Esq., STRADLEY RONON STEVENS & YOUNG, Philadelphia, PA, Attorney for ALAN BERGER

Kenneth M. Dubrow, Esq., Philadelphia, PA, Attorney for BARRY GOLDSTEIN

**OPINIONBY:**

NEWCOMER

**OPINION:**

MEMORANDUM

CLARENCE C. NEWCOMER, UNITED STATES DISTRICT JUDGE

Presently before the court is a third-party defendant's motion to dismiss a third-party plaintiff's complaint for failing to state a claim upon which relief can be granted. For the following reasons, I will deny the motion in part and grant the motion in part.

I. FACTUAL BACKGROUND

The facts may be summarized briefly. On August 20, 1986, New York City Shoes, Inc. ("NYCS") made a public offering of 990,000 shares of common stock pursuant to a prospectus of the same date. Claiming that the [*2] prospectus was misleading and other improprieties, plaintiffs initiated a class-action suit against various directors and officers of NYCS, an accounting firm, and Muller and Company, Inc. ("Muller"), an underwriting and securities brokerage firm which was the principal underwriter for the prospectus involved.

Defendant Muller then filed a third-party complaint ("Muller complaint") against the law firm of McCausland, Keen & Buckman ("MK&B") pursuant to *Fed.R.Civ.P. 14(a)*, claiming that MK&B was an active participant in the August 20, 1986 offering and that, in the event that Muller is found liable, MK&B is liable to it for all or part of the plaintiff's claim against it. Muller complaint, para. 12, at 4. MK&B then moved to dismiss Muller's complaint, claiming that Muller had failed to state a claim upon which relief can be granted.

II. DISCUSSION

A. *Fed.R.Civ.P. 14* and "Sole Liability"

MK&B first argues that Muller's complains fails because it alleges that MK&B is "solely liable" to the class for the actions of Muller. Although MK&B correctly states the law of impleader, its argument fails simply because it misreads the language in Muller's complaint.

[HN1] Rule 14(a) provided that:
 [*3]
[A] defending party, as a third-party plaintiff, may cause a summons and complains to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

*Fed. R.Civ.P 14(a)* (emphasis added).

Prior to 1948, *Fed.R.Civ.P. 14* allowed a defendant

to implead a third-party defendant and claim that the third-party defendant was "solely liable" to the original plaintiff. In 1948, however, the rule was changed so that [HN2] a defendant may now only assert that the third-party defendant is liable to the defendant for all or part of the plaintiff's claim. n1 See *Millard v. Mun. Sewer Auth. of Township of Lower Makefield, 442 F.2d 539, 541 (3d Cir. 1971); Pennine Resources, Inc. v. Dorwart Andrew & Co., 639 F.Supp. 1071, 1076 (E.D. Pa. 1986)* (quoting *Barab v. Menford, 98 F.R.D. 455, 456 (E.D. Pa. 1983)*. As the court in Barab observed, "a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event that the latter is held to be liable to the plaintiff." *Barab, 98 F.R.D.* [*4] *at 456* (emphasis added).

> n1 As Professors Wright and Miller observed:
>
> This provision was deleted because an unwilling plaintiff could not be required to amend his complaint to state a claim directly against a third party so that on many occasions impleader amounted to an offer of a new party to the original plaintiff that could prove to be futile and time consuming if he rejected the tender. [HN3] Under the rule as amended, a judgment against the third-party defendant must inure to the benefit of the third-party plaintiff, and not the original plaintiff; in addition, defendant no longer may implead someone who is solely liable to plaintiff. (footnotes omitted)
>
> 6 C. Wright & A. Miller § 1446, at 258 (1971).

MK&B's claim that Muller's complaint alleges sole liability to the original plaintiffs is simply the result of a cursory reading of the complaint. Paragraph twelve of Muller's complaint reads that "[i]n the event that Muller is found liable to plaintiffs and/or the class . . . then such liability is solely the result of the actions of [MK&B] . . . ." Muller Complaint para. 12, at 4 (emphasis added). Although Muller's complaint does use the word "solely," alleging that one's [*5] liability is solely the result of a third-party defendant's actions is substantially different than alleging that the third-party defendant is "solely" liable to the original plaintiff. In fact, the language used seems well suited to allege that the third-party defendant is liable to the third-party plaintiff for all of the original plaintiff's claims against the third-party plaintiff.

B. Indemnity

MK&B also argues that that part of Muller's complaint which seeks indemnity must be stricken as no right to indemnification is recognized under federal securities laws. MK&B is correct on this point. See *Seiler v. E.F. Hutton & Co., Inc., 102 F.R.D. 880 (D.N.J. 1984)* ("[t]he law is settled that [HN4] no right to indemnity exists under the securities law.") Those parts of the complaint which seek indemnification will be stricken from Muller's complaint.

C. Section 11

MK&B next argues that Muller's complaint fails to state a claim under section 11 of the Securities Act of 1933 ("1933 Act"). [HN5] Section 11 provides that, where a registration statement contains an untrue statement of a material fact or omits a material fact, the purchaser of any security issued thereunder may sue various [*6] listed persons.

It appears that lawyers may be held liable under section 11 on either of two theories. First, a lawyer may be held liable if he is one of the listed persons under section 11 itself. Second, it appears that a lawyer may be held liable under section 11 if he acted as an "expert" in connection with the drafting of the registration statement. See *Herman & MacLean v. Huddleston, 459 U.S. 375, 386 n.22, 74 L.E.2d 548, 558, 103 S.Ct. 683, 689 (1983)*. Because Muller's complaint fails to state a claim under either of these theories of liability, I will give Muller leave to amend with respect to that count, or dismiss that count in the event that Muller decides not to pursue contribution under this claim.

A.

Muller's complaint fails to aver that MK&B is liable as one of the specifically listed persons under section 11. [HN6] Under section 11(a)(4) of the 1933 Act, the purchaser of any security say sue:

[A]ny person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the [*7] registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by him. . . .

*15 U.S.C. § 77k*(a)(4).

Thus, if a lawyer has been named, with his consent, as having prepared or certified either the registration statement or any report or valuation used in connection therewith, he may be subject to liability under section 11.

In its memo in opposition to MK&B's motion to dismiss, Muller asserts that MK&B was "named as having prepared or certified parts of the registration statement and

the prospectus . . . ." Muller Memorandum in Opposition to MK&B's Motion to Dismiss, at 5. If the complaint contained similar language, it could withstand a motion to dismiss for failure to state a claim under section 11(a)(4). These allegations, however, are not contained in Muller's complaint. Muller's complaint merely avers that MK&B drafted the preliminary prospectus, prospectus, and registration statement, but not that it was named with its consent as having prepared these documents. Moreover, the prospectus itself asserts that MK&B only passed on "[c]ertain legal matters relating to the issuance and sales [*8] of the share of Common Stock offered hereby . . . ." Prospectus for August 20, Offering, at 22 (Exhibit B, attached to MK&B's Reply Memorandum to Muller's Memorandum in Opposition to MK&B's Motion to Dismiss). Since section 11(a)(4) specifically limits liability to only those who have been named with their consent as having prepared either the registration statement or a report or valuation used in connection therewith, it would be contrary to the clear language of the statute to allow third-party liability against MK&B under section 11(a)(4).

B.

I also conclude that Muller has failed to state a cause of action under section 11 under the theory that MK&B acted as an "expert" with respect to preparing the registration statement. In Herman & MacLean, the Supreme Court noted, in a footnote, that " [HN7] certain individuals who play a part in preparing the registration statement generally cannot be reached by a § 11 action. These include . . . lawyers not acting as experts. . . ." Id. at 368 n.22. Thus, by implication, lawyers may be held liable under that section where they have acted as "experts."

Although no court in this Circuit has considered what level of involvement is required [*9] for a lawyer to be considered an "expert," courts in other circuits have. In *Escott v. Barchris Construction Corp., 283 F.Supp. 643 (S.D.N.Y. 1968),* for example, the court held that [HN8] "[t]o say that the entire registration statement is expertised because some lawyer prepared it would be an unreasonable construction of [section 11 of the 1933 Act]." *Id. at 683*. In a similar situation, the court in *Tirone v. Calderone-Curran Ranches, Inc., Fed.Sec.L.Rep. (CCH) para. 96,480 (W.D.N.Y. 1978),* held that, for the purposes of a motion to dismiss for failure to state a claim under section 11, "[t]he mere fact that these defendants 'passed on all legal matters' relative to the registration statement and prospectus does not confer liability upon them as experts within the meaning of section 11(a)(4)." Id. at para. 93,775 (citing *Escott, 283 F.Supp. at 683).* See also *Ahern v. Gaussoni, 611 F.Supp. 1465, 1482 (D.Ore. 1985); In re Flight Transp. Corp. Sec. Litig., 593 F.Supp. 612, 616 (D.Minn. 1984).* Thus, other circuits have concluded that the mere preparation of a registration statement or passing on all legal matters contained therein is insufficient participation to [*10] confer liability upon lawyers under section 11 as experts.

Muller's complaint, however, alleges that MK&B was an active participant in the offering and that "[s]uch participating included rendering expert professional advice. . . ." Muller complaint para. 12, at 4 (emphasis added). As I must accept all of the plaintiff's well pleaded facts as true, it would appear that I may not dismiss Muller's claim under section 11. See *Seidel v. Pub. Serv. Co. of New Hampshire, 616 F.Supp. 1342 (D.N.H. 1985)* ("as paragraph 23 of the complaint here alleges that the defendants were acting as such experts, the Court is required to accept those allegations as true for the purposes of the motions to dismiss, and such argument furnishes no ground for dismissal.").

It is well established, however, that [HN9] if it appears beyond a doubt that the plaintiff cannot prove its claim, I may dismiss for failure to state a claim. *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 84, 78 S.Ct. 99, 102 (1957).* Since I find the decision of other circuits, noted supra, to be persuasive, I find that the allegations contained in Muller's complaint that MK&B merely drafted the preliminary prospectus, prospectus, [*11] and registration statement and that MK&B is listed in the prospectus as having passed on certain legal matters relating to the August 20 offering are insufficient to withstand a motion to dismiss for failure to state a claim. Accordingly, I will give Muller leave to amend the complaint to state, with particularity, what actions, beyond passing on various legal matters and preparing the prospectus, preliminary prospectus, and registration statement, MK&B has engaged in to subject them to liability under section 11 as "experts" If no such amendment is received within twenty days of this order, I will dismiss this claim from Muller's complaint.

D. Section 12(2)

MK&B next argues that Muller's complaint fails to state a claim under [HN10] section 12(2) of the 1933 Act. That section provides, in relevant part, that any person who sells or offers to sell any security by means of a prospectus which contains a false or misleading statement of a material fact or an omission of a material fact, shall be liable to the purchaser of any such security. See *15 U.S.C.A. § 77k(2).* In the present case, Muller claims that, if it is found liable under section 12(2) of the 1933 Act, then MK&B is liable [*12] to it for aiding and abetting.

The first issue that presents itself under this claim is whether the Third Circuit recognizes a cause of action

for aider-abettor liability under section 12(2). In *Monson v. Consol. Dressed Beef Co., Inc., 579 F.2d 793 (3d Cir. 1978)*, the Third Circuit reversed the district court's judgment N.O.V. and reinstated the jury's award against a bank for aiding and abetting under section 12(2) of the 1933 Act and section 10b of the Securities Exchange Act of 1934 ("1934 Act"). Thus, it appeared well settled that [HN11] the Third Circuit recognized aider-abettor liability under section 12(2) of the 1933 Act.

One year later, however, the Third Circuit raised some questions about the Monson decision in *Collins v. Signetics Corp., 605 F.2d 110, 113-14 (3d Cir. 1979)*. Collins does not control the issue before this court. In Collins, the court examined the privity required between the buyer and seller of securities to establish liability under section 12(2). The court first recognized that it need not consider Monson since "[n]either by theory nor factual presentation did the appellants proffer a case against appellees of aiding and abetting the [*13] actual seller." *Collins, 605 F.2d at 113*. The court nevertheless observed in dictum that Monson:

[D]ealt solely with the question of how much evidence is required to constitute aiding and abetting. We determined that the evidence was sufficient and reinstated the jury verdict without specifically discussing whether there can be aider-abettor liability under § 12(2) as distinguished from § 10(b), on which the jury's verdict also rested.

*Collins, 605 F.2d at 114*. Furthermore, as MK&B indicates in footnote two in its memorandum in support of its motion to dismiss, the actual seller of securities in Collins, unlike in Monson, was not a named defendant in the action. n2

> n2 It was for this reason — that the defendant was not a named defendant — that the court in In re Computer Input Servs., Inc., No. 83-1393 (E.D. Pa. June 26, 1984), found that aider-abettor liability was inappropriate under section 12(2). Thus, MK&B's reliance on In re Computers is undercut since the actual sellers of NYCS securities are named defendants in the present action.

Since Collins, no court in this Circuit has addressed whether aider-abettor liability exists where only [*14] section 12(2) violations are asserted. In *Hill v. Equitable Bank, Nat. Ass'n., 599 F.Supp. 1062 (D.Del. 1984)*, however, the court concluded that [HN12] aider-abettor liability existed where violations under both section 12(2) of the 1933 Act and section 10(b) of the 1934 Act were raised. *Id. at 1083-84* (citing *Monson, 579 F.2d at 799*). Additionally, in *Kimmel v. Peterson, 565 F.Supp. 476 (E.D. Pa. 1983)*, Judge Giles concluded that aider-abettor liability was possible in a case that alleged violations of sections 11, 12(2), 15, and 17(a) of the 1933 Act, and sections 10(b) and 30 of the 1934 Act. Id. at 499-500 (citing *Monson, 579 F.2d at 799*). Since two district courts in this Circuit have recognized aider-abettor liability under section 12(2) and the seller in this case is a named defendant in the original complaint, I conclude that such a claim may be properly raised. n3

> n3 This also appears to be the trend in other circuits. See *Frankel v. Wyllie & Thornhill, Inc., 537 F.Supp. 730, 744 (W.D. Va. 1982); deBruin v. Andromeda Broadcasting Systems, Inc., 465 F.Supp. 1276, 1980, (D. Nev. 1979); Stern v. American Bankers Corp., 429 F.Supp. 818, 824 (E.D. Wis. 1977); Lorber v. Beebe, 407 F.Supp. 279, 287-88 (S.D.N.Y. 1975); Pharo v. Smith, 621 F.2d 656, 667 (5th Cir. 1980); In re Itel Securities Litig., 89 F.R.D. 104, 117 (N.D. Cal. 1981); Sandusky Land, ltd. v. Uniplan Groups, Inc., 400 F.S. 440, 444 (N.D. Ohio 1975)*.

[*15]

Having decided that a cause of action for aider-abettor liability under section 12(2) of the 1933 Act can lie, the next issue presented is whether Muller's complaint states a claim under such a theory. Monson sets forth the requirements for aider-abettor liability. n4

[HN13] To sustain a charge of aiding and abetting, the plaintiffs have the burden of establishing: (1) that there has been a commission of a wrongful act — and underlying securities violation; (2) that the alleged aider-abettor had knowledge of the act; and (3) that the aider-abettor knowingly and substantially participated in the wrongdoing.

*Monson, 579 F.2d at 799* (citing *Gould v. American-Hawaiian Steamship Co., 535 F.2d 761, 799 (3d Cir. 1976)*. See also *Hill, 599 F.Supp. at 1083* (citing Monson); *Kimmel, 565 F.Supp. at 500* (citing Monson).

> n4 MK&B asserts that this court should adopt a causation test to determine aider-abettor liability under section 12(2) of the 1933 Act. See MK&B Memorandum in Support of its Motion to Dismiss, at 11-13; MK&B Reply Memorandum, at 17-18. Although the court in In re Computers suggested that [HN14] a "substantial factor test might be appropriate to determine aider-abettor liability, the clear weight of authority within this circuit indicates that the tripartite analysis set forth in Monson is the appropriate test. See *Hill, 599 F.Supp. at 1083* (citing Monson); *Kimmel, 565 F.Supp. at 500* (cit-

ing Monson).

**[*16]**

Because of the nature of a third party complaint, a third-party plaintiff need not allege that the third-party defendant committed a "wrongful act" under the first prong of the Monson test. The third-party plaintiff needs simply to assert that, if it is found liable for a wrongful act, then the third-party defendant is liable to it for part or all of the plaintiff's claim against the third-party plaintiff. *Pennine, 639 F.Supp. at 1076*. I concluded that Muller has satisfied the first prong of the Monson test.

Under the second prong of Monson, Muller must assert that MK&B had knowledge of the punative wrongful act. Muller's complaint satisfies this requirement by averring that MK&B "knowingly gave substantial assistance in connection with such alleged violations of law. . . ." Muller complaint para. 12, at 4.

And finally, under the third prong of Monson, Muller's complaint must allege that MK&B knowingly and substantially participated in the wrongdoing. Here again, Muller's complaint satisfies this requirement by alleging that MK&B "knowingly gave substantial assistance in connection with such alleged violations of law. . . ." Muller complaint para. 12, at 4. Since **[*17]** Muller's complaint satisfies the three requirements set forth in Monson, it may not be dismissed for failing to state an actionable claim.

E. Rule 9(b)

Lastly, MK&B argues that, since the claims involved concern misstatements, they must be stated with particularity pursuant to *Fed.R.Civ.P. 9(b)*. [HN15] Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed.R.Civ.P. 9(b)*. For two reasons, I find that Rule 9(b) does not affect Muller's abbreviated complaint. n5

 n5 Although the federal courts only require "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed.R.Civ.P. 8(a)*, it would be helpful in the future, to all parties involved and the court, were a more detailed complaint submitted.

First, [HN16] Rule 9(b) does not apply to the claims based on sections 11 and 12(2) of the 1933 Act, at least where the claims are not "sounded in fraud." For example, in *Ross v. Warner, 480 F.Supp. 273 (S.D.N.Y. 1979),* the court recognized that "a successful action under Section 11 does not require proof of fraud, [citation omitted], and, therefore, the Rule 9(b) particularity **[*18]** requirement does not apply." *Id. at 273.* See also *McFarland v. Memorex Corp., 493 F.Supp. 631, 635 n.6 (N.D. Cal. 1980); In re Consumers Power Co. Sec. Litig., 105 F.R.D. 583, 594 (E.D. Mich. 1985); Schoenfeld v. Giant Stores Corp., 62 F.R.D. 348, 350-51 (S.D.N.Y. 1974)*. Similarly, a successful action under section 12(2) of the 1933 Act need not be based on an intentional misrepresentation and is not bound by the particularity requirements of Rule 9(b). See, e.g., *Seidel v. Pub. Serv. Co. of New Hampshire, 616 F.Supp. 1342, 1357 (D.N.H. 1985); Todd v. Oppenheimer & Co., Inc., 78 F.R.D. 415, 419 n.4 (S.N.D.Y. 1978); Billet v. Storage Technology Corp., 72 F.R.D. 583, 585 (S.D.N.Y. 1976)*.

Although some cases which hold that, where the section 11 or 12(2) claim is "sounded in fraud" it must be stated with particularity pursuant to Rule 9(b), *Competitive Assocs., Inc. v. Fire Fly Enter., Inc., 59 F.R.D. 336, 337 (S.D.N.Y. 1974)* (claim for intentionally misleading omissions subject to requirements of Rule 9(b)), this is not the case here and Muller's complaint is sufficiently particular under the requirements of *Fed.R.Civ.P. 8(a)*. See Consolidated **[*19]** and Amended Class-Action Complaint, paras. 43-47 & 50-51.

Second, the requirements of Rule 9(b) are attenuated where the allegations are contained in a third-party complaint. This is because the third-party complaint can rely on the specificity of the original complaint and simply allege that, if the original defendant is liable for the specific acts, then the third-party defendant is liable to it for those acts. This Muller has done, and, since the original complaint provides specific detail as to the alleged misstatements and omissions, I cannot find that MK&B does not have adequate notice of the claims against it See Consolidated and Amended Class-Action Complaint paras. 28, 29, 31-34 & 43-47.

For the foregoing reasons, MK&B's motion to dismiss is granted in part and denied in part.

An appropriate order follows.

ORDER - July 7, 1988

AND NOW, this 7th day of July, 1988, it is hereby Ordered that:

1. Third-party defendant MK&B's motion to dismiss is GRANTED as it refers to "and/or indemnification" in Muller's complaint, line 25, para. 12, page 4; and "indemnification and/or" in Muller's complaint, line 3, ad damnum clause, page 5;

2. Muller is given leave to amend its **[*20]** complaint with respect to the claim under section 11 of the 1933 Act. If no such amendment is received within twenty (20) days of this order, third-party defendant MK&B's motion to dismiss will be granted as to that claim.

3. Third-party defendant MK&B's motion to dismiss is DENIED in all other respects.

AND IT IS SO ORDERED.