39 of 41 DOCUMENTS

**In re ZZZZ BEST SECURITIES LITIGATION**

**No. CV 87–3574 RSWL**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*1990 U.S. Dist. LEXIS 11867; Fed. Sec. L. Rep. (CCH) P95,416*

**July 23, 1990, Decided**
**July 23, 1990, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a securities fraud action, defendants, a group of lawyers, accountants, securities broker–dealers, and financial advisors, filed motions to dismiss portions of plaintiff investors' consolidated fourth amended complaint pursuant to *Fed. R. Civ. P. 12(b)(6)* and *Fed. R. Civ. P. 9(b)*. They also filed motions to strike portions of the complaint pursuant to *Fed. R. Civ. P. 12(f)*.

**OVERVIEW:** The court denied in part and granted in part the motions to dismiss. In denying the motions to dismiss, the court held that investors had sufficiently pled allegations of (1) primary and secondary liability as to lawyers under *15 U.S.C.S. § 78j*(b) and S.E.C. Rule 10b–5 and for negligent misrepresentation, (2) state securities fraud violations, and (3) negligence. In granting the remaining motions to dismiss, the court held that investors had not sufficiently pled, among other things, various allegations of fraud with particularity as required by *Fed. R. Civ. P. 9(b)*, and violations of the Racketeering Influenced and Corrupt Organizations Act, *18 U.S.C.S. §§ 1961–1968*. The court held that investors could amend their complaint and replead the allegations which were dismissed without prejudice.

**OUTCOME:** The court granted in part and denied in part the motions to dismiss filed by a group of lawyers, accountants, securities broker–dealers, and financial advisors. The court permitted investors to replead the allegations which were dismissed without prejudice.

**CORE TERMS:** motion to dismiss, privity, misrepresentation, accountant, plead, actual knowledge, falsity, underwriter, conspiracy, secondary liability, specificity, written consent, materially, defraud, prospectus, negligent misrepresentation, intent to deceive, motions to dismiss, viii, duty, recklessly, reconsideration, primary liability, particularity, misleading, pleaded, Securities Act, aiding and abetting, non–managing, suffice

**LexisNexis (TM) HEADNOTES– Core Concepts:**

*Securities Law > Bases for Liability > Misleading Statements*
[HN1] To state a claim for primary liability under *15 U.S.C.S. § 78j*(b) and S.E.C. Rule 10b–5, plaintiffs must allege: (1) an untrue statement of material fact or an omission of such fact by persons who reasonably owed plaintiffs a duty to disclose; (2) plaintiffs' reliance on that material misstatement or omission; (3) damages; and (4) that the alleged misrepresentation occurred in connection with the purchase and sale of a security.

*Securities Law > Bases for Liability > Controlling Persons Liability*
[HN2] Attorneys can be held liable as primary violators of *15 U.S.C.S. § 78j*(b) of the Securities and Exchange Act of 1934 and S.E.C. Rule 10b–5 when they knowingly or recklessly issue false or misleading opinions or make false or misleading statements in connection with the sale of securities.

*Securities Law > Bases for Liability > Controlling Persons Liability*
[HN3] The decisive factor in determining whether an attorneys' involvement with the drafting of the prospectus and registration statement can amount to primary liability under *15 U.S.C.S. § 78j*(b) and S.E.C. Rule 10b–5 is the duty the defendant owes to the plaintiffs. This level of duty would be relative to the defendant's involvement in the transactions at issue and influence on the issuing defendant.

*Securities Law > Bases for Liability > Misleading*

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 2 of 28

Page 2

1990 U.S. Dist. LEXIS 11867, *; Fed. Sec. L. Rep. (CCH) P95,416

*Statements*

[HN4] To plead a claim for secondary, or aider and abettor, liability under *15 U.S.C.S. § 78j*(b) and S.E.C. Rule 10b–5, the United States Court of Appeals for the Ninth Circuit has generally stated that the following elements must be alleged: (1) an independent primary wrong; (2) actual knowledge by the alleged aider and abettor of the wrong and of their role in furthering it; and (3) substantial assistance in the wrong.

*Securities Law > Bases for Liability > Civil Liability*

[HN5] Liability under the securities law cannot be found for the normal performance of services by an attorney.

*Torts > Multiple Defendants > Conspiracy*

[HN6] To state a claim for conspiracy, plaintiffs must plead an agreement to participate in an unlawful act and an injury caused by an unlawful overt act performed in furtherance of the agreement.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading RequirementsSecurities Law > Bases for Liability > Racketeer Influenced & Corrupt Organizations*

[HN7] The specificity requirements of *Fed. R. Civ. P. 9(b)* apply to claims under the Racketeering Influenced and Corrupt Organizations Act, *18 U.S.C.S. §§ 1961*–1968, which are based on fraud.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*

[HN8] Under *Fed. R. Civ. P. 9(b)*, all averments of fraud must be stated with particularity. Particularity is satisfied if the pleading identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*

[HN9] A complaint that sets forth the time, place, and content of alleged fraudulent representation and the identity of the person engaged in the fraud is sufficiently particular whereas a complaint that sets forth mere conclusions is not.

*Securities Law > Bases for Liability > Racketeer Influenced & Corrupt Organizations*

[HN10] In pleading a violation of the Racketeering Influenced and Corrupt Organizations Act, *18 U.S.C.S. §§ 1961*–1968, under *18 U.S.C.S. § 1962*(a), plaintiffs must plead: (1) income derived; (2) from a pattern of racketeering activity; (3) which is used by defendant to acquire or maintain; (4) an enterprise engaged in or affecting interstate commerce.

*Securities Law > Bases for Liability > Racketeer Influenced & Corrupt Organizations*

[HN11] *18 U.S.C.S. § 1962*(a), (b) require the plaintiff to allege a pattern of racketeering activity. To establish a pattern, plaintiff must allege that defendant committed two or more predicate acts.

*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading RequirementsSecurities Law > Bases for Liability > Racketeer Influenced & Corrupt Organizations*

[HN12] To establish a pattern of racketeering based on fraud, plaintiff must not only allege two or more predicate acts but must do so with sufficient particularity. Conclusory allegations of fraud are not enough.

*Securities Law > Bases for Liability > Racketeer Influenced & Corrupt Organizations*

[HN13] Conspiracy under *18 U.S.C.S. § 1962*(d) requires that plaintiff allege: (1) that defendant entered into an agreement and (2) that the objective of the agreement was a substantive violation of 18 U.S.C.S. § (a), (b) or (c).

*Securities Law > Bases for Liability > Misleading Statements*

[HN14] A claim for fraudulent misrepresentation cannot allege that the misleading statement was made recklessly without a basis for the assertion.

*Securities Law > Bases for Liability > Misleading Statements*

[HN15] An aider and abettor could knowingly further a misrepresentation that was negligently made by another party.

*Securities Law > Blue Sky Laws > Civil Liability*

[HN16] *Cal. Corp. Code § 25504.1* provides for joint and several liability for any person who materially assists in a violation of a number of provisions including *Cal. Corp. Code § 25401*. The party alleged to be liable under Cal. Corp. Code must be alleged to have materially assisted "with intent to deceive or defraud."

*Securities Law > Blue Sky Laws > Blue Sky Fraud*

[HN17] *Cal. Corp. Code § 25504.2* provides that particular types of experts who consent to the use of their name in any prospectus or offering circular that contain false or misleading statements will also be jointly and severally liable with persons liable under *Cal. Corp. Code § 25501*.

*Securities Law > Blue Sky Laws > Civil Liability*

[HN18] *Cal. Corp. Code § 25504.1* imposes a "stricter" standard for imposing aiding and abetting liability under state law than under *15 U.S.C.S. § 78j*(b) of the Securities and Exchange Act of 1934. Allegations of "recklessness" will not suffice in pleading liability under *Cal. Corp. Code § 25504.1*.

*Securities Law > Blue Sky Laws > Blue Sky Fraud*

[HN19] Cal. Code Regs. § 260.504.2.1(b) broadly defines

1990 U.S. Dist. LEXIS 11867, *; Fed. Sec. L. Rep. (CCH) P95,416

"expertized material" as any statement, report, valuation, opinion or other material, or any summary of or quotation from any of the foregoing that is represented to have been prepared or certified by an expert acting as such, and any statement, report, valuation, opinion which is stated to be made on the authority of the expert.

**Securities Law > Blue Sky Laws > Blue Sky Fraud**
[HN20] The basis of expert liability under *Cal. Corp Code § 25504.2* is the written consent of the experts.

**Securities Law > Blue Sky Laws > Blue Sky Fraud**
[HN21] In addition to the naming of the expert with relation to a professional statement, written consent to such inclusion, and the false or misleading nature of the statement, expert liability requires that the person asserting such liability acquired a security described in such document in reliance on such untrue statement or in reliance on such part of the document or on such report or valuation without not ice of such omission. Cal. Code Regs. § 25504.2(a)(2).

**Securities Law > Blue Sky Laws > Blue Sky Fraud**
[HN22] There is no strict privity requirement for pleading or proving liability pursuant to *Cal. Corp. Code § 25504.1*.

**Business & Corporate Entities > Agency > Agency Established > Elements of Agency**
[HN23] *Cal. Civ. Code § 2295* defines an agent as one who represents another, called the principal, in dealings with third persons.

**Business & Corporate Entities > Agency > Agency Established > Elements of Agency**
[HN24] An agency relationship is established between the principal and an attorney hired through an agent of the principal empowered to do so.

**JUDGES: [\*1]**

Ronald S. W. Lew, United States District Judge.

**OPINIONBY:**

LEW

**OPINION:**

*ORDER*

Defendants in the above captioned case have moved through various motions to dismiss portions of the Fourth Amended Consolidated Complaint ("Fourth ACC") pursuant to *Fed. R. Civ. P. 12(b)(6)* and *9(b)*, and to strike portions of the complaint pursuant to *Fed. R. Civ. P. 12(f)*. The plaintiffs have filed memoranda in opposition, and the defendants have replied. The matter was set for oral argument on March 19, **1990** at 9:00 am. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to *Fed. R. Civ. P. 78*. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following:

Defendants' motions are *GRANTED IN PART* and *DENIED IN PART*.

*THE MOTIONS*

This order will address the requests made in nine motions filed by the defendants. A notation of which defendants are moving to dismiss or strike which portions of the complaint is helpful:

(1) Hughes, Hubbard & Reed ("HH&R") and Mark R. Moskowitz, two of the "lawyer defendants" — **[\*2]** motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* and *9(b)* counts I, II, III, V, VI, VIII, X, XI, and all claims of counts XII and XIII.

(2) Ernst & Whinney ("E&W"), a certified public accounting firm and partnership — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* and *9(b)* counts III, V, VI, VIII, X, XI, claims 2, 3, 5, 6, 8, 10, and 11 of counts XII and XIII, and claims 1, 2, 5, and 6 of count XIV.

(3) Ernst & Whinney — motion to strike pursuant to *Fed. R. Civ. P. 12(f)* portions of paragraphs 70, 144, 172, and 175.

(4) Ladenburg, Thalman Co. and Robert Grossman ("Ladenburg"), a registered broker–dealer, and one of its employees — motion to dismiss pursuant to Fed. R. Civ. p. 12(b) (6) claims 2 and 7 of counts XII and XIII.

(5) Steven A. Greenberg and Anametrics Advisor, Inc. ("Greenberg"), stock promoters and purported financial advisors — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* counts V, VI, VIII, claims 2, 5, and 6 of count XII, and claim 3 of count XIII.

(6) Freshman, Marantz, Orlanski & Klein, and Mark A. Klein ("Freshman"), two of the "lawyer defendants" — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* counts V, VI, VIII, X, XI, claims **[\*3]** 2, 5, 6, 10, and 11 of counts XII and XIII, and claim 3 of count XIII; and in the alternative for a more definite statement pursuant to Rule 12(e). n1

> n1 The Order's disposal of the defendant's *Fed. R. Civ. P. 12(b)(6)* motion moots the Rule 12(e) motion.

1990 U.S. Dist. LEXIS 11867, *3; Fed. Sec. L. Rep. (CCH) P95,416

(7) Greenspan & Company and S. George Greenspan, ("Greenspan") a certified public accounting firm and partnership, and one of its employees — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* counts V, VI, claims 2 and 7 of count XII, claims 2, 3, and 7 of count XIII, and claim 1, 2, 4, and 6 of count XIV.

(8) Rauscher, Pierce, Refsnes, Inc.; UN Financial Corp. (formerly Underwood Neuhaus & Co., Inc.); Baer & Company, Incorporated; Cantor, Fitzgerald & Co., Inc., Engler–Budd & Company, Inc.; Evans & Co., Inc.; Rosenkrantz Lyon & Ross, Incorporated; Steinberg & Lyman; and Whale Securities Corp. (collectively, the "Non–managing underwriters") — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* counts V, VI, claims 5 and 6 of count XII, and claims 3, 5, and **[*4]** 6 of count XIII.

(9) Edward M. Krivda, an employee of Carpet Corner, which is a carpet supplier — motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* counts III, IV, VI, claims 3, 4, 5, and 6 of counts XII and XIII, and claims 3, 5, 6 and 7 of count XIV.

In addition, HH&R has filed a notice of joinder with E&W's reply memorandum in support of its motion to dismiss, and various moving defendants have joined in the arguments made by the other moving defendants, as viII be note in the discussion below.

The class plaintiffs' have filed an opposition to each of these motions. Furthermore, the plaintiffs' Plushcell, Ltd., Peter E. Strauss, and Panache Productions, Inc. ("the Plushcell plaintiffs") have filed oppositions to the motions which attack their claims (i.e., count XIII) and the Trontz plaintiffs have given notice of their non–opposition to claims based upon § 12(2) of the Securities Act of 1933.

### I. COUNTS I AND II

In Counts I and II of the Fourth ACC, the class plaintiffs assert claims of relief for violation of §§ 11 and 12, respectively, of the Securities Act. Only defendant HH&R attempts to dismiss these counts at this time.

These counts allege Chat HH&R is liable **[*5]** as "controlling persons" of **ZZZZ Best** and/or Barry Minkow within the meaning of Section 15 of the Securities Act. HH&R's motion contends that the class plaintiffs have not properly pleaded "controlling person" liability and that under *Pinter v. Dahl, 486 US. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988),* attorneys cannot be found to be liable as "controlling persons" for a securities violation: HH&R had previously made these same contentions, and this Court by an order dated May 25, 1989 denied HH&R's motion. In re **ZZZZ Best** Securities Litigation (Current Binder) Fed.Sec.L.Rep. (CCH) para.

94,485 at 93,085–86 (C.D. Cal. 1989) ("**ZZZZ Best** I" or "the May 25th Order").

HH&R filed the current motion after its motion for reconsideration of **ZZZZ Best** I had been taken under submission by this Court. This Court issued an order on January 8, **1990** which denied the defendants' motion for reconsideration on the issue of HH&R's controlling person liability. HH&R's reply memorandum on the current motion was filed subsequently. It notes the Court's January 8 ruling and therefore declines to further expound on the issue of "controlling person" liability; however, it does urge the Court to consider **[*6]** the arguments made in its initial memorandum. The Court has done so, and has determined to concur with its previous rulings that the pleadings sufficiently allege controlling person liability; that controlling person liability is a complex factual question; and that under the peculiar facts of this case, the attorneys could be found to be controlling persons. Id. at 93,085–86 (including footnote 8). The Court thus *DENIES* HH&R's motion to dismiss with regards to counts I and II.

### II. COUNT III

In Count III, the class plaintiffs allege a claim for relief based upon § 10(b) of the Securities Exchange Act and SEC Rule 10b–5 promulgated thereunder. In essence, the class plaintiffs are alleging that the various defendants made material misrepresentations with regards to the public offering of **ZZZZ Best** securities in order to inflate its price. (4th ACC para. 188).

Three of the defendants move to dismiss this count. HH&R contends that Count III should be dismissed for failure to state a claim pursuant to *Fed. R. Civ. P. 12(b)(6)* since it cannot be held primarily liable on the basis of the actions alleged; that aiding and abetting liability cannot be alleged since there are **[*7]** no allegations of actual knowledge and substantial assistance of a 10(b) violation; and that no conspiracy allegations have been made. E&W does not specifically contend that Count III is deficient, but generally argues that the fraud allegations should be dismissed for lack of specificity as required by *Fed. R. Civ. P. 9(b)*. Defendant Ed Krivda also attacks the pleading's allegations of liability for a 10(b) violation on the basis of lack of specificity, and its failure to state a claim against him.

#### A. Defendant HH&R's motion

Defendant HH&R had previously moved to have its alleged § 10(b) and Rule 10b–5 liability dismissed on the basis of lack of specificity pursuant to Rule 9(b). This Court denied that part of HH&R's motion by its May 25, 1989 order. Though the current motion to dismiss Count

1990 U.S. Dist. LEXIS 11867, *7; Fed. Sec. L. Rep. (CCH) P95,416

III is made pursuant to *Fed. R. Civ. P. 12(b)(6)*, many of the issues raised by defendant HH&R in this motion overlap with issues that it raised through its previous motion.

### 1. Primary liability

[HN1] To state a claim for primary liability under section 10(b) and Rule 10b-5, plaintiffs must allege: (1) an untrue statement of material fact or an omission of such fact by persons **[*8]** who reasonably owed plaintiffs a duty to disclose; (2) plaintiffs' reliance on that material misstatement or omission; (3) damages; and (4) that the alleged misrepresentation occurred in connection with the purchase and sale of a security. *Levine v. Diamanthuset, Inc., 722 F. Supp. 579, 587 (N.D. Cal. 1989)*.

In the May 25th order, **ZZZZ Best** I, this Court ruled: Case authority indicates that [HN2] attorneys can be held liable as primary violators of § 10(b) of the Exchange Act and Rule 10b-5 when they knowingly or recklessly issue false or misleading opinions or make false or misleading statements in connection with the sale of securities. See, e.g., *In re North American Acceptance Corp. Securities Cases, 513 F. Supp. 608, 627-8 (N.D. Ga. 1981); Rose v. Arkansas Valley Environmental & Utility 562 F. Supp. 1180, 1205-6 (W.D. Mo. 1983); T. J. Raney & Sons, v. Fort Cobb, Oklahoma Irrigation Fuel Authority, 717 F.2d 1330 (10th Cir. 1983)*, cert. denied, *465 U.S. 1026 (1984)*.

**ZZZZ Best** I, supra, at 93,086.

HH&R concedes that this Court has correctly determined the law regarding attorney liability for involvement with a § 10(b) securities violation. (HH&R's Memorandum **[*9]** in Support, 8:26 - 9:6). However, in its current motion, HH&R contends that the Prospectus and Registration Statements are statements made by the issuer, and therefore, its participation in the drafting of the documents may provide a basis for secondary liability, but not for primary liability. The defendant argues that the class plaintiffs have based their primary liability allegations solely on the December 1986 opinion letter which attested to the legal validity of the shares to be issued and was included as an attachment to the Registration Statement. This Court noted in a footnote in its previous order that the class plaintiffs did not allege that HH&R's opinion letter was false or misleading in the complaint in question at that time. **ZZZZ Best** I, supra, at 93,083 n. 3. Therefore, the defendant claims that the first element of a 10(b) and 10b-5 primary liability claim has not been properly pleaded and thus the Fourth ACC's allegation of HH&R's primary liability should be dismissed. Since this Court's previous order did not specifically address this issue, the Court will now discuss the defendants' presently asserted basis for dismissal.

The federal courts have come to different **[*10]** conclusions with regards to HH&R's contention that attorneys cannot be held primarily liable for involvement in drafting a Registration Statement and Prospectus which is allegedly fraudulent. In *Cohen v. Goodfriend, 665 F. Supp. 152, 156-57 (E.D.N.Y. 1987)*, the court upheld the sufficiency of a claim which alleged that the attorney defendant "prepared the offering which contain[ed] the alleged misrepresentations." Similarly, in *Ahern v. Gaussoin, 611 F. Supp. 1465, 1489 (D. Or. 1985)*, the district court denied summary judgment for the defendant attorneys who were charged with 10(b) and 10b-5 liability on the basis of their duty to update prospectuses which they knew or should have known were subject to material change of circumstances. By contrast, in *Levine v. Diamanthuset, Inc., supra at 587*, the district court found a pleading alleging defendant attorney with primary liability to be insufficient despite setting forth that the attorney "participat[ed] in the drafting of offering material circulated to investors", as well as that the defendant drafted advertising materials, dealt with media, and advised the defendant corporation.

What appears to be [HN3] the decisive factor **[*11]** in determining whether an attorneys' involvement with the drafting of the prospectus and registration statement can amount to primary liability under § 10(b) and Rule 10b-5 is the duty the defendant owes to the plaintiffs. This level of duty would be relative to the defends involvement in the transactions at issue and influence on the issuing defendant. The defendant attorney in *Cohen v. Goodfriend, supra at 157-58*, was alleged to have "extensive involvement." Likewise, in *Ahern v. Gaussoin, supra at 1485*, one of the defendant attorneys had been alleged to have a long time relationship with the issuing defendant, had been the issuing defendant's secretary in attendance at all board meetings, and had urged plaintiffs to participate in transactions giving rise to the complaint. While the attorney defendant in *Levine v. Diamanthuset. Inc., supra at 587*, was alleged to have been involved in the workings of the issuing defendant, the court does not note any allegations of excessive involvement or influence beyond that of an ordinary corporate counsel.

In **ZZZZ Best** I, this Court stated that the "flexible duty" standard stated in *White v. Abrams, 495 F.2d 724 (9th Cir.* **[*12]** *1974)* would be applicable to HH&R, and that the question of the existence of a duty was a factual inquiry. **ZZZZ Best** I, supra at 93,086. One of the factors in that standard is defendant's benefit from his relationship with the plaintiffs. Though the Court declines to determine the exact duty that the attorney defendants owed to the class plaintiffs with regards to information that it incorporated into the Prospectus and Registration Statement, the Court notes that the plaintiff has alleged

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 6 of 28

Page 6

1990 U.S. Dist. LEXIS 11867, *12; Fed. Sec. L. Rep. (CCH) P95,416

that defendant has had extensive involvement beyond that normally found in an attorney–client relationship. See **ZZZZ Best** I, supra at 93,086, n. 8. It thus appears that the pleadings sufficiently plead facts which if found true could establish HH&R's primary liability.

Furthermore, the plaintiffs have set forth in great detail how the opinion letter which was a part of the Registration Statement was false and/or misleading. (4th ACC para. 154). HH&R argues that the contents of its letter does not assert or establish the duty to investigate that the plaintiff's allege. However, the issue of what HH&R's opinion letter states is a factual inquiry that would require the Court to look at materials **[*13]** outside of the pleadings. As the current motion is merely made pursuant to *Fed. R. Civ. P. 12(b)(6)*, the Court finds that the pleadings on their face establish a claim for primary liability under § 10(b) and Rule 10b–5.

*2. Secondary liability*

The Fourth ACC alleges two bases for the defendants' § 10(b) secondary liability: aiding and abetting, and conspiracy.

*a. Aiding and Abetting*

[HN4] To plead a claim for secondary, or aider and abettor, liability under § 10(b) and Rule 10b–5, the Ninth Circuit has generally stated that the following elements must be alleged: (1) an independent primary wrong; (2) actual knowledge by the alleged aider and abettor of the wrong and of their role in furthering it; and (3) substantial assistance in the wrong. *Harmsen v. Smith, 693 F.2d 932, 943 (9th Cir. 1982),* cert. denied, *464 U.S. 822 (1983).*

HH&R contends that the plaintiffs' disjunctive pleading of "knowing and/or reckless conduct" is contrary to the second and third element of secondary liability, "actual knowledge" and "substantial assistance." Two recent Ninth Circuit opinions appear to diverge on the issue of whether it is necessary to prove "actual knowledge" and "substantial **[*14]** assistance" or whether this standard has been modified to allow "reckless conduct" to suffice for a secondary liability claim. In *Orloff v. Allman, 819 F.2d 904 (9th Cir. 1987),* the Ninth Circuit compared the federal standard with the stricter California standard for aiding and abetting a state securities violation, and concluded that "[e]ven the standard requires the [plaintiffs] to prove that [the defendant] had actual knowledge of the fraudulent investment scheme and that he substantially assisted that fraud." *Id. at 908.* By contrast, in *DCD Programs, Ltd. v. Leighton, 833 F.2d 183 (9th Cir. 1987),* a case decided a mere five months later, the circuit court listed the elements of the test, and then stated that "we note that liability under section 10(b) requires knowing or reckless conduct, making mere negligence insufficient.

(cite omitted)." *Id. at 189.*

In light of this apparent conflict, this Court notes the Circuit's statement that it "agree[s] with those courts which have found that Congress intended the ambit of § 10(b) to reach a broad category of behavior, including knowing or reckless conduct. *Nelson v. Serwold, 576 F.2d 1332, 1337 (9th Cir. 1978).* Though **[*15]** the Ninth Circuit made that statement in the context of primary liability under § 10(b), this Court believes that similar reasoning should apply to secondary liability claims, as well. However, this does not detract from the well stated rule that [HN5] liability under the securities law cannot be found for the normal performance of services by an attorney. *Pinter v. Dahl, 486 U.S. 622, 108 S. Ct. 2063 (1988).*

Thus, the Court *DENIES* HH&R's motion to dismiss Count III's secondary liability charges of its aiding and abetting of the alleged securities fraud.

*b. Conspiracy*

HH&R also moves the Court to dismiss secondary liability under § 10(b) for alleged conspiracy. The plaintiffs conclusively state that sufficient allegations appear by which a conspiracy charge can be found.

[HN6] "To state a claim for conspiracy, plaintiffs must plead an agreement to participate in an unlawful act and an injury caused by an unlawful overt act performed in furtherance of the agreement." *Roberts v. Heim, 670 F. Supp. 1466, 1484 (N.D. Cal. 1987),* citing *Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).*

The Court does not find any, nor has it been directed to any allegations of HH&R entering **[*16]** into an agreement with the other defendants. Therefore, HH&R's motion to dismiss secondary conspiracy liability under Count III is GRANTED with leave to amend.

*B. Ernst & Whinney's motion*

Defendant E&W moves the Court to dismiss the Count III charges against it. E&W had previously made a similar request based on the allegations of failure to meet Rule 9(b) specificity requirements, the propriety of accountant liability for an unaudited review statement under § 10(b) and Rule 10b–5, plaintiffs' inability to plead aider and abettor liability, and the insufficiency of pleading conspiracy charges. In **ZZZZ Best** I, the Court granted E&W's motion to dismiss without prejudice the conspiracy charges, but upheld the charges of § 10(b) liability against E&W's other attacks. **ZZZZ Best** I, supra at 93,100–03.

Defendant E&W contends that the current pleadings are confusing and vague due to revisions made in Count

1990 U.S. Dist. LEXIS 11867, *16; Fed. Sec. L. Rep. (CCH) P95,416

VIII, and the incorporation of the Plushcell and Trontz plaintiffs' complaints as Counts XII and XIII, respectively. None of these changes affects Count III. In fact, the class plaintiffs have relied on the Court's previous ruling of the sufficiency of § 10(b) and Rule 10b–5 **[*17]** pleadings by not altering the pleadings on this Count. Therefore, the Court DENIES E&W's Rule 9(b) motion to dismiss Count III.

### C. Krivda's motion

Defendant Ed Krivda moves the Court pursuant to *Fed. R. Civ. P. 9(b)* to dismiss Count III charges against him because the pleadings purportedly do not allege fraud with specificity. The specificity requirements of Rule 9(b) exist to allow the defendant to prepare an adequate answer from the allegations. *Wool v. Tandem Computer Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)*. Generally, statements of time, place and nature of the alleged fraudulent activities will suffice. Id.

The Fourth ACC includes little detail about the nature of Krivda's involvement in the purported fraudulent scheme. In paragraph 64, it states:

Defendant Edward M. Krivda ("Krivda"), an individual, worked at Carpet Corner, a company that supplied carpet to ZZ Best. Defendant Krivda aided and abetted the scheme by exaggerating the amount of carpet supplied by Carpet Corner to ZZ Best.

In **ZZZZ Best** I, the Court stated that this single paragraph in light of the length of the pleading was "hardly sufficient pleading." **ZZZZ Best** I, supra, at 93,105. **[*18]** The class plaintiffs have added little to this in the current revision of the pleadings. With regards to Count III, the Fourth ACC states that Krivda "conspired" with **ZZZZ Best,** and that he was "indicted and convicted by the Court in the case entitled United States v. Barry J. Minkow, et al., Case No. CR 88–22(A)–DT."

These additions to the pleadings do not raise the pleadings over the threshold of sufficiency that Rule 9(b) requires. The class plaintiffs have still failed to allege the time of the alleged misrepresentations, where they were made, and how they were made. while the pleadings now allow Krivda to generically respond that he did not exaggerate about the amount of carpet supplied to **ZZZZ Best,** they do not provide sufficient information for the defendant to specifically answer the charges with any real comprehension about the actions for which he is being charged. Likewise, the conclusory conspiracy allegation does not suffice as it does not allege the necessary element of an agreement.

The class plaintiffs' argument that Krivda is aware of

the underlying facts due to the existence of an indictment in the related criminal case is meritless. Krivda disputes the plaintiffs' **[*19]** reliance on the indictment by stating that there was no conviction on this indictment. Even if the allegations in the indictment were proven, the class plaintiffs cannot rely on allegations made outside of the pleadings, which have not been incorporated, to support the sufficiency of the Fourth ACC because the pleadings would still not provide the defendant with notice of the acts on which the plaintiffs are basing their claim.

Though the Court has already noted the class plaintiffs' deficient pleadings once, the Court will *GRANT* Krivda's motion to dismiss the Count III charges without prejudice and grant the plaintiffs one last opportunity to amend their pleadings so as to notify Krivda with what acts he is being charged with liability.

## III. COUNT IV

In Count IV of the Fourth ACC, the class plaintiffs assert claims for relief under *18 U.S.C. 1964* (c) for violation of the Racketeering Influenced and Corrupt Organizations Act, U.S.C. §§ 1961–1968, including, without limitation, *18 U.S.C. § 1962*(a), (b), (c), and (d). Only defendant Krivda attempts to dismiss this count at this time.

### A. Defendant Krivda's motion

This count's charges against Krivda are based on **[*20]** plaintiffs' allegations that the defendant: (1) "aided and abetted the scheme by exaggerating the amount of carpet supplied by Carpet Corner to **ZZZZ Best**" (paragraph 64); (2) "actively or recklessly participated in or aided and abetted wrongful conduct constituting mail fraud, wire fraud, and fraud in the sale of securities which constitutes securities laws violations and the pattern of racketeering complained of herein" (paragraph 70); (3) engaged in repeated and continuous mail fraud and wire fraud (paragraph 195); (4) associated with an enterprise engaged in interstate commerce (paragraph 196); (5) received income derived directly or indirectly from pattern of racketeering (paragraph 198); (6) used income derived from pattern of racketeering to maintain an enterprise (paragraph 197); (7) had an interest in and/or control of enterprise (paragraph 199); (8) conspired to conduct or participate in the conduct of and conducted or participated in the conduct of an enterprise through a pattern of racketeering activity consisting of mail fraud, wire fraud, securities fraud. . . . (paragraph 197); (9) "conspired with ZZ Best and Minkow to falsify and fraudulently inflate ZZ Best Financial **[*21]** Statement and aided and abetted said D in the violations by falsifying the amount of carpet supplied. . . ." (paragraph 200).

Defendant Krivda moves to dismiss with prejudice

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 8 of 28

Page 8

1990 U.S. Dist. LEXIS 11867, *21; Fed. Sec. L. Rep. (CCH) P95,416

this count on the ground that the allegations set forth fail to plead any fraud with sufficient particularity, in contravention of *Federal Rule of Civil Procedure, Rule 9(b)*. The Ninth Circuit has held that [HN7] the specificity requirements of Rule 9(b) apply to RICO claims which are based on fraud. *Sun Savings & Loan Ass'n. v. Dierdorff, 825 F.2d 187, 196 (9th Cir. 1987).* Because plaintiffs allege fraud as the basis of defendant's RICO violation, plaintiffs' complaint must meet the requirements of Rule 9(b).

The purpose of Rule 9(b) is to give defendants fair notice of serious charges and to insure that such charges are investigated by plaintiff prior to suit. *McFarland v. Memorex Corp., 493 F.Supp. 631, 656-657 (N.D.C.A. 1980).* [HN8] Under Rule 9(b), all averments of fraud must be stated with particularity. Particularity is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Deutsch v. Flannery, 823 F.2d 1361* [*22] *(9th Cir. 1987).* [HN9] A complaint that sets forth the time, place, and content of the alleged fraudulent representation and the identity of the person engaged in the fraud is sufficiently particular whereas a complaint that sets forth mere conclusions is not. *Wool v Tandem Inc., 818 F.2d 1433 (9th Cir. 1987).*

### 1. 18 U.S.C. § 1962(a)

Plaintiffs fail to allege a violation of *18 U.S.C. 1962*(a) with sufficient particularity. [HN10] In pleading a RICO violation under subsection (a) of *18 U.S.C. § 1962,* plaintiffs must plead: (1) income derived; (2) from a pattern of racketeering activity; (3) which is used by defendant to acquire or maintain; (4) an enterprise engaged in or affecting interstate commerce.

Although, plaintiffs' complaint generally alleges that defendant Krivda received income derived from a pattern of racketeering activity and used such income to maintain an enterprise engaged in interstate commerce, the plaintiffs' complaint fails to specifically state: (1) when defendant received such income; (2) how much income defendant received; (3) how and when defendant Krivda used such income. Although plaintiffs' memorandum asserts that in some circumstances Rule 9(b) does not require [*23] plaintiffs' to set forth facts which are in the exclusive possession of the defendant, this assertion presupposes the requirement that plaintiffs' allegations are alleged with sufficient detail to demonstrate that their claim has some factual basis. Plaintiffs' allege not one fact that implicates defendant Krivda in the alleged misconduct. Before defendant Krivda can be expected to defend himself, plaintiffs must set forth upon what facts a violation of *18 U.S.C. § 1962*(a) by defendant Krivda is based.

### 2. 18 U.S.C. § 1962(b) and (c)

In addition, plaintiffs have not stated with sufficient specificity the circumstances constituting the alleged pattern of racketeering to enable the defendant to frame an adequate response with respect to subsections (b) and (c) of *18 U.S.C. § 1962.*

[HN11] Both subsections require the plaintiff to allege a pattern of racketeering activity. To establish a pattern, plaintiff must allege that defendant committed two or more predicate acts. *Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir. 1987).* Although defendant argues that plaintiff has not alleged more than one predicate act, this is incorrect. Plaintiff has generally alleged continuous [*24] violations of mail fraud, wire fraud, securities fraud, and conspiracy to violate RICO.

However [HN12] to establish a pattern of racketeering based on fraud, plaintiff must not only allege two or more predicate acts but must do so with sufficient particularity. Conclusory allegations of fraud are not enough. In plaintiffs' complaint, nearly all of the allegations against defendant Krivda are conclusory. None of the allegations state the time, place or content of the alleged fraudulent acts. The allegation which asserts that defendant Krivda exaggerated the amount of carpet sold to **ZZZZ Best** fails to state when the exaggeration is alleged to have occurred and the amount of the discrepancy (paragraph 64). Without a time or amount, the defendant would not be able to frame an adequate response because defendant would have no way of knowing whether he made a statement regarding the amount of carpet sold and whether the amount allegedly stated was incorrect.

### 3. 18 U.S.C. § 1962(d)

Lastly, plaintiffs have failed to allege circumstances constituting an agreement by the defendant to violate RICO with sufficient particularity. [HN13] Conspiracy under subsection (d) of *18 U.S.C. § 1962* requires that [*25] plaintiff allege: (1) that defendant entered into an agreement and (2) that the objective of the agreement was a substantive violation of subsection (a), (b) or (c).

Rule 9(b) protects the defendants from baseless allegations of fraud. Here, plaintiffs fail to allege an agreement by defendant Krivda upon which the conspiracy charge can be based. Although plaintiffs allege that defendant Krivda conspired with other defendants to violate RICO, plaintiffs provide no facts which would support such an allegation. As discussed above, plaintiffs generally allege misrepresentation, mail fraud, wire fraud, and securities fraud by defendant without specifying the time, place and content of these violations. Even if defendant Krivda actually misrepresented the amount of carpet sold to **ZZZZ Best,** nothing in the complaint supports plain-

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 9 of 28

Page 9

1990 U.S. Dist. LEXIS 11867, *25; Fed. Sec. L. Rep. (CCH) P95,416

tiffs' allegation that defendant Krivda's misrepresentation was more than a mere isolated act. Plaintiffs fail to state: (1) the time the alleged conspiracy began; (2) the time defendant Krivda joined the conspiracy; (3) the number of occasions defendant Krivda misrepresented the sales figures. If plaintiffs seek to allege a conspiracy, then plaintiffs cannot rely **[*26]** on such vague allegations of misrepresentation, mail fraud, wire fraud and securities fraud. To support an allegation of conspiracy, plaintiffs must allege with particularity that defendant Krivda agreed, by his words or by his conduct, to violate RICO and not merely that he overstated carpet sales.

Defendant Krivda moves to dismiss Count IV with prejudice because, the Court has already given class plaintiffs one opportunity to correct their deficient pleadings. However, because of the complexity of this case, the Court *GRANTS* Krivda's motion to dismiss the Count IV charges without prejudice allowing plaintiffs one final opportunity to state with particularity the basis of their claim against Krivda.

### IV. COUNTS V AND VI

In Count V, the class plaintiffs allege that all defendants are subject to primary and/or aiding and abetting liability for negligent misrepresentation. In Count VI, the class plaintiffs allege that all defendants are liable for fraud and deceit, both as primary actors and as aiders and abettors. The tort of deceit includes both fraudulent and negligent misrepresentations. See *Cal. Civ. Code § 1710.* Since the class plaintiffs plead negligent misrepresentation **[*27]** as a separate count (i.e., Count V), the Court will presume that at Count VI merely is an attempt to plead fraudulent misrepresentation. Defendants HH&R, E&W, Greenberg, Freshman, Greenspan, and the non–managing underwriters seek to have these two common law claims dismissed.

#### A. Defendant HH&R's motion

HH&R offers two bases to dismiss Counts V and VI: (1) the only "representation" alleged to have been made by HH&R (i.e., its legal opinion letter) is not alleged to be false or misleading; and (2) reliance is a necessary element to each claim and the "fraud on the market" substitute pleaded by the plaintiffs is not recognized in California law. In addition, HH&R contends that the plaintiffs have incorrectly pleaded the knowledge requirement for fraudulent misrepresentations, and thus, neither primary nor aider and abettor liability for Count VI has been properly alleged. Lastly, the defendant contends that there is no tort for aiding and abetting a negligent misrepresentation and thus secondary liability for Count V should be dismissed.

*1. Whether the representations have been alleged to*

*be "false" or "misleading"*

The defendant initially contends that fraud and negligent **[*28]** misrepresentation claims cannot be sustained against it because its only representation, the opinion letter, has not been alleged to be false or misleading. The Court refers to its previous discussion with regards to whether primary liability under § 10(b) has been alleged against HH&R. In that analysis, the Court found that HH&R's statements could be established as misrepresentations depending upon the duty that was owed to the plaintiffs. Since duty is a factual inquiry and the plaintiffs have alleged facts that if proven would establish HH&R's duty, the Court determined that it could not dismiss the Count III charges against HH&R for lack of misrepresentation. Therefore, the Court finds that sufficient allegations have been pled by which the plaintiffs could establish a misrepresentation.

In addition, the Court notes that in paras. 51 and 209 of the Fourth ACC the plaintiffs allege that HH&R made several other misleading and false representations other than those alleged to have been in the opinion letter. Thus, the Court denies HH&R's motion to dismiss for the plaintiffs' purported failure to plead a false or misleading representations.

*2. The viability of "fraud on the market"* **[*29]**

Defendant HH&R contends that the Fourth ACC inadequately sets forth claims for fraud and negligent misrepresentation because reliance is a necessary element to each of these claims and the class plaintiffs rely on the theory of "integrity of market" or "fraud on the market" in substitution for the reliance element, which is purportedly not viable in California. This argument was raised in both HH&R's previous motion to dismiss and its motion for reconsideration of the May 25th order. Each of those times the Court has denied the defendants' motion. Though the defendant raises this issue for a third time, the Court will review the issue since HH&R's motion was filed while its motion for reconsideration was under submission, and the defendant has cited new case law in support of their argument that this substitute for reliance is not recognized in California for common law claims.

HH&R, along with several other of the defendants, has attempted to distinguish the present situation from *Vasquez v. Superior Court, 4 Cal. 3d 800 814, 94 Cal. Rptr. 796, 484 P.2d 964 (1971),* which the Court has relied upon, by noting that the holding about the allowance of inferential reliance pleadings **[*30]** for common law claims was made in the context of class certification. Though the issue of what type of reliance need be pleaded is not currently being raised in that context, the Court has stated that it does not read Vasquez to be so limited in its application.

1990 U.S. Dist. LEXIS 11867, *30; Fed. Sec. L. Rep. (CCH) P95,416

The defendants previously cited the Court to unreported California Superior Court decisions to support their contention that the plaintiffs cannot allege reliance on the integrity of the market as a substitute for actual reliance. HH&R, in its reply memorandum, brings to the Court's attention a recent federal district court opinion that supports their argument. In Victor v. White, [1989 Transfer Binder]Fed. Sec. L. Rep. para. 94,548 (N.D. Cal.) reconsideration den., mot. den., [Current Transfer Binder]Fed. Sec. L. Rep. para. 94,787 (N.D. Cal. 1989), Judge Jensen of the Northern District of California stated "plaintiffs' reliance on a fraud on the market theory, under which reliance is presumed, . . . does not apply to their common law fraud claims where facts constituting reliance must be specifically pled." Id. at 93,510 While Victor does provide persuasive authority for the defendants' argument, it is not [*31] binding. Furthermore, the Court notes that Judge Jensen has not cited any authority for his holding nor has he addressed the California Supreme Court's decision in Vasquez. Thus, the Court continues to abide by its previous stand, which the Court finds support for in Vasquez, that the plaintiffs' may plead "fraud on the market" or "reliance on the integrity of the market" to allege reliance.

*3. Pleading the "actual knowledge of the falsity" element in fraud claim*

In para. 210 of the Fourth ACC, the class plaintiffs allege that

[t]he false and misleading statements and omissions . . . were done with the intent to deceive or defraud plaintiffs and the other class members directly or to aid and abet the deception and defrauding of plaintiffs and the other class members, or were made with such recklessness or indifference to truth as to amount to the intent to deceive and defraud plaintiffs and the other members of the class. (emphasis added).

HH&R contends that the pleading of "recklessness" makes this pleading insufficient because a party must be alleged to have "knowledge of the falsity" and "intent to induce reliance" in order to be charged with fraud.

This [*32] Court has previously listed "knowledge of the falsity" and "intent to induce reliance" as two of the elements of a fraud claim. **ZZZZ Best** I, supra at 93,099 *Vasquez v. Superior Court, 4 Cal.3d 800, 811 (1971).* Though the Court upheld the class plaintiffs' pleading of "reckless conduct" in its review of HH&R's alleged § 10(b) liability, that determination was based in part upon the Ninth Circuit's expression of reading that statute expansively. The Court finds no similar policy involved in this case; thus, the plaintiffs cannot rely on their arguments or the Court's ruling with regards to pleading § 10(b) primary liability.

The class plaintiffs refer the Court to *Seidel v. Public Service Co. of New Hampshire, 616 F. Supp. 1342 (D.N.H. 1985)* and *Provident Land Corporation v. Bartlett, 72 Cal. App. 2d 672, 165 P.2d 469 (1946)* to support their argument that a pleading for recklessness will suffice in a claim for fraudulent misrepresentation. Neither of these cases provides authority for the plaintiff 's proposition. Seidel involves a claim for § 10(b) primary and secondary liability, not California common law fraud. *Seidel, 616 F. Supp. at 1362.* While Provident [*33] Land does mention the possibility of fraud or deceit liability stemming from participating recklessly without knowledge, the opinion does not distinguish between fraudulent and negligent misrepresentation. *Provident Land Corporation, 165 P.2d at 478.*

Thus, the Court finds that [HN14] a claim for fraudulent misrepresentation cannot allege that the misleading statement was made recklessly without a basis for the assertion. The class plaintiffs may still allege recklessness with regards to a negligent misrepresentation claim, @s they have in Count V, and the portion of the fraudulent misrepresentation claim which alleges that the defendants acted intentionally to defraud or deceive is proper. However, Count VI of the Fourth ACC is deficient where it alleges that the defendants' misrepresentations "were made with such recklessness or indifference to truth as to amount to the intent to deceive and defraud plaintiffs and the other members of the class."

Accordingly, the Court will *GRANT* HH&R's motion to dismiss Count VI to the extent that it alleges "recklessness." HH&R's motion to dismiss the claim to any greater extent is DENIED, as the pleadings are otherwise proper.

*4. Aiding and* [*34] *abetting a negligent misrepresentation*

HH&R claims that there is no tort for aiding and abetting a negligent misrepresentation and thus, such allegations should be dismissed. The class plaintiffs' opposition does not address this issue. Though it was HH&R's burden as movant to provide a basis for dismissal, the defendant does not cite any case law for its argument.

Furthermore, the initial appearance of logic the defendants' argument may have is deceiving. Since aiding and abetting liability requires allegations of knowledge, it would not seem to be compatible with negligent misrepresentation which is based on the conduct of an actor that does not have to be done with knowledge. However, the aider and abettor is not the same party as the one who allegedly makes the negligent misrepresentation. Thus, [HN15] the aider and abettor could knowingly further a misrepresentation that was negligently made by another

party.

Defendant HH&R's motion to dismiss aiding and abetting liability charges in Count V are thus DENIED.

*B. Defendant E&W's motion*

E&W raises three issues with regards to why the common law fraud and deceit charges should be dismissed: (1) reliance has not been properly alleged; **[\*35]** (2) accountant liability under International Mortgage is limited; and (3) pleading deficiencies that the Court noted in **ZZZZ** *Best* I have not been corrected. E&W also argues issues (1) and (2) with regards to the Count V negligent misrepresentation charges. n2

> n2 In **ZZZZ** *Best* I, the Court upheld the sufficiency of the class plaintiffs' Count VI pleading. Thus, there were no deficiencies to correct.

*1. Plaintiffs' reliance pleading*

E&W contends that the class plaintiffs' common law claims lack a proper pleading of reliance for two reasons: (1) the "fraud on the market" theory is not recognized under California law; and (2) the "purpose and effect" type pleadings which the Court approved in the May 25th Order are questionable.

As discussed above with regards to HH&R's contention that pleadings of "reliance on the integrity of the market" and the "fraud on the market" theory will not suffice with regards to California common law claims in Section IV.A.2., the Court will continue to abide by its previous **[\*36]** ruling in **ZZZZ** *Best* I that this theory is consistent with the California Supreme Court's ruling in *Vasquez v. Superior Court, supra.*

Furthermore, the class plaintiffs' pleading of "purpose and effect" in their fraud claim sufficiently emulates the similar reliance pleading which the Court approved for the negligent misrepresentation claim. E&W's citing of one of the unpublished California Superior Court minute orders as a basis for questioning the continued validity of such pleadings does not persuade the Court to deviate from its previous ruling.

*2. Accountant liability under International Mortgage*

In **ZZZZ** **Best** I, the Court relied upon *International Mortgage Co. v. Butler, 177 Cal. App. 3d 806, 223 Cal. Rptr. 218,* (1986) to find that an accountant may have a duty to a party even though there is a lack of privity between the two. Defendant E&W now alleges that the Court has read International Mortgage too expansively, and cites three unpublished California Superior Court decisions to support its contention that it cannot be held

liable for fraud or negligent misrepresentation based on its qualified review report.

Initially, the Court notes that E&W **[\*37]** raised this same issue in its previous motion to dismiss. The Court denied the motion, and E&W did not move for reconsideration of the order. Thus, the defendant cannot contend that it was uncertain as to whether the Court may have been favorably reconsidering its argument. By raising the issue once again in a second motion to dismiss, the defendant has violated Local Rule 7.16 which sets out the proper method of requesting the Court to reconsider its prior order. Had E&W moved for reconsideration of the Court's May 25th Order with regards to this issue, the issue could have more efficiently and expeditiously dealt with it. In light of the voluminous paperwork associated with this case, the Court would hope that the counsels for the defendants and the plaintiffs would exercise such procedures so as not to waste the limited resources of the Court and the litigants.

Despite E&W's failure to use the procedures set out in the Local Rules, the Court will consider the substance of the motion. E&W contends that accountants cannot be held liable to parties with whom they are not in privity when they merely have made a qualified report. The Court notes that it has considered the excerpts of **[\*38]** the unpublished opinions of the state trial courts which E&W relies upon, and their limited use as persuasive authority. The Court chooses not to follow their belief that *International Mortgage, supra,* should be read narrowly to apply only to an accountant's unqualified report. Though International Mortgage involved an accountant who had made an unqualified report, the emphasis in Justice Trotter's opinion appears to be on the decreasing role of privity in accountant liability, the reliance on foreseeability, and the changing role of accountants in society. The court in *Lubin v. Sybedon Corp., 688 F. Supp. 1425, 1456 (S.D. Cal. 1988)* read International Mortgage similarly in upholding the pleading of an accountant's liability for a market study and a forecast review. The Court, thus, will allow the class plaintiffs' to maintain their claim against E&W for their qualified report.

*3. Pleading "actual knowledge of the falsity" element in fraud claim*

In **ZZZZ** **Best** I, the Court noted that the plaintiffs had failed to address the issue of whether fraud had been sufficiently pled in the Complaint in opposition to E&W's Rule 9(b) motion to dismiss Count VI. **ZZZZ** **[\*39]** **Best** I, supra at 93,103. In particular, E&W's motion had argued that the element of knowledge of the falsity of representations had been insufficiently pled. The Court found that the requisite elements for the fraud claim had not been pled and dismissed the claim without prejudice. Id.

1990 U.S. Dist. LEXIS 11867, *39; Fed. Sec. L. Rep. (CCH) P95,416

The class plaintiffs argue that they interpreted the Court's order to mean that the Court needed an explanation about the sufficiency of their fraud claim, and that there was not necessarily anything wrong with the claim as it was stated in the previous version of the Complaint. While the plaintiffs could have moved for the Court to reconsider this portion of its May 25th Order, they have instead chosen to not alter their allegations regarding fraud, and attempt to explain their sufficiency.

The current motion by E&W contends that the plaintiffs failed to properly allege that they knew of the falsity of their representations. The Court has noted that paras. 132–145 of the Complaint sufficiently plead knowledge to establish liability under § 10(b) of the Securities Exchange Act. **ZZZZ Best** I, supra 93,102–03. Under § 10(b), a defendant can be alleged to either have known of the misrepresentation [*40] or recklessly disregarded the falsity of the representation. Thus, as far as paras. 132–145 allege that E&W knew of the falsity of its representations, the claim for fraud is sufficient. However, the plaintiffs cannot rely on their "recklessness" allegation to suffice for knowledge with regards to the fraud claim. As discussed in section IV.A.3. above, an allegation of recklessness is proper in a claim for negligent misrepresentation, but not in a claim for fraud.

The Court therefore GRANTS E&W's motion to dismiss Count VI to the extent that the plaintiffs' have alleged that the fraud was done recklessly. However, with regards to the other issues raised, the defendant's motion is *DENIED*.

### C. Defendant Greenberg's motion

Defendant Greenberg offers the Court no original argument in its motion to dismiss the claims for negligent misrepresentation (Count V), and fraud and deceit (Count VI). Instead, the defendant joins in the arguments set forth by E&W in its Motion for Reconsideration of the May 25th Order, which was under submission at the time that Greenberg filed its current motion, and Motion to Dismiss the Fourth ACC (apart from the discussion of accountant liability). [*41] In light of the Court's denial of E&W's motion for reconsideration in its January 8, **1990** order, Greenberg elected to merely express its belief that the Court was incorrect in its denial of the motion for reconsideration and that "fraud on the market place" should not be allowed to substitute for a pleading of actual reliance for a state law claim of fraud.

Therefore, the Court DENIES Greenberg's motion with regards to Counts V and VI for the same reasons discussed in Section IV.B. above.

### D. Defendant Freshman's Motion

Defendant Freshman's current motion also noted that it joined E&W's and HH&R's Motions for Reconsideration. The defendant then offered only token argument in its reply brief which was filed after the Court's January 8th Order denying the motions for reconsideration by directing the Court's attention the recent case of Victor v. White, supra. The Court has already noted that it has considered the Victor case, and does not feel compelled to alter its previous ruling with regards to the "fraud on the market" theory issue.

Therefore, defendant Freshman's motions to dismiss Counts V and VI are *DENIED*.

### E. Defendant Greenspan's motion

Defendant [*42] Greenspan joins the argument made in E&W's motion to dismiss the Fourth ACC with regards to the "fraud on the market" theory. The defendant filed no reply memorandum after the Court's January 8th Order.

Therefore, for the reasons stated in Section IV.B.2. above, the Court *DENIES* defendant Greenspan's motion to dismiss Counts V and VI.

### F. The "Non–Managing Underwriters'" motion

The defendants known collectively as the "Non–Managing Underwriters" move for dismissal of Counts V and VI based on the arguments that they submitted with regards to their Motion for Reconsideration of the May 25th Order. These defendants also have not filed a reply memorandum subsequent to the Court's denial of the motions for reconsideration.

Thus, for the reasons set forth in the January 8th Order and discussed in Section IV.B.2. of this order, the Non–Managing Underwriters' motion to dismiss Counts V and VI is *DENIED*.

### G. Defendant Krivda's motion

Defendant Krivda has moved to dismiss Count VI (the class plaintiffs have expressly excluded him from Count V) charges against him for lack of specificity pursuant to Rule 9(b) and for failure to plead all of the elements of a fraud and deceit [*43] claim. As this Order has previously discussed, the class plaintiffs' pleadings against this defendant were dismissed before for being insufficient, and the Fourth ACC has added little more than conclusory charges. In Count VI, the class plaintiffs have made the same allegations of conspiracy and indictment and conviction that were made in Count III. For the same reasons as discussed in Section II.C. above, the Court finds that the Count VI charges against Krivda are lacking and should be dismissed pursuant to *Fed. R. Civ. P. 9(b)*.

In addition, the Fourth ACC fails to allege that Krivda had knowledge of the falsity. Thus, the pleadings against

Case 1:00-cv-00793-SSB-TSH     Document 279-7     Filed 02/27/2004     Page 13 of 28

Page 13

1990 U.S. Dist. LEXIS 11867, *43; Fed. Sec. L. Rep. (CCH) P95,416

Krivda also fail to state a fraud and deceit claim against the defendant upon which the plaintiffs can recover because it does not allege a requisite element of such claim.

As the Court has previously allowed the class plaintiffs one last opportunity to state sufficient allegations with regards to Count III and IV, Krivda's motion will be GRANTED without prejudice and with a last leave to amend.

### V. COUNT VIII

In Count VIII, the class plaintiffs allege violation of Cal. Corp. C. § 25401, which prohibits the use of on un-true statement [*44] of a material fact or the omission of a material fact to make the statements made not mislead-ing in the offer or Bell of a security in the state. Though § 25401 delineates the prohibited conduct, Cal. Corp. C. § 25501 creates liability for a violation of § 25401. Two subsequent sections of the California Corporations Code establish several liability for persons who di-rectly or indirectly control a person liable under § 25501 (among others), § 25504, and persons who materially assist in a violation of § 25401.

Defendants HH&R, E&W, Freshman, and Greenberg n3 move for dismissal of Count VIII pursuant to *Fed. R. Civ. P. 12(b)(6)*. Freshman and Greenberg also brings its motion pursuant to *Fed. R. Civ. P. 9(b)*.

> n3 The Fourth ACC alleges violation of Cal. Corp. C. § 25401 against "the same defendants as Counts I and II." (Fourth ACC para. 216). In the current version of the pleadings, Counts I and II do not allege E&W, Greenberg, or Freshman as defendants, yet paras. 216(h), (f), and (g), respec-tively, specifically refer to these defendants. E&W has presumed that Count VIII charges are alleged against and sought their dismissal on other grounds. Greenberg and Freshman both move to have Count VIII dismissed on the basis that the pleadings are vague with regards to whether the Count is alleged against them. The class plaintiffs in their opposi-tions to the latter two defendants' motions have ad-mitted the "typographical error," but contend that the parties can each recognize that they are being charged with liability under this Count since they are individually named. The Court will read the Fourth ACC liberally to include Count VIII charges against E&W, Greenberg, and Freshman. However, any further amending to the pleadings must clarify para. 216 so that it will be consistent in naming whom it seeks to hold liable in Count VIII.

[*45]

### A. Defendant HH&R's motion

The Court had previously granted HH&R's Rule 9(b) motion to dismiss the class plaintiffs' claim based on Cal. Corp. C. § 25401 because plaintiffs' had not specified whether they were alleging primary or secondary liabil-ity, and the fraud allegations lacked particularity. **ZZZZ Best** I, supra, at 93,088. The class plaintiffs have amended their pleadings so that the Fourth ACC alleges defendant HH&R with liability as a controlling person and as per-son who materially assisted (i.e., an aider and abettor). HH&R contends that it cannot be liable under either of these theories because the class plaintiffs have not prop-erly alleged controlling person status, nor have they pled the requisite intent for an aider and abettor. In its reply, memorandum, HH&R also contends that there is a "strict privity" requirement under § 25504.

### 1. Control person liability

The issue raised by the argument over the propri-ety of the § 25504 pleadings is whether allegations that establish controlling person liability under the federal se-curities scheme suffice to establish similar liability under the California statute or whether the claim under the state statute requires [*46] privity between the plaintiff and the particular defendant as well. As previously discussed in this Order, the Court has found that the plaintiffs have sufficiently alleged facts that could be found to establish HH&R's controlling person liability under § 15 of the Securities Act for claims under § 11 and/or § 12 of the Securities Act. However, HH&R notes that in **ZZZZ Best** I's discussion about the § 25401 claims against the "Non-Managing Underwriter" defendants, the Court favorably quoted *In re Diasonics Securities Litigation, 599 F. Supp. 447, 459 (N.D. Cal. 1984)* as stating that "[s]ection 25504, by its terms applies to violations of § 25501. Hence, strict privity is still required." **ZZZZ Best** I, supra at 93,095.

HH&R broadly interprets this quote to mean that a de-fendant alleged to be a controlling person under § 25504 must itself be in privity with the party. A more thorough analysis of the context of the Diasonics' statement as well as the Court's use of that holding provides a different interpretation however.

In *In re Diasonics, supra,* the court had dismissed the § 12(1) and § 12(2) claims because the plaintiffs had failed to establish that one of the defendants [*47] was a seller. Consequently, the Court found no § 25401 and § 25501 liability on any of the defendants. Liability under § 25504 therefore could not be pleaded because there was no allegation establishing a seller, who would be in privity with the plaintiffs, that the defendants could be alleged to control.

Looking to the statute, § 25504 does not in itself re-

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 14 of 28

Page 14

1990 U.S. Dist. LEXIS 11867, *47; Fed. Sec. L. Rep. (CCH) P95,416

quire privity. The need for privity stems from the liability derived from § 25501 which the courts' have uniformly interpreted to require privity. See *Lubin v. Sybedon Corp., 688 F. Supp. 1425, 1453 (S.D. Cal. 1988).* However, this does not mean that the person alleged to be secondarily liable must be in privity with the plaintiffs. The person alleged to be controlled by the defendants must be alleged to be in privity with the plaintiffs.

Though several federal courts have stated that strict privity" is required to allege liability under § 25504, they have not been explicit in stating between whom this privity must exist. However, they have implied that the controlled party is the one who must be in privity with the plaintiffs, not the controlling person. See Victor v. White, [1989 Transfer Binder] Fed. Sec. L. Reptr. (CCH) [*48] § para. 94,458 at 93,510 (N.D. Cal. 1989) (the Court dismissed § 25504 liability for failure to plead strict privity, but granted "leave to amend to allege strict privity or the requisite degree of control in appropriate cases"); *Lubin v. Sybedon Corp., supra,* (after noting the strict privity holding in In Re Diasonics Securities Litigation, the court held that defendants Proskauer and National Union could not be held liable under § 25501 because neither was in privity with the plaintiffs, and, alternatively, that they were also not in control of any person who might be liable under § 25501 or § 25503); *In Re Activision Securities Litigation, 621 F. Supp. 415, 427* (N.D. Cal.) (after finding that defendant Morgan Stanley was not a seller, and that only defendant Rothschild remained liable under § 25401 and 25501, the § 25504 claim against Morgan Stanley was dismissed because the complaint failed to allege control of Rothschild); *In Re Diasonics Securities Litigation, 599 F. Supp. 447, 459 (N.D. Cal. 1984)* (after finding that the defendants were not sellers liable under § 12 of the Securities Act, the court dismissed § 25504 claims because "strict privity is still required" [*49] and the complaint was insufficient in alleging either privity or control); But see *In Re National Mortgage Equity Corporation Mortgage Pool, 636 F. Supp. 1138, 1165 (C.D. Cal. 1986)* (by finding that defendant Michael could not be liable under § 25501 because he was not an actual seller, the court also dismissed § 25504 control person liability because the "strict privity" requirement was not met). While the Court has cited *In Re National Mortgage Equity Corporation Mortgage Pool, supra,* in support of other rulings, the Court chooses not to abide by its persuasive authority on this issue as it is against the straight forward reading of the statutes, other federal caselaw, and the interpretation and application of the statutes by the California courts. See e.g., *Sherman v. Lloyd, 181 Cal. App. 3d 693, 702–04,* 226 Cal.Rptr.495, 501–02 (1986).

Similar to the situation in the majority of the federal cases on this issue, the previous complaint did not allege that the "Non–Managing Underwriter" defendants were in control of a party who was in privity with the investor class plaintiffs. Thus, the Court could not find that liability under § 25504 was properly alleged with regards [*50] to those defendants. Applying the rule that strict privity need only be required of the "controlled" person, the Court denies HH&R's motion to dismiss the claim that it is liable under § 25504. Defendants Barry Minkow and **ZZZZ Best** Corporation have been alleged to have made misrepresentations in the sell of securities to the plaintiffs, thus they were in privity with the plaintiffs. Minkow and **ZZZZ Best** have also been alleged to have been under the central of HH&R. Therefore, § 25504 secondary control person liability has been pleaded properly against HH&R.

*2. Aider and abettor liability*

HH&R also contends that the Fourth ACC does not properly plead liability under *Cal. Corp. Code § 25504.1.* [HN16] This statute provides for joint and several liability for "(a)ny person who materially assists" in a violation of a number of provisions including § 25401. The party alleged to be liable under this section must be alleged to have materially assisted "with intent to deceive or defraud." *Cal. Corp. Code § 25504.1.*

The defendant points out that that the Court previously dismissed charges of secondary liability against defendant E&W alleged under § 25504.1 by stating that the complaint "must plead [*51] 'actual knowledge' of the fraudulent investment scheme." **ZZZZ Best** I, supra, at 93,104. The Court went on to note that the court in *Orloff v. Allman, 819 F.2d 904, 907–08 (9th Cir. 1987)* found that the requirements for pleading aiding and abetting liability under the California statute were "stricter" than the test under *Harmsen v. Smith, supra,* for alleging secondary liability under § 10(b). In essence, the Orloff opinion implied that the "intent to deceive or defraud" was a stronger standard than the "actual knowledge" element in Harmsen. *Orloff, 819 F.2d at 907.* Because of this stricter standard under state law, the Court found that the allegations that E&W was "reckless," which could not meet up to the actual knowledge standard, obviously could not suffice to maintain liability under § 25504.1.

In the current version of the complaint, the class plaintiffs have alleged that HH&R materially assisted **ZZZZ Best,** Minkow and/or the other defendants in violation of § 25401 "recklessly or with the intent to deceive or defraud." (Fourth ACC para. 216(a)). The Court finds that the portion of the pleading that attempts to establish liability for allegedly "recklessly" [*52] materially assisting fails to state a claim for which relief can be granted. However, to the extent chat the class plaintiffs have alleged that HH&R acted with the statutorily re-

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 15 of 28

Page 15

1990 U.S. Dist. LEXIS 11867, *52; Fed. Sec. L. Rep. (CCH) P95,416

quired "intent to deceive or defraud," the Court finds the pleadings are sufficient to state a claim for which relief can be granted. This latter allegation, when read in conjunction with prior allegations against HH&R that have been incorporated (for e.g., paras. 109 and 154) entails that the defendant has been alleged to have "actual knowledge."

The Court will thus GRANT the motion to the extent that HH&R has been alleged to have acted "recklessly." The Court finds that the pleadings properly allege secondary liability against HH&R under *Cal. Corp. Code § 25504.1* by stating that HH&R's actions were undertaken with "the intent to deceive or defraud" and therefore DENIES the motion with respect to this part of the pleadings.

### B. Defendant E&W's motion

The Fourth ACC alleges that defendant E&W is secondarily liable for violations of *Cal. Corp. Code § 25401* pursuant to *Cal. Corp. Code § 25504.1* and 25504.2. As discussed above, §§ 25504.1 establishes liability for anyone who materially assists a person [*53] who violates § 25401. [HN17] Section 25504.2 provides that particular types of experts who consent to the use of their name in any prospectus or offering circular that contain false or misleading statements will also be jointly and severally liable with persons liable under § 25501. E&W contends that the pleadings improperly allege liability on these two grounds because actual knowledge has not been pleaded and it cannot be liable as an expert in this case.

### 1. Aider and abettor liability

Similar to the § 25504.1 allegations against HH&R, the Fourth ACC pleads that E&W materially assisted **ZZZZ Best,** Minkow, and other defendants in violations of § 25401 "recklessly or with the intent to deceive or defraud." (Fourth ACC para. 216(h)). The class plaintiffs have cited treatise authority which states that the statutory standard of "with the intent to deceive or defraud" was meant to encompass "reckless" conduct. 1 H. Marsh & R. Volk, Practice Under the California Securities Laws, § 1403[4][d] at 14–24 – 14–24.1 (1989 Ed.). However, the Court finds that the Ninth Circuit has interpreted [HN18] § 25504.1 to impose a "stricter" standard for imposing aiding and abetting liability under state [*54] law than under § 10(b) of the federal Securities Act. See *Orloff v. Allman, supra, at 907–08* (9th Cir. 1987). The Court interprets this to mean that allegations of "recklessness" will not suffice in pleading liability under this state statute.

As in the discussion about allegations of HH&R's liability pursuant to this state provision, the allegation of "with intent to deceive or defraud," which mirrors the statutory language is sufficient when read in conjunction with prior incorporated allegations about this defendant's

participation (for e.g., para. 132). Thus, the "actual knowledge" element has been met.

Thus, the Court will dispose of E&W's motion similarly to its treatment of HH&R's motion, namely the Court viII not dismiss the claim to the extent that the plaintiffs have alleged that E&W acted "with the intent to deceive or defraud." But whereas, "recklessly" undertaken action cannot provide a basis for establishing secondary liability, the Court will dismiss the count that is based on such state of mind.

### 2. Expert liability

The class plaintiffs' alleged basis for asserting that E&W is liable under § 25504.2 is the "auditor's review report on the financial statements [*55] of ZZ Best issued by it [that were] included in the Registration Statements and Prospectuses with the consent of [E&W], which report was required to be included therein pursuant to the rules of the California Corporations Commissioner." The Fourth ACC purports that this report was false, materially misleading, and contained omissions of material fact. (Fourth ACC para. 216(h)).

Defendant E&W contends that the class plaintiffs have failed to plead liability under this statute for several reasons: (1) the Rules of the California Corporations Commissioner only refer to an auditor's report containing an unqualified opinion; (2) there is no allegation that E&W filed with the California Corporation Commission a manually signed written consent; (3) under similar federal regulations, E&W's review report would not be considered a "report . . . certified by an accountant" nor be part of the registration statement; and (4) no allegation of reliance on the statement has been made.

#### a. The nature of the report

E&W relies on Cal. Code of Reg. § 260.613 in its

contention that its reports were not required to be included in the prospectus and registration statements since subparagraph (b) [*56] only refers to auditor's reports containing an unqualified of an independent certified public accountant or lent public accountant. However, this section does not the issue of for what type of material an expert may be liable. [HN19] Cal. Code of Reg. § 260.504.2.1(b) broadly defines "expertized material" as

any statement, report, valuation, opinion or other material, or any summary of or quotation from any of the foregoing that is represented to have been prepared or certified by an expert acting as such, and any statement, report, valuation, opinion which is stated to be made on the authority of the expert.

Thus, it seems clear from the language of the state

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 16 of 28

Page 16

1990 U.S. Dist. LEXIS 11867, *56; Fed. Sec. L. Rep. (CCH) P95,416

regulations that expert liability for an accountant is not to be limited as E&W contends, but is to encompass any reports as long as it has been represented to have been prepared or certified by the expert. The plaintiffs' § 25504.2 claim against E&W is therefore not deficient on this basis.

b. Written consent

E&W contends that the failure to allege that they gave written consent makes the Fourth ACC's claim of secondary liability pursuant to § 25504.2 deficient. "The basis for liability under Section 25504.2 is that the [expert] **[*57]** has, pursuant to the Commissioner's rules, given written consent to be named. and in fact has been named, in any prospectus or offering circular distributed in connection with the offer or sale of securities as having prepared or certified in such capacity either any part of such document or any written report or valuation that is distributed with or referred to in such documents." 1 H. Marsh & A. Yolk Practice Under the California Securities Laws § 14.03[4A][a] at 14–24.2(2) (1989) (footnote omitted and emphasis added).

Though the class plaintiffs also argue that they have "expressly allege[d]" that E&W provided a "written consent to the use of its review report," the Fourth ACC states only that the review report was included "with the consent of [E&W]." Thus, on its face, the complaint does not allege E&W's written consent. However, the class plaintiffs also argue that they have alleged that E&W gave a written consent (1) because written consent was required under Cal. Code of Reg. § 260.504.2.2(a), and (2) because a written consent already provided to the SEC generally constitutes a written consent filed with the Commissioner under Cal. Code of Reg. § 260.504.2.2(d).

The **[*58]** plaintiffs' argument that they have implied E&W's written consent because such consent was necessary is meritless. Cal. Code of Reg. § 260.504.2.2(a) prohibits the use of prospectuses or offering circulars which contain any expertized material unless the expert is named in the prospectus or offering circular and written consent has been filed. Considering the allegations in this complaint, it seems quite possible that prospectuses and offering circulars were used by other defendants, such as Minkow or **ZZZZ Best,** without insuring that E&W had actually filed their written consent.

The class plaintiffs' contention that the written consent requirement has been met by E&W's filings with the SEC is equally untenable. By acknowledging that there are alternative means of meeting the written consent requirement (i. e., by actually filing with the California Corporations Commissioner or by previous filing with the SEC), the plaintiffs point out the lack of specificity of the current version of their allegation. Furthermore, the

class plaintiffs have not even alleged that E&W filed their consent with the SEC.

The importance of the written consent element in pleading liability under § 25504.2 **[*59]** cannot be treated lightly. As noted above, Marsh and Volk state that [HN20] the basis of expert liability is the written consent of the experts. Id. The specificity of this element for pleading and proving liability under this statute is also evidenced by Cal. Code of Reg. § 260.504.2.2(e), which prohibits the idea of "implied written consent."

Thus, the written consent element is a vital factor in § 25504.2 liability. Because the vagueness of the class plaintiffs' pleading of this key element of the claim makes it difficult for the defendants' to accurately respond, the current pleading is deficient. The Court therefore GRANTS E&W's motion to dismiss the class plaintiffs' § 25504.2 claim against E&W without prejudice because of this failure.

Though the Court is granting E&W's motion to dismiss the claim on the basis just discussed, the Court will also proceed to consider the other bases considered so that if repleading occurs the parties will not have to reargue other alleged deficiencies in the pleadings.

c. Alleged lack of liability under § 11 of the Securities Act

E&W cites Cal. Code of Reg. § 260.613(e) as support for its contention that the Rules of the California Corporations **[*60]** Commissioner expressly adopt and incorporate the rules and requirements of the SEC with respect to registration statements filed with it. Thus, E&W argues that since, under federal regulations, E&W's review report would not be considered a "report . . . certified by an accountant" nor would it be part of the registration statement, E&W cannot be liable under § 25504.2.

The defendant misconstrues Cal. Code of Reg. § 260.613(e). It does not expressly adopt and incorporate the rules and requirement of the SEC, but merely allows that papers filed in compliance with the federal agency will satisfy the state regulations. Furthermore, as discussed in section V.B.2.a. of this Order, the state regulations expressly provide for a broader definition of "expertized material" for which an expert can be held liable. Thus, this argument for dismissal of the class plaintiffs' § 25504.2 claim would not persuade the Court to dismiss this claim.

d. Reliance pleading

[HN21] In addition to the naming of the expert with relation to a professional statement, written consent to such inclusion, and the false or misleading nature of the statement, expert liability requires that:

1990 U.S. Dist. LEXIS 11867, *60; Fed. Sec. L. Rep. (CCH) P95,416

[t]he person asserting such **[*61]** liability acquired a security described in such document in reliance on such untrue statement or in reliance on such part of the document or on such report or valuation without not ice of such omission.

Cal. Code of Reg. § 25504.2(a)(2). Thus, clearly reliance is a necessary element of the claim.

The class plaintiffs argue by analogy to § 10(b) and Rule 10(b)-5 liability, that if they merely establish the materiality of the omission, the burden will shift to the defendants to disprove reliance. They also note that in paras. 188–193, the Fourth ACC sets out that the plaintiffs relied on the integrity of the market to their damage in purchasing such securities.

The Court does not find it necessary to discuss the burdens on the parties regarding what they will eventually have to prove. However, at this point, the plaintiffs still must allege all the requisite elements of their claims. The class plaintiffs reference to paras. 188–193 are to allegations made under their Count III Section 10(b) and Rule 10(b)-5 charges. These paragraphs have not been incorporated into their Count VIII § 25401 charge (made pursuant to § 25504.2).

Thus, the plaintiffs fail to plead the requisite element **[*62]** of reliance for liability under this section. The Court thus also GRANTS E&W's motion to dismiss Count VIII charges under § 25504.2 against it on the basis of lack of pleading reliance as well.

### C. Defendant Greenberg's motion

Paragraph 216(f) of the Fourth ACC alleges that Greenberg is liable pursuant to § 25504.1 of the California Corporations Code. Defendant Greenberg alleges that the pleadings are deficient in alleging liability under this state statute because: (1) "strict privity" is required; (2) the Complaint does not identify with particularity how this defendant "materially assisted" in the actual sale of ZZ Best securities; and (3) there is no allegation of "actual knowledge."

#### 1. "Strict privity"

Greenberg's argument that "strict privity" between the defendant and plaintiff is required under § 25504.1 is without merit. From a plain reading of the statute, liability is placed on "any person who materially assists in any violation of Section . . . 25401." *Cal. Corp. Code § 25504.1* (emphasis added). Liability under this section is not dependent upon the alleged's relationship with the vendor or purchaser. 1 H. Marsh & R. Yolk Practice Under the California **[*63]** Securities Laws § 14.03[4][d] at

14–24 (1989); *In Re National Mortgage Equity, supra, at 1170.* Thus, the Count VIII charges against Greenberg cannot be dismissed on this basis.

#### 2. Material assistance with specificity

In seeking dismissal pursuant to *Fed. R. Civ. P. 9(b)*, Greenberg focuses on the allegations that it participated in "roadshows" which promoted **ZZZZ Best** contained in paragraph 114 of the Fourth ACC. The class plaintiffs note that their complaint includes several other allegations of how Greenberg materially assisted in the alleged violations of § 25401, namely by allegedly releasing press releases (Fourth ACC para. 54) which are described in subsequent paragraphs as being fraudulent (Fourth ACC paras. 99, 102, and 105).

In order to meet the specificity requirements of Rule 9(b), a claim must at the least allege time, place, and nature of the alleged fraud. *Wool v. Tandem Computers Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).*

With regards to the allegations of the fraudulent press releases, the class plaintiffs have specified the misrepresentations occurred in press releases (para. 54), the date the releases (paras. 54, 99, 102, and 105), what the releases **[*64]** stat (paras. 99, 102, and 105), and how these were misrepresentations (para. 115). Thus, these allegations are sufficient.

However, as far as the class plaintiffs alleging that Greenberg materially assisted through its participation in the "roadshows," the Fourth ACC lacks specificity. Paragraph 114 only states generally that this material assistance occurred "throughout the class period," and gives no indication of where the alleged personal contact with the professional investment community occurred. While the pleadings do not have to state when and where each instance of personal promotion occurred, class plaintiffs should at least allege representative instances of this type of material assistance so that the defendants will be able to prepare an adequate answer.

Since the Fourth ACC purports to allege § 25504.1 liability on Greenberg for its material assistance both through its aid in the press releases and its participation in the promotional contacts with the professional investment community, the class plaintiffs need to meet the specificity requirements as to both activities. Therefore, Greenberg's motion to dismiss will be GRANTED with regards to the claim of liability under **[*65]** § 25504.1 pursuant to *Fed. R. Civ. P. 9(b)*. The class plaintiffs will be granted one further opportunity to bring its pleadings into conformity with this Order's requirements.

#### 3. "Actual knowledge"

The Fourth ACC alleges that defendant Greenberg is

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 18 of 28

Page 18

1990 U.S. Dist. LEXIS 11867, *65; Fed. Sec. L. Rep. (CCH) P95,416

liable pursuant to *Cal. Corp. Code § 25504.1* for materially assisting other defendants' violations of § 25401 "recklessly or with the intent to deceive or defraud." As discussed in Section V.A.2. above, the Court believes that pleadings that follow the statutory language of "intent to deceive or defraud" are adequate in alleging liability under this state provision as long as prior incorporated allegations about the defendant imply "actual knowledge." None of the prior allegations of Greenberg's participation in the scheme that have been incorporated (i. e., § paras. 1–170) state or imply that this defendant had any "actual knowledge" of the falsity of its representations. In addition, as the Ninth Circuit has stated that the state statute is "stricter" than required for alleging secondary liability under the federal law, the class plaintiffs charge that defendants conduct was done "recklessly" will not suffice either.

Therefore, [*66] the Court GRANTS Greenberg's motion to dismiss Count VIII for failure to allege that the defendant has "actual knowledge" of the fraud which the defendant allegedly materially assisted.

### D. Defendant Freshman's motion

Defendant Freshman moves to have Count VI I I charges against it dismissed initially because the Fourth ACC alleges liability pursuant to a non-existent statutory provision. If the class plaintiffs mean to allege liability under § 25504.1, the defendant further contends that dismissal is proper because the pleadings fail to allege: (1) "strict privity"; and (2) "actual knowledge".

### 1. Designation of the proper statutory provision

Paragraph 216(g) of the Fourth ACC alleges that this defendant is liable "pursuant to Section 25401.1 of the California Corporations Code." No such statute exists. The class plaintiffs' opposition states that this is an obvious typographical error and that the remainder of the paragraph makes it clear that liability is being alleged pursuant to § 25504.1 of the California Corporations Code, and that since no § 25401.1 exists, there can be no real confusion as to what is meant.

The Court recognizes that the defendant should be able [*67] to discern which statute the class plaintiffs are trying to allege liability under from the context of the paragraph (in fact, defendant Freshman has, as evidenced by its motion). However, the class plaintiff's carelessness cannot be excused in light of the non–existence of the complaint's purported basis for liability and the alleged confusion this caused for the defendant. Therefore, the defendant's motion to dismiss is GRANTED with leave to amend this count to properly allege a violation of § 25504.1.

The Court viII continue to discuss the other asserted bases for dismissal of the count so that no further delays caused by alleged pleading deficiencies will have to occur.

### 2. "Strict privity"

As the Court has discussed with regards to defendant Greenberg in Section V.C.1. above, [HN22] there is no strict privity requirement for pleading or proving liability pursuant to § 25504.1.

### 3. "Actual knowledge"

As the Court has discussed with regards to defendant Greenberg in Section V.C.3., defendant HH&R in Section V.A.2., and defendant E&W in Section V.B.1. above, the class plaintiffs pleading of "with intent to deceive or defraud" mirrors the statutory language and will be sufficient [*68] as long as there are other allegations that state or imply that the defendant had actual knowledge of the wrong that it purportedly materially assisted. Allegations that the defendants acted "recklessly" cannot sustain a claim brought pursuant to the state statute.

In reviewing the specific allegations about defendant Freshman that the class plaintiffs have incorporated into Count VIII, Fourth ACC § paras. 161–168, the Court finds that they do not state or imply that this defendant had "actual knowledge" of any fraud. These paragraphs, at most, allege that the defendant was reckless in overlooking "'red flags' and suspicious circumstances" (which have been enumerated) that allegedly should have alerted Freshman that Minkow's and **ZZZZ Best's** representations were false.

Because these allegations do not support an argument that Freshman had actual knowledge of the fraudulent nature of the other defendants' representations, the allegation that this defendant "materially assisted . . . with the intent to deceive or defraud" is also questionable. It is difficult to see how a party could "materially assist" a fraud of which it had no knowledge, or intend to "deceive or defraud" without knowing [*69] that it was supporting misrepresentations.

Thus, the Court also GRANTS defendant Freshman's motion to dismiss the claim for liability brought by the class plaintiffs pursuant to § 25504.1 for failure to allege the defendant's "actual knowledge."

### VI. COUNT X

Count X of the Fourth ACC alleges various defendants with liability pursuant to *California Corporations Code § 1507*. This state statute allows the corporation or an injured person to bring suit against any "officers, directors, employees or agents" of the corporation who commit enumerated acts listed in the rest of the statute. Subsection (a)

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 19 of 28

Page 19

1990 U.S. Dist. LEXIS 11867, *69; Fed. Sec. L. Rep. (CCH) P95,416

lists making, issuing, delivering, or publishing documents (including prospectuses or reports) respecting the corporation, its shares, or certain financial information about the corporation that is "false in any material respect," or participating in such activity as one type of prohibited activity. The injured person who brings suit under statute also makes clear that officers, directors, employees, and agents are only subject to liability if they have knowledge of the falsity.

Defendants HH&R, E&W, and Freshman n4 bring motions to dismiss pursuant to *Fed. R. Civ. P. 9(b)* and *12(b)(6)*. **[*70]** The Court previously granted each of these defendants motions to dismiss the § 1507 charges against them in the Third ACC because the pleadings failed to adequately allege that any of these 'defendants were members of the specific categories that the statute lists.

> n4 As with Count VIII, the Fourth ACC alleges violation of Cal. Corp. C. § 1507 against "the same defendants as Counts I and II." (Fourth ACC para. 222). Counts I and II are not alleged against defendants Freshman or E&W; however, they have been specifically referred to in para. 223(g) (g) and (h), respectively. Though E&W does not assert this ambiguity as a basis for dismissal, Freshman does. The Court, however, will read Count X to include these two defendants. Any further amending to the pleadings must clarify para. 222 so that it will be consistent in naming whom it seeks to hold liable in Count X.

### A. Defendant HH&R's motion

Defendant HH&R argues that there are three bases for dismissing Count X charges against it: (1) the pleadings do not support **[*71]** the conclusory "agency" allegation; (2) knowledge of the falsity has not been pleaded; and (3) the class plaintiffs have failed to plead reliance of any kind.

#### 1. Sufficiency of "agency" allegation

After the Court dismissed the previous version of this Count, the class plaintiffs amended the charge to state that HH&R was an "agent[] of ZZ Best." (Fourth ACC para. 223(b)). Thus, it is clear into which category of § 1507 defendants the plaintiffs allege that HH&R falls.

The defendant contends, however, that the plaintiffs must allege the agency relationship with specificity since § 1507 in essence is a fraud claim, subject to Rule 9(b). Fed. A. Civ. P. 9(b) requires that "the circumstances constituting fraud be stated with particularity." Liability for participating in fraudulent conduct under § 1507 is based

on the defendant being a member of one of the specified categories. Thus, how the alleged defendant is a member of one of these categories must be sufficiently stated in the pleadings.

The Fourth ACC is replete with allegations that if proved would support a finding that HH&R was an agent of **ZZZZ Best.** Initially, the Fourth ACC alleges that HH&R through defendant Mark Moskowitz **[*72]** served as general counsel for **ZZZZ Best.** (Fourth ACC para. 51). Moskowitz purportedly was in charge of drafting and preparing **ZZZZ Best's** registration statement and prospectus (para. 150), and HH&R is alleged to have tried to prevent negative information about **ZZZZ Best,** actively assisted in selling phony accounts receivable, and threatened defendant E&W with legal liability if it disclosed its true reasons for resigning from the company's employment. (para. 159(a), (d), and (e)). "[An attorney] will usually be the agent of his client in transactions in which he acts for him." 1 Witkin California Procedure § 53 at 73 (3d ed. 1985).

The defendants' arguments that pleading agency with specificity requires allegations of right to control, and actual or ostensible authority are not supported in the caselaw. Generally, agency is a question of fact. **ZZZZ Best** I, supra, at 93,091; *Nichols v. Arthur Murray, 248 Cal. App. 2d 610, 614-15, 56 Cal. Rptr. 728 (1967). DeSuza v. Andersack, 63 Cal. App. 3d 694, 133 Cal. Rptr. 920 (1976),* which the defendant cites for the proposition that the principal's right to control the agent is an essential element, holds that the right to control **[*73]** "must be factually present." Likewise, *Tomerlin v. Canadian Indemnity Co., 61 Cal. 2d 638, 39 Cal. Rptr. 731 (1964)* does not require that actual or ostensible authority need be pleaded. The California Supreme Court opinion found that authority was adequately supported by the evidence before that trial court.

Thus, the Court cannot dismiss Count X charges against HH&R for failure to allege that the defendants is within one of the categories of defendants under § 1507. The class plaintiffs have alleged that HH&R was an agent, and earlier allegations support such a characterization.

#### 2. "Knowledge of the falsity"

HH&R contends that the plaintiffs have not alleged that it had knowledge of the material falsity contained in the business documents as required under § 1507. cough the class plaintiffs do not purport that this defendant had such knowledge in the paras. 222-223 of the Fourth ACC, in prior paragraphs that have been incorporated into Count X, the plaintiffs have met this pleading requirement (for e.g., para. 154).

Thus, the alleged failure to plead knowledge of the

falsity is not a basis for dismissal of this Count as well.

### 3. "Reliance"

The defendant notes that **[*74]** the class plaintiffs have failed to allege reliance of any type in Count X, even the "reliance on the integrity of the market" that HH&R contends is not recognizable under state law. While the Court, in being consistent with it previous rulings, would find that the class plaintiffs were sufficient if they alleged such reliance, Count X of the Fourth ACC fails to plead that the class plaintiffs relied on the alleged violations of § 1507 either in paras. 222, 223, or the incorporated paragraphs.

Therefore, the Court will GRANT defendant's motion to dismiss Count X without prejudice, and with one last leave to amend the complaint so that it may attempt to correctly allege all of the elements of a § 1507 claim against HH&R.

### B. Defendant E&W's motion

Defendant E&W attacks the allegations of Count X for the same reasons upon which HH&R bases its motion to dismiss, namely unspecific agency allegation, and lack of pleading knowledge or reliance.

### 1. The agency allegation

The class plaintiffs have amended their pleadings to clearly state that they allege § 1507 liability against E&W as an agent of **ZZZZ Best.** Like HH&R, E&W contends that since § 1507 is a statutory claim based **[*75]** on fraud, the plaintiffs must meet the *Fed. R. Civ. P. 9(b)* requirement. While agency is usually a factual issue, the defendants in an averment of fraud must be given notice of the basis for the alleged liability.

[HN23] *California Civil Code § 2295* defines an agent as "one who represents another, called the principal, in dealings with third persons." There does not appear to be a general presumption of agency for accountants as there is with attorneys probably because an attorney is more likely to represent a client in "dealings with third persons."

The class plaintiffs have stated that E&W was engaged by **ZZZZ Best** to provide "'independent' auditing services." (Fourth ACC para. 48). The allegations contained in the Fourth ACC also do not allege that E&W represented the corporation in transactions with other parties. Thus, the Fourth ACC does not provide any support for the conclusory statement that E&W was **ZZZZ Best's** agent.

The Court will therefore GRANT the motion to dismiss the Count X charges against E&W for failure to plead agency with specificity, and will grant a last leave

to amend though it would appear that the class plaintiffs will have difficulty in supporting a claim of agent **[*76]** status in light of its other allegations. Because the Court will provide the class plaintiffs another opportunity to amend, it will discuss the other basis for dismissal asserted by E&W.

### 2. Knowledge of the falsity

The defendant contends that the class plaintiffs do not allege that it had knowledge of the falsity. In prior paragraphs that have been incorporated into Count X, the class plaintiffs have made such allegations (for e.g., paras. 113 and 132). Thus, the pleadings sufficiently allege that E&W had the requisite knowledge.

### 3. Reliance

As in the case of HH&R, Count X charges against E&W neither contain nor incorporate any allegation of any type of reliance. As discussed in Section VI.A.3. above, the Court finds this shortcoming to be a valid basis to GRANT the defendant's motion, with one last leave to amend so that the class plaintiff's may plead all the essential elements of a § 1507 claim.

### C. Defendant Freshman

Defendant Freshman moves for dismissal pursuant to *Fed. R. Civ. P. 12(b)(6).* In addition to the grounds for dismissal discussed in footnote 4, the defendant asserts two bases for dismissing the Count X charges against it in the Fourth ACC: (1) **[*77]** it has not been alleged to be within one of the listed categories of potential § 1507 defendants; and (2) it has not been alleged to have knowledge of the falsity.

### 1. Categorization of Freshman

The class plaintiffs have alleged that this defendant was an agent to defendant underwriter defendants, who in turn were agents of **ZZZZ Best.** (Fourth ACC para. 223(g)). Freshman served as the attorneys for the underwriter defendants.

The class plaintiffs rely on *Miller v. Ballerino, 135 Cal. 566, 67 P. 1046 (1902)* for the proposition that [HN24] an agency relationship is established between the principal and an attorney hired through an agent of the principal empowered to do so. In Miller, the California Supreme Court held that the trial court could find that the defendant's hiring of a law firm, her agent, could indebt her to pay for the legal services of another party hired by her lawyers in light of the conflicting evidence that the defendant had agreed to pay for such services. The trial court considered evidence of the contract between the defendant and her agent (the law firm) in which she, allegedly approved the hiring of another attorney. One

bit of evidence considered was **[\*78]** an affidavit by the defendant in which she stated that she realized that more than one attorney would be necessary to protect her interests. *67 P. at 1047.*

The class plaintiffs have alleged that the underwriter defendants were agents of **ZZZZ Best** who received fees from the corporate defendant to market its public offering. In order for the underwriter defendants to do the task that **ZZZZ Best** hired it to do, the corporate defendant necessarily knew that the underwriters would employ legal counsel. Thus, though the class plaintiffs have not specifically alleged that Freshman is liable as an agent of **ZZZZ Best,** a fair reading of the pleadings evidences that the plaintiffs are asserting that Freshman is an agent of the corporate defendant, by virtue of it being a party necessarily retained by an agent (the underwriter defendants) in the performance of the agent's duties.

The class plaintiffs pleadings therefore suffice to allege that defendant Freshman is on agent of **ZZZZ Best** and thereby is a member of one of the categories of parties whom § 1507 liability can be charged.

### 2. Knowledge of the falsity

Defendant Freshman contends that the class plaintiffs have not pleaded that this **[\*79]** defendant had any knowledge of the falsity included in the public documents made or issued by the corporate defendants. Paragraphs 222 and 223 do not make such allegations, however, prior pleadings which have been incorporated into Count X do make such allegations (for e .g., paras. 53 and 113).

Therefore, Freshman's motion to dismiss Count X is *DENIED.*

### VII. COUNT XI

The class plaintiffs have charged the accountant defendants and lawyer defendants with professional negligence in Count XI of the Fourth ACC. The basis of the claim against these defendants is that they were negligent and careless in causing, participating in, authorizing and ratifying the dissemination of public information, including the prospectus, which contained misrepresentations. (Fourth ACC para. 228). The accountant defendants allegedly also failed to conduct their examination or review of **ZZZZ Best's** financial statements in accordance with generally accepted auditing standards and failed to have **ZZZZ Best** apply generally accepted accounting principles. (Fourth ACC para. 229).

Defendants HH&R, E&W, and Freshman move for dismissal of Count XI.

### A. Defendant HH&R's motion

HH&R contends that **[\*80]** there are two bases for dismissing Count XI: (1) the pleadings fail to allege any negligent legal opinion rendered by HH&R; and (2) there was no duty owed to those who did not rely upon the **ZZZZ Best** prospectus.

### 1. Negligent legal opinion

The defendant argues that the only legal opinion upon which the plaintiffs can base a professional negligence claim concerns the legal validity of the shares issued. Since the plaintiffs do not contest that opinion, HH&R concludes that no professional negligence claim can be asserted.

The Court finds that *Courtney v. Waring, 191 Cal. App. 3d 1434, 237 Cal. Rptr. 233 (1987),* provides the framework for a professional negligence claim brought by third parties based upon an improperly prepared prospectus. In that case, the court of appeals, taking into account the opinions in *Goodman v. Kennedy, 18 Cal.3d 335, 134 Cal. Rptr. 375 (1976)* and Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, 57 Cal. App. Id 104, *128 Cal. Rptr. 901 (1976),* found that the plaintiffs had stated a claim by alleging "that defendants negligently prepared a franchise prospectus which failed to disclose material information known to defendants but unknown to plaintiffs." **[\*81]** *191 Cal. App. 3d at 1443–44, 237 Cal. Rptr. at 239.*

The Fourth ACC does not confine the HH&R's basis for liability to its opinion about the legal validity of the issued shares. The class plaintiffs have alleged that the defendant drafted a prospectus that included material misrepresentations. As for the knowledge of this material information that vas not disclosed, the Fourth ACC alleges that HH&R knew "that it had not conducted an adequate inquiry into the accuracy of the statements made in the Registration Statements concerning the business operations and financial condition of ZZ Best." (Fourth ACC para. 154). Furthermore, the class plaintiffs have alleged that "there were reasons known to [HH&R] which would cause a reasonably competent attorney exercising due professional care to doubt their truth and accuracy." (Id.) Lastly, the plaintiffs allege that they did not know of the falsity in the prospectus and other public information disseminated. (Fourth ACC para. 231).

Thus, the plaintiffs have sufficiently alleged that HH&R prepared a prospectus which contained material non–disclosures and misrepresentations of which they knew or of which they should have known. The Fourth ACC **[\*82]** does state what legal duties the defendant has been negligent in performing to subject it to professional liability.

### 2. The duty owed to the plaintiffs

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 22 of 28

Page 22

1990 U.S. Dist. LEXIS 11867, *82; Fed. Sec. L. Rep. (CCH) P95,416

HH&R further asserts that no duty was owed to the plaintiffs because it did not directly communicate the allegedly negligent information to them. Again in *Courtney v. Waring, supra,* the court held that "[i]t is the attorney's knowledge regarding the purpose of his work–product which and both hold establishes a duty to those whose conduct has been influenced." *Id. at 1444, 237 Cal. Rptr. at 239.*

The plaintiffs have alleged that they were owed a "duty to act with reasonable care in the preparation and dissemination of public information regarding ZZ Best," and that the defendants specifically intended that the information be distributed to the investing public. (Fourth ACC paras. 225–226). Thus, the class plaintiffs have alleged facts that if proven would establish that HH&R owed a duty to the plaintiffs, who are members of the investing public.

Therefore, the Court DENIES HH&R's motion to dismiss Count XI's claim based on negligence.

### B. Defendant E&W's motion

E&W has only asserted one ground for specifically dismissing [*83] the negligence claim against it — the alleged insupportability of the "reliance on the integrity of the market" or "fraud on the market" theories. As discussed in Section IV.A.2. above, the Court continues to abide by its previous stand on this issue.

Therefore, the Court *DENIES* E&W's motion to dismiss Count XI.

### C. Defendant Freshman's motion

Freshman has likewise moved to dismiss Count XI solely on the basis of questioning the validity of the "reliance on the integrity of the market" and "fraud on the market" theories. As just stated, the Court will not dismiss claims based on this issue.

Therefore, the Court *DENIES* Freshman's motion to dismiss Count XI.

### VII. COUNT XII

Count XII is being asserted by Richard Trontz, individually and as Custodian for Robert Trontz and Laurie Trontz under the New York Gifts to Minors Act ("the Trontz plaintiffs" or "Trontz'). This plaintiff had originally had a separate action against the defendants entitled Trontz v. Anderson, # CV–88–2722–RSWL. On September 12, 1988, the Court ordered that this case be consolidated with the class action suit and that the separate action be dismissed.

Count XII asserts eleven claims for relief [*84] which exactly mirror the eleven counts of the class action suit. The plaintiffs have relied on making their pleadings by

incorporating the allegations made in the class action suit. Each of the eight moving defendants move to dismiss various claims within Count XII. The Trontz plaintiffs have reminded the Court that this is the first opportunity to have its pleadings attacked and thus, it should be allowed the opportunity to amend the complaint when a viable claim has only been insufficiently pleaded.

The Court viII discuss the claims sequentially.

### A. First claim under Count XII

Defendant HH&R moves to have the first claim under Count XII, which is based on Sections 11 and 15 of the Securities Act, dismissed because (1) it fails to limit the defendant's liability to only that of a controlling person; and (2) for the same reasons asserted against the class plaintiffs' Count I charges.

In **ZZZZ Best** I, the Court had found that HH&R can only be alleged to be liable under Section 11 and 15 of the Securities Act as a controlling person. Thus, the Trontz plaintiffs' first claim is stated too broadly for it fails to incorporate the paragraph that limits HH&R's basis for liability, [*85] para. 171. The claim is thus defective with regards to not including this important limitation that the Court has previously ruled on. The Court therefore GRANTS HH&R's motion to dismiss the first claim for relief under Count XII.

With regards to the other basis for dismissal the Court has already determined that the arguments asserted by HH&R do not warrant dismissal 'of this type of claim.

### B. Second claim for relief under Count XII

Defendants HH&R, E&W, Ladenburg, Greenberg, Freshman, and Greenspan move to dismiss the second claim for relief of Count XII, based on Sections 12 and 15 of the Securities Act. The Trontz plaintiffs have given the Court notice that it does not oppose the motions to dismiss claims based on Section 12(2). The Court further notes that Trontz has failed to incorporate the paragraph which limits the liability alleged under Section 12 in accordance to the May 25th Order (i.e., para. 180).

Thus, the Court GRANTS these defendants' motions to dismiss the second claim of Count XII.

### C. Third claim under Count XII

The Trontz plaintiffs allege liability under 510(b) and Rule 10b–5 against all of the defendants by incorporating the charging paragraphs [*86] of Count III. Trontz has also incorporated all of the general allegation paragraphs excluding those that name the representatives of the class (paras. 6–23), and that describe the nature of the class action (paras. 73–80). Defendants HH&R, E&W, and Krivda move for dismissal of this claim.

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 23 of 28

Page 23

1990 U.S. Dist. LEXIS 11867, *86; Fed. Sec. L. Rep. (CCH) P95,416

Each of these defendants moves for the dismissal of the Trontz' third claim for relief on the same grounds that it argued with regards to Count III. The Trontz plaintiff merely joins in the arguments made by the class plaintiffs. Thus, the Court disposes of the motions to dismiss this claim in the same manner that it disposed of the Third Count, namely:

(1) HH&R's motion with respect to primary liability and secondary liability for aiding and abetting is DENIED (See Section II.A.1. and II.A.2.a., above);

(2) HH&R's motion with respect to secondary liability for conspiracy is GRANTED without prejudice (See Section II.A.2.b.);

(3) E&W's motion pursuant to Rule 9(b) is DENIED (See Section II.B. above);

(4) Krivda's motion pursuant Rule 9(b) is GRANTED without prejudice (See Section II. C. above).

### D. The fourth claim under Count XII

The Trontz plaintiffs have alleged liability pursuant [*87] to RICO in their fourth claim. The allegations are the same as those made by the class plaintiffs. Defendant Krivda is the only defendant moving at this time for dismissal of this Count XII claim.

Both parties rely on the arguments previously discussed with regards to Count IV. Therefore, the Court disposes of the motion similarly, namely the motion is GRANTED with prejudice.

### E. The fifth and sixth claims under Count XII

Reflecting the class plaintiff's charge of negligent misrepresentation, and fraud and deceit in Counts V and VI, respectively, the Trontz plaintiffs allege similar claims for relief in their fifth and sixth claims of Count XII. Defendants HH&R, E&W, Greenberg, Freshman, Greenspan, the "Non-Managing Underwriters," and Krivda have moved for dismissal of these counts by relying on 'the same arguments asserted in their motion to dismiss Counts V and VI. The Trontz plaintiff has again merely joined in the class plaintiffs' argument.

Therefore, the Court disposes of the motions as it did with regards to Counts V and VI, namely:

(1) Defendants HH&R's and E&W's motions to dismiss the sixth claim will be GRANTED only to the extent of the pleadings basing these claims [*88] on IV.A.3. and IV.B.3. above);

(2) In all other respects, defendants HH&R's and E&W's

motions to dismiss the fifth and sixth claims are DENIED (See Sections IV.A. and IV.B. above);

(3) Defendants Greenberg's, Freshman's, Greenspan's, and Non-Managing Underwriter's motion is DENIED (See Sections IV.C.–F. above);

(4) Defendant Krivda's motion is GRANTED without prejudice (See Section IV.G.).

### F. The seventh claim under Count XII

In their seventh claim for relief, the Trontz plaintiffs attempt to assert liability under Cal. Corp. C. § 25400 against all of the defendants alleged under Counts I and II. In the May 25th Order, the Court granted several defendants' motions to dismiss the count based on § 25400 because this section requires that the defendant 'be a "seller." The class plaintiffs have therefore limited their Count VII charges to merely be asserted against "the Underwriter Defendants and [defendant] Silverstone." (Fourth ACC para. 170). Defendants HH&R, Ladenburg, and Greenspan move for dismissal of the seventh claim under Count VII. The Trontz plaintiffs have asserted no opposition. n5

> n5 None of the moving defendants have sought the dismissal of Count VII. Thus, Trontz' reliance on the class plaintiffs' opposition memoranda fails here because the class plaintiffs have not opposed any dismissal of a corresponding Count to the Trontz' seventh claim.

**[*89]**

Since the Court has previously dismissed the charges of § 25400 liability asserted against these defendants, and the current pleadings have not been amended to allege that these defendants can be subject to this statute, the Court will *GRANT* the motions to dismiss Trontz' seventh claim for relief.

### G. The eighth claim under Count III

The Trontz plaintiffs assert their eighth claim for violations of Cal. Corp. C. § 25401 against the same defendants alleged in Counts I and II by incorporating the related paragraphs from Count VIII. Defendants HH&R and E&W are the only defendants to move for this claim's dismissal. Again they rely on their arguments made in support of their motions to dismiss Count VIII, and Trontz joins in the class plaintiffs opposition memoranda. In addition, HH&R moves to have the claim dismissed for failing to incorporate the limitation on the basis for liability stated in Count VIII. This limitation had been added in by the class plaintiffs to comply with the Court's May

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 24 of 28

Page 24

1990 U.S. Dist. LEXIS 11867, *89; Fed. Sec. L. Rep. (CCH) P95,416

25th Order.

The Court therefore issues disposition of the motion against the eighth claim of Count XII similarly to that for Count VIII, namely:

(1) HH&R's and E&W's motions to dismiss **[\*90]** the charge of liability for violating § 25401 pursuant to § 25504.1 is GRANTED to the extent that liability is based on allegations of "recklessness" but otherwise the motions are DENIED (See Sections V.A.2. and V.B.1 above);

(2) E&W's motion to dismiss the claim for liability pursuant to § 25504.2 is GRANTED without prejudice (See Section V.B.2. above).

In addition, the Court will GRANT HH&R's motion to dismiss because Trontz has failed to limit the defendant's basis for liability as ordered in **ZZZZ Best** I.

### H. The tenth claim under Count XII

Defendants HH&R, E&W, and Freshman move to dismiss the Trontz plaintiffs' tenth claim, which is a reflection of the class plaintiffs' Count X. Liability is alleged pursuant to Cal. Corp. C. § 1507. The moving defendants assert their same arguments that they raised with regards to Count X, and the Trontz plaintiff relies on the class plaintiffs' oppositions.

The Court's disposition of the motions is thus the same, namely:

(1) HH&R's and E&W's motions viII be GRANTED for the failure to allege reliance of any type (See Section VI.A.3. above);

(2) E&W's motion viII also be GRANTED for failure to allege that this defendant fits within **[\*91]** one of the limited categories of § 1507 defendants (See Section VI.B.3. above);

(3) Freshman's motion asserts no valid basis for dismissal and thus will be DENIED (See Section VI.C. above).

### I. The eleventh claim under Count XII

The Trontz plaintiffs have alleged a claim for professional negligence in their eleventh claim. Defendants HH&R, E&W, and Freshman move to dismiss. As previously, the arguments for and against dismissal have already been discussed.

Therefore, the Court DENIES the motions to dismiss the eleventh claim for relief of Count XII.

### VIII. COUNT XIII

Plaintiffs Plushcell, Ltd., Peter E. Strauss, and Panache Productions, Inc. (the "Plushcell plaintiffs") assert Count XIII. Like Count XII, this Count originated as separate litigation. The two cases, Plushcell v. Baker, No. CV 88–3518–RSWL, and Strauss and Panache v. Baker, No. CV 88–3519–RSWL, were ordered to be consolidated into the class action complaint by this Court's order of September 8, 1988.

The Plushcell plaintiffs, like the Trontz plaintiffs, have alleged eleven claims for relief that mirror the class pleadings and have made their pleadings by incorporating the allegations made in **[\*92]** the class action suit. Each of the eight moving defendants moves to dismiss various claims within Count XII. n6 The Plushcell plaintiffs have also reminded the Court that this is the first opportunity to have its pleadings attacked and thus, it should be allowed the opportunity to amend the complaint when a viable claim has only been insufficiently pleaded.

> n6 By a separately filed document, HH&R joined E&W's argument regarding the Plushcell plaintiffs' allegedly insufficient pleading of the involvement of a security.

### A. Common issue: whether a security has been specifically alleged

A threshold issue has been asserted by all of the moving defendants as to the viability of the Plushcell plaintiffs' third claim, which is based on § 10(b) of the Securities Act. Count XIII alleges that plaintiffs Strauss and Panache invested in "joint ventures" with **ZZZZ Best.** The pleadings go on to state that these "joint ventures" were "investment securities, i. e., investments of money in common enterprises, with profits to come **[\*93]** solely from the efforts of others." (Fourth ACC paras. 254).

The defendants acknowledge that the basic test of an "investment contract" is the three–prong test of whether there is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of [others] . . . . " *SEC v. W.J. Howey Co., 328 U.S. 293, 298–99, 66 S. Ct. 1100, 90 L. Ed. 1244 (1946).* However, the defendants assert that since a securities fraud action is being pleaded, the Plushcell plaintiffs must meet the requirements for specificity in *Fed. R. Civ. P. 9(b)* for every element of its claim and § para. 254's language is too conclusory. They further contend that whereas federal jurisdiction is derived from the inclusion of this federal statute, dismissal of the § 10(b) claim should also result in dismissal of the pendent state law

The defendants principally rely upon *Schreiber*

Case 1:00-cv-00793-SSB-TSH    Document 279-7    Filed 02/27/2004    Page 25 of 28

Page 25

1990 U.S. Dist. LEXIS 11867, *93; Fed. Sec. L. Rep. (CCH) P95,416

*Distributing Co. v. Serv–Well Furniture Co.. Inc., 806 F.2d 1393 (9th Cir. 1986),* to support their contention that each element of a fraud claim must be alleged with Rule 9(b) specificity noting that in that case, the plaintiffs failure to allege "'special [*94] facts relating to standing'" purportedly made the pleadings insufficient to satisfy particularity requirements of Rule 9(b). (E&W's Memorandum in Support of Motion to Dismiss, p. 30) (E&W's emphasis). The Court notes, however, that a full reading of Schreiber indicates that the Ninth Circuit held that the district court erred in dismissing the fraud claim on this basis. *Id. at 1401.*

*Fed. R. Civ. P. 9(b)* requires that the "circumstances constituting fraud . . . be stated with particularity." The Ninth Circuit has held that the purpose of this specificity requirement is so that the defendant can prepare an adequate answer from the allegations. *Bosse v. Crowell Collier & MacMillan, 565 F.2d 602 (9th Cir. 1977).* The Court finds that Rule 9(b) does not require that the plaintiffs plead the specific facts of an investment being a security, and even if it does, that the defendants have been given enough notice to prepare an adequate answer to the allegations. If the defendants wish to question the factual basis of the alleged "security," the matter can be taken up by a motion for summary judgment.

*B. Similar bases for dismissal as asserted against the Trontz plaintiffs*

Aside [*95] from the issue of whether the Plushcell plaintiffs have sufficiently pleaded the involvement of a security in its transactions, defendants HH&R, E&W, Ladenburg, Greenspan, the "Non-Managing Underwriters," and Krivda assert the same bases for dismissal of the claims under Count XIII as they did for claims under Count XII. The claims under Count KISS are in the same sequential order and based on the same incorporated paragraphs which state defendants alleged actions. In addition, the Plushcell defendants, while not filing non-opposition to the claims based on § 12(2) of the Securities Act, have filed no separate opposition to any matter other than that arguing the sufficiency of their "security" pleading. Like the Trontz plaintiffs, the Plushcell plaintiffs have joined the class plaintiffs opposition memoranda.

Thus, rather than duplicate the discussion in Sections VII.A.–I., the Court merely refers to those sections to dispose of the motions filed by defendants HH&R, E&W, Ladenburg, Greenspan, the "Non-Managing Underwriters," and Krivda.

*C. Specifically alleged bases for dismissing the Plushcell claims*

Defendants Greenberg and Freshman have moved to dismiss various claims in [*96] Count XIII on basis that are particular to the Plushcell plaintiffs. Defendant Freshman states that it had no duty of care to the Plushcell plaintiffs as the attorneys to the underwriters of **ZZZZ Best,** and thus, the third, sixth, and eleventh claim of Count XIII as far as they seek to hold Freshman liable should be dismissed. Freshman notes that the Plushcell plaintiffs allegedly invested in their "joint venture"/securities in an "arm's length" transaction, and therefore no special relationship existed between these plaintiffs and Freshman.

Greenberg argues that the Plushcell plaintiffs failure to allege that it made any untrue statements of a material fact or omitted to state a material fact to them renders the attempted third claim of Count KIll (§ 10(b)) against them insufficient.

The Plushcell plaintiffs as stated in the previous section have not filed any separate opposition other than to address the "securities" issue. The Plushcell plaintiffs also cannot rely on having joined the class plaintiffs' opposition memoranda because these issues are directed to the Plushcell pleadings specifically. Pursuant to Local Rule 7.9, the Court will deem these plaintiffs' failure to file these [*97] required papers as consent to the granting of these motions.

Therefore, the Court GRANTS both (1) Greenberg's motion to dismiss the third claim of Count KIll as to this defendant, and (2) Freshman's motion to dismiss the third, sixth, and eleventh claims of Count KIll as to it. The dismissal viii be without prejudice as this is only the first time that the sufficiency of the Plushcell's pleadings have been contested.

*IX. COUNT XIV*

Count XIV is asserted by plaintiffs Prudential–Bache Securities, Inc. and P–B Finance, Ltd ("Pru–Bache plaintiffs"). This Count also originated as separate litigation in the case of Prudential Bache Securities. Inc.. et al. v. Greenspan & Co.. et al. Case I CV 88–1986–RSWL. The Court ordered that this matter be consolidated with the class action suit on September 12, 1988.

Unlike the previous two counts, the Pru–Bache plaintiffs have not mirrored the Counts of the class plaintiffs action. Count XIV is composed of the following seven claims: (1) willful professional negligence; (2) negligent professional negligence; (3) violation of § 10(b) and Rule 10(b)–5; (4) violation of Cal. Corp. C. §§ 51507, 25401, 25504.1, and 25504.2; (5) fraud and [*98] deceit; (6) negligent misrepresentation; and (7) violation of RICO. The particular factual basis that the Pru–Bache plaintiffs have alleged for their claims is that they se-

cured by **ZZZZ Best** stock owned by Minkow, and that Minkow "drew down" on this line of credit a loan of over § 3,000,000.00. The plaintiffs allege that they relied upon "representations contained in the Registration Statement, the Prospectus, and the financial statements contained therein, the June 17, 1987 Form 8–K Report regarding the resignation of Ernst & Whinney, as well as upon the [artificially inflated] value of the ZZ Best stock" when allowing Minkow to draw upon the line of credit. (Fourth ACC para. 274). Because Minkow has not repaid the loan (nor is it believed he viII ever repay the loan), the Pru–Bache plaintiffs have allegedly been damaged.

Only defendants Greenspan, E&W, and Krivda moved for dismissal of claims under Count XIV. Defendant E&W moves for dismissal of the first, second, fifth, and sixth claims under Count KIV on the basis that these state law claims are barred by Cal. C. Civ. P. § 1974. Greenspan joins E&W's argument. Krivda also contends that § 1974 bars the fifth and sixth claims of **[*99]** Count XIV (the first and second claims are not asserted against Krivda). In addition, Krivda moves for dismissal of the seventh claim based on his earlier discussed argument about the insufficiency of such allegations.

### A. Applicability of Cal. C. Civ. P. § 1974

California Code of Civil Procedure § 1974 states: "No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation . . . be in writing, and either subscribed by or in the handwriting of the party to be charged." E&W cites *Seneca Communications. Inc. v. International Bank of California, 103 Cal. App. 3d 541, 163 Cal. Rptr. 176 (1980)* to support its contention that this statute is applicable in the situation presented by the Pru–Bache plaintiffs' claims. In Seneca, the defendant allegedly had made oral misrepresentations concerning a third party's bank account upon the plaintiff's inquiry into its credit-worthiness, and based on this misinformation, the plaintiff extended the third party credit. The third party's failure to pay the debt led to the plaintiff filing suit against the defendant for negligence and fraud. The trial court granted the defendant's **[*100]** demurrer, and the appellate court affirmed based on the application of § 1974.

E&W notes that the Seneca opinion states that a test for determining whether a misrepresentation is within the coverage of § 1974 is "'whether the representation induced the recipient thereof to enter into a transaction which resulted in a debt due to him from a third person.'" *Id. at 552, 163 Cal. Rptr. at 182,* quoting *Bank of America v. Western Constructors, 110 Cal. App. 2d 166, 169, 242 P.2d 365, 367 (1952).* However, the court also found that the California courts have applied another test which looks toward "'the intent and purpose which

prompted the making of a particular representation.'" *103 Cal. App. 3d at 552, 163 Cal. Rptr. at 182* quoting *Baron v. Lange, 92 Cal. App. 2d 718, 207 P. 2d 611 (1949);* see also, *Grant v. U.S. Electronics Corp., 125 Cal. App. 270 P.2d 64 (1954)* (section only applicable when the primary object of the representation is to induce the procurement of credit to a third party). The Seneca court found that under either test the defendant's alleged oral misrepresentation was the type of misrepresentation about credit to which § 1974 applies. Id.

The Court **[*101]** has not been cited to a case in which one of the tests is applicable and the other is not. The Court, therefore, believes that both tests should be applicable in order for § 1974 to apply. The Court previously has favorably cited *Southern California Thrift & Loan Association v. Sylvania Electric Products. Inc., 248 Cal. App. 2d 642 (1967)* for the holding that this section "does not encompass all representations made that have an effect on credit." **ZZZZ Best** I, supra, at 93,089. Thus, a less expansive reading of § 1974 appears to be warranted.

In the present situation, the misrepresentations that the plaintiffs allege they relied upon were not made for the primary purpose of procuring credit for Minkow. The documents were drafted to provide information for equity investors of **ZZZZ Best** and to comply with regulations. The plaintiffs have alleged that they relied on this information in determining whether the collateral of **ZZZZ Best** stock provided adequate security. Thus, § 1974 is not applicable to the state claims based on the defendants' alleged misrepresentations in this case.

E&W, Greenspan, and Krivda (for the fifth and sixth claims) asserted the applicability of § 1974 **[*102]** as their sole basis for dismissal. As the Court has found that it is not applicable in the present situation, the Court DENIES these three defendants' motions which are based on § 1974's requirement of written representations.

### B. RICO claim

Defendant Krivda has asserted the same argument made to dismiss Count IV and the fourth claims of Counts XII and KIll to dismiss the seventh claim of Count XIV. The Court has previously found that Krivda's motion is well taken. Furthermore, the Pru–Bache plaintiffs have not opposed the motion. The Court, therefore, GRANTS Krivda's motion to dismiss the seventh claim of Count xIV.

### X. E&W'S MOTION TO STRIKE

In addition to the above discussed motions to dismiss the various Counts of the Fourth ACC, defendant E&W has also filed a motion to strike pursuant to *Fed. R.*

*Civ. P. 12(f)*. The matters that the defendant requests the Court to strike from the pleadings are: (1) the portion of paragraph 70 which reads "the Accountant Defendants;" (2) paragraph 144 in its entirety; (3) the portion of paragraph 172 which reads "and the Accountant Defendants;" and (4) the portion of paragraph 175 which reads "and Accountant Defendants."

Paragraph **[*103]** 70 is a general allegation of the "conspiracy, common enterprise and/or common course of conduct" which purportedly is the basis for the litigation. Paragraph 144 specifically alleges that E&W "further participated in and/or aided and abetted ZZ Best, Minkow and the director defendants in perpetrating the fraud" by failing to disclose the true reasons for its resignation as **ZZZZ Best's** auditor. Paragraphs 172 and 175 are included in Count I and is based on § 11 of the Securities Act. Count I is specifically not alleged against E&W.

Fed. A. Civ. P. 32(f) provides a vehicle by which matters that are "redundant, immaterial, impertinent, and/or scandalous" struck from pleadings. Generally, granting motions to strike are looked upon with disfavor. 5 Wright & Killer Federal Practice and Procedure § 1380. At a minimum, the matter sought to be struck must have no possible relation to the plaintiff's claims and the movant must show prejudice from its continued inclusion. Id.

### A. Request to strike "the Accountant Defendants"

The Fourth ACC uses the term "the Accountant Defendants" to collectively refer to defendants E&W, Greenspan, and Larry G. Baker. (Fourth ACC § 172). Any references **[*104]** to "the Accountant Defendants" would have a bearing on allegations made not only against E&W, but Greenspan and Baker as well. The Court thus cannot strike this term when it has only been alleged that the inclusion of the term has an effect on only one of the three parties to which the term refers. This is particularly true with regards to the portions of the Complaint that the defendant seeks to have struck from paragraphs 172 and 175 of Count I. @s stated above, the class plaintiffs have specifically excluded alleging E&W with § 11 liability. Thus, though the inclusion of "Accountant Defendants" may cause some confusion, it does not cause any prejudice to E&W. Furthermore, the Court does not find that use of the term has no possible relation to the plaintiff 's claim since a general scheme is being alleged.

### B. Request to strike references to conspiracy

The defendant contends that since the Court had granted its motion to dismiss (without prejudice) the conspiracy charges in the May 25th Order, the Court should strike any allegations that may be construed to implicate the defendant on these grounds. However, the Court finds that E&W's argument lacks merit with regards to **[*105]**

the portion of paragraph 70 that it seeks to have struck. As stated above, striking the term "Accountant Defendants" will have a broader effect than merely excluding allegations about E&W, and the Court sees no reason to make a sweeping change. In addition, paragraph 70 is a broad allegation that also charges the Accountant Defendants with involvement not only in a conspiracy but also in a common enterprise or common course of conduct.

### C. The request to strike paragraph 144

The defendants again note that in the May 25th Order, the Court had dismissed the plaintiffs charges of E&W's Rule 10(b)–5 secondary liability because the pleadings failed to allege that E&W had entered into a conspiratorial agreement and the pleadings did not allege from where the duty to disclose the reasons for its resignation arises. E&W thus seeks striking of the paragraph in which the plaintiffs assert that E&W failed to make such disclosure.

Regardless of whether the pleadings sufficiently allege a duty to disclose for the benefit of pleading secondary liability, the Court finds that paragraph 144 is related to the plaintiff's other claims and thus striking the paragraph would not be proper.

Therefore, **[*106]** the Court viII D@ E&W's motion to strike portions of the complaint.

### X. CONCLUSION

The Court summarizes its disposition of the motions as follows:

(1) Defendants Hughes, Hubbard & Reed's, and Mark R. Moskowitz' motion to dismiss:

(a) GRANTED as to Counts X, and the first, second, seventh, and tenth claims of Counts XII and XIII;

(b) DENIED as to Counts I, II, V, XI, and the fifth and eleventh claims of Counts XII and XIIl;

(c) GRANTED in part and DENIED ID part as to Counts III, VI, VIII, and the third, sixth, and eighth claims of Counts XII and XIll.

(2) Defendant Ernst & Whinney's motion to dismiss:

(a) GRANTED as to Counts X and the second and tenth claims of Counts XII and XIII;

(b) DENIED as to Counts Ill, V, XI, XIV, and the third, fifth, and eleventh claims of Counts XII and XIIl;

(c) GRANTED in part and DENIED in part as to Counts VI and VIII, and the sixth and eighth claims of Counts XII and XIII.

(3) Defendant Ernst & Whinney's motion to strike: DENIED.

(4) Defendants Ladenburg, Thalman Co. 5 and Robert Grossman's motion to dismiss:

(a) GRANTED as to the second and seventh claims of Counts XII and XIII.

(5) Defendants Steven A. Greenberg's **[*107]** and Anametrics Advisor, Inc.'s motion to dismiss:

(a) GRANTED as to Count VIII, the second claim of Counts XII and XIII, and the third claim of Count XIII;

(b) DENIED as to Counts V, VI, the fifth and sixth claims of Counts XII and XIII.

(6) Defendants Freshman, Marantz, Orlanski & Klein's and Mark A. Klein's motion to dismiss:

(a) GRANTED as to Count VIII and the second claim of Counts XII and XIII, and the third, sixth, and eleventh claims of Count XIII;

(b) DENIED as to Counts V, VI, X, XI, the fifth, and tenth claims of Counts XII and XIII, and the third claim

of Count XIII.

(7) Defendants Greenspan & Company's and S. George Greenspan's motion to dismiss:

(a) GRANTED as to the second and seventh claim of Counts XII and XIII;

(b) DENIED as to Counts V, VI, XIV, the third claim of Count XIII, and the first, second, fifth, and sixth claims of Count XIV;

(8) The "Non-Managing Underwriters'" motion to dismiss:

(a) DENIED as to Counts V, VI, the fifth and sixth claims of Counts XII and XIII, and the third claim of Count XIII.

(9) Defendant Edward Krivda's motion to dismiss:

(a) GRANTED as to Counts Ill, IV, VI, the third, fourth, fifth, and sixth claims of Counts **[*108]** XII and XIII, and the seventh claim of Count XIV;

(b) DENIED as to the fifth and sixth claims of Count XIV.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the plaintiffs will have 45 days in which to replead those matters that have been dismissed without prejudice.