(doc. 281) at 70 ("Plaintiffs alleged that Defendant Carey, and not Defendant Cook, was the control person.")) This is demonstrably untrue.

Count III of the CAC is titled: "Count III Against Defendants Ken Hanauer, Robert Hoverson and *Jack Cook* for Violations of the Control Person Provisions §15 of the Securities Act, 15 U.S.C. §77(o)." Similarly, Count VI of the CAC carries the title: "Count VI Against Defendants Ken Hanauer, Robert L. Hoverson and *Jack M. Cook* for Violations of the Control Person Provisions of §20(a) of the Exchange Act." Carey is not mentioned in either Count III or Count VI. Moreover, in paragraphs 137-139 of Count III, and paragraphs 154-157 of Count VI, Carey *never* is mentioned, but Cook is. (CAC ¶¶ 138-39, 155-57) Plaintiffs cannot manufacture control person claims against Defendant Carey which did not appear in the CAC, and the control person claims against him must be dismissed.

Moreover, Plaintiffs now have abandoned any control person claims against Defendant Cook. (Opp. (doc. 281) at 70) ("Plaintiffs allege that Defendant Carey, *and not Defendant Cook*, was the control person.") (emphasis added)) The Court therefore must dismiss Counts III and VI as against Defendant Cook. (*Id.; see also* Amended Mot. to Dismiss (doc. 264) at 35-36)

The control person claims against Defendants Hanauer and Hoverson also fail as a matter of law. Plaintiffs have not alleged that Hanauer or Hoverson had actual influence over the allegedly misleading information, or actually participated in the corporation's operation. *See Herm v. Stafford*, 663 F.2d 669, 684 (6th Cir. 1981). While Plaintiffs do allege that Hoverson made two public statements after the discovery of the Provident accounting errors giving rise to the 2003 restatements, they did not allege that Hoverson had any involvement in or knowledge of the auto lease securitizations or the erroneous financial model that accounted for them. (*See*

CAC ¶ 18). The Court therefore also should dismiss Counts III and VI as against Defendant Hoverson. *Herm*, 663 F.2d at 684.

Similarly, Plaintiffs fail to allege that Hanauer participated in drafting or otherwise influenced the expertised portions of the Proxy Materials, nor that he had any involvement with or control over the contents of Provident's financial statements, the accounting methodology used by Provident, or the descriptions of Provident's securitization activity in the Proxy Materials. (*See* CAC ¶ 120). Consequently, Plaintiffs fail to state a claim against Hanauer for control person liability, at least with respect to the expertised parts of the Proxy Materials. *Herm*, 663 F.2d at 684.

### G. Four of Plaintiffs' Five State Law Claims are Preempted by SLUSA.

Defendants moved to dismiss four of Plaintiffs' five state law claims – (1) common law fraud, (2) breach of fiduciary duty, and (3 & 4) Ohio Rev. Code §§ 1707.41 and 1707.43 – on the grounds that they are barred by the preemption provision in the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 77bb(f)(1). In their opposition, Plaintiffs do not address the SLUSA argument as it applies to the common law fraud claim or to the Ohio securities law claims. By failing to oppose this argument, Plaintiffs have conceded that SLUSA preempts those three claims. *See, e.g., Daniels*, 2002 WL 484622 at *11.

Plaintiffs argue that their *breach of fiduciary duty claim* is not pre-empted for the reasons discussed in *Alessi v. Beracha*, 244 F.Supp.2d 354 (D. Del. 2003). (Opp. (doc. 281) at 78-79) Plaintiffs are wrong. *Alessi* involved the "Delaware carve-out" exceptions to SLUSA preemption. *Id.* at 357. Under the Delaware carve-out, a covered class action based on State common law is not pre-empted if it involves:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (II) any recommendation, position, or other communication with respect to the sale of securities of any issuer that --
>
> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>
> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A)(ii). Plaintiffs' breach of fiduciary duty claim -- which they brought only against the OHSL Director Defendants (CAC ¶¶ 180-182) -- does not fall within either of the Delaware exceptions.

Exception "I" does not apply because Plaintiffs' breach of fiduciary duty claim does not involve the sale of securities from the issuer (Provident) "exclusively [. . .] to holders of equity securities of the issuer." 15 U.S.C. § 78bb(f)(3)(A)(ii)(I). This case involves the sale of Provident stock to OHSL shareholders -- not to "holders of equity securities of [Provident]." *Id.*

Exception "II" does not apply because Plaintiffs' breach of fiduciary duty claim does not involve "any recommendation, position, or other communication" "made by or on behalf of the issuer [(Provident)]." 15 U.S.C. § 78bb(f)(3)(A)(ii)(II)(aa). To the contrary, Plaintiffs have brought this claim against the OHSL Director Defendants. Those Defendants did not work for Provident and did not act on its behalf. Moreover, Plaintiffs allege that the OHSL Director Defendants breached their duties to the *OHSL Shareholders*, not, as the exception requires, the "holders of equity securities of the issuer [(Provident)]." *Id.* Finally, the breach of fiduciary duty claim "concerns decisions of" *the OHSL shareholders* "with respect to voting their securities" -- not the "holders of equity securities of the issuer [(Provident)]." 15 U.S.C.

§ 78bb(f)(3)(A)(ii)(II)(bb). Plaintiffs' breach of fiduciary duty claim, like their fraud and Ohio securities law claims, must be dismissed under SLUSA.

### H. Plaintiffs' Claims Under Ohio Securities Law are Time-Barred.

Plaintiffs' Ohio securities law claims (brought for the first time on December 31, 2003), in addition to being barred by SLUSA, are also barred by the two year statutes of limitation in Ohio Rev. Code §§ 1707.41(D) and 1707.43(B). Plaintiffs do not address this argument.

### I. Plaintiffs' Common-law Fraud Claim Must Also be Dismissed for Failure to Plead Fraud with the Requisite Particularly and Show Reliance, and Also Because it is Time-Barred.

Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be pled with particularity. Plaintiffs' claim for common-law fraud must be dismissed because it fails to adequately allege scienter and reliance on the alleged misrepresentations in the Proxy Materials. (*See* Section B, *supra*) Furthermore, under Ohio law, contrary to Plaintiffs' claims, if a complaint alleging common-law fraud is predicated upon the sale of securities, the statutory limitations period, pursuant to Ohio Revised Code § 1707.43, is two years. *Ferry v. Shefchuk*, No. 2002-G-2480, 2003 Ohio App. LEXIS 2314 at *2 (Ohio App. 11 Dist. May 16, 2003). (Attached as Exhibit E). By arguing that the four year limitations period for non-securities fraud claims should apply, Plaintiffs implicitly concede that they missed the applicable two year limitations period. (*See* Opp. (doc. 281) at 75) For the reasons discussed with respect to Plaintiffs' Section 10(b)/Rule 10b-5 claim and due to the failure to comply with the statute of limitations in Revised Code § 1707.43, Plaintiffs' common-law fraud claim must be dismissed.

### J. Plaintiffs' Breach of Fiduciary Duty Claim Previously Has Been Withdrawn.

In *this* action, Thiemann agreed to strike from his original complaint "those portions of [paragraphs 56 and 62 of the original complaint] that referenced a purported breach of fiduciary duty. (Opp. to Mot. to Dismiss (doc. 21) at 16) The Court therefore struck paragraphs 56 and 62

from the original complaint "to the extent they [pled] state law claims for breach of fiduciary duty." (7/25/01 Order (doc. 46) at 26)  Now, however, Plaintiffs' counsel claims that Plaintiffs Gary and Lisa Meier should not be held to Thiemann's earlier agreement. (Opp. (doc. 281) at 78)  The law states otherwise: a plaintiff is bound by admissions contained in the pleadings. *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 828 (6th Cir. 2000).

The lead Plaintiff in *this* case, Walter Thiemann -- *while purporting to represent a putative class including Plaintiffs Gary and Lisa Meier* -- agreed to strike any allegations in this action sounding in a claim for breach of fiduciary duty. (Opp. to Mot. to Dismiss (doc. 21) at 16)  The Meiers, and the putative class are bound by the statements contained in pleadings filed by Thiemann. *Barnes*, 201 F.3d at 828. Furthermore, Plaintiffs breach of fiduciary duty claim is barred by SLUSA. (*See* Section G, *supra*)

**K.  Plaintiffs' Spoliation Claim is Barred Under Ohio Law.**

Plaintiffs' spoliation claim arises from their allegations that certain of the OHSL Directors disposed of unidentified OHSL documents in December 1999, while the State Court action was pending. Under *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, syllabus (2001), that claim should have been brought by the Plaintiff class in the State Court action.

Plaintiffs argue that because they were not the named plaintiffs in the State Court action, therefore they could not have brought the spoliation claim in that case. (Opp. (doc. 281) at 72-73)  Plaintiffs elevate form over substance. While Plaintiffs Thiemann, Gary Meier, and Lisa Meier were not named plaintiffs in the State Court action, they were members of the purported class in that case. Plaintiffs (and their counsel who is driving the litigation) should not be entitled to do an end-around the rule enunciated in *Davis* by filing a separate class action lawsuit based on the same facts with new named plaintiffs. *Cf. Sondel v. Northwest Airlines, Inc.*, 56

F.3d 934, 940 (8th Cir. 1995) (federal plaintiff class held to be in privity with state court plaintiffs in light of special relationship of certified representatives, class counsel, and class).

## III. CONCLUSION

For all the reasons discussed above, Defendants respectfully request that the Court dismiss, with prejudice, Plaintiffs' Consolidated and Amended Class Action Complaint in its entirety.

                              Respectfully submitted,

                              /s/ James H. Greer
                              David C. Greer
                              James H. Greer
                              BEISER, GREER AND LANDIS, LLP
                              400 National City Center
                              6 North Main Street
                              Dayton, Ohio 45402
                              Tel: (937) 223-3277
                              Fax: (937) 223-6333
                              Email: dcg@bgllaw.com; jhg@bgllaw.com
                              Attorneys for OHSL and Provident
                              Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS OF DEFENDANTS OHSL FINANCIAL CORPORATION, OAK HILLS SAVINGS & LOAN COMPANY, F.A., PROVIDENT FINANCIAL GROUP, INC., BRINKER, HANAUER, HILLEBRAND, HUCKE, MCKIERNAN, TENOEVER, ZOELLNER, HOVERSON, COOK, GROTE, MYERS, PEDOTO, STEGER AND CAREY was served upon the following, by electronic filing and/or ordinary U.S. mail, this 12th day of March, 2004.

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

*Attorneys for Plaintiffs*

John W. Hust
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

*Attorneys for Dinsmore Defendants*

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

*Attorney for Defendant Ernst & Young*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015

*Attorneys for KMK Defendants*

/s/ James H. Greer
_____
James H. Greer