Source: Legal > / . . . / > $ Federal & State Cases, Combined [i]
Terms: name(fidel and ak steel holding) (Edit Search)

*2002 U.S. Dist. LEXIS 18887, \*; Fed. Sec. L. Rep. (CCH) P92,000*

BERNARD **FIDEL**, et al., Plaintiffs v. **AK STEEL HOLDING** CORP., et al., Defendants

C-1-00-320 (Consolidated w/ C-1-00-349)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

2002 U.S. Dist. LEXIS 18887; Fed. Sec. L. Rep. (CCH) P92,000

September 19, 2002, Decided
September 19, 2002, Filed



**DISPOSITION:** [\*1] Defendants' motions to dismiss denied without prejudice.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants, two corporations and their officers, moved to dismiss under Fed. R. Civ. P. 12(b)(6), 9(b), plaintiff shareholders' class action alleging that defendants violated the Securities Exchange Act of 1934 and S.E.C. Rule 10b-5 by making false and misleading statements and by failing to disclose material facts.

**OVERVIEW:** The shareholders sued defendants, alleging that due to false and misleading statements and by failing to disclose material facts, the price of one corporation's stock was artificially inflated, which was then used to acquire the other corporation in a stock-for-stock exchange. On defendants' motion to dismiss for failure to state a claim, the court determined that the shareholders' allegations of misleading statements concerning the labor situation at the acquired corporation were sufficient under Fed. R. Civ. P. 9(b) and 15 U.S.C.S. § 78u-4(b)(1) because they cited documentary evidence that attributed information about the labor dispute to the corporations. Because the corporation's management voluntarily undertook to comment on the likelihood of future raw materials cost increases, it assumed a duty to provide complete and non-misleading information, and a question remained regarding whether defendants accurately conveyed that rising raw material costs could hurt rather than help the corporation. Defendants were not entitled to the "safe harbor" for forward-looking statements because evidence suggested that they may have known that certain statements were false when made.

**OUTCOME:** Defendants' motion to dismiss the shareholders' securities fraud action was denied.

**CORE TERMS:** forward-looking, earning, analyst, motion to dismiss, per share, projection, safe harbor, misleading, scienter, press release, omission, securities fraud, customer, long-term, actual knowledge, particularity, forecast, raw material, merger, plead, cautionary, double, plant, material fact, urge, disclose, facts giving rise, misstatement, motive, soft

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
**HN1** Fed. R. Civ. P. 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. When deciding a Fed. R. Civ. P. 12(b)(6) motion,

the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. If an allegation is susceptible to more than one inference, the allegation must be construed in the plaintiff's favor. Dismissal must be granted if plaintiffs can prove no set of facts in support of their claims that would permit them to recover. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Securities Law > Bases for Liability > Liability for Fraud
HN2 Allegations of securities fraud must satisfy the requirements of Fed. R. Civ. P. 9(b). Under Fed. R. Civ. P. 9(b), a plaintiff averring fraud or mistake must state with particularity the circumstances which constitute such. Courts must stay all discovery and other proceedings upon the filing of a motion to dismiss in any private action under the Securities Act of 1933 or 1934, absent compelling circumstances. 15 U.S.C.S. §§ 77z-1(b), 78u-4(b)(3)(B). More Like This Headnote

Securities Law > Bases for Liability > Civil Liability
Securities Law > Bases for Liability > Controlling Persons Liability
HN3 The Securities Act of 1933 (1933 Act) recognizes a private right of action based upon untrue statements or omissions of material fact in security registration statements. 15 U.S.C.S. § 77k. The 1933 Act also extends liability for such statements or omissions to "controlling persons," defined as including every person who, by or through stock ownership, agency or otherwise, controls any person liable under 15 U.S.C.S. § 77k. 15 U.S.C.S. § 77o. More Like This Headnote

Securities Law > Bases for Liability > Controlling Persons Liability
Securities Law > Bases for Liability > Deceptive Devices
HN4 The Securities Exchange Act of 1934 (1934 Act) further precludes the use of any manipulative or deceptive device or contrivance in connection with the purchase or sale of securities, as well as the solicitation of proxies in contravention of applicable securities rules and regulations. 15 U.S.C.S. §§ 78j(b), 78n(a). Like the Securities Act of 1933 Act, the 1934 Act imposes liability for such violations on "controlling persons." 15 U.S.C.S. § 78t(a). A plaintiff can hold individual defendants liable under a "controlling persons" theory of liability only if the defendants were controlling persons of an entity that has violated the Securities Act. If the court concludes that plaintiffs have not stated a claim that the defendant company violated the Securities Act, the court need not reach the plaintiffs' claim to "controlling person" recovery. More Like This Headnote

Securities Law > Bases for Liability > Liability for Fraud
HN5 S.E.C. Rule 10b-5 of the Rules and Regulations applicable to the Securities Exchange Act of 1934 (1934 Act) provides as follows: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5. In essence, § 10(b) of the 1934 Act and the corollary rule have the effect of prohibiting the commission of fraud in connection with the sale or purchase of securities. More Like This Headnote

Securities Law > Bases for Liability > Liability for Fraud

**HN6** In order to state a claim for relief under the Securities Exchange Act of 1934 and S.E.C. Rule 10b-5, a claimant must allege, in connection with the purchase or sale of securities, (1) the misstatement or omission of a material fact, (2) made with scienter, (3) upon which the plaintiff justifiably relied, and (4) which proximately caused the plaintiff's injury. In a case where fraud on the market is alleged, plaintiffs are presumed to have relied on the stock price established by the market.   More Like This Headnote

Securities Law > Bases for Liability > Liability for Fraud

**HN7** To satisfy the requirement of a misstatement or omission of material fact, plaintiff must allege facts showing that the defendant made an untrue statement of material fact, or failed to state a material fact necessary to make the statements not misleading. 17 C.F.R. § 240.10b-5. A statement or omission is material only if a reasonable investor would consider it important in determining whether to buy or sell stock. Whether information is material depends on the other information already available to the market. Unless the statement significantly altered the total mix of information available, it will not be considered material.   More Like This Headnote

Securities Law > Bases for Liability > Liability for Fraud

**HN8** Under the securities laws, certain types of statements are considered not to be materially misleading. Vague statements of corporate optimism as to future performance are not considered material, but rather are deemed mere "puffing." Statements considered to be mere puffing typically are forward-looking statements or generalized statements of optimism not capable of objective verification. Such vague optimistic statements are not actionable under the securities laws because reasonable investors would not rely on them in making investment decisions. In contrast, predictions which are worded as guarantees or are supported by specific factual assertions generally are not regarded as puffing. Combining puffery with accurate historical statements does not render the puffery material.   More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Securities Law > Bases for Liability > Liability for Fraud

**HN9** In general, the securities laws do not require the disclosure of "soft information." "Soft information" is defined as statements of subjective analysis or extrapolation, such as opinions, motives, and intentions, or forward-looking statements, such as projections, estimates, and forecasts. Soft information includes predictions and matters of opinion. Such information must be disclosed only if it is virtually as certain as hard facts. Statements of opinion may be actionable if the speaker knows that the opinion is untrue at the time it is expressed or if the speaker does not believe the opinion and it is not factually well-grounded. Whether a statement in fact is true or false is not an issue to be decided on a motion to dismiss.   More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Securities Law > Bases for Liability > Liability for Fraud

**HN10** Statements may be considered immaterial under the common law "bespeaks caution" doctrine. That doctrine holds that potentially material economic predictions generally are not actionable if accompanied by sufficient cautionary language. However, not every mixture with the true will neutralize the deceptive. If it would take a financial analyst to spot the tension between the one and the other, whatever is misleading will remain materially so, and liability should follow. To be sufficient, the cautionary statements must be substantive and tailored to the specific future projections or opinions alleged to be misleading. The bespeaks

caution doctrine properly may be applied in considering a motion to dismiss. More Like This Headnote

Securities Law > Bases for Liability > Misleading Statements
HN11 Before liability for non-disclosure can attach, the defendant must have violated an affirmative duty to disclose. Even when a person is not under an independent duty to provide information, he assumes a duty to provide complete and non-misleading information with respect to subjects on which he undertakes to speak. Accordingly, while a complaint that alleges mere corporate mismanagement does not state a claim under the Securities Exchange Act of 1934, several courts have recognized a securities fraud claim where the plaintiff alleges that the defendant made certain statements despite knowing that existing mismanagement made those statements false or misleading. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Securities Law > Bases for Liability > Private Securities Litigation
HN12 The Private Securities Litigation Reform Act of 1995 (PSLRA) has been enacted to address Congress's perception that Fed. R. Civ. P. 9(b) had not prevented abuse of the securities laws by private litigants. Through the PSLRA, Congress has sought to establish exacting requirements for stating a cause of action for securities fraud. In actions premised upon an alleged untrue statement or omission of a material fact, plaintiffs are required to specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation is made on information and belief, to state with particularity all facts on which that belief is formed. 15 U.S.C.S. § 78u-4(b)(1). If plaintiffs establish that the defendant made a misstatement or omission of material fact in connection with the purchase or sale of securities, plaintiffs also must establish that the defendant acted with the requisite scienter, i.e., they must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. 15 U.S.C.S. § 78u-4(b)(2). The PSLRA therefore requires a plaintiff to plead facts giving rise to a "strong inference" of scienter. If a plaintiff does not meet this requirement, the court may dismiss the complaint. 15 U.S.C.S. § 78u-4(b)(3). More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Securities Law > Bases for Liability > Private Securities Litigation
HN13 The Private Securities Litigation Reform Act of 1995 (PSLRA) does not change the scienter that a plaintiff must prove to prevail in a securities fraud case, but instead changes what a plaintiff must plead in the complaint to survive a motion to dismiss. A plaintiff may survive a motion to dismiss a securities fraud claim by pleading facts that give rise to a strong inference of recklessness, a mental state akin to conscious disregard. However, the PSLRA does change the standard of liability as to certain forward-looking statements, requiring plaintiffs to show intent or "actual knowledge" on the part of the defendant alleged to have made the misleading or untrue forward- looking statement. Thus, as to those statements, the PSLRA requires that a plaintiff plead facts giving rise to a strong inference of actual knowledge. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Securities Law > Bases for Liability > Private Securities Litigation
HN14 Plaintiffs may not plead scienter by alleging facts merely establishing that defendant had a motive and opportunity to commit securities fraud if those facts do not establish simultaneously that defendant acted with the requisite state of mind. Facts regarding motive and opportunity, however, may be relevant to

pleading circumstances from which a strong inference of fraudulent scienter may be inferred, and may, on occasion, rise to the level of creating a strong inference of reckless or knowing conduct. More Like This Headnote

Securities Law > Bases for Liability > Safe Harbor Advertising
Securities Law > Bases for Liability > Private Securities Litigation
HN15⤋ The Private Securities Litigation Reform Act of 1995 (PSLRA) creates a "safe harbor" to protect from attack "forward-looking statements" made by an issuer subject to securities reporting requirements, by an officer, director or employee of such issuer, or by an outside reviewer retained by such issuer. 15 U.S.C.S. § 78u-5(c)(1)(B). The provision applies to all such forward-looking statements except those proven to have been made with actual knowledge that the statement was false or misleading. Oral or written statements are protected under this safe harbor if (1) they are identified as forward-looking when made and are accompanied by cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement (15 U.S.C.S. § 78u-5(c)(1)(A)(I)); (2) they are immaterial (15 U.S.C.S. § 78u-5(c)(1)(A)(ii)); or (3) plaintiff cannot prove that the speaker had actual knowledge that the statement was false or misleading when made. 15 U.S.C.S. § 78u-5(c)(1)(B). More Like This Headnote

Securities Law > Bases for Liability > Safe Harbor Advertising
Securities Law > Bases for Liability > Private Securities Litigation
HN16⤋ 15 U.S.C.S. Section 78u-5(c)(1)(A) is satisfied for an oral forward-looking statement if the statement is accompanied by a cautionary statement that (i) the oral statement is a forward-looking statement, and (ii) actual results might differ materially from those projected (15 U.S.C.S. § 78u-5(c)(2)(A)), and (i) if the forward-looking statement is accompanied by an oral statement stating that additional information concerning factors that could cause actual results to materially differ from those in the forward-looking statement is contained in a readily available written document, (ii) the oral statement identifies the document, and (iii) the information in the written document is a cautionary statement that satisfies 15 U.S.C.S. § 78u-5(c)(1)(A). 15 U.S.C.S. § 78u-5(c)(2)(B). A readily available document is one filed with the Securities and Exchange Commission or generally disseminated. 15 U.S.C.S. § 78u-5(c)(3). More Like This Headnote

Securities Law > Bases for Liability > Safe Harbor Advertising
Securities Law > Bases for Liability > Private Securities Litigation
HN17⤋ 15 U.S.C.S. § 78u-5 (I)(1) identifies a forward-looking statement as any of the following: (A) a statement containing a projection of revenues, income (including income loss), earnings (including earnings loss) per share, capital expenditures, dividends, capital structure, or other financial items; (B) a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer; (C) a statement of future economic performance, including any such statement contained in a discussion and analysis of financial condition by the management or in the results of operations included pursuant to the rules and regulations of the Securities and Exchange Commission; (D) any statement of the assumptions underlying or relating to any statement described in subparagraph (A), (B), or (C); (E) any report issued by an outside reviewer retained by an issuer, to the extent that the report assesses a forward-looking statement made by the issuer; or (F) a statement containing a projection or estimate of such other items as may be specified by rule or regulation of the Commission. More Like This Headnote

Securities Law > Bases for Liability > Safe Harbor Advertising
Securities Law > Bases for Liability > Private Securities Litigation

**HN18** 15 U.S.C.S. § 78u-5(c)(1)(A) does not require a listing of all factors that could cause actual results to differ materially from those in the forward-looking statement. Failure to include the particular factor that ultimately causes the forward-looking statement not to come true will not mean that the statement is not protected by the safe harbor. In short, when an investor has been warned of risks of a significance similar to that actually realized, she is sufficiently on notice of the danger of the investment to make an intelligent decision about it according to her own preferences for risk and reward. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Securities Law > Bases for Liability > Private Securities Litigation

**HN19** As to motions to dismiss based on that safe harbor provision, the Private Securities Litigation Reform Act of 1995 directs courts to consider any statement cited in the complaint and cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant. 15 U.S.C.S. § 77z-2(e). More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
Civil Procedure > Summary Judgment > Supporting Papers & Affidavits

**HN20** Ordinarily, if matters outside the pleadings are presented to and not excluded by the court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the motion shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b). A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Fed. R. Civ. P. 10(c). Plaintiffs are not obligated thereby to attach to their complaint all documents upon which their claims are premised. Nevertheless, a defendant may introduce certain pertinent documents if the plaintiff fails to do so. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
Civil Procedure > Summary Judgment > Supporting Papers & Affidavits

**HN21** Any determination which involves consideration of defendant's evidence without allowing plaintiffs an opportunity to introduce support for their claims could be deemed erroneous. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Securities Law > Bases for Liability > Liability for Fraud

**HN22** A plaintiff averring fraud or mistake must state with particularity the circumstances which constitute such, and where allegations of material misstatements or omissions are based upon information or belief, also must state with particularity all facts on which that belief is formed. Fed. R. Civ. P. 9(b); 15 U.S.C.S. § 78u-4(b)(1). A complaint can meet that pleading requirement by providing documentary evidence and/ or a sufficient general description of the personal sources of the plaintiffs' beliefs. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
Securities Law > Bases for Liability > Safe Harbor Advertising

**HN23** Defendants may prevail on their motion to dismiss if the statements on which plaintiffs' claims are based qualify as "forward-looking," and if plaintiffs cannot prove that such statements were made with actual knowledge that they were false or misleading. 15 U.S.C.S. §§ 78u-5(c)(1)(B), § 77z-2(c)(1)(B). More Like This Headnote

Securities Law > Bases for Liability > Safe Harbor Advertising

HN24 A forward-looking statement is protected if the plaintiff fails to prove that the speaker had actual knowledge of its false or misleading nature, irrespective of whether the statement was identified as forward-looking and accompanied by meaningful cautionary statements. 15 U.S.C.S. §§ 78u-5(c)(1)(B), 77u-2(c)(1)(B)   More Like This Headnote

Securities Law > Bases for Liability > Misleading Statements

HN25 To prevail on a claim for a misstatement or omission of material fact in connection with the purchase or sale of securities, plaintiffs must establish that the defendant acted with the requisite scienter, i.e., they must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. 15 U.S.C.S. § 78u-4(b)(2). Plaintiffs bringing § 10(b) of the Securities Exchange Act of 1934 claims therefore must plead facts giving rise to a strong inference of knowing or reckless conduct in order to avoid dismissal. 15 U.S.C.S. § 78u-4(b)(3). As to certain forward-looking statements, however, plaintiffs must plead facts giving rise to a strong inference of actual knowledge.   More Like This Headnote

Securities Law > Bases for Liability > Liability for Fraud

HN26 Facts regarding motive and opportunity may be relevant to pleading circumstances from which a strong inference of fraudulent scienter may be inferred, and may, on occasion, rise to the level of creating a strong inference of reckless or knowing conduct.   More Like This Headnote

**COUNSEL:** For BERNARD FIDEL, AL SHAMS, IRONWOOD CAPITAL MANAGEMENT, plaintiffs (00-CV-320): Richard Stuart Wayne, William Kendall Flynn, Strauss & Troy, Cincinnati, OH.

For BERNARD FIDEL, plaintiff (00-CV-320): Tricia Lynn McCormick, Helen J Hodges, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA.

For BERNARD FIDEL, plaintiff (00-CV-320): Charles J Piven, Law Offices of Charles J Piven, Baltimore, MD.

For AK STEEL HOLDING CORPORATION, ARMCO INC, RICHARD M WARDROP, JR, JAMES L WAREHAM, JAMES L WAINSCOTT, JOHN G HRITZ, ALLEN BORN, BONNIE G HILL, ROBERT H JENKINS, LAWRENCE A LESER, ROBERT E NORTHAM, CYRUS TANG, JAMES A THOMSON, defendants (00-CV-320): Adam P Hall, Frost Brown Todd LLC, Cincinnati, OH.

For AK STEEL HOLDING CORPORATION, defendant (00-CV-320): Joseph S Allerhand, John A Neuwirth, Weil, Gotshal & Manges, New York, NY.

For JAMES F WILL, defendant (00-CV-320): Andrew J Dorman, William J Muniak, Janik & Dorman, Cleveland, OH.

**JUDGES:** Herman J. Weber, Senior Judge, United States District Court.

**OPINIONBY:** Herman J. Weber

**OPINION:** [*2] ORDER

This matter is before the Court upon a motion to dismiss filed on behalf of all Defendants except James F. Will n1 (Doc. 18), and upon Defendant Will's separate motion to dismiss. (Doc. 19).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Those Defendants include AK Steel Holding Corporation, Armco Inc., Richard M. Wardrop, Jr., James L. Wareham, James I. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang and James A. Thomson. (*See* Doc. 13).


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Procedural History/ The Parties' Claims

On April 19, 2000, Plaintiff Bernard Fidel filed a complaint styled as a shareholders' class action against AK Steel Holding Corporation and various officers and directors of that company [collectively, "the AK Steel Defendants"]; Armco Inc. ["Armco"]; and James F. Will, Armco's former President, Chief Executive Officer and Board of Directors Chairman. (*See* Doc. 1). By order dated June 14, 2000, this Court consolidated that action with Case No. C-1-00-349, a similar action [*3] filed by Plaintiff Al Shams. (*See* Docs. 3, 4). By order dated July 28, 2000, the Court appointed Plaintiffs Fidel and Ironwood Capital Management ["Ironwood"] as lead plaintiffs on behalf of the putative class. (*See* Doc. 11).

On August 28, 2000, the designated lead plaintiffs filed a consolidated amended complaint, asserting a class action on behalf of those who purchased or otherwise acquired AK Steel publicly-traded securities between July 15, 1999 and January 25, 2000, as well as a sub-class of those who held shares in Armco Inc. as of August 25, 1999. (*See* Doc. 13). Plaintiffs allege that Defendants made false and misleading statements or failed to disclose material facts, thereby artificially inflating the price of AK Steel stock during the class period. They further allege that Defendant AK Steel acquired Defendant Armco on September 30, 1999, in a stock-for-stock acquisition also based on AK Steel stock's artificially inflated price. Claiming that Defendants' actions violated federal securities law, Plaintiffs seek damages, interest, costs and attorneys' fees.

On October 20, 2000, the AK Steel Defendants and Armco moved to dismiss, pursuant to [*4] Fed. R. Civ. P. 12(b)(6) and 9(b) and the provisions of the Private Securities Litigation Reform Act of 1995 ["PSLRA"], 15 U.S.C.§§ 77z, 78u. (Doc. 18). Said Defendants urge that Plaintiffs have failed to demonstrate that Defendants made any material misrepresentation or omission; that Defendants' "forward-looking statements" regarding AK Steel's projected economic performance are insufficient to establish liability under the PSLRA; and that Plaintiffs have not met the requisite standard for pleading scienter under the PSLRA.

On October 23, 2000, Defendant Will filed a separate motion to dismiss on similar grounds. (Doc. 19). Noting that he is implicated only as to the third claim of the amended complaint (*see* Doc. 13, PP 99-103), Defendant Will argues that the content of the Joint Proxy Statement/ Prospectus on which that claim relies is not actionable.

Plaintiffs filed a memorandum in opposition to both motions to dismiss. (Doc. 23). They argue that the allegations of the amended complaint are sufficiently particularized to meet the standard for pleading securities fraud; that Defendants had a duty, but failed, to disclose negative information; and that Defendants' [*5] "truth on the market" defense must be resolved by the trier of fact and thus is not appropriate on a motion to dismiss. Additionally, Plaintiffs urge that Defendants' statements are protected by neither the PSLRA's "safe harbor" provision nor the "bespeaks caution" doctrine; that Defendants can be held liable for their statements to securities analysts without proof of the elements of the entanglement doctrine; and that the complaint adequately pleads scienter.

In both their opposing memorandum and a separate motion to strike (*see* Doc. 24), Plaintiffs also argue that the Court should not consider certain exhibits proffered in support of Defendants' motions to dismiss. Plaintiffs argue that two purported transcripts of conference calls between AK Steel representatives and industry analysts (*see* Doc. 18, Affidavit of David C. Horn, Exhs. 2 & 3), as well as a purported press release issued by Armco Inc. (*see id.*, Exh. 17), constitute matters outside the pleadings which are not appropriate for consideration on a motion to dismiss.

Although the Court denied the motion to strike as an inappropriate remedy (*see* Doc. 37), Plaintiffs' arguments opposing consideration of those **[*6]** exhibits at this juncture remain before the Court as to the motions to dismiss. In response, the AK Steel Defendants argue that the conference call transcripts reflect the content of the conference calls referred to in the allegations of Plaintiffs' complaint, and that the press release simply records a fact of which the Court could take judicial notice. (Doc. 27). Said Defendants also have submitted copies of the actual tape recordings of such conference calls, to address any objections regarding accuracy or authenticity. (*See* Doc. 28).

The parties' subsequent submissions (*see* Docs. 31, 32) regarding the intervening decision in *Helwig v. Vencor,* 251 F.3d 540 (6th Cir. 2001) *(en banc), cert. dismissed,* 122 S. Ct. 2616, 153 L. Ed. 2d 800 (2002), previously were accepted by the Court (*see* Doc. 34) and have been considered herein.

Standard of Review Applicable to Motions to Dismiss

**HN1** Federal Rule of Civil Procedure 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. When deciding a 12(b)(6) motion, the Court must accept all well-pleaded allegations of the complaint as **[*7]** true, *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987), and must construe them in the light most favorable to the plaintiff. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied,* 516 U.S. 1158, 134 L. Ed. 2d 189, 116 S. Ct. 1041 (1996). *See also Operation Badlaw, Inc. v. Licking Co. Gen. Health Dist. Bd. Of Health,* 866 F. Supp. 1059 (S.D. Ohio 1992), *aff'd,* 991 F.2d 796 (6th Cir. 1993). If an allegation is susceptible to more than one inference, the allegation must be construed in the plaintiff's favor. *Columbia Natural Resources,* 58 F.3d at 1109. Dismissal must be granted if plaintiffs can prove no set of facts in support of their claims that would permit them to recover. *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Carter by Carter v. Cornwell,* 983 F.2d 52, 54 (6th Cir. 1993).

**HN2** Allegations of securities fraud must satisfy the requirements of Fed. R. Civ. P. 9(b). *In re Comshare, Inc. Securities Litigation,* 183 F.3d 542, 548 (6th Cir. 1999). Under Rule 9(b), a plaintiff averring fraud or mistake must **[*8]** state with particularity the circumstances which constitute such. *Id.* Courts must stay all discovery and other proceedings upon the filing of a motion to dismiss in any private action under the Securities Act of 1933 or 1934, absent compelling circumstances. *See* 15 U.S.C. §§ 77z-1(b), 78u-4(b)(3)(B).

Law Applicable to Plaintiffs' Securities Fraud Claims

a. The Elements of Securities Fraud

**HN3** The Securities Act of 1933 ["the 1933 Act"] recognizes a private right of action based upon untrue statements or omissions of material fact in security registration statements. *See* 15 U.S.C. § 77k. The 1933 Act also extends liability for such statements or omissions to "controlling persons," defined as including "every person who, by or through stock ownership, agency or otherwise ...," controls any person liable under 15 U.S.C. § 77k. *See*

15 U.S.C. § 77o.

**HN4** The Securities Exchange Act of 1934 ["the 1934 Act"] further precludes the use of "any manipulative or deceptive device or contrivance" in connection with the purchase or sale of securities, as well as the solicitation [*9] of proxies in contravention of applicable securities rules and regulations. See 15 U.S.C. §§ 78j(b), 78n(a). Like the 1933 Act, the 1934 Act imposes liability for such violations on "controlling persons." See 15 U.S.C. § 78t(a). A plaintiff can hold individual defendants liable under a "controlling persons" theory of liability only if the defendants were "controlling persons" of an entity that has violated the Securities Act. *Comshare,* 183 F.3d at 554, n. 11 (citing *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir. 1983)). If the Court concludes that plaintiffs have not stated a claim that the defendant company violated the Securities Act, the Court need not reach the plaintiffs' claim to "controlling person" recovery.

In addition, **HN5** Rule 10b-5 of the Rules and Regulations applicable to the 1934 Act provides as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) [*10] To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. In essence, Section 10(b) of the 1934 Act and the corollary rule "have the effect of prohibiting the commission of fraud in connection with the sale or purchase of securities." *In re Sofamor Danek Gp., Inc.,* 123 F.3d 394, 400 (6th Cir. 1997), cert. denied, 523 U.S. 1106, 140 L. Ed. 2d 813, 118 S. Ct. 1675 (1998).

**HN6** In order to state a claim for relief under these sections, a claimant must allege, in connection with the purchase or sale of securities, (1) the misstatement or omission of a material fact, (2) made with scienter, (3) upon which the plaintiff justifiably relied, and (4) which proximately caused the plaintiff's injury. *Comshare,* 183 F.3d at 548. In a case where fraud on the market is alleged, plaintiffs [*11] are presumed to have relied on the stock price established by the market. *Basic Inc. v. Levinson,* 485 U.S. 224, 247, 99 L. Ed. 2d 194, 108 S. Ct. 978 (1988).

**HN7** To satisfy the requirement of a misstatement or omission of material fact, plaintiff must allege facts showing that the defendant made an untrue statement of material fact, or failed to state a material fact necessary to make the statements not misleading. 17 C.F.R. § 240.10b-5. A statement or omission is material only if a reasonable investor would consider it important in determining whether to buy or sell stock. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1119 (10th Cir. 1997) (citing *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 48 L. Ed. 2d 757, 96 S. Ct. 2126 (1976), and *Basic,* 485 U.S. at 231-32). Whether information is material depends on the other information already available to the market. Unless the statement significantly altered the total mix of information available, it will not be

considered material. *Sofamor,* 123 F.3d at 400 (*citing Levinson,* 485 U.S. at 232).

**HN8** Under the securities laws, certain types of statements are considered not to be materially **[*12]** misleading. Vague statements of corporate optimism as to future performance are not considered material, but rather are deemed mere "puffing." *Grossman,* 120 F.3d at 1119. Statements considered to be mere puffing typically are forward-looking statements or generalized statements of optimism not capable of objective verification. *Id.* Such vague optimistic statements are not actionable under the securities laws because reasonable investors would not rely on them in making investment decisions. *Id.; In re Sirrom Capital Corp. Securities Litigation,* 84 F. Supp. 2d 933, 943 (M.D. Tenn. 1999)(*citing Alfus v. Pyramid Technology Corp.,* 745 F. Supp. 1511, 1519 (N.D. Cal. 1990)). In contrast, predictions which are worded as guarantees or are supported by specific factual assertions generally are not regarded as puffing. *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.,* 940 F. Supp. 1101, 1122 (W.D. Mich. 1996). Combining puffery with accurate historical statements does not render the puffery material. *Id.*

**HN9** In general, the securities laws do not require the disclosure of "soft information." "Soft information" is **[*13]** defined as "statements of subjective analysis or extrapolation, such as opinions, motives, and intentions, or forward-looking statements, such as projections, estimates, and forecasts." *Stavroff v. Meyo,* 987 F. Supp. 987, 994 (N.D. Ohio 1995), *aff'd,* 129 F.3d 1265 (6th Cir. 1997)(*citing Craftmatic Sec. Litigation v. Kraftsow,* 890 F.2d 628, 642 (3d Cir. 1989)). Soft information includes predictions and matters of opinion. *Sofamor,* 123 F.3d at 401. Such information must be disclosed "only if [it is] virtually as certain as hard facts." *Id.* at 402. Statements of opinion may be actionable if the speaker knows that the opinion is untrue at the time it is expressed or if the speaker does not believe the opinion and it is not factually well-grounded. *Mayer v. Mylod,* 988 F.2d 635, 639 (6th Cir. 1993); *Grossman,* 120 F.3d at 1120 n.6 (*citing Virginia Bankshares, Inc. v. Sandberg,* 501 U.S. 1083, 1093-94, 115 L. Ed. 2d 929, 111 S. Ct. 2749 (1991)). Whether a statement in fact is true or false is not an issue to be decided on a motion to dismiss. *Mayer,* 988 F.2d at 639.

**HN10** Statements **[*14]** also may be considered immaterial under the common law "bespeaks caution" doctrine. That doctrine holds that potentially material economic predictions generally are not actionable if accompanied by sufficient cautionary language. *Mayer,* 988 F.2d at 639; *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037 at 1040. However, "not every mixture with the true will neutralize the deceptive. If it would take a financial analyst to spot the tension between the one and the other, whatever is misleading will remain materially so, and liability should follow." *Sandberg,* 501 U.S. at 1097. To be sufficient, the cautionary statements must be substantive and tailored to the specific future projections or opinions alleged to be misleading. *Picard Chemical,* 940 F. Supp. at 1122-23 (*citing In re Donald J. Trump Casino Sec. Litigation,* 7 F.3d 357, 371-72 (3d Cir. 1993)). The bespeaks caution doctrine properly may be applied in considering a motion to dismiss. *Grossman,* 120 F.3d at 1120 n.7 (citations omitted).

**HN11** Before liability for non-disclosure can attach, the defendant must have violated an affirmative duty to disclose. *Sofamor,* 123 F.3d at 400 **[*15]** (*citing Basic,* 485 U.S. at 239, n. 17). Even when a person is not under an independent duty to provide information, he assumes a duty to provide complete and non-misleading information with respect to subjects on which he undertakes to speak. See *Rubin v. Schottenstein, Zox & Dunn,* 143 F.3d 263, 268 (6th Cir. 1998). Accordingly, while a complaint that alleges mere corporate mismanagement does not state a claim under the Exchange Act, *Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 477, 51 L. Ed. 2d 480, 97 S. Ct. 1292 (1977), several courts have recognized a securities fraud claim where the plaintiff alleges that the defendant made certain statements despite knowing that existing mismanagement made those statements false or misleading. See *Gross v. Medaphis Corp.,* 977 F. Supp. 1463, 1473 (N.D. Ga. 1997); *In re Wells Fargo Securities Litigation,* 12 F.3d 922, 927 (9th Cir. 1993), *cert. denied,* 513

U.S. 917, 130 L. Ed. 2d 209, 115 S. Ct. 295 (1994); Shapiro v. UJB Financial Corp., 964 F.2d 272, 282 (3d Cir. 1992), cert. denied, 506 U.S. 934, 121 L. Ed. 2d 278, 113 S. Ct. 365 (1992).

b. The Private Securities Litigation Reform Act

HN12 The Private Securities Litigation Reform Act of 1995 [*16] ["the PSLRA"] was enacted to address Congress's perception that Rule 9(b) had "not prevented abuse of the securities laws by private litigants." See Comshare, 183 F.3d at 548 (citing H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 818). Through the PSLRA, Congress sought to establish exacting requirements for stating a cause of action for securities fraud. In actions premised upon an alleged untrue statement or omission of a material fact, plaintiffs are required to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation ... is made on information and belief, ... [to] state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). If plaintiffs establish that the defendant made a misstatement or omission of material fact in connection with the purchase or sale of securities, plaintiffs also must establish that the defendant acted with the requisite scienter, i.e., they must "state with particularity facts giving rise to a strong inference that the defendant acted with the required [*17] state of mind." 15 U.S.C. § 78u-4(b)(2); see also Helwig, 251 F.3d at 566. The PSLRA therefore requires a plaintiff to plead facts giving rise to a "strong inference" of scienter. Comshare, 183 F.3d at 549. If a plaintiff does not meet this requirement, the Court may dismiss the complaint. 15 U.S.C. § 78u-4(b)(3).

In Comshare, the Sixth Circuit generally noted that HN13 the PSLRA did not change the scienter that a plaintiff must prove to prevail in a securities fraud case, but instead changed what a plaintiff must plead in the complaint to survive a motion to dismiss. Comshare, 183 F.3d at 548-49. The Court concluded that a plaintiff may survive a motion to dismiss a securities fraud claim by pleading facts that give rise to a strong inference of recklessness, a mental state akin to conscious disregard. Id. at 550, 552. The Sixth Circuit acknowledged, however, that the PSLRA did change the standard of liability as to certain forward-looking statements, requiring plaintiffs to show intent or "actual knowledge" on the part of the defendant alleged to have made the misleading [*18] or untrue forward-looking statement. Id. at 549 n.5. Thus, as to those statements, the PSLRA requires that a plaintiff plead facts giving rise to a strong inference of actual knowledge. Because Comshare did not involve forward-looking statements, its determination that a plaintiff may survive a motion to dismiss a securities fraud claim by pleading facts that give rise to a strong inference of recklessness is reconcilable with the PSLRA's "actual knowledge" standard of liability for forward-looking statements as defined under the statute.

HN14 Plaintiffs may not plead scienter by alleging facts merely establishing that defendant had a motive and opportunity to commit securities fraud if those facts do not establish simultaneously that defendant acted with the requisite state of mind. Id. at 550. Facts regarding motive and opportunity, however, may be "relevant to pleading circumstances from which a strong inference of fraudulent scienter may be inferred," and "may, on occasion, rise to the level of creating a strong inference of reckless or knowing conduct." Id. at 551.

Allegations in Comshare that the individual defendants stood [*19] to receive greater compensation if the company's stock prices increased and that the individual defendants had profited by selling many of their shares at artificially inflated prices during the class period "tended to illustrate that Defendants had the motive and opportunity to commit securities fraud." Id. at 553. The Court there found that while the plaintiffs' allegations might give rise to a strong inference that the individual defendants had a motive and opportunity to commit securities fraud and could be relevant on the issue of recklessness, the allegations in that

case did not give rise to a strong inference that defendant acted with recklessness or that the errors at the heart of that case were "so obvious that any reasonable man would have known of [them]." *Id.* Further, the Court rejected the plaintiff's claim that subsequent revelation that prior statements were false implied scienter, since "mere allegations that statements in one report should have been made in earlier reports do not make out a claim of securities fraud." *Id.* at 554 (citing *Stevelman v. Alias Research, Inc.,* 174 F.3d 79, 84 (2d Cir. 1999)). The [*20] Court concluded that because plaintiffs had failed to plead facts to show that the revenue recognition errors should have been obvious to Comshare or that Comshare consciously disregarded "red flags" which would have revealed the errors prior to their inclusion in public statements, the complaint failed to allege facts giving rise to a strong inference of scienter under § 10(b) and Rule 10b-5. *Id.*

c. The "Safe Harbor" Provisions

*HN15* The PSLRA also creates a "safe harbor" to protect from attack "forward-looking statements" made by an issuer subject to securities reporting requirements, by an officer, director or employee of such issuer, or by an outside reviewer retained by such issuer. 15 U.S.C. § 78u-5(c)(1)(B). The provision applies to all such forward-looking statements except those proven to have been made with "actual knowledge ... that the statement was false or misleading." *Id.* Oral or written statements are protected under this safe harbor if (1) they are identified as forward-looking when made and are accompanied by cautionary statements identifying important factors that could cause actual results to differ materially from those in [*21] the forward-looking statement (§ 78u-5(c)(1)(A)(I)); (2) they are immaterial (§ 78u-5(c)(1)(A)(ii)); or (3) plaintiff cannot prove that the speaker had actual knowledge that the statement was false or misleading when made. § 78u-5(c)(1)(B).

*HN16* Section 78u-5(c)(1)(A) is satisfied for an oral forward-looking statement if the statement is accompanied by a cautionary statement that (i) the oral statement is a forward-looking statement, and (ii) actual results might differ materially from those projected (15 U.S.C. § 78u-5(c)(2)(A)), and (i) if the forward-looking statement is accompanied by an oral statement stating that additional information concerning factors that could cause actual results to materially differ from those in the forward-looking statement is contained in a readily available written document, (ii) the oral statement identifies the document, and (iii) the information in the written document is a cautionary statement that satisfies (1)(A). 15 U.S.C. § 78u-5(c)(2)(B). A readily available document is one filed with the Securities and Exchange Commission or generally disseminated. § 78u-5(c)(3).

[*22] *HN17* Title 15 U.S.C. § 78u-5(I)(1) identifies a forward-looking statement as any of the following:

> (A) a statement containing a projection of revenues, income (including income loss), earnings (including earnings loss) per share, capital expenditures, dividends, capital structure, or other financial items;
> (B) a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer;
> (C) a statement of future economic performance, including any such statement contained in a discussion and analysis of financial condition by the management or in the results of operations included pursuant to the rules and regulations of the Commission;
> (D) any statement of the assumptions underlying or relating to any statement described in subparagraph (A), (B), or (C);
> (E) any report issued by an outside reviewer retained by an issuer, to the extent that the report assesses a forward-looking statement made by the issuer; or
> (F) a statement containing a projection or estimate of such other items as may be specified by rule or regulation of the Commission.

HN18⭐Title 15 U.S.C. § 78u-5(c)(1)(A) does not require [*23] a listing of all factors that could cause actual results to differ materially from those in the forward-looking statement. See H.R. Conf. Rep. 104-369, at 44 (1995), reprinted at 1995 U.S.C.C.A.N. 730, 743 ("Failure to include the particular factor that ultimately causes the forward-looking statement not to come true will not mean that the statement is not protected by the safe harbor"). "In short, when an investor has been warned of risks of a significance similar to that actually realized, she is sufficiently on notice of the danger of the investment to make an intelligent decision about it according to her own preferences for risk and reward." Harris v. Ivax Corp., 182 F.3d 799, 807 (11th Cir. 1999).

HN19⭐As to motions to dismiss based on that safe harbor provision, the PSLRA directs courts to "consider any statement cited in the complaint and cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 77z-2(e).

OPINION

Analysis of Plaintiff's Securities Fraud Claims

Among the rationale offered for dismissing Plaintiffs' complaint for failure [*24] to state a claim upon which relief can be granted, Defendants include several exhibits (see Doc. 18, Affidavit of David C. Horn, Exhs. 2, 3 & 17; Doc. 28, Affidavit of Christine Pudvan, Exhs. A & B) which Defendants argue cannot properly be considered on a motion to dismiss. (See Doc. 23, pp. 8, 11 n.4; Doc. 24). As the inclusion or exclusion of those exhibits may affect the Court's determination regarding the viability of Plaintiff's securities fraud claims, we first must assess the appropriateness of considering those exhibits for the purpose proffered.

a. Whether Defendants' Proffered Exhibits Are Cognizable Evidence

HN20⭐Ordinarily, "if ... matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Plaintiffs are not obligated thereby to attach to their complaint all documents upon which their claims are premised. See Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997), [*25] citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1327, at 762 (2d ed. 1990). Nevertheless, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so." Id. (observing that "otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied").

Numerous examples exist wherein courts in this Circuit have considered documents not attached to the complaint without converting a motion to dismiss into one for summary judgment. See, e.g., Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (document central to plaintiff's claim may be considered without conversion); Butler v. Aetna U.S. Healthcare, Inc., 109 F. Supp. 2d 856 (S.D. Ohio 2000) (Rice, J.) (defendant may introduce pertinent documents for consideration on motion to dismiss if plaintiff fails to do so). One recent decision which appeared to support such an approach in the context of a securities fraud action has been vacated, however, casting doubt on the viability of that approach. See Helwig v. Vencor, Inc., 210 F.3d 612, 618 [*26] (6th Cir.) (securities fraud class action finding that conversion to summary judgment not required when considering documents referred to in complaint and central to plaintiffs' claims), vacated by 222 F.3d 268 (6th Cir.2000), rev'd en banc, 251 F.3d 540 (6th Cir. 2001), cert. dismissed, 122 S. Ct. 2616

(2002).

In *Helwig,* the district court converted a motion to dismiss into a motion for summary judgment in order to consider certain documents, then ruled in favor of defendants. *See Helwig,* 210 F.3d at 618. A panel of the Sixth Circuit originally found that such conversion without notice to the parties was error, but affirmed based on its conclusion that the complaint could have been dismissed for failure to state a claim upon which relief can be granted. *See id.* at 618-19. The full court reversed, holding that plaintiffs' complaint was sufficient to state a claim for relief. *See Helwig,* 251 F.3d at 552-53.

Although the *en banc* decision in *Helwig* does not directly address whether the motion at issue therein properly could have proceeded as a [*27] motion to dismiss despite considering documents not appended to the complaint, the opinion can be read to suggest that HN21 any determination which involves consideration of defendant's evidence without allowing plaintiffs "an opportunity to introduce support for their claims" could be deemed erroneous. *See id.* Accordingly, regardless of how closely the conference call transcripts here may be tied to the essence of these Plaintiffs' claims, the Court is reluctant to consider such transcripts without affording Plaintiffs an opportunity to respond.

As Plaintiffs aptly note (*see* Doc. 23, p. 8), other considerations also counsel against considering the challenged evidence at this time. For example, Plaintiffs have not had an opportunity to investigate through discovery the accuracy of the conference call transcripts, or the authenticity and completeness of either the transcripts or the tape recordings themselves. n2 Defendants appear to offer at least one portion of the transcripts "to prove the truth of the matter asserted," n3 a use proscribed by the hearsay exclusion. *See* Fed. R. Evid. 801(c). Additionally, the Armco press release proffered as Exhibit 17 to the Horn affidavit [*28] (*see* Doc. 13, p. 7) is not a document referred to in the complaint, and therefore is a matter outside of the pleadings, not properly before the Court on a motion to dismiss. *See* Fed. R. Civ. P. 12(b). n4

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Despite this observation, the Court currently has no reason to doubt the authenticity or completeness of the proffered exhibits.

n3 Defendants do appear to suggest that a transcript reference to one defendant stating that AK Steel typically did "not ... give [earnings per share] guidance" (*see* Doc. 18, Affidavit of David C. Horn, Exh. 3, p. 15) is evidence that Defendants in fact did not do so in this instance. (*See* Doc. 18, p. 4).

n4 The Court declines Defendants' invitation "to take judicial notice" of facts set forth in the subject Armco press release. (*See* Doc. 27, p. 2). The fact that workers were locked out at the Mansfield plant indeed is not disputed (*see* Doc. 13, PP 4, 56), so judicial notice of that fact would be superfluous. The critical issues for purposes of Plaintiffs' claim are when Defendants knew that a lock out was imminent, and whether they improperly withheld that information from the market. This Court cannot take judicial notice as to the facts relevant to those issues.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*29]

For all of the foregoing reasons, the Court will consider Defendants' motions to dismiss without reference to either the contested transcripts (*see* Doc. 18, Affidavit of David C. Horn,