Source:  Legal > /.../ > $ Federal & State Cases, Combined
Terms:  name(ferry and shefchuk)  (Edit Search)

↵Select for FOCUS™ or Delivery
☐

*2003 Ohio 2535, \*; 2003 Ohio App. LEXIS 2314, \*\**

JAMES **FERRY,** et al., Plaintiffs-Appellants, - vs - ROBERT C. **SHEFCHUK,** Defendant-Appellee.

CASE NO. 2002-G-2480

COURT OF APPEALS OF OHIO, ELEVENTH APPELLATE DISTRICT, GEAUGA COUNTY

2003 Ohio 2535; 2003 Ohio App. LEXIS 2314

May 16, 2003, Decided

**SUBSEQUENT HISTORY:** Discretionary appeal not allowed by Ferry v. Shefchuk, 100 Ohio St. 3d 1411, 2003 Ohio 4948, 796 N.E.2d 538, 2003 Ohio LEXIS 2505 (2003)

**PRIOR HISTORY:**  [\*\*1]  Civil Appeal from the Court of Common Pleas, Case No. 02 P 000362.

**DISPOSITION:** Reversed and remanded.

DEFENDANT'S EXHIBIT E

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellants, individuals and a family partnership, filed a complaint against appellee investment advisor alleging fraud. The Geauga County Court of Common Pleas (Ohio) granted the advisor's motion to dismiss, and appellants challenged the judgment.

**OVERVIEW:** Appellants argued the trial court improperly dismissed the action pursuant to Ohio Rev. Code Ann. § 1707.43, as their cause of action arose out of common law fraud, codified as Ohio Rev. Code Ann. § 2305.09. The appellate court found the advisor did not make false representations about securities, but rather, fabricated the entire existence of securities in order to gain control over appellants' monies and pocket the funds for himself. Thus, appellants' claim was one arising out of common-law fraud and not out of the blue sky provisions of Ohio Rev. Code Ann. § 1707.43. Therefore, the four-year statute of limitations governed by Ohio Rev. Code Ann. § 2305.09 for common-law fraud applied and not the two-year statute of limitations set forth in Ohio Rev. Code Ann. § 1707.43, and the trial court improperly granted the advisor's Ohio R. Civ. P. 12(B)(6) motion to dismiss. Appellants also argued their fraud complaint complied with the particularity requirements set forth in Ohio R. Civ. P. 9(B). As they properly identified the advisor, provided transaction dates, and indicated the nature and extent of the alleged fraudulent conduct, the complaint was proper.

**OUTCOME:** The judgment was reversed and remanded.

**CORE TERMS:** statute of limitations, motion to dismiss, particularity, common-law, assignment of error, sale of securities, fraudulent, two-year, investment advisor, respectfully, four-year, common law, invested, course of business, common law fraud, cause of action,

blue sky, own use, fictitious, pretended, purchaser, converted, affirmative defense, reinsurance, complied, invest

## LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Civil Procedure > Appeals > Standards of Review > De Novo Review
**HN1** An appellate court reviews a motion to dismiss de novo. Dismissal of a claim pursuant to Ohio R. Civ. P. 12(B)(6) is appropriate only where it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The trial court must review the complaint and presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party.  More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
**HN2** The affirmative defense of statute of limitations is generally not properly raised in an Ohio R. Civ. P. 12(B)(6) motion, as it usually requires reference to materials outside the complaint. Only when it is apparent from the face of the complaint, may such an affirmative defense be raised in an Ohio R. Civ. P. 12(B)(6) motion. The complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable.  More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
Securities Law > Bases for Liability > Liability for Fraud
Torts > Business & Employment Torts > Deceit & Fraud
**HN3** Ohio Rev. Code Ann. § 2305.09 includes a four-year statute of limitations for claims of common-law fraud. In actions alleging the fraudulent sale of securities, Ohio Rev. Code Ann. § 1707.43 applies.  More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
Securities Law > Bases for Liability > Liability for Fraud
**HN4** See Ohio Rev. Code Ann. § 1707.43.

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
Securities Law > Bases for Liability > Liability for Fraud
Torts > Business & Employment Torts > Deceit & Fraud
**HN5** Pursuant to Ohio Rev. Code Ann. § 1707.43, if a complaint alleging common-law fraud is predicated upon the sale of securities, the applicable statute of limitations is two years, and not four years as set forth in Ohio Rev. Code Ann. 2305.09.  More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Torts > Business & Employment Torts > Deceit & Fraud
**HN6** A complaint alleging fraud must state the specific circumstances surrounding the alleged fraud with particularity. In order to meet the particularity requirements of Ohio R. Civ. P. 9(B), the complaint must specify the false statements, the time and place where the statements were made, and identify the defendant who made the statements.  More Like This Headnote

**COUNSEL:** Abraham Cantor, Concord, OH (For Plaintiffs-Appellants).

Daniel F. Gourash, Robert D. Anderle, and Howard G. Strain, Cleveland, OH (For Defendant-Appellee).

**JUDGES:** WILLIAM M. O'NEILL, J. DIANE V. GRENDELL, J., concurs. JUDITH A. CHRISTLEY, J., dissents with dissenting opinion.

**OPINIONBY:** WILLIAM M. O'NEILL

**OPINION:** WILLIAM M. O'NEILL, J.

[*P1] This accelerated appeal arises from the Geauga County Court of Common Pleas wherein, James Ferry, Thelma Ferry, Dennis Stone, Karen Stone, and the Stone Family Partnership, Ltd., (collectively known as appellants), filed a complaint on April 4, 2002, against appellee, Robert C. Shefchuk, alleging fraud.

[*P2] In early 1988, appellants began consulting with appellee regarding investment advice. Appellee urged appellants to invest in a reinsurance company named R & G Associates. From 1988 until May 1998, appellants had an ongoing business relationship with appellee, which included monies invested in R & G Associates. Appellee would regularly present appellants with documents reflecting their investments with R & G Associates.

[*P3] On May 15, 1998, appellants [**2] learned that appellee had been providing them with false documents regarding their alleged investments with R & G Associates. Appellants eventually learned that appellee had not invested any of their funds and that R & G Associates did not exist as an Ohio corporation.

[*P4] Appellants originally filed suit in federal court for federal securities fraud. n1 Appellants subsequently filed a voluntary motion to dismiss the federal case without prejudice, concluding that a state law claim was more appropriate. The district court granted appellants' motion to dismiss in August 1999. Appellants subsequently filed this suit on April 4, 2002, alleging fraud and conversion under common law.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 *Ferry v. Money Concepts Capital Corp.* (N.D. Ohio, 1999), case No. 1:99CV1141.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*P5] Appellee filed a Civ.R. 12(B)(6) motion to dismiss on June 28, 2002, contending that R.C. 1707.43, not common law fraud, was the applicable law and, as such, appellants' claim was barred by a two-year statute of limitations pursuant [**3] to R.C. 1707.43. Appellee argued in the alternative that appellants failed to plead fraud with the required particularity. Appellants filed a brief in opposition to the motion dismiss on August 5, 2002. The trial court granted appellee's motion to dismiss on September 17, 2002, holding that "R.C. 1707.43 acts as a complete bar to plaintiffs' complaint."

[*P6] Appellants then filed this timely appeal, citing two assignments of error.

[*P7] Appellants' first assignment of error is:

[*P8] "The trial court committed prejudicial error in applying the two year statute of limitations of R.C. 1707.43 to bar plaintiffs' claims when plaintiffs' cause of action arose at common law, and not under R.C. Chapter 1707."

HN1 [*P9] An appellate court reviews a motion to dismiss de novo. n2 Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. n3 The trial court must review the complaint and presume all factual allegations contained in the complaint to be true and make all reasonable [**4] inferences in favor of the nonmoving party. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981.

n3 *In Defense of Deer v. Cleveland Metroparks* (2000), 138 Ohio App.3d 153, 160, 740 N.E.2d 714, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.

n4 *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

HN2 [*P10] The affirmative defense of statute of limitations is generally not properly raised in a Civ.R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint. n5 Only when it is apparent from the face of the complaint, may such an affirmative defense be raised in a Civ.R. 12(B)(6) motion. n6 The complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable. n7

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 518, 620 N.E.2d 152. [**5]

n6 (Citation omitted.) *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 241, 2000 Ohio 2593, 743 N.E.2d 484.

n7 Id.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*P11] Appellants argue in the first assignment of error that the trial court improperly dismissed the action pursuant to R.C. 1707.43, as their cause of action arises out of common law fraud, codified as R.C. 2305.09.

[*P12] R.C. 2305.09 HN3 includes a four-year statute of limitations for claims of common-law fraud. In actions alleging the fraudulent sale of securities, R.C. 1707.43 applies.

[*P13] R.C. 1707.43 HN4 reads, in pertinent part:

[*P14] "No action for the recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of the sale or contract for sale made in violation of Chapter 1707. of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years [**6] from the date of such sale or contract for sale, whichever is the shorter period."

[*P15] Thus, HN5 pursuant to R.C. 1707.43, if a complaint alleging common-law fraud is predicated upon the sale of securities, the applicable statute of limitations is two years, and not four years as set forth in R.C. 2305.09. n8

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 Ferritto v. Alejandro (2000), 139 Ohio App.3d 363, 743 N.E.2d 978.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*P16] In order to determine whether R.C. 1707.43 applies, we must look to the actual nature of the case rather than the form in which it is pleaded. n9 Appellants' complaint stated a cause of action for common-law fraud, not a claim for redress pursuant to R.C. 1707.43. Appellants complaint alleges that appellee informed them that they were investing in R & G Associates, a reinsurance company. The complaint further alleges that those statements were knowingly false, misleading, and made to induce appellants into giving appellee [**7] funds, which were never invested in any securities, but rather, converted by appellee for his own use. Nowhere in the complaint do appellants allege that any securities existed, as defined by R.C. 1707.43.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n9 Lawyers Coop. Pub. Co. v. Muething (1992), 65 Ohio St. 3d 273, 603 N.E.2d 969.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*P17] In Ferritto v. Alejandro, 139 Ohio App. 3d 363, 743 N.E.2d 978, the Ninth District held that the two-year statute of limitations of R.C. 1707.43 does not apply when the action arises out of common-law fraud. n10 In Ferritto, an investment advisor purchased investments for less than the amount of funds that the Ferrittos had given him to purchase the investments and kept the remaining funds for himself. In that case, there was, at least, a purchase of securities, albeit not in the amount requested by the purchasers.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n10 Ferritto v. Alejandro, 139 Ohio App.3d 363, 743 N.E.2d 978.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - [**8]

[*P18] In the instant case, appellee claimed to be making regular purchases of securities and continued to supply appellants with documentation claiming such purchases had been

Get a Document - by Party Name - Ferry AND Shefchuk
Case 1:00-cv-00793-SSB-TSH    Document 298-9    Filed 03/12/2004    Page 6 of 8
Page 6 of 8

made. However, there was never any purchase of any securities, an even more compelling fact than was at issue in *Ferritto*.

[*P19] The Sixth Circuit Court of Appeals has also addressed this issue:

[*P20] "'(W)e do not agree that the two year limitation period in § 1707.43 was intended to apply to *all* cases of securities law fraud, including those based solely upon the common law of fraud. *** It applies to cases where the plaintiff claims his recovery is "based upon" or "arise(s) out of "a violation of the blue sky provisions(.)'" n11

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 (Emphasis sic.) *Ferritto, at 368*, quoting *Nickels v Koehler Mgt. Corp. (C.A.6, 1976), 541 F.2d 611, 616*.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*P21] In the instant case, appellee did not make false representations about the securities, but rather, fabricated the entire existence of securities in order to gain control over appellants' [**9] monies and pocket the funds for himself. Thus, appellants' claim is one that arises out of common-law fraud and not out of the blue sky provisions of R.C. 1707.43.

[*P22] Therefore, the four-year statute of limitations governed by R.C. 2305.09 for common-law fraud apply in the instant case and not the two-year statute of limitations set forth in R.C. 1707.43. Thus, the trial court improperly granted appellee's Civ.R. 12(B)(6) motion to dismiss.

[*P23] Appellants' first assignment of error is well taken.

[*P24] Appellants' second assignment of error is:

[*P25] "Plaintiffs complied with Rule 9(B) of the Ohio Rules of Civil Procedure in sufficiently pleading fraud with specificity in their complaint."

[*P26] Appellants argue that their complaint alleging fraud complied with the particularity requirements set forth in Civ.R. 9(B). Appellee's motion to dismiss argued in the alternative that the pleading was insufficient. In its judgment entry, the trial court held that appellee's motion to dismiss was granted based upon the statute of limitations provisions of R.C. 1707.43, and did not address whether the complaint [**10] was pled with sufficient particularity.

HN6 [*P27] A complaint alleging fraud must state the specific circumstances surrounding the alleged fraud with particularity. n12 In order to meet the particularity requirements of Civ.R. 9(B), the complaint must specify the false statements, the time and place where the statements were made, and identify the defendant who made the statements. n13

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n12 See Civ.R. 9(B).

n13 *Argyle Prods., Inc. v. Ticketmaster-Indiana* (Dec. 17, 1999), 11th Dist. No. 98-T-0154,

1999 Ohio App. LEXIS 6098, *4.

**[*P28]** A review of the complaint in the instant case reveals that appellants properly identified the appellee, provided transaction dates, and indicated the nature and extent of the alleged fraudulent conduct. We, therefore, conclude that appellants properly conformed with the particularity requirements of Civ.R. 9(B).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[*P29]** Appellants' second assignment of error is with merit.

**[*P30]** Based on our analysis of the first assignment of error, the judgment of the trial court is reversed, and **[**11]** the cause is remanded to the trial court for further proceedings consistent with this opinion.

DIANE V. GRENDELL, J., concurs.

JUDITH A. CHRISTLEY, J., dissents with dissenting opinion.

**DISSENTBY:** JUDITH A. CHRISTLEY

**DISSENT:**

JUDITH A. CHRISTLEY, J., dissenting.

**[*P31]** I respectfully dissent from the majority's judgment and opinion. The majority holds that the four-year statute of limitations per R.C. 2305.09, rather than the two-year statute of limitations per R.C. 1707.43, is applicable to the case at bar. In reaching this result, the majority concludes that because no securities were actually purchased or sold, appellants' recovery, if any, is not based upon a violation of R.C. Chapter 1707. For the reasons that follow, I respectfully disagree.

**[*P32]** R.C. 1707.01(J) defines "fraud," "fraudulent," "fraudulent acts," "fraudulent practices," or "fraudulent transactions," as "anything recognized *** as such in courts of law or equity; any device, scheme, or artifice to defraud or to obtain money or property by means of any false pretense, representation, or promise; *any fictitious or pretended purchase or sale of securities* **[**12]** ; and any act, practice, transaction, or course of business relating to the purchase or sale of securities that is fraudulent or that has operated or would operate as a fraud upon the seller or purchaser." (Emphasis added.) When read in conjunction with R.C. 1707.44(M)(1)(b), which provides that no investment advisor or investment advisor representative shall "engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person[,]" it is obvious that the General Assembly intended to include the type of conduct at issue in this case under Ohio's Blue Sky Law.

**[*P33]** The fact that no securities actually existed here is irrelevant to the question of whether appellee violated R.C. Chapter 1707. Rather, by persuading appellants to give him money to invest in nonexistent securities, which money he then converted for his own use, appellee clearly engaged in the "fictitious or pretended purchase or sale of securities[.]" The majority's reliance on *Ferritto* is misplaced as I would respectfully suggest that *Ferritto* is bad law for the reasons stated in this dissent.

**[*P34]** It is evident in the instant matter that appellants' **[**13]** claims are either based upon or arose out of a violation of Ohio's Blue Sky Law. Therefore, I would affirm the judgment of the trial court because appellants did not file their complaint within the

applicable two-year statute of limitations.

Source: Legal > / . . . / > $ Federal & State Cases, Combined
Terms: name(ferry and shefchuk) (Edit Search)
View: Full
Date/Time: Friday, March 12, 2004 - 1:01 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
△ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.