UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN,** *et al.*, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | **(Judge Sandra S. Beckwith)** |
| | ) | **(Magistrate Judge Timothy S. Hogan)** |
| -v- | ) | |
| | ) | |
| **OHSL FINANCIAL CORPORATION,** | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT PROVIDENT FINANCIAL GROUP, INC.'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 11 "RESTATEMENT CLAIM" AND IN SUPPORT OF ITS RULE 56(F) MOTION FOR AN EXTENSION OF TIME**

**I.   PLAINTIFFS' RESTATEMENT CLAIM IS TIME-BARRED UNDER THE THREE-YEAR STATUTE OF REPOSE.**

Plaintiffs do not dispute that they filed their Section 11 Restatement Claim more than three years after the OHSL-Provident merger. Instead, they claim that their Restatement Claim should not be barred by the three-year statute of repose in 15 U.S.C. § 77m for two reasons: 1) Because it can be related back to Plaintiffs' original Section 11 claims under Fed. R. Civ. P. 15(c); and 2) because the statute of repose was tolled. Both arguments fail as a matter of law.

   **A.   Plaintiffs' Claim Does Not Relate Back Under Rule 15(c).**

Fed. R. Civ. P. 15(c) states that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Courts have interpreted this rule to mean that "[a]n amendment will not relate back if it set forth a new set of operational facts; it can only make more specific what has already been alleged." *Pruiss v. Bosse*, 912 F.Supp. 104, 106 (S.D.N.Y. 1996). "[W]hen new or

distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985).

Plaintiffs' amended complaint clearly asserts new conduct as a ground for recovery. In their amended complaint, Plaintiffs, for the first time, allege that Provident misstated its financial results in the Proxy Materials. This claim is premised upon the complex accounting principles applicable to and the accounting treatment of Provident's auto lease securitization transactions from 1994-2002, which has never been even tangentially involved in this case or the parties' discovery. Before they amended their complaint, Plaintiffs alleged three completely distinct factual bases for recovery: 1) Provident allegedly misled investors in its discussion of Risk Factors by failing to disclose the extent to which Provident relied on securitization of loans to generate corporate profits, or the nature of the risks involved with the activity; 2) Defendants concealed Herron's resignation; and 3) Defendants misstated that the OHSL Board unanimously approved the merger.

The only connection the newly alleged conduct has to the previously alleged conduct is that Plaintiffs contend that both appeared in the same Proxy Materials. *See* Plaintiffs' Reply at p. 5 (arguing that the "restatement claim flowed from the same Proxy Material/Registration Statement, or the same transaction or occurrence from which Plaintiffs' earlier claim of material misstatement originated"). Clearly, however, the nature and focus of this case to date has no connection whatsoever to the financial model which caused the inadvertent accounting error, the history of these auto lease securitization transactions, or the complex accounting issues on which two different accounting firms disagreed.

Indeed, the fact that Plaintiffs have moved for summary judgment only on the newly alleged conduct underscores that this is a separate claim, not one that "simply set[s] forth more fully the same matter alleged in the original complaint." *Liebowitz v. Elsevier Science Ltd.*, 927 F.Supp. 688, 706 (S.D.N.Y. 1996) (no relation back where "the wrong suffered and the conduct causing the wrong do not appear in the original complaint and the third amended complaint does not simply set forth more fully the same matter alleged in the original complaint"). *See, e.g.*, *Bank Brussels Lambert v. The Chase Manhattan Bank*, 1999 WL 672302, \*6 (S.D.N.Y. 1999) (separate misrepresentations are separate operative facts for the purposes of Rule 15(c)); *In re Herrera*, 36 B.R. 693, 695 (Bankr. D. Colo. 1984) (disallowing relation back where allegations of fraud in amended complaint were based on "different statements and conduct" of Defendants than allegations of fraud in original complaint); *Holdridge v. Heyer-Schulte Corp.*, 440 F.Supp. 1088, 1094 (N.D.N.Y. 1977) (original complaint alleged defective prosthesis implanted in plaintiff's right breast; proposed allegations concerning other prosthetic devices implanted in plaintiff's body do not relate back); *Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F.Supp. 234, 250 (N.D. Ill. 1974) (alleged infringement of one patent related to a drinking cup is not part of the same conduct, transaction or occurrence as the alleged infringement of another patent related to the cup). Because Plaintiffs' Restatement Section 11 Claim is an entirely new claim, based on a new set of operative facts, it does not relate back under Rule 15(c).

Even if Plaintiffs are correct that the Restatement Claim falls within the scope of Rule 15(c), which Provident denies, their argument still fails because Rule 15(c) cannot be used to avoid the application of a statute of repose. When a statute of repose expires, a Federal Court is divested of its jurisdiction to hear a claim. *See, e.g.*, *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (holding that 15 U.S.C. § 1635(f) "is a statute of repose, depriving the

courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); *May v. Illinois National Ins. Co.*, 190 F.3d 1200, 1206 (11th Cir. 1999) (describing statute of repose as a "jurisdictional statute[]").

A Federal Rule of Civil Procedure, such as Rule 15(c), "may not be used to extend federal jurisdiction" where it no longer exists. *Miguel*, 309 F.3d at 1165; *see also* 28 U.S.C. § 2702(b) (Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right"); Fed R. Civ. R. 82 (F.R.C.P. "shall not be construed to extend or limit the jurisdiction of the United States district courts . . . "); *USM Corp. v. GKN Fasteners Ltd.*, 578 F.2d 21, 22 (1st Cir. 1978) ("Rule 15 is not to be viewed as enlarging or restricting federal jurisdiction. The doctrine of relating back in time to the original pleadings does not affect the jurisdiction of the district court here in any manner"); *Resolution Trust Corp. v. Olson*, 768 F.Supp. 283, 285 (D. Ariz. 1991) (holding that Rule 15 does not apply to a statute of repose because it "defines substantive rights rather than merely limiting procedural remedies").

For all these reasons, Plaintiffs cannot use Rule 15(c) to avoid the three-year statute of repose.

### B. The Statute Of Repose Is Not Tolled.

Plaintiffs' contention that the three-year statute of repose can be equitably tolled because Provident "fraudulently concealed its true financial statements until . . . March 5, 2003," (Plaintiffs' Reply at pp. 9-10), completely ignores *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350 (1991), in which the United States Supreme Court held: **"Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that [equitable] tolling principles do not apply to that period."** *Id.* at 363 (emphasis added).

Plaintiffs also contend that the three-year statute of repose can be legally (as opposed to equitably) tolled under the principles of *American Pipe & Const. Co v. Utah*, 414 U.S. 538 (1974). (*See* Plaintiffs' Reply at pp. 7-9) *American Pipe* is completely inapposite. In *American Pipe*, the Supreme Court held that the commencement of a class action suit "tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id*. at 553. The Supreme Court expanded that rule to include putative class members who later seek to file independent actions. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983).

Here, Provident does not argue that an individual plaintiff is time-barred from bringing a claim *that was previously timely made* by a putative class of which the individual plaintiff was a member. Instead, Provident claims that no one – not the individual Plaintiffs or the putative class – timely made the Section 11 Restatement Claim. The *American Pipe* tolling doctrine is irrelevant to this case.

For all these reasons, this Court should grant Provident summary judgment on Plaintiffs' Section 11 Restatement Claim.

## II.     THE RESTATED FINANCIALS WERE NOT MATERIAL TO THE PROVIDENT-OHSL MERGER.

In his affidavit, Provident Senior Vice President Tayfun Tuzun testified that had Provident's net income been accurately stated prior to the merger, Provident's share price would have been at a maximum $3.01 per share lower. A decrease in share price of $3.01 would not have been material to a reasonable investor at the time of the OHSL-Provident merger because Provident's stock regularly fluctuated by $3.00 per share during that period.

Plaintiffs and their ever-expanding stable of purported experts respond by criticizing Mr. Tuzun's objectivity, accusing him of wrongdoing, and impugning his credentials.[1]  They do not, however, give this Court any reason to believe that his math is wrong.  Because correcting the errors would have affected Provident's per share price in an amount within the average price fluctuation, the errors were not material.

### III. AT THE LEAST, PROVIDENT IS ENTITLED TO ADDITIONAL TIME UNDER RULE 56(F) TO CONDUCT DISCOVERY ON THE ISSUE OF MATERIALITY.

To the extent the Court does not grant Provident's cross-motion for summary judgment, or deny Plaintiffs' motion for summary judgment, Provident has asked this Court for additional time to retain an expert on the issue of the materiality of the Restatements.  Provident's counsel is in the process of engaging such an expert.

Plaintiffs oppose Provident's request on the grounds that Provident "should have known that it would need to retain an independent expert on restatements when the Plaintiffs originally filed this action, [or], at the very least, . . . no later than March 5, 2003."  (Plaintiffs' Reply at p. 17)  Plaintiffs cannot be serious.  The Restatements were not a part of this litigation until Plaintiffs filed their Amended Complaint on December 31, 2003.  Three weeks later, Plaintiffs filed their summary judgment motion on the Section 11 Restatement Claim.  Provident is not required to hire experts in anticipation of lawsuits – especially lawsuits that, if brought, are time-barred.

Provident respectfully requests that the Court grant it additional time to retain an expert to testify on the newly added issue of the materiality of the Restatements.

---

[1] Provident will respond separately to Plaintiffs' Motion to Strike Mr. Tuzun's affidavit, and it incorporates that discussion herein by reference.

- 7 -

        Respectfully submitted,

        /s/ James H. Greer
        David C. Greer
        James H. Greer
        BEISER, GREER AND LANDIS, LLP
        400 National City Center
        6 North Main Street
        Dayton, Ohio 45402
        Tel: (937) 223-3277
        Fax: (937) 223-6333
        Email: dcg@bgllaw.com; jhg@bgllaw.com
        Attorneys for OHSL and Provident
        Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing defendant PROVIDENT FINANCIAL GROUP, INC.'S reply brief in support of its cross-motion for summary judgment on Plaintiffs' section 11 "Restatement claim" AND IN SUPPORT OF ITS RULE 56(F) MOTION FOR AN EXTENSION OF TIME was served upon the following, by ordinary U.S. mail, this 15th day of March, 2004.

| | |
|---|---|
| Michael G. Brautigam<br>Gene I. Mesh<br>Gene Mesh & Associates<br>2605 Burnet Avenue<br>Cincinnati, Ohio 45219-2502<br><br>*Attorneys for Plaintiffs* | John W. Hust<br>Michael E. Maundrell<br>Schroeder, Maundrell, Barbiere & Powers<br>11935 Mason Road, Suite 110<br>Cincinnati, Ohio 45249<br><br>*Attorneys for Dinsmore Defendants*<br><br>James E. Gauch<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br><br>*Attorney for Defendant Ernst & Young*<br><br>Michael R. Barrett<br>Thomas W. Breidenstein<br>Barrett & Weber<br>500 Fourth & Walnut Centre<br>105 East Fourth Street<br>Cincinnati, Ohio 45202-4015<br><br>*Attorneys for KMK Defendants*<br><br>/s/ James H. Greer<br>James H. Greer |

1201608.1