IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Walter W. Thiemann, et al.,** | Case No. C-1-00-793 |
| Plaintiffs, | Judge:  Sandra S. Beckwith |
| v. | Magistrate:  Timothy S. Hogan |
| **OHSL Financial Corp., et al.,** | |
| Defendants. | |

**DEFENDANT ERNST & YOUNG'S MOTION TO QUASH AND
FOR PROTECTIVE ORDER**

Defendant Ernst & Young ("E&Y") hereby moves, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) to quash plaintiffs' subpoena served on Tayfun Tuzun, Vice President of Provident Financial Group, Inc., and, pursuant to Fed. R. Civ. P. 26(c), for a protective order mandating that Mr. Tuzun's deposition may not be taken until the discovery stay as to E&Y is lifted.

The grounds for this Motion are set forth in the accompanying Memorandum in Support.

Dated: March 19, 2004                              Respectfully submitted,


                                                   s/ Mary-Helen Perry
                                                   James E. Gauch
                                                   Mary-Helen Perry
                                                   Heather Guilette Walser
                                                   Cheryl E. Forchilli
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, DC  20001-2113
                                                   Telephone:  (202) 879-3939
                                                   Facsimile:   (202) 626-1700

                                                   Counsel for Defendant
                                                   ERNST & YOUNG

CERTIFICATE PURSUANT TO L.R. 37.2

Plaintiffs and E&Y attempted to resolve this discovery dispute, but were unsuccessful in their efforts. Counsel to E&Y offered to join plaintiffs, along with the Provident defendants, in asking the Court to defer its consideration of the motions for summary judgment until after E&Y's motion to dismiss is decided, thus deferring plaintiffs' stated need to take Mr. Tuzun's deposition. *See* Letter to M. Brautigam from M.H. Perry, March 12, 2004 (Ex. 4 to E&Y's Memorandum in Support). E&Y further proposed a stipulated protective order, limiting Mr. Tuzun's deposition to matters that do not relate to plaintiffs' claims against E&Y. *See* e-mail thread between M. Brautigam and M.H. Perry, March 16, 2004 (Ex. 2 to E&Y's Memorandum in Support). Plaintiffs rejected both of these proposals, forcing E&Y to seek judicial relief to enforce the stay of discovery that is currently in place.

Dated: March 19, 2004

                                                        s/ Mary-Helen Perry
                                                        Mary-Helen Perry

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Walter W. Thiemann, et al.,** | Case No. C-1-00-793 |
| **Plaintiffs,** | Judge:  Sandra S. Beckwith |
| v. | Magistrate:  Timothy S. Hogan |
| **OHSL Financial Corp., et al.,** | |
| **Defendants.** | |

**DEFENDANT ERNST & YOUNG'S MEMORANDUM IN
SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE
ORDER**

Defendant Ernst & Young ("E&Y") hereby requests that this Court enforce the stay of discovery mandated by the Private Securities Litigation Reform Act ("PSLRA") and recognized by this Court's November 18, 2003 Scheduling Order ("Scheduling Order") (Doc. 221).  E&Y moves, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), to quash plaintiffs' subpoena served on Tayfun Tuzun, Vice President of Provident Financial Group, Inc. and, pursuant to Fed. R. Civ. P. 26(c), for a protective order mandating that Mr. Tuzun's deposition may not be taken until the discovery stay as to E&Y is lifted.  In the alternative, E&Y respectfully requests that the Court enter a protective order limiting the Tuzun deposition to matters that are unrelated to the allegations against E&Y, including Provident's accounting policies and the restatements of its financial statements.

Plaintiffs' claims cast E&Y, Provident's long-time independent auditor, as a key participant in a purported scheme to defraud former OHSL shareholders with falsified accounting and misleading financial statements.  Plaintiffs have confirmed that these accounting

procedures and the restatements of Provident's financials are the intended topic of the Tuzun deposition. The Tuzun deposition plainly "relates to the claims against newly added part[y] . . . Ernst & Young" (Scheduling Order (Doc. 221) at 2) and is subject to the discovery stay imposed by both the PSLRA and the Scheduling Order.[1]

Plaintiffs contend that they need to take Mr. Tuzun's deposition because he has submitted an affidavit in opposition to their Motion for Partial Summary Judgment (Doc. 249), which was filed on January 22, 2004. The Scheduling Order, however, provides ample time after the resolution of E&Y's motion to dismiss for both fact and expert discovery to take place before December 31, 2004 -- the deadline for filing dispositive motions. Plaintiffs' circumstances are, therefore, of their own making. Having elected to file a motion for partial summary judgment nearly a year before the deadline, at a time during which discovery as to new claims and new parties is not permitted, plaintiffs cannot now use that motion (or affidavits submitted in opposition) to justify circumventing the stay.

## BACKGROUND

In opposition to plaintiffs' Motion for Partial Summary Judgment, the Provident defendants offered the affidavit of Tayfun Tuzun, Vice President of Provident Financial Group, Inc. Ex. 2 to Doc. 269 (hereafter "Tuzun Aff.").[2] Although plaintiffs have moved to strike Mr. Tuzun's affidavit as improper expert testimony (*see* Doc. 280), and briefing on plaintiffs' summary judgment motion was completed as of March 15, 2004, plaintiffs insist that they must now probe Mr. Tuzun's sworn statements.

---

[1] The Scheduling Order was not the first time that this Court held that the PSLRA's automatic stay of discovery applied to E&Y. In an earlier ruling, the Court denied Plaintiffs' attempt to obtain third-party discovery from E&Y on the grounds that to do so would "simply thwart[] the congressional purpose behind the Reform Act." Order Denying Plaintiffs' Motion to Compel (June 10, 2003) (Doc. 169) at 1 (citing *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000)).

[2] Copies of the Tuzun Affidavit and the Supplemental Tuzun Affidavit are attached as Composite Ex. 1.

In March and April 2003, Provident restated its financial statements covering a number of years. The restatements are central to many of plaintiffs' claims, and Mr. Tuzun's affidavit deals with them at length. The affidavit also explains the circumstances that led to the restatements, including E&Y's involvement. *See* Tuzun Aff. at ¶¶ 3-4. Plaintiffs intend to examine Mr. Tuzun about "how the 2003 restatements affected the 1999 financials, (and beyond) and how the OHSL shareholders were both fraudulently induced to approve the merger and also damaged by [P]rovident's improper accounting." E-mail thread between M. Brautigam and M.H. Perry, March 16, 2004 (attached as Ex. 2).

## ARGUMENT

The discovery stay imposed by the Scheduling Order is in accord with the PSLRA, which requires that "all discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The PSLRA permits discovery to go forward prior to the resolution of motions to dismiss only upon a showing of a particularized need or undue prejudice. *Id.*; *see also In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1273 n.1 (D. Minn. 1997) (observing legislative intent that that relief from PSLRA stay should be restricted to the need to preserve evidence). Although the Court has allowed some discovery to go forward, especially the depositions of elderly OHSL witnesses, it should not allow this discovery that will -- as plaintiffs admit -- go to the heart of their claims against E&Y. The Court has the authority to tailor the discovery that is taken in this case so as to balance the policies embodied by the PSLRA with plaintiffs' interests in pursuing those claims that have been deemed viable. *See In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass 2002) (holding that "[t]he Court retains ample discretion to tailor discovery to minimize incidental costs incurred by defendants with pending motions to dismiss.") (citing Fed.

R. Civ. P. 26(b)(2)). E&Y respectfully suggests that the Court should exercise its discretion to quash the Tuzun subpoena, and enter a protective order to the effect that neither the Tuzun deposition, nor any discovery relating to claims against E&Y, should be had until the Court lifts the stay.

  A. **The Subject Matter of the Tuzun Subpoena Relates to Claims against E&Y.**

One needs to read no more than the lurid headings of its table of contents to confirm that the complaint's allegations against E&Y center on (i) Provident's use of allegedly fraudulent accounting methodologies, and (ii) the resulting restatement of Provident's financials. *See, e.g.* Consolidated Amended Class Action Complaint ("CAC") (Doc. 234) at ii (heralding E&Y's involvement as follows: "The March 5, 2003 and April 15, 2003 Restatements: Ernst & Young's Role In 'Off the Books' Accounting Systems").[3] It is also beyond dispute that Mr. Tuzun's affidavit relates to the restatements and E&Y's role in the underlying circumstances. *See* Tuzun Aff. ¶¶ 3-4. Plaintiffs' counsel has confirmed his intention to explore these matters with Mr. Tuzun at deposition. *See* E-mail thread between M. Brautigam and M.H. Perry, March 16, 2004 (attached as Ex. 2). The Tuzun subpoena plainly seeks information that lies at the core of plaintiffs' claims against E&Y. As such, it is subject to the stay imposed by the Scheduling Order and PSLRA.

  B. **E&Y is Entitled to the Protections Afforded by the PSLRA.**

The stay provision of the PSLRA was conceived to protect defendants from the burdens and costs of pretrial proceedings until the legal sufficiency of the claims against them has been established. *See* S. Rep. No. 104-98 at 8, 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693; *see also* H.R. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730, 730 (noting abusive

---

[3] *See also* CAC ¶ 101 (alleging that "[t]he plaintiff class continues to be harmed by the decline in PFGI's share price, which came about as a result of Provident, and E&Y, cooking the books with faulty accounting and off balance sheet transactions in a manner similar to Enron.").

securities litigation practices including "the targeting of deep pocket defendants, including accountants [and] underwriters . . ." as part of the need for the legislation). The discovery that plaintiffs now seek would impose just the type of burden and expense that the stay was designed to prevent. Seven of plaintiffs' eleven causes of action are asserted against E&Y. Allegations of accounting improprieties are scattered throughout the CAC. *See, e.g.* CAC ¶¶ 18, 32, 91, 93, 98-101, 104-116. As Judge Spiegel has recently held, these accounting issues are subtle and complex. *See* Order, *Merzin v. Provident Fin. Group Inc. et al.*, No. 1:03-CV-00165, March 9, 2004 at 17 (S.D. Ohio) (observing complexity of accounting standards involved and dismissing securities claims based on Provident's restatements) (attached as Ex. 3).[4] Properly representing E&Y's interests at the Tuzun deposition -- including cross-examining someone who, in plaintiffs' opinion, is being offered as an expert witness -- would require a considerable amount of preparation. E&Y should not be subjected to such burden and expense unless and until it is determined that the CAC states a valid claim against it. *See In re Carnegie Int'l Corp. Se. Litig.*, 107 F. Supp. 2d 676, 680 (D. Md. 2000) (observing that discovery sought "could very well turn out to be unnecessary if the plaintiffs' complaint is held insufficient under Fed. R. Civ. P. 12 and the heightened pleading requirements of the [PSLRA]").

Plaintiffs will not be prejudiced by the relief that E&Y seeks. Plaintiffs have moved to strike the Tuzun affidavit as improper expert testimony (*see* Doc. 280), their professed need to take his deposition will evaporate if that motion is granted.[5] The Court's Scheduling Order provides ample time for both fact and expert discovery before the deadline for filing dispositive motions. *See* Scheduling Order (Doc. 221 ) at 1 (setting fact discovery, expert discovery, and

---

[4] In apparent recognition of this complexity, plaintiffs have offered their own experts' affidavits on the very same accounting issues. *See, e.g.* Doc. 249, Ex. 3.

[5] In addition, Provident already has sought leave for an enlargement of time to retain an expert to offer an opinion in opposition to plaintiffs' motion for partial summary judgment (*see*

dispositive motion deadlines for October, November and December 2004, respectively). E&Y's motion to dismiss will be decided by April 30, 2004, barely more than a month after the return date for the Tuzun subpoena. And because two of the four misstatements and omissions that plaintiffs allege have nothing to do with their claims against E&Y, plaintiffs are free to continue to take discovery on other matters while the stay is in place.[6] Plaintiffs have no basis to claim prejudice or to invoke other exceptions to the PSLRA stay.

## CONCLUSION

E&Y does not suggest that Mr. Tuzun would not be a proper deponent, should plaintiffs' restatement claims survive, or that, despite their motion to strike his affidavit, plaintiffs are not entitled to probe his sworn statements. The sole question presented here is the proper timing of his deposition. For the foregoing reasons, as well as those set forth in E&Y's Opposition to Plaintiffs' Motion to Compel Documents Pursuant to a Subpoena Issued to Ernst & Young (Doc. 152) and in E&Y's Response to Plaintiffs' Objection to Scheduling Order (Doc. 228), E&Y respectfully requests that its motion to quash and for protective order be granted. In the alternative, E&Y requests that the Court enter a protective order limiting the subject matter of the Tuzun deposition to areas that do not relate to plaintiffs' claims against E&Y.

---

(continued…)
Doc. 271); if that motion is granted, the Tuzun affidavit may well be superceded by expert testimony.

[6] Understanding that both plaintiffs and the Court have expressed a desire to move this case forward, E&Y has not objected to plaintiffs taking the depositions of former OHSL directors and other witnesses who would have little, if any, knowledge of facts relating plaintiffs' allegations against E&Y.

Dated: March 19, 2004                              Respectfully submitted,


                                                                  s/ Mary-Helen Perry
                                                                  James E. Gauch
                                                                  Mary-Helen Perry
                                                                  Heather Guilette Walser
                                                                  Cheryl E. Forchilli
                                                                  JONES DAY
                                                                  51 Louisiana Avenue, N.W.
                                                                  Washington, DC  20001-2113
                                                                  Telephone:  (202) 879-3939
                                                                  Facsimile:   (202) 626-1700

                                                                  Counsel for Defendant
                                                                  ERNST & YOUNG

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing MOTION TO QUASH AND FOR PROTECTIVE ORDER were served upon:

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
*Attorney for Plaintiff*

by facsimile and ordinary U.S. mail, this 19th day of March, 2004, and upon all other counsel of record via the Court's electronic case filing system.

s/ Mary-Helen Perry
Mary-Helen Perry