# EXHIBIT 4

# JONES DAY

51 LOUISIANA AVENUE, N.W.

WASHINGTON, D.C. 20001-2113

TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

WRITER'S DIRECT NUMBER:
(202) 879-3493
mhperry@jonesday.com

776307:mhp

March 12, 2004

VIA FACSIMILE\U.S. MAIL

Michael G. Brautigam, Esq.
Gene Mesh and Associates
2605 Burnet Ave.
Cincinnati, OH 45219

Re: Thiemann v. OHSL et al., No. C-1-00-793 (S.D. Ohio)

Dear Mr. Brautigam:

Understanding that there is a desire to move this case forward, we have not objected to plaintiffs taking the depositions of former OHSL directors and other witnesses who would have little, if any, knowledge of facts relating to plaintiffs' allegations about Ernst & Young ("E&Y"). We recently have become aware of plaintiffs' efforts to depose Tayfun Tuzun, and anticipate that you wish to examine him about Provident's restatements of its financials -- a matter that is central to the allegations against our client and for which E&Y is entitled to the benefit of the PSLRA-mandated stay. While we understand your desire to depose Mr. Tuzun in connection with your response to Provident's motion for summary judgement, we nonetheless object to this deposition going forward before the Court rules on E&Y's motion to dismiss.

The stay provision of the PSLRA was conceived to protect defendants from the burden and cost associated with pretrial proceedings until the legal sufficiency of plaintiffs' complaint is established. The Court has, on two occasions, recognized its application to E&Y in this case. See Scheduling Order of November 18, 2003 (Doc. 221) at 2; Order Denying Plaintiffs' Motion to Compel (June 10, 2003) (Doc. 169) at 1. As we have said before, the Court's scheduling order establishes an orderly process allowing ample time for you to conduct discovery after the Court rules on the motions to dismiss. We would join you and Provident in asking the Court to defer consideration of the motions for summary judgment until after that time. If plaintiffs insist on taking Mr. Tuzun's deposition before the motion to dismiss is decided, however, E&Y will move to quash the subpoena and for a protective order. We will take the same position with respect to any other discovery from Provident relating to your claims against E&Y.

Very truly yours,

Mary-Helen Perry

cc:   Counsel of Record (via fax)