UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WALTER THIEMANN,
    Plaintiff

vs                                          Case No. C-1-00-793
                                               (Beckwith, J.)
OHSL FINANCIAL, et. al.,               (Hogan, M.J.)
    Defendants

**ORDER**

        This matter came before the Court Plaintiff's Motion to Take the Depositions of Gary Kreider and David Rosenberg (Doc. 225), the Memorandum of Keating, Muething & Klekamp PLL ("KMK") in Opposition to Motion to Take the Depositions of Gary Kreider and David Rosenberg (Doc. 232), and Plaintiff's Reply Brief in Further Support of Motion to Take the Depositions of Gary Kreider and David Rosenberg (Doc. 235).

        At issue is Plaintiff's wish to take the depositions of two KMK attorneys who, Plaintiff argues, provided legal services with respect to the OHSL - PFGI merger and are thus, key fact witnesses. Chief among Defendants' arguments to the contrary is that the Court's recently issued Calendar Order (Doc. 221) expressly provides for a stay of discovery with respect to KMK attorneys until the Court rules on motions to dismiss. (*See* Doc. 221). Plaintiff argues that the stay applies only to claims asserted against the newly added parties and that, because Messrs. Kreider and Rosenberg are fact witnesses related to the original Complaint, the stay does not preclude their depositions. Moreover, Plaintiff argues that it was previously permitted to take the depositions of four other KMK transactional attorneys and that to deny him the right to take these depositions would contradict the Court's previous ruling.

        While we share in Plaintiff's frustration with respect to discovery in this matter, we do not agree with his position on this issue. The Court's previous decision allowing the deposition of the four KMK attorneys was made at a time when KMK

was not a named party in this action. With the filing of Plaintiff's Amended Complaint (Doc. 234), KMK is now a named Defendant which complicates matters with respect to the depositions of its attorneys. Plaintiff argues that he intends to depose these attorneys regarding facts related only to the original Complaint. However, from a practical standpoint, we do not believe such to be possible and foresee the genesis of additional discovery disputes resulting from the deposition of these attorneys at this time. Moreover, Plaintiff chose to make KMK a Defendant in this matter and as such, must live with the consequences. Accordingly, we find that KMK and its attorneys are entitled to the benefits of the automatic stay of discovery pursuant to 15 U.S.C. § 78u-4(b)(3)(B).

## IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion to Take the Depositions of Gary Kreider and David Rosenberg (Doc. 225) be DENIED.

SO ORDERED.

Date: 3/24/04

Timothy S. Hogan
United States Magistrate Judge

J:\SMITHLE\DISCOVRY\Thiemann.dep2.wpd