

FILED
A KENNETH J. MURPHY JAMES BONINI
CLERK

04 MAR 25 PM 1:44

U.S. DISTRICT COURT
WEST. DIST. OHIO
WEST. DIV. CINCINNATI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WALTER W. THIEMANN, et al.** | : | **Civil Action No. C-1-00-793** |
| **Plaintiffs,** | : | **Judge Sandra S. Beckwith** |
| **vs.** | : | **Magistrate Judge Timothy Hogan** |
| **OHSL FINANCIAL CORP., et al.** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE AFFIDAVIT OF TAYFUN TUZUN SUBMITTED WITH PROVIDENT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I. INTRODUCTION

Plaintiffs respectfully submit this Reply Brief in further support of Plaintiffs' Motion to Strike or Otherwise Not Consider the Affidavit of Tayfun Tuzun Submitted with Provident's Opposition to Plaintiffs' Motion for Partial Summary Judgment (herinafter "Motion to Strike"). (Doc. No. 280). As grounds for this Motion to Strike, Plaintiffs respectfully submitted that the Tuzun affidavit should be stricken because:

1. Tayfun Tuzun does not qualify as a witness "qualified as an expert by knowledge, skill, experience, training, or education" within the meaning of Fed. R. Evid. 702 to offer the opinions included in the affidavit;

2. Tayfun Tuzun is not qualified as an expert by "knowledge, skill, experience, training, or education" in the area of accounting and auditing, because he is

1

not an accountant and, according to his affidavit, has no special skills in that area.

3.  Tayfun Tuzun's affidavit does not otherwise satisfy the admissibility requirements established by Red. R. Evid. 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); and

4.  Tayfun Tuzun is not an independent expert, but a biased fact witness. As Defendant Provident's Senior Vice President, Tuzun cannot claim that he is an independent expert. Rather, Tuzun is a fact witness who was intimately involved in the "off balance sheet" transactions. As a result, Tuzun's affidavit is entirely self-serving and unreliable since he is merely opining on his own work which he, not surprisingly, finds satisfactory.

## II.    ARGUMENT

### A.    The Provident Defendants Have No Substantive Basis Upon Which to Counter Plaintiffs' Motion to Strike.

The Provident Defendants do not present any arguments which overcome Plaintiffs' arguments submitted in support of their Motion to Strike. In Defendant Provident's Memorandum in Opposition, Defendants submit a three page document, with a supplemental affidavit, that is half-hearted at best. It does not cite a single case to support their position, nor does it attempt to distinguish cases cited by Plaintiffs. It does not even comment on the affidavits submitted by Mr. Schoenblum and Dr. Fuerman, such that they are unrebutted in the record. In fact, Defendant Provident seems to almost concede Plaintiffs' arguments.

First, Defendant Provident acknowledges that Tayfun Tuzun in nothing more than a placeholder until a true independent expert can be found. Tuzun's affidavit can serve no other purpose, and Defendant Provident essentially concedes this. In particular, Defendant Provident states:

> Provident intends to retain an independent expert who will testify on the issue of the materiality of the Restatements. However, because Plaintiffs filed their Motion for Summary Judgment *just three weeks* after they amended their complaint to add their Restatement claims, Provident did not have sufficient time to retain an expert on the subject. Thus, to respond to Plaintiffs' motion in the time period allotted by the Federal Rules, Provident submitted Mr. Tuzun's affidavit.

(Provident's Memorandum in Opposition, p. 2). (Emphasis in original). It was a perceived "no lose" situation for Defendant Provident. Since Provident did not, or could not, find an independent expert at the time it needed to respond to the Motion to Strike, Defendant Provident decided to use its own Senior Vice President as an "independent" expert until one could be located. Tuzun would act as a placeholder until a true independent expert could be found. However, if Provident got lucky, and Plaintiffs did not challenge Provident on this selection, Provident would get away with having the perfect "independent" expert. Why not try and get away with it?

Second, the Provident Defendants implicitly argue that Plaintiffs did not provide them with sufficient time to respond to Plaintiffs' Motion for Summary Judgment and to obtain an expert in support of its position. (Memorandum in Opposition, p. 2). After attacking Plaintiffs and their counsel for not having adequate resources to prosecute the case, Defendant Provident, a multi-billion dollar entity, now claims that they were unable to adequately respond in a timely manner. This argument is completely without merit. The restatement claims were not filed three weeks ago but, rather, more than a year ago.

Perhaps Beiser, Greer and Landis are unaware of this because they are new to the case, but whether or not they were aware of it, the fact remains that Defendant Provident had more than a year of notice[1]. Furthermore, it should be asked why Defendant Provident is surprised that Plaintiffs are filing a Motion for Summary Judgment within the specific period provided for such a filing? But whether surprised or not, Defendant Provident should be given no special dispensation for its "the dog ate my homework" defense.

Third, Defendant Provident faults Plaintiffs for criticizing Tuzun's objectivity, accusing him of wrongdoing, and impugning his (allegedly un-impugnable) credentials.(Memorandum in Opposition, p. 2). All are true for the following reasons. Plaintiffs criticize Tuzun's objectivity because, as one of the people with responsibility for the wrongdoing alleged in the CAC, Tuzun is certainly not objective, and Defendant Provident concedes as much. (Memorandum in Opposition, p. 2). As stated above, Tuzun is just a quick, easy, and inexpensive placeholder. Also, Plaintiffs do infer in the CAC that Tuzun has committed wrong-doing because, by his own admission, Tuzun was intimately involved in Restatement related issues. In fact, if plaintiffs had been allowed more time, or were permitted future amendments, Tuzun might very well have been named as a defendant in the litigation. Lastly, Plaintiffs do attack Tuzun's credentials because he has no accounting expertise. This is evidenced by the fact that Tuzun's affidavit is devoid of any accounting terminology or concepts. However, Tuzun does not

---

[1] Pursuant to the 4 November 2003 Status Conference and resulting Scheduling Order (Doc. No. 221), plaintiffs were forced to submit a Consolidated Amended Complaint on 31 December 2003. At that status conference, plaintiffs vigorously argued that pursuant to this Court's 20 October 2003 Order, plaintiffs were not permitted to file an amended complaint, but Magistrate Judge Hogan ruled otherwise. In any event, Provident has had notice of the substance of the allegations for more than a year, and for almost a year when the motion was filed.

let this stop him from challenging Dr. Ross Fuerman' conclusions by affidavit. Unlike Tuzun, Dr. Fuerman possesses a Ph.D. in accounting and specializes in restatements. Consequently, Tuzun has absolutely no basis to challenge any accounting conclusion reached by Dr. Fuerman.

Finally, Provident plays their trump card:  Plaintiffs have not given this Court any reason to believe that Tuzun's math is wrong.  (Memorandum in Opposition, p. 2).  Once again, this is indeed curious.  If all that was required of an expert witness was that he could do the math, there would be little need for the Federal Rules.  Tuzun's supplemental affidavit, which should also be stricken, indicates Tuzun's view that:

> I believe that the combination of my educational background and work experience qualify me to comment on market events, including performance of PFGI stock performance, that are detailed in my original affidavit.

(Tuzun Supplemental Affidavit, ¶ 4).

However, fortunately for Plaintiffs, Tuzun does not get to make the decision as to whether he is qualified to serve as the Provident Defendants' expert in this matter.  This is the province of the Court.  Although it is certainly understandable that Tuzun would wish to defend his own work, the Federal Rules, for reasons discussed in detail in Plaintiffs' opening motion, do not permit such nonsense.

Additionally, it should be noted that Tuzun's supplemental affidavit cites two articles that Tuzun allegedly published, but nowhere does he inform the Court that he appears to be a co-author, not an author of the articles, with Ian Sharpe.  Somehow this is especially fitting in a case involving plain language and telling the truth.

**B.  Provident's Motion for Additional Time Should Also Be Denied on Procedural Grounds.**

The Provident Defendants' arguments in opposition to Plaintiffs' Motion to Strike also fail on procedural grounds.  It is well established, however, that the scope of discovery is within the sound discretion of the trial court. *See, Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981), *cert. denied*, 454 U.S. 893, 102 S.Ct. 388, 70 L. Ed.2d. 207 (1981); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). The party opposing a motion for summary judgment, therefore, possesses no absolute right to additional time for discovery under Fed.R.Civ.P. 56. *See, Timberlane Lumber Co. v. Bank of American, N.T. & S.A.*, 549 F.2d 597, 602 (9thCir. 1976); *See Also, United States Through Small Business Administration v. Light*, 766 F.2d 394, 397 (8th Cir. 1985). Rather, Rule 56(f) provides the mechanism through which the party may obtain more time:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Id. However, as stated in *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976):

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine

> issue of fact. Where, as here, a party fails to carry his burden under Rule 56(f), postponement of a ruling on a  motion for summary judgment is unjustified.

Id. at  297.

At the very least, it is clear that a motion for extension of time to respond to a motion for summary judgment must be accompanied by an affidavit. Here, although Provident does provide the affidavit of James Whitaker (Attached to Doc. No. 271, Provident's Motion for Additional Time), Provident's Vice President and General Counsel, Mr. Whitaker's affidavit is wholly inadequate. Mr. Whitaker's affidavit simply ignores the fact that Provident has been on notice of Plaintiffs' specific claims since 7 March 2003, shortly after the first restatement was announced. Mr. Whitaker incorrectly and disingenuously focuses on the filing of the Consolidated Amended Complaint on 31 December 2003—specifically pursuant to an Order by Magistrate Judge Hogan that plaintiffs objected to, *inter alia*, on the grounds that the Second Amended Complaint had been accepted by the District Court, and that further amendments were neither necessary nor permitted. The filing of the CAC was a mere administrative convenience that the defendants demanded and Magistrate Judge Hogan agreed was appropriate. It did nothing to changes the substance of the allegations regarding the Restatements that Provident has been on notice of for more than a years. Mr. Whitaker's affidavit does not state why Provident has apparently done nothing for a year, or why they were surprised that Plaintiffs have filed a Motion for Summary Judgment within the period provided for such motion. Additionally, to the extent that Provident claims to need more discovery regarding the financial data, this is also disingenuous. Provident, in conjunction with other defendants, has been actively resisting discovery on this topic on the completely

inappropriate grounds that there is a stay of discovery on these issues pursuant to the PSLRA[2]. Worse, the Whitaker affidavit is entirely silent as to what steps, if any, Provident has taken to retain an expert witness. Nowhere in the Whitaker affidavit does Mr. Whitaker state that even one affirmative step has been taken to procure an expert. Instead, Mr. Whitaker hides behind the conclusory statement that "Provident needs more time to retain an expert who can review the facts and then testify to whether he or she believes that the purported misstatements upon which Plaintiffs base their motion for partial summary judgment were material." (Whitaker Affidavit, ¶ 4). What Whitaker does not say is whether even a single step has been taken to do so. The silence is deafening. Provident, who has done everything possible to delay this case for years, wishes only to continue that delay, but their tardiness should not be rewarded, especially with their entirely open-ended request for more time. Finally, the Whitaker affidavit is entirely premised on the false assumption that Provident had no notice of the Restatement claims until 31 December 2003. This completely ignores the obvious fact that Plaintiffs moved to file their Second Amended Complaint on 7 March 2003, that the Second Amended Complaint was accepted by Order of this Court on 20 October 2003, and that the filing of the CAC on 31 December 2003 was a mere formality. Although completely ignored in the Whitaker affidavit, Provident has had notice of the substance of the allegations against it pertaining to the Restatements for more than a year.

---

[2] Provident and other defendants have been making this argument for more than a year. The argument has already been rejected by Magistrate Judge Hogan, who has specifically permitted discovery to proceed regarding allegations related to the Proxy (*See*, Doc. No. 221) Materials/Registration Statement. One of these issues is whether or not Provident's financial statements included in the Proxy Materials/Registration Statement were materially misstated, something that Provident has admitted with the massive 2003 Restatements. Provident and other defendants may not understand Plaintiffs' theory of the case, but that is their problem.

In the absence of a proper Rule 56(f) affidavit, the Sixth Circuit has found that a district court does not abuse its discretion in denying the motion for an extension of time. In particular, in *Emmons v. McLaughlin*, 847 F.2d 351, 356 (6th Cir. 1989), the Sixth Circuit held that it was the plaintiff's burden under Rule 56(f) to demonstrate to the district court by affidavit how postponement of a ruling on the motion would enable him to rebut the movant's showing of the absence of a genuine issue of fact. Id. Similarly, in *Essex Inc. Co. v. Merrill*, 1995 U.S. App. LEXIS 35494, Nos. 94-5251, 94-6167, the Sixth Circuit denied the motion for an extension of time in part because it was not accompanied by an affidavit which stated the facts the defendant expected continued discovery to reveal in support of his theory of the case. Id. at 10-11.

In the present case, it is bad enough that the Provident Defendants have argued that they have not had enough time to find an expert witness since it has been more than a year since the Restatement was filed, and more than two months since the Motion for Summary Judgment was filed. However, it is even worse to attempt to do so in contravention of the Federal Rules. The Provident Defendants have the audacity to seek an open-ended extension of time to hire an independent expert, and to put forth a meaningful response, without demonstrating by affidavit why they cannot respond as otherwise required by Rule 56(e), or how postponement of a ruling on the motion will enable them to more effectively respond. As a result, there is no indication before this Court as to what Defendant Provident has done, if anything, to attempt to obtain an independent expert witness to this point. The silence is deafening and it should not be rewarded with a granting of its request for an open-ended extension of time. Finally, this

is particularly egregious, where, as here, Provident has half-heartedly cross-moved for summary judgment on the strength of the defective Tuzun affidavit.

### III.    <u>CONCLUSION</u>

Provident has already delayed this case far too long. Thus, for the foregoing reasons, as well as those submitted in Plaintiffs' Motion to Strike, Plaintiffs' Motion to Strike the Tuzun affidavit should be granted, and the original Tuzun affidavit, as well as the supplemental Tuzun affidavit, should be stricken in their entirety.

Dated:  25  March 2004

**GENE MESH & ASSOCIATES**

Respectfully Submitted,

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply Brief in Further Support of Motion to Strike or Otherwise Not Consider the Affidavit of Tayfun Tuzun was served this 25th day of March 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202

**BY U.S. MAIL**
David C. Greer, Esq.
James H. Greer, Esq.
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

James E. Gauch, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113



Stephanie A. Hite