UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al., | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | RESPONSE TO OBJECTION TO |
| OHSL FINANCIAL CORP., et al., | ) | MAGISTRATE JUDGE HOGAN'S |
| | ) | ORDER CONCERNING CONTINUED |
| Defendants. | ) | DEPOSITION OF NORBERT |
| | ) | BRINKER (DOC. NO. 295) |

## I. INTRODUCTION

The Objection (doc. no. 300) of Plaintiffs Walter Thiemann and Gary and Lisa Meier[1] to Magistrate Judge Hogan's Order denying Plaintiffs' request to continue the deposition of Norbert Brinker (doc no. 295) is without merit and should be overruled.

Mr. Brinker, the former Chairman of the Board of OHSL Financial Corporation, is 86 years old and has health problems. Between the prior state court action[2] and this action, Plaintiffs have deposed Mr. Brinker for 2½ days and have amassed a staggering 930 pages of transcript. Moreover, when Magistrate Judge Hogan recently permitted Plaintiffs to depose Mr. Brinker for an additional two hours on February 5, 2004, allegedly to pursue new issues related to the Consolidated Amended Complaint ("CAC"), Plaintiffs' counsel, Michael Brautigam, spent virtually the entire time arguing with the witness, pursuing completely

---

[1] Plaintiffs purport to file their objections on behalf of the "Plaintiff Class"; the class has been decertified (doc. no. 227), however, and Plaintiffs' most recent Motion for Class Certification remains pending.

[2] Defendants have stipulated that all depositions taken in the state court action may be used for all purposes in this action.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

irrelevant inquiries and repeating questions which Mr. Brinker already had answered on numerous occasions in his prior depositions. It became apparent to everyone in attendance on February 5, 2004, that the sole objective of Plaintiffs and their counsel was to harass and inconvenience Mr. Brinker. Plaintiffs have had a full and fair opportunity to depose Mr. Brinker and no further questioning should be permitted. Plaintiffs' Objections do nothing more than repeat Mr. Brautigam's depressingly familiar attacks on opposing counsel and the Magistrate Judge which the Court should reject.

## II. **STATEMENT OF FACTS**

Plaintiffs deposed Norbert Brinker for two days, on April 11 and 12, 2000, in connection with the state court action styled *Nolte v. OHSL*, Hamilton County, Ohio Court of Common Pleas Case No. A-99-07039 (the "State Court Action"), at a point in time when the circumstances of the Provident/OHSL merger were considerably fresher in Mr. Brinker's mind. This deposition was videotaped and generated 800 pages of transcript. Mr. Brinker's entire deposition from the State Court Action previously was filed with the Court. (doc. no. 89). Before withdrawing as counsel, Mr. Brautigam's former co-counsel in this case, Richard Brualdi, agreed that in light of Defendants' stipulation to the use of Mr. Brinker's State Court Action deposition in this case, Plaintiffs would not re-depose Mr. Brinker. (*See* 8/30/01 letter from Plaintiffs' counsel, Richard Brualdi, to Defendants' counsel, James Burke, attached as Ex. 2 to Defendants' 10/25/02 Motion for Protective Order (doc. no. 138)).

Plaintiffs' counsel now has reversed course, however. In November, 2003, Plaintiffs' counsel requested to depose Mr. Brinker following this Court's disposition of several motions, the pendency of which effectively had stayed these proceedings. Counsel for the OHSL and Provident Defendants asked Plaintiffs' counsel to limit the questioning to matters not covered in the State Court Action deposition. While the parties were discussing dates for

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

2

the Brinker deposition, counsel for the OHSL Defendants learned that Mr. Brinker was hospitalized because he was unable to walk. The cause was not clear, but it appears to have been the result of a mild stroke. (*See* 12/2/03 Burke letter, attached as Exhibit A). Mr. Brautigam was unwilling to defer the Brinker deposition indefinitely, notwithstanding Mr. Brinker's health problems and scheduled an informal discovery conference with Magistrate Judge Hogan for December 9, 2003. (*See* Michael G. Brautigam letters dated December 2, 2003 and December 5, 2003, attached hereto as Exhibit B).

Following the December 9, 2003 discovery conference, Magistrate Judge Hogan issued an Order dated December 22, 2003 in which he ruled that Mr. Brinker could be deposed, when his health permitted it, "[O]n any subject covered by Plaintiffs' Amended Complaint on which he has not previously been deposed." (doc. no. 229 at 2). Following a subsequent informal conference on January 16, 2004, regarding whether Mr. Brinker was healthy enough to be deposed, the Magistrate Judge decided to speak directly with Mr. Brinker's physician and issued an Order to this effect. (doc. no. 241). On January 20, 2004, Magistrate Judge Hogan issued an Order requiring the Brinker deposition to go forward under the following conditions:

> Therefore, the Brinker deposition can be scheduled by the parties. It shall occur in this Court's chambers and in the Court's presence. The deposition shall last no longer than two hours and shall not cover subjects upon which Mr. Brinker was previously deposed. The purpose of the deposition is to explore topics made relevant by the Plaintiffs' Amended Complaint and not to use a second deposition as a technique for impeaching testimony elicited during the first deposition. Should the Plaintiffs desire to extend the deposition beyond two hours, the Court, after having observed the first two hours, will be in a position to evaluate Plaintiffs' need and Mr. Brinker's ability to continue. In no event will the deposition continue for more than two hours on any given day.

(1/20/04 Order (doc. no. 243) at 1).

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

The Brinker deposition ultimately was scheduled for February 5, 2004. Mr. Brinker cannot walk unassisted. He was transported to the Potter Stewart U.S. Courthouse by counsel, and had to be brought in a wheelchair, holding his walker on his lap. Because of the number of attorneys involved, the deposition was conducted in the jury room on the top floor of the Courthouse. The deposition started at 10:10 a.m. and ended at 12:42 p.m. Magistrate Judge Hogan made sure that Plaintiffs' counsel had a full two hours of questioning and did not count the break periods against the two hours. Mr. Brinker was questioned while sitting in his wheelchair and the proceedings were videotaped. Every half hour or so, Mr. Brinker needed to take a break to walk around using his walker. Because of his health situation, the deposition was physically difficult and exhausting for Mr. Brinker.

Every person (other than Mr. Brautigam) who witnessed the Brinker deposition, including Magistrate Hogan, saw the same thing. It seemed as if the objective of Plaintiffs' counsel was not to elicit relevant information but to antagonize, confuse and inconvenience an elderly gentleman in poor health. Counsel spent the vast majority of his two hours asking questions that had been asked repeatedly in the 800 page State Court Action deposition, even though Magistrate Judge Hogan's Order required him not to do so. (A complete copy of the transcript of Brinker's 2/5/04 deposition is attached as Exhibit B to Plaintiff's Objection (doc. no. 300)). The OHSL and Provident Defendants urge this Court to read the full transcript of the February 5, 2004 deposition of Mr. Brinker to get the full effect of what occurred that day. The transcript speaks for itself.

Mr. Brinker had to endure personal hardship and inconvenience to accommodate the request of Plaintiffs' counsel for yet another deposition. In spite of this, Plaintiffs' counsel almost cavalierly disregarded Magistrate Judge Hogan's pre-conditions for the deposition and

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

4

seemingly made no attempt to elicit new, discoverable information relevant to the claims asserted in the CAC. For this reason, counsel for the OHSL and Provident Defendants were incredulous when Plaintiffs' counsel asked for yet another deposition of Mr. Brinker. Magistrate Judge Hogan's reaction to the request to re-depose Mr. Brinker was correct and accurately reflected the unreasonable manner in which Mr. Brautigam conducted the deposition of Mr. Brinker on February 5, 2004. (*See* 3/5/04 Order (doc. no. 295)). Plaintiffs' Objection should be overruled.

Respectfully submitted,

/s/James H. Greer
David C. Greer, Trial Attorney (0009090)
James H. Greer (0046555)
BIESER, GREER & LANDIS LLP, Of Counsel
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

5

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing RESPONSE TO OBJECTION TO MAGISTRATE JUDGE HOGAN'S ORDER CONCERNING CONTINUED DEPOSITION OF NORBERT BRINKER (DOC. NO. 295) was served electronically this 29th day of March, 2004, upon the following:

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, OH 45219-2502
*Attorney for Plaintiff*
*(By Regular U.S. Mail)*

James E. Gauch, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
*Attorney for Ernst & Young*

John W. Hust, Esq.
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, OH 45249
*Attorney for Defendants Roe and Dinsmore & Shohl*

James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
*Attorney for Provident and OHSL Defendants*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015
*Attorneys for KMK Defendants*

    /s/ James H. Greer
    James H. Greer

9081.203500/235899.1

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277