UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al., | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | MEMORANDUM OF PROVIDENT |
| OHSL FINANCIAL CORP., et al., | ) | AND OHSL DEFENDANTS IN |
| | ) | OPPOSITION TO MOTION TO |
| Defendants. | ) | STRIKE BRINKER ERRATA SHEET |

## I.   INTRODUCTION

The OHSL and Provident Defendants regret having to further burden this Court by responding to Plaintiffs' unprecedented and irregular motion to strike an errata sheet to the deposition of Norbert Brinker. In a case filled with unnecessary pleadings that needlessly have wasted the time and resources of the parties and the Court, this one takes the cake. Counsel for the OHSL and Provident Defendants have never heard of a motion to strike an errata sheet. Plaintiffs' motion is nothing more than a repetition of Plaintiffs' familiar diatribes against opposing parties and counsel and a gratuitous attack on the mental acuity of Mr. Brinker. Plaintiffs' motion is without merit and should be denied. Indeed, the *only* law cited in Plaintiffs' motion makes it clear that the changes reflected in the Brinker errata sheet to correct inadvertent errors in testimony clearly are permissible. (Plaintiffs' Motion to Strike (doc. 305) at 5-6). Plaintiffs do not, and cannot, cite any law that would support striking Brinker's errata sheet.

## II.   THE BRINKER DEPOSITION

The Brinker deposition already is the subject of a motion filed by Plaintiffs to which the Provident and OHSL Defendants have responded. (*See* docs. 300, 308). At Plaintiffs' insistence, Mr. Brinker was required to appear for a deposition on February 5, 2004 at the

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

Potter Stewart Courthouse even though Plaintiffs' counsel already had deposed Mr. Brinker over two days, generating roughly 700 pages of transcript in April, 2000 -- a point in time much closer to the events giving rise to Plaintiffs' claims. At the time of the most recent deposition, Mr. Brinker was 86 years old and recovering from what may have been a mild stroke. As Magistrate Judge Hogan's prior Order indicates (doc. 295) and, as the transcript and the videotape of that deposition clearly attest, the conduct of that deposition by Plaintiffs' counsel was cumulative, antagonistic, and apparently designed more to confuse and harass Mr. Brinker than to elicit anything remotely relevant to the prosecution of this case. It was as if Plaintiffs and their counsel viewed the proceedings as a perverse sport. The questioning of Mr. Brinker frequently focused upon irrelevant, arcane details of a 1999 transaction which no 86 year old person reasonably could be expected to recall. It apparently was designed to confuse and upset Mr. Brinker and, unfortunately, it succeeded to a certain extent. Again, counsel urges the Court to review the transcript and the videotape of Mr. Brinker's most recent deposition to gain an full appreciation of what occurred that day.

### III.  THE ERRATA SHEET

Plaintiffs' motion is replete with familiar attacks on opposing counsel that are unworthy of any response other than a firm denial. Apparently, however, Plaintiffs now believe they are qualified to opine on Mr. Brinker's mental capacities. Such presumptuousness truly is amazing. The Provident and OHSL Defendants categorically deny that Mr. Brinker "is physically and/or mentally incapable" of recognizing inadvertent errors in his testimony and making changes to his deposition transcript. Indeed, this Court may consult with Magistrate Judge Hogan -- who had the opportunity to observe Mr. Brinker for more than two hours on February 5, 2004 -- if it needs an independent, objective lay observation of Mr. Brinker's mental capacities.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

2

What Plaintiffs conspicuously fail to deny, however, is that Mr. Brinker indisputably made a couple of mistakes on facts about which no one disagrees. It is undisputed that the Provident/OHSL merger occurred in the fall of 1999 -- a little more than four years ago. (*See* Consolidated Amended Complaint ("CAC") (doc. 234) at ¶ 33). Thus, Mr. Brinker's testimony that he was unable to recall certain details because the merger was "17 years ago" obviously was an unintentional error which in no way affects the substance of his testimony. Similarly, there is no dispute in the record that Dinsmore & Shohl represented OHSL in the merger negotiations (CAC (doc. 234) at ¶ 26), and KMK represented Provident (CAC (doc. 234) at ¶ 29). Mr. Brinker's reference to KMK as counsel to OHSL in the merger was an obvious mistake which confused KMK's role as trial counsel at a latter point. There simply is no dispute that Mr. Brinker misspoke in these instances. Given the pressure and the personal hardship which Plaintiffs imposed on Mr. Brinker on the day of his deposition, seemingly by design, it is remarkable that there were not more errors.

Finally, counsel for the Provident and OHSL Defendants wish to debunk Plaintiffs' latest conspiracy theory about KMK. Mr. Brinker personally read his entire deposition. Defense counsel James Burke, who defended the February 5, 2004 deposition, met with Mr. Brinker, reviewed the erroneous statements made during his deposition and went over the changes reflected on the errata sheet. Counsel represents to this Court that Mr. Brinker realized his inadvertent errors (for which he was unnecessarily apologetic), understood and agreed with the corrections and knowingly signed the errata sheet. The claim of undue influence is silly.

### IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs' purported motion to strike should be denied.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

3

Respectfully submitted,

/s/ James H. Greer
David C. Greer , Trial Attorney (0009090)
James H. Greer, Trial Attorney (0046555)
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
*Attorneys for OHSL and Provident Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum was filed and served electronically this 1st day of April, 2004, upon the following:

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, OH 45219-2502
*Attorney for Plaintiff*

James E. Gauch, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
*Attorney for Ernst & Young*

John W. Hust, Esq.
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, OH 45249
*Attorney for Defendants Roe and Dinsmore & Shohl*

James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
*Attorney for Provident and OHSL Defendants*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015
*Attorneys for KMK Defendants*

/s/ James H. Greer
James H. Greer

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

9081-203500/236225.1

4