Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, | ) : | Case No. C-1-00-793 |
| Plaintiff, | ) : | (Judge Sandra S. Beckwith) |
| | : | (Magistrate Judge Hogan) |
| -v- | ) : | |
| OHSL FINANCIAL CORP., et al., | ) : | AFFIDAVIT OF KENNETH L. HANAUER |
| Defendants. | ) : ) | |

Kenneth L. Hanauer, being first duly cautioned and sworn, deposes and states as follows:

1. I am the former President, CEO and a former member of the Board of Directors of the Oak Hills Savings and Loan Company, F.A. ("Oak Hills"), and OHSL Financial Corporation ("OHSL"). I am over eighteen years of age. I have personal knowledge of the facts contained in this affidavit and am competent to testify about them.

2. In 1980, Oak Hills merged with Rosemont Savings Association ("Rosemont") which, at that time, was managed by Walter Thiemann. Mr. Thiemann also was a member of the Rosemont Board of Directors. As a part of the merger transaction, all members of the Rosemont Board of Directors were made members of the Oak Hills Board of Directors, including Mr. Thiemann.

3. In addition to serving on the Oak Hills Board, Mr. Thiemann also became a manager of one of Oak Hills' branches.

4. In or about 1987, Norbert Brinker resigned from his position as Chief Executive Officer of Oak Hills. Rather than appoint Mr. Thiemann to the position, however, the Oak Hills Board of Directors hired an outside consulting firm to conduct a search for Mr. Brinker's replacement. The consulting firm interviewed current Oak Hills employees, including Mr.

-2-

Thiemman and me, as well as individuals from outside of the company.

5. The consulting firm ultimately recommended that I assume the role of President and Chief Executive Officer of Oak Hills. Based upon that recommendation, the Board of Directors appointed me to that position and on or about July 1, 1987, I took over as Executive Vice President and Chief Executive Officer of Oak Hills. In that capacity, I also served as a member of the Oak Hills Board of Directors. The title of President was assumed during the initial public offering process in 1993.

6. I perceived that Mr. Thiemann was very bitter about having been passed over for the position. It was explained to me by several of the Oak Hills Board members that Mr. Thiemann was upset because he had been promised by Norbert Brinker that when Mr. Brinker resigned, Mr. Thiemann would take over as head of Oak Hills.

7. After my initial appointment, Mr. Thiemann and I both were serving as members of the Oak Hills Board [1987] and as members of the management team. Shortly after my appointment as Executive Vice President and Chief Executive Officer, however, the Board of Directors concluded that only one member of the Oak Hills management team should serve as a member of the Board. Although Mr. Thiemann would remain as a member of the management team, the Board of Directors voted to remove him from the Oak Hills Board.

8. In or about 1995, Mr. Thiemann announced his retirement. By that time, OHSL had become a publicly traded company.

9. The Management Recognition Program ("MRP") in place at the time of Mr. Thiemann's retirement provided that members could not be fully vested in the program until the expiration of five years. There was no provision for retirement vesting. Because Mr. Thiemann

-2-

-3-

chose to retire prior to the expiration of the applicable five-year period, Mr. Thiemann was not entitled to receive any unallocated shares. After Mr. Thiemann threatened to file a lawsuit against OHSL, however, the Board of Directors reluctantly agreed to distribute those shares previously forfeited.

10. At the time of his retirement, Mr. Thiemann also took issue with what he received under the Employee Stock Option Program ("ESOP"). As a result of the way in which the program was drafted, Mr. Thiemann simply received a cash disbursement rather than stock for his last year of service. Maintaining that he had not received everything to which he was entitled, Mr. Thiemann again threatened the OHSL Board of Directors with a lawsuit.

11. When Mr. Thiemann retired from Oak Hills, he informed certain members of the then-current Board that he wished to be re-appointed to the Oak Hills Board and since he was no longer a member of Oak Hills' management team (as the Board had voted to remove him from the Board when I became a member as Executive Vice President and C.E.O. of OHSL to avoid two management members). The Board declined to re-appoint Mr. Thiemann. I perceived that Mr. Thiemann was again bitter about the OHSL Board's decision not to re-appoint him after his retirement.

FURTHER AFFIANT SAYETH NAUGHT.

*Kenneth L. Hanauer* (signature)

Kenneth L. Hanauer

Sworn to before me and subscribed in my presence this 23rd day of January, 2002.

(signature)

AMY M. TANNER
Notary Public, State of Ohio
My Commission Expires
Oct. 21, 2003

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Affidavit of Kenneth L. Hanauer was served upon Richard B. Brualdi, Esq., The Brualdi Law Firm, 29 Broadway, Suite 1515, New York, New York 10006; David J. Manogue, Esq., Specter, Specter, Evans & Manogue, P.C., The Koppers Building, 26th Floor, Pittsburgh, Pennsylvania 15219; Ann Lugbill, Esq., 2406 Auburn Avenue Cincinnati, Ohio 45219; Michael G. Brautigam, Gene Mesh & Associates, 2605 Burnet Avenue, Cincinnati, Ohio 45219-2502, attorneys for Plaintiff, and John W. Hust and Michael E. Maundrell, Schroeder Maundrell Barbiere & Powers, Governor's Knoll, Suite 110, 11935 Mason Road, Cincinnati, Ohio 45249, attorneys for Dinsmore & Shohl, LP and Clifford Roe, by ordinary U.S. mail, this 29th day of January, 2002.

925646.1