

FILED
JAMES BONINI
CLERK

04 APR -6 PM 2: 18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Walter W. Thiemann, | : | Case No. C-1-00-793 |
| on behalf of himself and of | | |
| all others similarly situated, | : | Judge Sandra S. Beckwith |
| | | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | | |
| vs. | : | **Oral Argument** |
| | | **Requested** |
| OHSL Financial Corporation, et al. | : | |
| | | |
| Defendants. | : | |

**OBJECTION TO MAGISTRATE JUDGE HOGAN'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF KEATING, MUETHING & KLEKAMP, P.L.L. ATTORNEYS GARY KREIDER AND DAVID ROSENBERG REGARDING ISSUES RELATED TO THE ORIGINAL COMPLAINT (DOC. NO. 303)**

## I.     INTRODUCTION

The Plaintiff Class respectfully objects to the most recent ruling by Magistrate Judge Hogan's Order denying Plaintiffs' request to depose Keating, Muething & Klekamp, PLL ("KMK") attorneys Gary Kreider ("Kreider") and David Rosenberg ("Rosenberg"), both of whom were involved in the preparation of the materially false and misleading Proxy Materials/Registration Statement. In yet another example of how the case is going backwards, not forwards, and how it is proceeding in a chaotic and random manner, the depositions of Messrs. Kreider and Rosenberg were agreed to and one was even scheduled, approximately six months ago[1]. But with the acceptance of the

---

[1] Unfortunately, this is not the only instance where the case is going backwards, not forwards. In filing the motions to dismiss the CAC—which were, in many cases,

1

Consolidated Amended Complaint naming KMK and Weiss as defendants, it seems that any lawyer associated with KMK has carte blanche to hide behind the protections of the PSLRA. This is an abuse that has neither a factual nor legal basis, especially since it is highly likely that these KMK attorneys, as others before them, will plead that they have no independent recollection of events that took place in 1999.

## II.    LEGAL ARGUMENT

### A.    PSLRA Standard

15 USCS § 77z-1(b) provides as follows:

> (1) In general. In any private action arising under this title [15 U.S.C.S. § 77a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

> (2) Preservation of evidence. During the pendency of any stay of discovery pursuant to this subsection, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

Id. 15 USCS § 77z-1(b) also provides a means for lifting the stay of discovery. 15 USCS § 77z-1(b)(4) states as follows:

> (4) Circumvention of stay of discovery. Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this subsection.

Id.

---

disguised motions for summary judgment, many of the Defendants repeated, in some cases verbatim, arguments that had been previously made and rejected by the Court.

The PSLRA was passed to redress certain perceived abuses in securities litigation including "the abuse of the discovery process to coerce settlement." *In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 530-531 (3rd Cir. 1999). In particular, the purpose of the PSLRA was to restrict abuses in securities class action litigation, including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of "deep pocket" defendants: (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys. Id. at 531 (citing H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 31 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 748 ("Conference Report")).

In *Miller, et al. v. Champion Enterprises, Inc., et al.*, 346 F.3d 660 (6th Cir. 2003), the Sixth Circuit stated that the purpose of the PSLRA's heightened pleading requirements and stay of discovery were to prevent "harassing strike suits filed the moment a company's stock price falls." Id. at 691. In particular, the Sixth Circuit cited to the Third Circuit on this issue:

> The PSLRA's stay of discovery procedures was intended by Congress to protect innocent defendants from having to pay nuisance settlements in securities fraud actions in which a foundation for the suit cannot be pleaded; rather than lead to the conclusion that plaintiffs should receive more leniency in amending their pleadings, the stay of discovery procedures adopted in conjunction with the heightened pleading standards under the PSLRA is a reflection of the objective of Congress "to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." [*Champion Enters.*, 145 F. Supp. 2d] at 874 (quoting Selected Bill Provisions of the Conference Report to H.R. 1058/ § 240, 141 Cong. Rec. § 19152 (daily ed. Dec. 22, 1995)). This objective would be thwarted if, considering the history of this case, plaintiffs were liberally permitted leave to amend again; this is particularly true where, as here, there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced which would, if

true, cure the defects in the pleadings under the heightened requirements
of the PSLRA.

Id. at 691-692 citing *In re Nahc, Inc. Sec. Litig,* 306 F.3d 1314, 1332-1333 (3rd Cir. 2002)

(quoting In re *NAHC, Inc. Sec. Litig.,* 2001 U.S. Dist. LEXIS 16754 at 81-82., No. 00-

4020 (E.D. Pa. Oct. 17, 2001)).

In the present case, KMK should not be permitted to continually hijack discovery

because they now claim the protections of the PSLRA.  None of the perceived abuses

addressed by Congress are present in this case. This is not a frivolous lawsuit designed to

extort money from defendants who would rather settle than pay exorbitant discovery

costs.  Furthermore, Plaintiffs are not attempting to use discovery as a "fishing

expedition" to find a sustainable claim not alleged in its complaint.  As Defendants are

well aware, this Court has already once concluded that the alleged misrepresentations and

omissions in the Proxy Materials/Registration Statement were misleading and material.

(Doc. No. 46).  If the allegations of materiality were sufficient in the original complaint,

it is logically inconsistent for some of those same allegations, which are now re-pled with

additional specificity, to somehow be deficient in the CAC.  Consequently, Plaintiffs

have a solid legal and factual basis for their action, and the public policy reasons behind

instituting the PSLRA stay of discovery are inapplicable in the present case.

Further, even if the stay was procedurally proper, which Plaintiffs vehemently

deny, the stay should only apply to claims asserted against the newly added parties, and

not to key fact witnesses related to the original complaint. All the Plaintiffs are requesting

in this case is to depose Kreider and Rosenberg as to the allegations from the original

complaint.  In the Court's Order, Magistrate Judge Hogan does pays lip service to the

possibility that the Court could limit Plaintiffs' depositions of Kreider and Rosenberg to

the allegations of the original complaint, but ultimately concludes that it is not feasible. (Doc. No. 303). This is the case despite the fact that four KMK transactional attorneys have previously been deposed, largely without incident, on this topic[2]. Such a result is contradictory at best.

Thus, for the foregoing reasons, the policy arguments behind granting a stay of discovery pursuant to PSLRA are inapplicable in the present case and should not preclude this Court from overturning this Order.

**B.    The Depositions of Kreider and Rosenberg Are Discoverable and Essential to Plaintiffs' Case**

There is also no doubt that Kreider and Rosenberg are key fact witnesses in the case. As the resumes attached to the reply brief (Doc. No. 235) indicate, both these attorneys have impressive resumes that are posted on the KMK website. Similarly, both of these attorneys exerted supervisory authority over the more junior transactional lawyers who did much of the work on the materially false and misleading Proxy Materials/Registration Statement. To the extent that they had input into the materially false and misleading Proxy Materials/Registration Statement, this is, without doubt, discoverable. In fact, as stated above, the depositions of these individuals were agreed to, and one was even scheduled, approximately six months ago. Similarly, the depositions of four other transactional attorneys at KMK have already been taken on this subject. Although KMK has represented that their involvement in this transaction was minimal, they have done so half-heartedly and have presented no evidence to support this

---

[2] When Plaintiffs say largely without incident, that merely means that the depositions took place. The conduct of the depositions was objectionable for myriad reasons, such as speaking objections intended to thwart discovery and coach the witness, and repeated improper instructions not to answer the questions, and Plaintiffs intend to bring an appropriate motion to address this conduct at the appropriate time.

proposition. If Messrs. Kreider and Rosenberg truly had no or minimal involvement in the preparation of the materially false and misleading Proxy Materials/Registration Statement, it would be logical for them to submit affidavits outlining the "fact" that they had minimal or no involvement in the transaction, and back up these affidavits with their billing records.  Neither had done so, and KMK's silence on this issue speaks volumes about the merit of this argument.

Therefore, Plaintiffs submit that this Court's Order should be overturned because there is no dispute as to the appropriateness of taking the depositions of Kreider and Rosenberg, but only as to the timing of them.  Furthermore, as stated above, if these depositions are delayed, it will not provide any of the public policy benefits cited under the PSLRA, but rather will only unduly prejudice the Plaintiffs as well as further jeopardize the preservation of their testimony.

C.     **It would Constitute Undue Prejudice if Plaintiffs are Not Permitted to Take the Depositions of Kreider and Rosenberg**

The Plaintiffs will suffer undue prejudice if Plaintiffs are unable to timely take Kreider and Rosenberg's depositions.  The discovery stay provisions are not absolute but allow for particularized discovery when needed to preserve evidence or prevent undue prejudice to a party. *See In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) ("If, . . . Congress had intended an absolute stay on discovery, then Congress would not have authorized a judicial reprieve from such a stay, when a reprieve is needed."). *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp.2d 162, 164-165 (S.D.N.Y. 2001) (concluding that securities plaintiffs could seek discovery on related state law claims notwithstanding the PSLRA).

"Undue" prejudice is not defined in the statute. *In re Williams* 2003 (May 21, 2003), Dist. LEXIS App. 24304 at 15. One court considering the term defined "undue prejudice" as improper or unfair detriment, but less than irreparable harm. Id. citing *Medical Imaging Centers of America, Inc. v. Lichtenstein,* 917 F.Supp. 717, 720 (S.D. Cal. 1996). In *Black's Legal Dictionary* the word "undue" is defined as 'more than necessary; not proper; illegal." *Black's Legal Dictionary,* p. 158 (6th Ed. 1990).  "The PSLRA is . . . not to be a sword with which defendants can destroy the plaintiffs' ability to obtain information from third parties who are otherwise willing to disclose it". *In re Flir Sys. Inc. Sec. Litig.* 2000 U.S. Dist. LEXIS 19391, at 3 (D. Or. Dec. 13, 2000). These definitions invite examination of the facts and circumstances of the case to determine whether the prejudice is "unnecessary" or "unfair." *Med. Imaging Ctrs. Of Am., Inc. v. Lichenstein,* 917 F. Supp.717, 721 (S.D. Cal. 1996) (finding that "the legislation by its terms does not carve out specific types of actions which will be exempt from the stay," but noting that "the 'undue prejudice' exception contemplates an analysis of the facts and circumstances surrounding a request for an exception to the mandated discovery stay").
It is therefore appropriate for the Court to consider three factors when determining whether or not to lift the stay: (1) the detriment to the lead plaintiff, (2) any harm or burden to defendant, and (3) whether lifting the stay would do violence to the purpose of the PSLRA stay. Id.

In *In re Williams*, the court found that the PSLRA stay and consequent lack of access to the information sought was clearly causing some prejudice to the lead plaintiff in the form of delay. Id. at 15-16.  The discovery which had been sought, had already been produced for others. Id. at 16. Further, the defendant acknowledged that the

information sought was readily available for copying and possible production to lead plaintiff, and doing so would work no hardship on defendant. Id. In addition, the motion to dismiss had been fully briefed, and the lead plaintiff has represented that the information contained in the proposed discovery would not be used to defeat the motion to dismiss or to attempt to amend the complaint. Id. Under these circumstances, the court stated that enforcement of the stay as to the particular documents sought would not serve any interest the PSLRA stay was enacted to advance. Id. *See, In re Worldcom, Inc. Securities Litigation,* 234 F. Supp.2d 301, 305 (S.D. N.Y. 2002) (discussing legislative history and purpose of PSLRA stay).

However, the court did find that enforcement of the stay would cause the lead plaintiff undue prejudice in the sense that any prejudice suffered by lead plaintiff would be purely gratuitous. Id. That is, enforcement of the stay as to the particular information sought would be needless because it would not serve the interest of any party and would vindicate no policy interest. Id. at 16-17. In balancing the purpose of the PSLRA stay, the detriment to defendant, the burden production would impose on Defendant, the detriment to lead plaintiff, and general principles of fairness, the court found that it would be unfair and unnecessary, and hence "undue," to require lead Plaintiff to suffer any prejudice as a result of the PSLRA stay as regards the information already produced to investigating governmental bodies. Id. at 17.

The result would be the same in the present case. As in *Williams,* it has been determined that none of the public policy reasons for staying discovery in this case apply. Similarly, it is clear that Plaintiffs are not trying to conduct a fishing expedition in this case in order to amend their complaint. Although Plaintiffs are not seeking documents

which had previously been produced as in *Williams,* Plaintiffs are seeking depositions which had been previously agreed to as well as scheduled. Further, the depositions of four other transactional KMK attorneys have already been taken.

As a result, although there is no demonstrable harm to KMK, Kreider or Rosenberg which will result from their depositions being taken at this juncture, if Plaintiffs are unable to take these depositions, it will cause them undue prejudice because it would be permitting KMK, Kreider and Rosenberg to use the PSLRA as a shield to protect itself from discovery. Such a tactic obviously unfairly and unnecessarily hinders Plaintiffs' ability to conduct discovery in a timely and effective manner. Further, time is still continuing to tick. As a result, with each passing day it becomes more likely that Kreider and Rosenberg will be afflicted with the same failing memory that other KMK attorneys and Defendants have been found to have, and Plaintiffs will be unduly prejudiced by the failure to preserve their deposition testimony.

## D.    These Depositions are Needed to Preserve the Evidence in this Litigation

The depositions of Kreider and Rosenberg need to be taken in order to preserve their recollections and testimony regarding the allegations of the original complaint and, in particular, the circumstances surrounding the preparation of the Proxy Materials/Registration Statement. The PSLRA is not interested in the production of evidence, but rather the preservation of it. *Sarantakis v. Gruttadauria,* 2002 U.S. Dist. LEXIS 14349 at 3; ("Lifting the stay is not necessary to preserve evidence when, as [appears] in this case, the party from whom discovery is sought has represented to the Court that it will maintain the evidence at issue.") *See Also, In re Carnegie Int'; Corp. Sec. Litig.,* 107 F. Supp.2d 676, 684 (D. Mar. 2000) (same); *Grant v. AOL Time Warner,*

*Inc. (In re AOL Time Warner, Inc.)*, 2003 U.S. Dist. LEXIS 16895 at 2 (same); *In re Tyco Int'l, Ltd. Secs. Litig.*, 2000 U.S. Dist LEXIS 13390 at 2, 5. (same). However, this does not mean that the PSLRA will not favor the production of evidence when it is necessary to preserve it.

The depositions of Kreider and Rosenberg need to taken in order to preserve their testimony as to the preparation of the Proxy Materials/Registration Statement. Although courts permit parties to vow that they will preserve the evidence so that the problem of the preservation of evidence can be eliminated, such a vow cannot be made in this case. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2003 U.S. Dist. LEXIS 12846, Civ. A. No. 02-5575 at 2 (S.D.N.Y. July 25, 2003) (denying discovery request where Defendants "assured the Court that they will uphold their obligation under the PSLRA to preserve evidence"); *Sarantakis*, 2002 U.S. Dist. LEXIS 14349 at 3, (holding that "lifting the stay is not necessary to preserve evidence when, as in this case, the party from whom discovery has sought has represented to the court that it will maintain the evidence at issue"). At issue is not the production of documents, but the testimony of Kreider and Rosenberg. Although it can be argued that the memory of deponents is always a factor in any case and that, consequently, it should never be a factor in lifting a stay for the preservation of evidence, the present case is different given its long and tortured history. Five years have already passed since the preparation of the Proxy Materials/Registration Statement. There have already been an overwhelming number of deponents, including KMK attorneys, who have claimed that they have not remembered the events from 1999. As a result, the longer it is before Kreider and Rosenberg have their depositions taken,

the more likely it will be that they will also succumb to a failing memory and Plaintiffs will be prejudiced by this Court's failure to timely preserve this evidence.

### E.    Plaintiffs Have Made a Particularized Request for All Discovery

Plaintiffs have also made the particularized request for Kreider and Rosenberg's depositions which is necessary for the stay to be lifted.  The party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden. *See, e.g., Mishkin v. Ageloff,* 220 B.R. 784, 792-95 (S.D.N.Y. 1998). While "the concept of particularized discovery is a nebulous one, and the phrase is not devoid of ambiguity," courts have delineated the outer limits of what requests do and do not qualify as sufficiently particularized. Id. at 793. In *Miskin,* the court denied a request to lift stay where "the items of discovery sought by the [plaintiff] encompassed  an open-ended boundless universe of discovery" and "[was] basically a request to continue any and all discovery that may arise").*See Also, In re Carnegie Intern. Corp. Sec. Litig.,* 107 F. Supp.2d at 684 (declining to grant relief from stay where discovery requests covered "virtually every piece of paper and every piece of information" in opposing party's possession).

In the present case, Plaintiffs are not seeking boundless discovery or every piece of paper and every piece of information in Defendant KMK's possession. Rather, Plaintiffs are merely seeking to depose Kreider and Rosenberg on the facts alleged in the original complaint. In particular, Plaintiffs seek information regarding the circumstances surrounding the preparation of the Proxy Materials/Registration Statement.   Since Kreider and Rosenberg exercised key supervisory authority over the production and dissemination of the final materially false and misleading Proxy Materials/Registration

11

Statement, their testimony would go to the materially false and misleading Proxy Materials/Registration Statement, which goes to the allegations of the original complaint. This information is entirely unremarkable, and discoverable for the reasons cited above.

Thus, since Plaintiffs have made a particularized request for discovery that is warranted and permitted under the PSLRA, this Court's Order should be overturned on these grounds.

F.    **The Order Objected to Cannot be Reconciled With a Previous Order Permitting the Depositions of Four KMK Transactional Attorneys to Proceed (Doc. No. 168)**

The Order objected to cannot be reconciled with Doc. No. 168, which permitted the depositions of four KMK transactional attorneys to go forward. For the same reasons that the Court ordered those depositions be conducted, the depositions of Messrs. Kreider and Rosenberg, which are the logical extension of those KMK transactional attorneys, should proceed. In that Order, Magistrate Judge Hogan found as follows:

> The decision to make or not make Keating, Muething
> a defendant, however, is irrelevant to the issue presently
> before this Court, which is whether or not to permit Keating
> lawyers to be deposed as fact witnesses in this case, since
> those lawyers authored the disputed proxy statement.

Order at 1-2 (Doc. No. 168)

The Court goes on to discuss the need for the depositions to go forward immediately:

> Keating's response does not argue that the depositions
> are improper, only that the depositions should be delayed
> until the District Judge rules on Plaintiff's Motion for Leave
> to file a Second Amended Complaint so that depositions

12

> don't have to be repeated. While that argument makes some
> degree of sense, it is undeniably true that this case is hardly
> on a fast track and discovery simply needs to be accelerated.

Order at 2.

The unfortunate and ironic aspect of that Order is that it was signed on 6 June 2003, more than ten months ago. Obviously, Magistrate Judge Hogan's observations at that time have even greater force now. Discovery simply needs to be accelerated, and the depositions of KMK attorneys Kreider and Rosenberg should be ordered to proceed forthwith.

## III.    CONCLUSION

Thus, for the foregoing reasons, the Plaintiff Class respectfully objects to the Order not permitting the depositions of Messrs. Kreider and Rosenberg to go forward at this time, and respectfully request that the Order be overturned in its entirety.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated: 6 April 2004

By: _____

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800 (Telephone)
(513) 221-1097 (Facsimile)

13

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Magistrate Judge
Hogan's Order (Doc. No. 303) was served this 6th day of April 2004 as follows:

**BY HAND DELIVERY**
James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Tom Breidenstein, Esq.
BARRETT & WEBER
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, OH 45202-4015

**BY FIRST CLASS MAIL**
John Hust, Esq.
SCHROEDER, MAUNDRELL,
        BARBIERE & POWERS
Suite 110, Governor's Knoll
11935 Mason Road
Cincinnati, OH 45249

David C. Greer, Esq.
BIESER, GREER & LANDIS, LLP
400 National City Center; 6 North Main Street
Dayton, OH 45202-1908

James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113


Stephanie A. Hite