IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:00-CV-793 |
| vs. | ) |
| | ) |
| OHSL Financial Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on Keating Muething & Klekamp's ("KMK") objection to document subpoena (Doc. No. 57), Plaintiff's motion to depose KMK attorneys Gary Kreider and David Rosenberg (Doc. No. 225), Magistrate Judge Hogan's order denying Plaintiffs' motion to depose Messrs. Kreider and Rosenberg (Doc. No. 303), and Plaintiff's objections to Magistrate Judge Hogan's order denying Plaintiffs leave to depose Messrs. Kreider and Rosenberg (Doc. No. 313).

As Judge Hogan pointed out in his order denying Plaintiffs leave to depose Messrs. Kreider and Rosenberg (Doc. No. 303), the Private Securities Litigation Reform act ("PSLRA") imposes a mandatory stay of discovery "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). KMK was added as a new party to this litigation by virtue of Plaintiffs' amended complaint, which was

filed on December 31, 2003 (Doc. No. 234).  KMK filed a motion to dismiss on January 31, 2004 (Doc. No. 256) which raises a number of reasons that the complaint should be dismissed as to it.  Therefore, pursuant to the PSLRA, Plaintiffs are not entitled to discovery from KMK unless one of the two exceptions noted exists.

The Court finds that neither exception warrants lifting the discovery stay as to KMK.  As Judge Hogan stated, distinguishing between Messrs. Kreider and Rosenberg's roles as fact witnesses and representatives of a party would be impossible.  The fact that the Court has found that the original complaint stated claims for relief as to other parties does not compel a conclusion that the amended complaint must state meritorious claims against KMK so as to allow limited discovery.  A generalized argument that fading memories will cause the loss of evidence and/or unduly prejudice the plaintiff, which is simply the argument Plaintiffs make here, is insufficient to lift the discovery stay.  See In re CFS-Related Sec. Fraud Lit., 179 F. Supp.2d 1260, 1264-65 (N.D.Ok. 2001); Sarantakis v. Gruttadauria, No. 02 C 1609, 2002 WL 1803750, at *3 (N.D.Ill. Aug. 5, 2002); In re Fluor Corp. Sec. Lit., No. SA CV 97-734 AHS EEK, 1999 WL 817206, at *3 (C.D.Cal. Jan. 15, 1999).  The fact that Plaintiffs were able to depose other KMK attorneys at earlier times in this case is immaterial because KMK was not a party at the time that the Magistrate Judge permitted those depositions.  See Doc. No. 168.

The Court, therefore, finds that Magistrate Judge

Hogan's order denying Plaintiffs leave to depose Messrs. Kreider and Rosenberg was not clearly erroneous or contrary to law. Accordingly, Plaintiffs' objections to this order (Doc. No. 313) are not well-taken and are **OVERRULED**. Plaintiffs' motion to take the depositions of Messrs. Kreider and Rosenberg (Doc. No. 225) is not well-taken and is **DENIED**. Similarly, because Plaintiffs are not yet entitled to discovery from KMK, KMK's objection to Plaintiff's document subpoena (Doc. No. 57), which essentially is a motion to quash the subpoena, is well-taken and is **SUSTAINED.**

      **IT IS SO ORDERED**

Date  April 8, 2004           s/Sandra S. Beckwith
                                              Sandra S. Beckwith
                                     United States District Judge