UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER W. THIEMANN, *et al.*, | ) Case No. C-1-00-793 |
| | ) |
| Plaintiffs, | ) (Judge Sandra S. Beckwith) |
| | ) (Magistrate Judge Timothy S. Hogan) |
| -v- | ) |
| | ) |
| OHSL FINANCIAL CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CLASS
CERTIFICATION (RE: INADEQUACY OF CLASS COUNSEL)**

**I.    INTRODUCTION AND STATEMENT OF FACTS**

Early in this case, Defendants opposed the *pro hac vice* admission of class counsel, Michael Brautigam. The Court overruled Defendants' opposition and granted Mr. Brautigam *pro hac vice* status, but warned:

> [T]he Court disapproves of Mr. Brautigam's continued use of the pro hac vice privilege to practice law in the courts of Ohio. [. . .] In the Court's opinion, Mr. Brautigam stands perilously close to the limits of this courtesy. [. . .] Whether Mr. Brautigam chooses to [apply for admission to the bar of the state of Ohio] is [his] own decision. However, as long as he and the Mesh firm continue to operate as they have in the State of Ohio, they leave themselves open to further changes of unethical conduct.

(1/24/01 Order (doc. 28)).

On December 15, 2003, the Court issued an Order Vacating Class Certification. (doc. 227). In that Order, the Court recognized that "[b]y all appearances, a single lawyer remains to prosecute this complex securities action." (12/15/03 Order (doc. 227) at 9). Although the Court did not issue any specific findings of fact or conclusions of law relating to Mr.

Brautigam's conduct, the Court did rule that Mr. Brautigam's conduct "justif[ied] revisiting the adequacy of the proposed class counsel." (*Id.*) On December 31, 2003, Plaintiffs filed their Consolidated Amended Complaint ("CAC") along with a Motion to certify the CAC as a class action. (docs. 233, 234).

In Defendants' Memorandum Opposing Class Certification filed January 21, 2004 (doc. 244), Defendants outlined continuing conduct of Mr. Brautigam, which demonstrates the inadequacy of class counsel which precludes class certification. (*See* Defendants' 1/21/04 Opp. to Class Cert. (doc. 244) at 14-17). Just last week, nearly two and one-half months after filing their original brief opposing certification of the CAC, Defendants learned of further conduct by Mr. Brautigam which is alarming and demonstrates Mr. Brautigam's lack of regard for this Court's directives. Because these facts cast further doubt on the adequacy of class counsel and clearly are relevant to class certification, Defendants wish to bring them to the Court's attention.

As noted above, in January, 2001, the Court made clear its disapproval of Mr. Brautigam's continued use of the Court's *pro hac vice* privilege. (*See* 1/24/01 Order (doc. 28)). Despite this admonition, on June 26, 2003, Mr. Brautigam again applied to this Court for admission *pro hac vice* in a case presided over by Judge Spiegel, *Tribble v. Johnny Lee Graham*, No. C-1-03-403. As troubling as Mr. Brautigam's failure to heed the Court's warning about his continued use of the *pro hac vice* vehicle, is the fact that he failed to apprise Judge Spiegel of this Court's 2001 directive on this exact issue. (*See* Plaintiffs' 6/26/03 Motion for Admission *Pro Hac Vice*, attached as Exhibit 1 (failing to specifically mention this Court's January, 2001 Order)).

Moreover, in the *Tribble* case, Mr. Brautigam allegedly engaged in clearly unprofessional conduct which caused opposing counsel to file a motion seeking to revoke his *pro hac vice* status. On April 16, 2004, Elizabeth Mason, Clermont County, Ohio Assistant Prosecuting Attorney and counsel for one of the Defendants in the *Tribble* case, filed to revoke the *pro hac vice* status of Mr. Brautigam based upon allegations of egregious misconduct by Mr. Brautigam during a deposition. Copies of this motion and a Supporting Affidavit of Julie Patrick, the Court reporter at the deposition, are attached as Exhibit 2. These materials speak for themselves.

## II.   ARGUMENT

Defendants bring these matters to the Court's attention for two reasons. First, Mr. Brautigam's disregard of the Court's warnings about the continued use of the *pro hac vice* privilege should not go unnoticed, nor should his failure to advise Judge Spiegel of this Court's prior admonition. Second, Mr. Brautigam's conduct in the *Tribble* case can and should be considered by the Court in deciding whether he can be an adequate class counsel in this case. *Dubin v. Miller*, 132 F.R.D. 269, 273 (D. Colo. 1990); *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597 (S.D. N.Y. 1992) (denying motion for class certification when proposed class counsel's history of misconduct illustrated he was unfit to serve as class counsel). As the *de facto* sole class counsel[1] in this matter, Mr. Brautigam's inadequacy as class counsel precludes class certification. *See In re Quintus Secs. Litig.*, 148 F. Supp.2d 967, 972 (N.D. Cal. 2001) (court has a continuing duty to monitor class counsel to ensure adequate representation).

---

[1] Although Mr. Mesh remains on the pleadings with Mr. Brautigam, he normally only participates in select conference calls and court appearances. For example, in 2004, Plaintiffs have deposed Defendants Brinker, Hanauer, Tenoever, Hucke, Hillebrand, McKiernan and Zoellner, and third party witness Marilyn Wieland. Mr. Mesh did not appear at a single one of these depositions, leaving Mr. Brautigam to his own devices.

### III. CONCLUSION

For these reasons, and as more fully explained in Defendants' January 21, 2004 Opposition to Class Certification, the inadequacy of class counsel precludes certification in this case.

Respectfully submitted,

/s/ James H. Greer
David C. Greer, Trial Attorney (0009090)
James H. Greer (0046555)
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OHSL AND PROVIDENT DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY the CONSOLIDATED AMENDED COMPLAINT WITH MEMORANDUM IN SUPPORT AND ATTACHED PROPOSED SUPPLEMENTAL MEMORANDUM was served upon the following, via electronic mail this 23rd day of April, 2004.

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
*Attorneys for Plaintiffs*

John W. Hust
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
*Attorneys for Dinsmore Defendants*

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
*Attorney for Defendant Ernst & Young*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015
*Attorneys for KMK Defendants*

/s/ James H. Greer
James H. Greer

1248045.2