UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, *et al.*, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | |
| OHSL FINANCIAL CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OHSL AND PROVIDENT DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION TO COMPLETELY DISQUALIFY
KEATING, MUETHING & KLEKAMP OR, IN THE ALTERNATIVE,
TO HOLD KEATING, MUETHING & KLEKAMP IN CONTEMPT**

I.   **INTRODUCTION**

Plaintiffs' motion to "completely" disqualify Keating, Muething & Klekamp, P.L.L. ("KMK") is just the latest odd filing by Plaintiffs Thiemann and the Meiers in this single-minded obsession with KMK, to the exclusion of all relevant issues in this case. The Court should not have to be bothered with Plaintiffs' transparent attempts to shift the focus away from the substantive issues in this case and onto illusory problems with KMK's defense that bear no relation to reality. The Court should deny Plaintiffs' motion.

II.   **ARGUMENT**

On October 20, 2003, this Court entered an Order (doc. 215) which, among other things, disqualified KMK as trial counsel for the OHSL and Provident Defendants. The Court specifically ruled, however, that KMK, with the clients' permission, could remain as counsel for "pretrial matters such as conducting discovery and preparing briefs and motions." (10/20/03 Order (doc. 215) at 16). The Court went on to state that the ethics violations

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

alleged by Plaintiffs had no merit and therefore did not warrant complete disqualification of KMK. (*Id.* at 16-17). Now, Plaintiffs allege that KMK should be completely disqualified because, Plaintiffs allege, the Provident and OHSL Defendants did not provide "informed consent" to KMK's role as co-counsel in pretrial matters. These new allegations also are without merit and do not support complete disqualification of KMK or any finding of contempt.

Contrary to Plaintiffs' claims, after the Court's October 20, 2003 Order, the OHSL and Provident Defendants knowingly consented to KMK's ongoing role in this matter and to the ultimate substitution first of Graydon, Head & Ritchey ("GH&R"), then to Bieser, Greer & Landis as trial counsel for this action. Any confusion about the substitution exhibited in depositions of the OHSL Directors was caused by the age of the OHSL Directors and the manner in which Plaintiffs' counsel conducted these depositions.

A.   **GH&R's Role As Counsel**

After Magistrate Judge Hogan denied Plaintiff leave to amend his Complaint in August, 2002 -- effectively precluding Plaintiff Thiemann from naming KMK as a defendant -- Plaintiffs' counsel filed a separate lawsuit, styled *Meier v. OHSL Financial Corporation*. The complaint in the *Meier* case was an exact duplicate of the proposed amended complaint that had been rejected by Judge Hogan. The new lawsuit, an obvious end-run around Magistrate Hogan's denial of leave to amend, forced these Defendants to obtain trial counsel other than KMK for the *Meier* case in which KMK was a Defendant. (*See* 12/15/03 Order Vacating Class Certification (doc. 227) at 11 (recognizing the *Meier* complaint as Plaintiffs' strategic effort to avoid the effect of Judge Hogan's recommendations to deny Plaintiffs leave to amend)). As the surviving entity in the Provident-OHSL merger, Defendant Provident

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

- 2 -

Financial Group, Inc. ("Provident") is responsible to provide a defense for the OHSL and Provident Defendants (including the OHSL Directors). As a result, it consistently has taken the lead in choosing and recommending counsel for the other Defendants and in providing direction to counsel. When Plaintiffs first filed the *Meier* complaint, Provident decided to retain GH&R to represent these Defendants in the Plaintiffs' *Meier* action, which was not expected to generate much activity. Thereafter, the *Meier* action effectively was stayed while this Court considered the request to file an amended complaint in *Thiemann* which ultimately was granted on October 20, 2003. (doc. 215). As a result, GH&R's activity in the parallel *Meier* action was not significant.

### B. The Bieser, Greer & Landis Role as Counsel

In addition to granting Plaintiff leave to file an amended complaint, the Court's Order dated October 20, 2003 disqualified KMK from acting as trial counsel here[1] and consolidated the *Meier* action with this case. (doc. 215). The Court's Order further stated that, "At this juncture, there Court sees no reason KMK, with the clients' permission, should not be able to assist the OHSL and PFGI Defendants in pretrial matters such as conducting discovery and preparing briefs and motions." (*Id.* at 16). The consolidation of *Meier* and *Thiemann*, and the disqualification of KMK, therefore, effectively left GH&R as trial counsel for the Provident and OHSL Defendants.

The first issue to be addressed following disqualification was whether the OHSL and Provident Defendants were willing to consent to KMK's continued role in this litigation, as

---

[1] In the instant motion, Plaintiffs claimed that the Court should not be concerned that motions to disqualify are "oft abused" and further asserted that, "contrary to conventional wisdom, motions to disqualify are not frequently filed." (Plaintiffs' Motion to "Completely" Disqualify KMK (doc. 314) at 5 n.3). This argument by Plaintiffs is particularly ironic given that in the case of *Tribble v. Johnny Lee Graham*, No. C-1-03-403, Plaintiffs' counsel Mr. Brautigam moved this court to disqualify his adversaries just months ago, in September, 2003. Therefore, while it may be true that, generally speaking, motions to disqualify are not frequently filed, this general rule apparently does not apply to Plaintiffs' counsel herein.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

the Court's Order suggested. After several face-to-face meetings on this topic, all of the OHSL and Provident Defendants consented in writing to KMK's continued involvement. A redacted copy of this letter is attached as Exhibit 1. In this letter, these same parties also consented, in writing, to GH&R's representation as trial counsel, at least until this matter could be fully addressed and decided given the unusual counsel roles contemplated by the Court's Order. GH&R very ably and competently filled this role from November, 2003 to February, 2004.

Subsequently, Provident and its counsel met to consider whether another firm might be better suited to assume the role of trial counsel for the Provident and OHSL Defendants, given the rather unusual circumstances which now exist. After several meetings and much discussion, it was decided to recommend the firm of Bieser, Greer & Landis to work with KMK during pretrial phases of the case and then assume the sole responsibility of trial counsel at trial. This recommendation was based largely on the outstanding reputation of the Bieser, Greer & Landis firm's trial lawyers, particularly David C. Greer. Prior to the substitution, all of the Provident and OHSL Defendants received a letter describing this situation and each consented to this substitution in writing. (*See* redacted consent letter regarding Bieser, Greer & Landis, attached as Exhibit 2).

Without question, the filing of the *Meier* suit, the later disqualification of KMK as trial counsel, and the consolidation of the *Meier* and *Thiemann* actions provide a somewhat confusing backdrop to the issue of substitution. The confusion was then compounded by the fact that Plaintiffs' counsel spent a majority of his time in the recent depositions of OHSL Directors Brinker, Hucke, Tenoever, Zoellner, McKiernan and Hanauer asking questions

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

- 4 -

about the substitutions of counsel -- and not about any of Plaintiffs' substantive claims.[2] Additionally, since Plaintiffs are not entitled to discover the substance of communications between Defendants and their counsel, Defendants often were instructed not to answer the deposition questions of Plaintiffs' counsel seeking information about attorney client communication on this subject. *See Guy v. United Health Care*, 154 F.R.D. 172, 177 (S.D. Ohio 1993) (recognizing attorney client privilege generally and, specifically, the fact that privilege of an acquired company passes to the acquiring entity).

The bottom line, however, is that the Provident and OHSL Defendants knowingly gave their written consent to the representation of GH&R, the later substitution of Bieser, Greer & Landis as trial counsel, and to the continuation of KMK as counsel for pretrial matters. Defense counsel produced to Plaintiffs' counsel redacted copies of the consent letters, but has not and will not produce to Plaintiffs unredacted copies revealing the substance of attorney client communications. *See Guy*, 154 F.R.D. at 178 (communications between attorney and client imparting legal advice and made in confidence are protected by the privilege unless the privilege specifically is waived by the client). While Plaintiffs are not entitled to discover the substance of the attorney client communications, counsel for the Provident and OHSL Defendants are willing to produce unredacted copies of the consent letters to the Court for an *in camera* inspection and to meet with the Court privately to fully discuss all of these issues, if the Court deems it necessary. *See In re Richardson-Merrill, Inc. "Bendectin" Prods. Liab. Litig.* 624 F. Supp. 1212, 1274-75 (S.D. Ohio 1985) (Appendix F to decision; holding that a court may, in its discretion, conduct an *in camera* inspection of privileged documents without divulging the documents to the submitting parties' adversaries).

---

[2] Defendants have separately filed with the Court complete copies of these recent depositions.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

- 5 -

Plaintiffs, however, have absolutely no right to review these clearly privileged communications. *Guy* 154 F.R.D. at 178.

At some point, it may become clear why Plaintiffs are more fixated on the identity of opposing counsel than on preparing and proving their case. One must ask why Plaintiffs care anything about who represents these Defendants beyond the concern about how a jury might view KMK trial attorneys if KMK transactional attorneys ultimately are called as trial witnesses -- a concern that was addressed and obviated by the Court's disqualification of KMK as trial counsel.

### III. CONCLUSION

Defendants request that the Court deny Plaintiffs' motion.

Respectfully submitted,

/s/ James H. Greer
David C. Greer, Trial Attorney (0009090)
James H. Greer (0046555)
BIESER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OHSL AND PROVIDENT DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPLETELY DISQUALIFY KEATING, MUETHING & KLEKAMP OR, IN THE ALTERNATIVE, TO HOLD KEATING, MUETHING & KLEKAMP IN CONTEMPT was electronically filed and served upon the following, by ordinary U.S. mail, this _____ day of May, 2004.

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
*Attorneys for Plaintiffs*

John W. Hust
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
*Attorneys for Dinsmore Defendants*

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
*Attorney for Defendant Ernst & Young*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015
*Attorneys for KMK Defendants*

/s/ James H. Greer
James H. Greer

9081-203500/238685.1
1250183

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277