UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN, et al.,** | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | **DEFENDANT KEATING, MUETHING** |
| **OHSL FINANCIAL CORP., et al.,** | ) | **& KLEKAMP, P.L.L.'S MOTION TO** |
| | ) | **STAY CONSIDERATION OF** |
| Defendants. | ) | **PLAINTIFFS' APRIL 20, 2004 MOTION** |
| | ) | **FOR SUMMARY JUDGMENT AND TO** |
| | ) | **ESTABLISH DELAYED BRIEFING** |
| | ) | **SCHEDULE, WITH MEMORANDUM** |
| | ) | **IN SUPPORT** |

Defendant, Keating, Muething & Klekamp, P.L.L. ("Defendant KMK") respectfully requests that the Court stay consideration of Plaintiffs' April 22, 2004 Motion for Summary Judgment (T.d. 315) and establish a delayed briefing schedule (if necessary) after the Court rules on Defendant KMK's January 30, 2004 Motion to Dismiss (T.d. 256).

<u>**MEMORANDUM IN SUPPORT**</u>

The Court is well aware of the factual background of this securities litigation. KMK was added as a Defendant in Plaintiffs' First Amended Complaint filed on December 31, 2003 (T.d. 234). KMK filed a Motion to Dismiss all claims asserted against it on January 30, 2004 (T.d. 256). Pursuant to the Private Securities Litigation Reform Act ("PSLRA") and this Court's prior Scheduling Order "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." *See* 15 U.S.C. §78u-4(b)(3)(B); <u>Order</u>, November 19, 2003 (T.d. 221). According to the November 19, 2003 Scheduling Order, the parties anticipated rulings on the

Motions to Dismiss on or about April 30, 2004. (T.d. 221). However, the Motions to Dismiss remain pending.

**Summary Judgment Briefing Constitutes "Other Proceedings" That Must be Stayed Under the PSLRA**

The Court has allowed discovery to proceed between Plaintiffs and the Provident/OHSL Defendants, and Defendant KMK has not sought to stay this discovery. Now, however, Plaintiffs have gone beyond conducting discovery against the Provident/OHSL Defendants and have filed a Motion for Summary Judgment seeking judgment as a matter of law on one of the alleged misrepresentations in the prospectus. While the motion is technically asserted only against the Provident/OHSL Defendants, the motion raises an issue that, if ruled upon by the Court, may affect Defendant KMK's potential liability. Defendant KMK may not be able to reopen and reargue the issue at a later date if the Court has decided the matter as the law of the case. Defendant KMK has numerous legal and factual defenses to the motion that may or may not be asserted by other Defendants, but KMK should not be required to expend fees and costs on other proceedings such as this motion practice while its Motion to Dismiss is still pending.

Generally, summary judgment briefing is the type of "other proceedings" that shall be stayed under the PSLRA until the Court determines whether Defendant KMK is a proper defendant. *See In re ValueJet, Inc. Sec. Lit.*, 984 F. Supp. 1472, 1481-82 (N.D. Ga. 1997) (noting that motion for class certification was stayed under § 78u-4(b)(3)(B) pending the motion to dismiss); *Schlagel v. Learning Tree Int'l*, 1999 U.S. Dist. LEXIS 2157, *3-4; Fed. Sec. L. Rep. (CCH) P90,435 (C.D. Cal. 1999) (attached) (in recounting of case's procedural history, noting decision to delay ruling on motion for class certification until after ruling on motion to dismiss); *cf. In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 950 (S.D. Ohio 2003) (giving broad construction to § 78u-4(b)(3)(B) by staying discovery in a related state court case so that the

PSLRA stay provision would not be circumvented). Pursuant to the clear language and intent of the PSLRA, the Court should stay consideration of these summary judgment proceedings until after it rules on Defendant KMK's pending Motion to Dismiss.

**Plaintiffs are Not Unduly Prejudiced by a Short Stay Under the Current Scheduling Order**

Until such time as the Court rules on the pending Motions to Dismiss, Defendant KMK seeks a formal stay of all other proceedings, and more specifically further briefing and consideration of Plaintiffs' April 22, 2004 Motion for Summary Judgment, until after the Court has had an opportunity to rule on the pending Motions to Dismiss. Plaintiffs will suffer no undue prejudice by a short delay of briefing and consideration of its Motion for Summary Judgment, which was filed months before the dispositive motion deadline in this case (currently December 31, 2004); on the other hand, Defendant KMK will suffer significant prejudice in: (1) having the Court render a ruling that, possibly as the law of the case, may affect the potential liability of Defendant KMK without briefing from Defendant KMK; and (2) having to expend unnecessary fees and costs associated with other proceedings like this motion practice while its Motion to Dismiss is still pending, in direct contravention of the mandatory stay in the PSLRA.[1]

**Conclusion**

KMK respectfully requests that the Court stay responsive briefing and consideration of Plaintiffs' April 22, 2004 Motion for Summary Judgment, until after the Court has ruled on KMK's Motion to Dismiss. If Defendant KMK's Motion to Dismiss is granted, this motion is moot. If Defendant KMK's Motion to Dismiss is denied in whole or in part, then Defendant

---

[1] Defendant KMK previously sought a stay of Plaintiffs' Motion for Class Certification under similar grounds when Defendant KMK asked the Court to stay consideration of Plaintiffs' renewed Motion for Class Certification until after the Court ruled upon its Motion to Dismiss. (T.d. 245)

KMK respectfully requests that the Court enter a briefing schedule at that time whereby KMK can file an opposition to Plaintiffs' April 22, 2004 Motion for Summary Judgment.

    Respectfully submitted,

/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202
Tel: 513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
*Attorney for Defendants,*
*Keating, Muething & Klekamp PLL*
*and Mark A. Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2004, I electronically filed the foregoing "Motion To Stay Consideration Of Plaintiffs' April 20, 2004 Motion For Summary Judgment and To Establish Delayed Briefing Schedule, with Memorandum in Support" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 13th day of May, 2004.

| | |
|---|---|
| Michael G. Brautigam | Stephen J. Brogan |
| Gene Irving Mesh | Cheryl E. Forchilli |
| Gene Mesh & Associates | Jones Day |
| 2605 Burnet Avenue | 51 Louisiana Avenue, N.W. |
| Cincinnati, Ohio 45219-2502 | Washington, DC 20001 |
| Attorney for the Plaintiffs | Attorney for Defendant Ernst & Young |

/s/ Thomas W. Breidenstein
Thomas W. Breidenstein