LEXSEE 1999 U.S. DIST. LEXIS 2157

**ROBERT SCHLAGAL and CHRIS DENNIS, on Behalf of Themselves and Those Similarly Situated, Plaintiffs, vs. LEARNING TREE INT'L., et al., Defendants.**

**CASE NO.: CV 98-6384 ABC (Ex)**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*1999 U.S. Dist. LEXIS 2157; Fed. Sec. L. Rep. (CCH) P90,435*

**February 23, 1999, Decided**
**February 23, 1999, Filed; February 25, 1999, Entered**

**DISPOSITION:** [*1] Plaintiffs' motion for class certification GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, stock purchasers, filed a motion for class action certification pursuant to *Fed. R. Civ. P. 23*, on their complaint against defendants, a corporation and its officers, for alleged securities violations in the sale of defendant corporation's stock, and submitted a revised, proposed order which included fewer class representatives than in a prior order signed by the court that named the class representatives.

**OVERVIEW:** After plaintiffs purchased stock in defendant corporation, the price of the stock fell significantly. Plaintiffs filed an action against defendants, the corporation and its officers, and filed a motion pursuant to *15 U.S.C.S. § 78u-4(a)(3)(B)* to have a group of class members (the group) appointed as class representatives. After that motion was granted, plaintiffs filed a motion for class certification, and submitted a revised proposed order naming fewer members of the group as representatives. The court held that because there was a large number of potential plaintiffs, and because group's counsel was competent, their interests were not antagonistic to the unnamed class members, and they had the same claims as the unnamed member, and because there were common issues of law and fact for all potential class members, plaintiffs met the requirements of *Fed. R. Civ. P. 23(a)* and (b). Because the purpose of class actions was to promote judicial economy, and because lead plaintiff groups often split into smaller groups for pre-trial purposes, plaintiffs' revised order with fewer group members as representatives was valid. Therefore, the court granted plaintiffs' motion.

**OUTCOME:** The court granted plaintiff stock purchasers' motion for class certification on their claims against defendants, a corporation and its officers, for securities violations in the sale of defendant corporation's stock. Plaintiffs met the prerequisites of numerosity, commonality, typicality and adequacy, and plaintiffs were entitled to reduce the number of class representatives, which promoted judicial economy.

**CORE TERMS:** discovery, typicality, adequacy, certification, class certification, class action, stock, prerequisite, appoint, proposed order, proposed class, revised, course of conduct, smaller group, misrepresentations, appointment, designated, appointing, certifying, collusive, smaller, prong, adequately protect, federal securities, motion to dismiss, questions of law, satisfaction, collectively, artificially, commonality

**LexisNexis (TM) HEADNOTES- Core Concepts:**

*Civil Procedure > Class Actions > Prerequisites*
[HN1] *Fed. R. Civ. P. 23(a)* sets forth the general criteria for class certification: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. These criteria are referred to as the numerosity, commonality, typicality, and adequacy requirements.

*Civil Procedure > Class Actions > Prerequisites*
[HN2] In addition to the requirements of *Fed. R. Civ. P. 23(a)*, the party seeking certification must satisfy one of the three requirements under *Fed. R. Civ. P. 23(b)*.

*Civil Procedure > Class Actions > Prerequisites*
[HN3] *Fed. R. Civ. P. 23(a)(4)* provides that certification of a class action is only appropriate where the representa-

Case 1:00-cv-00793-SSB-TSH   Document 328-2   Filed 05/13/2004   Page 2 of 6

Page 2

1999 U.S. Dist. LEXIS 2157, *1; Fed. Sec. L. Rep. (CCH) P90,435

tive parties will fairly and adequately protect the interests of the class. The adequacy of representation requirement serves to uncover conflicts of interest between named parties and the class they seek to represent.

*Civil Procedure > Class Actions > Prerequisites*
[HN4] Whether the class representatives will adequately represent the class depends on the circumstances of each case. U.S. 9th Cir. has held that representation is "adequate" where (1) counsel for the class is qualified and competent, (2) the representatives' interests are not antagonistic to the interests of absent class members, and (3) it is unlikely that the action is collusive.

*Civil Procedure > Class Actions > Prerequisites*
[HN5] Representation will most likely be adequate where the representative's interests are comparable to those of the absent class members, similar to the typicality inquiry of *Fed. R. Civ. P. 23(a)(3)*. However, only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status. In addition, while the size of an individual representative's interest is not irrelevant to the adequacy inquiry, the extent of a representative's interest is not a determinative factor.

*Civil Procedure > Class Actions > Prerequisites*
[HN6] Plaintiffs need not actually prove that they will adequately satisfy the *Fed. R. Civ. P. 23* requirements, but rather the court must be able to form a "reasonable judgment."

*Civil Procedure > Class Actions > Prerequisites*
[HN7] Under *Fed. R. Civ. P. 23(a)(3)*, the court may certify a class action only where the claims or defenses of the representative parties are typical of the claims or defenses of the class. The typicality prerequisite may be met even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the damages by the representative parties and the other members of the class. Thus, while the class representatives' claims need not be identical to those of absent class members, the class representatives must possess the same interest and suffer the same injury' as the class members. The party seeking class certification will satisfy *Fed. R. Civ. P. 23(a)(3)*'s typicality requirement if the representatives' claims stem from the same event or course of conduct as other class members' claims and are based on the same legal theory as the absent members.

*Civil Procedure > Class Actions > Prerequisites*
[HN8] Differences in damage awards are inherent to almost any class action and, consequently cannot overcome a class certification motion.

*Civil Procedure > Class Actions > Prerequisites*
[HN9] There is considerable overlap between the typicality prerequisite of *Fed. R. Civ. P. 23(a)(3)* and the adequate representation requirement of *Fed. R. Civ. P. 23(a)(4)*.

*Civil Procedure > Class Actions > Prerequisites*
[HN10] The typicality prerequisite is met when all members of the class are victims of the same course of conduct. As with adequacy, courts do not measure typicality by precise differences in the amount of damage or specific document influencing the purchase.

**COUNSEL:** For ROBERT SCHLAGAL, CHRIS DENNIS, plaintiffs: William S Lerach, Alan Schulman, James I Jaconette, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA.

For ROBERT SCHLAGAL, CHRIS DENNIS, plaintiffs: Kevin P Roddy, Milberg Weiss Bershad Hynes & Lerach, Los Angeles, CA.

For ROBERT SCHLAGAL, CHRIS DENNIS, plaintiffs: Edward M Gergosian, Blair A Nicholas, Barrack Rodos & Bacine, San Diego, CA.

For LEARNING TREE INTERNATIONAL INC, DAVID C COLLINS, ERIC R GAREN, MARY C ADAMS, GARY R WRIGHT, MAX S SHEVITZ, ALAN B SALISBURY, MICHAEL W KANE, defendants: Stephen A Kroft, Allan L Schare, McDermott Will & Emery, Los Angeles, CA.

**JUDGES:** AUDREY B. COLLINS, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** AUDREY B. COLLINS

**OPINION:**

ORDER RE: PLAINTIFFS' MOTION FOR FOR CLASS CERTIFICATION

Plaintiffs' Motion for Class Certification was submitted for decision by this Court on February 8, 1999. After reviewing the materials submitted by the parties, argument of counsel, and the case file, it is hereby ORDERED that Plaintiffs' motion is GRANTED.

**I. Procedural Background**

Plaintiffs Robert Schlagal and Chris Dennis brought this securities class action **[*2]** on behalf of themselves and those who purchased Learning Tree International, Inc. ("LTI") ("Plaintiffs") stock between May 8, 1997 and May 13, 1998 (the "Class Period"). Compl. P 1. Plaintiffs allege that LTI and certain named top officers and directors, namely David Collins, LTI's CEO; Eric Garen, LTI's President; Mary Adams, LTI's Vice President; Gary Wright, Vice President and CFO and for-

Case 1:00-cv-00793-SSB-TSH    Document 328-2    Filed 05/13/2004    Page 3 of 6

Page 3

1999 U.S. Dist. LEXIS 2157, *2; Fed. Sec. L. Rep. (CCH) P90,435

mer Corporate Controller; Max Shevitz, LTI's Executive Vice President; and Alan Salisbury, President and General Manager of LTI (USA), LTI's operating subsidiary in the United States (collectively the "Defendants") violated federal securities laws by falsifying LTI's financial statements and making false and misleading statements about LTI's business and future prospects to sell 318,918 shares of Defendants' own LTI stock at artificially inflated prices and pocket over $10.6 million from illegal insider trading. Id. Meanwhile, despite Defendants' optimistic statements, Defendants knew that their products and training courses were in serious financial trouble. Compl. PP 3-5. Since Defendants' disclosure of certain of the adverse facts concerning LTI's business which Defendants withheld during [*3] the Class Period, LTI's average stock price at the close of trading has been approximately $16-1/2 per share. Compl. P 105.

On October 12, 1998, Plaintiffs, together with fifteen other class members (collectively "the Schlagal Group"), moved for an order appointing the Schlagal Group as lead class plaintiffs pursuant to *15 U.S.C. § 78u-4*(a)(3)(B), which requires the Court to appoint as lead class plaintiff the "member or members" of the purported class "that the Court determines to be the most capable of adequately representing the interests of class members." On October 27, 1998, the Court signed and filed an order granting the motion and appointing the Schlagal Group as lead class plaintiffs.

On October 20, 1998, Defendants moved to dismiss the Complaint. Pursuant to *15 U.S.C. § 78u-4*(b)(3)(B), this filing automatically stayed "all discovery and other proceedings" in this action.

On December 29, 1998, the Court denied Defendants' motion to dismiss Plaintiffs' Complaint, except as to Plaintiffs' allegations regarding the CBT products, as to which it granted Plaintiffs leave to amend. This ruling ended the automatic stay of discovery.

The Court had delayed ruling on Plaintiffs' [*4] motion to certify the class, filed on November 5, 1998, until it ruled on the motion to dismiss. By minute order dated December 31, 1998, the Court rescheduled the hearing on Plaintiffs' class certification motion for February 22, 1999. On January 8, 1999, Defendants requested Plaintiffs to stipulate to a continuance of the February 22, 1999 hearing in order to permit Defendants to conduct discovery on the class certification issues. Plaintiffs declined to do so. See Schare Decl. P 3. Subsequently, on January 26, 1999, Defendants served discovery requests on members of the Schlagal group. Id.

On January 14, 1999, Plaintiffs lodged and served a revised proposed class certification order, without a supporting memorandum. The revised proposed order appoints seven members of the Schlagal Group as class representatives, instead of only Schlagal and Dennis who were the representatives in the original proposed order.

Defendants filed their Opposition to Plaintiffs' class certification motion on February 1, 1999 ("Defs.' Opp'n."). On February 8, 1999, Plaintiffs filed their Reply.

II. Discussion

A. Legal Standards for Class Certification

1. Rule 23

[HN1] Rule [*5] 23(a) sets forth the general criteria for class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These criteria are referred to as the numerosity, commonality, typicality, and adequacy requirements.

[HN2] In addition to these requirements, the party seeking certification must satisfy one of the three requirements under Rule 23(b). Here, Plaintiffs allege that they satisfy Rule 23(b)(3) n1 because "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy." *Fed. R. Civ. P. 23(b)(3)*.

> n1 Defendants argue that the Court should decline to sign the orders because neither proposed order specifies that class certification is made pursuant to *Fed. R. Civ. P. 23(b)(3)*, rather than (b)(1) or (b)(2). Opp'n. at 1. However, because Plaintiffs do not object to the insertion of the words "pursuant to *Fed. R. Civ. P. 23(b)(3)*" following "certified" in the class certification order, the Court need not discuss this argument.

[*6]

2. Adequacy of Representation

[HN3] Rule 23(a)(4) provides that certification of a

Case 1:00-cv-00793-SSB-TSH   Document 328-2   Filed 05/13/2004   Page 4 of 6

Page 4

1999 U.S. Dist. LEXIS 2157, *6; Fed. Sec. L. Rep. (CCH) P90,435

class action is only appropriate where "the representative parties will fairly and adequately protect the interests of the class." The adequacy of representation requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S. Ct. 2231, 2250, 138 L. Ed. 2d 689 (1997)*. [HN4] Whether the class representatives will adequately represent the class depends on the circumstances of each case. *McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981)*. The Ninth Circuit has held that representation is "adequate" where (1) counsel for the class is qualified and competent, (2) the representatives' interests are not antagonistic to the interests of absent class members, and (3) it is unlikely that the action is collusive. *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig., 693 F.2d 847, 855 (9th Cir. 1982)* ("Dalkon Shield"); *Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978)*.

[HN5] Representation will most likely be adequate where the representative's **[*7]** interests are comparable to those of the absent class members, similar to the typicality inquiry of Rule 23(a)(3). Schwarzer, Tashima & Wagstaffe § 10:306. However, "only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." Wright, Miller & Kane § 1768, at 326-27. In addition, while the size of an individual representative's interest is not irrelevant to the adequacy inquiry, the extent of a representative's interest is not a determinative factor. Id. § 1767, at 318-19.

In evaluating whether the Schlagal Group and their chosen representatives will adequately represent the class, the Court may take the substantive allegations of the Complaint as true. *Blackie v. Barrack, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)*. [HN6] Plaintiffs need not actually prove that they will adequately satisfy the Rule 23 requirements, but rather the Court must be able to form a "reasonable judgment." Id.

### 3. Typicality

[HN7] Under Rule 23(a)(3), the court may certify a class action only where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality prerequisite may **[*8]** be met "even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the damages by the representative parties and the other members of the class." Wright, Miller & Kane § 1764, at 235-41. Thus, while the class representatives' claims need not be identical to those of absent class members, the class representatives must "'possess the same interest and suffer the same injury' as the class members." *General Tel. Co., 457 U.S. 147 at 156, 102 S. Ct. 2364 at 2370, 72 L. Ed. 2d 740*; see also *CRLA v. Legal Services Co., 917 F.2d 1171, 1175 (9th Cir. 1990)* (explaining that Rule 23 "does not require that the named plaintiffs . . . be identically situated with all other class members. It is enough if their situations share a 'common issue of law or fact'); *Weinberger v. Jackson, 102 F.R.D. 839, 844 (N.D. Cal. 1984)* (citing Newberg on Class Actions, § 8816, at 85C (1977) for the proposition that "the typicality requirement should be loosely construed."). The party seeking class certification will satisfy rule 23(a)(3)'s typicality requirement if the representatives' claims stem from the same event or course of conduct as other class members' claims **[*9]** and are based on the same legal theory as the absent members. See *Rosario v. Livaditis, 963 F.2d 1013, 1019 (7th Cir. 1992)*; see also *In re United Energy Corp., Etc., Sec. Litig., 122 F.R.D. 251, 256 (C.D. Cal. 1988)*.

### B. Analysis

Defendants apparently concede that the commonality and numerosity requirements of Rule 23(a) have been met here. See Defs.' Opp'n. at 5 (requesting discovery on typicality and adequacy only). Nor do Defendants set forth specific arguments as to Plaintiffs' satisfaction of the adequacy and typicality requirements in this motion. Rather, they request the Court to deny Plaintiffs' motion without prejudice at this time so that Defendants may conduct further discovery to prepare a challenge to the typicality and adequacy of members of the Schlagal Group to represent the class, based upon the fact that the Schlagal Group now requests seven instead of its original seventeen to be appointed as representative plaintiffs. In the alternative, Defendants ask the Court to decline to sign the Plaintiffs' proposed class certification orders because, according to Defendants, Plaintiffs' proposed orders are contrary to the Court's October 1998 Order **[*10]** ("Order"). That Order, Defendants assert, implicitly found under § 78u-4(a)(3)(B)(i) that only the members of the Schlagal Group as a whole are "the most capable of adequately representing the interests of class members." However, the Court finds that Plaintiffs have sufficiently established that the representatives are both adequate and typical in satisfaction of Rule 23(a). Defendants have not set forth any proper justification to persuade the Court to hold otherwise.

#### 1. Adequacy

Plaintiffs have sufficiently established that they can adequately represent the class. See Complaint at PP 135-41. First, Plaintiffs easily satisfy the requirement of having competent counsel as Plaintiffs' counsel have conducted numerous class actions, and particularly securities class action lawsuits. See Jaconette Decl., Exhs. A & B (Plaintiffs' counsels' resumes).

Case 1:00-cv-00793-SSB-TSH    Document 328-2    Filed 05/13/2004    Page 5 of 6

Page 5

1999 U.S. Dist. LEXIS 2157, *10; Fed. Sec. L. Rep. (CCH) P90,435

Plaintiffs have also satisfied the second prong of the adequacy inquiry by demonstrating that their interests are not adverse to those of the other Plaintiffs. As Defendants admit, Plaintiffs have presented evidence to show they purchased LTI shares and are willing to serve as class representatives. Defs.' Opp'n. at 8, [*11] n.4. Additionally, according to the Complaint, the named Plaintiffs, as with the other class members, purchased common stock without knowledge of material facts either known to or concealed by Defendants, at prices which were allegedly artificially inflated by Defendants' misrepresentations. Moreover, contrary to Defendants' assertions, this is not the kind of case in which the plaintiffs have "'limited personal knowledge of the facts underlying this suit'" or are merely playing a "'superfluous role'" in this litigation. Defs.' Opp'n. at 6 (quoting *Greenspan v. Brassler, 78 F.R.D. 130, 133-34 (S.D.N.Y. 1978)).* The designated class representatives have stated that they have reviewed the Complaint, did not purchase LTI stock at the direction of counsel or to participate in a securities fraud action against LTI, n2 have not served as class representatives in the past three years, in addition to listing details of their individual transactions in LTI stock. See Jaconette Supp. Decl. Exhs. 9-15 (Stmts. in Support of Schlagal Grp.'s Mot. to be Appt. Lead Pls.); see In re Proxima Corp. Sec. Litig., [1993-94 Transfer Binder] *Fed Sec. L. Rep. (CCH) P 98,236, P 99,626-27* (S.D. [*12] Cal. May 3, 1994) (finding adequacy requirement met where class representatives were not uninformed about case details and had either never served or served in one other action as representative).

> n2 These statements suffice to satisfy the third prong of the adequacy requirement because they demonstrate that it is unlikely that the action is collusive.

The only distinction between the representative plaintiffs and other class members concerns the amount of damages each individual may receive. [HN8] Differences in damage awards are inherent to almost any class action and, consequently cannot overcome a class certification motion. See *Epstein v. MCA, Inc., 50 F.3d 644, 669 (9th Cir. 1995),* rev'd on other grounds sub nom. *Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 134 L. Ed. 2d 6, 116 S. Ct. 873 (1996)* (quoting *Blackie, 524 F.2d at 905*) ("the amount of damages is invariably an individual question and does not defeat class action treatment").

### 2. Typicality

As several courts have realized, [*13] " [HN9] there is considerable overlap between the typicality prerequisite of Rule 23(a)(3) and the adequate representation requirement of Rule 23(a)(4). *In re Unioil Sec. Litig., 107 F.R.D. 615, 622 (C.D. Cal. 1985);* see also *Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 99 (S.D.N.Y. 1981).* Thus, for many of the same reasons that Plaintiffs have satisfied the adequacy requirement, they have also satisfied the typicality requirement. [HN10] The typicality prerequisite is met "when all members of the class are victims of the same course of conduct." Schneider v. Traweek, [1990 Transfer Binder] *Fed. Sec. L. Rep. (CCH) P 95,419, at 97,111 (C.D. Cal. 1990).* As with adequacy, courts do not measure typicality by precise differences in the amount of damage or specific document influencing the purchase. See *Weinberger v. Jackson, 102 F.R.D. 839, 844 (N.D. Cal. 1984).*

Plaintiffs attribute the source of class members' injuries solely to Defendants' ongoing course of misrepresentations regarding LTI's success to the representative group and the entire class. Although they may have relied on different documents, purchased different amounts of stock, or sold and bought stock on different [*14] days, fundamentally, they are victims of the same course of Defendants' conduct. The designated representative plaintiffs, as with the Schlagal group as a whole, properly satisfy the typicality requirement. n3

> n3 Defendants do not dispute that Plaintiffs have satisfied the requirements of Rule 23(b)(3).

### 3. Defendants' Discovery Request

Defendants' papers abound with suspicion regarding the Lead Plaintiffs' motives for reducing the number of designated class representatives from the entire Schlagal Group to only seven members. Although noting that this decision is "peculiar" and "raises serious questions" as to the adequacy of the chosen representatives, Defendants do not propose a single reason or cited a single case in support of this proposition.

One of the primary purposes of the class action device is to promote judicial economy through the efficient resolution of multiple claims in one action. *O'Connor v. Boeing, 184 F.R.D. 311, 1998 U.S. Dist. LEXIS 15433 (C.D. Cal. 1998).* [*15] Many courts have recognized that when the lead plaintiff group contains many members, having a smaller group serve as representatives for pretrial and trial purposes serves to further this goal. See, e.g., Jaconette Supp. Decl., Exh. 1 (Ruble v. Rural/Metro Corp., Case No. CV 98-413 TUC JMR, Order (D. Ariz. Jan. 15, 1999) (permitting lead plaintiff group to "designate one or more Lead Plaintiffs to give testimony on behalf of the class in subsequent proceedings to streamline the proceedings and avoid unnecessary and costly discovery or expense to the parties.")); Exh. 4 (In re Adaptec,

Case 1:00-cv-00793-SSB-TSH   Document 328-2   Filed 05/13/2004   Page 6 of 6

Page 6

1999 U.S. Dist. LEXIS 2157, *15; Fed. Sec. L. Rep. (CCH) P90,435

Inc. Sec. Litig., No. C-98-0224-CAL, Order (N.D. Cal. May 1, 1998) (same; 5-member group of lead plaintiffs)); Exh. 6 (Smith v. Electronics For Imaging, Inc., No. C-97-4739-CAL, Order (N.D. Cal. Apr. 9, 1998) (same; 5-member group of lead plaintiffs). Notably, these courts have left the decision of whom to appoint as a smaller representative group to lead plaintiffs and their counsel.

As Defendants' request to perform discovery on all seventeen members of the Schlagal group suggests, such a large class group will undoubtedly lead to duplicative efforts and greater expense for the plaintiff **[\*16]** class. Nor does the Court find the Order it signed on October 27, 1998 undercuts the reasonableness of Plaintiffs' request. The Court did not "implicitly" find that the Schlagal Group "as a whole" was the "'most capable of adequately representing the interests of the class members.'" Defs.' Opp'n. at 7 (quoting *15 U.S.C. § 78u-4*(a)(3)(B)(i). All the Court's Order found, and all that federal securities laws required it to find, was that the Schlagal Group were the appropriate lead plaintiffs. The Court stated nothing about the proper number of representatives who could be selected out of this class.

Contrary to Defendants' assertion, the Court need not permit further discovery before certifying the class. Nor do the cases on which Defendants rely imply otherwise. It is true that in *Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir. 1982),* for instance, the court noted that discovery prior to certification was appropriate and the failure to permit discovery could lead to reversal for premature certification. However, the court carefully delimits the circumstances requiring such discovery to those cases in which the court "failed to develop a sufficient evidentiary **[\*17]** record from which to conclude that the Rule 23 requirements had been met." *Id. at 572*. As stated above, accepting the allegations of the Complaint and the Schlagal Group's further declarations, the Court finds more than a sufficient record exists on which the Court may base its certification decision. Moreover, to the extent that discovery has been limited, Defendants bear part of the burden for their dilatory conduct. Defendants delayed nearly three weeks after Plaintiffs declined to continue the certification hearing before serving any discovery requests upon Plaintiffs. See Schare Decl. at P 3. Although Plaintiffs lodged their revised proposed class certification order which increased the class representatives from two to seven members of the Schlagal Group on January 14, 1999, Defendants have propounded only two document requests involving class issues. See Jaconette Supp. Decl., Exh. 16 (Document Request Nos. 22 and 23). Because the Court does not find that Defendants have shown why the appointment of a representative group significantly impacts the certification issue or that the appointment of a smaller group "flies in the face of" the Court's prior Order, the Court **[\*18]** finds Defendants' discovery requests on these issues unnecessary. Furthermore, the freedom with which other courts have permitted smaller representative groups suggests that there is no legal support for granting discovery on these issues. n4 Accordingly, the Court exercises its discretion not to grant further discovery on certification issues before certifying the class.

> n4 Indeed, as the court pointed out in *Sayre v. Abraham Lincoln Fed'l Savings & Loan Assoc., 65 F.R.D. 379, 382 (E.D. Pa. 1974),* the other discovery case on which Defendants rely, before granting discovery, the Court "must determine the relevance of (matter on which discovery is sought)" to the case. Because the Court does not find it irregular that Plaintiffs have selected a representative group or changed the size of that group, the Court does not find inquiry into Plaintiffs' reasons for taking these actions would be relevant to the certification issue. Thus, discovery is not necessary.

### IV. Conclusion

For all of the reasons set **[\*19]** forth above, the Court hereby ORDERS that Plaintiffs' motion for class certification is hereby GRANTED.

**SO ORDERED.**

**DATED:** Feb 23, 1999

**AUDREY B. COLLINS**

**UNITED STATES DISTRICT JUDGE**