FILED
JAMES BONINI
CLERK

## UNITED STATES DISTRICT COURT
04 MAY 20 AM II: 08
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN, et al.** | : | **Civil Action No. C-1-00-793** |
| **Plaintiffs,** | : | **Judge Sandra S. Beckwith** |
| **vs.** | : | **Magistrate Judge Timothy Hogan** |
| **OHSL FINANCIAL CORP., et al.** | : | |
| **Defendants.** | : | |

## PLAINTIFFS' MOTION TO STRIKE THE EXHIBITS SUBMITTED IN SUPPORT OF THE PROVIDENT AND OHSL DEFENDANTS' MEMORANDUM IN OPPOSITION TO "PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING A FINDING THAT THE STATEMENT THAT THE OHSL BOARD OF DIRECTORS UNANIMOUSLY APPROVED THE ACQUISITION BY PROVIDENT IS A MATERIAL MISSTATEMENT (Doc. No. 315)"

Plaintiffs hereby move to strike the exhibits submitted in support of The Provident and OHSL Defendants' Memorandum in Opposition to "Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement Doc. No. 316)" because the exhibits are unauthenticated because they are neither sworn nor certified pursuant to Fed.R.Civ.P. 56(e).

A memorandum in support of this motion is attached hereto.

Dated: 20 May 2004

**GENE MESH & ASSOCIATES**

Respectfully Submitted,

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE EXHIBITS SUBMITTED IN SUPPORT OF THE PROVIDENT AND OHSL DEFENDANTS' MEMORANDUM IN OPPOSITION TO "PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING A FINDING THAT THE STATEMENT THAT THE OHSL BOARD OF DIRECTORS UNANIMOUSLY APPROVED THE ACQUISITION BY PROVIDENT IS A MATERIAL MISSTATEMENT (Doc. No. 315)"**

## I.    PRELIMINARY STATEMENT

The Provident and OHSL Defendants have submitted four exhibits in supports of The Provident and OHSL Defendants' Memorandum in Opposition to "Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement." These exhibits consist of the following: (A) A March 7, 2003 Internet article from The Washington Post; (B) An October 25, 2003 Internet article from the San Jose Mercury News; (C) An April 16, 2002 Internet article from The Washington Post; and (D) A September 14, 2001 Internet article posted on the CNN.com website. None of

these documents have been sworn, certified, or authenticated in any way, pursuant to Fed.R.Civ.P. 56(e).

II.    **LEGAL ARGUMENT**

    A.    **Fed. R. Civ. P. 56(e) Standard**

    Fed. R. Civ. P. 56(e) provides as follows:

> (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Id.  Federal cases have interpreted this rule to mean that all documents attached in support of a motion for summary judgment, or memorandum in opposition thereto, must be sworn or certified.  In particular, in *Moore v. Holbrook,* 2 F.3d 697 (6th Cir. 1993), the Sixth Circuit stated that "This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." Id. at 699. *See, Dole v. Elliott Travel & Tours, Inc.,* 92 F.2d 962, 968-69 (6th Cir. 1991); *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979).  Further, if this issue is not raised before the district court, then it is not reviewable on appeal. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 243-245 (6th Cir. 1991).

In *Toliver v. Fed. Republic of Nigeria*, 265 F. Supp.2d 873 (W.D. MI 2003), the plaintiffs submitted a number of "internet" documents as exhibits in support of the motion for summary judgment.  However, these documents were simply news postings on the internet. Id. at 876. The district court found those documents to be "rife with hearsay and were not properly authenticated by persons with personal knowledge." Id. As a result, the district court held that the documents were to be stricken since they did not constitute proper evidence under Rule 56(e). *See also, Pirelli Armstrong Tire Corp. v. Titan Tire Corp.,* 4 F.Supp.2d 794 (C.d. Ill.1998) (excluding magazine articles as hearsay).

Similarly, in *Moore,* the documents in question consisted of photocopies of Moore's prison medical records, the investigation report of the incident made by prison officials, statements made by witnesses during the investigation, and a prior unpublished district court opinion made in an unrelated case. Id. at 699.  These documents were neither sworn nor certified. Id. Consequently, the Sixth Circuit indicated that it would have reversed the district court's judgment if the appellant had properly objected to their admission at the district court level since the district court improperly relied upon them. Id. However, since the appellant failed to do so, the Sixth Circuit found that this error did not justify reversal of the district court's granting of summary judgment. Id.

Finally, in *Mack v. Camden & Highland R.R. Co.*, 297 F.Supp.2d 1052 (W.D. TN 2003), a plaintiff filed suit against the defendant pursuant to the FELA for personal injuries sustained while employed for the railroad. The main issue in the case was whether or not the railroad was a "common carrier" for not all railroads were "common

carriers." If the railroad was a "common carrier," then the plaintiff would be entitled to his damages for injuries suffered while employed by the railroad.

The district court found that the plaintiff had cited no authority for its argument that if defendant is found to be a common carrier in one location, then it was a common carrier in all of its locations. Id. at 1062. Rather, the plaintiff only presented evidence of what purported to be an Internet web site for defendant's Arkansas facility. Id. The Plaintiff contended that the web site was an "advertisement" by defendant for common carrier business. The district court stated that under Rule 56(e) of the Federal Rules of Civil Procedure, documentary evidence "must be sworn or certified," and that a party cannot rely on documents that are unsworn and unauthenticated. *Moore,* 2 F.3d at 699. Therefore, the district court did not consider these exhibits to refute defendant's evidence that it was not a common carrier. Id.

The result should be the same in the present case. The Provident and OHSL Defendants have similarly attached Internet articles which are "rife with hearsay and were not properly authenticated by persons with personal knowledge." *Toliver,* 265 F. Supp.2d at 876. These documents are neither sworn nor certified pursuant to Fed. R. 56(e) and, thus, must be stricken and disregarded by this Court. As stated by *St. Clair v. Johnny's Oyster & Shrimp, Inc.,* 76 F.Supp.2d 773, 775 (S.D. Tex. 1999), "evidence procured off the Internet is adequate for almost nothing ..."

## III.    CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike the Exhibits Submitted in Support of The Provident and OHSL Defendants' Memorandum in Opposition to "Plaintiffs' Motion for Summary

Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement" because they are inadmissible pursuant to Fed.R.Civ.P. 56(e).

Dated: 20 May 2004

Respectfully Submitted,

Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (fax)

*Attorneys for Plaintiffs and the*
*Putative Class*

6

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Motion to Strike the Exhibits Submitted in Support of The Provident and OHSL Defendants' Memorandum in Opposition to "Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement" was served this 20th day of May 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202

**BY U.S. MAIL**

David C. Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

James E. Gauch, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

Stephanie A. Hite