

FILED
JAMES BONINI
CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO  04 JUN -1 AM 10:00
## WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | : | Case No. C-1-00-793 |
| | : | Judge Sandra S. Beckwith |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE KMK AND THE DINSMORE DEFENDANTS' MOTIONS FOR STAY (DOC. NOS. 328 and 329)** |
| OHSL Financial Corporation, et al. | : | |
| Defendants. | : | |

THE COURT: Okay. *I am not going to revisit Magistrate Judge Hogan's Scheduling Order. Your request is denied.* Anything else, folks?

(Transcript of Proceedings, 8 April 2004, Attached as Exhibit A, emphasis added)

---

The Plaintiff Class respectfully submits this opposition brief in opposition to Defendant, Keating, Muething & Klekamp, P.L.L.'s Motion to Stay Consideration of Plaintiff's April 20, 2004 Motion for Summary Judgment and to Establish Delayed Briefing Schedule and Defendants, Dinsmore & Shohl, LLP'S, Clifford Roe's and Charles Hertlein's Motion to Stay Consideration of Plaintiffs' 2004 Motion for Summary Judgment (hereinafter "Motions to Stay") "(Doc. Nos. 328 and 329). As discussed in greater detail below, the issue of the finality and validity of Magistrate Judge Hogan's Scheduling Order was decided in early April by this Court. (*See*, Transcript of

1

Proceedings, Attached as Exhibit "A"). Consequently, given this Court's recent order, there is no valid or compelling basis for Defendant Keating, Muething & Klekamp, P.L.L. (hereinafter "KMK") and Defendants Dinsmore & Shohl, LLP, Clifford Roe, and Charles Hertlein (hereinafter "Dinsmore Defendants") to be filing these motions at this time other than to attempt to further delay and/or infuse greater chaos into these proceedings.

                                            Respectfully Submitted,

                                            **GENE MESH & ASSOCIATES**

Dated: 1 June 2004

By: _/s/ Michael L. B___

Gene Mesh (0002076)
Michael G. Brautigam
GENE MESH AND ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800 (Telephone)
(513) 221-1097 (Facsimile)

## MEMORANDUM IN OPPOSITION TO THE MOTIONS TO STAY CONSIDERATION OF PLAINTIFFS' APRIL 20, 2004 MOTION FOR SUMMARY JUDGMENT

Plaintiffs respectfully submit the following Memorandum in opposition to the Motions for Stay submitted by the KMK and Dinsmore Defendants. There are several reasons why these Motions to stay or delay the briefing schedule must be denied, and Plaintiffs will discuss each in turn.

### I. The Issue of the Timing of the Filing of Plaintiffs' Motions for Summary Judgment Has Already Been Decided

The KMK and Dinsmore Defendants show shocking contempt for this Court in attempting to revisit an issue which has been clearly decided by this Court. This Court

has made it abundantly clear that it is not going to change Magistrate Judge Hogan's Scheduling Order. (Doc. No. 221). After Magistrate Judge Hogan's Scheduling Order was filed, Plaintiffs made no secret of the fact that they were unhappy with it because they believed that it allowed far more time than was necessary to litigate the case. Shortly thereafter, Plaintiffs objected to it, and were the only parties to do so. (Doc. No. 222). Thereafter, the OHSL and Provident Defendants, by and through its counsel Defendant KMK, and the Ernst & Young Defendants (hereinafter "E&Y Defendants") vigorously opposed the Plaintiffs' objection. (Doc. Nos. 226 and 228). In particular, Defendant KMK stated on behalf of the OHSL and Provident Defendants that:

> "Absolutely no part of Magistrate Judge Hogan's Scheduling Order is either clearly erroneous or contrary to law so as to warrant that it be modified or set aside. In fact, the record reflects that Magistrate Judge Hogan invested substantial time, thought and energy in developing a suitable trial calendar for this case with the full input of Thiemann's counsel and with Thiemann on the phone."

(Doc. No. 226). Similarly, Defendant KMK as defense counsel later states: "In short, all of the evidence in the record indicates that no mistake was committed by Magistrate Judge Hogan with respect to setting the trial calendar for this action." (Doc. No. 226).[1] Finally, Defendant KMK as defense counsel states that "Magistrate Judge Hogan's trial calendar lawfully serves the interests of all the parties in this case." (Doc. No. 226).

---

[1] It is exceedingly difficult to determine where KMK as defense counsel ends and where KMK as defendant begins. KMK, as defense counsel for the vast majority of the defendants, consistently praised the Order. However, KMK the defendant now objects to the Order since it has realized that it would be very difficult for KMK as defense counsel to make a filing that now attacks this Order. As a result, in an attempt to reconcile these two clearly contradictory positions, KMK had its counsel, Barrett & Weber, who has little to do during this litigation, to serve as KMK's straw man in filing this insulting and contemptuous motion.

Defendant E&Y reiterated the arguments of the OHSL and Provident Defendants in its response to Plaintiffs' Objection to Scheduling Order. (Doc. No. 228). Defendant E&Y stated that the Scheduling Order "represents a balanced attempt to fulfill this Court's desire to move this case forward" and a "realistic schedule for dispositive motions." (Doc. No. 228). Further, the E&Y Defendants stated that "[t]he Magistrate's Scheduling Order correctly applies the applicable governing law and should be upheld, for the reasons set forth in the OHSL and Provident Defendants' Memorandum in Opposition to Plaintiff's Objection to Scheduling Order, as well as for the reasons set forth below." (Doc. No. 228).

However, now that the KMK and Dinsmore Defendants have realized that parts of Magistrate Judge Hogan's Scheduling Order may also be problematic for them, they are now changing their tune and attempting to indirectly have portions of it set aside by filing their Motions for Stay. (*See*, Docs. No. 328 and 329). Regrettably, this is not the first time that KMK has attacked the Scheduling Order that it has previously praised. When KMK realized what the ramifications were for the class certification opposition, KMK attempted to "split the zone," by praising the Order in opposing Plaintiffs' objection to the Order (Doc. No. 226), but in effect objecting to certain provisions of the Order before Magistrate Judge Hogan (Doc. Nos. 240, 241) KMK was misleading the Court by telling Magistrate Judge Hogan one story, and the District Court another story.

Therefore, given the fact that Defendant KMK penned the OHSL and Provident Defendants' previous Memorandum in Opposition to Plaintiff's Objection to Scheduling Order (Doc. No. 226), and provided such glowing words regarding the legality of the Scheduling Order a second time, Defendant KMK could not now legitimately directly

oppose the Scheduling Order. Consequently, Defendant KMK had no choice but to figuratively take its own attorneys off the shelf, dust them off, and have them file their Motion to Stay in this case. (Doc. No. 328).[2] However, no matter who authored KMK or the Dinsmore Defendants' Motion, the fact remains that the KMK and Dinsmore Defendants have no legal basis to set any portion of it aside at this point since this Court's Order of April 8, 2004 was abundantly clear. This Court unambiguously and definitely stated that *"I am not going to revisit Magistrate Judge Hogan's Scheduling Order."* (Transcript at 14).

Thus, given this previous Order, KMK and the Dinsmore Defendants' failure to previously object to the Scheduling Order, the Plaintiffs' previous objection to the Scheduling Order (Doc. No. 222), and the Memorandum in Opposition Plaintiff's Objection to Scheduling Order authored by Defendant KMK (Doc. No. 226), it is not only disrespectful, contemptuous, and violative of the law for the KMK and Dinsmore Defendants to bring these Motions for Stay, but it also disingenuous.[3] Consequently, for the foregoing reasons, the KMK and Dinsmore Defendants' Motions for Stays should be denied and these parties should be sanctioned for having the audacity to ask this Court to

---

[2] This is not a problem since KMK's own attorneys, Barrett & Weber, obviously have very little to do in this litigation. KMK as defense counsel is clearly representing KMK the defendant in this case because it believes that it would be wasteful and duplicative to have Barrett & Weber do the things that KMK is already doing on its own behalf. The best example of this is the fact that Barret & Weber does not attend depositions on behalf of KMK, but rather KMK protects its own interests at said depositions.

[3] This is not the first time that the KMK and Dinsmore Defendants have shown disrespect for this Court's prior orders. In their Motions to Dismiss Plaintiff's Consolidated Amended Complaint (hereinafter "CAC,"), the KMK and Dinsmore Defendants attempted to argue a lack of materiality in the allegations of Plaintiffs' CAC when this Court has previously ruled that the allegations in Plaintiffs' first complaint "may be material." (Doc. No. 48).

do something which it has very recently stated in its Order of April 8, 2004 that it would not do. (Doc. No. 221).

## II. Neither KMK nor the Dinsmore Defendants have Standing to Bring These Motions.

The KMK and Dinsmore Defendants lack standing to bring these Motions for Stay because they are not directly affected by the April 21, 2004 Motion for Summary Judgment which they seek to delay. Further, neither the KMK nor Dinsmore Defendants have made a meritorious argument as to why they did not timely respond to Plaintiffs' motion if they believe that they were directly affected by it. Although it is KMK which specifically states it its motion for stay that "KMK has numerous legal and factual defenses to the motion that may or may not be asserted by other Defendants, but KMK should not be required to expend fees and costs on other proceedings such as this motion practice while its Motion to Dismiss is still pending," the Dinsmore Defendants also makes the same type of empty argument in its motion for stay. (KMK Motion to Stay, p. 2; Dinsmore Defendants Motion to Stay, p. 2). This statement is meaningless and ridiculous because it contains no specificity.

Nowhere do the KMK and Dinsmore Defendants state how they are implicated in the motion practice on this discrete issue that has nothing to do with them. This is best evidenced by the fact that neither of them opposed the April 22, 2004 motion for summary judgment. Plaintiffs submit that if they thought that they were truly affected by the outcome of this motion, or had something to say in response to it, they would have done so. Rather, both KMK and the Dinsmore Defendants sat idly by and waited until Plaintiffs had filed their Reply to the OHSL and Provident Defendants' brief in opposition to the motion for summary judgment, and the time frame set by this Court to

6

respond to said motion had expired, before requesting special dispensation on this issue from the Court. (*See*, Exhibit A). The bottom line is that neither KMK nor the Dinsmore Defendants are affected by the outcome of this motion, and neither the KMK nor Dinsmore Defendants complied with the Scheduling Order. Further, although it is obvious that the KMK and Dinsmore Defendants' true problem lies with the Scheduling Order itself, the KMK and Dinsmore Defendants chose not to directly attack the Court or its Scheduling Order, but rather the Plaintiffs for their scrupulous compliance with the Order. Such tactics should not be rewarded, but rather sanctioned.

### III. The KMK and Dinsmore Defendants Do Not Provide Any Meritorious Arguments or Law in Support of their Motions for Stay.

There are many reasons other than standing which also require that the KMK and Dinsmore Defendants' Motions for Stay be denied. First, the issues raised in Defendant KMK and the Dinsmore Defendants' Motions to Stay are moot because Defendants the OHSL and Provident Defendants have already filed their response to Plaintiff's April 24, 2004 Motion for Summary Judgment. Second, both the KMK and Dinsmore Defendants argue that the motion for summary judgment should be stayed because it raises an issue which could affect their potential liability. (KMK Motion p. 2; Dinsmore Motion at p. 2). However, as discussed above, neither party explains how this would actually occur in practice. Finally, both Defendant KMK and the Dinsmore Defendants make the argument that pursuant to the Private Securities Litigation Reform Act ("PSLRA") all discovery and other proceedings should be stayed, and that motions for summary judgment are included in that category. (KMK Motion at p. 2; Dinsmore Motion at p. 2). However, neither the KMK nor the Dinsmore Defendants cite any law in support of these propositions. Although Defendant KMK cites to some case law, none of these cases

provide that a motion for summary judgment should be stayed pursuant to PSLRA. More particularly, neither Defendant KMK nor the Dinsmore Defendants cite to any case which states that a party should be able to stay a motion for summary judgment when the motion was not directed to that party and the party to whom the motion was directed has already responded to it without objection.

Thus, for the foregoing reasons, neither the PSLRA nor any other reason should necessitate the granting of KMK and the Dinsmore Defendants' Motions for Stay.

### IV. Plaintiffs are Again Being Criticized for Compliance with the Orders of this Court

It can not be overstated that it is more than ironic that Plaintiffs are again being criticized by Defendants for having complied with this Court's Scheduling Order while the Defendants have repeatedly exhibited contempt for the court by repeatedly violating its orders. The Scheduling Order sets December 31, 2004 as the dispositive motion deadline. Plaintiffs filed the Motion for Summary Judgment at issue on April 22, 2004. Thus, it is indisputable that this motion was timely filed in accordance with Magistrate Judge Hogan's Scheduling Order. (Doc. No. 221). Consequently, Plaintiffs make absolutely no apologies for filing this motion in compliance with the operative deadlines of this Court.

However, the KMK and Dinsmore Defendants argue that the Plaintiffs have filed this motion too soon. In particular, Dinsmore defendants state:

> The Defendants would also note that this Motion for Partial Summary Judgment has been filed months in advance of the dispositive Motion deadline in this case (December 31, 2004).

(Dinsmore Motion at p. 2). Defendant KMK's Motion for Stay embraces a similar concept:

8

> Plaintiffs will suffer no undue prejudice by a short delay of briefing and consideration of its Motion for Summary Judgment, which was filed months before the dispositive motion deadline in this case (currently December 31, 2004).

(KMK Motion at p. 3). Interestingly, the KMK and Dinsmore Defendants do not argue that the Plaintiffs have violated the Scheduling Order, but only that they have not filed their motion at a time which is advantageous for them. Plaintiffs fail to see the relevance of such an argument. As Defendant KMK eloquently stated in the OHSL and Provident Defendants' Memorandum in Opposition to Plaintiff's Objection to the Scheduling Order: "A scheduling order is not clearly erroneous or contrary to law simply because a party is unhappy with it, especially when, as in the case at bar, the trial calendar is the product of a conference in which all parties participated and were heard by the Court." (Doc. No. 226). If this Court had only wanted the Plaintiffs to have the ability to file their motion for summary judgment within one month of the dispositive motion deadline, then this Court would have considerably shorted the period of time provided for Plaintiffs to file said motions. Similarly, if the Plaintiffs were required to consult with the Defendants before the filing of their motions for summary judgment, then this should have been included in the Scheduling Order as well.

Thus, since Plaintiffs have unquestionably adhered to the Scheduling Order of this Court, and this Court has just recently affirmed the dates in that Scheduling Order, the KMK and Dinsmore Defendants' Motions for Stay should be denied because the only true reason the KMK and Dinsmore Defendants have for opposing the filing of said motion for summary judgment is that the timing does not fit into their schedules.

### V. Plaintiffs Will be Harmed by Further Delay of the Filing of the Motion for Summary Judgment in This Case.

This Court's April 8, 2004 Order did not discuss any contingencies which were to be implemented in relation to the Scheduling Order should it prove to be harmful or prejudicial to the Plaintiffs or the Defendants, but merely reinforced and confirmed that the dates in the Scheduling Order were not going to be revisited. (Doc. No. 221). Therefore, regardless of whether or not the Plaintiffs or Defendants will be harmed by a particular date on the Scheduling Order, this Court has made it clear that the dates set in the Scheduling Order are to remain the same. Thus, it is very disturbing that the KMK Defendants now have the audacity to again make the argument that a delayed briefing schedule should be instituted because it will not prejudice the Plaintiffs. This argument has been repeatedly made by the Defendants, and there seems to be nothing, including previous orders of this Court, which will prevent it. Although the other Defendants do not have a problem with Defendant KMK speaking for them, the Plaintiffs do, and resent the fact that they would again argue that delay will not prejudice the Plaintiffs when they know that it clearly will. The Plaintiffs have been economically harmed as a result of the conduct of the Defendants in this case. The only way for the Plaintiffs to receive any relief in this case is if it is kept steadily moving toward its trial date. Delayed briefing schedules will not achieve this end.

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court does not institute a delayed briefing schedule in this case since it will only further prejudice Plaintiffs more than they already have been in this case due to similar delays.

VI. **CONCLUSION**

As indicated above, Plaintiffs were the ones who were originally unhappy with Magistrate Judge Hogan's Scheduling Order and objected to it accordingly. With opposition from Defendants OHSL, Provident and E&Y, this Court overruled Plaintiffs' objection in its April 8, 2004 Order and re-affirmed Magistrate Judge Hogan's Scheduling Order. Plaintiffs have accepted the ruling of this Court, and have proceeded accordingly. The KMK and Dinsmore Defendants have now discovered that this Scheduling Order may also be problematic for them, and have now attempted to indirectly change portions of it through their Motions to Stay. However, it is too late. The time for objecting to this Court's Order has now passed, and all parties have to comply with Magistrate Judge Hogan's Scheduling Order. Thus, since Defendants KMK and the Dinsmore Defendants' Motions for Stay are based on nothing more than a complaint that the Plaintiffs have complied with Magistrate Judge Hogan's Scheduling Order, Plaintiffs respectfully request that these motions be denied.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated: 1 June 2004

By: _____
Gene Mesh (0002076)
Michael G. Brautigam
GENE MESH AND ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800 (Telephone)
(513) 221-1097 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Opposition to the KMK Defendants' and the Dinsmore Defendants' Motions for Stay (Doc. Nos. 328 and 329) was served this 1st day of June 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael Barrett, Esq.
BARRETT & WEBER
105 East Fourth Street, Suite 500
Cincinnati, OH 45202-4015

**BY FIRST CLASS MAIL**

John Hust, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Suite 110, Governor's Knoll
11935 Mason Road
Cincinnati, OH 45249-3703

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center, 6 North Main Street
Dayton, OH 45402-1908

_____
Stephanie A. Hite