Exhibit A

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

| | |
|---|---|
| WALTER THIEMANN, et al., | CIVIL ACTION NO. C-1-00-793 |
| Plaintiffs, | Cincinnati, Ohio |
| - v - | Thursday, April 8, 2004 |
| | 10:00 a.m.  Conference |
| OHSL FINANCIAL CORP., et al., | |
| | **Telephone Conference,** |
| Defendants. | **Re:  Pending Motions** |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SANDRA S. BECKWITH, JUDGE
TRANSCRIPT ORDERED BY:  Michael G. Brautigam, Esq.

APPEARANCES:
For the Plaintiffs:        GENE MESH & ASSOCIATES
                           BY:  Michael G. Brautigam, Esq.
                           and  Gene I. Mesh, Esq.
                           2605 Burnet Avenue
                           Cincinnati, Ohio   45219


For PROVIDENT and
OHSL FIN. CORP.:           KEATING, MUETHING & KLEKAMP
                           BY:  James E. Burke, Esq.
                           and  Jason Cohen, Esq.
                           One E. Fourth Street
                           Suite 1400
                           Cincinnati, Ohio   45202

                           BIESER, GREER & LANDIS
                           BY:  James H. Greer, Esq.
                           400 National City Center
                           6 North Main Street
                           Dayton, Ohio   45402-1908

For Defts. WEISS and
KMK:                       BARRETT & WEBER, LPA
                           BY:  Michael R. Barrett, Esq.
                           and  Thomas W. Breidenstein, Esq.
                           500 Fourth & Walnut Centre
                           105 East Fourth Street

```
                          Cincinnati, Ohio    45202

For DINSMORE Defts.:      SCHROEDER, MAUNDRELL, BARBIERE & POWERS
                          BY:  John W. Hust, Esq.
                          11935 Mason Road
                          Suite 110
                          Cincinnati, Ohio    45249

For ERNST & YOUNG:        JONES DAY
                          BY:  James E. Gauch, Esq.
                          and  Mary-Helen Perry, Esq.
                          51 Louisiana Avenue, N.W.
                          Washington, D.C. 20001-2113


Law Clerk:                Patrick F. Smith, Esq.

Court Reporter:           Mary Ann Ranz

                              *   *   *
```

|  |  |
|---|---|
| 1 | THURSDAY, APRIL 8, 2004 |
| 2 | <u>IN CHAMBERS TELEPHONIC CONFERENCE</u>  (10:03 a.m.) |
| 3 | THE COURT:  Hello? |
| 4 | ALL COUNSEL:  Hello. |
| 5 | THE COURT:  Good morning. |
| 6 | ALL COUNSEL:  Good morning. |
| 7 | THE COURT:  Good morning.  Two things.  Let me do a |
| 8 | short roll call on the record to see who is definitely on the |
| 9 | line, then I want to introduce who's here.  And a third item |
| 10 | I just want to mention, as each person is speaking, please |
| 11 | identify yourself so the record is clear.  Mr. Mesh? |
| 12 | MR. MESH:  Yes, ma'am.  Present.  This is Gene Mesh. |
| 13 | THE COURT:  Mr. Brautigam? |
| 14 | MR. BRAUTIGAM:  Yes.  Good morning, Your Honor. |
| 15 | THE COURT:  Good morning.  Mr. Hust? |
| 16 | MR. HUST:  Yes, Your Honor, I'm here. |
| 17 | THE COURT:  Mr. Gauch? |
| 18 | MR. GAUCH:  Yes, Your Honor, I'm here. |
| 19 | THE COURT:  Ms. Perry? |
| 20 | MS. PERRY:  Good morning, Your Honor. |
| 21 | THE COURT:  Good morning.  Mr. Barrett? |
| 22 | MR. BARRETT:  Yes, Your Honor. |
| 23 | THE COURT:  Mr. Breidenstein? |
| 24 | MR. BREIDENSTEIN:  Yes, Your Honor. |
| 25 | THE COURT:  Did I pronounce your name accurately? |

1   MR. BREIDENSTEIN: Breidenstein, yes.

2   THE COURT: Breidenstein. Thank you. Mr. Burke?

3   MR. BURKE: Yes, Your Honor. And Jason Cohen of my
4   office is here with me.

5   THE COURT: Is Ms. Rowe also with you, or on the
6   line?

7   MR. BURKE: She is traveling today, Your Honor. She
8   is not.

9   THE COURT: Okay. And Jaime Greer?

10   MR. GREER: Yes, Your Honor.

11   THE COURT: Very good. Present on this end is
12   Mr. Patrick Smith, my career law clerk. The court reporter
13   is Ms. Mary Ann Ranz, R A N Z. She is our official court
14   reporter. And if you wish to have a transcript of this phone
15   call, you can reach her at 513-564-7626.

16   MR. MESH: Thank you.

17   THE COURT: The purpose of the phone call today is
18   to discuss the opposing letter that I received having to do
19   with plaintiffs' motion to strike a number of the defendants'
20   motions to dismiss. In particular, presumably he is
21   directing or they are directing their motions to Documents
22   252, 253, and 256 on our docket. And I'm assuming that,
23   because plaintiffs have filed a response to the Dinsmore &
24   Shohl motion to dismiss, which is Docket No. 246.

25   Am I reading you correctly, Messrs. Mesh and Brautigam?

1    MR. MESH:  I believe you are, Judge.  Do you have
2 the date of those documents before you, if I may ask?
3    THE COURT:  Just a moment.  I can give them to you.
4    MR. MESH:  Or at least the titles, Judge?  I don't
5 want you to go through the whole record.
6    THE COURT:  Just a moment.  It's not going to be a
7 problem once I get --
8    MR. BARRETT:  This is Mike Barrett.  Gene, I think
9 those are the documents you identified in your letter.
10    THE COURT:  The first is dated January 30th, 2004.
11    MR. MESH:  Okay.  All right.  That gives me the time
12 line.  I don't have the documents before me.  I'm sorry.
13 That's the reason I asked.  I'm not in Cincinnati.  Thank
14 you.
15    THE COURT:  Okay.
16    MR. BRAUTIGAM:  Your Honor, this is Mike Brautigam
17 speaking.  With respect to the letter that Magistrate Judge
18 Hogan allowed me to write, the purpose of the letter was
19 because we believed that all of the motions to dismiss, with
20 the exception of Ernst & Young's motions, were really motions
21 for summary judgment, and at that time we wanted some
22 guidance on how to proceed.
23    In any event, we did respond within the deadline set in
24 Document 221, which is the existing Calendar Order, so to an
25 extent a response is mooted.  However, we still believe that

1  they were not really motions to dismiss but motions for
2  summary judgment, so our request is that we be allowed to
3  continue discovery and that they be treated as such.
4        THE COURT: Let me just check this.
5     (The Court reading a document.)
6        THE COURT: Mr. Brautigam, I'm looking at the docket
7  sheet with regard to Document 221. It looks to me as if that
8  Scheduling Order has been superseded by events, because it
9  calls for a Final Pretrial Conference this month and trial
10 next month.
11        MR. BRAUTIGAM: Your Honor, on my schedule it said
12 April 2005.
13        THE COURT: I'm sorry; you're correct. You're
14 correct. But -- all right. But you have only filed a
15 response to the one motion to dismiss, which has been filed
16 by Defendants Dinsmore & Shohl.
17        MR. BRAUTIGAM: No, Your Honor, that is not correct.
18 This is Mike Brautigam again. We filed responses to all of
19 the motions to dismiss within the applicable time frame.
20 Every one of them, Your Honor.
21        MR. BARRETT: Your Honor, this is Mike Barrett
22 speaking. My understanding of the request is to extend the
23 time frame. And I think Mike raised a valid point. Since he
24 has filed within the previously set time frame, the purpose
25 of the letter is moot, and everything has been fully briefed

1  as far as we understand it.
2       THE COURT: Okay.
3       MR. MESH: Mike Brautigam, do you agree with this?
4  This is Gene.
5       MR. BRAUTIGAM: Your Honor, this is Mike Brautigam
6  responding. I don't necessarily agree, because I believe
7  that you will view these motions as motions for summary
8  judgment; and if and when you do that, we respectfully
9  request that a new schedule be set. In other words, with the
10 exception of Ernst & Young, these were not typical motions
11 for summary judgment. They were motions to dismiss. They
12 were highly factual. They were much more like motions for
13 summary judgment. And we would request additional time to
14 fully brief the issues and respond.
15      THE COURT: Okay. Well, I think they're proper Rule
16 12(b) motions, as my preliminary review indicates. Your
17 Amended Complaint referenced deposition testimony from
18 another case, and the defendants reference in their
19 respective motions to dismiss that deposition testimony is
20 fair game, as set forth in *Jackson versus City of Columbus*,
21 which has been cited by the defendants, as well as *Weiner
22 versus Klais & Company*. Both Sixth Circuit cases. Any
23 document that's appended or referenced in a Complaint is
24 treated as part of the record for the purposes of a motion to
25 dismiss, and it does not convert a motion to dismiss to a

1  motion for summary judgment.
2  　　　I'm not going to strike any of the defendants' motions to
3  dismiss. I will not treat the motions to dismiss as motions
4  for summary judgment. And since you filed a response to each
5  and every motion, then we'll proceed to decide them in that
6  fashion in due time.
7  　　　While I have all counsel on the telephone, I would like
8  to review a few things and make sure that everything that
9  needs to be addressed in this case is addressed or has been
10 addressed.
11 　　　Looking back at the docket, it's not clear to me, going
12 all the way back to December the 4th of 2001, that Keating,
13 Muething & Klekamp's objections to a document subpoena has
14 been ruled on, and I assume that that is now a moot issue.
15 It had to do with internal work product.
16 　　　　　　MR. BURKE: Your Honor, this is Jim Burke. I'm not
17 sure exactly what we're -- what the motion is. However, I'm
18 not aware of any outstanding discovery disputes. I know when
19 the new Scheduling Order was entered there were a lot of
20 pending motions. Mr. Brautigam and I talked to the
21 Magistrate Judge about that, that we agreed were moot. I
22 don't recall that being an issue that remained to be
23 adjudicated following that discussion, but I could check on
24 that if you'd like.
25 　　　　　　THE COURT: All right. That is Document No. 57 and

```
 1  the filing date was 12-4-01.  And I think all of these fall
 2  in that same category.  I just kind of like to tidy up the
 3  docket, if I can.
 4          MR. BURKE:  Sure.
 5          THE COURT:  The next one is Document 64, filed
 6  January 22nd of '02:  Objections by all defendants, other
 7  than Dinsmore Shohl and Clifford Roe, to the Magistrate
 8  Judge's Order permitting the plaintiff to file an Amended
 9  Complaint.
10          MR. BURKE:  That has obviously been moot, Your
11  Honor.
12          THE COURT:  Moot and overruled at this point.
13  Document 125 filed September 4th of 2002:  Objections by the
14  plaintiff to the August 23rd, 2002 order by the Magistrate
15  Judge quashing the subpoena of James Burke.  And now that
16  Dinsmore Shohl is a party to the proceedings, I assume --
17  Keating, Muething & Klekamp, forgive me -- I assume that is
18  also moot.
19          MR. BRAUTIGAM:  Your Honor, we're happy if you
20  consider it moot, but does that mean we're permitted to take
21  Mr. Burke's deposition?
22          THE COURT:  Who's speaking?
23          MR. BRAUTIGAM:  This is Mike Brautigam, Your Honor.
24          THE COURT:  My recollection is that the objection at
25  that point in time was because Keating, Muething & Klekamp
```

1  were not yet defendants in the case.  If I'm -- I did not
2  pull the document.  If there's other bases for the objection
3  and the order by Magistrate Judge Hogan aside from that, I
4  suppose it needs to be revisited.  Mr. Burke?
5       MR. BURKE:  Yes, Your Honor.  I'm not clear exactly.
6  I think the judge ordered that the deposition not go forward,
7  and so the objection would be on Mr. Brautigam's part
8  thinking that it should.  So, perhaps we -- that one does
9  need to be looked at.  I don't think it would be difficult,
10 but I think it may need to be looked at.
11      THE COURT:  All right.
12      MR. BURKE:  And I'm speaking, although
13 Mr. Breidenstein and Mr. Barrett represent KMK in the matter
14 and not myself.
15      MR. BREIDENSTEIN:  Your Honor, Tom Breidenstein.  I
16 think that particular motion needs to be reviewed in terms of
17 the Magistrate's Order of November of 2003, specifically
18 Document 221, in which the Magistrate says there's a
19 discovery -- discovery on claims against the newly added
20 parties, specifically KMK, is stayed pending the
21 determination of the motions to dismiss.
22      THE COURT:  Okay.
23      MR. BARRETT:  Your Honor, this is Mike Barrett.
24 That is the last line of the Scheduling Order that Tom just
25 referenced.

Case 1:00-cv-00793-SSB-TSH    Document 337-2    Filed 06/01/2004    Page 12 of 17

11

1    THE COURT: Thank you. Okay. We'll get to that
2  ASAP.
3    Also outstanding, at least on the docket, Document 184,
4  filed July 7th, 2003: Motion by plaintiff to strike errata
5  -- that's E R R A T A -- supplemental authority submitted by
6  KMK and for costs and sanctions, or, in the alternative, for
7  an enlargement of time in which to respond to the
8  supplemental motion. And it's in reference to -- it was
9  supplemental material provided by Oak Hills Savings & Loan
10 and Provident in support of their motion for reconsideration
11 of the class certification and motion to decertify the class.
12   Perhaps I shouldn't assume. Is that motion moot, or is
13 that still a live motion?
14       MR. BURKE: Your Honor, this view of decertification
15 of the class, subject to what Mr. Brautigam thinks, is moot.
16 But that is up to Mr. Brautigam.
17       MR. BRAUTIGAM: Your Honor, I don't necessarily
18 believe that it's moot. In Document 219, it was a joint
19 status report to the Court what needed to be decided and what
20 documents are moot. I notice that Document 184 was listed at
21 point 3, and we do have a motion for reconsideration of the
22 decertification order. So, I would respectfully submit that
23 that -- perhaps that does need to be decided.
24       THE COURT: I'm writing. Just hang on a second.
25 All right.

1    MR. MESH: Judge Beckwith, this is Gene Mesh -- and
2 all counsel. I have had a question that's probably --
3 shouldn't be asked. But your order vacating the class
4 certification, was that tantamount to a decertification
5 order?

6    THE COURT: Yes.

7    MR. MESH: All right. Thank you.

8    THE COURT: All right. Anything else, folks, that
9 you know of that's in play right now, other than the motions
10 to dismiss that are -- and these other sort of long, overdue
11 bits that we've managed to somehow overlook?

12    MR. BRAUTIGAM: Your Honor, this is Mike Brautigam.
13 There are a number of discovery-related issues, some of which
14 are before Magistrate Judge Hogan and some of which I believe
15 are fully briefed and ready for decision by the Court.

16    Also, Your Honor, with respect to the current Scheduling
17 Order, Document 221, plaintiffs had objected at that time,
18 and we'd like to know if it would be appropriate to revisit
19 that. We believe we do not need another year of litigation
20 in this case, and that for a variety of reasons -- for
21 example, the disclosure of experts, the deadline set by
22 Document 221 is August 30th of 2004 for the -- we've done
23 that in large part two years ago and we've identified our
24 accounting expert in January of this year. So, we would
25 like, if it's possible, to get a much more accelerated

1   schedule to go to trial in this matter.
2       THE COURT: Just a second.
3       (The Court and law clerk conferred privately.)
4       THE COURT: Well, Mr. Brautigam, tell me how
5   Magistrate Judge Hogan has been, number one, clearly
6   erroneous; number two, has made an order which is contrary to
7   law; or, number three, has abused his discretion in setting
8   that schedule, because that is the standard of review?
9       MR. BRAUTIGAM: Your Honor, we are faced with
10  elderly director defendants who are subject to failing
11  memories. So, the plaintiffs are severely prejudiced, as
12  we've seen in recent depositions, when people say, "I can't
13  remember the events from the summer of 1999." So, in the
14  interest of justice, we respectfully request that the
15  schedule should perhaps be revisited.
16      THE COURT: Mr. Barrett, anyone else that wishes to
17  opine on this issue?
18      MR. BURKE: Your Honor, we -- this is Jim Burke. We
19  did not believe, on behalf of Mr. Greer and I, that the
20  Scheduling Order is any one of the three things Your Honor
21  set forth.
22      Mr. Brautigam talks about elderly director defendants.
23  All of those individuals have been deposed at great length,
24  frequently on videotape, the testimony has been preserved,
25  and we don't believe that Mr. Brautigam's claim of prejudice

14

1  is well-taken.
2      MR. GREER: Your Honor, this is Jaime Greer. As far
3  as the testimony of these various individuals, I'll be
4  turning 40 this month and I don't remember things from the
5  summer of '99. So, I think this was just being honest.
6      MR. BARRETT: Your Honor, Mike Barrett and Tom
7  Breidenstein. We concur with Mr. Burke's comments about the
8  standard of review.
9      THE COURT: Mr. Brautigam, I'll give you the last
10 word.
11     MR. BRAUTIGAM: I put my thoughts in my document,
12 me-too.
13     THE COURT: Okay. I am not going to revisit
14 Magistrate Judge Hogan's Scheduling Order. Your request is
15 denied. Anything else, folks?
16     MR. HUST: John Hust, Your Honor. I have nothing
17 else.
18     THE COURT: Okay. Mr. Mesh?
19     MR. MESH: Nothing, Your Honor. Thank you very
20 much. Hope you're feeling better.
21     THE COURT: Thank you. Back to my old self. Former
22 self, I should say.
23     MR. MESH: I have what you probably had.
24     THE COURT: Mr. Brautigam?
25     MR. BRAUTIGAM: No, Your Honor.

```
 1          THE COURT:  Mr. Hust?
 2          MR. HUST:  Nothing, Your Honor.
 3          THE COURT:  Mr. Gauch?
 4          MR. GAUCH:  Nothing, Your Honor.
 5          THE COURT:  Mr. Barrett, Mr. Breidenstein?
 6          MR. BARRETT:  Thank you, Your Honor.
 7          THE COURT:  Mr. Burke?
 8          MR. BURKE:  Nothing, Your Honor.  Thank you for your
 9  time.
10          THE COURT:  And Mr. Greer?
11          MR. GREER:  Nothing, Your Honor.  Thank you.
12          THE COURT:  All right.  We'll get our Orders on
13  these oldies and we will get cracking on the motions to
14  dismiss and see if we can't move this matter along.  You'll
15  be hearing from us, if not in person, by document.  Thank you
16  all.
17          MR. MESH:  We thank you.
18          ALL COUNSEL:  Thank you, Your Honor.    (10:23 a.m.)
19                              - - -
20                       PROCEEDINGS CONCLUDED
21                              - - -
22
23
24
25
```

CERTIFICATE

I, Mary Ann Ranz, the undersigned, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____
Mary Ann Ranz
Official Court Reporter