

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

04 JUN 10 PH 4: 05

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | : | Case No. C-1-00-793 |
| | : | Judge Sandra S. Beckwith |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO OHSL AND** |
| | : | **PROVIDENT DEFENDANTS' MOTION FOR LEAVE TO FILE** |
| OHSL Financial Corporation, et al. | : | **SUPPLEMENTAL MEMORANDUM IN** |
| | : | **OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS** |
| Defendants. | : | **CERTIFICATION (Doc. No. 316)** |
| | : | |

---

The Plaintiff Class respectfully submits this opposition brief in opposition to the OHSL and Provident Defendants' Motion for Leave to Submit Supplemental Memorandum in Opposition to Plaintiffs' Motion for Class Certification (hereinafter "Motion for Leave"). (Doc. No. 316). As discussed in greater detail below, there is no valid or compelling basis for the filing of this Motion for Leave at this time. Rather, it is merely an attempt to counter Plaintiffs recently filed motion to completely disqualify Keating, Muething & Klekamp, LLP (hereinafter "KMK") (Doc. No. 314), and to further attack one of Plaintiffs' counsel. Accordingly, said Motion for Leave should be denied.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated:  10 June 2004

By:  _____

Gene Mesh (0002076)
Michael G. Brautigam
GENE MESH AND ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

**MEMORANDUM IN OPPOSITION TO THE MOTION FOR LEAVE BY THE OHSL AND PROVIDENT DEFENDANTS' MOTION TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This Memorandum is respectfully submitted to the District Court in opposition to the Motion for Leave by the OHSL and Provident Defendants to File Supplemental Memorandum in Opposition to Plaintiffs' Motion for Class Certification (hereinafter "Motion for Leave").  There are three main reasons why this Motion for Leave should be denied, and Plaintiffs will discuss each in turn.

**I.      Class Certification is Appropriate in This Case.**

No case is more appropriate for class certification than this one. This issue has been fully briefed for this Court not once, but two times. As a result, Plaintiffs will attempt to keep their substantive arguments on this issue to a minimum. However, it should be noted that the issue of class certification is especially straightforward in this case because this case had more of a "class moment" than a "class period." All 900 of the OHSL shareholders received exactly the same information in the form of the materially

false and misleading Proxy Materials/Registration Statement at the same time.  Several of

the Provident Director Defendants have now had no choice but to admit that Providents'

financial statements were misstated from 1994 to 1999, and that the numbers in the Proxy

Materials/Registration Statement would have been different if Provident had had that

correct information at the time.[1]  There also can be no doubt that the correct information

would have added to the total mix of information that would have been of interest to the

OHSL shareholders in 1999 as they considered whether or not to vote to merge with

Provident.  This is particularly true given that the Restatements tend to make Provident

look more financially sound from 1994 to 1999, and have the opposite effect in later

years.  Thus, this information could have very easily changed the result of the merger

since the information provided portrayed Provident in a very false light, and since there

was such a small number of votes separating those in favor and opposed to the merger

with the incorrect information. [2]  As indicated throughout the pleadings but most

specifically in the CAC (Doc. No. 234) and in the Motion for Class Certification and

Reply Brief (Doc. Nos. 233 and 260), these materially false and misleading Proxy

---

[1]    Interestingly, the Provident Director Defendants have often failed to admit that
Provident's financial statements were materially misstated from 1994 to 2002. Rather,
they only go so far as to say that the financial statements were misstated, that there was a
mistake, that they were wrong, or something to that effect. (Steger dep. pp. 34, 42) This is
at odds with, and directly contrary to Provident's own Board Minutes, which clearly state
that Provident's financial statements were *materially misstated*. (*See,* Plaintiffs'
Deposition Exhibit 92, at Bates No. 12066, Attached as Exhibit A).  Thus, although the
Provident Director Defendants may have trouble admitting this fact, they can run but
cannot hide from the Provident Board's own minutes, the inherent definition of a
misstatement itself, and the Plaintiffs' expert reports, and common sense.

[2] However, even with these repeated and blatant misrepresentations, the merger was only
approved by a slim majority (52.4%), and a change in vote from in favor of to against by
a mere 23,000 shares out of the more than 2,500,000 shares outstanding would have
caused the merger to be voted down.  It would have obviously failed if held to the two
thirds vote required for the recently announced Provident-National City Merger.

Materials/Registration Statement were designed to mislead the OHSL shareholders into approving the fraudulently induced OHSL-Provident merger.  Further, as discussed in greater detail below, Plaintiffs have more than ample counsel to represent them in this matter. Thus, since the class received exactly the same operative document, at the same time, the class is, of course, similarly situated, and should be certified.

II.    **The OHSL and Provident Defendants Have Provided No Reason for the Motion for Leave to be Granted.**

    A.    **There has Been No Change in Law or Other Event to Precipitate Such a Filing.**

The OHSL and Provident Defendants' Motion for Leave was not precipitated by a change in the law or any compelling circumstance. "The law of the case" counsels against reconsideration absent 'compelling circumstances,' including an intervening change of law, the availability of new evidence, or to correct a clear error or prevent manifest injustice." *Scottish Air. Int'; v. British Caledonian Group, PLC*, 152 F.R.D. 18, 25 (S.D.N.Y. 1993) (citing *Diduck v. Kaszycki & Son Contractors, Inc.*,  737 F. Supp. 792, 796 (S.D.N.Y. 1990); *United States v. Uccio*, 940 F.2d 753, 757 (2d. Cir. 1991). According to the doctrine of "law of the case," a decision regarding an issue of law made at one stage of a litigation becomes binding precedent, to be followed in subsequent stages of the same litigation absent cogent or compelling reasons. *DiLaura v. Power Auth. of N.Y.*, 892 F.2d 73, 76 (2d. Cir. 1992); *See Also, Uccio*, 940 F.2d at 758 quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983). The doctrine has its roots in the jurisprudential desire to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit. *In re PCH Assocs.*, 949 F.2d 585, 592 (2d. Cir. 1991); *Childress v.*

*Taylor,* 798 F.Supp. 981, 993-94 (S.D.N.Y. 1992). (noting the "desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs") (quoting *Dictograph Prods. Co. v. Sonotone Corp.*, 230 F.2d 131, 135 (2d. Cir. 1956).

**B.    The OHSL and Provident Defendants' Have Made an Improper Habit of Filing Supplemental Material in Support of Their Motion to Reconsider Class Certification and Motion to Decertify.**

This is not the first time that the OHSL and Provident Defendants have filed a supplemental filing in relation to class certification in this case. After filing their motion to reconsider class certification on October 2, 2001 (Doc. No. 52), the OHSL and Provident Defendant next filed a Motion to Decertify the Class on January 29, 2002. (Doc. No. 79). The OHSL and Provident Defendants next filed a filed a Notice of Filing Supplemental Material in Support of Motion to Reconsider Class Certification and Motion to Decertify on June 19, 2003. (Doc. No. 173). This was followed with a Notice of Filing Additional Supplemental Material in Support of Motion to Reconsider Class Certification and Motion to Certify on July 21, 2003 (Doc. No. 197), and a Notice of Filing Corrected Citation on July 23, 2003. (Doc. No. 199). However, even this was not the end of the supplemental filings. The OHSL and Provident Defendants also filed a Motion for Leave to File Supplemental Authority *Nunc Pro Tunc* on July 28, 2003 (Doc. No. 201), and Defendants' Reply Memorandum in Support of Second Filing of Supplemental Materials in Support of Motion to Reconsider Class Certification and Motion to Decertify. (Doc. No. 209). Finally, prior to the most recent Motion for Leave (Doc. No. 316), Defendants filed Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Submit Motion to Reconsider (Doc. No. 242). Consequently, it cannot be argued that the OHSL and Provident Defendants have not had several "bites at

the apple" on the motion for class certification prior to the filing of this Motion for Leave[3].

However, despite these "several bites at the apple," Plaintiffs suspect that the OHSL and Provident's present Motion for Leave (Doc. No. 316) may not be the last one. The Motion for Leave states "Class discovery is still not complete and Defendants therefore anticipate the need for further supplemental briefing." (Doc. No. 316). Further, OHSL and Provident's counsel, James E. Burke, Esq., has recently informed Plaintiffs' counsel that he would like to take the Meiers depositions at the end of the month just prior to the end of class discovery on June 30, 2004. As this Court is aware, the OHSL and Provident Defendants already had an opportunity to take the Meiers depositions in January at the beginning of the discovery period so that their testimony could be used in the filings related to class certification. However, this offer was rejected by defense counsel. Further, when Plaintiffs noticed the depositions themselves so that they could bring forth evidence relevant to the materially false and misleading Proxy Materials/Registration Statement, all of the Defendants, at the instigation of KMK, moved the Court to prevent the Plaintiffs from taking relevant evidence by obtaining a protective order from Magistrate Judge Hogan preventing these depositions from going forward until a later time. (Doc. No. 241). Thus, since the motion for class certification has been filed, as well as the OHSL and Provident Defendants' memoranda in opposition thereto, there is no reason why the OHSL and Provident Defendants would want to take these depositions at this late date if they did not intend to file another supplemental memorandum in opposition to Plaintiffs' Motion for Class Certification.

---

[3] A chart of the so-called supplemental filings and the dates they were filed is attached for the Court's convenience as Exhibit B.

Plaintiffs' submit that the OHSL and Provident Defendants should not be permitted to file supplemental memoranda, and burden this Court's docket, whenever they feel like it, or whenever it is necessary to correct one of their past mistakes. As argued above, there is no new case law or event to bring to the Court's attention. Rather, up until this point, it has just been recycled arguments or arguments regarding case law which could have been included in previous memoranda. As a result, the OHSL and Provident Defendants' have had more than an ample opportunity to oppose Plaintiff's motion to class certification, and there is no reason why they should be permitted any further opportunities to do so.

**C.      The OHSL and Provident Defendants are Partially to Blame for the Fact that Discovery is Not Complete in this Case.**

In the present case, it is true that there has not been a binding decision rendered by this Court on the issue of class certification.   However, it is also true that the same principles applicable to the "law of the case" doctrine still apply. Regardless of whether or not a decision has been made by this Court, there is no reason for this Court to presently grant a motion for leave to file a supplemental memoranda when the OHSL and Provident Defendants have not indicated that there is any intervening change in the law, any new evidence related to the issue of class certification, or the need to correct a clear error or prevent manifest injustice.  In fact, no specific reason is given at all as to why this supplemental memorandum needs to be filed at this time. Rather, the OHSL and Provident Defendants merely state that this Motion for Leave should be granted because of the continuing discovery in this case.

However, the OHSL and Provident Defendants must be forced to take the bulk of the responsibility for this. As discussed above, the OHSL and Provident Defendants

allowed the clock to tick on the schedule set by Magistrate Judge Hogan with respect to class certification, and made no attempt to take the deposition of newly added named Plaintiffs Gary and Lisa Meier in January when they had the opportunity to do so.

Thus, based upon the foregoing, it must be concluded that this is another attempt by the OHSL and Provident Defendants to generally harass Plaintiffs and their counsel, and to specifically retaliate against Plaintiffs and their counsel for the filing of Plaintiffs' Motion to Completely Disqualify KMK or, in the Alternative, Hold KMK in Contempt for Violation of This Court's October 20, 2003 Order (Doc. No. 215) Requiring the Consent of KMK's Clients for KMK's Continued Representation and Motion for Sanctions. (Doc. No. 314).

**D.**      **The Dominant Strategy of the OHSL and Provident Defendants in this Case is to Attack Plaintiffs' Counsel.**

Although the caption of the OHSL and Provident's Motion states otherwise, and the Motion for Leave is authored by the firm of Bieser, Greer & Landis, LLP rather than KMK, the timing of the filing of this Motion for Leave erases any doubt as to the OHSL and Provident's true intent with this Motion. As this Court well knows, Bieser, Greer & Landis, LLP replaced the law firm of Graydon, Head & Ritchey, LLP when it withdrew after attending its clients depositions and learning that the majority of their clients did not know who they were, let alone realize that they were being represented by them.[4]

---

[4]      It should also be noted that it is now Bieser, Greer & Landis, LLP who is acting unethically in this litigation by representing multiple camps of mutually antagonistic camps of defendants who are adverse, and/or potentially adverse, to one another. There is no doubt that at least some of the OHSL Defendants are adverse to KMK since KMK attorneys have testified against clients that KMK. (*See*, CAC, ¶30). Further, like Graydon, Head & Ritchey, LLP, Bieser, Greer & Landis, LLP was also recently present for its clients' depositions and confirmed that most of its clients have no idea that the Bieser, Greer & Landis, LLP firm existed, let alone represented them. It will

Similarly, Graydon, Head & Ritchey, LLP only came to represent the OHSL and Provident Defendants when this Court disqualified KMK from acting as their trial counsel based upon potential conflicts of interest which existed between KMK and the OHSL and Provident Defendants. Thus, now that Plaintiffs have recently filed a motion to completely disqualify KMK, it is not surprisingly that KMK's clients, the OHSL and Provident Defendants, have struck back through the filing of this Motion for Leave (Doc. No. 316). Consequently, if this Court grants the OHSL and Provident Defendants leave to file their motion at this time it will set a troubling precedent in this case. First, it will eliminate any confidence that the parties have in conducting their affairs. If parties are able to file supplemental memoranda when there are no exceptional or extenuating circumstances for doing so, but rather only a desire to retaliate against the Plaintiffs for one of their motions, then the Plaintiffs have no confidence that the filing of supplemental motions will not become a tool of harassment.[5] Second, the granting of leave to file this supplemental memorandum will unnecessarily deplete the resources of

be interesting to see if Bieser, Greer, & Landis, LLP will intelligently follow in the footsteps of Graydon, Head & Ritchey, LLP and withdraw from this case now that it is clear that the Plaintiffs' arguments of conflict of interest between the OHSL, Provident and KMK Defendants, and lack of informed consent on the part of the OHSL and Provident Defendants, have been confirmed in this case.

[5] This is particularly important in this case because the OHSL and Provident Defendants have clearly consciously decided that one of the best ways to defend this litigation is to attack Plaintiffs' counsel, and Michael G. Brautigam. Esq. in particular. During the nearly four years of litigation in this case, Mr. Brautigam, in particular, has been unfairly attacked based upon his professional qualifications, his personal conduct, and even lawsuits entirely unrelated to any issue in this case in which he was involved as a plaintiff. Also, in the 45 months from inception of the case, all of the defendants combined have taken exactly one deposition, preferring instead to attack, Messrs. Mesh, Brautigam, and Thiemann, the only strategy that they can think of in this case.

the parties and this Court. Neither party should be subjected to such an unnecessary expense and use of time. Third, it will encourage KMK to file addition supplemental pleadings, as they apparently intend to do.

Thus, for the foregoing reasons, the OHSL and Provident Defendants should not be permitted to file groundless and endless supplemental memoranda as a tool of harassment and for attacks against Plaintiffs' counsel. Enough is enough.

**III.    There is No Problem with Plaintiffs' Counsel's Conduct in this Case.**

      **A.    The Motion for Leave Cites No Specific Misconduct on the Part of Plaintiffs' Counsel which would warrant the granting of their Motion.**

The OHSL and Provident Defendants do not make any specific allegations regarding the conduct of class counsel in their Motion for Leave. Rather, the OHSL and Provident Defendants state that the "Court can and should consider the ongoing conduct of class counsel in determining whether the alleged inadequacies should preclude certification." (Doc. No. 316). The only indication of such conduct in the Motion for Leave is provided in the cases which are cited by the OHSL and Provident Defendants. However, none of these cases are even remotely factually applicable to the conduct of class counsel in this case.

*Dubin v. Miller,* 132 F.R.D. 269, 273 (D. Colo. 1990) is discussed in earlier supplemental pleadings and it is entirely unnecessary for the defendants to attempt to re-argue this old case. It dealt with class counsel that delayed in moving for notice to the class, filed for a motion to bifurcate so that it could proceed without notice to the class, and then moved for notice while a motion for class decertification was pending. Id. at 274. The court saw the acts of class counsel "as part of an ill-conceived, scrambling and belated attempt to blunt one of the better arguments made in the motions to decertify the

class." Id. Consequently, the court found that it fully supported the finding that plaintiff and his counsel were not adequate class representatives. Id.

Similarly, in *Hatch v. Reliance Ins. Co.*, 785 F.2d 409 (9th Cir. 1985), the court found that "Counsel's performance in these proceedings demonstrates an inability to adequately and competently represent a single plaintiff, much less a class of plaintiffs." Id. at 416. In particular, the court stated that counsel had attempted to re-litigate an issue litigated and finally decided in the federal interpleader action, had ignored prior court orders, and had been held in contempt. Id.

Finally, in *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597 (S.D.N.Y. 1992), the court found that there "was a body of federal case law involving (Plaintiff's counsel's) misconduct." Id. at 600. In particular, plaintiff's counsel had failed to obey a judge's orders, failed to heed a judge's instructions, failed to honor a settlement agreement, failed to comply with discovery orders, failed to adhere to filing requirements, and filed frivolous motions. Id. Counsel had also been sanctioned under a variety of federal rules, admonished by several judges, and referred to the Disciplinary Board of the Supreme Court of Pennsylvania. Id.

It is dishonest, if not unethical, for the OHSL and Provident Defendants to cite to this string of cases in support of its argument that the ongoing conduct of Plaintiffs' counsel should be examined when they know that Plaintiffs' counsel's conduct has not come even close to the conduct discussed in these cases. There have never been any allegations of inferior work, inattention to the Plaintiffs' claims, or general incompetence

on the part of Plaintiffs' counsel[6]. Rather, the Defendants' complaints are usually that Plaintiff has tried to push this case along too quickly or that Plaintiffs' counsel has been overly zealous in their representation of the Plaintiffs and their claims.

### B.    The Proposed Supplemental Memorandum is a Misrepresentation of the Facts

Although a review of the Proposed Supplemental Memorandum at this time would be placing the cart before the horse, a review of the arguments contained in the Proposed Supplemental Memorandum does not warrant a granting of Defendants' Motion for Leave in this case. The argument is nothing new because it continues the unrelenting attacks on Michael G. Brautigam, Esq.  Although it is true that Mr. Brautigam applied for *pro hac vice* admission in *Tribble v. Graham* No. C-1-03-403 after this Court's Order of January 24, 2001 this Court did not forbid the application of future *pro hac vice* privileges before this Court[7]. There was no "directive," as stated by Defendants.  (Doc. No. 316). Also, although Mr. Brautigam did use inappropriate language when addressing opposing counsel at one point during heated litigation in the *Tribble* case, Mr. Brautigam

---

[6] It is counsel for the OHSL and Provident Defendants who has deliberately made false statements to the Court (Doc. No. 253), deliberately ignored prior Orders of this Court by re-arguing the very same points that the Court had already decided, often in identical language (Doc. No. 253), who has littered the record with amended pleadings because they could not get it right the first time, (*See*, Exhibit B), and in their zeal to attack Messrs. Mesh, Brautigam and Thiemann, has repeatedly filed documents in violation of the Local Rules.  (*See*, Doc. No. 201).

[7] As has been previously pointed out, Mr. Brautigam far exceeds the requirements to practice in Federal Court, and far exceeds each and every requirement for appointment as a United States Magistrate Judge in this District.

apologized and withdrew as counsel in that case.[8] Although there were many valid arguments to make for the momentary lapse in judgment in the choice of his language, Mr. Brautigam chose not to make them because he did not want to in any way jeopardize or hinder the progress of his client's case.[9] At any rate, this isolated incident is not in any way comparable to the cases cited by the OHSL Defendants in their Motion for Leave and Proposed Supplemental. These cases show a definite and pervasive pattern of incompetence and/or an inability or failure to effectively represent their clients. This is not the situation in the present case.

### IV. Plaintiffs' Counsel are Capable and Effective Class Counsel.

#### A. Plaintiffs' Counsel has More Than Amply Prosecuted this Case for the Past Four Years.

The results in this case speak for themselves. Mr. Brautigam, in conjunction with Mr. Mesh, has conducted litigation related to the merger for almost five years and has ably litigated this Federal Securities claim for forty-five months. If Plaintiffs' counsel

---

[8] In *Tribble*, as in this case, opposing counsel were attempting to represent almost all of the Defendants in the case despite the conflicting interests of the defendants in that action. Consequently, in *Tribble,* as in the present action, Mr. Brautigam and his co-counsel Paul L. Hackett, Esq. filed a Motion to Disqualify Counsel.

[9] Opposing counsel in the *Tribble* case admitted to Mr. Hackett that they had been deliberately provoking Mr. Brautigam throughout the litigation. The most concrete example of this was opposing counsel's continued refusal to serve Mr. Brautigam with any correspondence or filings in the case. This is an inaccurate portrayal of events and it is countered by the signed and notarized affidavit of Paul L. Hackett, Esq. Further, the affidavit of the court reporter submitted by the OHSL and Provident Defendants in support of their argument in the Supplemental Memorandum is inappropriate for three main reasons. First, it is unsigned and not notarized. Second, the court reporter was biased based upon her previous employment relationship with opposing counsel, as well as completely unaware of the background leading up to the exchange at the deposition. Third, it is an inaccurate portrayal of the events as countered by the affidavit of Paul L. Hackett, Esq. (*See,* Affidavits of Paul L. Hackett, Esq. and Michael G. Brautigam, Esq., Attached as Exhibits C and D respectively).

has achieved this result with resources that the Court deems less than some "minimal" requirement, it is because they have worked efficiently, effectively responded to Defendants' motions to dismiss in a timely manner (even when certain defendants contemptuously re-argued the same issues that had been previously been decided by this Court) and have progressed through difficult discovery problems primarily caused by KMK's use of their multiple representations to obstruct discovery.[10]  Certainly, Plaintiffs are not happy with the delay, but this delay seems to have more to do with procedural confusion than with the efforts of counsel.  If anything, Plaintiffs' counsel has been aggressive in attempting to move the case forward to allow for the orderly presentation of issues at trial. It is only because Plaintiffs have been thwarted at every turn by KMK's reluctance to participate in the case, both as defense counsel and as defendants, that these delays have persisted. This Court has also been cognizant of these delays and has criticized KMK at the appropriate junctures. Consequently, it is clear that these delays will continue to persist until KMK is completely disqualified from this case.

**B.    Plaintiffs' Counsel Will Not Succumb to Intimidation or Other Tools of Harassment.**

The OHSL litigation leaves no doubt that the legal system is adversarial.  Class counsel is faced with prosecuting the case against some of the best regional and national law firms. However, Plaintiffs have still apparently kept all of these firms on the defensive. The KMK firm, for example, has effectively whined that they were not ready

---

[10] It is important to remember that the original complaint was so obviously meritorious that the Dinsmore Defendants, recognizing the futility, did not even move to dismiss the complaint, but answered it instead.  Generally speaking, the litigation with the Dinsmore Defendants has proceeded smoothly. The Plaintiffs and Dinsmore Defendants have even found themselves aligned as was the case in relation to KMK's motions for protective Orders, See, Docs. No. 138, 139, 140. 142.

for certain filings, such as motions for summary judgment, despite the fact that these motions were always filed within the clear limits set forth by the Court. (Doc. No. 328)[11]

As a result, the Defendants are forced to use other tactics, including intimidation and harassment, to combat the Plaintiffs. However, Plaintiffs' counsel will not succumb to such tactics. The Motion for Leave is just another transparent attempt to intimidate class counsel. It is true that this attempt was not completely unexpected given OHSL and Provident Defendants' track record and the filing of Plaintiffs' motion to completely disqualify and to sanction KMK. However, regardless of the circumstances, the Mesh firm refuses to be intimidated, and will not knuckle under to this latest attempt. The class deserves nothing less.

## IV.  CONCLUSION

Thus, for the foregoing reasons, the Plaintiff Class respectfully requests that the motion for leave be denied.

Respectfully Submitted,

**GENE MESH & ASSOCIATES**

Dated:  10 June 2004

By: _____

Gene Mesh (0002076)
Michael G. Brautigam
GENE MESH AND ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800 (Telephone)
(513) 221-1097 (Facsimile)

---

[11]  The Dinsmore Defendants have filed a similar motion styled Defendants Dinsmore & Shohl, LLP's, Clifford Roe's and Charles Hertlein's Motion to Stay Consideration of Plaintiff's April 22, 2004 Motion for Summary Judgment. (Doc. No. 329).

# CERTIFICATE OF SERVICE

I hereby certified that a copy of the foregoing Memorandum in Opposition for the Motion for Leave (Doc. No. 316) was served on this, the 10th day of June, 2004 as follows.

## BY HAND DELIVERY

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202-3752


## BY FACSIMILE

John W. Hust
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, OH  45249

David C. Greer
James H. Greer
BIESER, GREER & LANDIS
400 National City Center
6 North Main Street
Dayton, OH  45402-1908

_____
Stephanie A. Hite