IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRUCT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER THIEMANN, et al. | : | Case No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFFS' MOTION TO CERTIFY THIS COURT'S ORDER DISMISSING THE CASE AGAINST DEFENDANT ERNST & YOUNG FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. §1292(b) (DOC. NO. 336).

Dated: June 14, 2004

GENE MESH & ASSOCIATES

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

1

Plaintiffs, by and through counsel, respectfully request that this Court certify its May 28, 2004 Order (Doc. No. 336) which dismisses Defendant Ernst & Young from this action. Plaintiffs submit that this Order involves controlling questions of law pursuant to 28 U.S.C. §1292(b) to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Plaintiffs submit the following Memorandum in support thereof.

Respectfully Submitted,

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

## MEMORANDUM

**I.  INTRODUCTION**

On March 5, 2003, and April 15, 2003, the First and Second Restatements of the Provident financial statements were revealed to the investing public.[1] These Restatements conclusively indicated that Defendant Ernst & Young (hereinafter "E&Y") did not

---

[1] Through discovery, Plaintiffs have obtained Provident's internal documents which reveal that Provident was aware of significant problems with the auto lease model that led to the massive 2003 Restatements for several years before the Restatements were

2

conduct its audits in accordance with GAAS at least as far back as 1994. As a result of these filings, Plaintiffs amended their complaint to name Defendant E&Y two days after the First Restatement has filed.

Defendant E&Y filed its Motion for Dismiss (Doc. No. 252) on January 30, 2004. Plaintiffs' filed their Memorandum in Opposition to Defendant E&Y Motion to Dismiss (Doc. No. 273) on February 17, 2004. On May 28, 2004, this Court found Defendant E&Y's Motion to Dismiss to be well taken and granted the same. (Doc. No. 336).

## II. LEGAL ARGUMENT

### A. Certification of the Order Pursuant to 28 U.S.C. §1292(b)

Under 28 U.S.C. §1291, appellate jurisdiction is limited to appeals from "final decisions of the district courts." *Swope v. Columbian Chems. Co.*, 281 F. 3d 185, 191 (5th Cir. 2002). In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Federal Rule of Civil Procedure 54(b). *See, Carson v. Owen*, 578 F.2d 572, 574 (5th Cir. 1978). Fed.R.Civ.P. 54(b) provides as follows:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is

---

announced. Provident, as a matter of law, should not be rewarded for continuing to hide the fraud until they believed that the statute of limitations had run. Such a perverse incentive to defraud the financial markets cannot have a basis in law.

3

> subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id. Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" but does not change the ordinary meaning of "final". So it does not authorize appeal of decisions that, if made in stand-alone litigation, would not be "final." *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202 (1976). Unless the court enters final judgment on an entire "claim," or wraps up the case with respect to all claims involving a particular party, Rule 54(b) does not permit an immediate appeal. *Steve's Homemade Ice Cream, Inc. v. Stewart,* 907 F.2d 364 (2$^d$ Cir. 1990); *FDIC v. Elefant,* 790 F.2d 661, 664 (7th Cir. 1986).

However, orders and/or questions can be certified for appeal pursuant 28 U.S.C. § 1292. 28 U.S.C. § 1292 discusses with interlocutory decisions and provides, in pertinent part, as follows:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> > (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
>
> . . .
>
> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however,

> that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Id.

As stated above, to certify a question for appeal under § 1292(b) this Court must find that the order at issue involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). As explained in 2 Fed. Proc., L. Ed. § 3:360 at 456:

> An appeal under 28 U.S.C. § 1292(b) should not be granted where the record does not present a case which is ripe for appellate determination. If the answer to a question of law is dependent on the development of a record at trial, such as where complicated questions of law and fact have been presented to the appellate court before they have been explored by the trial court, or if the record presented to the appellate court is unsatisfactory and confused, an interlocutory appeal should not be allowed, since an appellate court should not give an advisory opinion on unknown facts.

Id. Exceptional circumstances are usually required for a district court certify a question under 28 U.S.C. § 1292(b). *Kraus v. Bd. Of County Road Commissioners,* 364 F.2d 919 (6th Cir. 1966); *Cardwell v. Chesapeake & Ohio R.R. Co.,* 504 F.2d 444 (6th Cir. 1974). A party's "question as to the correctness of a ruling alone is not grounds for certification." *Cronovich v. Dunn,* 573 F. Supp. 1340, 1342 (E.D. Mich. 1983).

Upon certification, the Court of Appeals may in its discretion permit an appeal to be taken. As discussed in *Dibidale of Louisiana v. American Bank & Trust Co.,* 916 F.3d 300, (5th Cir. 1990), a Rule 54(b) certification does not apply retroactively to the date of the original judgment. Id. at 304. Instead, the judgment becomes final and appealable when certified under Rule 54(b). Id. Thus, for purposes of Federal Rule of

Appellate Procedure 4, a judgment becomes final on the date of entry of the Rule 54(b) certification, not the date on which the partial judgment is entered.

A Court of Appeals reviews a district court's decision to certify under Rule 54(b) for an abuse of discretion. *Federal Sav. & Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990). Although Rule 54(b) requests should not be granted routinely, "it is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460 (1980). In making this decision, the district court must consider "judicial administrative interests as well as the equities involved." *Id.* So long as the district court's certification is not "clearly unreasonable," it will not be disturbed. Id. at 10.

However, it is rather doubtful that appellate review may be had of a district judge's refusal to certify pursuant to 28 U.S.C. §1292(b). *In re Master Key Antitrust Litigation, 528 F.2d 5, 8 (2d. Cir. 1975)* (trial judge's refusal to certify issues pursuant to 28 U.S.C. §1292(b) is not appealable); *Pfizer, Inc. v. Lord,* 522 F.2d 612, 614, n.4 (8th Cir. 1975) ("This court is without jurisdiction to review an exercise of the district court's discretion in refusing such [§ 1292(b)] certification."), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 1422 (1976); *United States v. 687.30 Acres of Land,* 451 F.2d 667, 670 (2d. Cir. 1971) ("We have no jurisdiction to review the trial court's denial of the § 1292(b) certificate."), *cert. denied,* 405 U.S. 1026 (1972). Appellate review of a § 1292(b) denial to certify would undercut the policy embodied in the statute which requires both the district court and the court of appeals to exercise their discretion in favor of interlocutory review. See S.Rep. No. 2434, 85th Cong., 2d Sess. *reprinted in* 1958 U.S. Code Cong. &

Admin. News 5255, 5259 (letter from Judicial Conference of the United States). Consent of the trial judge is mandatory. *Coopers v. Lybrand v. Livesay*, 437 U.S. 463, 474, 98 S.Ct. 2454 (1977).

In *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002), the Fifth Circuit stated that the district court did not abuse its discretion in certifying Brown's appeal because it was reasonable since the issues in the case were intertwined. Id. It had to be determined if Abraham was properly dismissed from this case before proceeding with the claims against Newman, because the conspiracy claims against them were intertwined. Id. Further, Abraham has not adequately explained how our consideration of this appeal will harm the remaining defendants, nor is any harm apparent. Id.

The same type of concern is present in this case. The claims and parties in this case are all intertwined because they all center around the creation of the Proxy Materials/Registration Statement, the 2003 Restatements of the Provident financial statements, and whether or not the Restatements confirm that the Proxy Materials/Registration contain material misstatements. Although there are several other issues in this case, and several other problems in relation to the Proxy Materials/Registration Statement, these issues alone illustrate how all the parties and claims are intertwined. Plaintiffs will discuss each question for certification in turn.

1. **Defenses Based upon the Statute of Limitations Are Not Ordinarily Appropriate for a Motion to Dismiss.**

Defendant E&Y did not meet its burden of proof in relation to its affirmative defense of the statute of limitations. *Picard Chem., Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1118 (W.D. Mich. 1996). Plaintiffs are not required to negate

this affirmative defense. Rather, it is defendants' burden at all stages of the litigation. Id. (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). For this reason, Plaintiffs argued that it was inappropriate to address the statute of limitations on a motion on the papers, especially when the defense is that Plaintiffs should have discovered the facts underlying their claim. *Fischer v. AmSouth BanCorporation*, 971 F. Supp. 533, 537 (M.D. Fla 1997) citing (*Smith v. Duff & Phelps, Inc.*, 891 F.2d 1567, 1572 (11th Cir. 1990)). Plaintiffs further argued that the facts underlying their claim negated this affirmative defense since there was no way that Plaintiffs could have had any inquiry notice of their claim against Defendant E&Y until the first Restatement was filed in 2003, and then the Plaintiffs named Defendant E&Y as a defendant in this action two days later.

In *Bovee, et al. v. Coopers & Lybrand, et al.*, Case No. 2:97-CV449 (S.D. OH 2004), the district court discussed the majority view regarding inquiry notice. (*See, Bovee Opinion*, Attached Exhibit A at p. 15). In particular, the district court stated that "the limitation period begins to run only when a reasonably diligent investigation would have discovered the fraud," and that this was an equitable standard because it "reflects an appropriate balance between 'the staunch federal interest in requiring plaintiffs to bring suit promptly... and the equally strong interest in not driving plaintiffs to bring suit... before they are able, in the exercise of reasonable diligence, to discover the facts necessary to support their claims." (*See*, Exhibit A at p. 15). In other words, the *Bovee* Court was trying to adhere to the longstanding rule that for every wrong, there is a remedy. Further, even more importantly to the facts of this case, the district court stated that it agreed with the Fifth Circuit when it held as follows:

> "The multifaceted question of whether storm warnings were apparent involves issues of fact... In the archetypical case, therefore, it is for the

> factfinder to determine whether a particular collection of data was sufficiently aposematic to place an investor on inquiry notice. *Marks v. CDW Computer Ctrs., Inc.* 122 F.3d 363 368-269 (7th Cir. 1997); *See Also, Gen. Builders,* 796 F.2d at 12 (emphasizing that this sort of factual question may be determined as a matter of law only when the underlying facts are either admitted or undisputed). So too the related question of whether a particular plaintiff exercised reasonable diligence in the face of such warnings. *Maggio,* 824 F. 2d at 128. *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 803 (1st Cir. 1987).

(*See,* Exhibit A at p. 18). Thus, it is clear that at least one Court in this district believes that complicated statute of limitations issues are inappropriate for motions to dismiss and/or motions for summary judgment.

As a result, since the issue of whether or not a motion to dismiss should be resolved on the basis of the affirmative defense of statute of limitations is a controlling question of law, for which there is substantial ground for difference of opinion, and from which an immediate appeal from the order may materially advance the ultimate termination of the litigation, this Order should be certified. 28 U.S.C. §1292(b).

### 2. The Court failed to Consider the Applicability of the Continuing Fraud Doctrine.

In the present case, as stated above, the first indication that the investing public had any knowledge that anything was amiss with respect to Provident's financial statements was March 5, 2003. Furthermore, although both Defendants E&Y and Provident knew that there were problems far in advance of March 5, 2003, this is the first day that Defendant E&Y revealed their knowingly reckless auditing conduct in relation to Provident's financial statements. As a result, from the date of its certification and opinions, up until March 5, 2003, Defendant E&Y took part in a continuous fraudulent course of conduct that went on for many years. Such conduct constitutes a continuing fraud or continuing violation, and may have been a deliberate choice on the part of

Defendants Provident and E&Y. As a result, it should toll the statute of limitations in this action. If the continuing fraud doctrine is not applied, Plaintiffs' Section 10(b) claim will have inequitably and unjustly run before Plaintiffs had a chance to discover it. This Court noticeably failed to address the applicability of the continuing fraud doctrine. There is a strong divergence of opinion on whether or not the continuing fraud doctrine should toll the statute of limitations. *See, SEC v. Schiffer*, 1998 U.S. Dist. LEXIS 6339, No. 97- CV-5853 (S.D.N.Y. May 5, 1998) (recognizing the issue as unresolved but denying § 2462 statute of limitations motion to strike civil penalty when discovery was incomplete and relevant facts were underdeveloped).

As a result, since the continuing fraud doctrine is a controlling question of law, for which there is substantial ground for difference of opinion, and from which an immediate appeal from the order may materially advance the ultimate termination of the litigation, this Order should be certified. 28 U.S.C. § 1292(b).

### 3. **The Court failed to Consider the Applicability of the Sarbanes-Oxley Act.**

Although this Court discusses the Sarbanes-Oxley Act, 28 U.S.C. §1658 in relation to Sections 11 and 12(2), it does not do so in relation to Sections 10(b) and 14(a). The Supreme Court of the United States applied the one-year statute of limitations and three-year statute of repose to Section 10(b) and 14(a) claims as set forth in §9(e) of the Exchange Act, 15 U.S.C. §78i(e), to §10(b). *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991). In 2002, the Sarbanes-Oxley Act expanded the applicable periods of limitation and repose to two years and five years. Plaintiffs argued that they were able to meet this statute of limitations because they did not have any "inquiry notice" of Defendant E&Y's fraud until March 5, 2003 when the Restatement

was announced. However, although this Court stated that the Sarbanes-Oxley Act was not applicable to Plaintiffs' Section 11 and 12(2) claims because these claims did not involve scienter, this Court failed to mention the Sarbanes-Oxley Act when discussing the Section 10(b) and 14(a) claims, or those that do specifically involve scienter. (Doc. No. 336). Rather, this Court argues that Plaintiffs' failed to plead scienter because it failed to allege any of the factors considered in *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001), and because Plaintiffs failed to allege an appropriate motive and/or opportunity for Defendant E&Y to make the misstatement. (Doc No. 336).

As a result, since the issue regarding the application of the Sarbanes-Oxley Act to Plaintiffs' 10(b) and 14(a) claims is a controlling question of law, for which there is substantial ground for difference of opinion, and from which an immediate appeal from the order may materially advance the ultimate termination of the litigation, this Order should be certified. 28 U.S.C. §1292(b).

### 4. The Court failed to allow Plaintiffs to Amend their Complaint.

The Plaintiffs were not permitted to amend their CAC despite the fact that Defendant E&Y was a "late-comer" to this litigation. As stated in this Court's Order (Doc. No. 336), Defendant E&Y is a "late-comer to this litigation" since it was added as party via Plaintiffs' consolidated class action compliant in December 2003. (Doc. No. 234). However, the reason that Defendant E&Y was a "late-comer" was because Plaintiffs did not have any reason to add Defendant E&Y as a party to the complaint until the first Restatement was filed in March of 2003. Thereafter, despite the fact that the Plaintiffs timely named Defendant E&Y as a party to the action within two days of the

filing of the Restatement in March of 2003, the Plaintiffs were still not permitted to amend their CAC in relation to Defendant E&Y. (Doc. No. 215).

This refusal of the Court to permit Plaintiffs to amend their CAC is particularly relevant now that Plaintiffs have recently been able to start taking the depositions of the Provident Directors, and are learning information as to Defendant E&Y's knowledge and role in the accounting models at issue in relation to the Restatements. Most significantly, it is has become clear that Defendant E&Y was improperly auditing an accounting model which E&Y itself had a hand in creating. (Pedoto dep. p. 83). However, this Court does not address its failure to permit the Plaintiffs to amend their Complaint, but only finds that Plaintiffs have failed to plead specificity necessary to show the recklessness necessary to give rise to the inference of scienter. (Doc. No. 336). This is not the case. In reality, the required specificity has been obtained, but Plaintiffs are unable to use it, since they are not permitted to amend the CAC, even once, against Defendant E&Y. If such an amendment had been permitted, Plaintiffs would have added highly detailed allegations, supported by internal documents and deposition testimony of the Provident Director Defendants, that show that Defendant Provident was aware of significant problems with the auto lease model for years prior to the first Restatement. Further, more importantly, that Defendant E&Y, in violation of basic principles of GAAS, helped to create the model, audited the model it helped create and then missed key flaws in relation to that model, for years thereafter.

As a result, since the issue of this Court's failure to permit Plaintiffs' to amend their CAC is controlling question of law, for which there is substantial ground for difference of opinion, and from which an immediate appeal from the order may

materially advance the ultimate termination of the litigation, this Order should be certified. 28 U.S.C. § 1292(b).

Finally, in support of this Motion to Certify, it should be noted that the granting of this Motion to Certify will not create piecemeal litigation, unnecessarily protract the case, or increase its cost. Rather, it will help this Court to avoid a greater expenditure or time and money in the future. These are issues for which there is a substantial difference of opinion, and issues which are not going to go away. As a result, it is better to deal with them now so that the rest of this case can be properly adjudicated. Additional delay can only continue to prejudice the Plaintiffs.

## II.  CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Certify This Court's Order dismissing the Case Against Defendant Ernst & Young for Immediate Appeal Pursuant to 28 U.S.C. §1292.

Dated: June 14, 2004
                                            **GENE MESH & ASSOCIATES**

                                            /s/ Gene Mesh

                                            Gene Mesh (0002076)
                                            Michael G. Brautigam
                                            2605 Burnet Avenue
                                            Cincinnati, Ohio 45219-2502
                                            (513) 221-8800
                                            (513) 221-1097 (Facsimile)

                                            *Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Certify This Court's Order dismissing the Case Against Defendant Ernst & Young for Immediate Appeal Pursuant to 28 U.S.C. §1292 (Doc. No. 336) was served this 14th day of June 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael Barrett, Esq.
Barrett & Webber
105 East Fourth Street, Suite 500
Cincinnati, OH 45202-4015

**BY FIRST CLASS MAIL**

John Hust, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Suite 110, Governor's Knoll
11935 Mason Road
Cincinnati, OH 45249

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center, 6 North Main Street
Dayton, OH 45402-1908

James E. Gauch. Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

Stephanie A. Hite