IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRUCT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER THIEMANN, et al. | : | Case No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |
| | : | |

\* \* \* \* \* \* \*

## PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMETN REGARDING A FINDING THAT THE STATEMENT THAT THE OHSL BOARD OF DIRECTORS UNANIMOUSLY APPROVED THE ACQUISITION BY PROVIDENT IS A MATERIAL MISSTATEMENT (Doc. No. 315).

Plaintiffs, by and through counsel, move this Court for leave to supplement the record with the attached Supplemental Memorandum and deposition transcripts of Defendants Jack Cook, Robert Hoverson, Joseph Pedoto, and Joseph Steger (Attached as Exhibits A,B,C, and D), along with the Affidavit of William Lutz, Ph.D. J.D. (Attached as Exhibit E). Plaintiffs respectfully move to supplement this record in further support of Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement (Doc. No. 315), and submit the following Memorandum in support of this Motion.

At the time Plaintiffs filed Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the

1

Acquisition by Provident is a Material Misstatement (hereinafter "Unanimity Motion for Summary Judgment") (Doc. No. 315), the Plaintiffs had not yet had the opportunity to depose the Provident Director Defendants, but only the OHSL Director Defendants. Plaintiffs submit that the deposition transcripts of the Provident Director Defendants provide additional support for several of the propositions set forth in the Unanimity Motion for Summary Judgment including, but not limited to, the proposition that it is a material misstatement to state that the OHSL Board of Directors unanimously approved the acquisition by Provident.

Dated: June 29, 2004                    **GENE MESH & ASSOCIATES**

_____
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

### MEMORANDUM

In accordance with the Court's Scheduling Order, Plaintiffs filed Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement on April 22, 2004. (Doc. No. 315). However, at the time this Motion was filed, Plaintiffs had not yet had the opportunity to take the depositions of the Provident Director Defendants. Now that Plaintiffs have had the opportunity to do so, and the time

allotted for filing or responding to motions for summary judgment under the Court's Scheduling Order has not yet expired, the Plaintiffs seek to submit the depositions of the Provident Director Defendants as further support for the propositions contained in Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement (Doc. No. 315).  Pursuant to federal law, this Court can consider, and should consider, additional evidence which arises in relation to this pending motion for summary judgment when the time period for filing and responding to motions for summary judgment has not yet ended.  Further, the Defendants will not be prejudiced in any way by this Court granting Plaintiffs leave to supplement the record since they will also have ample time to respond to said supplemental motion and the deposition testimony of the Provident Director Defendants.

As a result, Plaintiffs respectfully request that this Court permit Plaintiffs to supplement the record by filing the attached Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement and deposition transcripts of Defendants Jack Cook, Robert Hoverson, Joseph Pedoto, and Joseph Steger (Attached as Exhibit A,B, C, and D), along with the affidavit of William Lutz, Ph.D., J.D. (Attached as Exhibit E).

> Respectfully Submitted,
>
> /s/ Michael L. Brautigam
>
> Gene Mesh (0002076)
> Michael G. Brautigam
> 2605 Burnet Avenue
> Cincinnati, Ohio 45219-2502
> (513) 221-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRUCT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER THIEMANN, et al. | : | Case No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |
| | : | |

\*     \*     \*     \*     \*     \*     \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING A FINDING THAT THE STATEMENT THAT THE OHSL BOARD OF DIRECTORS UNANIMOUSLY APPROVED THE ACQUISTION BY PROVIDENT IS A MATERIAL MISSTATEMENT (Doc. No. 315)**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

On April 22, 2004, Plaintiffs filed Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement. (Doc. No. 315). At that time, the Plaintiffs had only taken the depositions of the OHSL Director Defendants and one Provident Director. Since the filing of this Motion, Plaintiffs for the first time were able to take the depositions of the Provident Director Defendants. Plaintiffs submit that the depositions of Defendants Jack Cook, Robert Hoverson, Joseph Pedoto, and Joseph Steger, along with the Affidavit of William Lutz, Ph. D., J.D., offer additional support for several of the arguments made in Plaintiffs' Motion for Summary Judgment

Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement (Doc. No. 315).

## II.    ARGUMENT

Upon reflection and analysis of the Proxy Materials/Registration Statement, and the evidence obtained throughout discovery in this action, several of the Provident Director Defendants testified during their depositions that there were misstatements of fact, omitted facts, or issues that specifically troubled them in relation to the Proxy Materials/Registration Statement.[1] In the interest of brevity, and since the Plaintiffs are filing the deposition transcripts of the Provident Directors in their entirety,[2] the Plaintiffs will not recount all of the Provident Directors' testimony which is in support of Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material

---

[1]    All of the Provident Directors agreed that there was some type of misrepresentation or omitted fact in the Proxy Materials/Registration Statement in relation to the issue of whether or not the OHSL Director Defendants unanimously approved the merger and believed that the OHSL-Provident merger was in best interests of the OHSL shareholders. However, although some of the Provident Director Defendants would acknowledge certain inaccurate or misleading points or facts in relation to the Proxy Materials, most of them were not willing to state that the unanimity statement was a "material" misstatement because they believed that such a determination was a legal one which they were not qualified to make. Defendant Cook was willing to state that it was material for a CEO not to reveal that he did not think that a merger was in the best interest of the shareholders, but he was unwilling to state from a "legal perspective" that the OHSL Shareholders had been misled by the claim of unanimity. (Cook dep. pp. 128, 156). He would only state that it personally bothered him. (Cook dep. p. 156). Similarly, although Defendant Pedoto was inclined to believe that an abstaining director was different from a voting director, he was not willing to state that an abstaining director would be recorded differently than a voting director for purposes of the Proxy Materials/Registration Statement because he said that he was not up on the rules of protocol for the directors' meetings. (Pedoto dep. pp. 17, 147).

[2]    Some of these depositions are not complete, and/or the transcripts are not yet available. However, Plaintiffs will file these transcripts with the Court as they become available.

5

Misstatement. (Doc. No. 315). However, the Plaintiffs are submitting the following arguments and citations which the Plaintiffs believe are representative of the testimony set forth in their depositions, and which provide further support for Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement. (Doc. No. 315).

### A. It was a False Statement to State that the OHSL Board Unanimously Voted in Favor of the OHSL-Provident Merger

The Provident Directors were largely in agreement that the word "unanimous" in the Proxy Materials/Registration Statement was used differently from what their general understanding of the definition of "unanimous" is. In fact, all the Provident Directors testified that they defined "unanimous" to mean that all of the directors that were present that day voted for the deal. (Cook dep. p. 77; Hoverson dep. 79; Pedoto dep. p. 16). Defendant Hoverson stated from reading the Proxy Materials/Registration Statement that he expected all the directors who were present to have voted and to have voted for it. Hoverson dep. pp. 77, 79). To him, the word "unanimous" technically meant each director who was present at the meeting voted in favor of the merger. (Hoverson dep. pp. 77, 79).

However, Defendants Steger, Pedoto, and Cook went even farther in their understanding of the phrase that the OHSL Board voted unanimously in favor of the merger. Defendants Cook and Pedoto believed that when the phrase "the board" was being used, it meant "whatever the number of board members were at that time." (Pedoto dep. p. 241; Cook dep. p. 211). For example, in a hypothetical in which the board consisted of six board members, Defendant Cook stated that all six would have to have

voted for the merger in order for it to be unanimous. (Cook dep. p. 131). Similarly, when Defendant Steger was asked what the definition of "unanimous" was with respect to the Provident-National City merger, Defendant Steger stated that it meant that "each and every director voted in favor of the merger." (Steger dep. p. 127). Thus, he should also apply the same standard to the OHSL-Provident merger, and should also interpret the Proxy Materials/Registration Statement to mean that all eight of the OHSL Directors voted in favor of the OHSL merger.

However, as this Court knows, and the OHSL and Provident Defendants have admitted, this was not the case. The vote for the OHSL-Provident merger was not the expected 8-0 vote, but rather only a 5-0 vote. Not only did each and every OHSL Director not vote in favor of the OHSL-Provident merger, but not even every OHSL Director who was present at the meeting voted in favor of it. First, Mr. Herron did not vote in favor of the merger because he resigned a few days before the final vote in part in protest over the merger.[3] Further, after he did so, he specifically and personally informed

---

[3] As this Court has recognized in its original opinion on the OHSL and Provident Defendants' Motion to Dismiss, Doc. No. 46 at page 20, a reasonable shareholder might find dissent among the board of directors important to the mix of information available. In support of this proposition, this Court cited to *Phillips v. LCO, Int'l, Inc.*, 190 F.3d 609, 622 (4th Cir. 1999), a case in which the Fourth Circuit had observed that the company believed that the dissent was sufficiently important to the shareholders to disclose to them that two board members had voted against the proposed merger. (*See*, Doc. No. 46, p. 20). Although this was not the central issue in this case, the Court thought this case noteworthy enough to mention this as an example of what another company did in a similar situation. (*See*, Doc. No. 46, p. 20, fn 12).

The OHSL and Provident Defendants obviously did not make this choice in the present case. Had the OHSL and Provident Defendants followed this more open and truthful course of action, OHSL shareholders would have been able to see that the process leading up to the final vote for the OHSL-Provident merger was anything but smooth and unanimous. Rather, it was riddled with opposition, changes of votes, and general dissent. Thus, given the fact that OHSL was only able to muster 52.4% of the vote when the

7

each of the OHSL Directors that part of the reason he was resigning was in protest of the merger. Second, Defendant McKiernan did not vote in favor of the merger because he made a personal decision to go on a Mediterranean cruise rather than be present for the vote. Third, Defendant Brinker did not vote in favor of the merger, but rather abstained. This was the case despite the fact that Defendant Brinker had voted in favor of the merger just a few days earlier on July 22, 1999 when he was not required to do so because there was no tie in the voting among the OHSL Directors which he was required to break. Finally, although Defendant Hanauer did vote as a director in favor of the merger, there is evidence before this Court that the reason that he changed his vote from abstain on July 22, 1999 to a vote in favor on August 2, 1999 was not because he was in favor of the merger, but because he had just given up his attempts to try and oppose it. (*See*, CAC, ¶55).

Similarly, some of the Provident Directors have also indicated that they would have found omitted information to have been helpful if they had been an OHSL shareholder voting on the OHSL-Provident merger. In particular, Defendant Cook stated that he would have found it helpful as a shareholder to have known that the composition of the OHSL Board changed during that time period. *See,* Proxy Materials/Registration Statement at pages 18-20. (Cook dep. p. 215).[4] Further, he stated that the omission of

---

OHSL shareholders had no knowledge of any dissent among the OHSL directors, and the fact that a mere change in 23,000 shares would have caused the proposed merger to have failed, the OHSL and Provident Defendants' decision to withhold information of this dissent cannot be discounted.

[4] The use of phrase "the OHSL Board of Directors" is particularly misleading in light of the circumstances under which it was made. The phrase "OHSL Board of Directors" is used generally throughout the Proxy Materials/Registration and implies that the same eight member Board that existed at the beginning of the year also existed at the time of

8

said information from the Proxy Materials/Registration Statement was troubling. (Cook dep. p. 219).

Thus, the Provident Director Defendants offer further support that it was a material misstatement for the Proxy Materials/Registration statement to state the OHSL Board unanimously voted in favor of the OHSL-Provident merger.

### B. The Merger Vote Was Not Unanimous Because Director Herron Resigned Three Days Prior to the Vote on the Merger

Some of the Provident Directors were also largely in agreement that Mr. Herron's resignation should have been included in the Proxy Materials/Registration Statement if he resigned in part in protest of the OHSL-Provident merger. Defendant Cook does not believe that there was anything in the Proxy Materials/Registration Statement that indicates that Mr. Herron resigned. (Cook dep. 146). Further, Defendant Cook thought that this was significant because ". . . if a director resigns prior to something big and makes it clear that that's why he's resigning, then [he] thinks that should be disclosed in some fashion. Maybe on the 8-K, it shouldn't be kept from people's knowledge. (Cook dep. p. 88). In sum, Defendant Cook did not think that it was fair to keep this from the shareholders. (Cook dep. p. 88). Defendant Pedoto also stated that Mr. Herron's resignation would have been information that the average OHSL shareholder would have liked to have known about. In particular, Defendant Pedoto stated that he thought that there should have been a full disclosure as to what all of the reasons were that Mr. Herron

---

the final vote for the OHSL-Provident merger. Even when the Proxy Materials/Registration Statement becomes more specific, and references the time period of July 22, 1999 to August 2, 1999 on page 20, there is still no reference to any change in the composition of the OHSL Board of Directors during that time. As a result, there is no way for the average OHSL shareholder to know that the Mr. Herron had resigned in part in protest over the merger, or that the composition of the OHSL Board had changed.

resigned. (Pedoto dep. p. 249). If Mr. Herron's resignation was due to his believing that the merger was not a correct transaction, Defendant Pedoto thought that the resignation should have been in the prospectus. (Pedoto dep. p. 214). However, if it was the result of personal reasons, unrelated to the merger, then Defendant Pedoto did not believe that it needed to be included. (Pedoto dep. p. 214).

Thus, since Mr. Herron has filed an affidavit with this Court which conclusively shows that he personally informed each of the other OHSL Director Defendants that he was resigning in part as a result of his opposition to the OHSL-Provident merger, Defendants Cook and Pedoto must agree with the Plaintiffs that it was misleading to omit the resignation of Mr. Herron from the Proxy Materials/Registration Statement. (*See*, Affidavit of Thomas Herron, Attached as Exhibit B to Doc. No. 335).

### C. The Merger Vote Was Not Unanimous Because Director Brinker Did Not Vote in Favor of the Merger, but Abstained.

There was a belief among some of the Provident Directors that a unanimous vote among the OHSL Directors would not include a director who abstained from voting. Defendant Cook stated that an abstention would not be recorded in the same way as an affirmative vote for the merger. (Cook dep. p. 131). Specifically, Defendant Cook stated that in his opinion, "you would not use the term 'unanimous' if someone abstained." (Cook dep. p. 132). Similarly, Defendant Hoverson did not see any indication from the Proxy Materials/Registration Statement that anyone had abstained. (Hoverson dep. p. 80). As a result, by implication, Defendant Hoverson must have also believed that an abstention was recorded differently from a vote in favor of the merger.

Thus, both Defendants Cook and Hoverson must agree with the Plaintiffs that it was a material misstatement to state that the board unanimously voted in favor of the merger when Defendant Brinker did not vote in favor of the merger, but abstained.

### D. Defendant Hanauer Did Not Believe that the Merger was in the Best Interests of the OHSL Shareholders

There was a general consensus among the Provident Directors that the Proxy Materials/Registration Statement was misleading because it stated that the OHSL Directors not only unanimously voted in favor of the merger, but that they also unanimously believed that the merger was in the best of the OHSL Shareholders, when there was evidence that this was not the case. (Hoverson dep. pp. 83, 84). Defendant Pedoto stated that based upon the Proxy Materials/Registration Statement that he believed that the OHSL Board of Directors unanimously approved the acquisition by Provident, and that the OHSL Board unanimously believed that the merger with Provident was in the best interest of the OHSL stockholders. (Pedoto dep. p. 137). Defendant Steger was not aware that Defendant Hanauer had voted his personal shares against the merger (Steger dep. p. 190). Similarly, Mr. Cook stated that he assumed that all the directors were in favor of it since that had voted for the outline of the deal months earlier. (Cook dep. p. 81). Finally, in relation to the Provident-National City merger, Defendant Cook also stated that it was fair to assume that Defendant Hoverson was voting his personal shares in favor of the merger based upon his presentation to the Provident shareholders. (Cook dep. p. 92). In fact, Defendant Cook stated that he would "personally be uncomfortable" with being against something individually and to be the CEO and not disclose that in some fashion. (Cook dep. pp. 96, 97). This same argument could be made in relation to Defendant Hanauer and the OHSL-Provident merger since

11

he was the one that made the presentation to the OHSL shareholders. As a result, the Provident Directors largely agreed that with the Plaintiffs' argument that it was a material misstatement to state that the OHSL shareholders unanimously believed that the merger was in the best interests of the OHSL shareholders when Defendant Hanauer voted his personal shares against the merger, and stated under oath that he did not believe that it was in the best interests of the OHSL shareholders. Even if Defendant Hanauer stated that he thought that the merger was fair, Defendant Cook stated that the concepts of "fair" and "in their best interest" represent two separate and distinct concepts, and that both concepts have to be correct for the document to be correct. (Cook dep. pp. 82, 84, 85).

Similarly, most of the Provident Director Defendants recognized the seriousness of the OHSL shareholders not being aware of the fact that Defendant Hanauer was voting his personal shares against the merger. Defendants Hoverson and Cook agreed that the investors are keenly interested in the opinions of senior management, especially the most senior member, or the CEO. (Hoverson dep. p. 119; Cook dep. p. 142). Defendant Steger agreed that the opinion of the CEO of a public company is usually hailed to be important by the investing public. (Steger dep. p. 192). Defendant Pedoto also viewed the CEO as being very important and an integral part of the decision making process, along with the CFO, and the chief legal counsel for the company. (Pedoto dep. p. 205). As a result, these Provident Director Defendants must agree with the Plaintiffs that the OHSL shareholders would have especially wanted to have known that Defendant Hanauer did not think that the merger was in the best interest of the OHSL shareholders, or that he was voting his personal shares against the merger, prior to their casting their votes in relation to the merger.

Furthermore, the Provident Director Defendants even went one step further. Defendants Hoverson, Cook, and Pedoto stated that if Defendant Hanauer did not believe that the merger was in the best interest of the OHSL shareholders, he had a duty to vote against the merger. (Cook dep. pp. 105, 110; Hoverson dep. p. 104; Pedoto dep. pp. 170-172; 189, 209, 233). Similarly, Defendant Steger stated that if Defendant Hanauer did not believe that the transaction was in the best interest of the shareholders he had a duty to tell the people involved in the transaction. (Steger dep. p. 219).[5] Defendant Pedoto stated that he did not see anything wrong with Defendant Hanauer running the shareholder meeting if he was voting his personal shares against the merger. (Pedoto dep. p. 197). However, when the question was tailored to the Provident/National City merger, his answer changed. Defendant Pedoto stated that a reasonable shareholder would be interested in knowing how Defendant Hoverson voted as a Board member with respect to the merger, and that the shareholders might, "in a generic sense" be interested in knowing how he voted his personal shares. (Pedoto dep. p. 203).

Thus, based upon the foregoing, there is ample evidence from the testimony of the Provident Directors to support the Plaintiffs' argument that it was a material misstatement for the Proxy Materials/Registration Statement to state that the OHSL Board unanimously voted in favor of the merger and believed that the merger was in the best interests of the OHSL shareholders when Defendant Hanauer obviously did not believe that the OHSL-Provident merger was in the best interest of the OHSL shareholders.

---

[5] This is completely consistent with the deposition testimony of Keating, Muething & Klekamp, LLP transactional attorney Mark Weiss. (*See,* CAC, ¶30).

E.  **The Defendants Removed All Dissension from the Proxy Materials/Registration Statement to Give the False Impression that there was Unanimity Among the OHSL Board in Support of the Merger.**

The Provident Directors also largely agreed that there was no hint of dissension disclosed anywhere in the Proxy Materials/Registration Statement. (Cook dep. p. 145; Hoverson dep. p. 81; Pedoto dep. p. 144). This is significant because Defendant Cook stated that dissension by board members in a merger or acquisition is perceived as being detrimental to the completion of a transaction because it signals uncertainty. (Cook dep. pp. 145, 156). Defendant Hoverson also stated that he did not see any dissension in either the Proxy Materials/Registration Statement or the October 25, 1999 shareholder meeting. (Hoverson dep. p. 114). Similarly, Defendant Hoverson also did not think that there was any indication that anyone had changed his vote within days of the final vote. (Hoverson dep. p. 80). He further agreed with Defendant Cook that if there were people voting against the merger, it would not be considered a "plus." (Hoverson dep. p. 136).

Thus, the Provident Director Defendants' testimony illustrates that they agree with the Plaintiffs' contention that it was a material misstatement to state that the OHSL Board unanimously voted in favor of the merger and believed in the merger was in the best interest of the OHSL shareholders since there was dissension among the OHSL Directors in relation to the merger, but it was not revealed to them.

F.  **The Lutz Affidavit Supplies Expert Evidence That the OHSL Board Did Not Unanimously Approve the OHSL-PFGI Merger**

The Affidavit of plain language expert William Lutz, Ph.D., J.D. provides conclusive and unrebutted evidence that the vote by the OHSL Director Defendants was not unanimous (*See*, Lutz Affidavit, ¶ 20). Although the Defendants have attempted to

come up with any excuse to evade their obvious liability and have attempted to re-define the common meaning of various words, their attempts are unavailing. Although the Defendants now trumpet the fact that the vote was only 5-0 and not the 8-0 vote that a reasonable reader would conclude, the evidence is unrebutted that they did not share this information with OHSL's shareholders in the materially false and misleading Proxy Materials/Registration Statement. Had they done so, instead of carefully scrubbing the document of all dissent, it is overwhelmingly likely that the merger would not have taken place. (*See*, Lutz Affidavit, ¶¶ 13 and 15).

### III.   CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court accept this Supplemental Memorandum, and the deposition transcripts of Defendants Jack Cook, Robert Hoverson, Joseph Pedoto, and Joseph Steger, along with the Lutz Affidavit, as additional support for Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement (Doc. No. 315) and grant said motion.

Respectfully Submitted,

/s/ Michael G. Brautigam

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

      This is to certify that a true and accurate copy of the foregoing Motion for Leave to File Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment Regarding a Finding that the Statement that the OHSL Board of Directors Unanimously Approved the Acquisition by Provident is a Material Misstatement (Doc. No. 315) was served upon the following persons this 29th day of June, 2004.

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752


**BY U.S. MAIL**

David C. Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

                                                                      _____
                                                                       Stephanie A. Hite