UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

## PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE "NOTICE OF FILING" (DOC. NO. 342) SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS

Plaintiffs respectfully submit this motion to strike or otherwise not consider the "Notice of Filing" submitted by non-party KMK (Doc. No. 342). As grounds for the motion, plaintiffs respectfully submit that the "Notice of Filing" should be stricken or otherwise not considered because:

1. It is a transparent attempt to evade the Requirements of the Local Rules that prohibit letters to the Court;

2. There is no purpose to the so-called "Notice of Filing" other than to attach a letter from Patrick Fischer which falsely portrays events;

3. The attached letters are redundant, immaterial, impertinent, and scandalous. The letter is also false.

Although not technically a pleading, Plaintiffs submit this Motion to Strike or Otherwise Not Consider the Notice of filing to have it stricken from the Court record. Because this filing is submitted in bad faith, is so false and egregious, KMK and/or Barrett & Weber

1

should be sanctioned for this filing. This motion is supported by the attached Memorandum in Support and the attached exhibits.

Dated: 1 July 2004

**GENE MESH & ASSOCIATES**

Respectfully Submitted,

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE NOTICE OF FILING SUBMITTED BY NON-PARTY KMK (DOC. NO. 342) AND MOTION FOR SANCTIONS

I.  **PRELIMINARY STATEMENT**

The Notice of Filing submitted by KMK is a transparent attempt to evade the Local Rules which prohibit letters to the Court. There is no purpose of the Notice of Filing except to attach letters. As will be shown, Plaintiffs are caught in a pincer movement between KMK's in-house counsel, Patrick Fischser, and KMK's retained counsel, Barrett & Weber[1]. The timing of this notice of filing is particularly suspect,

---

[1] As has been discussed in other filings, the "Fischer team" consists of both Patrick Fischer and Louis Gilligan, both in-house counsel at KMK. As has been demonstrated previously, Mr. Gilligan, without the knowledge or consent of the many camps of mutually antagonistic clients, has simultaneously represented both KMK and has

2

since Mr. Fischer's detailed but flagrantly false letter was received at 13:30 on 29 June 2004, while the so-called "Notice of Filing" was faxed to Plaintiffs' counsel at 5:17 pm the same day. Plaintiffs' counsel did not have time to respond in the less than four hours between Mr. Fischer's letter and the Notice of Filing, which was exactly the intent of this tactic. This tactic is particularly egregious, since it is clear that the letter is intended for Magistrate Judge Hogan and is an improper attempt to influence his thinking on discovery matters without appearing at the Status Conference[2]. Patrick Fischer, in conjunction with Barrett & Weber, is clearly attempting to serve as an invisible hand and to influence Magistrate Judge Hogan's decisions on how the case should proceed from afar, and to do so by submitting letters that are demonstrably false to the Court. Such a strategy should not be countenanced by the Court.

## II. ARGUMENT

### 1. A Motion to Strike is Appropriate in Response to This Scurrilous and Entirely Unnecessary Filing

A motion to strike is governed by Federal Rule of Civil Procedure 12 (f). The Rule states as follows:

---

defended depositions in this case, despite the fact that he has also represented these camps of mutually antagonistic defendants and conducted settlement negotiations on their behalf. (*See*, Gilligan letter, attached as Exhibit A).

[2] Plaintiffs take no position on whether or not it would be appropriate for now non-party KMK's counsel to appear at the Status Conference; it is not for them to decide. Cleary how to proceed with discovery against KMK will be discussed, but discovery from non-parties is often generally discussed at Status Conferences. In addition, non-party KMK is also *de facto* represented by KMK attorneys who ostensibly represent many camps of mutually antagonistic defendants, despite their disqualification (Doc. No. 215) and despite the pendency of Plaintiffs motion to completely disqualify KMK (Doc. No. 314).

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by the rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 12 (f).

Applying Rule 12 (f) to the case at bar, it is apparent why this Notice of Filing must be stricken or otherwise not considered. Simply stated, the sole purpose of the filing is to attach letters as a transparent end run around the Local Rules, and these letters have no place in the Court file, since they are not part of any legitimate filing. The Notice of Filing is completely inappropriate. There is no provision for such a submission in the Federal Rules and such a letter is specifically prohibited by the Local Rules.

Local Rule 7.2 (d) states as follows:

> **(d) Correspondence with the Court.** Letters to the Court are generally inappropriate and disfavored, unless (1) requested by the Court in specific matter, or (2) advising the Court of the settlement of a pending matter. All other written communications shall be by way of formal motion or memorandum submitted in compliance with these Rules. All letters which are sent to the Court shall be contemporaneously served upon opposing counsel, unless otherwise directed by the Court.

The Notice of Filing is an obvious attempt to evade the Local Rules.

### 2. Mr. Brautigam was Specifically Directed to Deal with Mr. Fischer re Discovery from KMK

With respect to discovery from now non-party KMK, Plaintiffs were specifically directed to deal with Patrick Fischer. A 14 June 2004 email from James E. Burke to Michael G. Brautigam states as follows:

4

>With respect to all KMK discovery from this point forward, you should deal with Pat Fischer. (Attached as Exhibit B).

Mr. Brautigam attempted to do just, that, writing a series of letters to Mr. Fischer that are (collectively attached as Exhibit C) that were not responded to in a timely fashion because Mr. Fischer was apparently out of the country. As Mr. Brautigam points out in his letter to Mr. Fischer, he was not aware of this, and in any event, it is not Mr. Brautigam's job to monitor Mr. Fischer's deposition schedule[3].

### 3. Mr. Fischer's Letter Continues His Pattern of False Statements in Letters that End Up Before the Court

Mr. Fischer's penchant for writing letters that are false and attempting to have them become part of the Court record is well-documented as reflected in Plaintiffs' Motion to Strike or Otherwise Not Consider the Fischer Letter (Doc. No. 204). That motion—which was unopposed—had Mr. Fischer copy the Court, in blatant violation of the Local Rules and common sense—on a bit of routine correspondence that was also blatantly false. Mr. Fischer has tacitly conceded not only that copying the Court on the letter was procedurally improper, but that the statements he made in the letter were completely false. Mr. Fischer, perhaps sensing his untenable position, chose not to respond at all. But perhaps this was consistent with his tactics, since the only possible reason for copying the Court on the letter was to tarnish Mr. Brautigam's reputation.

Make no mistake—this so-called Notice of Filing is exactly the same tactic, but formalized in an improper filing by a non-party to evade the purpose and spirit of the

---

[3] Given KMK's active attempts to refuse to cooperate in discovery generally and to actively resist all discovery in specific, Mr. Brautigam was not surprised that he did not receive a timely response from Mr. Fischer, nor was anyone surprised when Mr. Fischer's first response did not provide dates or otherwise cooperate in providing discovery.

Local Rules prohibiting letters to the Court. It is, in substance, it is intended to be and is an end run around the Local Rules, with the sole purpose of tarnishing Mr. Brautigam's reputation. It is the product of collaboration between Barrett & Weber and Patrick Fischer that continues KMK's strategy of unfairly tarnishing the reputation of Plaintiffs' counsel.

### 4. Mr. Fischer's Letter Contains Many False Statements

The timing of the Fischer letter and the Notice of Filing was obviously coordinated between the Fischer team, and KMK's outside counsel Barrett & Weber. Plaintiffs counsel did not have time to respond before the filing, but attach a rebuttal letter to this filing setting the record straight. Clearly this was their intent. The letter from Michael G. Brautigam to Patrick Fischer, (attached as Exhibit D), sets the record straight. Mr. Fischer's letter is full of sound and fury, but ultimately it signifies nothing. It is so slanted and so at odds with the facts in the case so as to be almost laughable. It is so biased that it should not be included in the Court file under these circumstances.

### III.   CONCLUSION

The so-called Notice of Filing (Doc. No. 342) is a bad faith and transparent attempt to evade the Local Rules, and continues the pattern by certain defense counsel to knowingly make false statements to the Court. The filing is entirely unnecessary, and does nothing more than attach entirely self-serving letters that are false through a filing, in a transparent attempt to evade the Local Rules. Having been caught blatantly violating the Local Rules previously, Mr. Fischer has used Barrett & Weber to do his dirty work for him, but the end result is the same. Mr. Fischer has once again, indirectly, submitted false letters to the Court whose sole purpose is to trash Plaintiffs' counsel. The Notice of

Filing should be stricken or otherwise not considered, and KMK and Barrett & Weber should be sanctioned for this entirely inappropriate strategy.

DATED: 1 July 2004                    Respectfully Submitted,

                                                    Gene Mesh (OH Bar # 0002076)
                                                  Michael G. Brautigam
                                                  GENE MESH & ASSOCIATES
                                                  2605 Burnet Avenue
                                                  Cincinnati, Ohio 45219-2502
                                                  (513) 221-8800
                                                  (513) 221-1097 (fax)

                                                  *Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Motion to Strike or Otherwise Not Consider the Notice of Filing (Doc. No. 342) was served this 1st day of July 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202-4015

**BY U.S. MAIL**

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

David Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

_____
Stephanie A. Hite