# Exhibit A



# KEATING, MUETHING & KLEKAMP, P.L.L.

ATTORNEYS AT LAW | 1400 PROVIDENT TOWER • ONE EAST FOURTH STREET • CINCINNATI, OHIO 45202
TEL. (513) 579-6400 • FAX (513) 579-6457 • www.kmklaw.com

LOUIS F. GILLIGAN
DIRECT DIAL: (513) 579-6523
FACSIMILE: (513) 579-6457
E-MAIL: LGILLIGAN@KMKLAW.COM

February 3, 2003

*Via Facsimile and Regular Mail*
Gene Mesh, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219

    Re:    Thiemann v. OHSL Financial Corp, et. al.

Dear Gene:

    Some months ago you and I sat down to discuss possible settlement of the case described above. Given the number of parties and insurance carriers involved it took us some time to respond to your number. We believe that the figure you presented far exceeds the value of your case and the risk faced by the Defendants. Nevertheless, in an attempt to get some dialogue going regarding settlement, I have been authorized to offer a total sum of $100,000.00 for complete settlement of all claims asserted. This is the total amount available for distribution. It would need to be allocated between the class and attorneys fees as you and your clients deem appropriate. After you have had a chance to consider this, please give me a call with your thoughts.

                                      Sincerely yours,

                                      KEATING, MUETHING & KLEKAMP, P.L.L.

                                      By: /s/ Louis F. Gilligan
                                             Louis F. Gilligan

mkb/1065145.1

cc:    John W. Hust, Esq.
        James E. Burke, Esq.
        Rachael A. Rowe, Esq.
        Daniel J. Donnellon, Esq.

# Exhibit B

From: jburke@kmklaw.com
Subject: RE: follow-up
Date: June 14, 2004 4:11:30 PM EDT
To: mgbrautigam@mac.com
Cc: pfischer@kmklaw.com, TWBreidenstein@barrettweber.com

With respect to all KMK discovery from this point forward, you should deal with Pat Fischer. You are correct that we are asserting the work product privilege with respect to the PwC report. I do not believe that we prepared a privilege log with respect to that production, but I will check on this and whether anything other that this report would be on it. With respect to Document 151 can you give me the title of the document and its date. The numbers on our pleading file do not correspond exactly with the Court's docket. If we have it, I will send it along.

-----Original Message-----
From:    mgbrautigam@mac.com [mailto:mgbrautigam@mac.com] Sent:
    Monday, June 14, 2004 11:54 AM
To: Burke, James E.
Subject:  follow-up

jim--

following up on my previous letters, when you suggested i contact KMK's counsel to arrange for the kreider/rosenberg depos, did you mean gilligan/fischer or barrett & weber?

also, with respect to the PwC report that was mentioned at the hoverson depo, has KMK formally asserted a privilege in withholding that document by asserting that in the production that took place last year at KMK, mostly through the computer database.? has KMK included this in a privilege log? if so, where does this appear?

finally, would you be so kind as to have someone fax me Doc. No. 151? this document is missing from our files. i called john hust, and ironically they did not have a copy either. no rush.

thank you for your cooperation.

best, mike b

<< File: ENVELOPE.TXT >> *********************************************************
James E. Burke
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202
Tel: 513-579-6429
Fax: 513-579-6457
Internet Address: jburke@kmklaw.com
Website: www.kmklaw.com

    -- CONFIDENTIALITY STATEMENT --
This e-mail transmission contains information that is
intended to be privileged and confidential. It is in-
tended only for the addressee named above. If you re-
ceive this e-mail in error, please do not read, copy
or disseminate it in any manner. If you are not the
intended recipient, any disclosure, copying, distri-
bution or use of the contents of this information is
prohibited. Please reply to the message immediately by
informing the sender that the message was misdirected.

# Exhibit C

# LAW OFFICES OF GENE MESH AND ASSOCIATES



17 June 2004

By Hand Delivery

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

**Re: OHSL**

Dear Mr. Fischer:

I am concerned that I have not received writing to follow-up on my previous email and letter with respect to the deposition of Messrs. Kreider and Rosenberg. As you know, I have been seeking their depositions for some time and I believe we even had dates for one some time ago. As you know, I need to get these things scheduled, and would appreciate your cooperation. When may I expect to hear from you?

Sincerely,

Michael G. Brautigam

cc: All Counsel by Fax

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097



# LAW OFFICES OF GENE MESH AND ASSOCIATES

FAXED 6-16-04

16 June 2004

By Fax 579 6457

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

**Re: OHSL**

Dear Mr. Fischer:

I am writing to follow-up on my previous email (to which I have not received a response) to respectfully request that you provide me with dates for the depositions of Messrs. Kreider and Rosenberg.

Thank you for your cooperation.

Sincerely,

Michael G. Brautigam

cc: All Counsel by Fax

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097



# LAW OFFICES OF GENE MESH AND ASSOCIATES



20 June 2004

By Fax 579 6457

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

**Re: OHSL**

Dear Mr. Fischer:

This is my final letter to you requesting your cooperation in the scheduling of the depositions of Messrs. Kreider and Rosenberg. This is especially disappointing in that Jim Burke, of your firm, specifically told me to deal with you on all issues relating to discovery from KMK. If I do not hear from you, I will have no choice but to unilaterally subpoena the witnesses for dates of my own choosing, without your input. Would you kindly explain your complete lack of cooperation?

I respectfully request that you give this matter your prompt attention, and that you respond to my letters and emails in the spirit of cooperation. I have been reasonable with respect to all aspects of obtaining discovery from KMK, but I want the record to be crystal clear that you have simply refused to cooperate, and have not even extended the courtesy of a response to my repeated emails and letters.

Sincerely,

Michael G. Brautigam

cc: All Counsel by Fax

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097



# Exhibit D

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

30 June 2004

By Fax 579 6457

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

Re: OHSL

Dear Mr. Fischer:

This letter is in response to your letter of June 29, 2004. This letter contains numerous factual inaccuracies and misrepresentations which need to be immediately addressed and clarified. I will take the issues referenced in your letter in turn.

First, I believe that your argument regarding the production of documents is founded upon a few false premises. My subpoena is not improper for it requests information which is discoverable and relevant to the facts of this case. Further, it is completely false for you to state that KMK has turned over four thousand documents to me in response to my previous subpoena. These documents were produced by KMK, but not in response to my subpoena. Given you position as KMK's in house counsel, I find it difficult to believe that you did not already know this to be the case. Finally, that being said, as I indicated in my letter to Mr. Breidenstein, I am still willing to work with counsel for KMK to narrow the subpoena. However, I will add that I will not accept any further lecturing from you on the issue of document review or any other obligation under the Federal Rules. Given your misrepresentations in this letter, and KMK's overall ethically challenged conduct, I do not believe that KMK is in a position to be providing anyone with lectures on the Federal Rules of Civil Procedure.

Second, the basis for your refusal to willingly produce KMK attorneys Rosenberg and Kreider for deposition is also unfounded. Given the other evidence accumulated in this case, I would be remiss in not deposing these individuals. For example, just recently, Mr. Carey, Provident's CFO, testified during his deposition that he had dealings with Mr. Rosenberg on the materially false and misleading Proxy Materials/Registration Statement. As a result I just find your allegations of harassment to be a façade for your legitimate and well founded concern that the KMK attorneys will provide additional testimony which is adverse to at least one of KMK's clients in this action. Although I find this understandable, this is not a valid reason for opposing a deposition under the Federal Rules of Civil Procedure.

Third, as for your recitation of threats and/or impending actions, such decisions must lie with you and the multiple other parties participating in KMK's defense. However, I will add that any decisions that you should make in the future are now made with the

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

knowledge that the factual premises upon which you plan to bring these most of these motions are faulty. Furthermore, I am putting you on notice that if you decide to proceed with these arguments, I will not only make refute them, but I will also inform the Court that you were on notice of these factual misrepresentations before these motions were filed.

As for your decision to submit your June 29, 2004 letter as part of a formal filing with the Court, I must admit that I was somewhat surprised. This is contrary to your previous policy and practice of merely copying Magistrate Judge Hogan directly. However, given that this practice was in violation of the Local Rules, I can understand your decision to change your course of action. In any event, we will move to strike this scurrilous document, which is an obvious end run around the Local Rules.

I am unsure of the reasoning for your diatribe related to the correspondence that I sent you while you were out of the country. Weeks after my initial inquiry, Mr. Burke informed me that I should deal with you directly on discovery matters (*See*, attached). He did not inform me of your vacation schedule at the time. When you did not respond to my letters, I was obviously concerned that "bait and switch" tactics had again been used upon me in relation to my discovery requests. I am not willing to wait several additional weeks to receive another reply to my inquiries.

In sum, I am glad that I have had this opportunity to clarify some of the facts which were misstated in your letter of June 29, 2004. As a result, this should help to resolve some of the discovery issues which are presently pending with KMK. However, if this is not the result of this letter, it will become obvious that KMK's intentions are disingenuous and that it has no intention of cooperating in the discovery process, but only in perpetuating falsehoods to the Court in order to further its own ends and place myself in a false light.

Finally, I have returned from Court and can inform you that, in substance, Magistrate Judge Hogan directed that discovery shall proceed forthwith from KMK. Messrs. Kreider and Rosenberg have been duly subpoenaed, and I expect them to show up for their depositions. Of course, if you or the witnesses require a minor accommodation as to start time, I remain willing to discuss this, and indeed all discovery related issues with you.

Sincerely,

Michael G. Brautigam

cc: All Counsel by Fax

*Burke email of 14 June 2004 attached*

