IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER THIEMANN, et al, <br><br> Plaintiff, <br><br> v. <br><br> OHSL FINANCIAL CORP., et al, <br><br> Defendant. | Civil Action No. C-1-00-793 <br><br> Judge Sandra S. Beckwith <br><br> Magistrate Judge Timothy S. Hogan |

**DEFENDANT ERNST & YOUNG'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO CERTIFY ERNST & YOUNG'S
DISMISSAL FOR IMMEDIATE APPEAL**

Plaintiffs seek immediate appeal of this Court's May 28 decision dismissing their securities claims against Ernst & Young ("E&Y") but utterly fail to meet the requirements of §1292(b). Accordingly, Plaintiffs' request for interlocutory certification should be denied. Indeed, their arguments are so frivolous that E&Y should be awarded its costs in responding to their motion.

**ARGUMENT**

**I.    Plaintiffs' Motion Has No Merit.**

Pursuant to 28 U.S.C. § 1292(b), this Court may in its discretion permit an interlocutory appeal if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted). Such review "is granted sparingly and only in exceptional cases." *Id*. There is nothing exceptional to warrant review here. Plaintiffs simply recycle their previous arguments and ignore the grounds for this Court's decision in an

effort to create an appearance of legal errors.  Each of their assertions of error is either demonstrably meritless or wholly irrelevant to the Court's dismissal of the claims against E&Y.  Moreover, Plaintiffs have failed to explain how permitting an appeal as to E&Y now, in the midst of further proceedings on assertedly related issues involving other defendants, could materially advance the long journey of this litigation to conclusion.

> A. **Interlocutory Review of the Dismissal of Plaintiffs' Section 11 and 12(2) Claims Is Inappropriate Both Because Plaintiffs Failed to Oppose E&Y's Arguments on those Claims and Because Plaintiffs Assert No Controlling Legal Issue With Respect to Them.**

In asserting two errors in the denial of their Section 11 and Section 12(2) claims, Plaintiffs remarkably ignore the fact that they *failed to oppose* E&Y's motion to dismiss on those claims.  *See* Plaintiffs' Opp. to E&Y's Mot. to Dismiss (Doc. 273) at 4, 24-25; E&Y's Reply In Support of Its Mot. to Dismiss (Doc. 278) at 2.  *See also* Order (Doc. 336) ("May 28 Order") at 9.  A decision on issues waived in the party's brief clearly does not warrant interlocutory appeal.

In addition, Plaintiffs fail to establish any substantial and controlling question of law.  On their first claim of error, Plaintiffs argue that limitations defenses may not, in some circumstances, be appropriate for resolution on a motion to dismiss.  That is true, as both the Court (*see* May 28 Order at 13, n. 4) and E&Y acknowledged.  Here, however, the Court relied on Sixth Circuit law permitting a district court to dismiss claims as time-barred where the application of the statute can readily be discerned from the face of the complaint.  *Id.* (citing *Hoover v. Langston Equip. Assoc.*, 958 F.2d 742, 744 (6th Cir. 1992)).  Plaintiffs do not even cite that authority, much less raise a substantial difference of opinion concerning it.

Plaintiffs' second claim of error – that the Court failed to consider the applicability of the continuing fraud doctrine – is simply irrelevant.  Even if Plaintiffs had properly raised that issue in their Opposition to E&Y's motion, the continuing fraud doctrine could not change the Court's

decision because the statute of repose is, as E&Y argued and the Court found, absolute. *See* May 28 Order at 14. Plaintiffs' claimed issue therefore cannot be controlling. *See City of Memphis*, 293 F.3d at 351 (noting that an issue is controlling under §1292 "if it could materially affect the outcome of the case").

    **B.**  **Interlocutory Review of the Dismissal of Plaintiffs' Section 10(b) and Section 14(a) Claims Is Not Warranted Because Plaintiffs' Sarbanes-Oxley Issue Could Have No Bearing on the Court's Decision.**

Plaintiffs' third claimed error – that the Court failed to consider the applicability of the Sarbanes-Oxley Act's revised limitations periods on Plaintiffs' Section 10(b) and Section 14(a) claims – is irrelevant because the Court *did not* dismiss those claims against E&Y on the ground that they were time-barred. Rather, the Court held that Plaintiffs' amended complaint "failed to create any inference of scienter, much less a strong one." May 28 Order at 21. Plaintiffs' Sarbanes-Oxley "error" pertains only to the statute of limitations and therefore has no bearing on scienter. Accordingly, it cannot constitute a controlling legal issue in this case as required by §1292(b). *See City of Memphis*, 293 F.3d at 351.

    **C.**  **Plaintiffs' "Inability" to Further Amend Their Complaint Does Not Warrant Interlocutory Review**

Plaintiffs' final claimed error – that the Court failed to allow Plaintiffs to amend their Complaint yet again – also fails to qualify for interlocutory review because that determination is a matter committed to the sound discretion of the trial court. *See Soliday v. Miami County,* 55 F.3d 1158, 1165 (6th Cir. 1995) (holding that court of appeals lacked jurisdiction over interlocutory appeal of denial of leave to amend complaint); *see also City of Memphis,* 293 F.3d at 351 (holding that matters reviewed for abuse of discretion are not "controlling questions of law" for §1292 (b) purposes). Moreover, Plaintiffs have failed to demonstrate any substantial difference of legal opinion on this issue. Indeed, the Sixth Circuit has twice recently

emphasized, in upholding decisions refusing leave to amend in securities cases, that the Private Securities Litigation Reform Act ("PSLRA") "restrict[s] the ability of plaintiffs to amend their complaint, and thus . . . limit[s] the scope of Rule 15(a)." *Miller v. Champion Enters., Inc.,* 346 F. 3d 660, 692 (6th Cir. 2003); *see also PR Diamonds, Inc. v. Chandler,* 364 F. 3d 671, 700 (6th Cir. 2004).[1] Plaintiffs' vague assertions that they would have alleged more detailed facts neither overrides the Sixth Circuit's construction of the PSLRA nor creates a substantial question of law worthy of interlocutory review.

## II.   **Ernst & Young is Entitled to Its Fees and Costs.**

As demonstrated above, Plaintiffs' motion for certification is not even arguably grounded in either fact or law. Indeed, Plaintiffs' asserted errors seem to bear little connection to the issues this Court actually decided. Accordingly, Plaintiffs' counsel should pay E&Y's costs of responding to the motion for certification. *See* 28 U.S.C. § 1927 (stating that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess fees, costs, expenses and attorneys fees reasonably incurred because of such conduct."). As the First Circuit has observed:

> there is a point beyond which zeal becomes vexation, the 'novel' approach to legal issues converts to frivolity and steadfast adherence to a position transforms to obdurateness. Here, [the attorney's] judgment was clouded by her excessive zeal to the point that her performance became unlawyerly.

*Cruz v. Savage*, 896 F.2d 626, 634 (1st Cir. 1990). Plaintiffs' counsel's filing of a motion for interlocutory certification so devoid of merit, no matter how well intentioned it may have been, continues to unreasonably multiply these proceedings. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (noting that § 1927 standard "has been held to have been met when

---

[1] Circuits adopting the same reasoning include the Third Circuit, which had previously taken a more liberal approach. *Compare Werner v. Werner,* 267 F.3d 288, 297 (3rd Cir. 2001) (allowing broad construction of Fed. R.

- 4 -

an attorney, though not guilty of conscious impropriety, intentionally [pursues] a claim that lacks plausible legal or factual basis.") (citations omitted); *see also Runfola & Assocs. Inc. v. Spectrum Reporting II Inc.*, 88 F. 3d 368, 375 (6th Cir. 1996) (holding that a showing of bad faith is not required for 28 U.S.C. § 1927 sanctions).

## CONCLUSION

For the foregoing reasons, E&Y therefore respectfully requests that Plaintiffs' motion to certify this Court's May 28 Order for interlocutory review be denied and that costs and fees be awarded.

Dated:     July 7, 2004                                              Respectfully submitted,


                                                                     s/James E. Gauch
                                                                     ─────────────────────────────
                                                                     Stephen J. Brogan
                                                                     James E. Gauch (Ohio Bar. No. 0042161)
                                                                     Mary Helen Perry
                                                                     Heather Guilette Walser
                                                                     JONES DAY
                                                                     51 Louisiana Ave. NW
                                                                     Washington, D.C.  20001
                                                                     Telephone:    (202) 879-3939
                                                                     Facsimile:    (202) 626-1700

                                                                     Attorneys for Ernst & Young

─────────────────────
(continued…)

Civ. P. 15(a) in light of the strictures of the PSLRA discovery stay), *with In re NAHC Sec. Litig.* 306 F.3d 1314, 1332-33 (3rd Cir. 2002) (limiting ability to amend and citing *Miller* with approval).

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY ERNST & YOUNG'S DISMISSAL FOR IMMEDIATE APPEAL were served upon:

> Michael G. Brautigam, Esq.
> Gene Mesh & Associates
> 2605 Burnet Avenue
> Cincinnati, Ohio 45219-2502
> Attorney for Plaintiff

by facsimile and ordinary U.S. mail, this 7th day of July, 2004, and upon all other counsel of record via the Court's electronic case filing system.

/s/ James E. Gauch
James E. Gauch