**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WALTER THIEMANN, et al, | Civil Action No. C-1-00-793 |
| Plaintiff, | Judge Sandra S. Beckwith |
| v. | Magistrate Judge Timothy S. Hogan |
| OHSL FINANCIAL CORP., et al, | |
| Defendant. | |

**DEFENDANTS KEATING, MUETHING & KLEKAMP, LLP, AND MARK A. WEISS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY FOR IMMEDIATE APPEAL THE COURT'S JUNE 4, 2004 ORDER DISMISSING THE KMK DEFENDANTS**

In its June 4, 2004 Order (*T.d. 338*), the Court dismissed all federal and state law securities claims asserted by Plaintiffs against Keating, Muething & Klekamp, LLP and Mark A. Weiss ("KMK Defendants"). Specifically, the Court determined that: (a) Plaintiffs' Section 11 and Section 10(b) claims were time barred by the applicable statute of limitations and statute of repose; and (b) Plaintiffs' state law securities claims were preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77. *June 4, 2004 Order at 6-15*. Recognizing Plaintiffs' counsel's pattern of vexatious motion practice, the Court explicitly concluded: "The Court will not entertain motions for reconsideration of this order." *June 4, 2004 Order at 15*.

Undaunted by the Court's instruction, Plaintiffs filed a motion for reconsideration under the guise of a motion for interlocutory appeal, making the same factual and legal arguments that the Court has already rejected. Nothing in this motion requires reconsideration or further review of the Court's June 4, 2004 Order; moreover, nothing in the motion justifies the extraordinary

and exceptional relief of interlocutory review under 28 U.S.C. § 1292(b). Plaintiffs fail to establish the requirements for an interlocutory appeal and the Court, in its sound discretion, should deny Plaintiffs' motion.

Furthermore, given the history of the litigation and the lack of merit to the arguments presented, the KMK Defendants request that the Court award them their costs, expenses and attorneys fees pursuant to 28 U.S.C. § 1927.

**I.    ARGUMENT**

The law is clear that an interlocutory appeal under 28 U.S.C. § 1292(b) is an extraordinary remedy that should be allowed "**sparingly and only in exceptional cases**." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (emphasis added); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994); *Kraus v. Board. of County Road Commissioners*, 364 F.2d 919 (6th Cir. 1966). Section 1292(b) "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus,* 364 F.2d at 922. Specifically, Section 1292(b) applies only to interlocutory appeals that involve a controlling question of law as to which there is "**substantial ground for difference of opinion**" and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Memphis,* 293 F.3d at 350 (emphasis added) (substantial ground for difference of opinion does not exist where the issue "appears to have been resolved in this circuit"). **A "mere question as to the correctness of the [district court's] ruling" is not sufficient to satisfy the second element of the test."** *Kraus,* 364 F.2d at 922 (emphasis added). A motion for interlocutory appeal is not a proper vehicle to relitigate every issue that Plaintiffs lose in this litigation.

Plaintiffs bear the heavy burden of proving entitlement to this extraordinary relief. The motion is directed to the sound discretion of the Court. *See Plaintiffs' Motion for Interlocutory Relief (T.d. 341) at 7.*

### A.  Plaintiffs Have Failed To Meet Their Burden On Any Of The Three Prongs Of 28 U.S.C. §1292(b).

Plaintiffs' motion raises three arguments: (1) the Court should not have considered the applicability of statutes of limitation on a motion to dismiss; (2) the Court should have held that Plaintiffs' claims are not time barred because they relate back to the filing of the original complaint; and, (3) the Court should have applied the Sarbanes-Oxley Act retroactively. Plaintiffs do not raise any issues with respect to the Court's dismissal of Plaintiffs' state law claims under SLUSA.

Simply stated, none of Plaintiffs' arguments involve a controlling question of law; none involve an issue where there is substantial ground for difference of opinion regarding the correctness of the Court's June 4, 2004 Order; and none justify an immediate appeal. Plaintiffs' arguments are nothing more than a thinly veiled attempt to resurrect and reargue dismissed and frivolous claims contrary to the explicit instruction of this Court.

### 1.  Plaintiffs' Argument That Defenses Based Upon Statute Of Limitations Are Not Appropriate For A Motion To Dismiss Is Incorrect And Not A Proper Issue For Interlocutory Appeal.

The Court dismissed portions of Plaintiffs' Section 11 and Section 10(b)/Rule 10b-5 claims against the KMK Defendants, "because it is clear from the face of the complaint that these claims are time-barred, [and] the Court may address the statutes of limitation and repose on a Rule 12(b)(6) motion." *June 4, 2004 Order at 6 n.2* (citing *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). The Court concluded that Plaintiffs' complaint and opposition essentially admitted and conceded all necessary facts to establish inquiry notice and

3

the expiration of the applicable statute of limitations and repose periods. *See, e.g., June 4, 2002 Order at 8-12*. In doing so, the Court rejected Plaintiffs' argument that it should not address the statute of limitations argument as part of the motion to dismiss. *Plaintiffs' Opposition to KMK Defendants' Motion to Dismiss (T.d. 275) at 11, 26-27*.

Plaintiffs' motion simply reargues the Court's application of the inquiry notice standard. Plaintiffs cite the same cases that they previously cited in their opposition to the KMK Defendants' motion to dismiss, which cases fail to establish any conflict or confusion in this Circuit with respect to the applicable legal standards. The *Bovee* case cited by Plaintiffs applied the same legal standard this Court applied, but simply arrived at a different factual conclusion – a difference in conclusions which does not justify the extraordinary relief of interlocutory review in this case. *See Kraus,* 364 F.2d at 922 ("mere question as to the correctness" of the district court's ruling is insufficient grounds to allow interlocutory review). If every dismissal of one of several defendants on statute of limitations grounds justified interlocutory relief, the "floodgates of litigation" would be improperly opened and the purpose of interlocutory review only in exceptional circumstances would be defeated. *Id.* at 922.

There is no conflict in the applicable law and no substantial difference of opinion regarding the correctness of the Court's application of inquiry notice in the motion to dismiss context. Plaintiffs have failed to meet their burden of establishing entitlement to interlocutory relief on this argument.

> **2. Plaintiffs' Argument That Their Claims Are Not Barred As To The KMK Defendants Because They Relate Back To the Filing Of The Original Complaint Is Incorrect And Not A Proper Issue For Interlocutory Appeal.**

Plaintiffs argued in their opposition to the KMK Defendants' motion to dismiss that their December 31, 2003 Amended Complaint should relate back to their prior filing. *Plaintiffs'*

4

*Opposition to KMK Defendants' Motion to Dismiss (T.d. 275) at 14-15, 27-28.* Here again, the Court rejected this same argument and concluded: (a) Plaintiffs had inquiry notice of their Section 11 and Section 10(b) Rule 10(b)(5) federal securities claims against the KMK Defendants (on all claims except those arising out of the Provident restatement allegations) as early as the date of the filing of the original complaint in this action, September 20, 2000, and that the statute of limitations on these claims therefore expired as of September 20, 2001, before Plaintiffs named KMK as a Defendant on their February 4, 2002 first amended complaint (*June 4, 2004 Order at 8-9, 12*); and (b) Plaintiffs' claims regarding the March and April, 2003 Provident restatements were barred by the applicable statute of repose. *June 4, 2004 Order at 12-15*.

Plaintiffs cite no case law in its argument, much less case law suggesting a split of authority on an issue of controlling case law in this Circuit. Plaintiffs simply ask the Court to re-review its prior arguments that were obviously rejected. Plaintiffs again have failed to meet their burden of establishing entitlement to interlocutory relief on this argument.

### 3. Plaintiffs' Argument That The Court Should Have Applied The Sarbanes-Oxley Act Retroactively Is Incorrect And Not A Proper Issue For Interlocutory Appeal.

Once again, Plaintiffs' argument seeking the retroactive application of Sarbanes-Oxley was briefed and argued by Plaintiffs in their opposition to the KMK Defendants' motion to dismiss. *Plaintiffs' Opposition to KMK Defendants' Motion to Dismiss (T.d. 275) at 12-13.* The Court considered and rejected that argument, and appropriately decided to "join[] those courts who have decided that Sarbanes-Oxley does not apply retroactively to revive expired claims." *June 4, 2004 Order at 12; see also June 4, 2004 Order at 7-8, 12-15*.

Plaintiffs base their argument on a decision from the Middle District of Florida (*Roberts v. Dean Witter*) that the Court cited in a "but see" citation and clearly rejected as against the

5

weight of authority. *See June 4, 2004 Order at 8*. It would be a true perversion of the limited and extraordinary remedy of interlocutory review if it was appropriate any time a party could find an unreported district court decision anywhere in the country that offers a different conclusion, especially one that has been thoroughly distinguished and rejected.[1]

Plaintiffs cite no substantial difference of legal opinion on the issue of retroactivity of Sarbanes-Oxley in this Circuit, and again simply ask the Court to reconsider its prior argument. Once more, Plaintiffs have failed to meet their burden of establishing entitlement to interlocutory relief on this argument.

### B.  The KMK Defendants Are Entitled To Its Costs And Fees Incurred In Responding To Plaintiffs' Motion.

Plaintiffs' motion for interlocutory relief is devoid of any merit and is the latest in a long series of frivolous motions that have needlessly multiplied these proceedings and wasted the time and resources of the KMK Defendants, as well as the Court. Section 1927 was specifically enacted to prevent attorneys from unreasonably and vexatiously multiplying proceedings. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (noting that § 1927 standard "has been held to have been met when an attorney . . . 'intentionally [pursues] a claim that lacks plausible legal or factual basis.'")(citing *Knorr Brake Corp. v. Harbill Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984)); *Runfola & Assocs. Inc. v. Spectrum Reporting II Inc.,* 88 F.3d 368, 375 (6th

---

[1] The *Roberts* opinion relied upon by Plaintiffs has been repeatedly rejected. *See, e.g., Lieberman v. Cambridge Partners*, 2004 U.S. Dist. Lexis 11553, *10 n. 12 (E.D. Pa., June 21, 2004) (attached) (granting motion to dismiss amended complaint and rejecting argument that Sarbanes-Oxley retroactively extended the applicable statutes of limitations; noting *Roberts* "reached the opposite conclusion, but its reasoning rests on unpersuasive citations to the SOA's legislative history. The Court agrees with those courts that have concluded that *Roberts* should be rejected.") (*citing Newby v. Enron Corp. (In re Enron Corp Sec. Derivative & ERISA Litig.*), 2004 U.S. Dist. Lexis 8158, *12 (S.D. Tex. Feb. 25, 2004) *and Great S. Life Ins. Co., v. Enter. Mortgage Acceptance Co., LLC (In re Enter. Mortg. Acceptance Co.*), 295 F. Supp. 2d 307, 316-17 (S.D.N.Y. 2003)).

Cir. 1996); *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992) (sanctions appropriate when conduct "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."); *Fifth Third Bank v. Boswell II*, 125 F.R.D. 460, 463 (S.D. Ohio 1989). As the First Circuit has noted:

> **[T]here is a point beyond which zeal becomes vexation, the 'novel' approach to legal issues converts to frivolity and steadfast adherence to a position transforms to obdurateness. Here, [the attorney's] judgment was clouded by her excessive zeal to the point that her performance became unlawyerly.**

*Cruz v. Savage, 896 F.2d 626, 634 (1st Cir. 1990)* (emphasis added).

The Court is certainly familiar with Plaintiffs' counsel's conduct and has even commented on its "quest to bring KMK into the case." *See Order (T.d. 227) at 11*. Plaintiffs' latest salvo against the KMK Defendants is factually and legally deficient and the Court must put a stop to this ongoing motion practice. The only recourse left to prevent further continued abusive conduct is to award the KMK Defendants their costs, expenses and attorneys fees associated with this motion practice pursuant to 28 U.S.C. § 1927.

## II.   CONCLUSION

Plaintiffs' arguments in support of their motion to certify an appeal are without legal or factual merit. Indeed, an interlocutory appeal would further complicate, rather than streamline, the resolution of this case. As such, the KMK Defendants respectfully requests that Plaintiffs' motion should be denied, that Plaintiffs be ordered to pay the KMK Defendants' fees and costs in responding to their motion for certification, and that the Court grant any other relief that it deems proper and appropriate.

Respectfully submitted,

/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202
Tel: 513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
*Attorney for Defendants,*
*Keating, Muething & Klekamp PLL*
*and Mark A. Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2004, I electronically filed the foregoing "Memorandum In Opposition to Plaintiffs' Motion to Certify For Immediate Appeal the Court's June 4, 2004 Order Dismissing the KMK Defendants" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 8th day of July, 2004.

| | |
|---|---|
| Michael G. Brautigam | Stephen J. Brogan |
| Gene Irving Mesh | Cheryl E. Forchilli |
| Gene Mesh & Associates | Jones Day |
| 2605 Burnet Avenue | 51 Louisiana Avenue, N.W. |
| Cincinnati, Ohio 45219-2502 | Washington, DC 20001 |
| Attorney for the Plaintiffs | Attorney for Defendant Ernst & Young |

/s/ Thomas W. Breidenstein
Thomas W. Breidenstein