LEXSEE 2004 U.S. DIST. LEXIS 11553

**IRVIN S. LIEBERMAN, and all others similarly situated, Plaintiffs v. CAMBRIDGE PARTNERS, L.L.C. and J.B. HANAUER & COMPANY, Defendants**

CIVIL ACTION NO. 03-2317

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*2004 U.S. Dist. LEXIS 11553*

**June 21, 2004, Decided**

**PRIOR HISTORY:** *Lieberman v. Cambridge Partners, LLC, 2003 U.S. Dist. LEXIS 23732 (E.D. Pa., Dec. 16, 2003)*

**DISPOSITION:** Defendant's motion to dismiss amended class action complaint granted. All claims against Defendant J.B. Hanauer & Company dismissed with prejudice.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For IRVIN S. LIEBERMAN, AND ALL OTHERS SIMILARLY SITUATED, Plaintiff: JOHN F. INNELLI, INNELLI ROBERTSON, PHILADELPHIA, PA. MICHAEL J. MOLDER, LAW OFFICES OF MICHAEL J. MOLDER, WYNNEWOOD, PA.

For J.B. HANAUER & CO., Defendant: JACQUELYN J. AGER, CONRAD O'BRIEN GELLMAN & ROHN PC, PHILADELPHIA, PA. LAWRENCE M. ROLNICK, LOWENSTEIN SANDLER PC, ROSELAND, NJ. ROBERT N. FELTOON, CONRAD O'BRIEN GELLMAN & ROHN PC, PHILADELPHIA, PA. THOMAS E. REDBURN, JR., LOWENSTEIN SANDLER PC, ROSELAND, NJ.

**JUDGES:** CYNTHIA M. RUFE, J.

**OPINIONBY:** CYNTHIA M. RUFE

**OPINION:**

MEMORANDUM OPINION AND ORDER

RUFE, J.

In this putative securities class action, Plaintiff Irvin S. Lieberman proceeds against Defendants Cambridge Partners, L.L.C. ("Cambridge") and J.B. Hanauer & Company ("Hanauer"), two underwriters of debt securities issued by the Allegheny County Industrial Development Authority ("ACIDA"). Plaintiff filed his initial Complaint on April 14, 2003, advancing claims under *sections 12(a)(2)* and *15 of the Securities Act of 1933* ("Securities Act"), *15 U.S.C. § § 77l, 77o*. On August 25, 2003, after more than 120 days had passed without filing of proof of service on either [*2] defendant, the Court issued an Order to Show Cause why the matter should not be dismissed without prejudice under *Federal Rule of Civil Procedure 4(m)*. Plaintiff responded by explaining that his efforts to locate Cambridge had been unsuccessful. As to Hanauer, however, Plaintiff enclosed proof of timely service and a stipulation of counsel permitting Hanauer approximately thirty days to respond to the Complaint, which the Court approved.

Thereafter, Hanauer moved to dismiss the Complaint on three grounds: (1) improper service; (2) Plaintiff's *section 12(a)(2)* claim is time-barred and fails to state a claim upon which relief can be granted; and (3) Plaintiff's *section 15* claim fails to state a claim because it is predicated on Plaintiff's deficient *section 12(a)(2)* claim. On December 16, 2003, the Court dismissed without prejudice Plaintiff's claims against Cambridge for failure to effect timely service. The Court also dismissed Plaintiff's claims against Hanauer for failure to state a claim, concluding that as tax-exempt industrial

Case 1:00-cv-00793-SSB-TSH    Document 348-2    Filed 07/08/2004    Page 2 of 5

Page 2
2004 U.S. Dist. LEXIS 11553, *

development bonds, the ACIDA bonds are expressly exempt from the liability provisions of *section 12(a)(2)*. Lastly, [*3] the Court dismissed Plaintiff's claim under *section 15 of the Securities Act* because a successful *section 12* claim is a precondition to a successful *section 15* claim. The Court dismissed all claims against Hanauer with prejudice without reaching any of Hanauer's alternative arguments. n1

   n1 See *Lieberman v. Cambridge Partners, LLC, 2003 WL 22999217, 2003 U.S. Dist. LEXIS 23732*.

Plaintiff filed a Motion for Reconsideration and represented therein that "since the issuance of the Court's opinion, individuals with first hand knowledge of the workings of . . . entities involved in the events giving rise to this action have provided information which would enable the filing of an amended complaint to address all of the issues raised by Hanauer." n2 Accepting this representation as true and to ensure that Plaintiff received a full opportunity to present his claims, the Court granted leave to amend the Complaint but specifically denied the Motion "insofar as it challenges, contradicts or seeks reconsideration of any of the legal conclusions" [*4] in the Court's December 16, 2003 Memorandum Opinion and Order. n3

   n2 Pl.'s Mot. for Recons. at 5.

   n3 Order of Jan. 30, 2004.

On February 19, 2004, Plaintiff filed an Amended Class Action Complaint against Cambridge and Hanauer. In addition to reasserting claims under *sections 12(a)(2)* and *15 of the Securities Act*, Plaintiff added new claims under Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5"), *17 C.F.R. § 240.10b-5*, and *sections 10(b)* and *20(a) of the Securities Exchange Act of 1934* ("Exchange Act"), *15 U.S.C. §§ 78j(b), 78t(a)*.

Presently before the Court is Hanauer's Motion to Dismiss the Amended Class Action Complaint, which seeks dismissal for the following reasons: (1) Plaintiff's claims under *section 12(a)(2) of the Securities Act*, *section 10(b) of the Exchange Act* and *Rule 10b-5* are time-barred by applicable statutes of limitations and repose; (2) Plaintiff's claim under *section 12(a)(2) of the Securities Act* fails to state a valid [*5] legal claim for substantially the same reasons outlined in the Court's December 16, 2003 Memorandum Opinion and Order; (3) Plaintiff fails to plead the element of scienter with the requisite particularity for his claims under *section 10(b) of the Exchange Act* and *Rule 10b-5*; (4) Plaintiff's claims under *section 15 of the Securities Act* and *section 20(a) of the Exchange Act* fail because there are no underlying violations by a person allegedly being controlled; and (5) Plaintiff has not properly served Hanauer.

Today the Court holds that the applicable statutes of limitations and repose bar Plaintiff's claims. The Court will not restate the factual background of this matter as it is already set forth in the Court's prior opinion. Only the bare adjudicative facts are discussed below. n4

   n4 The familiar *Rule 12(b)(6)* standard governs. See *Brody v. Hankin, 299 F. Supp. 2d 454, 457-58 (E.D. Pa. 2004)* (outlining standard of review for motion to dismiss pursuant to *Rule 12(b)(6)*). The Court assumes for purposes of today's decision that service upon Hanauer was proper.

[*6]
Plaintiff purchased the ACIDA bonds on April 21, 1998. It was not until almost five years later, however, that Plaintiff filed the initial Complaint on April 14, 2003. Taking the allegations in the light most favorable to Plaintiff, the subsequent Amended Class Action Complaint arises out of the same conduct and transactions set forth in the initial Complaint. Therefore, it relates back to the filing date of the initial Complaint pursuant to *Federal Rule of Civil Procedure 15(c)(2)*. Hanauer concedes this point for purposes of its Motion. n5

   n5 See Mem. of Law in Supp. of Mot. to Dismiss at 6 n.1.

Prior to July 30, 2002, when Congress enacted the Sarbanes-Oxley Act of 2002 ("SOA"), n6 claims under *section 10(b) of the Exchange Act* and *Rule 10b-5* were governed by the Supreme Court's ruling in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 115 L. Ed. 2d 321, 111 S. Ct. 2773 (1991)*. There, the Court held that actions under *section 10(b)* and *Rule 10b-5* [*7] are governed by the statute of limitations and repose contained in *section 9(e) of the Exchange Act*, which requires that such actions be brought "within one year after discovery of the facts constituting the violation and within three years after such violation." n7

   n6 Pub. L. No. 107-204, 116 Stat. 745 (codified in part at *28 U.S.C.A. § 1658(b) (West Supp. 2004))*.

Case 1:00-cv-00793-SSB-TSH    Document 348-2    Filed 07/08/2004    Page 3 of 5

Page 3
2004 U.S. Dist. LEXIS 11553, *

n7 *501 U.S. at 364 & n.9*; see also section 9(e) of the Exchange Act, *15 U.S.C. § 78i(e)*.

With enactment of the SOA, Congress extended the limitations/repose periods for *section 10(b)* and *Rule 10b-5* claims from the one-year/three-year period outlined in Lampf to a two-year/five-year period. n8 In addition, Congress directed that the new, longer limitations period "shall apply to all proceedings addressed by this section that commenced on or after the date of enactment [July 30, 2002] of this Act." n9 Congress also provided that "nothing in this section shall create a new, [*8] private right of action." n10 Plaintiff contends that because he commenced this matter on April 14, 2003 -- after the July 30, 2002 enactment of the SOA -- the SOA's longer limitations/repose periods apply. If that is the case, this action was timely-filed on April 14, 2003, which is within five years of the alleged April 21, 1998 violation, when Hanauer commenced the sale of the ACIDA bonds.

n8 SOA § 804(a).

n9 Id. § 804(b).

n10 Id. § 804(c).

Hanauer responds by noting that Plaintiff's *section 10(b)* and *Rule 10b-5* claims were already time-barred when Congress enacted the SOA. That is, under pre-SOA law, Plaintiff's claims were governed by Lampf's one-year/three-year limitations/repose period. Having alleged that the violation occurred on April 21, 1998 when Hanauer brought the ACIDA bonds to market, the three-year statute of repose expired on April 22, 2001 -- well before the SOA took effect on July 30, 2002 and long before Plaintiff filed suit on April 14, 2003. Therefore, argues Hanauer, [*9] applying the SOA's longer limitations period to Plaintiff's *section 10(b)* and *Rule 10b-5* claims would revive stale claims and thus be contrary to SOA § 804(c)'s prohibition against creating a "new, private right of action." In addition, it argues, because the SOA lacks a clear statement directing courts to apply the longer limitations period retroactively to revive time-barred claims, the Court must adhere to the firmly-rooted presumption against retroactive legislation and can only apply the longer limitations period to claims that had accrued but had not become time-barred before enactment of the SOA. n11

n11 See *Landgraf v. USI Film Prods., 511 U.S. 244, 265, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994)* ("the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"); see also *Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 950, 138 L. Ed. 2d 135, 117 S. Ct. 1871 (1997)* ("extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action . . . a newly enacted statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme").

[*10]

Several courts have adopted these arguments. Those courts set forth thorough and persuasive analyses demonstrating that it is impermissible to utilize SOA § 804 to revive claims that were time-barred when the SOA took effect on July 30, 2002, regardless of whether the case pursuing those claims was filed before or after July 30, 2002. The Court agrees with those decisions and adopts their rationales as though restated herein. n12 Accordingly, Plaintiff's *section 10(b)* and *Rule 10b-5* claims are time-barred and must be dismissed.

n12 *Newby v. Enron Corp. (In re Enron Corp. Sec. Derivative & "ERISA" Litig.), 2004 U.S. Dist. LEXIS 8158, No. MDL-1446, Civ.A.H-01-3624, 2004 WL 405886, at *12-17 (S.D. Tex. Feb. 25, 2004)* (concluding that SOA's longer limitations periods apply to actions filed after July 30, 2002 "based on underlying conduct that occurred before the enactment of the [SOA] as long as such claims were not time-barred by the Lampf statute of limitations and/or repose controlling before July 30, 2002"); *Great S. Life Ins. Co. v. Enter. Mortg. Acceptance Co., LLC (In re Enter. Mortg. Acceptance Co., LLC), 295 F. Supp. 2d 307, 312-17 (S.D.N.Y. 2003)* (concluding that Congress did not intend the SOA to revive previously time-barred claims, and that reviving time-barred claims would contradict SOA § 804(c)'s proscription against creating new private rights of action); *Glaser v. Enzo Biochem, Inc., 303 F. Supp. 2d 724, 732-34 (E.D. Va. 2003)* ("Congress's provision that the statute of limitations would apply to all proceedings commenced on or after July 30, 2002, applies only to actions that may have accrued but that were not time-barred under the previous one-year limitations period."); *In re Heritage Bond Litig., 289 F. Supp. 2d 1132, 1147-48 (C.D. Cal. 2003)* ("While the amended statute of limitations may apply to proceedings filed after passage of the

Case 1:00-cv-00793-SSB-TSH   Document 348-2   Filed 07/08/2004   Page 4 of 5

Page 4
2004 U.S. Dist. LEXIS 11553, *

[SOA], it cannot apply to claims already barred at the time of its enactment, regardless of the filing date."); cf. *ATO RAM II, Ltd. v. SMC Multimedia Corp., No. 03 Civ. 5569 (HB), 2004 U.S. Dist. LEXIS 5810, at *17-19 (S.D.N.Y. Apr. 7, 2004)* (noting that "many courts have interpreted [SOA § 804] to mean[] that the extended statute of limitations applies to private securities fraud claims that had accrued at the time of enactment, but were not already time-barred," but finding the plaintiffs' claims were timely because those claims were not yet barred when the SOA was enacted). Although some of these cases deal with actions filed before enactment of the SOA and thus by the terms of § 804(b) are not governed by the SOA's longer limitations periods, their analyses as to whether Congress intended the SOA to revive stale claims -- regardless of when an action is commenced -- apply with equal force to the case at bar.

*Roberts v. Dean Witter Reynolds, Inc., 2003 U.S. Dist. LEXIS 5676, No. 8:02-CV-2115-T-26EAJ, 2003 WL 1936116 (M.D. Fla. Mar. 31, 2003)* reached the opposite conclusion, but its reasoning rests on unpersuasive citations to the SOA's legislative history. The Court agrees with those courts that have concluded that *Roberts* should be rejected. See *Newby, 2004 U.S. Dist. LEXIS 8158, 2004 WL 405886, at *12 n.39*; *Great S. Life, 295 F. Supp. 2d at 316-17*.

[*11]

Plaintiff's claims under *section 12(a)(2) of the Securities Act* are also untimely. To be timely, such a claim must be brought within one year of discovery of an alleged misleading statement (or within one year of when due diligence would have uncovered an alleged misleading statement), or, under the three-year statute of repose, within three years after the plaintiff purchased the security. n13 Applying the three-year statute of repose, Plaintiff's *section 12(a)(2)* claim became time-barred three years after the April 21, 1998 purchase date, or on April 22, 2001. Because Plaintiff did not file suit until April 14, 2003, Plaintiff's *section 12(a)(2)* claim is time-barred.

n13 *15 U.S.C. § 77m.*

As with his *section 10(b)* and *Rule 10b-5* claims, Plaintiff seeks to revive his *section 12(a)(2)* claim via SOA § 804. However, this Court agrees with the several courts that have held that the SOA's longer statute of limitations and repose periods do not apply to *section 12(a)(2)* claims. n14 Even if [*12] the SOA did apply, for the same reasons set forth above with respect to Plaintiff's *section 10(b)* and *Rule 10b-5* claims, the SOA cannot permissibly rescue Plaintiff's otherwise time-barred *section 12(a)(2)* claim.

n14 E.g., *In re FirstEnergy Corp. Sec. Litig., 2004 U.S. Dist. LEXIS 7604, No. 5:03-CV-1684, -- F. Supp. 2d --, 2004 WL 938440, at *12 (N.D. Ohio May 3, 2004)*; *ATO RAM II, 2004 U.S. Dist. LEXIS 5810, at *15*; *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., No. 02 C 5893, 2004 U.S. Dist. LEXIS 4659, at *38-39 (N.D. Ill. Mar. 22, 2004)* (noting that every court to consider the question has concluded that *section 12(a)(2)* claims are not covered by the SOA).

Finally, as noted in the Court's prior opinion, Plaintiff's claim under *section 15 of the Securities Act* is derivative of his claim under *section 12*. n15 Accordingly, the failure of Plaintiff's claim under *section 12(a)(2) of the Securities Act* sounds the death knell for his claim under *section 15* as well. Similarly, [*13] Plaintiff's claim under *section 20(a) of the Exchange Act* is derivative of his claims under *section 10(b)* and *Rule 10b-5*, so the untimely filing of these claims also bars recovery under *section 20(a)*. n16

n15 *2003 U.S. Dist. LEXIS 23732, 2003 WL 22999217, at *4*; *2003 U.S. Dist. LEXIS 23732, at *15-16*.

n16 *Shapiro v. UJB Fin. Corp., 964 F.2d 272, 279 (3d Cir. 1992)* ("[Section 20(a)] plainly requires the plaintiff to prove . . . that the "controlled person" is liable under the [Exchange] Act. If no controlled person is liable, there can be no controlling person liability."); see also *Dalicandro v. Legalgard, Inc., Civ. A. No. 99-3778, 2004 U.S. Dist. LEXIS 2253, at *16 (E.D. Pa. Jan. 21, 2004)* (holding that statute of limitations for claims brought pursuant to *section 10(b)* applies with equal force to claims brought pursuant to *section 20(a) of the Exchange Act*); *In re Heritage Bond Litig., 289 F. Supp. 2d at 1148* (concluding claims under *section 10(b)* and *section 20(a)* are "likely" governed by same statute of limitations).

[*14]

Although Plaintiff's claims against Cambridge appear to be identical to its deficient claims against Hanauer, Cambridge has not entered an appearance in

this case, nor has Plaintiff had an opportunity to argue the merits or viability of its claims against Cambridge. Accordingly, the Court will not address sua sponte the merits of Plaintiff's claims against Cambridge. However, as of today, more than 120 days have passed since the filing of the Amended Class Action Complaint, and the docket does not reflect service thereof on Cambridge. Therefore, today the Court issues an Order to Show Cause why the remaining claims against Cambridge should not be dismissed without prejudice pursuant to *Federal Rule of Civil Procedure 4(m)*.

An appropriate Order follows.

**ORDER**

**AND NOW**, this 21st day of June, 2004, upon consideration of Defendant J.B. Hanauer & Company's Motion to Dismiss the Amended Class Action Complaint [Doc. # 21], Plaintiff's Opposition thereto [Doc. # 25], Defendant's Reply [Doc. # 29], Plaintiff's Sur-Reply [attached to Doc. # 30], and for the reasons set forth in the attached Memorandum Opinion, it is hereby [*15] **ORDERED** that Defendant's Motion is **GRANTED**. All claims against Defendant J.B. Hanauer & Company are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff shall, within seven (7) days of the date of this Order, show cause why all claims against Defendant Cambridge Partners, L.L.C. should not be dismissed without prejudice pursuant to *Federal Rule of Civil Procedure 4(m)*.

It is so **ORDERED**.

**BY THE COURT:**

**CYNTHIA M. RUFE, J.**