UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** <br>     **PLAINTIFF** <br><br> **VS.** <br><br> **OHSL FINANCIAL CORP., ET AL.,** <br>     **DEFENDANTS** | **CASE NO. C-1-00-793.** <br> **(BECKWITH, J.)** <br> **(HOGAN, M.J.)** |

**ORDER**

    The Court conducted an informal status conference with counsel for the remaining parties to this case on June 30, 2004. The first item discussed was who would decide a number of pending motions. After contact with the District Court, the following was decided.
The District Court will rule on the Motion to Strike the Affidavit of Tayfun Tuzun (Doc. 280), the Motion to Strike Exhibits (Doc. 333) and the Dinsmore firm's Motion to Stay Consideration of Summary Judgment (Doc. 329). As the Keating firm is no longer a party, Keating's similar Motion to Stay (Doc. 328) is moot and hereby denied. The undersigned will rule on Plaintiff's Motion to Strike the Fischer letter (Doc. 204), the Motion to Quash the Subpoena served on Tayfun Tazun (Doc. 302) and the Motion to Strike Mr. Brinker's Eratta Sheet (Doc. 305). Those rulings are contained below.

    We deal first with the Fischer letter. Patrick R. Fischer is a partner with the Keating law firm, formerly a party to this case. Apparently Plaintiff's counsel, Brautigam, wanted to depose Mr. Winstead and had attempted to arrange for appropriate dates through Fischer. Unable to agree on the location for the Winstead deposition, the lawyers exchanged intemperate letters accusing each other of unprofessional conduct. The Court, attempting to focus on the merits of the case, is unswayed by such silliness and regards the filing of a Motion to Strike a piece of undocketed correspondence as completely unnecessary. That the lawyers have less than warm and fuzzy feelings toward one another has been patently obvious, with or without the benefit of

being copied on correspondence. The Motion to Strike (Doc. 204) is itself denied and stricken from the record as an unnecessary distraction from the merits of the case.

The deposition of Norbert Brinker took place some time ago. Apparently, Mr. Brinker, a senior citizen who, at the time of his discovery deposition, was recovering from a stroke, completed an errata sheet and submitted it to the court reporter who filed the deposition and errata sheet in this action. Counsel for Plaintiff now objects to the preparation and filing of the errata sheet on the theory that the corrections were orchestrated by counsel for the OHSL defendants, of which group Mr. Brinker is a member. The Court assumes that the purpose for the filing of this Motion to Strike (Doc. 305) is that counsel is pleased with Mr. Brinker's original response and does not want the finders of fact to hear about any corrections. The Court rules that the law of evidence permits the jury to consider both the uncorrected and corrected versions of a deponent's testimony. That being the case, the Court finds it inappropriate to preclude the finders of fact from hearing the corrected version. This Motion to Strike (Doc. 305) has no merit and is denied.

Taufun Tazun is Vice President of Provident Financial Group, Inc., and a person who filed an affidavit with this Court. The Motion to Quash the Tazun Subpoena was filed by Ernst & Young, whose Motion proposes an alternative, that the Court limit the Tazun deposition to matters unrelated to the allegations against Ernst & Young, no longer a party to this case. This Motion to Quash (Doc. 302) is neither opposed nor supported by any other party. Therefore, there is no reason to delay the deposition of Mr. Tazun, which shall be scheduled by those members of the respective law firms who are up to the task without a flurry of letters accusing each other of various civil and ethical infractions. The Court will make it as simple as possible. The deposition is to take place in the Keating offices not later than August 31, 2004. Counsel need only determine the date and time. If counsel wishes the deponent to bring documentation, a subpoena duces tecum should be issued. Ernst & Young's Motion to Quash Tazun's Subpoena (Doc. 302) is moot and is denied.

In addition, counsel for Plaintiff seeks "guidance" on five general topics. The first relates to Ernst & Young's objections to discovery until all motions to dismiss are decided. The Court's response is that Ernst & Young is no longer a party and cannot obstruct discovery relative to motions unrelated to it. The second objection is that the Keating firm is refusing to meaningfully

cooperate in discovery, an accusation denied by the Keating firm. Presumably, counsel for Plaintiff knows the steps to take in order to compel discovery from a non-party and will take those steps if necessary.

Plaintiff made known that he desires a copy of the PWC report, which Plaintiff claims was cited in pleadings and depositions. Keating's initial response is that the report is its client's work product, is privileged and is protected from discovery under the self-investigative report doctrine. Keating also stated that the matter was being researched and that if a response was not made by July 2, 2004, Plaintiff should make a formal filing with the Court.

It was called to the Court's attention that no deadline for the identification of experts was contained in the Scheduling Order. The parties agreed to identify experts on or before August 31, 2004.

Plaintiff requested that the Court grant it permission to depose certain parties beyond the 7-hour presumptive deadline. The Court grants an additional 1 hour only for deponents Carey, Cook and Holverson. While Plaintiff considers this case to be complex, the Court does not and bases its decision on the efficiency with which counsel for Plaintiff conducted the Brinker deposition, which was taken in the presence of the Court.

Counsel for Plaintiff objected to a technique referred to as "speaking objections" whereby counsel telegraphs to the witness that he should answer a question in a certain way. All seasoned trial lawyers have experienced this strategy and know that in order for the Court to police the matter, a transcript must be produced which displays on the face of it the conduct about which counsel objects.

The Court scheduled another status conference for August 3, 2004 at 10:00 A.M. in an effort to get this case moving toward trial.

**IT IS THEREFORE ORDERED THAT**

1) Defendant's Motion to Stay (Doc. 328) is DENIED AS MOOT.

2) Plaintiff's Motion to Strike 8/5/03 Letter of Patrick Fischer (Doc. 204) be DENIED.

3) Motion to Quash Subpoena Served on Tayfun Tuzun (Doc. 302) be DENIED AS MOOT.

4) Plaintiff's Motion to Strike (Doc. 305) be DENIED.

5) The deadline for identifying experts SHALL BE August 31, 2004.

6) Plaintiff is granted one additional hour with respect to the depositions of Carey, Cook and Holverson.

7) A status conference shall be held before the undersigned on August 3, 2004 at 10:00 am.

SO ORDERED.


July 9, 2004                                        s/Timothy S. Hogan
                                                    Timothy S. Hogan
                                                    United States Magistrate Judge


J:\HOGANTS\thiemann11.wpd