# Exhibit D

# LAW OFFICES OF GEN. MESH AND ASSOCIATES

28 June 2004

BY HAND DELIVERY

The Honorable Timothy S. Hogan
United States Magistrate Judge
United States District Court
   for the Southern District of Ohio
324 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

      Re: Thiemann, et al. v. OHSL et al.
      <u>Case No. C-1-00-793</u>

Dear Magistrate Judge Hogan:

I write with the specific permission of Linda of your chambers to respectfully inform the Court that Plaintiffs wish to discuss the following issues at our Status Conference on Wednesday 30 June 2004. Please take notice that Plaintiffs will respectfully request that the Court provide all counsel with some assistance generally as to how to proceed given the complexity of the case and the fact that some but not all of the motions to dismiss have been decided. Plaintiffs also request specific guidance as to how to proceed with the following issues:

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

## FILINGS THAT ARE FULLY BRIEFED AND AWAITING A DECISION BY MAGISTRATE JUDGE HOGAN

1. Doc. No. 204 Motion to Strike Pat Fischer letter, 8/11/03 (Unopposed);

2. Doc. No. 280 Motion to Strike Affidavit of Tayfun Tuzun, 2/27/04;

3. Doc. No. 302 Motion to Quash Subpoena Served on Tayfun Tuzun, 3/19/2004;

4. Doc. No. 305 Motion to Strike Errata Sheet Submitted By Norbert Brinker, 3/24/2004;

5. Doc. No. 333 Motion to Strike Exhibits, 5/20/04 (Unopposed);

6. Docs. No. 328 and 329 Motions to Stay Consideration of Summary Judgment Motions by KMK and Dinsmore, filed 5/13/04 and 5/14/04;



1

LAW OFFICES OF GEN_ MESH AND ASSOCIATES

**GENERAL**

7. **Discovery from E&Y** E&Y is objecting to any discovery going forward until ALL motions to dismiss are decided;

8. **Discovery from KMK** KMK has refused to meaningfully cooperate in discovery;

9. **PwC Report**—KMK is considering turning it over to plaintiffs. KMK has cited and relied on this in pleadings and in depositions; additionally, Plaintiffs need this report in order to complete the depositions of the defendants and other witnesses;

10. **Role of E&Y and KMK in the case now that they have been dismissed.** Additionally, KMK, through counsel, has simply refused to meaningfully cooperate in discovery, as their response to the subpoena indicates;

11. **Date for Expert Reports to be Produced**—Not Clear from Current Scheduling Order, Doc. No. 221;

**DEPOSITIONS**

12. **Objections**--KMK has repeatedly made speaking objections that suggest an answer, or suggest that the witness not answer the question, i.e. Objection, calls for speculation—and then the witness says I am not going to speculate on that; additionally, witnesses have repeatedly refused to answer questions, have frequently said that they refused to comment on a question, and one witness even stated that he was not at the deposition to interpret documents for me;

13. **Length of Depositions**—the presumptive 7 hour rule should not apply to this case. The very fact that this is complex litigation suggests that normal rules should not apply. The complexity of the issues and the voluminous nature of the documents suggests that, where needed, plaintiffs should be given additional time. Second, KMK witnesses have done everything in their power to attempt to run out the clock. How would the Court like to proceed on this issue?



2

LAW OFFICES OF GENE MESH AND ASSOCIATES

14. **Instructions Not to Answer Questions**—KMK has repeatedly instructed witnesses not to answer questions. We spoke with Judge Beckwith once on this issue, and she indicated that generally speaking, such instructions were not proper, (*See*, Pedoto Deposition at pages 216-230, Specific Instruction by the Court at page 228).

On behalf of the Plaintiffs and the putative class, I thank you for your assistance in helping all parties resolve these issues.

Respectfully Submitted,

Michael G. Brautigam

All Counsel By Fax



3

# Exhibit E

# KMK | Keating, Muething & Klekamp PLL
ATTORNEYS AT LAW

**JAMES E. BURKE**
DIRECT DIAL: (513) 579-6428
FACSIMILE: (513) 579-6457
E-MAIL: JBURKE@KMKLAW.COM

March 17, 2004

Williams & Oliver Court Reporter Services
6689 Raes Creek Court
Loveland, OH 45140

  Re: Thiemann v. OHSL Financial Corp.; Deposition of Norbert G. Brinker (2/5/04)

Dear Sir or Madam:

  Enclosed is the original signature page and errata sheet for the deposition of Norbert G. Brinker.

  If you have any questions, please call.

        Sincerely yours,

        KEATING, MUETHING & KLEKAMP, P.L.L.

        By: _____
            James E. Burke

JEB:jlm

Enclosures

cc: Michael G. Brautigam, Esq.
   John W. Hust, Esq.
   Michael R. Barrett, Esq.
   Thomas W. Breidenstein, Esq.
   Mary-Helen Perry, Esq.
   David C. Greer, Esq.
   James H. Greer, Esq.
   Rachael A. Rowe, Esq.



1400 Provident Tower • One East Fourth Street • Cincinnati, Ohio 45202
TEL 513.579.6400 • FAX 513.579.6457 • www.kmklaw.com

To the Reporter:

I have read the entire transcript of my deposition taken on the 2nd day of February, 2004, or the same has been read to me. I request that the following changes be entered upon the signature page and authorize you to attach the same to the original transcript.

| Page | Line | Correction or change and reason therefore |
|---|---|---|
| 12 | 15 | "Seventeen years ago" should have been "four years ago." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 12 | 19 | "Close to seventeen" should have been "more than four." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 17 | 17 | "Seventeen years ago" should be "more than four years ago." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 21 | 3 | "Seventeen years ago" should be "more than four years ago." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 27 | 3 | "Seventeen years ago" should have been "more than four years ago." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 30 | 22-24 | "Seventeen years ago" should have been "more than four years ago." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. In addition, I misspoke about who our counsel was. Dinsmore & Shohl represented OHSL in the merger transaction. The firm of Keating, Muething & Klekamp did not become involved as counsel for OHSL until after the transaction closed and the litigation regarding the OHSL merger was proceeding. |
| 31-33 | | The firm that represented OHSL and the OHSL directors in the merger transaction was Dinsmore & Shohl. Keating, Muething & Klekamp became counsel to OHSL and the OHSL directors during the litigation over the merger. McDonald & Company did not recommend the retention of Keating, Muething & Klekamp. I was confused between the two firms. |
| 34 | 10 | "Seventeen years later" should have been "more than four years later." I confused the date of the merger with the date I retired as a full time employee of Oak Hills. |
| 43 | 16-20 | Dinsmore & Shohl represented OHSL and the OHSL directors in the merger transaction. Keating, Muething & Klekamp became counsel to OHSL and the OHSL directors during the litigation over the merger. McDonald & Company did not recommend the retention of Keating, Muething & Klekamp. I was confused between the two firms. |
| 44 | 10-13 | McDonald & Company did not suggest the retention of Keating, Muething & Klekamp. I was confused between the two firms. |
| 46 | 19-20 | McDonald & Company was not involved in the retention of Keating, Muething & Klekamp. I was confused between the two firms. |
| 48 | 4-7 | McDonald & Company was not involved in the retention of Keating, Muething & Klekamp. I was confused between the two firms. |
| 49 50 | 19 through 9 | McDonald & Company was not involved in the retention of Keating, Muething & Klekamp. I was confused between the two firms. |

Signature: _Robert H Brianker_

Date: 3-17-04