IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRUCT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER THIEMANN, et al.** | : | Case No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| **OHSL FINANCIAL CORP., et al.** | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFFS' REPLY TO DEFENDANT ERNST & YOUNG'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY THIS COURT'S ORDER DISMISSING THE CASE AGAINST DEFENDANT ERNST & YOUNG FOR IMMEDIATE APPEAL (DOC. NO. 346).**

Dated: July 20, 2004

**GENE MESH & ASSOCIATES**

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs, by and through counsel, reply to Defendant Ernst & Young's Memorandum in Opposition to Plaintiffs' Motion to Certify Ernst & Young's Dismissal for Immediate Appeal (Doc. No. 346) and submit the following Memorandum in support thereof.

## MEMORANDUM

### A. Plaintiffs' Motion Has Merit and is Valid Under 28 U.S.C. §1292(b)

Defendant Ernst & Young's general opposition to Plaintiffs' Motion to Certify Ernst & Young's Dismissal for Immediate Appeal (Doc. No. 346) (hereinafter "Motion") is without merit. Although the parties are in agreement as to the standard for granting an interlocutory appeal in this case, the parties disagree as to whether or not it was appropriate under these circumstances. Defendant Ernst & Young (hereinafter "E&Y") attempts to argue that the Plaintiffs have merely questioned the correctness of this Court's rulings in its Motion. However, this is not the case.

As discussed in Plaintiffs' Motion, and below, Plaintiffs are arguing that there are controlling legal arguments under the law which were improperly overlooked in the Court's decision, that there is a disagreement among the federal courts on the decisions that were reached by this Court, and that these controlling issues of law need to be resolved now in order to ensure that advance of the ultimate termination of this litigation pursuant to 28 U.S.C. §1292(b). These issues are important questions that determine the fairness of America's capital markets. Further, as argued in their Motion, Plaintiffs also stated that these issues needed to be addressed at this time because they are all essentially intertwined and impact one another. *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002). All of the claims center around the creation of the Proxy

Materials/Registration Statement, the 2003 Restatements of the Provident financial statements, and whether or not the Restatements confirm that the Proxy Materials/Registration contain material misstatements. Plaintiffs filed this Motion because the issue is not if the Sixth Circuit is going to review these issues, but when. A failure to resolve these issues now could easily delay the ultimate termination of the litigation. Thus, based upon the foregoing, the Plaintiffs are not recycling old arguments, but are raising controlling legal arguments, of which there is a split among the federal courts, and which needs to be resolved in order to continue to materially advance the ultimate termination of the litigation.

Defendant E&Y also misrepresents the Plaintiffs' specific arguments and the law regarding those issues. First, the Plaintiffs did not make the argument that the dismissal of Plaintiff's Section 11 and 12(s) claims was appropriate. Second, in relation to the Plaintiffs' 10(b) and 14(a) claims, Defendant E&Y concedes that both it and the Court agree that the limitation defense may not always be appropriate for resolution on a motion to dismiss. (Memorandum, p. 2). Nevertheless, Defendant E&Y does not accept Plaintiffs' argument that it is in appropriate in this case, but rather argues that the complaint should be dismissed here as time-barred since the application of the statute can readily be discerned from the face of the complaint. (Memorandum, p. 2). Defendant E&Y cites to *Hoover v. Langston Equip. Assoc.*, 958 F.2d 742, 744 (6th Cir. 1992) in support of this proposition. However, *Hoover* stated as follows:

> "The Sixth Circuit has adopted the view, at least in cases where the face of the complaint discloses a failure to file within the time allowed, that the plaintiff may come forward with allegations explaining why the statute of limitations should be tolled."

Id. This is exactly what the Plaintiffs did in this case. Plaintiffs explained in detail that there was no way that it could have been on inquiry notice until the Restatements were filed, and that this did not occur until March of 2003. (Doc. No. 273). However, rather than discussing this issue at all, or even acknowledging it, the Court only discussed the issue of scienter. The scienter element is properly alleged by pleading facts showing a strong inference of recklessness. *In re Comshares, Inc.*, 183 F.3d at 549. In cases involving "recklessness", the main issue generally centers around the sufficiency of disclosures or materiality of the misrepresentations coupled with reliance. Inquiries into these areas are inherently fact-specific and are generally left to the trier of facts. *Basic, Inc. v. Levinson*, 485 U.S. 224, 235, 108 S.Ct. 978 (1988); *Goldman v. Belden*, 754 F.2d 1059, 1068 (2d. Cir. 1985). Thus, the fact that this Court focused on the scienter element, which is a decision which is to be left to the trier of act, to the exclusion of the issue of the statute of limitations, confirms that this Court did not just arrive at a different factual conclusion than that of the Plaintiffs, but improperly failed to consider a controlling issue of law pursuant to 28 U.S.C. §1292(b).

Similarly, Defendant E&Y's argument regarding the continuing fraud doctrine is confused at best. Defendant E&Y argues that the continuing doctrine argument is moot because the statute of repose is "absolute." However, this is the very point. Without the continuing fraud doctrine, Plaintiffs' Section 10(b) claim will inequitably and unjustly run before Plaintiffs had a chance to discover it. The Plaintiffs had no way of having any inquiry notice on this issue until March of 2003 when the Restatements were filed. By that time that statute of limitations and statute of repose had already run. Despite the fact that there is a strong divergence of opinion on whether or not the continuing fraud

doctrine should toll the statute of limitations, this Court failed to acknowledge or discuss this issue. *See SEC v. Schiffer,* 1998 U.S. Dist. LEXIS 6339, No. 97- CV-5853 (S.D.N.Y. May 5, 1998) (recognizing the issue as unresolved but denying § 2462 statute of limitations motion to strike civil penalty when discovery was incomplete and relevant facts were underdeveloped). Thus, based upon the foregoing, this was also a proper issue for the Plaintiffs to seek interlocutory review pursuant to 28 U.S.C. §1292(b).

In addition, Defendant E&Y again incorrectly argues that the Plaintiffs' argument of the applicability of the Sarbanes-Oxley Act is irrelevant because the Court did not dismiss the Plaintiffs' claims on this basis. It is true that this Court makes its decision upon its belief that Plaintiffs have failed to properly allege scienter under the PSLRA. However, it is also likely true that this Court improperly thought that the Sarbanes-Oxley Act was not applicable given its decision. While this Court stated that the Sarbanes-Oxley Act was not applicable to Plaintiffs' Section 11 and 12(2) claims because these claims did not involve scienter, this Court failed to mention the Sarbanes-Oxley Act when discussing the Section 10(b) and 14(a) claims, or those that do specifically involve scienter. (Doc. No. 336). This is likely because this Court had already decided that the Plaintiffs claims were time barred from the face of the Complaint. As a result, this Court focused solely on the scienter issue in relation to the Sections 10(b) and 14(a) claims. Thus, the fact that this Court focused on the scienter element, which is a decision which is to be left to the trier of fact, to the exclusion of the Sarbanes-Oxley Act, confirms that this Court did not just arrive at a different factual conclusion than that of the Plaintiffs, but improperly failed to consider a controlling issue of law pursuant to 28 U.S.C. §1292(b), for which there is a split of authority among the federal courts, and which

could have materially advanced the ultimate termination of litigation in this case. The Sarbanes-Oxley Act is clearly open to interpretation and has been interpreted differently by different courts. As a result, it is only a matter of time before the United States Supreme Court will likely resolve this split between the district courts and the circuits. Thus, since this issue will also materially advance the ultimate termination of the litigation, this issue is appropriate for interlocutory review under 28 U.S.C. §1292(b).

Finally, Defendant E&Y misstates the law in regard to the issue of whether or not the Court's decision to deny Plaintiffs the ability to amend their Complaint qualifies for interlocutory review. Defendant E&Y cites to *Soliday v. Miami County,* 66 F.3d 1158, 1165 (6th Cir. 1995) for the proposition that a "court of appeals lacked jurisdiction over interlocutory appeal of denial of leave to amend complaint." Id. However, this is not what the Sixth Circuit stated. Rather, the court stated that denial of leave to amend is generally not an appealable order. *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992). Such an order becomes appealable only after the entry of final judgment on that claim. Id. As a result, since one defendant's motion for summary judgment had been granted in *Caldwell,* the court stated that it had the jurisdiction to review the district court's denial of the motion for leave to amend. Id. at 1165. The same is true for Defendant E&Y now that it has been dismissed from this action.

Similarly, Defendant E&Y misrepresents its citation from *City of Memphis,* 293 F.3d at 351. This case does not state that "matters reviewed for abuse of discretion are not 'controlling questions of law'" for §1292(b) purposes," but rather as follows:

> "A legal issue is controlling if it could materially affect the outcome of the case. See *In re Baker & Getty Fin. Sers., Inc. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). A legal question of the type envisioned in § 1292(b), however, generally does not include matters

> within the discretion of the trial court. *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). A ruling on the admissibility of evidence is reviewed for abuse of discretion. *Burzynski v. Cohen*, 264 F.3d 611, 621 (6th Cir. 2001). An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b). *See Jones v. Clinton*, 993 F. Supp. 1217, 1223 (E.D. Ark. 1998)."

Id. The amendment of the complaint in this case clearly could have materially affected the outcome of this case since Plaintiffs did not have the opportunity to place facts into the CAC at the time it was filed which they do now. Only recently were Plaintiffs permitted to take the depositions of the OHSL and Provident Directors. Further, the *City of Memphis* case does not state that matters reviewed for an abuse of discretion are never controlling questions of law, but rather they are not generally the types of legal questions envisions in 28 U.S.C. §1292(b). Thus, this is another issue which issue which was appropriate for interlocutory review under 28 U.S.C. §1292(b).

Therefore, when all of Defendant E&Y's arguments are broken down, it is obvious that the Plaintiffs have presented meritorious arguments regarding controlling questions of law, for which there exists a substantial ground for a difference of opinion regarding the correction of the decision, and which would materially affect or advance the outcome of this case. Since it is only a matter of timing as to when these issues will be heard, it was proper for Plaintiffs to file this Motion now since should materially advance the ultimate termination of this litigation.

> **B.    E&Y is Not Entitled to Its Fees and Costs in Relation to its Memorandum in Opposition to Plaintiffs' Motion to Certify E&Y's Dismissal for Immediate Appeal.**

E&Y seeks fees and costs based upon 28 U.S.C. Section 1927. This Section provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Id. Moreover, § 1927 sanctions are "warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon,* 78 F.3d 1041, 1049 quoting *Ruben v. Warren City Sch.,* 825 F.2d 977 (6th Cir. 1987).

In *U.S. v. Ross,* 535 F. 2d 346 (6th Cir. 1976), the court of appeals had held that Section 1927 should be strictly construed because it is penal in nature. Id. at 350. Accordingly, the Ross court had interpreted the "unreasonably and vexatiously" language of the statute to require that attorney's fee liability should "flow only from an intentional departure from proper conduct or, at a minimum, from reckless disregard of the duty owed by counsel to the court." Id. at 349. Thereafter, the Sixth Circuit held that the imposition of section 1927 sanctions against counsel "does not require a finding of recklessness, subjective bad faith, or conscious impropriety; an attorney does not have *carte blanche* to burden the federal courts by pursuing claims that he should know are frivolous." *Haynie v. Ross Gear Division of TRW, Inc.,* 799 F.2d 237, 243 (6th Cir. 1986) (per curiam), *vacated as moot* 482 U.S. 901, 107 S.Ct. 2475 (1987). In *Jones v. Continental Corp.,* 789 F.2d 1225, 1230 (6th Cir. 1986), the Sixth Circuit stated that "[a]n attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative

litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Id. at 1230. Accordingly, when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney. Id. This position was again followed in *Smith v. Detroit Federation of Teachers, Local 231,* 829 F.2d 1370 (6th Cir. 1987).

In *Cook v. American S.S. Co.*, 134 F.3d 771 (6th Cir. 1998), remanded without opinion (6th Cir. 2000), 205 F.3d 1339, reported in full (6th Cir. 2000), 2000 U.S. App. LEXIS 1286, the Sixth Circuit found that an attorney was properly assessed sanctions for vexatiously multiplying proceedings where he engaged in altercation with opposing counsel at end of first day of trial, resulting in mistrial. Id. at 772-773. The Sixth Circuit found the attorney's conduct was deplorable and fell short of behavior and demeanor expected of member of bar, and his unreasonable actions caused additional expense to opposing party. Id. at 777.

Similarly, in *Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations,* 140 F.3d 661 (7th Cir. 1998), the Seventh Circuit ordered sanctions against counsel for vexatiously and unreasonably delaying proceedings to collect retirement contributions. Id. at 666. The court held that they were warranted as a result of counsel's evading service of process, giving untrue sworn testimony in his affidavit regarding service of process, failing to file appearance, filing baseless appeals, incorporating another corporation in attempt to keep client from having to pay its debts, and seeking bankruptcy shelter for client to avoid contempt proceeding. Id.

Finally, in *Trulis v. Barton*, 107 F.3d 685 (9th Cir. 1995), the Ninth Circuit found that sanctions were warranted when counsel intentionally disregarded his clients' express instructions and continued insistence that he represented persons whom he was not authorized to represent. Id. at 694. The court found that such conduct not only demonstrated bad faith and was reckless as matter of law, but vexatiously increased the scope of litigation. Id.

The facts of the present case are not even close to those presented above. Rather, in the instant case, requiring Plaintiffs' counsel to personally bear the responsibility for E&Y's attorney's fees and costs is unwarranted under either the *Ross* or the *Haynie* standards set forth above. Even if Plaintiffs' Motion to Certify E&Y's Dismissal for Immediate Appeal is found to lack merit, Plaintiffs' arguments for bringing the Motion are not so obviously precluded by existing precedent that Plaintiffs' counsel should have known that their arguments and/or Motion was frivolous. As a result, this case is more analogous to *Kloes v. United States*, 578 F. Supp. 270 (S.D. Wis 1984), where the district court did not penalize plaintiffs' counsel for using statutory procedure to litigate issues which have not been subject to appellate review. Id. at 275. The district court appropriately denied attorneys' fees to defendant pursuant to 28 U.S.C. §1927, notwithstanding that it was unconvinced of the arguments offered by Plaintiff, since the court found that it should not penalize the plaintiff for testing the waters surrounding a fairly controversial new statute. Id. At a minimum, the same is true for Plaintiffs' argument regarding the application of the Sarbanes-Oxley Act. This Court has admitted that the federal courts have not reached a consensus in its application to federal securities law. (Doc. No. 349).

Further, there is no evidence that Plaintiffs' counsel brought this Motion in a way which was harassing, dilatory, or otherwise "unreasonable and vexatious." A conclusory statement that this is the case is not sufficient to meet the evidentiary requirement of 28 U.S.C. Section 1927. Finally, as discussed above, Plaintiffs did not use multiplicative litigation tactics in order to bring this Motion. Rather, Plaintiffs merely recognized that they were dealing with complex issues, for which there is a split of authority among the district courts and circuit courts. In particular, the Sarbanes-Oxley Act is clearly open to interpretation until its application is decided once and for all by the United States Supreme Court. As a result, Plaintiffs cannot be considered "unreasonable and vexatious" for attempting to have these complex issues regarding controlling legal authority be resolved in the present, rather than in the future. As discussed above, it is not a matter of if, but when, these issues will be heard by the United States Sixth Circuit. Therefore, Plaintiffs cannot be punished for attempting to materially advance the ultimate termination of the litigation.

Thus, based upon the foregoing, there are no grounds for E&Y's request for fees and costs in relation to their defense of Plaintiffs' Motion to Certify E&Y's Dismissal for Immediate Appeal.

## II. CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Certify This Court's Order dismissing the case against Ernst & Young for Immediate Appeal Pursuant to 28 U.S.C. §1292 and deny Ernst & Young's request for fees and costs pursuant to 28 U.S.C. Section 1927. Plaintiffs respectfully submit that they have raised

issues that are proper under 28 U.S.C. §1292, and that they did so in good faith in order to materially advance the ultimate termination of the litigation.

Dated: July 20, 2004

                                         **GENE MESH & ASSOCIATES**

                                         */s/ Michael G. Brautigam*
                                         Gene Mesh (0002076)
                                         Michael G. Brautigam
                                         2605 Burnet Avenue
                                         Cincinnati, Ohio 45219-2502
                                         (513) 221-8800
                                         (513) 221-1097 (Facsimile)

                                         *Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing Plaintiffs' Reply to Defendant Ernst & Young's Memorandum in Opposition to Plaintiffs' Motion to Certify Ernst & Young's Dismissal for Immediate Appeal (Doc. No. 346) was served this 20th day of July 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael Barrett, Esq.
Barrett & Webber
105 East Fourth Street, Suite 500
Cincinnati, OH 45202-4015

**BY FIRST CLASS MAIL**

John Hust, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
Suite 110, Governor's Knoll
11935 Mason Road
Cincinnati, OH 45249

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center, 6 North Main Street
Dayton, OH 45402-1908

James E. Gauch, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

_____
Stephanie A. Hite