IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER THIEMANN, et al, | Civil Action No. C-1-00-793 |
| Plaintiff, | Judge Sandra S. Beckwith |
| v. | Magistrate Judge Timothy S. Hogan |
| OHSL FINANCIAL CORP., et al, | |
| Defendant. | |

**NON-PARTY KEATING, MUETHING & KLEKAMP, PLL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE 'NOTICE OF FILING' SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS" (Doc. 345)**

Non-party KMK respectfully opposes Plaintiffs' Motion to Strike and requests that the Court deny or strike Plaintiffs' motion, consistent with its July 9, 2004 Order. (Doc. 349).

After reviewing the Court's July 9, 2004 Order denying and striking Plaintiffs' prior motion to strike (Doc. 204), non-party KMK asked Plaintiffs' counsel if he would withdraw this remaining motion to strike. Plaintiffs' counsel responded that KMK's Notice was "false and defamatory" and that he was "happy to withdraw the motion to strike if you will withdraw the bogus 'Notice of Filing.'" *Brautigam July 20, 2004 Correspondence (attached).* Apparently, Plaintiffs' counsel has not received the message from the Court in its most recent Order.

Non-party KMK filed the Notice simply to protect its rights and inform the Court of its discovery position in the most efficient and least expensive manner under the circumstances. KMK has been dismissed from the litigation. After dismissal, Plaintiffs' counsel served subpoenas on non-party KMK for documents and more depositions of KMK attorneys. Non-party KMK properly raised objections to the subpoenas with Plaintiffs' counsel. Nonetheless,

Plaintiffs' counsel sought to discuss these subpoenas and the objections with the Court at a status conference without any appropriate third-party discovery motion practice. In fact, Plaintiffs' counsel set the agenda for status conference via a letter to the Court. (Doc. 351, Ex. D). Non-party KMK did not believe the issue was ripe for judicial involvement and did not believe it was fair or appropriate to be forced to attend status conferences and continue to participate as a party when it is no longer a party, absent an appropriate motion from Plaintiffs. Plaintiffs' counsel refused to refrain from raising discovery issues with the Court, so non-party KMK filed the Notice outlining its discovery position for the Court's consideration in the event discovery issues were raised.[1] The Notice was solely an attempt to protect the record under the circumstances, which non-party KMK believes is necessary given Plaintiffs' counsel's conduct and the extensive motion practice initiated by Plaintiffs' counsel.

KMK has wasted an incredible amount of time and resources responding to unnecessary and wasteful motion practice, and this latest Motion to Strike is no exception. This unreasonable and vexatious conduct will continue until the Court begins sanctioning Plaintiffs' counsel under

---

[1] As is evident from the letters recently filed with the Court, the issues with respect to the subpoenas still are not resolved. With respect to the subpoena for KMK documents, KMK indicated that it had previously produced over 4,000 pages of documents, Bates stamped KMK1-4039, and asked Plaintiffs' counsel to explain how this production does not satisfy many of the non-objectionable requests in the subpoena. Plaintiffs' counsel refuses to offer this explanation.

With respect to the subpoenas for more depositions of KMK attorneys, KMK indicated: (a) the depositions should not go forward until the document issue referenced above is resolved; and (b) the depositions should take place under the supervision of the Court or a special master. Plaintiffs' counsel rejected both of these conditions. Given Plaintiffs' conduct at prior depositions that has already necessitated Court supervision of depositions, given that four KMK attorneys have already been deposed, given what the Court has already recognized is Plaintiffs' counsel's "quest" against KMK, and given the circumstances of the litigation, non-party KMK will request that the Court or a special master supervise these subpoenaed depositions and will therefore file a short motion to quash and motion for protective order formally requesting this relief.

2

28 U.S.C. §1927, and KMK urges the Court to award KMK its costs, expenses, and attorneys' fees incurred because of this Motion to Strike.

 For the foregoing reasons, non-party KMK respectfully requests that the Court deny or strike Plaintiffs' Motion to Strike.

              Respectfully submitted,

              /s/ Thomas W. Breidenstein_____
              Michael R. Barrett (0018159)
              Thomas W. Breidenstein (0064299)
              BARRETT & WEBER, LPA
              500 Fourth & Walnut Centre
              105 East Fourth Street
              Cincinnati, Ohio 45202
              Tel: 513-721-2120
              Fax: 513-721-2139
              mrbarrett@barrettweber.com
              twbreidenstein@barrettweber.com
              *Attorney for Defendants,*
              *Keating, Muething & Klekamp, PLL*
              *and Mark A. Weiss*

## CERTIFICATE OF SERVICE

 I hereby certify that on July 22, 2004, I electronically filed the foregoing "Non-Party Keating, Muething & Klekamp, PLL's Memorandum in Opposition to Plaintiffs' 'Motion To Strike or Otherwise Not Consider the 'Notice Of Filing' Submitted by Non-Party KMK and Motion For Sanctions'' (Doc. 345)" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 22nd day of July, 2004.

| | |
|---|---|
| Michael G. Brautigam | Stephen J. Brogan |
| Gene Irving Mesh | Cheryl E. Forchilli |
| Gene Mesh & Associates | Jones Day |
| 2605 Burnet Avenue | 51 Louisiana Avenue, N.W. |
| Cincinnati, Ohio 45219-2502 | Washington, DC 20001 |
| Attorney for the Plaintiffs | Attorney for Defendant Ernst & Young |

              /s/ Thomas W. Breidenstein
               Thomas W. Breidenstein