

## LAW OFFICES OF GENE MESH AND ASSOCIATES

20 July 2004

By Hand Delivery

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Mr. Fischer:

I am writing in response to your letter of 19 July 2004, which was received after my letter
of the same day that I had hand delivered to you. I will respond based on the numbered
paragraphs in your letter.

1. I thank you for explaining who to deal with on the subpoena, which I will review
   and respond to under separate cover.

2. With response to your Notice of Filing (Doc. No. 342), you misinterpret the
   purpose and effect of the 30 June 2004 and the resulting 9 July 2004 Order (Doc.
   No. 349). The Court denied the initial motion to strike because Magistrate Judge
   Hogan felt it was improper (or perhaps impossible) to strike a non-docketed letter.
   Since your latest attempt to get false and defamatory letters before the Court is
   docketed, a motion to strike or otherwise not consider is indeed appropriate. Of
   course, as I indicated previously, I am happy to withdraw the motion to strike if
   you will withdraw the bogus "Notice of Filing." Please let me know what your
   position is on this matter.

   2605 Burnet Avenue
   at Taft Road
   Cincinnati, Ohio 45219-2502

   TELEPHONE
   (513) 221-8800

   FAX
   (513) 221-1097

   I also resent your implication that I am improperly doing anything *ex parte*, which
   is clearly not the case, although perhaps your criticism is more appropriately
   directed to the Court. First, there was no *ex parte* communication. KMK was
   ably represented by Rachael Rowe. Despite her muted protestations to the
   contrary, she clearly spoke for KMK and Magistrate Hogan literally looked to her
   on questions related to KMK. Second, you had notice of the Status Conference
   and notice that KMK's complete lack of cooperation in the discovery process and
   active efforts to thwart the discovery process would be discussed. You made a
   strategic decision not to attend, or even attempt to attend. Although I am not the
   final arbiter on this matter, my impression is that the Court would have welcomed
   your participation on issues related to KMK. As a result, you might want to
   reconsider your position for the next scheduled status conference set for August 3,
   2004 at 10 am, where KMK's obstructionist tactics are sure to be discussed.

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

I intend to inform Magistrate Judge Hogan on the lack of progress, and KMK's lack of good faith in negotiating with respect to the subpoenas of Messrs. Kreider and Rosenberg at this status conference. I personally would welcome your presence, and an explanation of your indefensible positions, at the status conference.

3. The entirely self-serving statements you make in ¶ 3 do not merit a response. What does merit a response is that, despite perhaps more than a thousand pages and four KMK attorneys, you are unable to provide a single example of a single question or line of questioning that is improper. On the other hand, the record is replete with improper behavior by both you and Mr. Gilligan. Please keep in mind that these depositions have been previously agreed to, and in one case, even scheduled, without any of the ridiculous and completely unnecessary conditions that you now seek to unilaterally impose. Would you kindly explain why depositions that were agreed to many months ago now warrant the presence of a special master? Your decision to create phantom issues out of whole cloth as an excuse not to cooperate is entirely consistent with KMK's complete lack of cooperation in the case. Should you file a motion to quash, I will have no choice but to bring all of this misconduct to the Court's attention. In sum, my position is that the conditions you have attempted to unilaterally impose are unacceptable. Do what you have to do.

4. With respect to ¶ 4, you are, once again, incorrect. In fact, when KMK, through Barrett & Weber filed its boilerplate objections, objecting to literally everything, I took the initiative and wrote to Mr. Breidenstein, who had filed the objection, in an attempt to narrow the scope of the subpoena in good faith. Continuing the "bait and switch" tactics of KMK and Barrett & Weber, it took several weeks for you to respond and to indicate that I should deal with KMK on subpoena related issues. In any event, I will respond shortly with a separate letter. Nevertheless, given your ostensible insistence on a Special Master, evincing your intent not to voluntarily comply with the duly issued subpoena, including the witness fee, it hardly seems that the issues raised in ¶ 4 of your letter are the most important.

It has become abundantly clear to me that you have no intention of cooperating in good faith with respect to these discovery issues, but seek only to impose unilateral conditions that are patently unacceptable. This is the case despite the fact that you have been unable to respond to my request to provide me with a single specific example of any specific questions or lines of questioning that are improper. I find this emblematic of your



**LAW OFFICES OF GENE MESH AND ASSOCIATES**

lack of good faith in these discussions.  As a result, since I do not foresee a change in your behavior, I anticipate receipt of your motion to quash.  Kindly confirm in writing for two reasons:  first, so I will not waste my time preparing for depositions that will not take place next week, and second, so that I can accept a date offered by Mr. Burke regarding the deposition of Dr. Peerless.

Sincerely,

Michael G. Brautigam

Cc:    All Counsel by Fax

