UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al., | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | |
| -v- | ) | (Magistrate Judge Timothy S. Hogan) |
| | ) | |
| OHSL FINANCIAL CORPORATION, et al., | ) | OHSL AND PROVIDENT |
| | ) | DEFENDANTS' RESPONSE TO |
| Defendants. | ) | PLAINTIFFS' MOTION FOR LEAVE |
| | ) | TO FILE SUPPLEMENTAL |
| | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | MEMORANDUM |

Defendants OHSL Financial Corporation ("OHSL"), Oak Hills Savings & Loan Company, F.A. ("Oak Hills"), Norbert G. Brinker ("Brinker"), Kenneth L. Hanauer ("Hanauer"), William R. Hillebrand ("Hillebrand"), Alvin E. Hucke ("Hucke"), Thomas E. McKiernan ("McKiernan"), Joseph J. Tenoever ("Tenoever"), Howard J. Zoellner ("Zoellner") (collectively the "OHSL Defendants"), Provident Financial Group, Inc. ("Provident"), Robert L. Hoverson ("Hoverson"), Jack M. Cook ("Cook"), Thomas D. Grote, Jr. ("Grote"), Phillip R. Myers ("Myers"), Joseph A. Pedoto ("Pedoto"), Joseph A. Steger ("Steger"), and Christopher J. Carey ("Carey") (collectively the "Provident Defendants") (the OHSL and Provident Defendants are collectively referred to as "Defendants"), submit this Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Memorandum in Support of Partial Summary Judgment.

I. **INTRODUCTION**

The deposition testimony of Provident Director Defendants Cook, Hoverson, Pedoto and Steger does not support Plaintiffs' Motion for Summary Judgment related to the statement regarding the "unanimous approval" of the OHSL Directors contained in the Proxy Statement for

the Provident/OHSL merger (the "Unanimity Statement"). In fact, the testimony has absolutely no relevance to the question of whether summary judgment is appropriate on this issue.

## II. ARGUMENT

### A. The Court Should Deny Plaintiffs' Motion For Leave Because The Information Included In The Proposed Supplemental Memorandum Is Irrelevant and Inadmissible For Purposes of Summary Judgment.

The *facts* related to the Unanimity Statement remain absolutely undisputed: (1) all OHSL Directors who were present and voted on the merger voted in favor; (2) Defendant Brinker -- who was present but did not vote because, as Chairman, he voted only when there was a tie -- was absolutely in favor of the merger; (3) Defendant McKiernan, who was out of the country when the vote was taken, was absolutely in favor of the merger and voted to affirm it when he returned to Cincinnati; and (4) Thomas Herron had already resigned as a Director when the vote was taken and, at the time, admitted that he was resigning for one reason only -- an increase in the demands of his regular job. The only question before the Court is whether these undisputed facts support Plaintiffs' claim that the Unanimity Statement was materially misleading as a matter of law. It was not. (*See* Opposition to Plaintiffs' Motion for Summary Judgment (doc. 327), adopted and incorporated by reference)

Plaintiffs' proposed supplemental memorandum offers no new facts related to the Unanimity Statement, nor does it suggest that newly decided cases impact the determination whether the OHSL Unanimity Statement was materially misleading. The proposed memorandum merely regurgitates portions of the depositions of Provident Directors where Plaintiffs' counsel asked questions not about the OHSL Board vote reflected in the questioned OHSL Unanimity Statement, but instead about a different irrelevant vote of the Provident Board that occurred years later in connection with the Provident/National City merger. Testimony from the Provident Director Defendants about facts surrounding a 2003 Provident Board vote is not

admissible for purposes of a summary judgment determination relating to the 1999 OHSL Board vote. *See Turner v. Scott*, 1991 F.3d 425, 430 (6th Cir. 1997) ("summary judgment rulings must be based on admissible evidence"). Simply stated, facts relating to a 2003 vote by the Provident Board are not facts upon which the Court can decide Plaintiffs' summary judgment motion relating to the board of directors of an entirely different company in 1999. *See Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (noting that Rule 56(e) requires affidavits presented during summary judgment to set forth facts that would be admissible at trial). The facts about Provident's 2003 Board votes would not be admissible at trial to prove anything about OHSL's 1999 Board vote or whether it was "unanimous".

Similarly, the personal opinions of the Provident Director Defendants about a general definition of the word "unanimous" or the use of that word in the context of a 2003 Provident Board vote do not constitute legal precedent that can be used to support Plaintiffs' argument that the 1999 OHSL Unanimity Statement was materially misleading as a matter of law. Essentially, Plaintiffs' counsel asked the Provident Directors a number of questions about a 2003 Provident Board vote and then attempted to use the answers to those questions as legal support for his summary judgment motion. The personal opinions of the Provident Directors about the definition of the word "unanimous" and its use in various contexts are of no legal consequence.

The proposed supplemental memorandum does not propound any new facts that are material to the 1999 OHSL Board vote reflected in the Unanimity Statement, nor does it cite any law that is probative of whether the Unanimity Statement was materially misleading as a matter of law.

The Court should reject the proposed supplemental memorandum because it contains no facts that would be admissible at trial to prove that the Unanimity Statement was materially

misleading. *Moore*, 2 F.3d at 699; *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283-84 (6th Cir. 1997)

> B. **Even If Relevant or Admissible, The Testimony of Cook, Hoverson, Pedoto and Steger Does Not Support Plaintiffs' Motion for Summary Judgment.**

The individual opinions of Defendants Cook, Hoverson, Pedoto and Steger are irrelevant and inadmissible for the purposes of summary judgment on the 1999 OHSL Unanimity Statement. Even if they were relevant, however, they have been blatantly misrepresented in Plaintiffs' proposed supplemental memorandum. If the Court grants Plaintiffs leave to amend, Defendants will file a complete memorandum in opposition. Even at this stage, however, the Court should be aware that the supplemental memorandum is inaccurate and misleading. To demonstrate the inaccurate and misleading nature of the proposed supplemental memorandum, Defendants will respond in this brief to Section A of Plaintiffs' brief. Should the Court grant Plaintiffs leave to file the memorandum, Defendants will not respond further to Section A, but will request the opportunity to respond to Sections B through F, which are similarly misleading.

In Section A of the proposed supplemental memorandum, Plaintiffs claim that the depositions of Provident Directors Cook, Hoverson, Pedoto and Steger demonstrate that OHSL's Unanimity Statement was false. In support of this claim, Plaintiffs cite: (1) pages 77, 211, 131, 215 and 219 of Cook's deposition; (2) pages 77 and 79 of Hoverson's deposition; (3) pages 16 and 241 of Pedoto's deposition; and (4) page 127 of Steger's deposition. (Plaintiffs' Supplemental Memo (doc. 343) at 6-9) A brief review of those pages and others make clear, however, that the testimony of those Defendants provides no support for Plaintiffs' claim that the OHSL Unanimity Statement was false.

1. **Mr. Cook**

At page 77 of his deposition, with respect to the Provident/National City merger (which occurred four years after the OHSL deal and has absolutely nothing to do with this case), Mr. Cook stated:

> Q (Mr. Brautigam): What does that mean? How did the directors vote [on the 2003 Provident/National City merger]?
>
> A (Mr. Cook): All the directors that were present that day voted in favor of the deal.
>
> Q (Mr. Brautigam): How many directors were present that day?
>
> A (Mr. Cook): As I recall, I'm doing this from recollection, we all were. Again, I'm doing that by memory. But I know the people that were there -- that part I know -- there was no objection to the deal. It was unanimously approved.

(Cook Dep. 77) The facts that: (1) the Provident Directors all were present at the 2003 vote on the National City merger and all voted in favor; and (2) Mr. Cook considered this vote "unanimous," does not mean that the 5-0 vote by all OHSL Directors who were present in favor of the 1999 Provident/OHSL merger (with two Directors in favor of the merger but not voting) was, as a matter of law, something other than "unanimous."

Beginning on page 131 of his deposition, Mr. Cook testified about how he would record an abstention:

> Q Mr. Brautigam: Yes, sir. Let me represent to you that on August 2nd, 1999, six OHSL directors were present at that meeting to vote on whether or not to accept Provident's offer. Are you with me so far?
>
> A (Mr. Cook): I follow you.
>
> Q (Mr. Brautigam): Based on that sentence, do you conclude that six OHSL directors voted in favor of the merger?
>
> Ms. Rowe: Objection.
>
> A (Mr. Cook): You say six were there?

Q (Mr. Brautigam): Yes.

Ms. Rowe: Objection. Calls for speculation; improper hypothetical.

The Witness: But answer?

Ms. Rowe: Yes.

A (Mr. Cook): My opinion would be if six people were there, and then it's recorded that the vote was unanimously for it or unanimously against it, that they all voted the same way.

Q (Mr. Brautigam): All six?

A (Mr. Cook): All six if they were all there, unless there was some -- if someone abstained, then that would have not been recorded the same way.

Q (Mr. Brautigam): Because if someone abstained, the vote would not have been unanimous, correct?[1]

Ms. Rowe: Objection.

A (Mr. Cook): Again, my view of how you would record the record, you would not use the term "unanimous" if someone abstained.

The fact that Mr. Cook -- who made clear that he is not a lawyer nor an expert on corporate governance (Cook Dep. 220-22, 234-35) -- expressed a "view" on an inaccurate an confusing hypothetical question does not render OHSL's Unanimity Statement materially misleading as a matter of law. This is particularly true because it is undisputed that Brinker abstained only because he normally voted only in a tie situation and that he was absolutely in favor of the merger. (*See* Dfts' Memo. in Opp. to Pltfs' Mot. for Summary Judgment (doc. 327) at 3)

---

[1] This question was improper because Mr. Brinker, who apparently is being referred to, did not formally "abstain". As noted in the Provident and OHSL Defendants' Opposition to the Motion for Summary Judgment (doc. 327), but -- consistent with established practice at OHSL -- did not cast a vote be cause no tie needed to be broken. (*See* Dfts' Memo. in Opp. to Pltfs' Mot. for Summary Judgment (doc. 327) at 3)

At page 211 of his deposition, Mr. Cook testified that in his mind, the phrase "the board" would refer to all directors existing at the time the phrase was used. (Cook Dep. 211) This testimony does not support Plaintiffs' argument that the OHSL Unanimity Statement was false. All OHSL Directors serving at the time of the vote and at the issuance of the Proxy Materials were in favor of the Provident/OHSL merger.

Similarly, the testimony from pages 215 and 219 (and in those in between) lends no support to Plaintiffs' argument. The testimony on those pages related to the resignation of former OHSL Director Thomas Herron, which occurred before the OHSL Board vote on the proposed Provident merger. Throughout that questioning, Mr. Cook stated that he did not know whether a director's resignation needed to be disclosed. (Cook Dep. 215-19) Even assuming that Mr. Brautigam's representations to Mr. Cook about the reasons for Mr. Herron's resignation were true (and they were not)[2], Mr. Cook refused to agree with Mr. Brautigam's statements that the Unanimity Statement was unfair or misleading. (Cook 217) This testimony does not, by any stretch of the imagination, support the argument that the OHSL Unanimity Statement was materially misleading as a matter of law.

The testimony of Defendants Hoverson, Pedoto and Steger was similarly unhelpful to Plaintiffs' arguments.

### 2. Mr. Hoverson

At page 77 of his deposition, Mr. Hoverson testified that in the irrelevant context of the Provident/National City merger (which occurred four years after the OHSL deal and has nothing to do with this case), he believed that "unanimous" meant that all persons present who voted in favor of the merger:

---

[2] Mr. Brautigam failed to disclose to Mr. Cook that Mr. Herron's own resignation letter indicated that he resigned due to job demands, not because of any alleged opposition to the merger. (Cook Dep. 202-05)

> I guess it would technically mean each director who voted -- *who was there and voted* unanimously recommends that [the Provident/National City merger], yes.

(Hoverson Dep. 77 (emphasis added); *see also* Hoverson Dep. 79 (same)) In other words, Hoverson would agree that if six people were present, and the five people that voted each voted in favor, the vote would be unanimous. (*Id.*) This, of course, lends no support to Plaintiffs' argument and actually supports Defendants' position that the Unanimity Statement was not a misrepresentation at all.

3. **Mr. Pedoto**

At page 16 of Mr. Pedoto's deposition, the following exchange occurred:

> Q (Mr. Brautigam): Now, when a vote is recorded on the books and records of Provident as being unanimous, that means all of the directors voted in a certain way, correct?
>
> Ms. Rowe: Objection.
>
> A (Mr. Pedoto): It means all the voters -- all of the directors that voted, unanimously were recorded.

Like Mr. Hoverson's testimony, Mr. Pedoto's testimony lends no support to Plaintiffs. Six of the seven OHSL Directors were present when the vote was taken on whether to recommend the Provident merger to the OHSL shareholders. Five of the six voted, and each of those five voted in favor of recommending the merger. There were no "no" votes and no dissent. According to Mr. Pedoto's testimony at page 16 of his deposition, the OHSL Board vote on the proposed Provident merger was unanimous. Moreover, Mr. Pedoto later made clear that he does not know procedural requirements for recording votes:

> Q (Mr. Brautigam): And you couldn't record the vote as being unanimous if some of the directors who were actually at the meeting did not vote, correct?
>
> Ms. Rowe: Objection.

> A (Mr. Pedoto): I, I don't know that. I am not up on the rules of protocol for the directors meetings.
>
> Q (Mr. Brautigam): Well, you reviewed the directors minutes, correct? The Board minutes?
>
> Ms. Rowe: Objection, foundation. Mischaracterizes the evidence.
>
> Q (Mr. Brautigam): Correct?
>
> A (Mr. Pedoto): Yes.
>
> Q (Mr. Brautigam): And have you ever seen a situation with respect to Provident's Board certified minutes where there is a question with respect to how unanimity was recorded?
>
> A (Mr. Pedoto): That issue has never come up.
>
> Q (Mr. Brautigam): And that's because it's understood by the Board members such as yourself that unanimous means that all of the Board members at a particular Board meeting voted the same way, correct?
>
> Ms. Rowe: Objection, form.
>
> A (Mr. Pedoto): That's your opinion. I've already told you I don't know because it's not come up.

(Pedoto Dep. 17-18)

Plaintiffs also cite page 241 of Mr. Pedoto's deposition in support of their claim that the Unanimity Statement was false. The testimony there has nothing to do with the Unanimity Statement or Mr. Pedoto's personal definition of unanimous, however.

Mr. Pedoto's deposition testimony does not support Plaintiffs' claim that the Unanimity Statement was materially misleading.

4. **Dr. Steger**

On page 126 of Dr. Steger's deposition, Plaintiffs' counsel asked him about how the Provident Board voted on the National City merger. Contrary to Plaintiffs' insinuation,

Dr. Steger was not asked what he, generally, would consider a unanimous vote. Instead, he was asked specifically whether, in 2003, the Provident Board unanimously voted in favor of the National City merger. (Steger Dep. 126) And, contrary to Plaintiffs' claim (Supp. Memo (doc. 343) at 7), Dr. Steger never stated the words that the "definition" of unanimous was when "each and every director voted in favor of the merger". Instead, the exchange went as follows:

> Q (Mr. Brautigam): Dr. Steger, *with respect to the Provident-National City merger*, did the Provident Board unanimously vote to recommend the merger?
>
> Ms. Rowe: Objection to relevance.
>
> A (Dr. Steger): Yes.
>
> Q (Mr. Brautigam): And does that mean each and every director voted in favor of the merger?
>
> A (Dr. Steger): Yes.

(Steger Dep. 126-27 (emphasis added)) Dr. Steger merely agreed that when the Provident Board voted on the National City merger, each Provident Director voted in favor. Dr. Steger never was asked to explain his opinion on the definition of "unanimous," nor was he asked whether the OHSL Unanimity Statement was misleading given the unique facts and circumstances surrounding the OHSL situation. (Steger Dep.)

The Court should not countenance Plaintiffs' continual filing of meritless motions that are full of repetitive, irrelevant and misleading statements and arguments. The conduct of Plaintiffs' counsel is spiraling out of control. The proposed supplemental memorandum fails to offer a single fact or legal precedent admissible for the purposes of summary judgment.

### III. CONCLUSION

The Court should deny Plaintiffs leave to file the proposed supplemental memorandum for the reasons set forth above.

          Respectfully submitted,

          /s/ James H. Greer
          David C. Greer
          James H. Greer
          BEISER, GREER AND LANDIS, LLP
          400 National City Center
          6 North Main Street
          Dayton, Ohio  45402
          Tel:   (937) 223-3277
          Fax:   (937) 223-6333
          Email:  dcg@bgllaw.com;jhg@bgllaw.com
          Attorneys for OHSL and Provident
          Defendants,

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OHSL AND PROVIDENT DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PARTIAL SUMMARY JUDGMENT was served by regular U.S. Mail to Mr. Brautigam and electronically to Mr. Hust this _____ day of July, 2004.

Michael G. Brautigam
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio  45219-2505
*Attorney for Plaintiff*

**and**

John W. Hust
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, Ohio 45249
*Attorney for Dinsmore and Shohl, LP and Clilfford Roe*

/s/ James H. Greer

1317477.1