UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, *et al.*, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | **NON-PARTY KMK'S MOTION FOR** |
| OHSL FINANCIAL CORP., *et al.*, | ) | **PROTECTIVE ORDER AND/OR** |
| | ) | <u>**MOTION TO MODIFY SUBPOENAS**</u> |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party KMK respectfully requests that the Court issue a protective order and modify Plaintiffs' subpoenas issued for the depositions of KMK Partners, Gary Kreider and David Rosenberg, to provide that: (1) the depositions will proceed only under the supervision of the Magistrate Judge or a special master; and (2) the depositions will only proceed after any alleged issues with respect to KMK's document production are resolved. The grounds for this motion are more fully explained in the attached memorandum in support. The affidavit of Patrick F. Fischer, Esq. is attached in further support of this motion and in compliance with Local Rule 37.2.

                                                                   Respectfully submitted,

                                                                   /s/ Thomas W. Breidenstein
                                                                   Michael R. Barrett (0018159)
                                                                   Thomas W. Breidenstein (0064299)
                                                                   BARRETT & WEBER, LPA
                                                                   500 Fourth & Walnut Centre
                                                                   105 East Fourth Street
                                                                   Cincinnati, Ohio 45202
                                                                   Tel: 513-721-2120
                                                                   Fax: 513-721-2139

        mrbarrett@barrettweber.com
        twbreidenstein@barrettweber.com
*Attorney for Defendants,*
*Keating, Muething & Klekamp, PLL*
*and Mark A. Weiss*

## **MEMORANDUM IN SUPPORT**

The Court is obviously familiar with this litigation due to the extensive motion practice initiated and caused by Plaintiffs' counsel and has recognized Plaintiffs' "quest" against KMK. *(Doc. 227).* This motion is necessary to protect senior KMK attorneys and KMK from further undue hardship, burden, and expense, and continuing annoyance and oppression.

Shortly after the Court granted KMK's Motion to Dismiss all claims asserted against it (*Doc. 338*), Plaintiffs served KMK with a subpoena for documents and served KMK partners, Gary Kreider and David Rosenberg, with subpoenas for depositions, which would be the fifth and sixth depositions of KMK attorneys in this litigation. Non-party KMK requested that Plaintiffs delay the depositions until after the Court rules on the pending motions to dismiss, but Plaintiffs' counsel refused. *Fischer Affidavit at ¶5.*

Non-party KMK served written objections to the subpoena for documents pursuant to Rule 45 and specifically asked Plaintiffs' counsel to clarify why KMK's prior production of over 4,300 documents, Bates-stamped KMK 1 - 4,309, were not responsive to the non-objectionable requests in this subpoena. *Fischer Affidavit at ¶4.* Non-party KMK also objected to many of the requests as simply harassment. Plaintiffs' counsel thereafter withdrew one request seeking KMK's insurance policies, and reasserted the remaining 24 requests without ever addressing KMK's prior production of over 4,300 documents. *Fischer Affidavit at ¶4.* Plaintiffs' counsel has refused to review KMK's prior production compared to its current requests to identify what additional documents are allegedly missing, and has therefore failed to take "reasonable steps to

2

avoid imposing under burden or expense on a person subject to that subpoena." *Fed. R. Civ. P. 45(c)(1).* [1]

The issues with respect to depositions in this litigation are well known. The Court has already supervised one deposition in this case. The prior four depositions of KMK attorneys were replete with repetitive and inappropriate questioning that resulted in numerous objections that unnecessarily increased the burden and expense of the depositions. *Fischer Affidavit at ¶3*. There is no reason to believe that this conduct will not continue. Plaintiffs' counsel has inaccurately accused KMK of fraud, deception, and a whole host of improper conduct in recent months. The Court has commented on the intemperate letters accusing KMK of unprofessional conduct in its July 9, 2004 Order (*Doc. 349*), and although KMK's counsel has heeded the advice of the Court, Plaintiffs' counsel has not:

> "I am happy to withdraw the motion to strike if you will withdraw the bogus 'Notice of Filing.'" *July 20, 2004 Brautigam Correspondence*, attached hereto as collective Exhibit 1.

> "Since your latest attempt to get false and defamatory letters before the Court is docketed . . ." *July 20, 2004 Brautigam Correspondence*, attached hereto as collective Exhibit 1.

> "Let me assure you that I will bring to the Court's attention that KMK continues to speak out of both sides of its mouth as it deems appropriate at the moment, and the result is deliberately false statements to the Court." *July 23, 2004 Brautigam Correspondence*, attached hereto as collective Exhibit 1.

Given Plaintiffs' counsel's prior conduct in deposing four KMK attorneys; given Plaintiffs' conduct in other depositions including the deposition supervised by the Court; and given Plaintiffs' counsel's quest against KMK and its ongoing attacks and conduct, there is no reason to believe that Plaintiffs' counsel will conduct the depositions of two senior partners of KMK with the civility expected of the Rules of Civil Procedure and the Local Rules of the

---

[1] KMK remains willing to work through and resolve any document issues.

3

Southern District of Ohio and with the intent of actually seeking information relevant to the litigation. Stopping the deposition to contact the Court to resolve issues on an *ad hoc* basis would be inefficient under the circumstances, and more motion practice would almost certainly result.

Rule 26(c) specifically empowers the Court to impose restrictions and conditions on discovery to prevent undue burden and expense, and annoyance. *Fed. R. Civ. P. 26(c)*. Non-party KMK respectfully submits that the most efficient manner for conducting these depositions is through the active supervision of the Court or a special master. Court supervision will hopefully deter future unnecessary motions with respect to the depositions and provide some finality to KMK after six depositions and over 4,300 pages of documents produced. To this end, non-party KMK also believes that the deposition should not go forward until issues with respect to KMK's document production are resolved as well. To avoid any disagreement with respect to the need for re-depositions in the future, any issues with respect to KMK's document production should be addressed before KMK is required to offer a fifth and sixth attorney for deposition.

For the foregoing reasons, non-party KMK respectfully requests that the Court issue a protective order and modify the subpoenas issued by Plaintiffs for the depositions of Gary Kreider and David Rosenberg to require that the depositions take place under the supervision of the Court or a special master and only after any remaining document production issues with respect to the most recent subpoena for documents are resolved.

    Respectfully submitted,

    /s/ Thomas W. Breidenstein_____
    Michael R. Barrett (0018159)
    Thomas W. Breidenstein (0064299)
    BARRETT & WEBER, LPA
    500 Fourth & Walnut Centre

>105 East Fourth Street
>Cincinnati, Ohio 45202
>Tel: 513-721-2120
>Fax: 513-721-2139
>mrbarrett@barrettweber.com
>twbreidenstein@barrettweber.com
>*Attorney for Defendants,*
>*Keating, Muething & Klekamp, PLL*
>*and Mark A. Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2004, I electronically filed the foregoing "Non-Party KMK's Motion for Protective Order and/or Motion to Modify Subpoenas" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 26th day of July, 2004.

| | |
|---|---|
| Michael G. Brautigam | Stephen J. Brogan |
| Gene Irving Mesh | Cheryl E. Forchilli |
| Gene Mesh & Associates | Jones Day |
| 2605 Burnet Avenue | 51 Louisiana Avenue, N.W. |
| Cincinnati, Ohio 45219-2502 | Washington, DC 20001 |
| Attorney for the Plaintiffs | Attorney for Defendant Ernst & Young |

>/s/ Thomas W. Breidenstein
>Thomas W. Breidenstein

5