UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al., | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | **DEFENDANT PROVIDENT** |
| OHSL FINANCIAL CORPORATION, et al., | ) | **FINANCIAL GROUP, INC.'S** |
| | ) | **MOTION FOR ORDER** |
| Defendants. | ) | **MAINTAINING CONFIDENTIALITY** |
| | ) | **AND DECLARING PROPER** |
| | ) | **DESIGNATION OF** |
| | ) | **PRICEWATERHOUSE COOPERS** |
| | ) | **REPORT AS "CONFIDENTIAL"** |
| | ) | **PURSUANT TO 10/1/01** |
| | ) | **STIPULATED PROTECTED ORDER** |

## MOTION

Pursuant to paragraph 5 of the October 1, 2001 Stipulated Protective Order (doc. 51), Defendant Provident Financial Group Inc. ("Provident") moves the Court for an Order declaring proper Provident's designation of its Pricewaterhouse Coopers Report as "Confidential" and maintaining the confidentiality of the Report. The reasons for this Motion are set forth in the attached Memorandum in Support. Provident also has attached a proposed order granting this motion for the Court's convenience.

Respectfully submitted,

/s/ James H. Greer
David C. Greer
James H. Greer
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com:jhg@bgllaw.com
Attorneys for OHSL and Provident
Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION/STATEMENT OF FACTS

On October 1, 2001, the parties entered a Stipulated Protective Order (doc. 51, the "SPO") in order to facilitate the discovery process in this case. (A copy of the SPO is attached as Exhibit 1 for the Court's convenience.) The SPO provides that any party may mark as "Confidential" certain information and documents, including, but not limited to, "documents which are regularly labeled or treated as 'Confidential' when distributed internally or to third parties." (SPO (doc. 51) ¶2) Under the SPO, "Confidential" documents may be disclosed to certain persons, such as counsel to the parties, court personnel and stenographic personnel, via the litigation. (SPO (doc. 51) ¶7) "Confidential" materials can only be used for the purpose of *this* litigation, however, and they may not be disclosed to persons other than those specifically contemplated by the SPO. (*Id.* ¶¶6-7)

Paragraph 5 of the SPO allows a party receiving information designated by the producing party as "Confidential" to object to the designation. The producing party then has seven (7) days to respond to the objection. (SPO (doc. 51) ¶5) After such a response, the parties are required to make a good faith effort to resolve the objection without seeking court intervention. (*Id.*) If such efforts are unsuccessful, the producing party then has fourteen (14) days to file a motion with the Court for an order declaring the "Confidential" designation as proper and maintaining the documents' confidentiality.

On July 16, 2004, Provident produced to Plaintiffs a copy of a report prepared by Pricewaterhouse Coopers, LLP ("PwC Report" or "Report"). The PWC Report was prepared at the direction of Provident's counsel as a self-examination document in anticipation of litigation related to Provident's 2003 restatements. During a Securities Exchange Commission ("SEC") investigation into the restatements, the SEC insisted that Provident provide it with a copy of the PWC Report. Provident complied with the SEC's demand, but specifically marked the Report "FOIA CONFIDENTIAL TREATMENT REQUESTED BY PROVIDENT FINANCIAL GROUP, INC." Provident did not distribute any copies of the PWC Report to the public and, at all times, treated the Report as confidential.

On July 19, 2004, Plaintiffs objected to the designation of the PWC Report as "Confidential". (A copy of Mr. Brautigam's 7/19/04 objection letter is attached as Exhibit 2.) On July 20, 2004, Provident's counsel responded to Plaintiff's objection, explaining that the "Confidential" designation complied with the SPO because: (1) Provident labeled and treated the Report as confidential when it was provided to the SEC; (2) Provident did not make the Report available to the public; and (3) Provident treated the Report as confidential. (A copy of Ms. Rowe's 7/20/04 letter to Mr. Brautigam is attached as Exhibit 3.) Provident's counsel also suggested that if the dispute could not be amicably resolved, that the parties seek an informal conference with Magistrate Judge Hogan. (*Id.*)

3

On July 21, 2004, Plaintiffs' counsel responded, claiming that Ms. Rowe's July 20 letter "does not comply with the letter or the spirit" of the SPO. (A copy of Mr. Brautigam's 7/21/04 letter is attached as Exhibit 4.) Mr. Brautigam's July 21 letter went on to state:

> Third, your immediate recourse to a conference call with Magistrate Judge Hogan is at odds with ¶5 of the Stipulated Protective Order, which <u>requires</u> the producing party to file a motion with the Court. The operative word is <u>must</u>.

(*Id.* (emphasis in original)) Thus, in spite of the efforts of Defendants' counsel to avoid resorting to further motion practice, Provident was forced to file this Motion to enforce the terms of the agreed SPO.

## II. <u>ARGUMENT</u>

The entire purpose of the SPO is to encourage and facilitate discovery relating to confidential information without requiring intervention from the Court. *See* Manual for Complex Litigation (1985) § 21.431 (blanket protective orders "greatly expedite the flow of discovery material while affording protection against unwarranted disclosures"). The Report was prepared at the direction of counsel as a self-evaluating tool and in anticipation of litigation. Provident could have withheld the Report based on the work product doctrine, thereby forcing Plaintiffs to move the Court for an order compelling its production. (*See* 6/30/04 Hearing Tr. (attached as Exhibit 5) at 20. Although the face of the transcript reads June 16, the status conference actually was held and transcribed on June 30. (*See* 6/30/04 Docket Entry reflecting minutes of the status conference)). Or, under paragraph 3 of the SPO, Provident could have proactively moved the Court for an order giving the Report even greater protection than that mandated by the SPO. (*See* SPO (doc. 51) ¶3 ("The parties retain the right to seek one or more protective orders providing a heightened level of protection.")) To avoid burdening the Court and in the spirit of cooperation, however, Provident chose to produce the Report subject to the basic protections afforded by the SPO.

Unfortunately, in a pattern that has become all too familiar in this case, Plaintiffs have taken an unreasonable position. The Report was regularly labeled and treated as "Confidential", both internally and when provided to the SEC; the Report was not made available to the public. (*See* SPO (doc.51) ¶2 ("'CONFIDENTIAL' information may include, but is not limited to, documents which are regularly labeled or treated as 'Confidential' when distributed internally or to third parties[.]")) Provident therefore had every right to designate the PWC Report as "Confidential" under paragraph 2 of the SPO. *Id.*; s*ee also Owens-Corning Fiberglas Corp. v. Knauf Fiber Glass*, 912 F.2d 466 (table opinion, attached), 1990 WL 124208, * 2-3 (6th Cir. Aug. 27, 1990) (enforcing language of protective order agreed to by the parties).

There is absolutely no reason why Plaintiffs would object to the designation of the Report as "Confidential" unless they want to disclose it publicly or to third parties in an attempt to gain an improper extrajudicial advantage in this case. There simply is no legitimate reason why Plaintiffs should want or need to use the PwC Report or any other document for purposes unrelated to the litigation. Given how this case has proceeded thus far, there can be little doubt that Plaintiffs will seek to use the Report to improperly prejudice Defendants. On the other hand, Plaintiffs are in no way prejudiced by Provident's designation of the PWC Report as "Confidential"; Plaintiffs may use the Report for purposes of the litigation under the terms and conditions to which they agreed in October, 2001. *See United States v. Louis Trauth Dairy, Inc.*, 1995-2 Trade Cases P 71, 248, 1994 WL 876373, *2 (attached) (S.D. Ohio Dec. 7, 1994) (approving of use of agreed protective order to allow discovery party access to and use of documents while protecting confidentiality of producing party's documents); *Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80, 82-83 (S.D. Ohio 1981) (same).

## III.  CONCLUSION

Based on the foregoing, Provident requests that the Court enter an Order maintaining the PWC Report as Confidential, with all protections afforded Confidential documents by the SPO.

                     Respectfully submitted,

/s/ James H. Greer  
David C. Greer  
James H. Greer  
BEISER, GREER AND LANDIS, LLP  
400 National City Center  
6 North Main Street  
Dayton, Ohio  45402  
Tel:  (937) 223-3277  
Fax:  (937) 223-6333  
Email:  dcg@bgllaw.com;jhg@bgllaw.com  
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke  
Rachael A. Rowe  
KEATING, MUETHING & KLEKAMP PLL  
1400 Provident Tower  
One East Fourth Street  
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT PROVIDENT FINANCIAL GROUP, INC.'S MOTION FOR ORDER MAINTAINING CONFIDENTIALITY AND DECLARING PROPER DESIGNATION OF PRICEWATERHOUSE COOPERS REPORT AS "CONFIDENTIAL" PURSUANT TO 10/1/01 STIPULATED PROTECTED ORDER was served by regular U.S. Mail to Mr. Brautigam and electronically to Mr. Hust this 28th day of July, 2004 at the following addresses:

Michael G. Brautigam
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2505
*Attorney for Plaintiff*

**and**

John W. Hust
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, Ohio 45249
*Attorney for Dinsmore and Shohl, LP and Clifford Roe*


/s/ James H. Greer


1317572.2