RECEIVED
SEP 27 2001
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER L. THIEMANN, | ) : | Case No. C-1-00-793 |
| Plaintiff, | ) : | (Judge Sandra S. Beckwith) |
| -v- | ) : | |
| OHSL FINANCIAL CORP., et al., | ) : | STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS |
| Defendants. | ) : ) | |

DEFENDANTS, OHSL Financial Corp., Oak Hills Savings and Loan Company, Norbert G. Brinker, William R. Hillebrand, Alvin E. Hucke, Thomas E. McKiernan, Joseph J. Tenoever, Howard N. Zoellner, Kenneth L. Hanauer, Provident Financial Group, Inc., Robert L. Hoverson, Jack M. Cook, Thomas D. Grote, Jr., Philip R. Myers, Joseph A. Pedoto, Joseph A. Steger, Christopher J. Carey, Dinsmore & Shohl, LLP and Clifford Roe, and PLAINTIFF, Walter W. Thiemann, on behalf of himself and of the proposed class, by and through their respective counsel, hereby agree and stipulate as follows:

1.  The following procedure shall govern the production of all materials during discovery in this action, including, but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively the "Discovery Materials") which are designated as confidential



DEFENDANT'S EXHIBIT 51

- 2 -

pursuant to paragraph 2 below, including all copies, excerpts, summaries and information derived from them (collectively "Confidential Materials").

2. Any party or non-party producing Discovery Materials may designate the Discovery Materials as "CONFIDENTIAL." "CONFIDENTIAL" information includes any information which, if revealed, could place the party at a competitive disadvantage, or which a party, in good faith, regards as confidential. A party shall designate as "CONFIDENTIAL" only information which the party in good faith believes is not generally known nor publicly available, and which that party generally would not disclose to third parties in the absence of confidentiality understandings. Such "CONFIDENTIAL" information may include, but is not limited to, all documents which are regularly labeled or treated as "Confidential" when distributed internally or to third parties, information regarding products not normally disseminated to the public, trade secrets, research and development information, non-public financial and business and operational information, non-public information relating to product performance or implementation, non-public pricing and marketing information, information revealing the identity of clients (whose identity is not generally known nor publicly available) or financial or business information of clients. The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as "CONFIDENTIAL" any document or category of information which they in good faith believe is entitled to the designation even if it is not expressly mentioned above.

3. The parties acknowledge that certain documents and information in the parties' possession may require protection in excess of the protection provided by this Protective Order. The parties retain the right to seek one or more protective orders providing a heightened level of protection. Where documents and information are identified as requiring a heightened level of

- 3 -

protection, the parties will work in good faith toward the expeditious entry of such protective order as may be required for the production of such documents. Any interim agreement among counsel to provide heightened protection (including, but not limited to, "outside attorneys' eyes only" status) to documents and information pending formal entry of a separate protective order shall be fully enforceable, and violation of any such interim agreement shall be considered violation of this Protection Order.

    4.    Any party who produces documents or computer media or gives testimony in this action may designate information as "CONFIDENTIAL" in the following manner:

        a.    <u>Designation of Documents</u>: Any "document" (defined herein as including, but not limited to exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party during discovery, hearings or trial in this case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be designated by a party or other producing party with the notation that it is "CONFIDENTIAL" as appropriate. The notation "CONFIDENTIAL" shall be placed on every page of each document so designated.

        b.    <u>Designation of Computer Media</u>: Any "CONFIDENTIAL" information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to production. In the event a receiving party generates any "hard copy" or printout from any such disks, that party must immediately stamp each page

- 4 -

"CONFIDENTIAL" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

      c.   <u>Designation of Deposition Testimony</u>: Deposition testimony may be designated "CONFIDENTIAL" by oral designation on the record, or within fourteen (14) days after the transcript of such deposition is made available to the designating party. The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "CONFIDENTIAL" on each page of the transcript as appropriate. Pending expiration of this fourteen day period, all parties shall treat the testimony and exhibits as if such materials had been designated as "CONFIDENTIAL."

      5.   Should any party to whom Confidential Materials are produced object to the classification of such materials as "CONFIDENTIAL," and should the objecting party and the producing party or non-party be unable to resolve the objection informally, then the producing party may request that the Court issue an order determining whether the materials are properly designated. Upon written notice of objection from the objecting party to the producing party, the producing party shall respond in writing to the objection (or withdraw its designation) within seven (7) days (or within such longer period as may be agreed to by the objecting party). Thereupon, the parties shall make a good faith effort to resolve the objection without recourse to the Court. In the event such efforts are unsuccessful, the producing party must file a motion with the Court for an order maintaining the document's confidentiality with Fourteen (14) days thereof. If such a motion is made all materials designated confidential shall be treated as Confidential Materials of the class they are designated until the issue is resolved by the Court.

- 5 -

6.    "CONFIDENTIAL" materials may not be disclosed except as set forth in paragraph 7 below. Confidential Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. Unless waived in writing, the restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order.

7.    No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL shall rest on the producing party, except that the burden of proving the exceptions set forth in Paragraph 15 shall rest on the party asserting the exceptions.

8.    "CONFIDENTIAL" materials may be disclosed only to the following:

    (a)    Counsel of record for any party to this action, including in-house counsel;

    (b)    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above;

    (c)    Hearing personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial of this action; and

    (d)    Any consultant or expert, not including a party to this action, retained in connection with this action, and any independent individual or business assisting counsel listed in (a) above in the prosecution or defense hearing of this action provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this

- 6 -

Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Information, and shall be provided to the opposing party's counsel at the conclusion of this action.

(e) Any party, any officer, director, employee or former employee of a party or any officer, director, employee or former employee of a parent, subsidiary or affiliate of a party disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Order by execution of the attached Exhibit A.

(f) Any non-party who authored or who was an authorized recipient of the item prior to its production to the other party.

9. Nothing contained in this Order shall preclude any party at deposition from showing any Confidential Materials or disclosing information derived therefrom to any witness employed by or affiliated with the party designating such materials as "CONFIDENTIAL." Materials may be shown or disclosed to other witnesses during deposition and/or trial preparation who are authorized to receive such information by the terms of paragraph 8 of this Order and to other witnesses who agree to maintain the confidentiality of the material in accordance with its terms and who execute the certificate attached as Exhibit A, provided that, if such disclosure is at a deposition, only those persons may be present who are authorized by the terms of this Order to receive the Confidential Materials to be disclosed to the witnesses.

10. Any documents, transcripts of deposition, answers to interrogatories or pleadings using, referring to or incorporating "CONFIDENTIAL" materials which are submitted to or filed with the Court shall be filed in a sealed envelope designated "Confidential–Subject to Protective

-7-

Order" on its face. Where only a portion of the submission or filing is within the definition of "CONFIDENTIAL," only that portion shall be protected in a sealed envelope; the remainder of the document or memorandum shall not be filed under seal. All copies of such papers shall be kept in confidence by the other parties as provided in this Order.

11. Inadvertent Disclosure Procedures

(a) If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as CONFIDENTIAL, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned. Both the producing party and the receiving party reserve the right to argue that such inadvertent disclosure does or does not constitute a waiver of the applicable privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request

- 8 -

for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents.

12. Upon final termination of this action, counsel for each party shall return to the producing party all Confidential Materials and shall provide notice in writing that all such materials have in fact been returned, or shall destroy all such Confidential Materials and shall provide notice in writing that all such materials have been destroyed. A producing party may (at its discretion) designate with particularity in writing specific Confidential Materials that are to be returned rather than destroyed, and Confidential Materials so designated shall be returned to the producing party rather than destroyed.

13. This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

14. Nothing in this Order shall preclude any party from applying to the Court for any modification of the Order or for any other or further relief. Nor shall anything in this Order preclude any party from making any claim of privilege as to any information requested by another party. Failure to designate Discovery Materials as Confidential Materials shall not constitute a waiver of any other claim of privilege.

15. <u>Information Designated Improperly</u> The restrictions set forth in any of the preceding paragraphs shall not apply to:

    (a)    any information which at the time of disclosure is available to the public;

- 9 -

(b)　any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

(c)　any information which the receiving party, its counsel or independent consultants can show:

(i)　as a matter of written record was already known to the receiving party from legitimate sources,

(ii)　as a matter of written record was independently developed by the receiving party,

(iii)　was obtained from the furnishing party prior to the commencement of this action without having been identified as or reasonably understood to be CONFIDENTIAL,

(iv)　was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

- 10 -

ACCEPTED AND AGREED:

*[signature]*
James E. Burke
Daniel J. Donnellon
Rachel A. Rowe
Jamie M. Ramsey
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower, One East Fourth Street
Cincinnati, Ohio 45202
Tel. (513) 579-6400
Fax (513)579-6457

Attorneys for all Defendants except
Dinsmore & Shohl, LLP and Clifford Roe

*[signature] / per telephone authorization*
John W. Hust
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
Tel. (513)583-4200
Fax (513)583-4203

Attorney for Dinsmore & Shohl, LLP
and Clifford Roe

*[signature] / JRB per written authorization 9/27/01*
Richard B. Brualdi
The Brualdi Firm
29 Broadway, Suite 1515
New York, New York 10006
Tel. (212) 952-0602
Fax (212)952-0608

*[signature] / JRB per written authorization of Richard Brualdi 9/27/01*
Michael G. Brautigam
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219
Tel. (513)221-8800
Fax (513)221-1097

*[signature] / JRB per written authorization of Richard Brualdi 9/27/01*
David J. Manogue
Specter, Specter, Evans & Manogue, P.C.
The Koppers Building, 26th Floor
Pittsburgh, Pennsylvania 15219
Tel. (412) 642-2300
Fax (412)642-2309

Attorneys for Plaintiff

- 11 -

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER L. THIEMANN,** | ) | Case No. C-1-00-793 |
| **Plaintiff,** | ) | (Judge Sandra S. Beckwith) |
| -v- | ) | **UNDERTAKING RE: STIPULATED PROTECTION ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS** |
| **OHSL FINANCIAL CORP., et al.,** | ) | |
| **Defendants.** | ) | |

I, _____, have read the STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS ("Order") in this proceeding and know the contents thereof.

I am familiar with, understand and agree to comply with and be bound by, the terms of the Order.

I understand and agree that I shall not use or disclose, in public or private, any Confidential Materials or information contained therein or information derived therefrom without the prior written consent of the designating party or as otherwise set forth in the Order or permitted or required by an order of the Court.

- 12 -

I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation.

I consent to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, in Cincinnati, Ohio, to enforce the Order, to punish disobedience of the Order, and to decide all issues involving the Order, even though I may reside and be employed outside of the State of Ohio.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:                                                             Signed

_____                          _____

893126.2