LAW OFFICES OF GENE MESH AND ASSOCIATES

21 July 2004

By Fax 579 6457

Rachael A. Rowe, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Ms. Rowe:

I have and thank you for your letter of 20 July 2004 regarding the designation as
"Confidential" of the PwC Report. Unfortunately, your letter does not comply
with the letter or the spirit of the Stipulated Protective Order (Doc. No. 51). First,
it is simply not negotiating in good faith to write a three paragraph letter that
states, in substance, that the document is confidential because we deem it
confidential. Subject to certain exceptions, the burden of maintaining
confidentiality is on the producing party, in this case PFGI. (See, ¶ 5 of the
Stipulated Protective Order). PFGI no longer exists. The PwC Report does not, 2005 Burnet Avenue
its face, apply to the vast majority of the categories that appear in ¶ 2 of the
Protective Order, and there is no longer any need to protect trade secrets, identity
of clients, non-public pricing and marketing information, etc.

Second, Plaintiffs respectfully submit that the PwC Report is already part of the
public record, since it was filed with the SEC. That the SEC required the filing is
of no moment, nor is PFGI's request that the document be treated as confidential
for FOIA purposes. It is, in some sense, a public record. Plaintiffs may well
pursue a FOIA request; but in the meantime, Plaintiffs will exercise all the rights
available to them under the terms of Doc. No. 51.

Third, your immediate recourse to a conference call with Magistrate Judge Hogan
is at odds with ¶ 5 of the Stipulated Protective Order, which requires the producing
party to file a motion with the Court. The operative word is must.

But perhaps most importantly, the PwC Report is inconsistent with the information
that Provident has been touting to anyone who would listen that the Restatements
were the result of unintentional errors that Provident first discovered in February
of 2003. This is flatly inconsistent with the PwC Report, which clearly indicates
Provident had actual notice of significant problems with the model for literally
before it figured out what to do about the problem. The document should be

at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-5800

FAX
(513) 221-1097

DEFENDANT'S
EXHIBIT

# LAW OFFICES OF GENE MESH AND ASSOCIATES

made public; it should not be used as a sword to deny liability with respect to this massive accounting fraud, yet used as a shield to protect PFGI. Provident should not be able to say one thing to the world that is directly contradicted by the PwC Report, which is exactly what PFGI has done in public statements and court filings.

I remain ready and willing to schedule a conference call if KMK is prepared to engage in a serious discussion in good faith. Please let me know how you wish to proceed.

Thank you for your cooperation.

Sincerely,

Michael G. Brautigam

cc:  All Counsel by Fax



2