**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WALTER THIEMANN, et al, | Civil Action No. C-1-00-793 |
| Plaintiff, | Judge Sandra S. Beckwith |
| v. | Magistrate Judge Timothy S. Hogan |
| OHSL FINANCIAL CORP., et al, | |
| Defendant. | |

**AMENDED NON-PARTY KEATING, MUETHING & KLEKAMP, PLL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE 'NOTICE OF FILING' SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS" (Doc. 345)**

*Please note – non-party KMK is filing this amended memorandum to correct a statement made in footnote 1. KMK does not oppose allowing Plaintiffs a brief extension of time to file a reply memorandum.*

Non-party KMK respectfully opposes Plaintiffs' Motion to Strike and requests that the Court deny or strike Plaintiffs' motion, consistent with its July 9, 2004 Order. (Doc. 349).

After reviewing the Court's July 9, 2004 Order denying and striking Plaintiffs' prior motion to strike (Doc. 204), non-party KMK asked Plaintiffs' counsel if he would withdraw this remaining motion to strike. Plaintiffs' counsel responded that KMK's Notice was "false and defamatory" and that he was "happy to withdraw the motion to strike if you will withdraw the bogus 'Notice of Filing.'" *Brautigam July 20, 2004 Correspondence (attached)*. Apparently, Plaintiffs' counsel has not received the message from the Court in its most recent Order.

Non-party KMK filed the Notice simply to protect its rights and inform the Court of its discovery position in the most efficient and least expensive manner under the circumstances. KMK has been dismissed from the litigation. After dismissal, Plaintiffs' counsel served subpoenas on non-party KMK for documents and more depositions of KMK attorneys. Non-

party KMK properly raised objections to the subpoenas with Plaintiffs' counsel. Nonetheless, Plaintiffs' counsel sought to discuss these subpoenas and the objections with the Court at a status conference without any appropriate third-party discovery motion practice. In fact, Plaintiffs' counsel set the agenda for status conference via a letter to the Court. (Doc. 351, Ex. D). Non-party KMK did not believe the issue was ripe for judicial involvement and did not believe it was fair or appropriate to be forced to attend status conferences and continue to participate as a party when it is no longer a party, absent an appropriate motion from Plaintiffs. Plaintiffs' counsel refused to refrain from raising discovery issues with the Court, so non-party KMK filed the Notice outlining its discovery position for the Court's consideration in the event discovery issues were raised.[1] The Notice was solely an attempt to protect the record under the circumstances, which non-party KMK believes is necessary given Plaintiffs' counsel's conduct and the extensive motion practice initiated by Plaintiffs' counsel.

KMK has wasted an incredible amount of time and resources responding to unnecessary and wasteful motion practice, and this latest Motion to Strike is no exception. This unreasonable and vexatious conduct will continue until the Court begins sanctioning Plaintiffs' counsel under

---

[1] As is evident from the letters recently filed with the Court, the issues with respect to the subpoenas still are not resolved. With respect to the subpoena for KMK documents, KMK indicated that it had previously produced over 4,000 pages of documents, Bates stamped KMK1-4039, and asked Plaintiffs' counsel to explain how this production does not satisfy many of the non-objectionable requests in the subpoena. Plaintiffs' counsel refuses to offer this explanation.

With respect to the subpoenas for more depositions of KMK attorneys, KMK indicated: (a) the depositions should not go forward until the document issue referenced above is resolved; and (b) the depositions should take place under the supervision of the Court or a special master. Plaintiffs' counsel rejected both of these conditions. Given that the Court has already supervised one deposition, given the Plaintiffs' conduct in other depositions, given that four KMK attorneys have already been deposed, given what the Court has already recognized is Plaintiffs' counsel's "quest" against KMK, and given the circumstances of the litigation, non-party KMK will request that the Court or a special master supervise these subpoenaed depositions and will therefore file a short motion to quash and motion for protective order formally requesting this relief.

28 U.S.C. §1927, and KMK urges the Court to award KMK its costs, expenses, and attorneys' fees incurred because of this Motion to Strike.

For the foregoing reasons, non-party KMK respectfully requests that the Court deny or strike Plaintiffs' Motion to Strike.

>  Respectfully submitted,
>
>  /s/ Thomas W. Breidenstein_____
>  Michael R. Barrett (0018159)
>  Thomas W. Breidenstein (0064299)
>  BARRETT & WEBER, LPA
>  500 Fourth & Walnut Centre
>  105 East Fourth Street
>  Cincinnati, Ohio 45202
>  Tel: 513-721-2120
>  Fax: 513-721-2139
>  mrbarrett@barrettweber.com
>  twbreidenstein@barrettweber.com
>  *Attorney for Defendants,*
>  *Keating, Muething & Klekamp, PLL*
>  *and Mark A. Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2004, I electronically filed the foregoing "Amended Non-Party Keating, Muething & Klekamp, PLL's Memorandum in Opposition to Plaintiffs' 'Motion To Strike or Otherwise Not Consider the 'Notice Of Filing' Submitted by Non-Party KMK and Motion For Sanctions'' (Doc. 345)" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 3rd day of August, 2004.

| | |
|---|---|
| Michael G. Brautigam | Stephen J. Brogan |
| Gene Irving Mesh | Cheryl E. Forchilli |
| Gene Mesh & Associates | Jones Day |
| 2605 Burnet Avenue | 51 Louisiana Avenue, N.W. |
| Cincinnati, Ohio 45219-2502 | Washington, DC 20001 |
| Attorney for the Plaintiffs | Attorney for Defendant Ernst & Young |

>  /s/ Thomas W. Breidenstein_____
>  Thomas W. Breidenstein



**LAW OFFICES OF GENE MESH AND ASSOCIATES**

20 July 2004

By Hand Delivery

Patrick F. Fischer, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Mr. Fischer:

I am writing in response to your letter of 19 July 2004, which was received after my letter of the same day that I had hand delivered to you. I will respond based on the numbered paragraphs in your letter.

1. I thank you for explaining who to deal with on the subpoena, which I will review and respond to under separate cover.

2. With response to your Notice of Filing (Doc. No. 342), you misinterpret the purpose and effect of the 30 June 2004 and the resulting 9 July 2004 Order (Doc. No. 349). The Court denied the initial motion to strike because Magistrate Judge Hogan felt it was improper (or perhaps impossible) to strike a non-docketed letter. Since your latest attempt to get false and defamatory letters before the Court is docketed, a motion to strike or otherwise not consider is indeed appropriate. Of course, as I indicated previously, I am happy to withdraw the motion to strike if you will withdraw the bogus "Notice of Filing." Please let me know what your position is on this matter.

   I also resent your implication that I am improperly doing anything *ex parte*, which is clearly not the case, although perhaps your criticism is more appropriately directed to the Court. First, there was no *ex parte* communication. KMK was ably represented by Rachael Rowe. Despite her muted protestations to the contrary, she clearly spoke for KMK and Magistrate Hogan literally looked to her on questions related to KMK. Second, you had notice of the Status Conference and notice that KMK's complete lack of cooperation in the discovery process and active efforts to thwart the discovery process would be discussed. You made a strategic decision not to attend, or even attempt to attend. Although I am not the final arbiter on this matter, my impression is that the Court would have welcomed your participation on issues related to KMK. As a result, you might want to reconsider your position for the next scheduled status conference set for August 3, 2004 at 10 am, where KMK's obstructionist tactics are sure to be discussed.

3605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

       I intend to inform Magistrate Judge Hogan on the lack of progress, and KMK's lack of good faith in negotiating with respect to the subpoenas of Messrs. Kreider and Rosenberg at this status conference. I personally would welcome your presence, and an explanation of your indefensible positions, at the status conference.

3. The entirely self-serving statements you make in ¶ 3 do not merit a response. What does merit a response is that, despite perhaps more than a thousand pages and four KMK attorneys, you are unable to provide a single example of a single question or line of questioning that is improper. On the other hand, the record is replete with improper behavior by both you and Mr. Gilligan. Please keep in mind that these depositions have been previously agreed to, and in one case, even scheduled, without any of the ridiculous and completely unnecessary conditions that you now seek to unilaterally impose. Would you kindly explain why depositions that were agreed to many months ago now warrant the presence of a special master? Your decision to create phantom issues out of whole cloth as an excuse not to cooperate is entirely consistent with KMK's complete lack of cooperation in the case. Should you file a motion to quash, I will have no choice but to bring all of this misconduct to the Court's attention. In sum, my position is that the conditions you have attempted to unilaterally impose are unacceptable. Do what you have to do.

4. With respect to ¶ 4, you are, once again, incorrect. In fact, when KMK, through Barrett & Weber filed its boilerplate objections, objecting to literally everything, I took the initiative and wrote to Mr. Breidenstein, who had filed the objection, in an attempt to narrow the scope of the subpoena in good faith. Continuing the "bait and switch" tactics of KMK and Barrett & Weber, it took several weeks for you to respond and to indicate that I should deal with KMK on subpoena related issues. In any event, I will respond shortly with a separate letter. Nevertheless, given your ostensible insistence on a Special Master, evincing your intent not to voluntarily comply with the duly issued subpoena, including the witness fee, it hardly seems that the issues raised in ¶ 4 of your letter are the most important.

It has become abundantly clear to me that you have no intention of cooperating in good faith with respect to these discovery issues, but seek only to impose unilateral conditions that are patently unacceptable. This is the case despite the fact that you have been unable to respond to my request to provide me with a single specific example of any specific questions or lines of questioning that are improper. I find this emblematic of your



## LAW OFFICES OF GENE MESH AND ASSOCIATES

lack of good faith in these discussions. As a result, since I do not foresee a change in your behavior, I anticipate receipt of your motion to quash. Kindly confirm in writing for two reasons: first, so I will not waste my time preparing for depositions that will not take place next week, and second, so that I can accept a date offered by Mr. Burke regarding the deposition of Dr. Peerless.

Sincerely,

/s/ MLB

Michael G. Brautigam

Cc:     All Counsel by Fax

