UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WALTER THIEMANN,**  CASE NO. 1:00cv793
     **PLAINTIFF**  (BECKWITH, J.)
  (HOGAN, M.J.)

VS.

**PROVIDENT FINANCIAL
GROUP, ET AL.,**
     **DEFENDANTS**

## ORDER

An informal status conference was held on August 2, 2004. The first subject discussed was the remaining portion of the deposition of Mr. Carey, a former Provident Executive Vice President and Chief Financial Officer, who now resides in California. Plaintiff wants Defendants to produce Mr. Carey in Cincinnati at their cost. Defendants offered to produce Mr. Carey in California. The Court sees no reason why Mr. Carey can not be deposed via video conference in California with all documents to be forwarded in advance of the deposition. However, Plaintiff, if he chooses to make the trip to California at his cost, may depose Mr. Carey there.

Defendants produced what has been referred to as the PwC report on July 16, 2004. Actually, the report was authored by PricewaterhouseCoopers and contains an analysis of Provident Financial Group's financial statements related to nine auto lease securitization transactions during an approximately two-year period ending in December, 1999. Although the report is 31 pages long and Defendants are partially correct that it contains work product information relative to the accounting firm's advice, the report also contains investigative data which this Court considers to be outside the parameters of work product. In any event, the document has been produced. Plaintiff now asserts that because of the late production of the document and its complexity, he should be able to depose the Provident directors for a longer period than that previously permitted by the Court. Plaintiff's argument makes more sense in respect to Mr. Carey than it does in respect to the Provident Directors, who could not have the depth of knowledge possessed by Mr. Carey, the C.F.O. Plaintiff may depose Mr. Carey for a total of three more hours, but the Court's previous Order imposing a one-hour limitation on the remaining deposition time for the directors stands.

The parties called to the Court's attention the fact that they have reached an agreement regarding the expert witness deadline of August 30, 2004 for Plaintiff and September 30, 2004 for

Defendants. The Court approves the agreement and modifies the previous Scheduling Order accordingly.

Plaintiff's requested that the Court order counsel for the Provident Defendants to inform him of the health status of the Provident directors, some of whom are senior citizens. The reason given for the request is that counsel needs this information for "trial preparation." The Court considers such a request to be unnecessary for any conceivable legitimate reason, without even discussing the involved individuals' right of privacy.

Plaintiff's counsel requested that the Provident Defendants provide him with social security numbers and personal financial information. Defendants agreed to produce the social security numbers subject to a Protective Order at this time, but contend that the additional financial information need not be provided until the Court has determined whether punitive damages will be included in the charge to the jury. The Court agrees that Defendant's position accurately states the law that personal financial information may be withheld until the Court, by ruling on summary judgment or otherwise, rules that the issue of punitive damages may be considered by the jury.

In the body of the above described PwC report at Pgs. 8 and 13, reference is made to "Appendix A" which is not attached. Plaintiff seeks disclosure of "Appendix A" and any other attachments to the PwC report from counsel for the Provident Defendants, who produced the document. Defense counsel's representation was that he does not have the attachment either, but has no objection to Plaintiff's approaching PricewaterhousCoopers, the document's author, to obtain a copy of the attachment(s).

Feeling that some progress has been achieved by means of periodic status or informal discovery conferences, another such session was scheduled for September 7, 2004 at 10:00 A.M. Counsel for any former party to this case, who is facing a current discovery issue is welcome to attend at counsel's discretion.

August 5, 2004                       s/Timothy S. Hogan
                                                      Timothy S. Hogan
                                                      United States Magistrate Judge