# Exhibit E



| | | |
|---|---|---|
| Charles D. Shook | | Charles F. Shane |
| Edward L. Shank | | Joseph C. Oehlers |
| David C. Greer | **BIESER** | Carla J. Morman |
| Irvin G. Bieser, Jr. | **GREER** | James P. Fleisher |
| Leo R. Krebs | **LANDIS** | Karen T. Dunlevey |
| Howard P. Krisher | Limited Liability Partnership | Jennifer L. Hill |
| Michael W. Krumholtz | | Joseph L. Feller |
| John F. Haviland | 400 National City Center | Gretchen M. Starr |
| David P. Williamson | 6 North Main Street | Mary-Karen Bierman |
| James H. Greer | Dayton, OH 45402-1908 | Jennifer L. Stueve |
| | 937.223.3277 phone | John D. Bodin |
| | 937.223.6339 fax | |
| | www.biesergreer.com | |

August 3, 2004

**VIA E-MAIL mgbrautigam@mac.com &**
**FACSIMILE (513) 221-1097**

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219

     RE:    Walter W. Thiemann, et al. v. OHSL Financial Corporation, et al.

Dear Mike:

At your request and in response to the attached e-mail of yesterday, I have taken a look at Dr. Steger's deposition from January 16, 2002. Obviously, this testimony supports our position on unanimity. However, I do not believe it changes our position as set forth in our response to Plaintiffs' Motion for Leave to File Supplemental Memorandum in Support of Partial Summary Judgment. Our pleading was in response to the arguments you made and the support you cited. The point in that pleading was that the deposition you cited did not support your position. The fact remains that in the portion of what you cited to the Court from Dr. Steger's 2004 deposition "Dr. Steger was not asked what he, generally, would consider a unanimous vote." You are right in that Dr. Steger's 2002 deposition does set forth his opinion on this issue, an opinion that is consistent with the others who have testified. See Dr. Steger's deposition of January 16, 2002, pp. 72-80.

I appreciate your invitation to amend our response to your Motion for Leave, but under the circumstances, I do not find that necessary. If you truly believe that something has been taken out of context, I invite you to address it in your reply brief. I also invite you to mark this letter as an exhibit if you deem that necessary for a full explanation of the circumstances.

As always, if you have any other questions or concerns, please do not hesitate to contact me.

Yours truly,

BIESER, GREER & LANDIS LLP

James H. Greer

c(via fax & e-mail):    Michael R. Barrett, Esq. mrbarrett@barrettweber.com (513) 721-2139
    John W. Hust, Esq. jhust@schroederlaw.com (513) 583-4203
    James E. Gauch, Esq. jegauch@jonesday.com (202) 626-1700
    James E. Burke, Esq. jburke@kmklaw.com (513) 579-6457
    Rachael A. Rowe, Esq. rrowe@kmklaw.com (513) 579-6457

9081.203500 \ 245169.1

**Jones, Julie L.**

| | |
|---|---|
| **From:** | Greer, James H. |
| **Sent:** | Tuesday, August 03, 2004 3:54 PM |
| **To:** | Jones, Julie L. |
| **Subject:** | FW: follow-up |

James H. Greer
Bieser, Greer & Landis LLP
400 National City Center
6 N. Main Street
Dayton, OH  45402
(937) 223-3277 (phone)
(937) 223-6339 (facsimile)
E-mail: jhg@bgllaw.com
Website: www.biesergreer.com
CONFIDENTIALITY NOTICE:
This e-mail is the exclusive private, confidential, and privileged property of the sender. This information contained in it is intended solely for the use of the sender and the intended recipient. If you are not the intended recipient, you are hereby advised that any action in reliance on the contents of this message is strictly prohibited. If you have received this e-mail in error, please notify us immediately by the telephone (call collect, if long distance) and then destroy this document and any copies in any form immediately. RECEIPT OF THIS ELECTRONIC MAIL MESSAGE BY ANYONE OTHER THAN NAMED RECIPIENT(S) IS NOT A WAIVER OF ANY ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT, OR OTHER APPLICABLE PRIVILEGE.

-----Original Message-----
From: MGBRAUTIGAM [mailto:mgbrautigam@mac.com]
Sent: Monday, August 02, 2004 5:18 PM
To: Greer, James H.
Subject: follow-up

dear mr. greer:

following up on our conversation re Doc. No. 357 at 9-10, "contrary to plaintiffs' insinuation, dr. steger was not asked what he, generally, would consider a unanimous vote." i make the following points:

1. you were not aware that this depo had taken place;

2. you were not aware that at the 2004 depo of dr. steger i took great pains to avoid duplicative questioning so as not to be accused of asking the same questions, wasting time, etc;

1

3. because you were unaware of the january 2004 steger depo, you took
shots at me that are not true, see, steger, january 2002, p. 72 lines
14--17

Q Dr. Steger, what is your understanding of the word unanimous?

A Well, it's whosever present at a quorum, they all voted the same way.

(previously faxed to you earlier today)

as i indicated, i have a response that was ready to be filed tomorrow.
it would have to be re-written to add a section re the above, because i
needed to confirm what i believed to be true--that dr. steger was asked
the very questions that you accuse me of not asking, because you did
not know about the 2002 steger depo until i told you.


as a courtesy to you, i will withhold filing of the reply brief until i
hear from you (assuming it is a reasonable time, i.e. 24-48 hours), and
i respectfully request your cooperation in making a decision sooner
rather than later.

the issue is quite simple: do you wish to amend or not?

thank you for your consideration.

best, mike b