UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO NON-PARTY KEATING, MUETHING & KLEKAMP, LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE 'NOTICE OF FILING' SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS (DOC. NO. 355) AND AMENDED OPPOSITION (DOC. NO. 362)**

Plaintiffs hereby reply to Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike or Otherwise Not Consider the 'Notice of Filing' Submitted by Non-Party KMK and Motion for Sanctions" (Doc. No. 345) and the Amended Opposition (Doc. No. 362) and submit the following Memorandum in support thereof.

Dated: 4 August 2004

GENE MESH & ASSOCIATES

Respectfully Submitted,

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' REPLY TO NON-PARTY KEATING, MUETHING & KLEKAMP, LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE NOT CONSIDER THE 'NOTICE OF FILING' SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS (DOC. NO. 355) AND AMENDED OPPOSITION (DOC. NO. 362).**

Non-Party Keating, Muething & Klekamp, LLP (hereinafter "KMK")'s Memorandum in Opposition to Plaintiffs' "Motion to Strike or Otherwise Not Consider the "Notice of Filing" Submitted by Non-Party KMK and Motion for Sanctions (Doc. No. 355), and the amended version of same (Doc. No. 362), is nothing more but a thinly veiled attempt to get one more opportunity to attack against Plaintiffs' counsel on the record. Although the tactics have changed since Patrick Fisher previously submitted his undocketed correspondence to this Court, the underlying motivation has not.

It is important for the Court to realize that KMK has once again littered the record with an amended pleading, which corrected an entirely unnecessary earlier pleading, thereby continuing a string of amended pleadings by the OHSL and Provident Defendants and KMK that is perhaps unmatched based upon the sheer number involved. Additionally, the Court should be aware of why the pleading was amended: to remove a false statement to the Court, the sole purpose of which was to falsely besmirch Plaintiffs' counsel[1]. It is also important to note that the amended filing, in an attempt to deflect attention from KMK's unfortunate tendency to knowingly make false statements to the Court, does not even mention why it is being filed, thus forcing the Court to do an

---

[1] Theoretically, amended pleadings should be encouraged because knowingly false statements should not remain in the record. On the other hand, knowingly false statements should not be made in the first place, which would eliminate the need to file amended pleadings. With respect to this issue, there was no need for any pleadings whatsoever, and the so-called "Notice of Filing" (Doc. No. 342) by non-party KMK was entirely unnecessary, and its sole purpose was to libel Plaintiffs' counsel.

exhaustive line by line comparison to come up with the differences between the two documents. Plaintiffs counsel will save the Court the trouble: the opposition was amended to remove that part of the footnote in the earlier brief that falsely stated that the deposition of former OHSL Chairman Norbert Brinker was supervised due to the conduct of Plaintiffs' counsel. Interestingly, although the amended pleading does remove this false statement, it leaves the false implication intact. Further, since it was apparently filed in haste, the amended pleading does not reflect the current reality of the case. This is reflected in the fact that the motion for a protective order, which is promised in footnote 1, has already been filed. (See, Doc. No. 362, at 2, Footnote 1).

KMK argues that it filed its Notice of Filing simply to protect its rights and inform the Court of its discovery position in the most efficient and least expensive manner under the circumstances. (Doc. No. 355 at p.1). Further, KMK argues that it thought that this filing was appropriate because it did not believe that it was fair or appropriate to be forced to attend the status conference and continue to participate as a party when it was no longer a party, absent an appropriate motion from the Plaintiffs. (Doc. No. 355 at p. 2).[2] However, neither of these arguments are valid. The amended filing, though filed after KMK's participation in the 3 August 2004 Status Conference, does not reflect that KMK, though still a non-party, has changed course one-hundred and eighty degrees by deciding to now participate in that status conference. Thus, KMK's protestations about how it was "fair or appropriate" (opposition at 2) to be "forced" to

---

[2] KMK also makes a brief argument regarding the Plaintiffs' subpoenas which was the subject of the correspondence between Mr. Brautigam and Mr. Fischer. In the interest of brevity, and because this issue has not bearing on the Memorandum at issue, Plaintiffs will respond to this argument in its entirety in Plaintiffs Memorandum in Opposition to KMK's Motion for Protective Order and/or Motion to Modify Subpoenas which will soon be filed with this Court.

3

attend status conferences to protect its rights now rings hollow. In sum, KMK one again protested too much.

On the contrary, KMK made a strategic choice in this case. There is nothing unusual about a non-party appearing at a status conference if it seeks to protect its rights. However, initially KMK preferred to falsely claim that it could not participate in the status conference because it was a non-party and to falsely accuse Plaintiffs' counsel of *ex parte* communications with the Court, rather than to actually protect its rights and participate itself in the status conference. This decision enabled KMK to then take potshots at Plaintiffs counsel with scurrilous, and now admittedly untrue, filings. That all of the above was an obvious strategy is clearly illustrated by KMK's reversal, and by the participation of not one but two lawyers from Barret & Weber at the 3 August 2004 status conference. This participation was made without objection by the Plaintiffs and <u>welcomed</u> by Magistrate Judge Hogan[3]. Of course, Plaintiffs counsel is not in control of the agenda for status conferences. If KMK believed that the 30 June 2004 status conference represented an improper *ex parte* communication, it should fault the Court, and not Plaintiffs' counsel. Finally, the Court should also be mindful that non-party Ernst & Young, which is similarly situated with KMK, has not sought to raise any of these bogus issues, but has, in substance cooperated in the discovery as a non-party, has not filed frivolous motions or other "Notice of Filings," but has responded as one would expect a non-party to respond in these circumstances.[4]

---

[3] Counsel for KMK sought to be invited back to the next status conference, which Magistrate Judge Hogan granted without objection.

[4] It is also important to realize that all of the frivolous, and now admittedly false, filings, name calling, and lack of cooperation, comes from KMK in multiple and conflicting

4

In any event, with respect to the 30 June 2004 status conference that was the ostensible reason for the "Notice of Filing," Rachael Rowe, Esq. of KMK was present at the status conference, and could have provided all of the information contained in the Notice of Filing to this Court. In fact, this Court deferred to her on issues relating to KMK.[5] Further, it is highly likely that Ms. Rowe's presence did not cost KMK anything since Ms. Rowe was likely exclusively billing the OHSL and Provident Defendants for her time. Thus, there was no reason for KMK to have filed its Notice of Filing other than to make KMK's attacks against Plaintiffs' counsel of public record.

In addition, KMK misrepresents the Court's directive in relation to the Notice of Filing and subsequent Motion to Strike. In particular, KMK state in its Memorandum that "Apparently, Plaintiffs' counsel has not received the message from the Court in this most recent Order." (Doc. No. 355 at p. 1). Plaintiffs would submit that it is KMK that should re-read the Court's Order. This Court stated as follows in relation to the Plaintiff's Motion to Strike:

> "We deal first with the Fischer letter. Patrick R. Fischer is a partner with the Keating law firm, formerly a party to this case. Apparently, Plaintiff's counsel, Brautigam, wanted to depose Mr. Winstead and had attempted to arrange for appropriate dates through Fischer. Unable to agree on the location for the Winstead deposition, the lawyers exchanged intemperate letters accusing each other of unprofessional conduct. The Court,

---

forms. In particular, it comes not only in its role as defense counsel for the mutually antagonistic camps of OHSL and Provident Defendants, but also as KMK the Defendant, and now KMK the non-party from whom Plaintiffs seek discovery. KMK has refused to cooperate in this litigation in all of these roles, and Plaintiffs have been harmed by what the Court has aptly characterized previously as the "chaos" in discovery. All roads lead to KMK.

[5] Mr. Brautigam discusses this in the letter attached to Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike or Otherwise Not Consider the "Notice of Filing" Submitted by Non-Party KMK and Motion for Sanctions (Doc. No. 345), but it is never directly disputed by KMK.

> attempting to focus on the merits of the case, is unswayed by such silliness and regards the filing of a Motion to Strike a piece of undocketed correspondence as completely unnecessary. That the lawyers have less than warm and fuzzy feelings toward one another has been patently obvious, with or without the benefit of being copies on correspondence. The Motion to Strike (Doc. No. 204) is itself denied and stricken from the record as an unnecessary distraction from the merits of the case."

(Doc. No. 349). A few things are clear from this Court's Order. First, the Court is less than amused about both Mr. Brautigam's and Mr. Fischer's correspondence and their comments to one another. The Court also made it clear that it knew that no love was lost between these two attorneys, and that it did not need anymore guidance on this subject. (Doc. No. 347 at 1). Second, the Court certainly implied that the reason that it did not strike the Fischer correspondence, but did strike Plaintiffs' Motion to Strike, was that it was undocketed. (Doc. No. 349). This same problem no longer exists with the Notice of Filing (Doc. No. 342).

In addition, based upon the reasoning set forth in this Order, KMK had no legitimate reason for filing this Notice of Filing. (Doc. 342). Although KMK filed this Notice of Filing before the Court rendered its Order in relation to the Motion to Strike (Doc. No. 204), KMK did have notice of this decision when it responded to Plaintiffs' Motion to Strike. (Doc. No. 345). Since the Court had indicated that it had generally disapproved of the filing of the Fischer Letter, but had not stricken the Fisher Letter because it was undocketed, reasonable persons could infer that the docketed Notice of Filing (Doc. No. 342) would also be denied and stricken. (Doc. No. 349). However, it likely would not have been stricken if it was not opposed. Thus, Plaintiffs' counsel had no choice but to file its Motion to Strike (Doc. No. 345). Mr. Brautigam gave KMK one last chance to adhere to the implied, if not direct, orders of this Court by suggesting that

they both withdraw their filings. KMK obviously did not take Mr. Brautigam up on his offer.

Despite the foregoing, KMK has the audacity to argue that Plaintiffs have been conducting an "unnecessary and wasteful motion practice." (Doc. Nos. 355 and 362). KMK seems to forget that it was the one who initially filed the Notice of Filing (Doc. No. 342), and that it was the one that refused to jointly withdraw its Notice of Filing with Plaintiffs' Motion to Strike. Further, KMK seems to forget that it is essentially attempting to conduct an improper act by disguising an *ex parte* letter to the Court in the form of a Notice of Filing. The concept of a "Notice of Filing," which is really the act of filing correspondence to this Court, is a rare if not non-existent practice.[6] It is closest to an *ex parte* communication with the Court. Black's Law Dictionary defines ex parte as "on one side only; by or for one party; done for, in behalf of, or on the application of, one party only." *U.S. v. Burger,* 773 F. Supp. 289, 292 (D.C. Kansas 1991). Even if this Notice of Filing does not conflict with the letter of the law since it was actually docketed, it certainly conflicts with the spirit of the law. The Notice of Filing was an unnecessary filing which was filed in bad faith in an attempt to discredit Plaintiff's counsel and/or to obtain an advantage with this Court in relation to the underlying discovery and subpoena issue. It confirms the fact that if any party's conduct borders on contempt and/or warrants sanctions, it is that of KMK, and not that of the Plaintiffs.

Thus, Plaintiffs request that Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike or Otherwise Not Consider

---

[6] Although there are certainly occasions when letters are submitted to the Court, such as letters by victims in a criminal case, Plaintiffs were at a loss to find a federal case which involved a filing which was similar to that of the KMK in this civil case.

7

the 'Notice of Filing' Submitted by Non-Party KMK and Motion for Sanctions" (Doc. No. 345) be denied, and the Notice of Filing (Doc. No. 342) be stricken because it is improper based upon this Court's previous Order (Doc. No. 349) and federal law. Since this Court clearly implied that it had not stricken Patrick Fischer's letter because it was undocketed correspondence, there is no reason stopping this Court from doing so now since this correspondence has now been docketed. Further, since there was no reason why the information contained in the Notice of Filing could not have been communicated to this Court during the status conference by Rachael Rowe, Esq. or another KMK attorney, or that KMK could not have withdrawn its Notice of Filing when Plaintiffs' counsel offered to do the same in relation to its Motion to Strike, KMK's knowing violation of the spirit of this Court's Order must be considered contemptuous and worthy of sanctions in this case.

Dated: 4 August 2004                    Respectfully Submitted,

                                        /s/ Michael G. Brautigam
                                        _____
                                        Gene Mesh (OH Bar # 0002076)
                                        Michael G. Brautigam
                                        GENE MESH & ASSOCIATES
                                        2605 Burnet Avenue
                                        Cincinnati, Ohio 45219-2502
                                        (513) 221-8800
                                        (513) 221-1097  (fax)

                                        *Attorneys for Plaintiffs and the
                                        Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply to Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike or Otherwise Not Consider the 'Notice of Filing' Submitted by Non-Party KMK and Motion for Sanctions" (Doc. No. 345) was served this 4th day of August 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202

**BY U.S. MAIL**

David C. Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

Stephanie A. Hite