UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT PROVIDENT'S MOTION FOR ORDER MAINTAINING CONFIDENTIALITY AND DECLARING PROPER DESIGNATION OF PRICEWATERHOUSE COOPERS REPORT AS "CONFIDENTIAL" PURSUANT TO 10/1/01 STIPULATED PROTECTIVE ORDER (DOC. NO. 360) OR, IN THE ALTERNATIVE, PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT PROVIDENT'S MOTION FOR ORDER MAINTAINING CONFIDENTIALITY AND DECLARING PROPER DESIGNATION OF PRICEWATERHOUSE COOPERS REPORT AS "CONFIDENTIAL" PURSUANT TO 10/1/01 STIPULATED PROTECTIVE ORDER (DOC. NO. 360) AND AFFIDAVIT OF MICHAEL G. BRAUTIGAM, ESQ.**

Plaintiffs moves this Court to strike Defendant Provident Financial Group, Inc.'s Motion for Order Maintaining Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report (hereinafter "PwC Report") as "Confidential" Pursuant to 10/1/01 Stipulated Protected Order (hereinafter "Motion for Protective Order") (Doc. No. 360) because it fails to comply with Local Rule 37.2 since defense counsel has failed

1

to submit an affidavit in support of this Motion for Protective Order which sets forth the extrajudicial means which have been taken to resolve these differences.[1]

In the alternative, if this Court opts not to strike this Motion for Protective Order on this procedural basis, Plaintiffs respectfully request that this Court deny this Motion for Protective Order because Defendant Provident has also provided no substantive reason, and certainly no compelling reason, to keep the PricewaterhouseCoopers Report confidential now that Provident the entity no longer exists. Defendant Provident has not come close to meeting its dual burdens, and is, in effect, asking the Court to become a partner in misleading the investing public.

Dated:  9 August 2004                             **GENE MESH & ASSOCIATES**

                                                  Respectfully Submitted,


                                                  Gene Mesh (0002076)
                                                  Michael G. Brautigam
                                                  2605 Burnet Avenue
                                                  Cincinnati, Ohio 45219-2502
                                                  (513) 221-8800
                                                  (513) 221-1097 (Facsimile)

                                                  *Attorneys for Plaintiffs and the Putative Class*


I.       **PRELIMINARY STATEMENT**

The issue before the Court is a simple one: whether Provident has met its burden of establishing that the PwC report be designated as "Confidential" and thus accorded

---

[1] Although Defendant Provident has not styled this Motion as a Motion for Protective Order, Defendant Provident has in effect requested such relief and should not be permitted to avoid the Local Rules of this Court based upon the technical title of its filing. Although the Local Rules were revised as of 14 June 2004, the requirement of an affidavit pursuant to Local Rule 37.2 remains.

exceptional treatment under the terms of the Stipulated Protective Order ("SPO," Doc. No. 51). Defendant Provident has not met or even attempted to meet this high burden, which speaks volumes about any arguments that it might have on the merits. Instead, Defendant Provident disingenuously attempts to shift the burden to Plaintiffs, and continues the pattern of *ad hominem* attacks on Plaintiffs' counsel.

As an initial matter, Plaintiffs wish to make it clear that they have no specific objection to the Stipulated Protective Order *per se*. On the contrary, Plaintiffs object to the designation of the PwC report as confidential solely for the reasons cited in this Motion to Strike and opposition memorandum. Plaintiffs submit that the Motion for Protective Order contains absolutely no specific facts or arguments as to why the PwC Report should be designated as confidential, but only provides a general argument as to the utility of protective orders in general. Thus, this argument is just an attempt by Defendant Provident to distract this Court away from the fact that it has not met its dual burdens in this case.[2]

Upon reflection, it seems rather obvious that Defendant Provident has filed this Motion for a Protective Order (Doc. No. 360) for two related reasons. The first reason is to allow Defendant Provident to continue to make false statements to the investing public

---

[2] It is almost beyond ironic that Defendant Provident would cite to the *Manual for Complex Litigation* to tout the purpose of the SPO given Magistrate Judge Hogan's finding at the 30 June 2004 Status Conference, and later reprised in his Order, that this is not complex litigation.

It is also surprising, though perhaps typical, that Defendant Provident relies on a reference that is almost 20 years out of date. Surely there is some reason why Defendant Provident cites to the 1985 *Manual for Complex Litigation*, when the Fourth Edition of the *Manual for Complex Litigation* (2004) is available. Unfortunately, Defendant Provident does not provide the reason. In any event, and for whatever reason, their arguments are not compelling.

about their knowledge of the massive fraud leading up to the 2003 Restatements. In particular, what they knew, and when they knew it. The second reason is to evade liability in this Court, and other courts, for Defendant Provident's almost continuous stream of materially false and misleading statements which consistently contradict the PwC Report. Since the PwC Report clearly indicates that Defendant Provident had significant knowledge about the modeling errors leading to the massive 2003 Restatements in 2000, Defendant Provident's repeated and deliberate statement that Provident first learned about the modeling errors in February 2003 can be considered nothing less than a materially false and misleading statement. By filing of this Motion for Protective Order, Defendant Provident is, in effect, asking the Court to be a partner to this deception.

In sum, the filing of the motion for a protective order with respect to the PwC report is a curious filing because it raises more questions than it answers. Among the questions raised are why does Defendant Provident make no effort to meet its burden of proof in relation to this Motion, why did it take more than a year for Defendant Provident to produce this critical document, why did they produce the document after the depositions of the Provident Director Defendants were substantially completed, and why have the Provident Defendants consistently made statements to the investing public that are directly contradicted by the PwC report.[3]

---

[3] Plaintiffs are handicapped in this opposition by not being able to discuss the contents of the PwC report with any specificity, and Plaintiffs therefore respectfully submit the affidavit of Michael G. Brautigam, Esq. for the proposition that the contents of the PwC Report and the contents of Defendant Provident's repeated public statements are contradictory. Magistrate Judge Hogan has undertaken this *in camera* review and issued an Order (Doc. No. 363) that provides for some additional time at depositions with

4

II. **LEGAL ARGUMENT**

    A. **The Motion for Protective Order Should be Stricken Because Defendant Provident Has Failed to Comply with Local Rule 37.2.**

Defendant Provident has failed to meet the requirements of Federal Rule 26(c) in relation to the filing of their Motion for Protective Order. Federal Rule 26(c) provides as follows:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> (5) that discovery be conducted with no one present except persons designated by the court;
>
> (6) that a deposition, after being sealed, be opened only by order of the court;

---

certain Provident Defendants. The *in camera* review and the resulting Order was not made for the purpose of deciding the confidentiality issue.

> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
>
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Id. Although Defendant Provident requests that the PwC Report be accorded exceptional treatment, it ignores many of the requirements leading up to this request.

First, and most importantly, Defendant Provident's counsel fails to submit the mandatory certification that he has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Although the correspondence attached to their motion illustrates that Defendant Provident's counsel did confer with Plaintiffs' counsel, this required certification is conspicuously missing. This is especially ironic given the fact that it has been Beiser, Greer & Landis, LLP (hereinafter "BGL"), and other counsel Defendant Provident, that has repeatedly tried to defame Plaintiffs' counsel by arguing that he has not acted in compliance with the local rules of this Court. However, despite these allegations, it cannot be disputed that Plaintiffs' counsel has never improperly filed documents without leave of the Court or failed to provide a mandatory affidavit when he was required to do so in relation to a discovery motion, but this is at least the second time that Defendant Provident's counsel has failed to do so in this action. This type of conduct should not repeatedly be excused. However, even if it excused one more time, Defendant Provident's Motion for Protective Order must still fail since Defendant Provident has also failed to meet their dual burdens in relation to this Motion for Protective Order.

**B.   Defendant Provident Has Failed to Meet Its Dual Burden in Relation to Confidentiality and Its Motion for Protective Order.**

    **1.   Defendant Provident Fails to Meet Its Burden of Proof in Relation to Its Motion for Protective Order.**

Defendant Provident fails to present any evidence which shows that justice requires that it be protected from annoyance, embarrassment, oppression, or undue burden or expense. In fact, Defendant Provident fails to submit any affidavits from Provident, or other specific evidence, which conclusively shows the undue hardship, burden, expense, and continuing annoyance, and/or oppression which is necessary to support a motion for protective order. Provident fails to even provide a substantive argument as to why the contents of the PwC Report should be confidential. Rather, Defendant Provident's entire argument focuses upon the steps which Defendant Provident took to secure the confidential designation and Plaintiffs' counsel's allegedly unreasonable position for not accepting this designation. Such evidence is obviously not sufficient to meet their burden in relation to the Motion for Protective Order. As a result, this Court is only left to wonder how Defendant Provident would be harmed if the PwC report were accorded normal, and not exceptional, treatment. However, since it is Defendant Provident's responsibility to answer this question, and not this Court's, the Motion for Protective Order must be denied because the burden for granting it has not been met.

    **2.   Defendant Provident Has Failed to Meet Its Confidentiality Burden of Proof in Relation to the Stipulated Protective Order.**

The Motion for Protective Order is not only a procedurally defective document, but also an exceptionally weak one. Perhaps the most surprising aspect of the Motion for Protective Order is the undeniable fact that there is neither any discussion of the burden

of establishing confidentiality in relation to the Stipulated Protective Order (hereinafter "SPO") nor the burden for moving for a motion for protective order. The word "burden" does not even appear in the motion. Perhaps this is because pursuant to both the Federal Rules of Civil Procedure and the SPO, this burden falls exclusively on the party seeking the confidential designation, or Defendant Provident.

The Stipulated Protective Order discusses this burden as follows:

> The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL shall rest on the producing party, except that the burden of proving the exceptions set forth in Paragraph 15 shall rest on the party asserting the exceptions[4].

(Stipulate Protective Order, Paragraph 7). Thus, the initial burden is conclusively on Defendant Provident, and it does not even come close to meeting this burden. Rather, Defendant Provident breaks out into its familiar song that the Plaintiffs have taken yet another "unreasonable position." (Doc. No. 360 at p. 5). In fact, Defendant Provident attempts to turn the burden regarding confidentiality on its head by stating as follows:

> There is absolutely no reason why Plaintiffs would object to the designation of the Report as "Confidential" unless they want to disclose it publicly or to third parties in an attempt to gain an improper extrajudicial advantage in this case. There is simply no legitimate reason why Plaintiffs should want or need to use the PwC Report or any other document for purposes unrelated to the litigation.

(Doc. No. 360 at p. 5).[5]

---

[4] The exceptions listed in paragraph 15 do not apply, and the OHSL and Provident Defendants have not even attempted to argue that they apply. Rather, they has sidestepped the issue of the burden of proof entirely.

[5] This invective is typical of the OHSL and Provident Defendants' pattern of hurling exceedingly general accusations against Plaintiffs and their counsel at the Court without a shred of evidence to support these ludicrous allegations. Conspicuously lacking is any hint of any improper purpose or any use outside the litigation. Rather, Provident is

This quote continues the disturbing pattern by Defendant Provident of making scurrilous allegations, presumably to shock the Court, without a shred of evidence to support them. This statement also clearly turns the standard for Defendant Provident's burden in this case on its head. Since Defendant Provident knows that it cannot meet its burden, it does not even try to meet it. Rather, Defendant Provident focuses instead on improper purposes and motives. But where's the beef? What are these improper purposes and motives, and what are the purposes unrelated to the litigation? Once again, the silence is deafening.

However, no matter what you say about this statement, or any other portion of the Motion for Protective Order, what it clearly does not state is why the PwC Report should be given this <u>exceptional</u> treatment. The fact that Defendant Provident wants to escape the embarrassment of its own incompetence is not a compelling reason for why this exceptional relief should be granted. The fact that Defendant Provident seeks to make false statements to the investing public, or statements that are <u>directly contradicted</u> by the PwC Report, is even less of a reason for it, in effect, asks this Court to be a partner to this deception.

Therefore, although Defendant Provident is clearly attempting to change or shift their burden to the Plaintiffs so that they will be required to establish why they need the report, the Plaintiffs have not taken this bait, and they know that this Court will not either. This is especially the case since Defendant Provident has provided no substantive grounds upon which this Court should grant this Motion.

---

attempting to use the "Confidential" designation for the improper purpose of continuing to make false statements to the investing public.

### C. The Motion for Protective Order Contains No Grounds Which Warrant the Relief Requested.

#### 1. The Reasons for Keeping the PwC Report Confidential No Longer Exist.

Even if Defendant Provident had attempted to meet its burden of proof, which it did not, it still would have been unable to do so given the facts of this case. First, there is no longer any concern in relation to the trading of PFGI stock since it no longer trades publicly and no longer exists. It shuffled off this mortal coil on 30 June 2004 at $39.46, significantly below the trading price leading up to the OHSL-PFGI merger.[6] Second, normal treatment of the PwC Report will also not reveal PFGI's trade secrets since Defendant PFGI no longer has trade secrets to protect, and PFGI does not even attempt to make the argument that that it will be harmed in this fashion. On the other hand, normal treatment of the PwC Report could conceivably raise questions about Defendant Provident's public statements, which are directly contradicted by the PwC Report. If this puts Defendant Provident in an uncomfortable position because they can no longer use the PwC Report as both a sword and a shield, and must actually tell the truth to the investing public, so be it.

In addition, it must be remembered that Defendant Provident is not the final arbiters on the issue of the confidentiality of the PwC Report. Just because Defendant Provident designates the PwC Report as confidential, does not make it so. Although Defendant Provident has the right to designate the PwC Report as confidential pursuant paragraph two of the Stipulated Protective Order (Doc No. 360 at p.5), this is not the end

---

[6] This was the case even with the approximately 15% takeover premium that the National City takeover brought them.

of the story, (Doc. No. 360 at p.5). It must also be considered whether or not this designation was made in good faith, and Plaintiffs have argued above to the contrary. Further, it must not be forgotten that in the same way that Defendant Provident can designate the PwC report as confidential pursuant to the Stipulated Protective Order, it is also true that Plaintiffs have the right to challenge this designation under paragraph 5 of the Stipulated Protective Order. As always, the burden of showing that this exceptional treatment is appropriate is entirely on Defendant Provident. As indicated throughout, they have not even tried to meet this burden, preferring instead to attack the motive and intent of Plaintiffs' counsel, without any evidence to support it.

    2.    **<u>The Initial Designation of the PwC Report as Confidential was made in Bad Faith and Merely Reflects a Desire on the part of PFGI to Continue and Expand the Massive Fraud.</u>**

It should also be noted that the initial designation of the PwC Report as confidential was made in bad faith. Defendant Provident argues that that it was generous of them to produce the PwC Report since they could have withheld it on the basis of the work product doctrine. (Doc. No. 360 at p. 4).[7] However, the PwC Report is a public

---

[7] It might have been "generous" for Provident to have produced the report in July of 2003 when the Plaintiffs could have made good use of it. By producing it in July 2004 and instructing the Provident Defendants not to answer questions about the PwC Report based on the work product doctrine, Defendant Provident has greatly deflected the impact of this critical document. Amazingly, this sharp practice has been accepted and ratified by Magistrate Judge Hogan's Order. For this late production of the PwC Report, Magistrate Judge Hogan only granted Plaintiffs the minimal and inadequate relief of two additional hours with Provident's former CFO. This Order, Doc. No. 363, is clearly erroneous and contrary to law, and will be objected to shortly.

record on file with the SEC.[8] As a result, any attempt by Defendant Provident to restrict the distribution of the report for FOIA purposes does not, without more, render the report confidential. This is merely wishful thinking on behalf of Defendant Provident. Further, although it is certainly understandable that Defendant Provident wishes to keep this from the investing public, including and perhaps especially the many plaintiffs who are suing them exclusively based on the 2003 Restatements, this should not be enough to persuade this Court to be a party to this continuing fraud.

3. **PFGI is attempting to use the PwC Report as a Sword and Not a Shield.**

Finally, it cannot be overemphasized that not only has Defendant Provident failed to meet its exceptional burden as to why the PwC Report should be protected, but it has also repeatedly used the PwC for purely offensive purposes. Defendant Provident has used the PwC Report as both a sword and a shield, as it has repeatedly tried to misinform and mislead the investing public by stating that it first learned of the modeling problem leading to the massive 2003 Restatements in February 2003. (*See*, Exhibits A, B, and C to the Brautigam Affidavit). The PwC Report clearly shows that this is not the case, and that Defendant Provident learned of significant modeling errors that lead to the massive 2003 Restatements at least in January of 2000, a mere month after the OHSL-Provident

---

[8] Depending on the outcome of this motion, Plaintiffs may well seek to obtain the PwC report through a FOIA request, but are not sanguine about it being produced before the trial. Since it is likely that the Plaintiffs will ultimately be able to obtain the PwC Report from other sources that would defeat the confidential designation, this motion is more about the timing of the removal of the confidential designation than whether or not it will be removed.

merger closed, and more than three years before Provident revealed this massive fraud to the investing public and the appropriate regulatory authorities.[9]

Thus, for the foregoing reasons, it is clear that not only has Defendant Provident not provided any substantive evidence in support of their extraordinary request for confidentiality of the PwC Report, but that it has acted in bad faith by failing to produce this report prior to the majority of the Provident Defendants' depositions, and have unfairly been able to use this report as a sword when it is advantageous for them to do so.

### D. The Provident Defendants Fail to Explain Why It Took Provident a Year to Turn Over the PwC Report.

Finally, Defendant Provident fails to explain why it took them one year to turn over the PwC report to the Plaintiffs. In its Motion for Protective Order, Defendant Provident proudly touts its "reasonableness" in turning over the PwC report to Plaintiffs. In particular, it states as follows:

> "To avoid burdening the Court and in the spirit of cooperation, however, Provident chose to produce the report subject to the basic protections afforded by the SPO."

(Doc. No. 360 at p. 4). However, Defendant Provident understandably omits a few facts from this discussion. First, Defendant Provident omits why it took it more than one year to "choose" to produce the PwC Report after it was received by them. Second, Defendant Provident also omits why Defendant Provident "chose" to produce the PwC

---

[9] As explained in the Brautigam affidavit, Plaintiffs are handcuffed by the SPO in that they are unable to proceed in the usual fashion with a detailed line by line analysis of the PwC report. Instead, Plaintiffs have scrupulously complied with the letter and the spirit of the SPO, and only allege in the most general terms, the contents of the PwC report and the fact that it directly contradicts Provident's public statements. Of course, the in camera review that Magistrate Judge Hogan has undertaken will eliminate the mystery of the contents of the PwC Report.

Report after almost all of the Provident witnesses had been deposed. The timing of this production is certainly questionable at best, and should not be quickly discounted. Given the importance of this document, such an omission cannot be the result of simple oversight, but rather a strategic choice. Defendant Provident has already been amply rewarded by this choice with Doc. No. 363, which shields every Provident Director Defendant from any questioning whatsoever with respect to the PwC Report.

As a result, Plaintiffs submit that this blatantly improper and unethical strategy should not be countenanced by the Court. If it becomes necessary, the Plaintiffs will separately move the Court for permission to bring each Provident witness back, at Defendant Provident's expense, to be deposed on issues related to the PwC Report.

## III.  CONCLUSION

Thus, for the foregoing reasons, Plaintiffs' respectfully request that this Court grant Plaintiffs' Motion to Strike Defendant Provident's Motion for Order Maintaining Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as "Confidential" Pursuant to 10/1/01 Stipulated Protected Order (Doc. No. 360) because defense counsel violated Local Rule 37.2 by failing to submit a mandatory affidavit in support of this Motion.

In the alternative, if this Court chooses not to deny this Motion on procedural grounds, this Motion (Doc. No. 360) should still be denied because it is a bad faith and transparent continuation of Defendant Provident's strategy to disrupt the discovery process. Given Defendant Provident's failure to provide any evidence to meet their evidentiary burden that the PwC Report should be deemed confidential, the lack of need for such extraordinary protections given the fact that Provident, the entity, no longer

exists, and the obvious suspect timing of the production of the PwC Report, the Plaintiffs submit that this Court should decline Defendant Provident's invitation to treat the PwC Report as confidential. The only thing that this Court would accomplish by granting this Motion for Protective Order would be to enable Defendant Provident to continue to make materially false statements to the public, and to continue to cover up this massive fraud.

DATED: 9 August 2004                               Respectfully Submitted,

*/s/ Michael L. B.*

Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (fax)

*Attorneys for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Motion to Strike Defendant Provident's Motion for Order Maintaining Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as "Confidential" Pursuant to 10/1/01 Stipulated Protected Order (Doc. No. 360) or, in the Alternative, Plaintiffs' Response in Opposition to Defendant Provident's Motion for Order Maintaining Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as "Confidential" Pursuant to 10/1/01 Stipulated Protected Order (Doc. No. 360) and Affidavit of Michael G. Brautigam, Esq. was served this 9th day of August 2004 as follows:

**BY HAND DELIVERY**

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

**BY U.S. MAIL**

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

David Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

_____
Stephanie A. Hite