UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** *et al.*, | ) Case No. C-1-00-793 |
| Plaintiffs, | ) (Judge Sandra S. Beckwith) |
| -v- | ) (Magistrate Judge Timothy S. Hogan) |
| **OHSL FINANCIAL CORPORATION,** *et al.*, | ) |
| Defendants. | ) |

### THE PROVIDENT AND OHSL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendants OHSL Financial Corporation ("OHSL"), Oak Hills Savings & Loan Company, F.A. ("Oak Hills"), Norbert G. Brinker ("Brinker"), Kenneth L. Hanauer ("Hanauer"), William R. Hillebrand ("Hillebrand"), Alvin E. Hucke ("Hucke"), Thomas E. McKiernan ("McKiernan"), Joseph J. Tenoever ("Tenoever"), Howard J. Zoellner ("Zoellner") (collectively the "OHSL Defendants"), and Provident Financial Group, Inc. ("Provident"), Robert L. Hoverson ("Hoverson"), Thomas D. Grote, Jr. ("Grote"), Jack M. Cook ("Cook"), Phillip R. Myers ("Myers"), Joseph A. Pedoto ("Pedoto"), Joseph A. Steger ("Steger"), and Christopher J. Carey ("Carey") (collectively the "Provident Defendants") (the OHSL Defendants and the Provident Defendants are collectively referred to as "Defendants") submit this memorandum in opposition to Plaintiffs' motion to strike their motion for leave to file supplemental

memorandum in opposition to Plaintiffs' motion for class certification. (Defendants' motion for leave is Doc. 347; Plaintiffs' motion to strike that motion for leave is Doc. 361).[1]

Plaintiffs' motion continues their tiresome and wasteful practice of not just opposing Defendants' motions, but also moving to strike them. This unnecessary practice doubles the briefs which must be filed on every issue and exemplifies how Plaintiffs' prosecution of this case has unreasonably and unnecessarily increased the costs and burdens on the opposing parties and this Court.

## MEMORANDUM IN OPPOSITION

It is virtually impossible to comprehend the grounds on which Plaintiffs are moving to strike Defendants' motion for leave. Plaintiffs admit that Defendants' motion for leave to file a supplemental memorandum in opposition to class certification, which Defendants filed after they took Plaintiff Meier's deposition, "appears to be appropriate at first glance." (Doc. 361 at 4) However, Plaintiffs then go on to complain that Defendants' motion was part of an overall scheme to "obtain some type of unfair advantage with the Court or improperly harass the Plaintiffs or both." (Doc. 361 at 5)

Defendants do not know any way to respond to Plaintiffs' counsel's unfounded conspiracy theory other than to, once again, recap the procedural history of this motion:

- On December 15, 2003, the Court decertified the class. (Doc. 227)
- On December 31, 2003, Plaintiffs filed the Consolidated and Amended Class Action Complaint, naming two new plaintiffs – Gary and Lisa Meier. (Doc. 234)

---

[1] Although the caption of Doc. 361 is a "memorandum in opposition" to the motion for leave, Plaintiffs make it clear in the text that they are moving to strike the motion to leave. *See, e.g.*, Doc. 361 at i-ii (arguing that Defendants' motion for leave "should be stricken not just because it is duplicative and scurrilous, but because it contains deliberately false statements that are part of a strategy to add yet another supplemental filing to this perhaps unprecedented string of filings opposing class certification").

- On the same day (December 31, 2003), Plaintiffs filed a new motion for class certification. (Doc. 233)

- Although class discovery did not close until June 30, 2004 (Doc. 221), Magistrate Judge Hogan ruled that Defendants should file their memorandum in opposition to Plaintiffs' motion for class certification within the time period prescribed by the Federal Rules of Civil Procedure. (Doc. 241) Magistrate Judge Hogan, however, expressly said that "[n]othing in the Scheduling Order [Doc. 221] prevents a supplementation if, in fact, a Motion for Leave to do so is filed, of Defendant's Memorandum in Opposition [to the class certification motion] at the close of discovery in June, 2004. (Doc. 241)

- Pursuant to Magistrate Judge Hogan's Order, Defendants filed their memorandum in opposition to Plaintiffs' motion for class certification on January 21, 2004.[2] (Doc. 244) In that memorandum, Defendants expressly reserved the right to supplement the memorandum after they took Mr. Meier's deposition. (Doc. 244 at 1, 9 n.5)

- Defendants took Mr. Meier's deposition on June 24, 2004 – prior to the class discovery cut-off.[3] In their Motion to Strike, Plaintiffs claim Defendants should have taken Mr. Meier's deposition on January 19, 2004, when **Plaintiffs** noticed it. Magistrate Judge Hogan held, however, that it was improper for Plaintiffs'

---

[2]    In their Motion to Strike, Plaintiffs claim "there was no reason for Defendants to have filed the original memorandum in January." (Doc. 361 at 5) Magistrate Judge Hogan's January 16, 2004 Order requiring Defendants to file their memorandum "in accordance with the deadlines established by the civil rules" (Doc. 241) was reason enough.

[3]    Defendants waited until June 24, 2004 to take Mr. Meier's deposition because discovery was stayed as to the newly-named defendants while Defendants Ernst & Young's and KMK's motions to dismiss were pending. The Court granted those motions on May 28, 2004 (Doc. 336) and June 4, 2004 (Doc. 338), respectively.

counsel to notice his own client's deposition. (Doc. 241) Magistrate Judge Hogan also held that there was "no reason to force Defendants," who had until June 30, 2004 to complete class discovery, "to take a premature deposition" of Mr. Meier. (Doc. 241)

- Mr. Meier's deposition testimony provides further evidence why this class should not be certified. As Magistrate Judge Hogan had instructed them to do, Defendants then filed a motion for leave to supplement their memorandum in opposition to class certification so that they could alert the Court to Mr. Meier's testimony. Defendants filed that motion for leave on July 8, 2004. (Doc. 347)

Plaintiffs cannot possibly explain how the above-described course of conduct – expressly allowed by the Magistrate Judge's Order and this Court's scheduling Order – was improper and worthy of a motion to strike.

Plaintiffs' nonsensical tirade takes an even more bizarre twist when they spend several pages of the motion to strike (pages 5-8) focused on footnote 1 to Defendants' motion for leave, which stated:

> The final transcript of Mr. Meier's deposition is not yet available. Defendants' citations to the deposition are to an expedited version obtained from the court reporter. Defendants have attached the cited pages as Exhibit A to this brief. When the final transcript is made available to the parties, Defendants will file that transcript and supplement this brief, if necessary.

(Doc. 347 at 3 n.1) Plaintiffs claim this innocuous footnote "is nothing more than a deliberate attempt on the part of counsel for the OHSL and Provident Defendants to attempt to mislead the Court." (Doc. 361 at 6) Defendants are at a loss for how to respond to this charge. When Defendants filed their motion for leave on July 8, 2004, the thirty days provided by Federal Rule of Civil Procedure 30(e) had not yet run, and Mr. Meier had neither signed the transcript nor

filed an errata sheet. Defendants, therefore, attached the preliminary deposition transcript to their motion for leave (preliminary in the sense that the deponent had not yet signed it). Defendants, however, understood that Mr. Meier had yet to sign his transcript and still had the option to make an errata sheet if he felt any part of the transcript was transcribed in error. Therefore, Defendants wrote footnote 1 to let the Court know (1) that the transcript they were filing with their brief had not been signed by the deponent and, therefore, was not yet final, and (2) that they would file the final transcript when made available to them. As the Court can see from the correspondence attached to this brief as Exhibits 1-4, Defendants' counsel tried her best to make that clear to Plaintiffs' counsel.

Plaintiffs' hyperbolic accusations are merely an effort to distract the Court from the real issue raised in Defendants' motion for leave – Gary Meier is neither a typical nor an adequate class representative for several reasons, most notably because he admitted that he was not misled by the Proxy Materials and that he voted against the merger for reasons wholly unrelated to any alleged misrepresentation.[4]

Plaintiffs' response to that point should be especially troublesome to the Court. Plaintiffs baldly state that "[t]he OSHL [sic] and Provident Defendants cite to no legal authority which provides that a class representative had to have voted against the merger in order to qualify as a class representative. The reason that they do not do so is that such would be a ridiculous and untenable position – there are no such cases." (Doc. 361 at 15) Of course, Defendants did cite several "such cases," including *Kas v. Financial General Bankshares, Inc.*, 105 F.R.D. 453 (D.D.C. 1985), in which the District Court refused to certify the class because the "plaintiffs voted against the merger for reasons unrelated to any alleged misrepresentations or omissions."

---

[4] Plaintiffs would also, undoubtedly, like to distract the Court from the ever-increasing list of reasons why Plaintiffs' counsel is not an adequate representative for the Class. (*See* Doc. 316)

*Id.* at 461 (cited at Doc. 347 at 11); *see also Knuaff v. Utah Constr. & Mining Co.*, 277 F. Supp. 564, 578 (D. Wyo. 1967) (holding that because plaintiffs "did not rely on any statements contained in the merger proxy statement, [but instead] . . . each voted against the merger," "they cannot represent a class of persons who allegedly relied upon said statements in voting for the merger") and other cases cited at Doc. 347 at 11-12. Plaintiffs do not cite any cases to the contrary.

For all the reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to strike.

Respectfully submitted,

/s/ James H. Greer
David C. Greer
James H. Greer
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing THE PROVIDENT AND OHSL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION was served upon the following, by ordinary U.S. mail, this 19th day of August, 2004.

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

*Attorneys for Plaintiffs*

John W. Hust
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

*Attorneys for Dinsmore Defendants*

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

*Attorney for Defendant Ernst & Young*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015

*Attorneys for KMK Defendants*

/s/ James H. Greer
---
James H. Greer

1326488.1