# LAW OFFICES OF GENE MESH AND ASSOCIATES

20 July 2004

By Fax 937 223 6339

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center
North Main Street
Dayton, Ohio 45402-1908

### Re: OHSL

Dear Mr. Greer:

I am working on a response to your latest motion for leave to oppose class certification. As I indicated in an email yesterday, I discovered what appeared to be an incorrect statement and requested an explanation. Ms. Rowe responded on your behalf with an explanation so implausible that I thought, in the interests of fairness, that I should contact you directly.

The footnote in question reads in its entirety:

> The final transcript of Mr. Meier's deposition is not yet available. Defendants' citations to the deposition are to an expedited version obtained from the Court reporter. Defendants have attached the cited pages as Exhibit A to this brief. When the final transcript is made available to the parties, Defendants will file that transcript and supplement this brief, if necessary.

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

Motion at 3, Footnote 1.

This footnote is especially disturbing because it allows for the possibility of yet another motion for leave to oppose class certification. Since the OHSL and Provident defendants have opposed class certification in one way or another at least 8 times, this truly confuses the ridiculous with the sublime. (*See*, Doc. Nos. 16, 35, 52, 79, 197, 199, 316, and 347). At some point, your opposition to our motion for class certification must stop.

Ms. Rowe's explanation does not use exactly the same words, but is a moderately clever attempt to fudge what appears to be simply a false statement to the Court. Ms. Rowe, in relevant part, states as follows:

LAW OFFICES OF GENE MESH AND ASSOCIATES

> To the best of our knowledge, the copy of the
> transcript we received from the court reporter
> was a preliminary version. The transcript was
> not signed by Mr. Meier. Under Federal Rule
> 30 (e), Mr. Meier has 30 days to review and
> sign the transcript. My understanding is that
> the transcript does not become official until he signs
> it, or the time for doing so expires. If Mr. Meier already
> has signed the transcript, please let me know and we will
> file it immediately.

(Email from Ms. Rowe to Mr. Brautigam, Attached.)

There is nothing preliminary about the transcript that you received on or about 1 July 2004. That Mr. Meier has the right to review and sign has no effect on whether or not the transcipt is, in your words, "a preliminary version."

I personally have never, ever, heard of a transcript being "not yet available" because it is not signed by the deponent or the time for such signing has not yet elapsed. Indeed, I have taken an informal survey of attorneys with more than 100 years of collective experience, and not one can recall a situation where such an explanation was made. No reasonable reader reading the footnote in question would conclude that the transcript was not ready. Rather, a reasonable reader would conclude that it has been unilaterally deemed by you to be a "preliminary version" because the deponent has not signed it. This is, quite ironically, exceedingly similar to the attempts of the OHSL and Provident Defendants materially false and misleading statements on, *inter alia*, unanimity that they made to the OHSL shareholders.

As I stated above, I am writing to you to give you an opportunity to comment upon Ms. Rowe's explanation and to resolve this overall troubling situation, and amend the pleading to correct this false statement. However, if you inform me that this footnote was not a mistake, it will become clear to me that this was a deliberate strategy to enable you to continue to improperly file motion after motion for leave to supplement the record opposing class certification, and I will respond accordingly.

Kindly let me know what your position is on this.

Sincerely,

Michael G. Brautigam

Cc:    All Counsel By Fax

