## LAW OFFICES OF GENE MESH AND ASSOCIATES

22 July 2004

By Fax 579 6457

Rachael A. Rowe, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Ms. Rowe:

I have and thank you for your letter of 21 July 2004 in response to my letter to James Greer, Esq. Let me offer the following thoughts:

1. Do not presume to lecture me about whom I should correspond with in this case. Since Mr. Greer signed the pleading containing what I believe to be a materially false and misleading statement, I felt and feel that I owed it to him to determine if this was a mistake, or if he actually intended to mislead the Court with this false statement. I now have a response—admittedly your response, and not his response—but I now can and will state in my reply brief that Mr. Greer has made an intentionally false statement to the Court. Of course, this merely continues the tradition of counsel for the OHSL and Provident Defendants making false statements to a variety of courts.

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

2. With respect to the points raised in your second paragraph, surely you cannot be serious. Mr. Meier's complete transcript was "preliminary" to the same extent that the vote of the OHSL directors to merger with Provident was "unanimous." With respect to any errata sheet that Mr. Meier may or may not submit, let me assure you that if Mr. Meier attempts to correct the transcript, it will be to correct transcription errors, and not to change much of the substance of his testimony. You will no doubt remember that it was Mr. Brinker (or more likely KMK), not Mr. Meier, who believed that a deposition is a take home exam, and that it is entirely proper to change the substance of much of the testimony through an errata sheet—an errata sheet that was submitted only after a Court ruling that Mr. Brinker's deposition would be limited to two hours. With respect to the additional invective in this paragraph, methinks you doth protest too much.



# LAW OFFICES OF GENE MESH AND ASSOCIATES

Your strategy—and make no mistake—this is a strategy, is clear. In fact, it is clearly articulated in Footnote 1 of the opposition:

> When the final transcript is made available to the parties, Defendants will file that transcript <u>and supplement this brief, if necessary</u>.

Motion for Leave at 3, Footnote 1.

Clearly, you are attempting to backtrack from the contemplated or promised supplemental filing, a position that I certainly understand, but one that is at odds with your motion for leave. You can't have it both ways.

3. Finally, the cases cited in the third paragraph of your letter are entirely inapposite. KMK has intentionally manipulated the timing of the submission of allegedly supplemental material so as to intentionally submit additional memorandum *seriatim*. Indeed, KMK's misconduct was and is so obvious that KMK not only littered the record with pleadings that it had not right to file, but KMK attempted to amend those pleadings with pleadings that were completely lacking in substance. In this case, Plaintiffs have once supplemented the record with a Notice of Supplemental Authority (Doc. No. 203). That document, based on a newly decided class decision in this district involving Plaintiffs' counsel, was properly submitted to the Court without argument, in contrast to the seemingly endless scurrilous filing submitted by KMK.

Sincerely,

Michael G. Brautigam

cc: All Counsel by Fax



2