UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN,** *et al.*, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiffs, | ) | **(Judge Sandra S. Beckwith)** |
| | ) | **(Magistrate Judge Timothy S. Hogan)** |
| -v- | ) | |
| | ) | |
| **OHSL FINANCIAL CORPORATION,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### THE PROVIDENT AND OHSL DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 5, 2004 ORDER

On July 9, 2004, upon request by Plaintiffs for permission to depose Chris Carey, Jack Cook, and Robert Hoverson beyond the Rule 30(d)(2) seven-hour presumptive deadline, Magistrate Judge Hogan granted Plaintiffs one additional hour. (Doc. 349 at 3) Magistrate Judge Hogan refused to grant Plaintiffs more time based in part on his first-hand observations of Plaintiffs' counsel's inefficient deposition techniques. (*Id*.)

Notwithstanding Magistrate Judge Hogan's Order, Plaintiffs renewed their request for additional time to depose Carey, Cook, and Hoverson (as well as each of the other Provident Director Defendants) at an August 2, 2004 informal status conference. Plaintiffs argued that they needed the extra time to question the witnesses on the recently produced Pricewaterhouse Coopers report (the "PWC Report").[1] The PWC Report was an investigative report about the 2003 Restatements prepared by Pricewaterhouse Coopers at the direction of Provident's Audit Committee's counsel in anticipation of litigation.

---

[1] Defendant Provident Financial Group, Inc. ("Provident") produced the PWC report on July 16, 2004.

On August 5, 2004, Magistrate Judge Hogan issued an Order in which he granted Plaintiffs an additional two hours (on top of the additional one hour previously granted) to depose Christopher Carey, Provident's former Executive Vice President and Chief Financial Officer.  (Doc. 363 at 1)  Magistrate Judge Hogan, however, denied Plaintiffs' request as to the Provident Director Defendants, reasoning that those witnesses "could not have the depth of knowledge [about the PWC Report] possessed by Mr. Carey, the C.F.O." (*Id.*)  On August 12, 2004, Plaintiffs filed objections to Magistrate Judge Hogan's refusal to grant more than an additional two hours for the Carey deposition and refusal to grant any additional time (on top of the one hour previously granted) for the Provident Director Defendants.  (Doc. 368)

This Court should only overturn Magistrate Judge Hogan's discovery order if it is "clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a).  As even Plaintiffs concede in their objections, this is a "heavy burden" because "magistrates are afforded broad discretion in resolving discovery disputes."  (Doc. 368 at 5, quoting *Universal Acupuncture Pain Serv., P.C. v. State Farm Mutual Auto Ins. Co.*, 2002 U.S. Dist. LEXIS 19555 at 2)

Magistrate Judge Hogan did not abuse his discretion in refusing to grant Plaintiffs more than two additional hours to depose Mr. Carey and any more additional time to depose the Provident Directors.  The PWC Report was an investigative report into the Restatements prepared by a third party (Pricewaterhouse Coopers), not by any of the Provident Directors.  The conclusions in the PWC Report were made by Pricewaterhouse Coopers, not the Directors.  The Directors have already been deposed about their knowledge of the facts behind the Restatements.  Deposing the Directors about someone else's conclusions about the Restatements would be irrelevant and a waste of time.  That is especially true given that Magistrate Judge Hogan generously granted Plaintiffs two additional hours (on top of the one hour previously granted) to

depose Mr. Carey, Provident's former CFO and the person most knowledgeable about the facts behind the Restatements.

If Magistrate Judge Hogan had refused to grant Plaintiffs *any* additional time, such a decision would not have been clearly erroneous or contrary to law because the "law" expressly states that "a deposition is limited to one day of seven hours." Fed.R.Civ.P. 30(d)(2). Magistrate Judge Hogan, however, did not limit Plaintiffs to the deadline, but instead granted them additional time. Magistrate Judge Hogan has lived with this case for years, now, and has an intricate knowledge of how discovery has progressed. His decision to grant Plaintiffs three additional hours to depose Mr. Carey and one additional hour to depose the Provident Directors was well within his discretion and, therefore, is not clearly erroneous or contrary to law.

For these reasons, Defendants respectfully request that Plaintiffs' objections be overruled.

Respectfully submitted,

/s/ James H. Greer
David C. Greer
James H. Greer
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the FOREGOING THE PROVIDENT AND OHSL DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 5, 2004 ORDER was served upon the following, by ordinary U.S. mail, this 20th day of August, 2004.

| | |
|---|---|
| Michael G. Brautigam<br>Gene I. Mesh<br>Gene Mesh & Associates<br>2605 Burnet Avenue<br>Cincinnati, Ohio 45219-2502<br><br>*Attorneys for Plaintiffs* | John W. Hust<br>Michael E. Maundrell<br>Schroeder, Maundrell, Barbiere & Powers<br>11935 Mason Road, Suite 110<br>Cincinnati, Ohio 45249<br><br>*Attorneys for Dinsmore Defendants*<br><br>James E. Gauch<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br><br>*Attorney for Defendant Ernst & Young*<br><br>Michael R. Barrett<br>Thomas W. Breidenstein<br>Barrett & Weber<br>500 Fourth & Walnut Centre<br>105 East Fourth Street<br>Cincinnati, Ohio 45202-4015<br><br>*Attorneys for KMK Defendants*<br><br>/s/ James H. Greer<br>James H. Greer |

1327666.1