UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S ORDER**
**(DOC. NO 369)**

Plaintiffs respectfully submit this objection to Magistrate Judge Hogan's Order. (Doc. No. 369) This objection is supported by the attached Memorandum in Support.

Dated:  26 August 2004                **GENE MESH & ASSOCIATES**


Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

1

**MEMORANDUM IN SUPPORT OF OBJECTION**

**I.    PRELIMINARY STATEMENT**

Magistrate Judge Hogan's Order (Doc. No. 369) is clearly erroneous and contrary to law. The one page Order provides no legal or factual basis for the conclusion it reaches, and continues the virtually uninterrupted pattern of dismissing or downplaying the importance of all discovery which is of consequence to the Plaintiffs' case. Also, the Order (Doc. No. 369) oddly states that the Court relied, *inter alia*, on the arguments of counsel. As a result, it is likely that Magistrate Judge Hogan was confused on this point. There were no substantial arguments of counsel during the status conference. Rather, Plaintiffs respectfully requested oral argument on the motion, and this request was **granted**. (*See*, Transcript of 3 August 2004 Status Conference, previously attached as Exhibit A to Doc. No. 368). Although Plaintiffs were initially gratified when Magistrate Judge Hogan granted their request, and consequently refrained from discussing the issues during the status conference, Plaintiffs were subsequently equally mystified when Magistrate Judge Hogan inexplicably seemingly reversed this Order, and decided KMK's Motion without the benefit of either oral arguments or KMK's reply brief. Additionally, the Order does not address the lack of compliance with the affidavit requirement of Local Rule 37.2, which is reason enough to deny the motion on procedural grounds.

Therefore, while Plaintiffs are indeed grateful that this Order is uniquely devoid of any unnecessary comments or personal attacks on Plaintiffs or their counsel, the Plaintiffs have no choice but to object to this Order since it provides no rationale for its erroneous ruling in this case. A mistake has been committed, and Plaintiffs respectfully submit this objection.

## II. LEGAL ARGUMENT

### A. Standard for Filing an Objection to a Magistrate's Order

Title 28, Section 636(b)(1)(A) permits a judge to "designate a magistrate to hear and determine any pretrial matter pending before the court" except those matters that are dispositive. A district court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. Section 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2nd Cir. 1990) (citation omitted). An order is "clearly erroneous" only when the reviewing court is left with the "definite and firm conviction that a mistake has been committed.'" *Thompson v. Keane,* 95 CV 2442, 1996 U.S. Dist. LEXIS 6022 at 1 (S.D.N.Y. May 6, 1996) (citations omitted).

When reviewing a magistrate judge's ruling made pursuant to 28 U.S.C. Section 636(b)(1)(A), "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992). However, if a district court finds that the standard has been met, a district judge should "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *See also*, 28 U.S.C. Section 636(b)(1)(A).

A party seeking to overturn a discovery order therefore bears a heavy burden. See, *Com Tech Assocs. v. Computer Assoc. Int'l,* 753 F. Supp. 1078, 1079 (E.D.N.Y.), aff'd, 938 F.2d 1574 (2nd Cir. 1991). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is

3

appropriate only if their discretion is abused." *Universal Acupuncture Pain Serv., P.C. v. State Farm Mutual Auto. Ins. Co., et al.,* No. 01 CV 7677, 2002 U.S. Dist. LEXIS 19555 at 2 (S.D.N.Y. Oct. 10, 2002) (citing *Lanzo v. City of New York,* No. 96 CV 2342, 1999 U.S. Dist. LEXIS 16569 at 2 (E.D.N.Y. Sept. 21, 1999).

Magistrate Judge Hogan has regrettably again abused his discretion in relation to his present Order.[1] Magistrate Judge Hogan's Order (Doc. No. 369) finds that the designation of the PricewaterhouseCoopers Report (hereinafter "PwC Report") as "Confidential" "was proper in all respects." (Order, Doc. No. 369, at 1). However, in doing so, Magistrate Judge Hogan does not discuss the issues which would have permitted him to have reached such a conclusion. Magistrate Judge Hogan does not discuss the Stipulated Protective Order (hereinafter "SPO"), his application of the SPO to the facts of the case, or any other relevant factual or legal observation that one would expect in an opinion of this nature. This is illustrated by the mere fact of the length of the decision. Less than one page does not provide a proper amount of space to set forth the burden which Defendant Provident must meet to have the PwC Report deemed confidential, let alone thoroughly and thoughtfully discuss the reasoning behind the decision to deem the PwC Report "confidential." This lack of analysis makes it very

---

[1] In his previous Order (Doc. No. 363), Magistrate Judge Hogan provided for the sweeping conclusion that only Provident CFO Carey should be deposed regarding the PwC Report, and that he should only be deposed for two hours, because "Plaintiff's argument makes more sense in respect to Mr. Carey than it does in respect to the Provident Directors, who could not have the depth of knowledge possesses by Mr. Carey, the C.F.O." (Doc. No. 363, Order, p. 1). Interestingly, Magistrate Judge Hogan neglected to provide any commentary as to why he does not believe that the CEO of Provident, the Provident Directors, or the Provident audit committee members would also not be able to provide any insight as to this document. The refusal to provide any factual or legal analysis in support of this decision is clearly erroneous and contrary to the law, just as it is in relation to the present Order (Doc. No. 369).

difficult for the Plaintiffs to object to this decision since the Plaintiffs have no way of knowing what Magistrate Judge Hogan's reasoning was behind this decision. However, despite this lack of insight, the only valid conclusion which can be reached is that this decision is erroneous under the law.

### B. The Decision is Clearly Erroneous Under the Law

A fair reading of the Order (Doc. No. 369) should leave this Court with the firm impression that a mistake has been committed in both a legal and an equitable sense. As stated above, Plaintiffs are somewhat at a loss as to how to frame the issue for the District Court, since there are neither any findings of facts or conclusions of law that can be carefully parsed and rebutted, nor any rationale at all for the conclusion which it reaches. Nevertheless, Plaintiffs respectfully submit that this inattention to detail alone is sufficient to send the matter back to the Magistrate Judge to make findings of fact and conclusions of law so that the District Court will have some record to review. Further, Plaintiffs additionally submit that there are four additional reasons which necessitate this Objection.

### 1. Magistrate Judge Hogan Did Not Review All Pleading Prior to Making His Ruling.

Magistrate Judge Hogan did not wait for KMK's reply brief in further support of their motion to grant the relief sought before ruling on this subject. Although this may not have been necessary for Magistrate Judge Hogan to make a ruling, Plaintiffs submit that this is another example of Magistrate Judge Hogan's inattention to detail and/or rush to make a decision in relation to this issue.[2] This is also illustrated in the fact that

---

[2] Plaintiffs admit that they have been requesting that Magistrate Judge Hogan provide decisions in a more timely manner since it has negatively impacted upon discovery in this

5

Magistrate Judge Hogan in effect reversed its decision with respect to oral arguments in this case. This is especially true when dealing with issues of enormous complexity, and where the Court would clearly benefit from oral argument. Indeed, Magistrate Judge Hogan must have realized that oral argument would assist him in understanding these complicated and interlocking issues when he **granted** oral argument at the Status Conference.

> 2. **Magistrate Judge Hogan Failed to Hear Oral Arguments Prior to Making His Decision Even Though He Had Granted the Request for Oral Arguments During the 3 August Status Conference.**

Magistrate Judge Hogan inexplicably issued this Order without the benefit of oral argument. This was particularly strange since Magistrate Judge Hogan had specifically granted Plaintiffs' request for oral argument at the 3 August 2004 Status Conference( *See*, Transcript of 3 August 2004 Status Conference, Attached as Exhibit __ to Doc. No. 366). Further, Magistrate Judge Hogan must have believed that he would benefit from oral argument, otherwise he would not have made a point of granting it. However, although it is likely that Magistrate Judge Hogan later decided that Defendant Provident's argument was compelling enough that neither a reply nor an oral argument were required, Magistrate Judge Hogan failed to share with the Plaintiffs what he found to be so compelling about Defendant Provident's argument. Consequently, as discussed above, Magistrate Judge Hogan left Plaintiffs with little to go on in terms of filing this Objection. Despite whatever Magistrate Judge Hogan's opinion may have been of Defendant Provident's Motion for Protective Order, Plaintiffs still submit that Magistrate

---

case. However, Plaintiffs do not want to give the impression that they want decisions to be made expediently at the expense of careful and thoughtful review of the issues and/or orders which do not set forth the analysis used to reach said conclusions.

Judge Hogan would have benefited from a greater discussion of the issues that would have been possible with oral argument. Further, if Plaintiffs had known that Magistrate Judge Hogan had no intention of actually hearing oral arguments prior to making his decision, Plaintiffs' counsel would have obviously would have requested an opportunity to set forth Plaintiffs' arguments regarding the PwC Report during the status conference.

        **3.**      **Magistrate Judge Hogan Does Not Discuss Whether or Not Defendant Provident Met Its Burden in Relation to Deeming the PwC Report as Confidential.**

There is absolutely no discussion of Provident's burden in relation to designating the PwC Report as confidential or how it allegedly met that burden. Ordinarily, an Order ruling on an issue in which a burden must be met by the moving party would discuss the legal burden, whether or not the moving party has met such burden, and then reach a conclusion which interweaves the factual findings and legal conclusions into the Order. Plaintiffs carefully and thoroughly set forth this standard in their Motion to Strike Motion for Order to Maintain Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as Confidential Pursuant to 10/1/01 Stipulated Protective Order by Defendant Provident or, in the Alternative, Plaintiffs' Memorandum in Opposition to Defendant Provident's Motion to Maintain Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as Confidential Pursuant to 10/1/01 Stipulated Protective Order (Doc. No. 360) and Affidavit by Michael G. Brautigam, Esq. (Doc. No. 366) and discussed why Plaintiffs did not believe that Defendant Provident had even made an effort to discuss how it had met this burden, let alone met this burden. As a result, given the amount of effort which the Plaintiffs made to illustrate how Defendant Provident had not even attempted to meet its burden for finding

7

the PwC Report confidential, it is difficult to believe Magistrate Judge Hogan would completely bypass this analysis, and only state that he finds "the Motion well taken." (Order, Doc. No. 369, at 1). The confidentiality of the PwC Report is one of the most important and hotly contested issues in this case. Therefore, since there is absolutely no analysis of it in this Order, Plaintiffs do not know if Magistrate Judge Hogan did not consider this standard when reaching his decision or if he miraculously thought that Defendant Provident had met this standard. Given the facts of this case, and Magistrate Judge Hogan's documented inattention to detail, Plaintiffs submit that it is likely the former. However, regardless of which it was, a horrible mistake has been committed, and this decision is clearly erroneous under the law as a result of it.

    **4.**    **Magistrate Judge Hogan Does Not Discuss the Plaintiffs' Argument that Defendant Provident has been Committing a Continuing Fraud.**

Finally, there is no discussion of Defendant Provident's continuing fraud in this Order. By withholding the most critical document with respect to the massive 2003 Restatements until the eleventh hour, the Provident Director Defendants were able to avoid almost all questioning of PFGI director Defendants on this crucial document.[3] Now, with Magistrate Judge Hogan's Order deeming the PwC Report confidential, the Provident Defendants are in essence rewarded for improperly withholding the PwC report for more than a year.

---

[3] Magistrate Judge Hogan allowed Plaintiffs an additional two hours with Provident's former CFO, Chris Carey, to question him on the report, on the bizarre grounds that the PFGI directors would likely be unfamiliar with the contents of the report, but that it was an appropriate document to question the CFO on. This Order, striking in its sweep, is equally striking for its fundamental misunderstanding of the function of the board of directors of a public company and especially the oversight role of the audit committee.

Although Plaintiffs are clearly disappointed and frustrated by this ruling, Plaintiffs are equally concerned about the affect that this decision will have on the OHSL and Provident Defendants' future conduct. Magistrate Judge Hogan's decision in effect granted Defendant Provident *de facto* immunity so that it can continue to make false statements to the investing public in the future. In particular, Defendant Provident has repeatedly stated that the massive errors were first discovered in February 2003, and that said error was dealt with promptly and expeditiously. The PwC Report shows that Defendant Provident knew of these errors several years earlier, and that Defendant Provident has been knowingly making these false statements to the public. Now, that Magistrate Judge Hogan has deemed confidential the one document which would expose these falsehoods, and permitted the truth to be hidden under the veil of secrecy provided by this Order, Defendant Provident has know doubt been bolstered by this decision and feels empowered to continue to make these false statements without fear of impunity.

> D. **PFGI Has Not Shown That it Would Be Competively Harmed or Otherwise Disadvantaged if the PwC Report Were Not Afforded This Exceptional Treatment.**

Finally, Magistrate Judge Hogan also does not even discuss the issue of whether or not Defendant PFGI can be competitively harmed or otherwise disadvantaged by the PwC Report not being deemed confidential since Defendant PFGI no longer exists. Although Magistrate Judge Hogan did undertake an *in camera* review of the document at Plaintiffs' urging, there is no finding in this Order that PFGI would be competitively harmed if the PwC Report was not confidential. In addition, there is no discussion of how PFGI could be harmed since it no longer exists. Thus, once again Plaintiffs do not know if Magistrate Judge Hogan did not consider this issue or if it has decided that PFGI

can still be harmed if the PwC Report is not deemed confidential. Either way, Plaintiffs submit that this is not an inconsequential point, and that it should have necessitated a finding that the PwC Report not be deemed confidential. If PFGI no longer exists, Plaintiffs argue that it is impossible for Defendant Provident to still to be harmed or competitively disadvantaged by the PwC Report not being confidential. As a result, a mistake has clearly been committed such that this decision is clearly erroneous under the law.

**III.   CONCLUSION**

This Order (Doc. No. 369) is clearly erroneous and contrary to the law. Although Defendant Provident has neither attempted to meet its burden in this case, nor has done so, Defendant Provident has still received from Magistrate Judge Hogan exceptional treatment for an unexceptional discovery document. In addition, despite the importance of this document, Magistrate Judge Hogan inexplicably fails to provide any analysis for his decision, or even explain why he decided not to have oral arguments on this issue after he agreed that said arguments would be appropriate during the 3 August 2004 status conference. Thus, for the foregoing reasons, Plaintiffs respectfully request that this Order be overturned and that the District Court order that the PwC Report be accorded normal treatment.

DATED: 26 August 2004                                                  Respectfully Submitted,


_____
Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue

Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (fax)

*Attorneys for Plaintiffs and the
Putative Class*

**CERTIFICATE OF SERVICE**

I hearby certify that on August 26, 2004, I electronically filed the foregoing "OBJECTION TO MAGISTRATE JUDGE HOGAN'S ORDER, Doc. 369" with the Clerk of Court using the CM/ECF system which will send notification of such filing to registered counsel electronically.

James E. Burke
Rachel A. Rowe
Keating Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202

John W. Hust
Michael E. Maundrell
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, Ohio 45249

David C. Greer
James H. Greer
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908