Exhibit A

# MEMORANDUM

## I.  INTRODUCTION

As Plaintiffs have demonstrated in the opening Motion to Strike, OHSL and Provident Defendants Motion for Leave to File Supplemental Memorandum in Opposition to Plaintiffs' Motion for Class Certification (hereinafter "Motion for Leave") (Doc. No. 347) is part of a deliberate strategy by the OHSL and Provident Defendants to attack Plaintiffs and their counsel through *seriatim* filings.  Although it may have been warranted to have filed a motion for leave after the deposition of Mr. Meier was completed, the fact that this was not the first motion for leave filed after the initial memorandum in opposition to Plaintiffs' second motion for class certification confirms that this was neither a typical filing, nor a typical situation.  Rather, it was part of a systematic plan to attempt to gain an unfair advantage in responding to Plaintiffs' Motion for Class Certification.

Similarly, the opposition to the Plaintiffs' Motion to Strike is, in many ways, a curious document. Although the OHSL and Provident Defendants completely ignore several of the Plaintiffs' most significant substantive arguments, they devote a significant portion of a minimalist document to defending a footnote which falsely stated that the Meier deposition transcript was not yet available.[1]  The OHSL and Provident Defendants

---

[1] This is an odd choice since this was such an indefensible act.  As will be discussed in greater detail below, the OHSL and Provident Defendants knew that the Meier transcript was available at the time the OHSL and Provident Defendants filed their Motion for Leave because they were in possession of it.  They knew that this was the "final transcript," and only made the claim that it wasn't in an effort to create another opening for themselves to file an additional supplemental memoranda in opposition to Plaintiffs' Motion for Class Certification.

also spend a large amount of time arguing that Mr. Meier is not fit to be a class representative.

Despite the rhetoric of the OHSL and Provident Defendants, Plaintiffs reiterate that they are only too happy to have the Court focus on the merits of class certification in this case. This case is unquestionably appropriate for class certification, and Gary Meier is a more than adequate class representative. He is aware of his duties and responsibilities as a class representative and has more than fulfilled them by fully participating in this action. Not only has Mr. Meier assisted the Plaintiffs in the prosecution of their case, but he has also attended depositions, and attempted to attend Status Conferences.[2] In fact there is little more that Mr. Meier could do to improve his actions or participation as a class representative. Further, the fact that Mr. Meier did not vote in favor of the OHSL-Provident merger should not exclude him as a class representative. If this were the case, it would in essence give the OHSL and Provident Defendants *carte blanche* to defraud a significant percentage of OHSL shareholders who were likely to oppose any merger despite their reliance upon the proxy materials.[3]

---

[2]  For unknown reasons, Mr. Meier was refused entrance to the February 2004 Status Conference conducted by Magistrate Judge Hogan, even though he had attended the deposition of Mr. Brinker earlier that day, and had gone to Magistrate Judge Hogan's chambers to identify himself and express his desire to attend the Status Conference.

[3]  As the facts have repeatedly shown, this is exactly what the OHSL and Provident Defendants have done in this case through the submission of materially false and misleading Proxy Materials/Registration Statement to <u>all</u> of the OHSL shareholders.

**II.    THE OHSL AND PROVIDENT DEFENDANTS HAVE ABUSED THE THE PROCESS OF SUPPLEMENTATION OF MEMORANDA TO THE POINT THAT IT IS CLEAR THAT IT MUST BE CONSIDERED A CALCULATED STRATEGY**

The OHSL and Provident Defendants have a selective memory when it comes to reciting and discussing the supplemental filings which they have been made in this case in response to Plaintiffs' motions for class certification. Although the OHSL and Provident Defendants have correctly noted some of the filings which have been made, they have neglected to discuss a long list of supplemental filings which were unnecessary and unwarranted, and only served the purpose of giving the OHSL and Provident Defendants multiple opportunities to oppose Plaintiffs' motions for class certification. In particular, as discussed in Plaintiffs' Motion to Strike, this represents the second time since the OHSL and Provident Defendants' initial memorandum in opposition in January of 2004 that they have attempted to file a supplemental memorandum in opposition to Plaintiff's second motion for class certification. Furthermore, it is the eleventh time overall that the Defendants have filed memoranda, and/or supplemental memoranda through motions for leave, in opposition to Plaintiffs' two motions for certification in this case. (Doc. Nos. 35, 42, 65, 79, 173, 197, 199, 201, 244, 316, 347).

The OHSL and Provident Defendants do not respond at all to the Plaintiffs' arguments regarding their eight responses to the first motion for class certification.[4] Further, there is no mention, discussion, or explanation for why the OHSL and Provident

---

[4] Although these filings may not be directly at issue in relation to this particular motion for leave since it is in response to the second motion for class certification instead of the first motion for class certification, these initial filings still cannot be overlooked because they help to reveal the OHSL and Provident Defendants' overall plan. The OHSL and Provident Defendants have obviously concluded that they are not going to be able to overcome Plaintiffs' Motion for Class Certification on the basis of the quality of their arguments. As a result, they have decided to resort to quantity through *seriatim* filings.

3

Defendants filed the Motion for Leave to File Supplemental Memorandum in Opposition to Plaintiffs' Motion to Certify the Consolidated Amended Complaint with Memorandum in Support and Attached Proposed Supplemental Memorandum by Defendants OHSL Financial Corp, Provident Financial Group Inc. (Doc. No. 316). This is probably because the OHSL and Provident Defendants have none. They undeniably knew at the time they filed this motion for leave that they would later be filing another motion for leave to file a supplemental memorandum in the near future after Mr. Meier's deposition had been completed. Thus, there was no reason why the OHSL and Provident Defendants could not have waited and combined these arguments into one motion for leave.

In addition, despite the arguments of the OHSL and Provident Defendants, the filing of this second motion for leave is also not supported by this Court. Although this Court's Order may have provided the OHSL and Provident Defendants' with justification for filing their initial memorandum in opposition to Plaintiffs' second motion for class certification in January of 2004, and one motion for leave at the completion of discovery in June of 2004, it did not provide for multiple motions for leave to file supplemental memoranda. (Doc. No. 241). In particular, this Order states as follows:

> "Nothing in the Scheduling Order prevents a supplementation if, in fact, a Motion for Leave to do so is filed, of Defendants' Memorandum in Opposition at the close of discovery in June, 2004, but Defendants' Memorandum is nevertheless due in accordance with deadlines established by the civil rules."

(Doc. No. 241). This statement speaks of supplementation and a motion for leave in the singular, and not the plural. The OHSL and Provident Defendants have already filed two, and intimated that they might be filing another in their most recent motion for leave. (Doc. No. 347). Thus, although the OHSL and Provident Defendants have not filed as

4

many supplementary memoranda as they did in relation to the Plaintiffs' first motion for class certification, there is no reason to believe that this is not the direction in which they are headed. Further, when all of these supplemental filings are considered collectively, it is clear that these are not isolated filings, but rather a systematic and calculated decision on the part of the OHSL and Provident Defendants to obtain multiple opportunities to defeat Plaintiffs' Motion for Class Certification. However, despite these multiple opportunities to respond to Plaintiffs' Motion for Class Certification, there are still several arguments which the OHSL and Provident Defendants conveniently fail to address.

### III.    THE OHSL AND PROVIDENT DEFENDANTS COMPLETELY IGNORE ARGUMENTS RAISED BY THE PLAINTIFFS.

As discussed briefly above, there are several arguments which the OHSL and Provident Defendants ignore and, in effect, concede. The first is that class certification is appropriate for this case. Although the OHSL and Provident Defendants have argued that they do not believe that Mr. Meier is fit to be a class representative, they have not argued against the appropriateness of this case for class certification. Second, the OHSL and Provident Defendants have not disputed that there was not any new law or compelling reasons for many of the *seriatim* filings. Although the OHSL and Provident Defendants attempt to explain a few of the more legitimate filings, they completely ignore most of the others. Third, the OHSL and Provident Defendants have declined to deny that they are not making these *seriatim* filings as a way to personally attack the Plaintiffs. Again, this would nearly be impossible to do given their words and conduct before this Court, and this Court's recognition of this fact. Finally, the OHSL and Provident Defendants fail to respond to the Plaintiffs' argument that there was substantial support for this action

from the class. This is yet another reason in support of Mr. Meier's adequacy of class representation. These arguments are a good example of how memorandums can be more significant for what they do not say, rather than what they do. The OHSL and Provident Defendants' decision to ignore these arguments speaks volumes about their inability to formulate effective responses to them.

### IV. THE ISSUE OF MR. MEIER'S DEPOSITION TRANSCRIPT IS NOTHING BUT A RED HERRING.

Rather than responding to the substantive arguments set forth above, the OHSL and Provident Defendants spend a significant portion of their minimal Memorandum in Opposition (Doc. No. 370) trying to explain a footnote which was placed in their initial Motion for Leave (Doc. No. 347). However, even though the OHSL and Provident Defendants specifically focus on this unexplainable footnote, the OHSL and Provident Defendants conspicuously still fail to address the most important questions surrounding this footnote. In particular, the OHSL and Provident Defendants have failed to explain why they stated that the final transcript was not yet available when it was, and they actually had a copy of it at the time they filed their Motion for Leave. (Doc. No. 347). The OHSL and Provident Defendants have also not adequately explained why they did not consider this to be the "final transcript" or whey they would anticipate that there would be any change in testimony. The OHSL and Provident Defendants know that any substantive change to the deposition testimony only occurs in very rare and suspect situations, such as the in the case of Defendant Brinker's deposition. The errata sheet is universally recognized as a vehicle to correct clerical errors and not substantive issues in a case. As a result, although a deponent may technically have thirty days to file an errata sheet in relation to his deposition, the OHSL and Provident Defendants knew that this

6

was the "final transcript" when they prepared this footnote. They only claimed that it was not so that they could try and set the groundwork for yet another supplemental brief in opposition to Plaintiffs' Motion for Class Certification.

In addition, although it is true that this footnote contributed to the overall problem of *seriatim* filings in that it specifically stated that Defendants would "supplement this brief, if necessary" upon receiving the "final transcript" of Mr. Meier's deposition transcript, this footnote is not deserving of this amount of attention since it was not the reason that Plaintiffs filed their Motion to Strike. It was a symptom of the illness, rather than the actual illness itself. The Plaintiffs' filed a Motion for Strike because at some point enough has to be enough. Parties are not given an unlimited number of opportunities to respond to motions. The OHSL and Provident Defendants filed eight such responses in relation to the first motion for class certification and were well on their way to that number with this third memorandum in opposition. Although the OHSL and Provident Defendants definitely made false statements regarding their access to a "final transcript," the footnote was significant not for these false statements per se but because the footnote mentioned the possibility of fourth motion to leave in it. (Doc. No. 347 at n.1). Thus, this footnote made it clear that to the Plaintiffs that the OHSL and Provident Defendants had made the calculated decision that since they could not defeat the Plaintiffs' Motion for Classification in terms of the quality of their arguments, and that they would try to do so through quantity. The Plaintiffs could not let this go by without responding to, and challenging, such an improper plan. However, even if this Court decides to consider these supplemental memoranda, the OHSL and Provident Defendants

7

will never be able to overcome the fact that Mr. Meier is qualified to serve as a class representative under federal law.

V. **MR. MEIER IS AN ADEQUATE CLASS REPRESENTATIVE**

Mr. Meier is an adequate class representative. As discussed in Plaintiffs' Motions for Class Certification, and this Motion to Strike, (Doc. Nos. 27, 233, 261), Mr. Meier meets all of the requirements for being a class representatives. The fact that is a roofer, who has operated his own business in Hamilton County and Southeastern Indiana for almost 20 years, does not preclude him from being a class representative.[5] Neither does the fact that Mr. Meier did not cast a vote in favor of the OHSL-Provident merger. The OHSL and Provident Defendants do not provide any insightful analysis on this issue, but rather just claim that Plaintiffs did not cite any cases which were contrary to *Kas v. Financial General Bankshares, Inc.*, 105 F.R.D 453 (D.D.C. 1985) and *Knauff v. Utah Constr. & Mining Co.*, 277 F. Supp. 564, 578, or the cases which the OHSL and Provident Defendants have cited to in support of their argument that Mr. Meier cannot qualify as a class representative as a result of his failure to vote. However, the Plaintiffs did not have to counter because, as Plaintiffs discussed in their Motion to Strike (Doc. No. 360), the OHSL and Provident Defendants have misinterpreted the typicality requirement and misapplied the facts of these cases to the present one.

---

[5] After initially attempting to try and disqualify him on the basis of his failure to remember every fact in relation to this case and/or his failure to clearly articulate every answer, the OHSL and Provident Defendants apparently abandoned this argument when they realized that Mr. Meier was as well versed, if not more so, with the facts of this case, than the educated and accomplished OHSL and Provident Director Defendants. It is unlikely that the OHSL and Provident Director Defendants would be able to answer questions as well as about the roofing profession as Mr. Meier was able to do with these banking and merger related issues.

The typicality requirement focuses on the representatives' position with respect to the defendants' conduct, and where the representative parties are subject to unique defenses, their claim is not typical of the class. *See*, *McNichols v. Loeb Rhoades & co., Inc.,* 97 F.R.D. 331, 334 (N.D. Ill. 1982). In *Kas* and *Nkauff,* the courts found that it was problematic for a plaintiff to be a class representative if that plaintiff had not relied upon the proxy materials as the other plaintiffs had done when they voted against the merger.[6] This issue is not present in this case. Although Mr. Meier did not vote in favor of the OHSL-Provident merger, he did not do so because he did not rely upon the statements in the proxy materials. As Plaintiffs stated in their Motion to Strike (Doc. No. 360), all of the OHSL Shareholders and Plaintiffs, including Mr. Meier, relied upon the words contained in the Proxy Materials, and accepted them to be true. Just because not all of these individuals agreed with the representations made, and some decided that they just did not want OHSL to be sold, does not mean that all of them did not rely upon the representations in the proxy materials.[7] Thus, these cases are inapplicable to the facts of this case, and there was no reason for the Plaintiffs to have countered these cases with other case law.

On the other hand, the OHSL and Provident Defendants did not respond to the Plaintiffs' challenge to cite to a case which provides that a class representative has to vote

---

[6] There was also in *Kas* the additional issue of whether or not the other plaintiffs were supportive of these particular class representatives. Id. at 462.

[7] As discussed in Plaintiffs' Motion to Strike, this is very similar to the distinction that that OHSL and Provident Defendants often attempt to make in relation to Defendant Hanauer. They claim that he voted his personal shares against the merger solely based upon his own personal interests and not because he thought that the merger was not in the best interest of the OHSL shareholders.

in a particular manner in order to qualify as a class representative. (Doc. No. 360). Plaintiffs made this challenge because it is the crux of the OHSL and Provident Defendants' argument against Mr. Meier being deemed an adequate class representative. The OHSL and Provident were obviously unable to do this, for no such legal authority or citation has been provided by them.

Thus, for the foregoing reasons, there is no reason why Mr. Meier is not adequate to serve as a class representative in this case.

## VI.   CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike or, in the alternative, deny the OHSL and Provident Defendants' Motion for Leave. The OHSL and Provident Defendants have had more than an ample opportunity to respond to the Plaintiffs' two motions for class certifications, and they have abused the privilege of filing a motion for leave by having done so on so many occasions prior to this one. Although this particular motion for leave may have some more credibility than other motions for leave since it was actually filed in response to new evidence being before the Court, Plaintiffs believe that it should still be stricken or, in the alternative, denied because the evidence before this Court confirms that the OHSL and Provident Defendants are taking part in a systemic plan of *seriatim* filings in an effort to gain an unfair advantage in this litigation. This conduct is contrary to federal law and should neither be condoned nor rewarded.

Dated: 26 August 2004                    **GENE MESH & ASSOCIATES**

Respectfully Submitted,


/s/_____
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*