UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN, et al.** | : | **Civil Action No. C-1-00-793** |
| **Plaintiffs,** | : | **Judge Sandra S. Beckwith** |
| vs. | : | **Magistrate Judge Timothy Hogan** |
| **OHSL FINANCIAL CORP., et al.** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MOTION TO STRIKE EXHIBIT 2 TO DOCUMENT NO. 372 FOR FAILURE TO COMPLY WITH LOCAL RULE 7.2 (d) AND MOTION FOR SANCTIONS (Doc. No. 372).**

Plaintiffs respectfully submit this motion to strike Exhibit 2 to Document No. 372. As grounds for the motion, plaintiffs respectfully submit that Exhibit 2 to Doc. No. 372 should be stricken because it is a blatant, and admitted, violation of Local Rule 7.2 (d). Such a filing is not with the spirit of the Local Rules, and serves no other purpose than to sandbag the Plaintiffs. This motion is supported by the attached Memorandum in Support.

Dated: 26 August 2004            **GENE MESH & ASSOCIATES**

                                                  Gene Mesh (0002076)
                                                  Michael G. Brautigam
                                                  2605 Burnet Avenue
                                                  Cincinnati, Ohio 45219-2502
                                                  (513) 221-8800
                                                  (513) 221-1097 (Facsimile)

                                      *Attorneys for Plaintiffs and the Putative Class*

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBIT 2 TO DOC. NO. 372 AND MOTION FOR SANCTIONS

### I. PRELIMINARY STATEMENT

The Reply Brief in Further Support of Non-Party KMK's Motion for a Protective Order (hereinafter "Reply Brief") (Doc. No. 372) is an improper, unethical and transparent attempt to evade Local Rules 7.2 (d). Local Rule 7.2 (d) states as follows:

> "Evidence Supporting Motions—Deadlines. When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than the primary memorandum of the party relying upon such evidence."

Id. (Local Rule 7.2 (d) As Amended June 14, 2004). As will be shown, non-party KMK's initial Motion for Protective Order and Modification of Subpoenas issued for the depositions of Gary Kreider and David Rosenberg by Keating, Muething & Klekamp PLL (hereinafter "Motion for Protective Order") (Doc. No. 358) deliberately did not include all evidence then available so that non-party KMK (hereinafter "KMK") could later sandbag the Plaintiffs with new evidence and arguments to which they could not reply. Such conduct should not be tolerated by the Court. As a result, Exhibit 2 to Doc. No. 372 should be stricken and KMK should be sanctioned for these sharp practices. In the alternative, Plaintiffs should be allowed to submit a sur-reply brief to address each and every scurrilous argument submitted by KMK.

### II. LEGAL ARGUMENT

**1. A Motion to Strike is the Appropriate Response to This Blatant Attempt to Sandbag Plaintiffs.**

A motion to strike is governed by Federal Rule of Civil Procedure 12 (f). The Rule states as follows:

> "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by the rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Rule 12 (f). Applying Rule 12 (f) to the case at bar, it is apparent why Exhibit 2 to Doc. No. 372 should be stricken. Simply stated, the sole purpose of Exhibit 2 was to sandbag Plaintiffs. It was not an accidental error on the part of KMK to fail to include this deposition testimony in the original Motion for Protective Order. (Doc. No. 358). If this was the case, KMK would not have conceded that it was not a mistake in its Reply Brief. (Doc. No. 372, n.2).[1] Rather, KMK deliberately withheld these transcript excerpts for the Reply Brief because it knew that Plaintiffs would not be able to respond as of right. This is exactly what Local Rule 7.2 (d) is designed to prevent. Further, it goes without saying that not only is this practice specifically prohibited in the Local Rules, but is also prohibited by fundamental notions of fair play and substantial justice. As a result, since it is clear that KMK's attachment of Exhibit 2 to Doc. 372 is nothing more than a transparent attempt to bypass the Local Rules and sandbag the Plaintiffs, Exhibit 2 to KMK's Reply Brief (Doc. No. 372) should be stricken pursuant to Rule 12(f).

### 2. KMK Should Not Be Rewarded for Deliberate Non-Compliance With the Local Rules.

KMK did not commit an inadvertent mistake when it attached the deposition excerpts to the Reply Brief. Rather, Footnote 2 to Doc. No. 372 clearly shows that the attachment of the excerpts of the deposition transcripts of the KMK attorneys was a knowing and deliberate strategy on the part of non-party KMK. Non-Party KMK states

---

[1] If this were the case, KMK would simply add to the amended filings with which it has littered the record.

3

that it did not file these deposition transcripts in the past in part because Plaintiffs have "taxed the resources of the Court and wasted the time and expense of parties and non-parties" and that "KMK and its counsel have struggled with how to defend its rights without burdening the Court with opposition memoranda and hundreds of pages of exhibits." (Doc. No. 372, n.2). Surely, KMK jests. KMK has not made one move in this action, including those made on behalf of the multiple camps of mutually antagonistic clients that KMK represents (despite their disqualification), which was not in the best interest of KMK. There is no doubt that KMK would file multiple motions every day, with thousands of exhibits attached to the documents, if it thought that this was in their best interests.[2] As a result, since KMK has admitted that it could have filed these deposition transcript excerpts with its opening motion, there can also be no doubt that Exhibit 2 was specifically withheld for the Reply Brief so that it could sandbag the Plaintiffs and benefit from their inability to respond to this exhibit and the false arguments and statements accompanying it. Such openly improper conduct should not be tolerated by the Court, but rather sanctioned.

    3.    **The Excerpts Submitted By KMK do not Show ANY Misconduct on the Part of Plaintiffs' Counsel.**

KMK took the unethical step of violating Local Rule 7.2(d) despite the fact that there was very little, if anything, to gain from it. The improper submission of Exhibit 2 to Doc. No. 372 makes it appear as if KMK has carefully scoured the record to direct the Court's attention to examples of misconduct which would support their motion for

---

[2] Even if KMK was being truthful in the reason given for failing to earlier properly file these deposition excerpts, which the Plaintiffs completely deny, good intentions do not excuse KMK from adhering to the Local Rules. The Local Rules demand nothing short of compliance.

4

protective order. In addition, KMK states that it is in part providing these deposition transcript excerpts because of Plaintiffs' allegedly false claim that KMK could not cite to a single example of anything that the Plaintiffs' counsel has done wrong. (Doc. No. 372 at n.2). However, even with this improper attachment of Exhibit 2, this is still the case. Indeed, there is not one example of an improper question in the mishmash that KMK has improperly and unethically attached. As a result, it is clear that far from scouring the record, KMK has sloppily attached excerpts which show nothing more than their own misconduct in the form of the speaking objections by KMK attorneys Burke, Fischer, and Gilligan.

In addition, the fact that KMK cannot support these scurrilous allegations is dramatically illustrated by the lack of specificity in the brief itself. KMK has not even bothered to analyze these alleged excerpts of alleged misconduct in its Reply Brief. Knowing that such an exercise would be futile, KMK has only pulled some seemingly random excerpts from the depositions, and has submitted them to the Court with conclusory language that these questions are improper. One example of the ridiculousness of the excerpts cited are the repeated references that KMK includes where one or more of the KMK attorneys has made an improper speaking objection, concluding that the question has been asked and answered multiple times[3]. This pathetic attempt

---

[3] At this late stage of the litigation, the Court should be well aware that just because Mr. Burke says something does not make it true. This applies to objections during a deposition as well as other statements which have been made throughout the course of this litigation. As evidence of this argument, Plaintiffs respectfully direct the Court's attention to Doc. No. 125, which includes many of the false statements that Mr. Burke made to the State Court Judge in opposition to the state court Plaintiff's motion for a preliminary injunction. These false statements have carried over to the new case as well. Indeed, OHSL resigning director Mr. Herron has stated under oath that Mr. Burke called him and deliberately misinformed him of the status of the case. In particular, he falsely

confirms that its heart was not really in this exercise, but that it was just going through the motions in an attempt to create some type of evidentiary support for this baseless motion. However, no matter how pathetic this effort was it does not change the fact that it constitutes misconduct on the part of KMK, and that such misconduct should not be tolerated by this Court.

4. **At a Minimum, Plaintiffs Should be Given a Full and Fair Opportunity to Respond to These Scurrilous Allegations.**

Plaintiffs must be given some recourse in this matter. If not stricken, at the very least the Plaintiffs should be given a full and fair opportunity to respond to the deposition transcript excerpts which were purposely incorporated in the Reply Brief (Doc. No. 372) in violation of Local Rule 7.2(d). In addition, it is not just the deposition transcripts which require response, but the scurrilous allegations made against the Plaintiffs themselves in this Reply Brief in relation to Exhibit 2. The allegations contained in this Reply Brief are so slanted and so at odds with the facts in the case so as to be almost laughable. As a result, in the interest of equity, and in attempting to uphold the fundamental notions of fair play and substantial justice, Plaintiffs must be given some recourse in relation to the unethical filing, and the corresponding defamatory statements and arguments made against the Plaintiffs. Thus, if this Motion to Strike is not granted,

---

stated that all the defendants except Mr. Hanauer had been dismissed. In a follow-up phone call a week or so later, Mr. Burke did nothing to correct his previous mis-statement. Thus, the only logical conclusion that can be reached is that Mr. Burke deliberately made a false statement to this key witness in an attempt to interfere with his testimony and to undermine his commitment to the case. As a result, given these troubling examples, any objections made by Mr. Burke during a deposition should not be taken at face value. This is especially the case when KMK argues that through an improper speaking objection that a question has been asked and answered multiple times, but does not take the time to cite to the other alleged questions which would back up this claim.

the only other comparable remedy would be to permit the Plaintiffs to respond with a sur-reply brief.

### III. CONCLUSION

For the foregoing reasons, Exhibit 2 to Doc. No. 372 must be stricken. Exhibit 2 to Doc. No. 372 is nothing more than a bad faith and transparent attempt by KMK to evade the Local Rules, and sandbag the Plaintiffs. This filing also continues the disturbing pattern of certain defense counsel to knowingly file documents that are almost completely inaccurate and in blatant violation of the Local Rules.[4] As a consequence, Exhibit 2 should be stricken, and KMK and Barrett & Weber should be sanctioned for this entirely inappropriate strategy of deliberately attempting to sandbag Plaintiffs.

In the alternative, should the Court choose not to strike this attachment, Plaintiffs submit that they should be provided with a full and fair opportunity to respond to this scurrilous filing with a sur-reply brief. This would be the only way that the spirit and intent of Local Rule 7.2(d) could be maintained, and the playing field leveled for the Plaintiffs.

---

[4] It was not that long ago that Mr. Fischer was caught violating the Local Rules by submitting false letters to the Court whose sole purpose was to unfairly malign Plaintiffs' counsel. Although in a different form, KMK and Barrett & Weber have attempted to do the same thing by attaching Exhibit 2 to Doc. No. 372, knowing that Plaintiffs are not able to respond to this latest scurrilous filing and attachment as of right.

7

DATED: 26 August 2004				Respectfully Submitted,


						/s/ Michael Brautigam
						Gene Mesh (OH Bar # 0002076)
						Michael G. Brautigam
						GENE MESH & ASSOCIATES
						2605 Burnet Avenue
						Cincinnati, Ohio 45219-2502
						(513) 221-8800
						(513) 221-1097  (fax)

						*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2004, I electronically filed the foregoing Plaintiffs' Motion to Strike Exhibit 2 to Doc. No. 372 with the Clerk of Court using the CM/ECF system which will send notification of such filing to registered counsel electronically.


James E. Burke
Rachel A. Rowe
Keating Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202


John W. Hust
Michael E. Maundrell
Schroeder Maundrell Barbiere & Powers
Governor's Knoll, Suite 110
11935 Mason Road
Cincinnati, Ohio 45249


David C. Greer
James H. Greer
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908


Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202-4015

/s/ Stephanie A. Hite