UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER W. THIEMANN, *et al.*, | ) Case No. C-1-00-793 |
| | ) |
| Plaintiffs, | ) (Judge Sandra S. Beckwith) |
| | ) (Magistrate Judge Timothy S. Hogan) |
| -v- | ) |
| | ) |
| OHSL FINANCIAL CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PROVIDENT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 18, 2004 ORDER**

On July 28, 2004, pursuant to paragraph 5 of the October 1, 2001 Stipulated Protective Order (Doc. 51), Defendant Provident Financial Group, Inc. ("Provident") moved the Court for an Order declaring proper Provident's designation of its Pricewaterhouse Coopers Report ("PWC Report") as "Confidential" and maintaining the confidentiality of the Report. (Doc. 360) Plaintiffs moved to strike that motion, or in the alternative, opposed it. (Doc. 366) On August 18, 2004, Magistrate Judge Hogan granted Provident's motion and ordered that the PWC Report "be maintained as 'Confidential' in strict accordance with the terms of the" Stipulated Protective Order. (Doc. 369) On August 26, 2004, Plaintiffs filed objections to Magistrate Judge Hogan's August 18, 2004 Order. (Doc. 376)

This Court should only overturn Magistrate Judge Hogan's discovery order if it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). As even Plaintiffs concede in their objections, this is a "heavy burden" because "magistrates are afforded broad discretion in resolving discovery disputes." (Doc. 376 at 3-4, quoting *Universal Acupuncture Pain Serv., P.C. v. State Farm Mutual Auto Ins. Co.*, 2002 U.S. Dist. LEXIS 19555 at 2)

Magistrate Judge Hogan did not abuse his discretion in holding that Provident could properly designate the PWC Report as "Confidential." The PWC Report is the result of a confidential internal investigation into the Restatements conducted by Pricewaterhouse Coopers at the request of Provident's Audit Committee's counsel. The Audit Committee hired Pricewaterhouse Coopers to satisfy itself that, after the Restatements, no further action was required.

Under the terms of the Stipulated Protective Order, "confidential information" is defined as "any information . . . which a party, in good faith, regards as confidential." (Doc. 51 at ¶ 2) The definition includes "all documents which are regularly labeled or treated as 'Confidential' when distributed internally or to third parties, . . . [and] non-public financial and business and operational information." (*Id.*) The PWC Report certainly falls within this definition. Provident did not distribute any copies of the Report to the public, and has, at all times, treated the Report as confidential. When the Securities and Exchange Commission ("SEC") demanded that Provident provide it with a copy of the PWC Reoprt, Provident complied, but specifically marked the Report "FOIA CONFIDENTIAL TREATMENT REQUESTED BY PROVIDENT FINANCIAL GROUP, INC." The Report, an investigation into the cause of the Restatements, certainly falls within the category of "non-public financial and business and operational information."

In addition to being protected by the express terms of the Protective Order, the Report, because it is a self-investigative report made in anticipation of litigation, is also afforded protected status by courts. Courts across the country have acknowledged that companies should be encouraged to engage in self-critical investigations. *See, e.g., Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249, 250 (D.D.C. 1970) (value of self-critical analysis "would be destroyed" if it

"were to be opened to the discovery process"); *In re LTV Securities Litigation*, 89 F.R.D. 595, 619 (N.D. Tex. 1981) ("it is likely that corporations will be less willing to engage in this sort of self-investigation if the results of such an investigation can be discovered in parallel civil litigation"). *See generally* Note, *The Privilege of Self-Critical Analysis*, 96 Harv. L. Rev. 1083 (1983). If companies feared that the product of these self-investigations would become public, they would be dissuaded from conducting them.

The issue before the Court is procedurally odd because Provident is not seeking to use the confidential status of the PWC Report to withhold it from Plaintiffs. Plaintiffs are free to use the Report however they may wish in this litigation. The only thing that Provident has asked is that the PWC Report remain confidential. Although Plaintiffs claim that "[t]he confidentiality of the PWC Report is one of the most important . . . issues in this case" (Doc. 376 at 8), Plaintiffs cannot articulate any reason why maintaining the confidentiality of this document would prejudice them.

Because under the terms of the Protective Order, the PWC Report is confidential, Magistrate Judge Hogan did not abuse his discretion when he granted Provident's motion. Provident, therefore, respectfully requests that the Court overrule Plaintiffs' objections.[1]

---

[1] Plaintiffs also argued that Provident's motion should have been stricken because Provident's counsel did not, in accordance with Local Rule 37.2, submit an affidavit certifying that he "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (Doc. 366 at 1-2, 6) By its terms, Local Rule 37.2 applies to motions for protective orders. Provident's motion was not a motion for a protective order. There is already a Protective Order in this case. (Doc. 51) Provident's motion was a motion to maintain confidentiality, which was expressly authorized by Paragraph 5 of the Protective Order. (*See* Doc. 51, ¶ 5) Paragraph 5 of the Protective Order does not require that a motion to maintain confidentiality be accompanied by an affidavit. Not only is an affidavit not required, it is not needed. As the Court can see from the correspondence attached to Provident's motion (Doc. 360 at Exs. 2-4), the parties attempted to resolve this dispute outside of Court. Those letters, plus Plaintiffs' 15-page motion to strike and opposition (Doc. 366), make it clear that this dispute could not have been resolved extrajudicially.

          Respectfully submitted,

/s/ James H. Greer
David C. Greer
James H. Greer
BEISER, GREER AND LANDIS, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6333
Email: dcg@bgllaw.com; jhg@bgllaw.com
Attorneys for OHSL and Provident Defendants

OF COUNSEL:

James E. Burke
Rachael A. Rowe
KEATING, MUETHING & KLEKAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PROVIDENT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 18, 2004 ORDER** was served upon the following, via electronic filing, this 31st day of August, 2004.

Michael G. Brautigam
Gene I. Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

*Attorneys for Plaintiffs*

John W. Hust
Michael E. Maundrell
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

*Attorneys for Dinsmore Defendants*

James E. Gauch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

*Attorney for Defendant Ernst & Young*

Michael R. Barrett
Thomas W. Breidenstein
Barrett & Weber
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202-4015

*Attorneys for KMK Defendants*

/s/ James H. Greer
_____
James H. Greer

1327420.1