UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO PROVIDENT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S ORDER (DOC. NO 369)**

Plaintiffs respectfully submit this reply brief in response to Provident's Response to Plaintiffs' Objection to Magistrate Judge Hogan's Order (Doc. No. 381) and in further support of Plaintiffs' Objection to said Order. (Doc. No. 369). This Reply objection is supported by the attached Memorandum in Support.

Dated: 2 September 2004              **GENE MESH & ASSOCIATES**


Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

1

**MEMORANDUM IN SUPPORT OF REPLY**

The minimalist response by Provident is another example of the OHSL and Provident Defendants providing a less than comprehensive response to a filing by the Plaintiffs. Defendant Provident does little more than regurgitate the standard for an objection to a Magistrate's Decision as set forth in Plaintiffs' original objection, and re-state the decision of the Magistrate. (Doc. No. 369). However, on the other hand, it is easy to understand why Defendant Provident does insert its own independent thought or analysis more often since its analysis is obviously flawed in those few instances where it does so. Defendant Provident has not even come close to meeting its heavy burden of maintaining exceptional treatment of the PwC Report, exceptional treatment that will allow Provident to continue to perpetrate a fraud on the investing public.

First, Defendant Provident argues that "[c]ourts across this country have acknowledged that companies should be permitted to engage in self-critical investigations." (Doc. No. 381, p. 2). However, Defendant Provident does not cite to any case law which is factually applicable to this case. Rather, Defendant Provident cites to case which have unique facts which cannot be generally applied to other factual situations. First, Defendant Provident cites to *Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249 (D.C. District Columbia 1970). This case is completely factually inapplicable because it deals with the issue of whether or not staff meetings for physicians should be confidential. Id. at 250-251. The Joint Commissions on Accreditation of Hospitals has set forth specific recommendations and procedures to improve hospital and medical standards through the use of committee review proceedings. Id. This committee work is performed with the understanding that all communications originating therein are to be

confidential, and this court recognized that "[t]here is an overwhelming public interest in having those staff meetings held on a confidential basis so that the flow of ideas and advice can continue unimpeded." Id. at 251. Thus, although there is an issue of confidentiality in this case, the reasons for this confidentiality cannot be compared to the request for confidentiality in relation to the PricewaterhouseCoopers Report (hereinafter "PwC Report").

The same is true for the court's language in *In re LTV Securities Litigation*, 89 F.R.D. 595 (N.D. TX 1981). Once again, although there is the issue of confidentiality in this case, it provides a particularized factual situation. This case deals with self-investigation from a legal perspective, and not one from an accounting perspective. In particular, it deals with the specific role of "special officers" who conducted the investigation. The court described special officers as follows:

> The Special Officer's function is a hybrid of two roles, those of government investigator and privately retained counsel. Each of the Special Officer's conceptual parents, when serving his "client" alone, works within a certain sphere of confidentiality. More accurately, the "clients" of lawyers serving in each of these two roles enjoy some privilege against compelled disclosure at the behest of third parties. But, because the Special Officer does not fit neatly within the limits of either conventional role, the privilege which the Special Officer may assert is not contiguous with that afforded either "client" alone. Rather, the sphere of confidentiality which the Special Officer might expect to enjoy is a synthesis of the privileges available to his "clients" were he serving in the roles of government investigator or private investigatory counsel.

Id. at 615. Although the court found that said work, and documents uncovered, should be privileged and treated as confidential, the rationale for such a conclusion cannot be applied to the facts of this case. PricewaterhouseCoopers is not a special officer, nor anything remotely comparable to a special officer. PricewaterhouseCoopers is not akin to an attorney, but is rather an accounting firm which performs audits. As a result,

3

although the issue of confidentiality is again involved, *In re LTV Securities Litigation* is factually inapplicable to the present action. In sum, Defendant Provident has presented no relevant case law to support its argument that the PwC Report should remain confidential.

Second, the Plaintiffs have presented an affirmative reason for why the PwC Report should not remain confidential, but instead characterize the issue as "procedurally odd," Response (Doc. No. 381 at 3) because Provident has produced the report[1]. Very simply, Defendant Provident has not met its burden of proving that the PwC Report should be confidential. Although Defendant Provident was given the perfect opportunity to clear this issue up in its Response (Doc. No. 381), Defendant Provident chose not to do so. Rather, Defendant Provident chose to rely solely upon this Court's Order (Doc. No. 369) which also completely ignores this issue.

In addition, Plaintiffs argue that there is no reason for the PwC Report to remain confidential since Defendant PFGI no longer exists, and cannot be competitively harmed or otherwise disadvantaged by the PwC Report not being deemed confidential. Defendant Provident again does not dispute this argument in its Response.

Finally, Plaintiffs submit that the PwC Report should not be made public since its continued confidentiality will only enable a fraud to continue to be permitted. Defendant Provident has repeatedly stated that the massive errors were first discovered in February

---

[1] Provident gives itself far too much credit for producing the report. What Provident does not state is that it has improperly withheld the PwC Report for more than a year, and produced it only when faced with the filing of an imminent motion to compel. Provident also does not mention that it has produced the report in such a way as to dramatically control the damage, because Plaintiffs are effectively precluded from asking any questions of Provident Director Defendants on its contents. So much for Provident's good faith.

4

2003, and that said errors were dealt with promptly and expeditiously.  The PwC Report shows that Defendant Provident knew of these errors several years earlier.  As a result, this Court is not just dealing with the issue of self-investigation, but the issue of fraud.  Defendant Provident has affirmatively been making statements to the public that it knows to be false.  Provident does not want to be protected; it wants a license to continue the fraud.  Provident wants to be able to use the existence of the PwC Report—but not the contents of the report--as a sword and not a shield.  Provident wants to be able to continue to make materially false and misleading statements that are directly contradicted by the contents of the PwC Report.

Similarly, Defendant Provident has been acting equally in bad faith in relation to the discovery process.  Defendant Provident has made the strategic decision to fail to produce the PwC Report until more than a year after it was requested, and to produce it at a time when the majority of the Provident Defendant depositions were substantially complete.  It is clearly contrary to law for counsel to improperly withhold a critical document for more than a year, instruct clients not to answer questions based on the fact that this report is covered by the work produce doctrine, and then change course, and produce the report after the depositions are substantially complete and the report's value is limited.  Although a party should not be punished for discovery violations by being forced to produce a document which otherwise should be confidential, this is not what the Plaintiffs are requesting in this case.  Rather, the Plaintiffs are saying that since Defendant Provident has not met its burden as to why the PwC Report should be designated confidential, Defendant Provident's improper conduct during discovery

should not cause this Court to provide Defendant Provident with any special favors in this regard.

Finally, as an afterthought, in an attempt to minimalize the issue, Defendant Provident argues that it did not improperly fail to provide a sworn statement in relation to its Motion to Retain Confidentiality of the PwC Report. (Doc. No. 360). Defendant Provident places this argument in a footnote rather than directly in the text because it obviously does not want too much attention to be placed upon this weak argument. In essence, Defendant Provident is arguing that it did not file a motion for protective order which would require a sworn statement pursuant to Local Rule 37.2, but rather only a motion to retain confidentiality. (Doc. No. 381, p. 3). Defendant Provident knows that this is a disingenuous argument since the confidentiality of the PwC Report has never been established. A Stipulated Protective Order (Doc. No. 51) is in place, but the designation of the PwC Report as confidential is determined by this Court, and not the Stipulated Protective Order. (Doc. No. 51). Thus, Defendant Provident's Motion for Order to Maintain Confidentiality and Declaring Proper Designation of PricewaterhouseCoopers Report as Confidential Pursuant to 10/1/01 Stipulated Protective Order (Doc. No. 360) is in essence a motion for protective order in relation to the PwC Report. As a result, an affidavit is necessary pursuant to Local Rule 37.2.[2]

---

[2] Paragraph 5 of the Stipulated Protective Order (Doc. No. 381) does not change this result, as it does not speak to the issue of an affidavit. But there is nothing in the SPO (Doc. No. 51) that trumps the Local Rules, and the Local Rules require an affidavit. However, after discussing the Stipulated Protective Order, Defendant Provident next states in effect that this is a non-issue since Defendant Provident has already communicated with Plaintiffs' counsel and that the issue could not have been resolved extrajudicially. This is not the point. Local Rule 37.2 is clear that this information is to be set forth in an affidavit, and that this is not open to discussion or interpretation. It is

Thus, for the foregoing reasons, and because this Order is clearly erroneous and contrary to law, Plaintiffs respectfully request that this Order be overturned. Plaintiffs respectfully request that the District Court find that the PwC Report should not be declared confidential in accord with the terms of the Stipulated Protective Order (Doc. No. 51).

DATED: 2 September 2004         Respectfully Submitted,


/s/Michael G. Brautigam

_____
Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (fax)

*Attorneys for Plaintiffs and the Putative Class*

---

not for Defendant Provident to change the rules as it goes along, or to independently decide when it is not necessary for it to comply with the Local Rules.

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply to Defendant Provident's Response to Plaintiffs' Objection to Magistrate Judge Hogan's Order (Doc. No. 369) was served this 2nd day of September 2004 as per the ECM system:

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

David Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

                                                     /s/Stephanie A Hite
                                                     Stephanie A. Hite