# BARRETT & WEBER
## A LEGAL PROFESSIONAL ASSOCIATION

C. FRANCIS BARRETT
H. PATRICK WEBER
MICHAEL R. BARRETT
M. MICHELE FLEMING
JANET L. BELL
THOMAS W. BREIDENSTEIN
KENNETH J. ELING
KARRI K. HAFFNER
STEPHANIE K. BOWMAN

500 FOURTH & WALNUT CENTRE
105 EAST FOURTH STREET
CINCINNATI, OHIO 45202-4015

TELEPHONE (513) 721-2120
FACSIMILE (513) 721-2139

June 24, 2004

Michael G. Brautigam, Esq.
Gene Irving Mesh, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

via fax at (513) 221-1097 and U.S. Mail

Re: Thiemann v. OHSL Financial Corp., et al.; Case No. C-1-00-793

Mike:

Enclosed are the "Responses and Objections of Keating, Muething & Klekamp," which are served pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure.

Sincerely,

BARRETT & WEBER

Thomas W. Breidenstein

Enclosure
cc: Michael R. Barrett, Esq.
    Patrick F. Fischer, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WALTER W. THIEMANN, | ) Case No. C-1-00-793 |
| Plaintiff, | ) (Judge Sandra S. Beckwith) |
|  | ) (Magistrate Judge Timothy S. Hogan) |
| -v- | ) |
|  | ) RESPONSES AND OBJECTIONS OF |
| OHSL FINANCIAL CORP., et al., | ) KEATING, MUETHING & KLEKAMP |
|  | ) TO SUBPOENA |
| Defendants. | ) |

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, non-party Keating, Muething and Klekamp ("KMK") hereby objects and responds to the subpoena issued by Plaintiffs on June 10, 2004, a copy of which is attached hereto as Exhibit 1.

### OBJECTIONS TO SUBPOENA

KMK's objections to the subpoena are as follows:

1. KMK objects to the subpoena in its entirety on grounds that it is moot as KMK is no longer a party to this action. In its June 4, 2004, Order, the Court dismissed KMK as a defendant in this matter. Despite the Court's holding that Plaintiffs' claims are barred and preempted against KMK, Plaintiffs continue their attempt to harass KMK with improper, overbroad, and overreaching discovery requests. For example, in Document Request Number 24 Plaintiffs request, "All insurance policies held by KMK that would potentially cover securities fraud and/or legal malpractice claims against KMK." This request is inappropriate for various reasons, the most glaring of which is the fact that KMK is no longer a defendant in this matter. Another such example of outright harassment can be found in Document Request Number 22 in

which Plaintiffs request, "All documents provided by the KMK firm to any member of the Lindner family." Presumably this request applies to any matter whatsoever and is included, not to obtain useful information pertinent to the present case, but to harass KMK and its clients.

2.  KMK objects to the subpoena in its entirety on the grounds that, even if KMK is viewed as a third party now that it has been dismissed as a defendant, the subpoena is inappropriate in that all discovery has been stayed in this matter pursuant to the PSLRA which mandates that *"all discovery… shall* be stayed during the pendency of *any* motion to dismiss…." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Thus, because it is entirely clear that discovery is stayed in this matter, as per the Court's several rulings and the clear language of the PSLRA, KMK does not deem it necessary to provide specific objections to Plaintiffs' requests. Rather the following general objections cover the entirety of Plaintiffs' requests and, if, at some time, the Court deems it appropriate to lift the present stay, then, at that time, KMK would entertain a renewed subpoena.

3.  KMK objects to the subpoena in its entirety on the grounds that it is overbroad, unduly burdensome, duplicative and expensive. Such requests violate Rule 26(b)(2)(i) and Rule 45(c)(1) and (3)(A)(iv) of the Federal Rules of Civil Procedure. For example, in Document Request Number 23, Plaintiffs request, "All documents and correspondence to the SEC and/or any other state or Federal regulatory agency such as the FDIC."

4.  KMK objects to the subpoena in its entirety in that it is vague and ambiguous. For example, in Document Request Number 20, Plaintiffs request, "All documents referred to in the press release, attached as Ex. B." KMK asserts that there is no such Exhibit B and that it is impossible to comprehend what documents Plaintiffs are requesting.

5. KMK objects to the subpoena on the ground that it is unreasonably cumulative and duplicative and the information sought is obtainable from other sources which are more convenient, less burdensome and less expensive. The requests, therefore, violate Rule 26(b)(2) and Rule 45(c)(1) of the Federal Rules of Civil Procedure, which require that discovery not be unreasonably cumulative or duplicative and require parties to take reasonable steps to avoid imposing undue burden or expense on persons subject to subpoena, especially where the information is available from other sources that are more convenient, less burdensome and less expensive.

6. KMK objects to the subpoena on the ground that it seeks information irrelevant to the subject matter involved in the litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

7. KMK objects to the production of documents which are subject to the attorney-client privilege and/or the work product privilege. For example, Document Requests 17-19 pertain to clearly protected documents that represent the work product of KMK personnel. Specifically, Document Request Number 19 requests, "All documents reflecting KMK's representation of its clients, including any documents that discuss conflict of interest." This request is just one example of the many overbroad and overreaching requests made by Plaintiffs as to clearly privileged documents.

8. KMK objects to the subpoena as unreasonable because it will cause KMK to incur substantial costs, including reasonable charges for clerical and professional time. The substantial costs associated with the present subpoena are even more unreasonable given the fact that KMK has been dismissed from this case.

3

9.  KMK objects to the subpoena to the extent that it has already provided non-privileged, relevant documents and a privilege log and these requests are duplicative of requests already made.