UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO THE PROVIDENT AND OHSL DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 5, 2004 ORDER (Doc. No. 371).**

Plaintiffs respectfully reply to the Provident and OHSL Defendants Response to Plaintiffs' Objection to Magistrate Judge Hogan's August 5, 2004 Order (Doc. No. 371) and submit the attached Memorandum in support thereof.

Dated: 3 September 2004

GENE MESH & ASSOCIATES

Respectfully Submitted,

/s/ Michael Brautigam_____
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

1

**MEMORANDUM IN RESPONSE TO THE PROVIDENT AND OHSL DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE HOGAN'S AUGUST 5, 2004 ORDER (Doc. No. 371).**

I.   **INTRODUCTION**

Once again the OHSL and Provident Defendants make a half-hearted response to a filing by the Plaintiffs. The OHSL and Provident Defendants ignore those arguments for which they apparently have no retort, and minimally respond to the rest by parroting the minimal analysis provided by Magistrate Judge Hogan in his order. (Doc. No. 371).[1] As a result, although the Plaintiffs have a large burden in meeting the burden necessary to show that Magistrate Judge Hogan's Order (Doc. No. 363) is contrary to the law, the OHSL and Provident Defendants have certainly helped their cause by failing to effectively counter any of the Plaintiffs' arguments. The Court should be left with the firm impression that a mistake has been committed in this Order.

---

[1]   The OHSL and Provident Defendants largely do not offer any independent analysis which counters the Plaintiffs arguments regarding the relevancy and complexity of the PricewaterhouseCoopers Report (hereinafter "PwC Report"), or that there are several other Provident Defendants whom the Plaintiffs should be permitted to depose based upon their knowledge of the contents of the PwC Report. Not surprisingly, the OHSL and Provident Defendants also do not counter the Plaintiffs' arguments that the conduct of the Provident Defendants during their depositions warrants additional time for the depositions, or that this Order effectively rewards the OHSL and Provident Defendants for having withheld the PwC Report until discovery had nearly been completed. Finally, there is no comment regarding Plaintiffs' argument that Magistrate Judge Hogan made unnecessary and inaccurate gratuitous comments about Plaintiffs' counsel's valid request for an update regarding the status of the OHSL Defendants' health, whom he confused with the PFGI directors. (*See*, Doc. No. 363 at p. 2).

**II.     The Plaintiffs Should be Provided a Full and Fair Opportunity to Depose the Provident Directors and Officers Regarding the PricewaterhouseCoopers Report.**

**A.     The Efficiency of Plaintiffs' Counsel's Questioning Should Not Preclude the Plaintiffs from Additional Time to Depose the Provident Defendants.**

The OHSL and Provident Defendants first imply that Magistrate Judge Hogan properly limited the depositions based upon his "first-hand observations of Plaintiffs' counsel's inefficient deposition techniques." [2] (Doc. No. 371, p.1). Although the OHSL and Provident Defendants clearly made this comment in reference to Magistrate Judge Hogan's comments in the July 9, 2004 Order (Doc. No. 349) regarding Plaintiffs' request for more time to generally depose all of the Provident Director Defendants, the OHSL and Provident Defendants have applied this comment to the Plaintiffs' present request for additional time to specifically depose the Provident Defendants regarding the PwC Report. This analysis is problematic for three main reasons.

First, although the OHSL and Provident Defendants know that Magistrate Judge Hogan's memory regarding Defendant Brinker's deposition has been faulty, they still

---

[2] Magistrate Judge Hogan never even specifically stated that Plaintiffs' counsel was inefficient when taking depositions. In particular, Magistrate Judge Hogan stated as follows:

> "While Plaintiff considers this case to be complex, the Court does not and bases its decision on the efficiency with which counsel for Plaintiff conducted the Brinker deposition, which was taken in the presence of the Court."

(Doc. No. 349, p. 3). This statement is certainly open to multiple interpretations.

3

have no problem using this fact to their advantage.[3]  Second, this deposition should never be used as a model to judge the effectiveness of Plaintiffs' counsel's deposition skills since this was clearly a unique case.  Defendant Brinker is an elderly man with significant mental and physical infirmities.  Defendant Brinker did not have an understanding of who had been representing him in this case, let alone the basic facts of the litigation itself.  As a result, it was exceedingly difficult for Plaintiffs' counsel to question him, something Magistrate Judge Hogan explicitly recognized.  (*See*, Footnote 3 below). Mr. Brinker's deposition should not be considered a template for how Plaintiffs' counsel conducts all of his depositions.  Third, the situations at issue in these two orders are very different.  This is not a general request for more time to depose the Provident Defendants, but a specific request for more time to depose the Provident Defendants regarding a complex document in a case which involves complex litigation.  As a result, it is the complexity of the PwC Report, and not the efficiency of Plaintiffs' counsel, which should be contemplated by

---

[3]  For instance, Magistrate Judge Hogan stated that he had observed the second deposition of Mr. Brinker, and after having reviewed Mr. Brinker's pervious 800 page deposition, and that it was "apparent to the Court that the latter deposition elicited nothing further than what was previously elicited during Mr. Brinker's first deposition." (3/5/04 Order (Doc. No. 295).  This is easily discounted as simply factually incorrect when the deposition is reviewed and its is seen that Plaintiffs' counsel questioned Mr. Brinker on many subjects which he could not possibly have questioned Mr. Brinker about in 2000, including the 2003 Restatements, Walter Thiemann being named as lead plaintiff, and the disqualification of KMK.  Nevertheless, this does not stop the OHSL and Provident Defendants from trying to make Magistrate Judge Hogan's incorrect observations of Defendant Brinker's deposition a reason to affirm Magistrate Judge Hogan's decision regarding the time limit of the depositions.  Magistrate Judge Hogan has also recognized that Mr. Brinker was a particularly problematic deponent, when he stated at the 30 June 2004 Status Conference "I—I think he [Brinker] was having trouble making the connection between the question and the answer." (*See*, 30 June Status Conference, at 32, attached as Exhibit "E" to Doc. No. 383).  This, if anything, is a dramatic understatement.

Magistrate Judge Hogan when making the decision regarding the need for extra time to depose the Provident Defendants regarding the PwC Report.

      **B.**    **The Provident Director Defendants are the Proper Parties to Depose Regarding the PwC Report.**

The OHSL and Provident Defendants next incorrectly argue that additional time is not required to depose the Provident Defendants regarding the PwC Report since they did not prepare it. This argument could not be more wrong. The Plaintiffs are not seeking questions about the manner in which the PwC Report was prepared, but rather about the content of the PwC Report. The Report deals with tens of thousands of auto leases that go back to 1994. These leases were not made by PricewaterhouseCoopers (hereinafter "PwC"), but by Defendant Provident. PwC did not participate in any of the acts which it reviewed, but rather only the Provident Defendants and Ernst & Young did so. Consequently, the Plaintiffs are not going to be asking the Provident Defendants about how PwC reached its conclusions, but rather about facts which were first revealed to Plaintiffs through the PwC Report, about their opinions of PwC's conclusions, and about how PwC's opinions compare to their own opinions regarding these issues. The PwC Report provides an outline for a deposition of the PFGI directors and other Provident personnel who were involved in the massive 2003 Restatements, and it will certainly take more than two hours to conduct a full and fair examination of any deponent on the PwC Report. The Provident Director Defendants would be uniquely able to answer questions regarding the content of the PwC Report, and there is no valid reason why Plaintiffs should be denied the time needed to adequately do so.

      In addition, although it is true that the Provident Defendants have already been questioned about their knowledge of the 2003 Restatements, Plaintiffs' counsel did not

have the benefit of having the PwC Report when he deposed the Provident Defendants.[4] This is significant because Defendant Provident has repeatedly stated that the massive errors were first discovered in February 2003, and that said error was dealt with promptly and expeditiously. The PwC Report shows that Defendant Provident knew of these errors several years earlier, and that Defendant Provident has been knowingly making these false statements to the public. Thus, since the Provident Defendants have been able to unethically and improperly evade questioning regarding this PwC Report by wrongfully withholding it during the discovery process, equity demands that this Court provide Plaintiffs' counsel with the opportunity to re-question the Provident Defendants regarding these statements, and others, which have been contradicted by the PwC Report.

      **C.**    **The Complexity of the PwC Report, and the Circumstances Surrounding the Manner in which the PwC Report was Produced, Require that Plaintiffs be Given a Full and Fair Opportunity to Depose Appropriate Witnesses on the PwC Report.**

The OHSL and Provident Defendants also improperly imply that all depositions are not to exceed one day of seven hours. (Doc. No. 371 at p.3). Although this is true as a general rule, it is not true that this is always the appropriate amount of time. As Plaintiffs have adequately briefed in the Plaintiffs' Objection to Magistrate Judge Hogan's August 5, 2004 Order (Doc. No. 368), seven hours is not an appropriate amount of time when complex litigation is involved, and this case constitutes complex litigation. Also, as Plaintiffs have discussed, nearly all persons who are involved in this litigation,

---

[4] As Plaintiffs have argued in other filings, this was not by accident but by design. The OHSL and Provident Defendants made the calculated decision that they would rather withhold the PwC Report until the end of discovery and take their chances with this Court, than to timely provide a copy of the PwC Report to Plaintiffs and take the chance that the Provident Defendants would provide damaging testimony in response to in depth questioning regarding the PwC Report and the 2003 Restatements.

other than Magistrate Judge Hogan, believe that this is complex litigation. In fact, even Magistrate Judge Hogan conceded that that PwC Report was complex, but implied that he did not see how this carried over to a need for additional time for the Provident Director Defendant depositions. (Doc. No. 363, p.1). However, although Provident Defendants have made statements regarding the complexity of the issues in this case in the past, the OHSL and Provident Defendants are conspicuously silent on this issue in their Memorandum in Opposition. (Doc. No. 371). The OHSL and Provident Defendants not only fail to acknowledge or discuss the complexity of the issues in this case in regard to these depositions, but they fail to acknowledge that depositions can and should be extended when the case involves complex issues[5]. This is why Magistrate Judge Hogan's bizarre *sua sponte* conclusion that this is not complex litigation must be overturned, because it obviously is the lens through which he sees the entire case. Obviously his discovery decisions have been influenced by his erroneous view that this is not a complex case[6].

In addition, even if additional time was not necessary based upon the complexity of the PwC Report, which Plaintiffs specifically deny, it is certainly warranted based

---

[5] It is interesting to note that neither the OHSL and Provident Defendants, nor any of the Defendants, have ever taken the position that this is not complex litigation. It is likely that all Defendants were as surprised by Magistrate Judge Hogan's comments as Plaintiffs were, but are unwilling to say anything about it at this juncture since they obviously benefit from it.

[6] Magistrate Judge Hogan's conclusion is even more bizarre when considered in light of the testimony in this case. Witness after Provident witness has testified that the massive 2003 Restatements involve issues of enormous complexity, and Provident has used the complexity of the issues as a defense in this case and also the other shareholder litigation where the complexity of Restatement related issues was explicitly recognized. Magistrate Judge Hogan, apparently, is the only person who holds the view that this is not complex litigation.

upon the conduct of the Provident Defendants in this case. Defendant Provident wrongfully withheld the PwC Report until discovery was effectively complete. Defendant Provident knew all along that it had the PwC Report, and not only refused to produce it to Plaintiffs in a timely manner with the other discovery documents, but also refused to permit the Provident Defendants to answer questions about it during their depositions. As a result, the Plaintiffs were not given the opportunity to depose any of the Provident Defendants regarding the PwC Report during their initial depositions. Given this situation, the Plaintiffs should not be limited to the normal time constraints in relation their questioning regarding the PwC Report.[7] Equity demands that the Plaintiffs be given a full and fair opportunity to conduct their examination to ensure that Plaintiffs are not twice denied their right to question the Provident Defendant regarding the contents of the PwC Report. If the Provident Defendants are able to avoid this questioning, and/or they are only subjected to a limited amount of questioning, then their improper and unethical behavior in withholding the PwC Report will be rewarded, and this will set a dangerous precedent in relation to discovery matters in this case. Denial of any additional time to depose the PFGI Director Defendants on the PwC Report is simply wrong and inconsistent with fundamental notions of fair play and substantial justice.

---

[7] This is also necessary based upon the previous conduct of the Provident Defendants during their depositions. The Provident Defendants refuse to answer questions, stall in answering questions, and generally obstruct the deposition process. The Provident Defendants' attorneys likewise contribute to this process through unnecessary and unwarranted objections and speaking objections. If the Provident Defendants know that there is a limited time period in which their deposition must take place, they will participate in this behavior in order to effectively "run out the clock." If no artificial time limit is imposed (and any time limit would be artificial), the Provident Defendants will be less likely to do so since they know that they will have stay and answer questions until all have been completed.

**III.     The Plaintiffs Should be Permitted to Depose All of the Provident Defendants Regarding the PwC Report.**

Finally, it is not sufficient that Magistrate Judge Hogan has granted the Plaintiffs the authority to only depose Defendant Carey for a mere 2 hours regarding the PwC Report. The OHSL and Provident Defendants all but ignore this argument. Although the OHSL and Provident Defendants parrot the words of Magistrate Judge Hogan, they offer no additional arguments or analysis as to why it was a proper decision for Magistrate Judge Hogan to limit the Plaintiffs' ability to question the Provident Defendants regarding the PwC Report to only Defendant Carey. Although he would be an obvious and appropriate choice for the Plaintiffs to depose since he is the former Executive Vice President and Chief Financial Officer, as explained in greater detail in Plaintiffs' Objection (Doc. No. 368), he is by no means the only party who has knowledge the 2003 Restatements and the content of the PwC Report, or the only party who should be questioned about it. Even Magistrate Judge Hogan conceded as much when he stated that the other Provident Defendants "could not have the depth of knowledge possessed by Mr. Carey." (Doc. No. 363, p. 1). As a result, this statement infers that the other Provident Defendants do have knowledge of the PwC Report, but perhaps just not as much. Magistrate Judge Hogan's Order, in one fell swoop, has attempted to completely rewrite the role of the Board of Directors of a publicly traded company. Without even having the issue before him, Magistrate Judge Hogan's *sua sponte* comments are perhaps unprecedented in scope, since he, in effect, gives the PFGI Director Defendants a pass when it comes to any accounting knowledge with respect to issues raised in the PwC Report. Yet all of the massive fraud occurred on their watch. There is no legal or factual

precedent to completely excuse the directors of a public company, including the audit committee, from any knowledge of accounting issues that occurred during their tenure.

Furthermore, the federal rules to not state that degrees of knowledge are to be used as a criterion for determining who should be deposed, or that counsel should be limited to deposing only the most knowledgeable person on any particular topic. As a result, there is completely no reason or legal authority for why the Plaintiffs should be limited to deposing only Defendant Carey regarding the PwC Report, and why this examination should be artificially and improperly limited to two hours.

## IV.    CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Objection to Magistrate Judge Hogan's August 5, 2004 Order (Doc. No. 368) be granted. Although the OHSL and Provident Defendants argue that Magistrate Judge Hogan's decision was not only not contrary to law, but generous in that it provided any additional time at all for Plaintiffs to depose Defendant Carey, the OHSL and Provident Defendants' argument is not convincing. They offer little additional analysis in support of Magistrate Judge Hogan's decision, and ignore several of the arguments raised by the Plaintiffs in opposition to it. The OHSL and Provident Defendants know that this decision has enabled them to figuratively "dodge a bullet." If this stands, the OHSL and Provident Defendants will have been able to wrongfully withhold the most important document regarding the 2003 Restatements during most of the discovery period, and then largely escape all but two hours of questioning with a single individual,

and not one question on the PwC Report with a PFGI Director Defendant[8]. This conduct should not be rewarded, and the August 5, 2004 Order does exactly that. A mistake has been committed, and Plaintiffs respectfully request that the Court correct this mistake by overturning this clearly erroneous Order.

DATED: 3 September 2004                Respectfully Submitted,

/s/ Michael G. Brautigam
Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097  (fax)

*Attorneys for Plaintiffs and the Putative Class*

---

[8] At the depositions that have been previously held, PFGI Director Defendants were instructed not to answer questions on the PwC Report on the basis of privilege. Now that the PwC Report has been produced and Provident has abandoned this empty claim of privilege, it is entirely appropriate for Plaintiffs to question these key witnesses on the content of the PwC Report. Any other result rewards Provident for its blatant misconduct in not only improperly withholding the PwC Report, but in improperly instructing the Provident Director Defendants not to answer questions based on the PwC Report. Since the claim of privilege has been abandoned, the instructions not to answer based on privilege were obviously improper, and the Plaintiffs should be given a *de novo* opportunity to question the Provident Director Defendants based on the content of the PwC Report.

11

**CERTIFICATE OF SERVICE**

   This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply to the Provident and OHSL Defendants' Response to Plaintiffs' Objection to Magistrate Judge Hogan's August 5, 2004 Order was served this 3rd day of September as per the ECM system:

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752


Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

David Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

                /s/ Stephanie A. Hite
                Stephanie A. Hite