UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN, et al.** | : | **Civil Action No. C-1-00-793** |
| **Plaintiffs,** | : | **Judge Sandra S. Beckwith** |
| vs. | : | **Magistrate Judge Timothy Hogan** |
| **OHSL FINANCIAL CORP., et al.** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' REPLY TO NON-PARTY KEATING, MUETHING & KLEKAMP, LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS (DOC. NO. 387)**

Plaintiffs hereby reply to Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike Exhibit 2 to Doc. No. 372 Submitted by Non-Party KMK and Motion for Sanctions" (Doc. No. 387) and submit the following Memorandum in support thereof.

| | |
|---|---|
| Dated: 20 September 2004 | **GENE MESH & ASSOCIATES** |
| | Respectfully Submitted, |
| | /s/ Michael G. Brautigam<br>Gene Mesh (0002076)<br>Michael G. Brautigam<br>2605 Burnet Avenue<br>Cincinnati, Ohio 45219-2502<br>(513) 221-8800<br>(513) 221-1097 (Facsimile) |
| | *Attorneys for Plaintiffs and the Putative Class* |

1

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' REPLY TO NON-PARTY KEATING, MUETHING & KLEKAMP, LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SUBMITTED BY NON-PARTY KMK AND MOTION FOR SANCTIONS (DOC. NO. 387)**

**I. PRELIMNARY STATEMENT**

Local Rule 7.2 exists specifically to prevent one party from unfairly gaining an advantage on another by holding relevant, available evidence in reserve until it is too late for the opposing party to respond to it as of right. Despite Non-Party Keating, Muething & Klekamp, LLP's (hereinafter "KMK") arguments to the contrary, this is exactly what KMK has deliberately done here. As a result, such conduct should not be tolerated, but instead sanctioned[1].

**II. ARGUMENT**

    **A. KMK Focuses on Technical Rather than Substantive Arguments in Support of Its Defense.**

        **1. Motion to Strike**

KMK makes technical defenses its first and primary arguments in response to Plaintiffs' Motion to Strike. Rather than arguing that it was patently fair or warranted

---

[1] In addition, KMK repeatedly touts its status as a non-party, as though that should have an effect on the Court's decisions on discovery issues. However, in reality, KMK's non-party status has no bearing on the discovery questions which are at issue in this case. Further, KMK should not be too quick to rely on this argument for it is likely that its status as a non-party could be reversed. Despite KMK's massive involvement in this egregious fraud, this Court dismissed KMK as a party in this case not based not upon the facts of the case, but solely because of the applicable statute of limitations. Plaintiffs are highly confident that this decision will be reversed on appeal based upon the growing body of law calling for retroactive application of the Sarbanes-Oxley Act. Recently, Plaintiffs moved for leave to file supplemental materials because the Securities and Exchange Commission (hereinafter "SEC") just filed a friend of the Court brief in the United States Court of Appeals for the Second Circuit on exactly this point. The SEC argued that it is the position of the SEC that the Sarbanes-Oxley Act should be applied retroactively. If this position is ultimately upheld, as Plaintiffs strongly believe it will and should be, KMK will once again deservedly be a defendant in this case.

under the circumstances, KMK does not argue that it was appropriate to attach Exhibit 2 to Doc. 372, but rather that a motion to strike is technically inappropriate pursuant to Federal Rule 12(f). KMK cites to one case for this proposition. However, this case does not deal with a Local Rule 7.2(d) violation. As a result, this case is of limited application based upon the specific factual circumstances surrounding a Local Rule 7.2(d) violation. This is particularly the case because KMK does not have a meritorious response to Plaintiffs' argument that KMK violated Local Rule 7.2(d).

    2.    **<u>Violation of Local Rule 7.2(d)</u>**

KMK argues that it did not violate Local Rule 7.2(d) because the deposition excerpts included in the reply were already of record, and because it had no choice but to cite to these deposition excerpts once Plaintiffs had challenged KMK for not citing to any in its opening motion for protective order. However, what KMK was really doing was making the calculated decision that it was better to hold relevant evidence then available in reserve in order to present it when it was too late for the opposing party to respond to it as of right. This conduct is inconsistent with the intent of Local Rule 7.2(d), which is for parties not to present new evidence in a reply motion when it could and should have been presented in the opening motion. This is the only way to ensure that both parties have an equal opportunity to respond to the same arguments and evidence.

In addition, KMK's argument puts the cart before the horse. The problem is not that KMK cited to the deposition transcripts, but that it did not do so until the reply brief when the Plaintiffs no longer had an opportunity to dispute KMK's specific arguments. Up until now, KMK has been content to figuratively throw the entire deposition transcripts at the Court. KMK would, in effect, generally state that there was some

misconduct, and that it was the Court's job to find it.[2] Although this was problematic for different reasons, this course of conduct is even worse. Previously, KMK was largely only hurting itself by failing to present evidence in support of its arguments. Now KMK is prejudicing the Plaintiffs by precluding the Plaintiffs from presenting evidence in response to KMK's arguments. Although KMK tries to explain this conduct away by falsely claiming that it did not initially review and incorporate the deposition excerpts into the opening motion for protective order because KMK did not want to burden the Court with additional attachments, this is an insulting and laughable argument. If it did not want to burden the Court previously, why is it so content to do so now? This is especially the case since KMK knew that the Plaintiffs would be challenging the arguments raised in its motion for protective order. Therefore, since KMK has no valid excuse for failing to include the available deposition excerpts in its opening motion for protective order, and since the act of including the deposition excerpts in the reply motion violated the public policy concerns behind Local Rule 7.2(d), Exhibit 2 to Doc. No. 372 should be stricken or disregarded by this Court.[3]

---

[2] Plaintiffs have always opposed such conduct and have noted that it stands in stark contrast to that of the Plaintiffs. The Plaintiffs have always carefully included detailed excerpts in support of their arguments, and would never file a motion seeking relief without doing so.

[3] In addition, Plaintiffs submit that Exhibit 2 of Doc. 372 is not supportive of the Plaintiffs' position because the excerpts did not support KMK's arguments, but rather those of the Plaintiffs.[3] The deposition transcripts, taken as a whole, illustrate the extreme and egregious misconduct by KMK attorneys in making speaking objections, instructing the witness not to answer and generally disrupting the proceedings to an extreme degree. Although this conduct was diminished to some degree when Plaintiffs arranged for the depositions to be videotaped, it still did not eliminate the egregious misconduct on the part of KMK and its attorneys.

**B.      The Quantity of Plaintiffs' Filings is a Reflection of KMK's Counsel's Deficiencies and Not Any Overzealousness on the Part of Plaintiffs.**

The Plaintiffs also should not be penalized for KMK's conduct. A large part of KMK's argument is devoted to the general argument that Plaintiffs' filing cannot be taken seriously because Plaintiffs have repeatedly challenged not only KMK's filings, but also this Court's decisions. Thus, KMK is focusing on the quantity of the motions filed, rather than the actual substance of these motions. This is not a bad approach for KMK since KMK cannot independently discuss each of these motions for they would reveal that Plaintiffs were justified in filing each one of them. However, it is still a position which KMK can not substantiate.

The number of motions filed by Plaintiffs is not a reflection of the overzealousness of Plaintiffs' counsel, but rather the incompetence of the defense counsel. Plaintiffs' filings each have an appropriate evidentiary and legal basis. This is contrast to KMK's filings which usually fail to comply with the letter and the spirit of the local rules. When defense counsel files an improper motion, errata sheet, affidavit or other document, Plaintiffs have no choice but to meet these filings with a motion to strike or other appropriate opposition.[4] As a consequence, defense counsel should focus on the

---

[4] With respect to the motions for contempt and for sanctions, Plaintiffs take a similar approach. KMK, as defense counsel, has knowingly violated the Court's disqualification Order. KMK has proceeded from inception in an unethical manner. For almost a year, KMK has proceeded without the informed consent of their supposed clients in direct violation of an Order of this Court. Indeed, the lines of questioning at depositions on this topic show that far from the absence of informed consent, many of these defendants truly need *guardians ad litem*. They have no understanding of the case, the issues in the case, their role in the case, KMK's role in the case, and the fact that their personal assets are at risk. Yet KMK has unethically and shamefully continued to bill the OHSL defendants millions of dollars for representation that protects KMK itself and KMK's premier client, Provident. This is not only ethically improper, but contemptuous of the Court's disqualification Order. Also clearly improper is the fact that KMK is continuing to

nature and quality of their filings, and stop whining about the number of pleadings that their own incompetence has necessitated.

KMK also refers to Plaintiffs' filings as just "wasteful distractions" or documents that have "unreasonably and vexatiously multiplied these proceedings." However, once again, KMK knows that this is not the case. Plaintiffs have filed repeated motions against KMK, including motions to strike, motions for contempt, and motions for sanctions. But this is not because they have been trying to retaliate against KMK for their repeated attacks, but rather because they have had no choice. As discussed in detail in each of these motions, KMK's improper conduct always preceded and necessitated the filing of these motions. The Plaintiffs only choice was to bring this improper conduct to the attention of the Court, or suffer the consequences of this conduct in silence. As a result, while the repetition of these motions repeatedly gives KMK the recurring opportunity to argue that Plaintiffs have a grudge or vendetta against KMK, this is not an accurate picture of the facts.[5] Of course, by now, the Plaintiffs expect such

---

represent its clients at the same time that its attorneys are giving testimony that is adverse to at least some of these defendants. This is likely the real reason that KMK has protested the depositions of its attorneys so much, as KMK cannot be thrilled by the prospect of more of their attorneys offering testimony that is adverse to some of the many camps of mutually antagonistic clients that KMK unethically represents. KMK continues to make unreasonable demands and conditions for its attorneys' depositions because it is concerned about subjecting its attorneys to more depositions that would cause them to give testimony that would be adverse to its clients, and not because of any misconduct by Plaintiffs' counsel, because there is no such misconduct. On the other hand, the transcripts of the KMK attorneys, taken as a whole, show extreme and egregious misconduct on almost every page.

[5] This argument is similar to KMK's recurring argument that Plaintiffs' counsel is inadequate to represent the class. Plaintiffs submit that KMK also knows that this is not the case. Rather, the real problem is not that Plaintiffs' counsel has been too "adequate" and indeed diligent for KMK's liking.

6

misrepresentation by KMK. The Plaintiffs and their counsel are used to being maligned when KMK's back is up against the wall.

### C. When in Doubt, KMK Malign Plaintiffs' Counsel.

When KMK has no other substantive argument to make, KMK returns to its default argument of maligning Plaintiffs' counsel. KMK often resorts to making unfounded allegations against counsel, and this memorandum is no exception. Once again, since KMK has no evidence to back up its conclusory allegations, KMK again resorts to its backup strategy of bullying the opposition. Although KMK obviously thought that it could steamroll these Plaintiffs and their counsel, as they probably have in countless other cases, they are now learning that this is not the case with Plaintiffs. Plaintiffs' counsel is not intimidated by KMK, and will continue to challenge any of KMK's conduct or filings that are improper under the federal rules or federal law. The putative class deserves nothing less.

### III. CONCLUSION

Local Rule 7.2(d) exists for good reason: to prevent one party from sandbagging another. This is precisely what has happened here. KMK could have easily attempted to support its opening motion for protective order with the deposition transcript excerpts, but it chose not to do so in order to gain an unfair advantage against the Plaintiffs in its reply. All the Plaintiffs truly want is to be treated fairly and an equal opportunity to respond to arguments and evidence. The Plaintiffs did not get this chance when KMK introduced Exhibit 2 of Doc. No. 372 in its reply as opposed to its opening motion. As a result, if this Court does anything other than strike or disregard KMK's Exhibit 2 of Doc. No. 372, it will violate Local Rule 7.2(d) and cause a result which is inconsistent with

fundamental principles of substantial justice.  KMK should also be sanctioned for this admittedly deliberate conduct in violation of the Local Rules.


Dated: 20 September 2004						Respectfully Submitted,



/s/ Michael G. Brautigam
Gene Mesh (OH Bar # 0002076)
Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097  (fax)

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply to Non-Party Keating, Muething & Klekamp, LLP's Memorandum in Opposition to Plaintiffs' "Motion to Strike and Motion for Sanctions" (Doc. No.378) was served this 20th day of September 2004 pursuant to the ECF system as follows:

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael R. Barrett, Esq.
Barrett & Weber
105 E. Fourth Street
Suite 500, Fourth and Walnut Centre
Cincinnati, Ohio 45202

David C. Greer, Esq.
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249

                                                                                       /s/ Stephanie Hite
                                                                                         Stephanie A. Hite