UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER W. THIEMANN,** | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | **NON-PARTY KMK'S OPPOSITION TO** |
| **OHSL FINANCIAL CORP., et al.,** | ) | **PLAINTIFFS' MOTION TO COMPEL** |
| | ) | **AND CROSS MOTION FOR** |
| Defendants. | ) | **PROTECTIVE ORDER** |
| | ) | |
| | ) | |

I. **PRELIMINARY STATEMENT**

In its June 4, 2004, Order, this Court dismissed Keating, Muething & Klekamp, P.L.L. ("KMK") as a defendant in this matter. *T.d. 338*.  **Less than one week later, on June 10, 2004, Plaintiffs re-served a document subpoena that was previously served three years earlier and added eight additional duplicative and/or objectionable document requests.**  The June 10, 2004 subpoena was clearly served in bad faith and solely to harass KMK.  On June 24, 2004, non-party KMK timely objected to the subpoena on a variety of grounds – and non-party KMK reasserts its objections in this opposition. *See June 24, 2004 "Responses and Objections," (attached hereto as Ex. "A")*.

The record is clear that non-party KMK has already produced all relevant, responsive, non-privileged documents in its possession, custody and control, bearing Bates numbers "KMK 1 - 4039." These documents have been in Plaintiffs' possession for years.  Non-party KMK also objects to several specific requests which clearly seek privileged information; which are overbroad, overreaching, and designed solely to harass; or which seek documents already made available to Plaintiffs by other parties.

Plaintiffs have completely failed to meet their heavy burden when seeking third-party discovery as set forth in Rule 45 of the Federal Rules of Civil Procedure with respect to the June 10, 2004 subpoena. KMK respectfully requests that this Court deny Plaintiffs' motion to compel.

## II.     ARGUMENT

### A.     Federal Rule of Civil Procedure 45 Governs the Present Document Requests.

KMK is no longer a party to this litigation. All discovery, whether requests for documents or depositions, is governed by Rule 45. This rule imposes a specific and significant burden on Plaintiffs and provides explicit enforcement authority by the Court.

> **A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.**

*Fed. R. Civ. P. 45(c) (1991) (emphasis added).* The Advisory Committee Notes confirm the importance of this burden:

> Abuse of a subpoena is an actionable tort, *Board of Ed. v. Farmingdale Classroom Teach. Ass'n*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), and the duty of the attorney to the non-party is also embodied in the Model Rule of Professional Conduct 4.4. The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas. The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty.

*Fed. R. Civ. P. 45 Adv. Comm. Notes (1991).* Simply stated, Rule 45 sets forth a heavy burden for Plaintiffs in this case in relation to non-party KMK. Specifically, Rule 45 makes clear that "the court by which a subpoena was issued shall quash or modify the subpoena if it," among other reasons, (1) requires disclosure of privileged or other protected matter; or (2) subjects a

person to undue burden. *Fed. R. Civ. P. 45(c)(3)(A)(iii-iv)*. As stated above, an attorney issuing a subpoena has a greater burden in relation to non-parties.

As discussed fully below, the present subpoena violates Rule 45 in that it seeks privileged information and subjects non-party KMK to an undue burden by demanding the production of documents already produced. Accordingly, the subpoena should be quashed.

### B. **Plaintiffs' Subpoena is in Violation of Federal Rule of Civil Procedure 45.**

#### 1. **All Issues Regarding Document Requests 1-17 Have Been Previously Addressed by the Court**

It is critical for the Court to realize the context of this current discovery dispute. Plaintiffs previously served a subpoena for documents upon KMK on November 21, 2001. KMK objected to the subpoena to the extent Plaintiffs requested privileged documents and communications. KMK also referred Plaintiffs to KMK's prior production of non-privileged documents. *See KMK's Dec. 4, 2001 "Objections" and Plaintiff's subpoena of Nov. 21, 2001 (T.d. 57), attached hereto as Ex. "B"*. The Court treated the objection as a motion to quash and sustained the objection. *See April 8, 2004 Order (T.d. 313) at 3*.

The first 17 document requests in the June 10, 2004 subpoena **are identical** to the first 17 document requests in the November 21, 2001 subpoena. All issues with respect to these 17 documents requests have been addressed in prior motion practice and by the Court's April 8, 2004 Order.[1]

For reasons unknown to non-party KMK, Plaintiffs have continuously refused to recognize that KMK produced documents bearing Bates numbers "KMK 1 - 4039." It is clear

---

[1] Specifically, KMK has already produced all relevant, responsive, non-privileged documents in its possession, custody and control in response to Document Request Numbers 1-16. KMK objected and continues to object to producing billing records requested in Document Request 17. The Court has already sustained non-party KMK's objection to this request in the April 8, 2004 Order. The billing records are clearly privileged and are not relevant to any issue pending in this litigation.

- 3 -

that Plaintiffs made no effort to actually review all 4,039 pages of documents previously produced before serving the latest subpoena on June 10, 2004. Plaintiffs made no effort to tailor their June 10, 2004 subpoena to reflect the prior production, objections, motion practice and order of the Court addressing these requests. Plaintiffs do not even allege that any specific requested documents are missing from non-party KMK's prior production. How can Plaintiffs have possibly fulfilled their Rule 45 obligation with respect to the June 10, 2004 subpoena if Plaintiffs simply copied verbatim 17 requests from their November 21, 2001 subpoena and have not reviewed non-party KMK's prior production?

### 2. Document Requests 18-25 Are Either Duplicative or Objectionable

The remaining document requests are easily addressed. Non-party KMK has outlined in its objections (attached as Exhibit A) numerous reasons why documents responsive to these requests should not be produced. These objections are incorporated by reference and are not repeated in full herein for the sake of judicial economy. A short explanation is offered below.

Document Request No. 18 seeks "all KMK billing records that reflect work done by KMK personnel with respect to this litigation and the relevant state court litigation." The Court has already sustained non-party KMK's objection to the production of billing records. This request brazenly seeks obvious work product and privileged information. The request is solely to harass and is not made in good faith. There is no conceivable legitimate basis for believing that these documents are relevant and should be produced in the litigation. Plaintiffs are well aware of the main KMK attorneys who were involved and have already deposed four KMK attorneys. Non-party KMK should not be required to produce its billing records.

Document Request No. 19 seeks "all documents reflecting KMK's representation of its clients, including any documents that discuss conflict of interest." Plaintiffs apparently seek

documents related to all KMK clients and all conflict of interest disclosures. On its face, the request is harassing, overbroad and seeks work product and privileged information.

Document Request No. 20 is indicative of the waste of time, money and resources that non-party KMK has unnecessarily been forced to expend in this matter. Non-party KMK objected to producing documents responsive to Request No. 20 ("All documents referred to in the press release, attached as Ex. B.") because no Exhibit B was attached to the subpoena. Non-party KMK explicitly noted in its June 24, 2004 objection that no Exhibit B was attached. Upon receiving the objection, Plaintiffs did not produce an Exhibit B; instead, Plaintiffs filed this motion to compel claiming that non-party KMK has failed to provide documents responsive to Request No. 20 and now argue that KMK "likely knew" that Plaintiffs were referring to a March 5, 2003 press release (one of several press releases that have been referenced in this litigation). How is this issue ripe for a motion to compel when Plaintiffs have refused to provide an exhibit to the subpoena in the first instance? Plaintiffs cannot be permitted to disregard basic discovery obligations and the rules of this Court.

Document Request No. 21 seeks PFGI 2002 Annual Reports. Plaintiffs received any such documents from Provident.

Document Request No. 22 seeks "all documents provided by the KMK firm to any member of the Lindner family." Plaintiffs simply want to harass non-party KMK and threaten a firm client. Furthermore, these documents constitute work product and are privileged. Such conduct should not be condoned by the Court. This request is overreaching, overbroad, and irrelevant to the present litigation.

Document Request No. 23 seeks "all documents and correspondence provided to the SEC and/or any other state or federal regulatory agency, such as FDIC." First, the request is so

overbroad it is not even limited to this litigation.  Second, any non-privileged, relevant documents would have been included in the 12 boxes of Provident SEC materials provided to Plaintiffs some time ago.  Third, these documents are arguably available to the Plaintiffs through these agencies, at no burden to non-party KMK.

Document Request No. 25 [2] seeks "minutes of any KMK meeting where this litigation was discussed (including KMK's status as a defendant in this litigation arising out of the OHSL-PFGI merger)."  This request clearly seeks privileged communication and work product and is harassing and objectionable on its face.

Plaintiffs casually admit that "KMK may have a viable argument in relation to some document requests in the subpoena." *Plaintiffs' Motion to Compel at 1.*  The statement concedes that Plaintiffs have has not met their burden under Rule 45.  Plaintiffs cannot intentionally serve improper discovery to a non-party and place the burden on the non-party to raise objections. Rule 45 expressly places the burden on Plaintiffs to limit the burden on non-parties, and the acknowledgement that KMK "may have a viable argument in relation to some document requests in the subpoena" is an indication of the fundamental problem with Plaintiffs' discovery efforts in this litigation.

### C.    KMK Has Not Acted in Bad Faith in Relation to the Present Subpoena.

Plaintiffs' argument that KMK has acted in bad faith in relation to the present subpoena is without merit.  Plaintiffs served their subpoena on June 10, 2004.  KMK properly served its responses and objections to that subpoena on June 24, 2004.  In a June 29, 2004, letter, Patrick F. Fischer, in-house counsel to KMK, reminded Plaintiffs that KMK had produced over 4,000 pages of documents and that Plaintiffs have an obligation to review those documents prior to

---

[2]    Plaintiffs withdrew Request No. 24, which sought non-party KMK's insurance policies, which are clearly not relevant to the litigation.  This request is not at issue.

issuing another subpoena.  *See Fischer June 29, 2004 Correspondence attached hereto at Ex. "C."*.  In that letter Mr. Fischer explicitly stated, "If you believe that there are additional documents relevant to this litigation that are not contained in the 4,000+ documents previously produced, then please explain your position in writing and we will consider it." **Plaintiffs failed to respond.**  Based on the present motion to compel, it remains evident that Plaintiffs still refuse to even acknowledge, let alone review, KMK's prior production.  The Court is well aware of Plaintiffs' continued practice of filing unnecessary and vexatious motions, and this motion to compel is no exception.[3]

        **D.    Non-Party KMK Requests that the Court Sanction Plaintiffs or Their Counsel Pursuant to Rule 45(c)(1).**

Rule 45(c)(1) allows the Court to issue an appropriate sanction, including lost earnings and a reasonable attorney's fee.  Non-party KMK has been forced to expend unnecessary time, money, and expense in this third-party discovery dispute solely at the whim of the Plaintiffs – in clear violation of the explicit burden imposed by the federal rules on Plaintiffs and their counsel.  Plaintiffs re-served document requests (which were contained in a previously served subpoena): (a) without making any effort to review non-party KMK's prior productions, and (b) without request for the Court's order sustaining non-party KMK's objection.  Furthermore, Plaintiffs seek obvious non-party KMK work product and documents solely to harass KMK and its clients.  The June 10, 2004 subpoena is insulting and this discovery dispute is offensive.  This Court must put an end to this vexatious conduct.

---

[3]     Plaintiffs' spends a great deal of wasted effort arguing non-party KMK's PSLRA objection to the subpoena.  Non-party KMK maintains the objection to preserve the issue for further Court review and appeal.  Non-party KMK is well aware of the Court's prior orders regarding discovery and has produced over 4,000 pages of non-privileged documents in discovery.

### III. CONCLUSION

For the foregoing reasons, KMK respectfully requests that the Court: (1) deny Plaintiffs' September 2, 2004 motion to compel; (2) issue a protective order reaffirming the Court's April 8, 2002 Order and sustaining non-party KMK's objections to the current document subpoena; and (3) award non-party KMK sanctions including a reasonable attorney's fee.

Respectfully submitted,

/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
105 East Fourth Street
Cincinnati, Ohio 45202
Tel: 513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
*Attorney for Defendants,*
*Keating, Muething & Klekamp, PLL*
*and Mark A. Weiss*

### CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2004, I electronically filed the foregoing "Non-Party KMK's Opposition to Plaintiffs' Motion to Compel and Cross Motion for Protective Order" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 23rd day of September, 2004.

| | |
|---|---|
| Gene Irving Mesh | Stephen J. Brogan |
| Gene Mesh & Associates | Cheryl E. Forchilli |
| 2605 Burnet Avenue | Jones Day |
| Cincinnati, Ohio 45219-2502 | 51 Louisiana Avenue, N.W. |
| Attorney for the Plaintiffs | Washington, DC 20001 |
| | Attorney for Defendant Ernst & Young |

/s/ Thomas W. Breidenstein
Thomas W. Breidenstein