# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Timothy S. Hogan) |
| v. | ) | |
| | ) | |
| OHSL FINANCIAL CORPORATION, | ) | OBJECTION OF KEATING, |
| ET AL., | ) | MUETHING & KLEKAMP, P.L.L. |
| | ) | TO DOCUMENT SUBPOENA |
| Defendants. | ) | |
| | ) | |

## I. OBJECTION

Pursuant to Fed.R.Civ.P. 45(a)(2)(B), Keating, Muething & Klekamp, P.L.L. ("KMK") objects to Plaintiff's November 21, 2001 Document Subpoena (attached as Ex. 1), seeking the production of documents from KMK's internal work files. The grounds for this objection are as follows:

1.  KMK is **not** a party to this action. Corporate attorneys from KMK represented Defendant Provident Financial Group, Inc. ("PFGI") in the merger transaction with Defendant OHSL. KMK litigation attorneys now represent all Defendants in this action except Clifford Roe and Dinsmore & Shohl, LLP.

2.  All non-privileged documents sought by the instant Document Subpoena to KMK previously have been produced to Plaintiff in response to his Rule 34 Request for Production of Documents propounded upon PFGI. (See October 4, 2001 letter from Jim Burke to Michael Brautingam transmitting to Plaintiff KMK's non-privileged documents, attached as Ex. 2). Plaintiff has no right to any privileged documents and communications.

- 2 -

3. As Plaintiff has already obtained from PFGI all documents to which he is entitled (see Fed.R.Civ.P. 26(b)), Plaintiff's instant Document Subpoena is redundant and fails to satisfy the requirement of Fed.R.Civ.P. 45(c), that the serving attorney "take all reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." If Plaintiff believes that PFGI has withheld KMK documents to which he is entitled, his proper remedy is to file a motion to compel PFGI to produce such documents. See Fed.R.Civ.P. 37 and 45(c). Plaintiff's Document Subpoena, to a non-party law firm seeking internal firm records (many of which are clearly privileged), is both burdensome and redundant.

4. To the extent, Plaintiff seeks privileged materials or internal billing records, such documents are not relevant to the issues in this case nor reasonably calculated to lead to admissible evidence and contain information subject to the attorney-client and work product privilege which is not subject to discovery herein.

## II. CONCLUSION

For the foregoing reasons, KMK requests that the Court sustain this Objection and/or quash Plaintiff's instant Document Subpoena.

Respectfully Submitted,

*/s/ James E. Burke*

James E. Burke (0032731)
Rachael A. Rowe (0066823)
Jamie M. Ramsey (0071369)
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
Tel. (513)579-6429
Fax (513)579-6457
Attorneys for all Defendants other than
Dinsmore & Shohl, LLP and Clifford Roe

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Objection to Document Subpoena** was served upon:

>Michael G. Brautigam
>Gene Mesh & Associates
>2605 Burnet Avenue
>Cincinnati, Ohio 45219-2502
>Attorney for the Plaintiff
>
>John W. Hust
>Schroeder Maundrell Barbiere & Powers
>Governor's Knoll, Suite 110,
>11935 Mason Road
>Cincinnati, Ohio 45249
>Attorney's for Dinsmore and Shohl, LP and Clifford Roe
>
>Richard B. Brualdi, Esq.
>The Brualdi Law Firm
>29 Broadway, Suite 1515
>New York, New York 10006
>
>David J. Manogue, Esq.
>Specter, Specter, Evans & Manogue, P.C.
>The Koppers Building, 26th Floor
>Pittsburgh, Pennsylvania 15219

by ordinary U.S. mail, this 4th day of December, 2001.

_____
James E. Burke

924963.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter W. Thiemann,                    )
on behalf of himself and of            )    Case No. C-1-00-793
all others similarly situated,         )
                                       )    Judge Sandra S. Beckwith
           Plaintiff,                  )
                                       )
    vs.                                )    **DOCUMENT SUBPOENA**
                                       )
OHSL Financial Corporation, et al.     )
                                       )
           Defendants.                 )
_____)

TO:  KEATING, MUETHING & KLEKAMP PLL
     1400 Provident Tower
     One East Fourth Street
     Cincinnati, Ohio 45202

**YOU ARE COMMANDED**, pursuant to Rule 45 of the Federal Rules of Civil Procedure to produce documents within thirty days after receipt of this subpoena, at Gene Mesh & Associates, 2605 Burnet Avenue, Cincinnati, Ohio 45219. These documents are described in Exhibit A hereto.

These documents have been requested by Plaintiff whose attorneys' name, address and telephone number is:

    Michael G. Brautigam, Esquire
    GENE MESH & ASSOCIATES
    2605 Burnet Avenue
    Cincinnati, Ohio 45219-2502
    513-221-8800 phone
    513-221-1097 fax

Rule 45 of Federal Rules of Civil Procedure states:

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce more at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to cause the demanding party to contest the claim.

Dated this 21st day of November, 2001.

/s/ Michael G. Brautigam

Michael G. Brautigam Esquire
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513-221-8800 phone
513-221-1097 fax

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45, plaintiff requests that Keating Muething & Klekamp ("KMK") produce the following documents at the offices of Gene Mesh & Associates, 2605 Burnet Avenue, Cincinnati, Ohio 45219 within thirty days after receipt of this request:

## DEFINITIONS AND REQUIREMENTS

a. The definitions and requirements contained in the Federal Rules of Civil Procedure and the United States District Court for the Southern District of Ohio are incorporated by reference.

b. The instant request for documents shall be deemed to be continuing so as to require supplemental production should KMK obtain supplemental or additional documents between the time the documents are initially produced and the time of trial.

c. In responding to these Requests, you are required to furnish all documents within your possession, custody or control.

d. If any of the Requests is deemed to call for the production of any privileged materials and such privilege is asserted, you are required to furnish a list identifying each document so withheld together with the following information:

    1. the reason for withholding;

    2. a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure;

    3. a brief description of the document, including:

        i. the date of the document;

        ii. the name(s) of its author(s), or preparer(s) and an identification by employment and title of each such person;

    iii.    the names of each person who was sent or has had access to, or custody of, the documents, together with an identification of each such person;

    iv.    the paragraph of this Request to which the document relates; and

    v.    in the case of any document relating in any way to an oral communication, identification of such oral communication.

e.    If any documents requested herein have been lost or destroyed, you are required to identify the documents so lost or destroyed by author, date and subject matter.

f.    Unless otherwise specified this Request calls for documents created, edited or modified during the time period January 1, 1999 to the present.

g.    As used herein, unless otherwise specified, the following terms shall have the meaning set forth after each such term:

1.    The term "merger transaction" or "merger" shall refer to the combination of OHSL and Provident Financial Group Inc. in a stock transaction which took place in the fall of 1999.

2.    The term "OHSL" refers to OHSL Financial Corp., to its predecessors, to its parents, to its subsidiaries, to its present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and to any other person that is or has ever acted for or on behalf of it.

3.    The term "PFGI" refers to Provident Financial Group Inc., Provident Bank, any other relevant Provident entity, to their predecessors, parents, subsidiaries, present and former divisions, branches, authorized

2

agents, attorneys, servants, employees, officers, directors, representatives, and to any other person that is or has ever acted for or on behalf of them.

h. The term "person" means any natural person and any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and means both the singular and plural.

i. The word "document" and "writing" are used interchangeably and mean any written or graphic matter of any kind whatsoever, however produced or reproduced, any electronically or magnetically recorded matter of any kind or character, however produced or reproduced, and any other matter constituting the recording of data or information upon any tangible thing by any means, including but not limited to the original and any nonidentical copy of any of the following (regardless of however or by whomever prepared, produced or reproduced): books, records, reports, memoranda, notes, letters, speeches, telegrams, diaries, calendar or diary entries, schedules, maps, graphs, charts, contracts, releases, appraisals, valuations, estimates, opinions, studies, analyses, summaries, magazines, booklets, pamphlets, circulars, brochures, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, drafts, certificates, tabulations, questionnaires, films or tapes, surveys, messages, correspondence, letters, records (of meetings, conferences, and telephone or other conversations or communications), tables, drawings, sketches, tax reports, working papers, financial statements, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), as well as any other tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, and including preliminary versions, drafts, revisions, or amendments of any of the foregoing and any supporting, underlying, or preparatory material. Any

3

document with any marks such as initials, comments or notations of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document. The term document specifically includes email, and any other form of electronic communication.

j. The term "oral communication" means any spoken communication made in person (at a meeting, conference, or otherwise) or made in a telephone conversation.

k. "Refer to," "relate to" and "concerning" mean, directly to indirectly, referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, analyzing, reflecting or constituting.

l. "Financial statements" include, but are not limited to the following, whether audited or unaudited, and whether final, interim, pro forma, complete or partial; consolidated and non-consolidated balance sheets, statements of earnings, additional paid-in capital, retained earnings or source and application or use of funds; cash-flow projections; notes to each such statement; and any other statements and notes that pertain to the applicable defendant's past or present financial condition, including accountants' work papers.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. All drafts of the proxy statement mailed to OHSL shareholders on or about September 27, 1999.

2. All letters, memoranda, notes, emails and other correspondence (both internal and external) and relating to the proxy statement mailed to OHSL shareholders on or about September 27, 1999 or drafts thereto.

3. All documents relating to any change in accounting policy adopted by PFGI for the period January 1, 1998 to the present.

4. All letters, memoranda, notes, emails and other correspondence (both internal and external) and relating to any change in accounting policy adopted by PFGI for the period January 1, 1998 to the present.

5. All Financial Statements and other documents reflecting PFGI's Gains on Sale of Loans and Leases for the period January 1, 1997 through the present.

6. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and relating to PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

7. All documents reflecting the composition and treatment of the cash and non-cash components of PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

8. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and relating to the composition and treatment of the cash and non-cash components of PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

9. All documents reflecting the change of accounting announced by PFGI on or about August 27, 2000.

10. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and concerning the change of accounting announced by PFGI on or about August 27, 2000.

11. All documents reflecting PFGI's reduction of its estimate of operating earnings for 2000 from approximately $3.60 per share to $2.65 per share.

12. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and concerning PFGI's reduction of its estimate of operating earnings for 2000 from approximately $3.60 per share to $2.65 per share.

13. All board minutes of PFGI (including minutes of the meetings of any committee thereof) where the merger of OHSL and PFGI was discussed.

14. All materials presented to the board of PFGI (including any committee thereof) at any meeting at which the merger of OHSL and PFGI was discussed.

15. Any and all of your policies concerning the retention or destruction of documents of the types requested herein.

16. Documents sufficient to identify all KMK personnel who performed any work relating to the merger of OHSL and PFGI.

17. All KMK billing records that reflect work done by KMK personnel in regard to the merger of OHSL and PFGI.


Dated: _____,

Richard B. Brualdi
THE BRUALDI LAW FIRM
29 Broadway, Suite 1515
New York, New York 10006
(212) 952-0602


Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800

David J. Manogue
SPECTER SPECTER EVANS & MANOGUE, P.C.
The 26th Floor
Koppers Building
Pittsburgh, Pennsylvania 15219
(412) 642-2300

Lead Counsel for Plaintiff
    and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2001, a true and correct copy of the Document Subpoena was served by hand delivery upon:

> James E. Burke, Esq.
> Keating, Muething & Klekamp PLL
> 1400 Provident Tower
> One East Fourth Street
> Cincinnati, Ohio 45202

and by facsimile upon:

> John W. Hust, Esq.
> Schroeder, Maundrell, Barbiere & Powers
> Governor's Knoll
> 11935 Mason Road, Suite 110
> Cincinnati, Ohio 45249
> (513) 583-4203

_____
Michael G. Brautigam

# KEATING, MUETHING & KLEKAMP, P.L.L.

ATTORNEYS AT LAW | 1400 PROVIDENT TOWER • ONE EAST FOURTH STREET • CINCINNATI, OHIO 45202
TEL. (513) 579-6400 • FAX (513) 579-6457 • www.kmklaw.com

JAMES E. BURKE
DIRECT DIAL: (513)579-6429
FACSIMILE: (513)579-6457
E-MAIL: JBURKE@KMKLAW.COM

October 4, 2001

*Via Federal Express*

Richard B. Brualdi, Esq.
The Brualdi Law Firm
29 Broadway, Suite 1515
New York, New York 10006

RE: Thiemann v. OHSL Financial Corp., et. al.

Dear Richard:

Now that we have finalized the Protective Order in this case, we can begin a rolling document production. Enclosed with this letter are several groups of documents. The first group marked with the prefix "KMK" includes non-privileged documents from our files relating to the OHSL/Provident transaction. Included among these documents are numerous versions of the proxy statement that were printed from our computer system. The documents designated with the prefix "O," are documents produced from the files of Oak Hills. These include the list of the individual shareholders who voted at the OHSL shareholders meeting in October, 1999 as well as the list of institutional holders who voted at that meeting. The documents designated with the prefix "P" are documents produced from Provident which include insurance policies for Provident Financial Corp. and OHSL. We presently are trying to determine whether or not there exists a record of the addresses of these parties. Finally there is a document labeled "OD." which designates that the document came from the files of the Oak Hills Directors. In this case the document came from Tom McKiernan. If you have any questions or would like to discuss this, please call.

Sincerely yours,

KEATING, MUETHING & KLEKAMP, P.L.L.

By: James E. Burke

mks/908630.1

cc: Michael G. Brautigam, Esq.
David J. Manogue, Esq.
John W. Hust, Esq.
John R. Wirthlin, Esq.
Rachael A. Rowe, Esq.
Jamie M. Ramsey, Esq.