# EXHIBIT C

# KMK | Keating, Muething & Klekamp PLL
ATTORNEYS AT LAW

**PATRICK F. FISCHER**
DIRECT DIAL: (513) 579-6459
FACSIMILE: (513) 579-6457
E-MAIL: PFISCHER@KMKLAW.COM

June 29, 2004

**VIA FACSIMILE**
Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

Re: **Thiemann v. OHSL Financial Corp., et al.**

Dear Michael:

    I am writing to your directly with respect to your June 22, 2004 and June 25, 2004 correspondence regarding the June 30, 2004 status conference with Magistrate Judge Hogan. I am writing to you as in-house counsel for Keating, Muething & Klekamp, P.L.L. ("KMK") who is responsible for responding to third party discovery and in conjunction with our outside counsel, Barrett & Weber, who are representing us in this litigation matter. I am also writing to you personally and directly so that there is no misunderstanding with respect to KMK's position on the subpoena for documents and deposition requests since the Court dismissed all claims asserted against KMK in the above-referenced litigation on June 7, 2004.

    Please be advised: KMK is not participating in the June 30, 2004 status conference because it is not a party to the litigation. KMK will oppose your motion for interlocutory appeal and will be seeking sanctions under 28 U.S.C. §1927. We are also awaiting the Court's mandatory PSLRA findings with respect to Rule 11 and will pursue Rule 11 sanctions against you and your clients with respect to your assertion of claims against KMK.

    Specifically with request to your June 10, 2004 subpoena for documents from KMK, we submitted objections on June 24, 2004 in compliance with Rule 45. Your subpoena does not even attempt to conform to relevant issues in this litigation, nor does it take any reasonable steps to avoid imposing undue burden or expense on KMK, all in violation of Rule 45 and applicable case law. The subpoena also requests documents and information that are clearly privileged. Obviously, the subpoena was designed solely to harass KMK after we were dismissed from the litigation and was not carefully crafted.

    In your June 25, 2004 correspondence regarding our objections, you indicate that you are unaware of any prior production by KMK except "a single piece of paper." It is my understanding that as an accommodation to you in prior discovery, KMK has already produced documents bearing bates numbers "KMK 1-4039" and described certain documents withheld on bases more fully described in conjunction with the Provident/OHSL privilege log. It is therefore clear that you have not even reviewed the 4,000+ pages of documents already produced by KMK



Michael G. Brautigam, Esq.
June 29, 2004
Page 2

before serving the June 10, 2004 subpoena – further evidencing the harassing nature of the subpoena and your failure to take reasonable steps to avoid imposing under burden and expense on KMK.

You have an obligation under the federal rules to review the documents previously provided before issuing a new subpoena or discussing accommodations with respect to the June 10, 2004 subpoena. Given the extent of our prior production and your failure to review these documents, we believe further correspondence on the scope of the subpoena will be unproductive at this time. If you believe that there are additional documents relevant to this litigation that are not contained in the 4,000+ documents previously produced, then please explain your position in writing and we will consider it. We recognize that you may move for an order to compel the production; we will object on all of the above-referenced and other bases. In any event, we believe the issue is not appropriate for discussion with Magistrate Hogan on June 30, given the current procedural and factual posture of the case, and would only be appropriately raised after a full briefing of all relevant legal and factual issues, and after you explain to us in writing any perceived deficiencies in our prior production.

You have also sought to depose two additional KMK attorneys, David Rosenberg and Gary Kreider. We have previously provided you four different KMK attorneys for deposition. We do not believe these depositions of Messers. Kreider and Rosenberg will yield any additional relevant information. We further believe that the depositions are solely to harass and are being subpoenaed for an improper purpose. Furthermore, all discovery against KMK is stayed pursuant to the PLSRA and the Court's November 19, 2003 Scheduling Order until all motions to dismiss are decided by the Court, which may resolve this case entirely or significantly limit the scope of the case and therefore the scope of future discovery and these depositions.

In addition, if you continue to pursue an interlocutory appeal of the dismissal of KMK, we will seek a stay of discovery under the additional grounds of 28 U.S.C. §1292(b), which provides for a discretionary stay of discovery pending consideration of an interlocutory appeal. If you do not withdraw the subpoenas, we will file a motion to quash raising these and other issues. Even if the depositions go forward at some date in the future, we would ask the Court to impose certain restrictions with respect to the questioning and may ask that the depositions take place before Magistrate Hogan given your prior improper conduct during the depositions of KMK attorneys and others, and the current posture of the litigation.

In any event, we believe that the deposition issue is not currently ripe for the June 30, 2004 status conference. Consistent with my June 23, 2004 correspondence, we do not believe you have the right to take these depositions at this time and we ask that you withdraw the subpoenas; if you do not, we will file a motion to quash and the issue will be ripe for Magistrate Hogan's consideration after full briefing is concluded.

Michael G. Brautigam, Esq.
June 29, 2004
Page 3

      We intend to submit this correspondence to Magistrate Hogan as part of a formal filing outlining our position. We can not prevent you from improperly and prematurely raising these issues during the June 30, 2004 status conference; as a non-party, however, the Court should not address these issues involving KMK absent motion practice, and no appropriate motions have been filed or fully briefed at this time.

      Furthermore, you sent me correspondence requesting these depositions on June 17 – when I was out of the country. You sent me correspondence on June 18 – when I was still out of the country – asking why I have not responded to your June 17 correspondence; and then you sent me a third correspondence on a Sunday, June 20 – when I was still out of the country – asking why I had not responded to your June 17 and June 18 correspondence and accusing me of inappropriate conduct. Such harassment is inappropriate and baseless. As you know, I responded to your correspondence when it was reasonably appropriate for me to do so. (See attached.) I will respond to your future correspondence when it is reasonably appropriate for me to do so as well.

      Finally, after producing over 4,000 pages of documents and 4 deponents who testified for hundreds of pages, it is obvious and clear that KMK, a non-party, has cooperated, and cooperated reasonably and fully, in discovery in the litigation.

                            Sincerely yours,

                            KEATING, MUETHING & KLEKAMP, P.L.L.

                            By: _____
                                  Patrick F. Fischer

PFF/lms
Enclosure

c: Counsel of Record (via fax)

1307061.1