# Exhibit A

# BARRETT & WEBER
## A LEGAL PROFESSIONAL ASSOCIATION

C. FRANCIS BARRETT
H. PATRICK WEBER
MICHAEL R. BARRETT
M. MICHELE FLEMING
JANET L. BELL
THOMAS W. BREIDENSTEIN
KENNETH J. ELING
KARRI K. HAFFNER
STEPHANIE K. BOWMAN

500 FOURTH & WALNUT CENTRE
105 EAST FOURTH STREET
CINCINNATI, OHIO 45202-4015

TELEPHONE (513) 721-2120
FACSIMILE (513) 721-2139

June 24, 2004

Michael G. Brautigam, Esq.
Gene Irving Mesh, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

**via fax at (513) 221-1097 and U.S. Mail**

Re: Thiemann v. OHSL Financial Corp., et al.; Case No. C-1-00-793

Mike:

Enclosed are the "Responses and Objections of Keating, Muething & Klekamp," which are served pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure.

Sincerely,

BARRETT & WEBER

Thomas W. Breidenstein

Enclosure
cc: Michael R. Barrett, Esq.
    Patrick F. Fischer, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, | ) | Case No. C-1-00-793 |
| | ) | |
| Plaintiff, | ) | (Judge Sandra S. Beckwith) |
| | ) | (Magistrate Judge Timothy S. Hogan) |
| -v- | ) | |
| | ) | RESPONSES AND OBJECTIONS OF |
| OHSL FINANCIAL CORP., et al., | ) | KEATING, MUETHING & KLEKAMP |
| | ) | TO SUBPOENA |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, non-party Keating, Muething and Klekamp ("KMK") hereby objects and responds to the subpoena issued by Plaintiffs on June 10, 2004, a copy of which is attached hereto as Exhibit 1.

## OBJECTIONS TO SUBPOENA

KMK's objections to the subpoena are as follows:

1. KMK objects to the subpoena in its entirety on grounds that it is moot as KMK is no longer a party to this action. In its June 4, 2004, Order, the Court dismissed KMK as a defendant in this matter. Despite the Court's holding that Plaintiffs' claims are barred and preempted against KMK, Plaintiffs continue their attempt to harass KMK with improper, overbroad, and overreaching discovery requests. For example, in Document Request Number 24 Plaintiffs request, "All insurance policies held by KMK that would potentially cover securities fraud and/or legal malpractice claims against KMK." This request is inappropriate for various reasons, the most glaring of which is the fact that KMK is no longer a defendant in this matter. Another such example of outright harassment can be found in Document Request Number 22 in

which Plaintiffs request, "All documents provided by the KMK firm to any member of the Lindner family." Presumably this request applies to any matter whatsoever and is included, not to obtain useful information pertinent to the present case, but to harass KMK and its clients.

2.   KMK objects to the subpoena in its entirety on the grounds that, even if KMK is viewed as a third party now that it has been dismissed as a defendant, the subpoena is inappropriate in that all discovery has been stayed in this matter pursuant to the PSLRA which mandates that "*all discovery... shall* be stayed during the pendency of *any* motion to dismiss...." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Thus, because it is entirely clear that discovery is stayed in this matter, as per the Court's several rulings and the clear language of the PSLRA, KMK does not deem it necessary to provide specific objections to Plaintiffs' requests. Rather the following general objections cover the entirety of Plaintiffs' requests and, if, at some time, the Court deems it appropriate to lift the present stay, then, at that time, KMK would entertain a renewed subpoena.

3.   KMK objects to the subpoena in its entirety on the grounds that it is overbroad, unduly burdensome, duplicative and expensive. Such requests violate Rule 26(b)(2)(i) and Rule 45(c)(1) and (3)(A)(iv) of the Federal Rules of Civil Procedure. For example, in Document Request Number 23, Plaintiffs request, "All documents and correspondence to the SEC and/or any other state or Federal regulatory agency such as the FDIC."

4.   KMK objects to the subpoena in its entirety in that it is vague and ambiguous. For example, in Document Request Number 20, Plaintiffs request, "All documents referred to in the press release, attached as Ex. B." KMK asserts that there is no such Exhibit B and that it is impossible to comprehend what documents Plaintiffs are requesting.

2

5. KMK objects to the subpoena on the ground that it is unreasonably cumulative and duplicative and the information sought is obtainable from other sources which are more convenient, less burdensome and less expensive. The requests, therefore, violate Rule 26(b)(2) and Rule 45(c)(1) of the Federal Rules of Civil Procedure, which require that discovery not be unreasonably cumulative or duplicative and require parties to take reasonable steps to avoid imposing undue burden or expense on persons subject to subpoena, especially where the information is available from other sources that are more convenient, less burdensome and less expensive.

6. KMK objects to the subpoena on the ground that it seeks information irrelevant to the subject matter involved in the litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

7. KMK objects to the production of documents which are subject to the attorney-client privilege and/or the work product privilege. For example, Document Requests 17-19 pertain to clearly protected documents that represent the work product of KMK personnel. Specifically, Document Request Number 19 requests, "All documents reflecting KMK's representation of its clients, including any documents that discuss conflict of interest." This request is just one example of the many overbroad and overreaching requests made by Plaintiffs as to clearly privileged documents.

8. KMK objects to the subpoena as unreasonable because it will cause KMK to incur substantial costs, including reasonable charges for clerical and professional time. The substantial costs associated with the present subpoena are even more unreasonable given the fact that KMK has been dismissed from this case.

3

9. KMK objects to the subpoena to the extent that it has already provided non-privileged, relevant documents and a privilege log and these requests are duplicative of requests already made.

TO: PFF

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**FILED**

JUN 1 0 2004

JAMES BONINI, Clerk
CINCINNATI, OHIO

Walter W. Thiemann,                )
on behalf of himself and of        )
all others similarly situated,     )   Case No. C-1-00-793
                                   )
                                   )   Judge Sandra S. Beckwith
         Plaintiff,                )
                                   )
    vs.                            )
                                   )   **SUBPOENA**
OHSL Financial Corporation, et al. )
                                   )
         Defendants.               )

TO:  KEATING, MUETHING & KLEKAMP P.L.L.
     1400 Provident Tower
     One East Fourth Street
     Cincinnati, Ohio 45202

**YOU ARE COMMANDED**, pursuant to Rule 45 of the Federal Rules of Civil Procedure to produce documents within thirty days after receipt of this subpoena, at Gene Mesh & Associates, 2605 Burnet Avenue, Cincinnati, Ohio 45219-2502. These documents are described in Exhibits A and B hereto.

These documents have been requested by Plaintiff whose attorneys' name, address and telephone number is:

    Michael G. Brautigam, Esquire
    GENE MESH & ASSOCIATES
    2605 Burnet Avenue
    Cincinnati, Ohio 45219-2502
    513-221-8800 phone
    513-221-1097 fax

**EXHIBIT 1**

Rule 45 of Federal Rules of Civil Procedure states:

## PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce more at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception of waiver applies, or

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to cause the demanding party to contest the claim.

Dated, this 10th day of June, 2004.

/s/ Michael G. B.

Michael G. Brautigam Esquire
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
513-221-8800 phone
513-221-1097 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2004, a true and correct copy of the Document Subpoena was served by hand delivery and facsilile upon:

James E. Burke, Esq.
Keating, Muething & Klekamp PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

and by facsimile:

John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
Governor's Knoll
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249


David C. Greer
James H. Greer
BIESER, GREER & LANDIS
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

_____
Stephanie A. Hite

## EXIBIT A

Pursuant to Federal Rule of Civil Procedure 45, plaintiff requests that Keating Muething & Klekamp ("KMK") produce the following documents at the offices of Gene Mesh & Associates, 2605 Burnet Avenue, Cincinnati, Ohio 45219-2502 within thirty days after receipt of this request:

### DEFINITIONS AND REQUIREMENTS

a. The definitions and requirements contained in the Federal Rules of Civil Procedure and the United States District Court for the Southern District of Ohio are incorporated by reference.

b. The instant request for documents shall be deemed to be continuing so as to require supplemental production should KMK obtain supplemental or additional documents between the time the documents are initially produced and the time of trial.

c. In responding to these Requests, you are required to furnish all documents within your possession, custody or control.

d. If any of the Requests is deemed to call for the production of any privileged material and such privilege is asserted, you are required to furnish at list identifying each document so withheld together with the following information:

   1. The reason for withholding;

   2. A statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure;

   3. A brief description of the document, including:

      i. the date of the document

      ii. the name(s) of its author(s), or preparer(s) and an identification by employment and title of each such person;

      iii. the names of each person who was sent or has had access to, or custody of, the documents, together with an identification of each such person;

      iv. the paragraph of this Request to which the document relates; and

      v. in the case of any documents relating in any way to an oral communication, identification of such oral communication.

e. If any documents requested herein have been lost or destroyed, you are required to identify the documents so lost or destroyed by author, date and subject matter.

f. Unless otherwise specified this Request calls for documents created, edited or modified during the time period January 1, 1999 to the present.

g. As used herein, unless otherwise specified, the following terms shall have the meaning set forth after each such term:

1. The term "merger transaction" or "merger" shall refer to the combination of OHSL and Provident Financial Group Inc. in a stock transaction, which took place in the fall of 1999.

2. The term "OHSL" refers to OHSL Financial Corp., to its predecessors, to it parents, to its subsidiaries, to its present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and to any other person that is or has ever acted for or on behalf of it.

3. The term "PFGI" refers to Provident Financial Group Inc., Provident Bank, any other relevant Provident entity, to their predecessors, parents subsidiaries, present and former divisions, branches authorized agents, attorneys, servants, employees, officers, directors, representatives, and to any other person that is or has ever acted for or on behalf of them.

h. The term "person" means any natural person and any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and means both the singular and plural.

i. The work "document" and "writing" are used interchangeably and mean any written or graphic matter of any kind whatsoever, however produced or reproduced, and electronically or magnetically recorded matter of any kind or character, however produced or reproduced, and any other matter constituting the recording of data or information upon any tangible thing by any means, including but not limited to the original and any nonidentical copy of any of the following (regardless of however or by whomever prepared, produced or reproduced): books, records, reports, memoranda, notes letters, speeches, telegrams, diaries, calendar or diary entries, schedules, maps, graphs, charts, contracts, releases, appraisals, valuations, estimates, opinions, studies, analyses, summaries, magazines, booklets, pamphlets, circulars, brochures, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, drafts, certificates, tabulations, questionnaires, films or tapes, surveys, messages, correspondence, letters, records, (of meetings, conferences, and telephone or other conversations or communications), tables, drawings, sketches, tax reports, working papers, financial statements, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), as well as any other tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, and including preliminary versions, drafts, revisions, or amendments of any of the foregoing and any supporting, underlying, or preparatory material. Any document with any marks such as

initials, comments or notations of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document. The term document specifically includes email, and any other form of electronic communication.

j. The term "oral communication" means any spoken communication made in person (at a meeting, conference, or otherwise) or made in a telephone conversation.

k. "Refer to," "relate to" and "concerning" mean, directly to indirectly, referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, analyzing, reflecting or constituting.

l. "Financial statements" include, but are not limited to the following, whether audited or unaudited, and whether final, interim, pro forma, complete or partial; consolidated and non-consolidated balance sheets, statements of earnings, additional paid-in capital, retained earnings or source and application or use of funds; cash flow projections; notes to each such statement; and any other statements and notes that pertain to the applicable defendant's past or present financial condition, including accountants' work papers.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. All drafts of the poxy statement mailed to OHSL shareholders on or about September 27, 1999.

2. All letters, memoranda, notes, emails and other correspondence(both internal and external) and relating to the proxy statement mailed to OHSL shareholders on or about September 27, 1999 or drafts thereto.

3. All documents relating to any change in accounting policy adopted by PFGI for the period January 1, 1998 to the present.

4. All letters, memoranda, notes, emails and other correspondence (both internal and external) and relating to any change in accounting policy adopted by PFGI for the period January 1, 1998 to the present.

5. All Financial Statements and other documents reflecting PFGI's Gains on Sale of Loans and Leases for the period January 1, 1997 through the present.

6. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and relating to PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

7. All documents reflecting the composition and treatment of the cash and non-cash components of PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

8. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with any external auditors, and

including any attachments thereto, and relating to the composition and treatment of the cash and non-cash components of PFGI's gains on sale of loans and leases for the period January 1, 1997 through the present.

9. All documents reflecting the change of accounting announced by PFGI on or about August 27, 2000.

10. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and concerning the change of accounting announced by PFGI on or about August 27, 2000.

11. All documents reflecting PFGI's reduction of its estimate of operating earnings for 2000 from approximately $3.60 per share to $2.65 per share.

12. All letters, memoranda, notes, emails and other correspondence, both internal and external, including any correspondence with external auditors, and including any attachments thereto, and concerning PFGI's reduction of its estimate of operating earnings for 2000 from approximately $3.60 per share to $2.65 per share.

13. All board minutes of PFGI (including minutes of the meetings of any committee thereof) where the merger of OHSL and PFGI was discussed.

14. All materials presented to the board of PFGI (including any committee thereof) at any meeting at which the merger of OHSL and PFGI was discussed.

15. Any and all of your policies concerning the retention or destruction of documents of the types requested herein.

16. Documents sufficient to identify all KMK personnel who performed any work relating to the merger of OHSL and PFGI.

17. All KMK billing records that reflect work done by KMK personnel in regard to the merger of OHSL and PFGI.

18. All KMK billing records that reflect work done by KMK personnel with respect to this litigation and the related state court litigation. (Nolte, et al v OHSL, et al)

19. All documents reflecting KMK's representation of its clients, including any documents that discuss conflict of interest.

20. All documents referred to in the press release, attached as Ex. B.

21. All drafts of PFGI's 2002 Annual Report.

22. All documents provided by the KMK firm to any member of the Lindner family.

23. All documents and correspondence provided to the SEC and/or any other state or Federal regulatory agency, such as the FDIC.

24. All insurance policies held by KMK that would protentially cover securities fraud and/or legal malpractice claims against KMK.

25. Minutes of any KMK meeting where this litigation was discussed (including KMK's status as a defendant in litigation arising out of the OHSL-PFGI merger).

Dated: June 10, 2004

Michael G. Brautigam
GENE MESH & ASSOCIATES
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800

Lead Counsel for Plaintiff
    and the Class