UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,** *et al.*, ) | Case No. C-1-00-793 |
| ) | |
| **Plaintiffs,** ) | **(Judge Sandra S. Beckwith)** |
| ) | |
| -v- ) | **(Magistrate Judge Timothy S. Hogan)** |
| ) | |
| **OHSL FINANCIAL CORP.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**NON-PARTIES KEATING, MUETHING & KLEKAMP PLL AND MARK A. WEISS'
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MATERIALS**

Plaintiffs' September 13, 2004 motion for leave to file supplemental materials (*T.d. 386*) does **not** request that the Court reconsider its June 4, 2004 Order granting then-Defendants Keating, Muething & Klekamp. P.L.L. and Mark Weiss' (collectively "former KMK Defendants") motion to dismiss (*T.d. 338*). To the contrary, Plaintiffs apparently seek leave **only** to supplement their petition for interlocutory review of the Court's June 4, 2004 Order (*T.d. 341*) and represent that the supplemental materials bear "directly on the Court's consideration of Plaintiffs' request for an interlocutory appeal." *Plaintiffs' September 13, 2004 Motion (T.d. 386) at 2.* The former KMK Defendants: (1) renew and incorporate by reference their previous opposition to Plaintiffs' petition for interlocutory relief *(T.d. 348);* and (2) oppose Plaintiffs' September 13, 2004 motion because the proposed supplemental materials do not offer any new or additional arguments or case law that necessitate or justify supplementation.

Plaintiffs' proposed supplemental materials consist solely of an August 20, 2004 *amicus curiae* brief submitted by the Securities and Exchange Commission ("SEC") to the Second Circuit Court of Appeals in a particular litigation matter regarding retroactive application of certain provisions in the Sarbanes-Oxley Act ("Sarbanes-Oxley").  The SEC's amicus brief is irrelevant to this litigation for the following reasons.  First, the SEC's amicus brief is nothing more than a litigation position that is not entitled to deference by this Court, so supplementation is not necessary or required.  Second, the issue regarding retroactive application of Sarbanes-Oxley was fully briefed when the Court considered the KMK Defendants' motion to dismiss.  Fully informed and after careful consideration, the Court joined those courts deciding that Sarbanes-Oxley does not apply retroactively to revive already time-barred claims.  *See June 4, 2004 Order (T.d. 338) at 6-15*.  The SEC's amicus brief does not offer any new cases, arguments, or insights that were not already considered prior to June 4, 2004, much less that would support Plaintiffs' request for the extraordinary relief of interlocutory review of the Court's June 4, 2004 Order.  Finally, the position advocated by the SEC flies in the face of the majority of court opinions considering the retroactive application of Sarbanes-Oxley and is not persuasive.  For these reasons, Plaintiffs' leave to submit supplemental materials should be denied.

**I.      THE SEC'S *AMICUS BRIEF* IS NOT ENTITLED TO DEFERENCE BY THIS COURT.**

The SEC's amicus brief is not a formal statutory interpretation; rather; it is merely a litigation position tailored to and articulated specifically for purposes of a particular case pending before the Second Circuit.  Numerous courts, including both the Supreme Court of the United States and the Sixth Circuit, have explicitly held that an agency's litigation position is not entitled to deference by the courts.  *Bowen v. Georgetown University Hospital*, 488 U.S. 204,

213 (1988) ("Deference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate"); *Mid-America Care Foundation v. NLRB*, 148 F.3d 638, 642 (6th Cir. 1998) (deference does not extend to an agency's "interpretation taken solely in connection with [that] agency's litigating position in a particular case or set of cases"); *Massachusetts v. Blackstone Valley Electric Co.*, 67 F.3d 981, 991 (1st Cir. 1995). The Court is not obligated to give any weight to the amicus brief, and should not do so.

## II.     THE SEC'S ARGUMENTS ADD NOTHING NEW TO JUSTIFY THIS COURT'S CONSIDERATION OF SUPPLEMENTAL MATERIALS OR SUPPORT AN INTERLOCUTORY APPEAL.

The position advocated by the SEC in its amicus brief and the cases relied upon to support its position are not new. **The SEC's brief contains no references to new cases, statutes or authorities that were not available to the Plaintiffs prior to filing their motion to certify the June 4, 2004 Order dismissing KMK from this action.** In fact, several of the cases cited by the SEC were presented to the Court in briefing and were actually discussed and relied upon (or rejected) by this Court in deciding that Sarbanes-Oxley does not apply retroactively to revive time-barred claims. *Compare June 4, 2004 Order (T.d. 338) at 7-8, 12-14 (citing e.g., In re Enterprise Mtg. Accept. Co., LLC, Sec. Litig.*, 295 F. Supp.2d 307 (S.D.N.Y. 2003); *Glaser v. Enzo Biochem., Inc.*, 303 F. Supp.2d 724 (E.D. Va. 2003); *In re Heritage Bond Litig.*, 289 F. Supp.2d 1132 (S.D. Cal. 2003); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991); *Landgraf v. USI Film Products,* 511 U.S. 244 (1994)) *with SEC Brief at 3-5, 13-17, 20.* Fully aware of the retroactivity issue, and after full briefing by the parties, the Court ruled:

> The weight of opinion thus far [] seems to be that Sarbanes-Oxley cannot be applied retroactively to revive claims that were already time-barred at the time of enactment . . . [T]his Court joins those courts who have decided that Sarbanes-Oxley does not apply retroactively to revive expired claims.

*June 4, 2004 Order (T.d. 338) at 8 and 12*.

This Court has already considered and rejected the SEC's position and the case law cited in the "supplemental authority." The supplemental authority does not offer any reason to reopen briefing or justify the extraordinary remedy of interlocutory review.

**III.   THE SEC'S POSITION IS CONTRARY TO THE MAJORITY OF COURT OPINIONS CONSIDERING THE RETROACTIVE APPLICATION OF SARBANES-OXLEY TO SECURITES FRAUD CASES.**

Even if the Court was inclined to consider the SEC's amicus brief, the position argued by the SEC is unavailing. In support of its position that the lengthened statute of limitations found in Section 804(b) of Sarbanes-Oxley applies to all claims filed on or after its enactment, regardless of whether the claims would have been time-barred under the pre-Sarbanes-Oxley limitations period, the SEC presents three primary arguments: (1) Section 804(c) of Sarbanes-Oxley is irrelevant to the question of whether Section 804(b) revives barred claims; (2) the plain language of Section 804(b) expresses Congress' intent that the new lengthened limitations period revives barred claims; and (3) applying Section 804(b) to revive barred claims is consistent with the legislative history. Each of these arguments, however, have been thoroughly considered and rejected by the majority of courts that have considered the arguments, including this Court.[1]

---

[1] While this Court did not address all of the legislative history argued by the SEC, such an analysis would have been futile to the Court's ruling since this Court determined that the plain language of the statute "clearly evidences Congressional intent that it not be applied retroactively." *See June 4, 2004 Order (T.d. 338) at 13*.

A. **Section 804(c) of Sarbanes-Oxley is clearly relevant to whether Section 804(b) revives time-barred claims.**

As stated by the Supreme Court of the United States, "[w]e do not [] construe statutory phrases in isolation; we read statutes as a whole." *U.S. v. Morton*, 467 U.S. 822, 828 (1984). Section 804(c) of Sarbanes-Oxley immediately follows the limitations period laid out in subsection (b) and provides that "nothing in [Section 804] shall create a new private right of action." The SEC fails to cite a single case analyzing Section 804 of Sarbanes-Oxley to support its position that Section 804(c) is irrelevant to whether the limitations period set out in Section 804(b) revives barred claims. This is because courts have come to the completely opposite conclusion.

The majority of courts analyzing the plain language of Section 804 have ruled that Section 804(c) "directly conflict[s] with the contention that Section 804 allows for the revival of time-barred claims because the assertion of a claim that was previously barred can be construed as a new, private right of action." *Enterprise Mtg.*, 295 F. Supp.2d at 313; *Johnson v. Aljian*, 2004 U.S. Dist. LEXIS 14986, at **21-22 (C.D. Cal. July 30, 2004) (reading Section 804 together, "it is clear Congress did not intend to revive time-barred claims. To conclude otherwise would fail to give each provision meaning"); *In re Enron Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS 8158, at *59 (S.D. Tex. Feb. 25, 2004) (Section 804(c) "undermines the argument that § 804 revives time-barred claims") (citing *Hughes Aircraft Co. v. U.S.*, 520 U.S 939, 950 (1997) (retroactive application of the 1986 amendment to the False Claims Act in essence impermissibly creates a new cause of action just as "extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action")). This Court also analyzed the importance of Section 804(c) in its June 4, 2004 Order and ruled that:

>application of Sarbanes-Oxley in this case would have an obvious retroactive effect because, by reviving an expired claim, it would essentially create a new cause of action, in contravention of both the language of the statute and the Supreme Court's admonition that retroactive application of a statute should not increase a party's liability for past conduct. *See* Pub.L. 107-204, Title VIII, § 804(c), July 30, 2002, 116 Stat. 801 ("Nothing in this section [Pub.L. 107-204, Title VIII, § 804, July 30, 2002, 116 Stat. 801, which amended this section and enacted provisions set out as a note under this section] shall create a new, private right of action."); *Landgraf*, 511 U.S. at 280.

*T.d. 338, at 13*.

Therefore, the SEC's argument that Section 804(c) is irrelevant to whether Section 804(b) revives time-barred claims clearly contravenes basic, fundamental principles of statutory construction and the majority of case law analyzing the plain meaning of Section 804 of Sarbanes-Oxley. As such, the SEC's position cannot be given credence by this Court.

### B. The SEC supports its argument that Section 804(b) applies retroactively by citations to case law analyzing the plain meaning of statutory language that is clearly dissimilar to the language of Section 804(b).

Section 804(b) states that the new limitations period applies to all proceedings "commenced on or after the date of enactment . . ." In support of the SEC's argument that the plain meaning of this language supports retroactivity to revive barred claims, the SEC cites case law analyzing dissimilar statutory language that states that a new limitations period applies to all proceedings "*pending* on or commenced after the date of enactment." (*See* SEC's *amicus curiae* brief, at pg. 15) (emphasis added). It is clearly paradoxical that to remedy this contradiction in statutory language, the SEC argues that none of the courts analyzing this language relied upon the presence or absence of the word "pending." (*Id*. at pg.16 n.5). How can a court analyze the plain meaning of statutory language by ignoring critical words appearing in that language? It cannot.

Surprisingly, the SEC simply ignores the plethora of federal case law specifically analyzing the exact language appearing in Section 804(b) that found that Sarbanes-Oxley "does not revive claims which expired under the previous, one-year statute of limitations." *In re ADC Telecommunications, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 17299, at **5-6 (D. Minn. April 13, 2004) (citing *Enterprise Mtg.*, 295 F. Supp.2d at 312-317; *In re Heritage Bond Litig.*, 289 F. Supp.2d at 1148; *In re Enron Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS, at *17; *Glaser*, 303 F. Supp.2d 724). The Supreme Court and appellate courts cited by the SEC have also generally found that "a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would alter the substantive rights of a party and increase a party's liability." *Hughes Aircraft Co.*, 520 U.S. at 950; *Chenault v. UPS*, 37 F.3d 535, 539 (9th Cir. 1994); *Resolution Trust Corp. v. Artley*, 28 F.3d 1099, 1103 n.6 (11th Cir. 1994).

Furthermore, this Court analyzed the plain meaning of the language used in Section 804(b) and ruled in its Order dismissing KMK that "the plain text of Sarbanes-Oxley shows that it applies only to 'all proceedings . . . that are commenced on or after the date of enactment of this Act.' The statute clearly evidences Congressional intent that it not be applied retroactively. This proceeding was commenced well before Congress enacted Sarbanes-Oxley." *See June 4, 2004 Order (T.d. 338) at 13*.

Therefore, despite the SEC's attempt to misconstrue the plain meaning of the limitations period, the majority of courts actually analyzing the plain language of Section 804(b) have ruled that Sarbanes-Oxley does not apply retroactively to revive already barred claims.

**C.     The Legislative History behind Section 804 of Sarbanes-Oxley does not support the SEC's argument that the lengthened limitations period was intended to revive already time-barred claims.**

The SEC relies on the comments of Senator Leahy to support its argument for revival of time-barred claims. (*See* SEC's *amicus curiae* brief, at pgs. 21-26). The language of Senator Leahy cited by the SEC provides that "[Section 804] is intended to lengthen any statute of limitations under federal securities law, and to shorten none. The section, by its plain terms, applies to any and all cases filed after the effective date of the Act, regardless of when the underlying conduct occurred." 148 Cong. Rec. S 7418, Legislative History of Title VIII of H.R. 2673: The Sarbanes-Oxley Act of 2002 (July 26, 2002). These comments do not support the SEC's conclusion on retroactivity.

First, the case at bar was filed <u>prior</u> to the enactment of Sarbanes-Oxley and thus Senator Leahy's comments lend support to KMK's argument and this Court's ruling that Sarbanes-Oxley has no application to this case. Secondly, courts analyzing Senator Leahy's comments have specifically rejected the argument that this legislative history demonstrates Congress' intent to revive time-barred claims. As stated in *Enterprise Mtg.*:

> None of Senator Leahy's statements referred to reviving time-barred claims nor did he make any statements that clearly show the Act intended for the resurrection of time-barred claims. In fact, Mr. Leahy actually made one statement that indicated the Act was not intended to revive time-barred claims. During a hearing he stated: "[In the Act] we extend the statute of limitations in security-fraud cases – something that would've helped so many people who were defrauded by Enron and others. [citations omitted]. Additionally, Senator Gramm made statements indicating that the Act does not revive time-barred claims. In response to Senator Durbin's assertion that the one-year/three-year statute of limitations permitted some corporate officers to "get off the hook," Mr. Gramm said: "When the Senator was talking about letting people off the hook, surely everybody understands that our system has no ex post facto laws. So if the provision raising the statute of limitations to 5 years became law, it would have no

> effect on anybody who has committed one of these violations about which we are talking."

295 F. Supp.2d at 316; *see also In re ADC Telecommunications, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS, at **10-12 (after analyzing both Senator Leahy and Senator Gramm's comments and noting that in fact, Sarbanes-Oxley did not revive the Enron plaintiffs' claims, the court ruled that it "[could] not conclude that Congress intended the new statute of limitations to apply retroactively and revive previously time-barred claims"); *In re Enron Corp. Sec. Litig.*, 2004 U.S. Dist. LEXIS, at *59 (analyzing Senator Leahy's comments, the court noted that "[s]uch a principle of limitations based on when suit was filed rather than the underlying misconduct would reward those plaintiffs who delayed filing their suits, clearly not the purpose of a limitations period").

Based on the weight of authority, therefore, the legislative history of Sarbanes-Oxley does not demonstrate that Congress clearly intended to apply the lengthened statute of limitations in Section 804(b) to already time-barred claims.

## IV.    CONCLUSION

For the foregoing reasons, the former KMK Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file supplemental materials.

Respectfully submitted,

/s/ Thomas W. Breidenstein
Michael R. Barrett (0018159)
Thomas W. Breidenstein (0064299)
BARRETT & WEBER, LPA
500 Fourth & Walnut Centre
Cincinnati, Ohio 45202
Tel: 513-721-2120
Fax: 513-721-2139
mrbarrett@barrettweber.com
twbreidenstein@barrettweber.com
*Attorneys for Non-Parties,*
*Keating, Muething & Klekamp PLL and*
*Mark A. Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2004, I electronically filed the foregoing "Non-Parties Keating, Muething & Klekamp PLL and Mark A. Weiss' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Materials" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, to any party or counsel not receiving electronic service, see below, from CM/ECF a true copy of the foregoing was mailed by ordinary U.S. Mail on this 4th day of October, 2004.

Gene Irving Mesh
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
Attorneys for the Plaintiffs

Stephen J. Brogan
Cheryl E. Forchilli
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 2001
Attorneys for Non-Party Ernst & Young

/s/ Thomas W. Breidenstein
Thomas W. Breidenstein