UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, on behalf of himself and of all others similarly situated, | : : | Case No. C-1-00-793 Judge Sandra S. Beckwith |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | **Oral Argument Requested** |
| OHSL Financial Corporation, et al. | : | |
| Defendants. | : | |

_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO KMK'S MOTION FOR RECONSIDERATION OF RECUSAL ORDER (DOC. NO. 402)**

**I.    INTRODUCTION**

Plaintiffs respectfully submit this Memorandum in Opposition to the Motion for Reconsideration of Judge Beckwith's recusal Order (Doc. No. 402). Although Plaintiffs understand that the issue may now be moot because Judge Beckwith has re-asserted jurisdiction over the case (Doc. No. 404), Plaintiffs submit this opposition to complete the record, and to rebut the inaccurate and highly prejudicial Motion for Reconsideration filed by the OHSL and Provident Defendants.

This Motion for Reconsideration was precipitated by the very strange turn of events in this case, possibly—but by no means certainly—because the Court exited from all cases involving the law firm of Graydon, Head & Ritchey, LLP ("GH&R"). If this is the case, one has to wonder why this case became the exception to the general rule. First,

1

on October 20, 2004[1], the Honorable Judge Beckwith issued a two sentence Order of Recusal, which also directed that the case be re-assigned. The Order (Doc. No. 401) did not explain the reasons for her recusal. On October 21, 2004 the case was duly re-assigned to the Honorable Judge Dlott (Doc. No. 402). On October 22, 2004, KMK improperly filed a Motion for Reconsideration which listed the Honorable Judge Beckwith as the presiding judge in this case. (Doc. No. 403). In addition to filing this Motion on the electronic filing system, defense counsel also hand delivered this Motion for Reconsideration to the Honorable Judge Beckwith's chambers. (*See*, Affidavit of Michael G. Brautigam, Attached as Exhibit "A"). The OHSL and Provident Defendants did so even though the case had already been re-assigned nearly contemporaneously with recusal to the Honorable Judge Dlott and the Honorable Judge Beckwith no longer had jurisdiction of this case.

Finally, on October 22, 2004, the Honorable Judge Beckwith filed an Order Withdrawing the Order of Recusal. (Doc. No. 404). Although the Honorable Judge Beckwith stated that this Order had been "improvidently granted," (Doc. No. 404) no reasons were ever given for her initial recusal or her subsequent reversal of the recusal.

II.     **LEGAL ARGUMENT**

    A.     **The Motion for Reconsideration is Procedurally Improper.**

Perhaps the most disturbing aspect of this Motion for Reconsideration was the fact that the OHSL and Provident Defendants completely disregarded the fact that the

---

[1] This is exactly one year to the day that Keating, Muething & Klekamp, LLP (hereinafter "KMK") was disqualified from representing the OHSL and Provident Defendants, but was allowed to continue in pretrial matters with the condition that they obtain the consent of their clients. KMK has not done so, and cannot do so, which is the subject of Plaintiffs Motion to Completely Disqualify KMK and Motion for Contempt (Doc. No. 314).

case had already been transferred to the Honorable Judge Dlott (Doc. No. 402) in their Motion for Reconsideration.

First, the OHSL and Provident Defendants incorrectly listed the Honorable Judge Beckwith as the presiding judge on the Motion for Reconsideration when the case had already been re-assigned to the Honorable Judge Dlott at the time the Motion for Reconsideration was filed and at the time of recusal.

Second, the OHSL and Provident Defendants incorrectly stated in their Motion for Reconsideration that "There have been 401 docket entries in this case." (Doc. No. 403). This was untrue, since there were 402 docket entries at that time. Doc. No. 402 was the entry which re-assigned this case to the Honorable Judge Dlott. This deliberately false statement cannot be explained away by the usual sloppiness and incompetence of the OHSL and Provident Defendants' counsel. Rather, this could be seen as a direct attempt to mislead the Honorable Judge Beckwith so that she would forget, or not realize, that the case had already been re-assigned to the Honorable Judge Dlott; it is also an express recognition that Judge Beckwith no longer had jurisdiction over this case.

Third, aside from filing this Motion for Reconsideration with the electronic filing system, the OHSL and Provident Defendants' also hand delivered this Motion to the Honorable Judge Beckwith's chambers. (*See*, Brautigam Affidavit, attached as Exhibit "A"). When the OHSL and Provident Defendants' counsel hand-delivered this Motion, they knew that Judge Beckwith was no longer the presiding judge and was thus divested of judicial authority in the case. However, rather than honoring the new authority of the Honorable Judge Dlott which arose by virtue of the entry re-assigning this case to her (Doc. No. 402), the OHSL and PFGI Defendants went out of their way to bypass the

3

Honorable Judge Dlott and to try and ensure that Honorable Judge Beckwith decide their Motion for Reconsideration even though Judge Beckwith no longer had jurisdiction over the case.

> **B. The OHSL and Provident Defendants' Motion for Reconsideration is Based Entirely on Speculation.**

The Motion for Reconsideration is based upon wild speculation that has absolutely no evidentiary or factual basis. The OHSL and Provident Defendants state "The common denominator appears to be that Judge Beckwith has recused herself from all cases in which the Graydon Head & Ritchey firm appeared as counsel." (Doc. No. 403). Aside from checking the PACER system, this argument has no basis in reality. The OHSL and Provident Defendants have presented no evidence which would indicate that this argument has any basis in fact, and the Honorable Judge Beckwith has certainly not substantiated this argument through her Order of Recual (Doc. No. 401) or her subsequent Order of Withdrawal of Recusal (Doc. No. 404). Additionally, this argument is insulting to Judge Beckwith for it suggests that she was previously unaware of the attorneys who had appeared before her almost a year ago.

GH&R appeared during a very memorable and contentious part of this action. Their continuing presence infects the case, and the Court's deliberations to date and their papers and arguments will forever be part of this case. If the Court perceived an actual, apparent, or potential conflict with the GH&R firm that was so serious that it led the Court *sua sponte* to recuse itself from this case and others similarly situated, their withdrawl does not remove the taint. Why is this case different from all other GH&R case recusals?

4

GH&R appeared as a result of KMK being disqualified in part from representing the OHSL and Provident Defendants based upon its conflicts of interest with its clients[2]. In addition, Mr. Pinney and GH&R were also present for the bizarre spectacle of Defendant Norbert Brinker's February 4, 2004 deposition.[3] Finally, even if the Honorable Judge Beckwith did not recall these other events, it would have been nearly impossible for her to have forgotten the dispute over John Pinney, Esq.'s unauthorized February 11, 2004 letter to her.[4] As a result, given this highly irregular and controversial string of events, it is inconceivable that the Honorable Judge Beckwith was unaware of GH&R's appearance in the case, or its subsequent withdrawal from the case.

C. **The OHSL and Provident Defendants' Argument is Also Faulty in that it Neglects the Fact that Graydon, Head & Ritchey Still has a Strong Presence in this Case Despite the Fact that It has Withdrawn as Counsel for the OHSL and Provident Defendants.**

However, even if the OHSL and Provident Defendants' argument did have some merit, and it was possible that the Honorable Judge Beckwith had forgotten that Mr.

---

[2] Despite KMK's false statements that the OHSL Defendants selected GH&R to represent them, GH&R was selected by KMK without the knowledge and consent of the OHSL Defendants. This fact is dramatically illustrated by the deposition of former OHSL Chairman of the Board Norbert Brinker, (as well as all other OHSL Defendants) who was blissfully unaware of GH&R's representation, even though his alleged counsel, John Pinney, was sitting approximately ten feet from Mr. Brinker during the deposition. GH&R must have been greatly disturbed by this testimony and their designated role as KMK's shill, since GH&R withdrew shortly thereafter.

[3] Since Defendant Brinker denied during his deposition that he was represented by Mr. Pinney or GH&R, even though Mr. Pinney was present at his deposition, this likely confirmed for Mr. Pinney and GH&R that KMK's dual representation of the OHSL and Provident Defendants was highly improper and much more questionable than they had ever been led to believe by KMK. At the end of Defendant Brinker's deposition, it was clear that Defendant Brinker needed a *guardian ad litem* more than an attorney, and that he was incapable of providing the informed consent that was necessary for GH&R and KMK to continue to represent him.

[4] This letter was in response to Michael G. Brautigam, Esq.'s authorized letter to the Court.

Pinney, Mr. Debbler, and GH&R had withdrawn as counsel in this case, this is still not enough to grant their Motion for Reconsideration. Mr. Pinney, Mr. Debbler, and GH&R still play a significant role in this action. GH&R firm filed some of the most critical documents in the case that remain to be decided. (*See*, Table of Key Events and GH&R Filings, Attached as Exhibit "B"). In particular, GH&R filed responses to Plaintiffs' Motion for Reconsideration of the Order decertifying the class (Doc. No. 242), Plaintiffs' Motion for Class Certification (Doc. No. 244), and the OHSL and Provident Defendants' Motion to Dismiss the Consolidated Amended Complaint (Doc. No. 253), and their Amended Motion to Dismiss the CAC (Doc. No. 264), Cross-Motion for Summary Judgment on Plaintiffs' Section 11 "Restatement Claim," (Doc. No. 270), and various and sundry other filings. (*See*, Key events and filings involving Graydon Head & Ritchey, Attached as Exhibit ""B"). GH&R has also made several Court appearances in the case. If the reason for the Honorable Judge Beckwith's initial recusal was that she had decided that she could not preside over any case in which GH&R attorneys were involved, then these filings confirm that this issue should still be a problem since she would still be evaluating the work of GH&R in this case. Conflicts of interest do not simply disappear from one day to the next. Either an actual or potential conflict of interest exists in this case in relation to GH&R, or it does not. Given the substance of the Motion for Reconsideration, the OHSL and Provident Defendants obviously believe that the initial Order of Recusal was filed because the Honorable Judge Beckwith considered any evaluation of GH&R attorneys to be a potential or actual conflict. As a result, since this potential or actual conflict did not disappear the day that GH&R withdrew but

6

continues to pervade the case, the Motion for Reconsideration should be denied on this basis.

    D.    **<u>The Granting of the Motion for Reconsideration has the Appearance of Impropriety.</u>**

At the very least, the granting of the Motion for Reconsideration the same day that it was improperly hand delivered to the Honorable Judge Beckwith's chambers certainly shows that an appearance of impropriety exists in this case. The OHSL and Provident Defendants' actions indicate that they believe that they have the power to persuade the Honorable Judge Beckwith, and control events in this case, regardless of whether or not Judge Beckwith is still the presiding judge of this case. Since the Honorable Judge Beckwith withdrew her Order of Recusal on the very day that the OHSL and Provident Defendants served a copy of the Motion for Reconsideration upon her, the OHSL and Provident Defendants may very well be right.

This is especially the case since this withdrawal of the Order of Recusal not only came at a time when the case had already been re-assigned to the Honorable Judge Dlott, but also came without any substantive explanation. Fundamental notions of fair play and substantial justice require that the Plaintiffs not only be given an opportunity to respond to the Motion for Reconsideration, but that they also receive an explanation as to why this procedural irregularity occurred in this case. The Plaintiffs have received neither. As a result, since this series of events can be considered nothing less than an improper one-way dialog between the Court and the OHSL and Provident Defendants, the Motion for Reconsideration should be denied based upon the appearance of impropriety surrounding this Motion.

### E. The OHSL and Provident Defendants' Judicial Economy Argument Should Never Supercede a Concern Regarding a Judicial Conflict of Interest

Finally, the OHSL and Provident Defendants argue that the Honorable Judge Beckwith must still preside over this case in order to ensure judicial efficiency. Although there is no evidence that re-assignment to the Honorable Judge Dlott would have unnecessarily delayed this case, even if it did, such a concern should never trump a potential or actual judicial conflict of interest. If a conflict exists, as the Honorable Judge Beckwith must have believed that it did when she initially recused herself from this matter, there is no benefit arising from judicial economy which would override the potential costs associated with a potential or actual judicial conflict of interest. All parties, including the Plaintiffs, are entitled to have a truly impartial judge preside over their cases. Given the strange turn of events related to the filing and then immediate withdrawal of the Order of Recusal after the OHSL and Provident Defendants improperly filed their Motion for Reconsideration, Plaintiffs' are entitled to question whether or not they still have this impartiality with the Honorable Judge Beckwith.

Therefore, given these valid concerns, even if there was a resulting inefficiency associated with the re-assignment of this case to the Honorable Judge Dlott, this should never override the overwhelming necessity of judicial impartiality.

### III. CONCLUSION

8

Thus, for the foregoing reasons, Plaintiffs respectfully request that this Court deny the OHSL and Provident Defendants' Motion for Reconsideration, and that the Court reverse it's previous ruling re-asserting jurisdiction over the case.

                                      Respectfully Submitted,

                                      **GENE MESH & ASSOCIATES**

Dated:  27 October 2004

                              By:    /s/ Gene Mesh
                                        Gene Mesh (0002076)
                                        Michael G. Brautigam
                                        2605 Burnet Avenue
                                        Cincinnati, Ohio 45219-2502
                                        513 221 8800 telephone
                                        513 221 1097 fax

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing Opposition to Motion for Reconsideration (Doc. No. 403) was filed this 27th day of October 2004 as per the Court's ECF system:.

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center
 North Main Street
Dayton, Ohio 45402-1908


John Hust, Esq.
SCHROEDER, MAUNDRELL,
BARBIERE & POWERS
Suite 110, Governor's Knoll
11935 Mason Road
Cincinnati, OH 45249


                                        /s/ Stephanie A. Hite
                                        **Stephanie A. Hite**