UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann, | : | |
| on behalf of himself and of | | Case No. C-1-00-793 |
| all others similarly situated, | : | |
| | | Judge Sandra S. Beckwith |
| Plaintiff, | : | |
| | | Magistrate Judge Hogan |
| vs. | : | |
| | | |
| OHSL Financial Corporation, et al. | : | |
| | | **AFFIDAVIT OF** |
| | | **MICHAEL G.** |
| Defendants. | : | **BRAUTIGAM** |

STATE OF OHIO          :
                       : SS:
COUNTY OF HAMILTION    :

**MICHAEL G. BRAUTIGAM**, being duly sworn, deposes and states as follows:

1. I am one of the counsel for Plaintiffs and the putative class in this action;

2. I make this affidavit in support of Plaintiffs' Opposition to the Motion of the OHSL and PFGI defendants for Reconsideration of the Recusal Order (Doc. No. 403). In my review of the Motion for Reconsideration, I observed the OHSL and Provident Defendants had included the name of the wrong judge in the caption. Since the case had been duly re-assigned to the Honorable Judge Dlott at the time the Motion for Reconsideration was filed, the Honorable Judge Dlott's name should have been listed in the caption of the filing rather than the Honorable Judge Beckwith's name;

3. Perhaps the most egregious aspect of the Motion for Reconsideration is the deliberate omission of any reference to Doc. No. 402, which is the Entry duly assigning the case to the Honorable Judge Dlott, who was the Judge on the case at the time of the filing of the Motion for

1

*EXHIBIT A*

Reconsideration (Doc. No. 403). I believe that this omission was a deliberate attempt to mislead the Court and to hide from it the fact that the case had already been properly re-assigned to the Honorable Judge Dlott, and thus Judge Beckwith was (presumably) divested of judicial authority in the case;

4. At the deposition of one of Plaintiffs' expert witnesses on either Thursday, October 21st or Friday, October 22nd, I was informed by James E. Burke, Esq., lead counsel for the OHSL and PFGI Defendants that the OHSL and PFGI Defendants had hand delivered or intended to hand deliver a copy of their motion for reconsideration to Judge Beckwith's chambers, even though the case was then assigned to Judge Dlott.

5. I did not see any reference or indication in the certificate of service of the Motion for Reconsideration that the KMK firm had served the Honorable Judge Beckwith with a copy of the Motion for Reconsideration in her chambers. In my opinion, this hand delivery to Judge Beckwith was not only highly irregular since she was no longer the presiding judge in the case, but also misleading and deceptive since it inferred that service had been made only through normal channels, i.e. the ECF system, which presumably would direct the Motion to the then-presiding judge in the case, the Honorable Judge Dlott.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Michael G. Brautigam

Sworn to before me and subscribed in my presence this 27th day of October, 2004.

_____

**STEPHANIE A. HITE**
Notary Public, State of Ohio
My Commission Expires
February 16, 2009

2