IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WALTER THIEMANN, et al.** | : | Case No. C-1-00-793 |
| **Plaintiffs,** | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| **OHSL FINANCIAL CORP., et al.** | : | |
| **Defendants.** | : | |
| | : | |

**PLAINTIFFS' MOTION TO CERTIFY THIS COURT'S ORDER GRANTING THE MOTION FOR PARTIAL SUMMARY JUDGMENT TO PROVIDENT FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. §1292(b) (DOC. NO. 406).**

Dated: November 3, 2004   **GENE MESH & ASSOCIATES**

Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

1

Plaintiffs, by and through counsel, respectfully request that this Court certify its October 28, 2004 Order (Doc. No. 406) which grants partial summary judgment to Defendant Provident on Restatement issues. Plaintiffs submit that this Order involves controlling questions of law pursuant to 28 U.S.C. §1292(b) to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Plaintiffs submit the following Memorandum in support thereof.

                                                          Respectfully Submitted,

Dated: November 3, 2004

/s/Michael G. Brautigam
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM**

**I.     INTRODUCTION**

On March 5, 2003, and April 15, 2003, the First and Second Restatements of the Provident financial statements were revealed to the investing public.[1] These Restatements conclusively indicated that Provident's financial statements were materially misstated. As a result of these filings, Plaintiffs filed a motion for leave to file an amended complaint to include a Restatement claim two days after the First Restatement has filed and later filed a Consolidated Amended Complaint on December 31, 2003 (Doc. No 234).

Plaintiffs filed a motion for partial summary judgment on January 22, 2004 against Defendant Provident.  On February 12, 2004, Defendant Provident filed a response in opposition to Plaintiffs' motion (Doc. No. 269) and a cross-motion for partial summary judgment (Doc. No. 270).  On October 27, 2004, this Court granted Defendant Provident's cross-motion for partial summary judgment (Doc. No. 406).   Plaintiffs now respectfully request that the Court certify this decision for immediate appeal pursuant to 28 U.S.C. § 1292 (b).

Since the Court incorporates by reference the Court's previous Order on the same issue (statute of limitations/statute of repose), Plaintiffs, in the interests of judicial economy, respectfully incorporate the legal analysis set out in their previous request for certification (Doc. No. 340).  Judicial economy and common sense indicates that if the

---

[1]   Through discovery, Plaintiffs have obtained Provident's internal documents that reveal that Provident was aware of significant problems with the auto lease model that led to the massive 2003 Restatements for several years before the Restatements were announced.  Provident, as a matter of law, should not be rewarded for continuing to hide the fraud until they believed that the statute of limitations had run.  Such a perverse incentive to defraud the financial markets cannot have a basis in law.

Court were to grant the interlocutory appeal with respect to E&Y (and also KMK), interlocutory appeal should be granted with respect to this Order as well. Plaintiffs make one final point: on September 13, 2004 Plaintiffs filed a motion for leave to file supplemental material that directly bears on the issue before the Court as to whether or not to grant plaintiffs' motion for an interlocutory appeal. (Doc. No. 386). The supplemental materials that Plaintiffs wish to file consist entirely of an SEC *amicus* brief that was filed in the United States Court of Appeals for the Second Circuit, and Plaintiffs respectfully submit that consideration of this brief would assist the Court in rendering a decision on this motion as well.

## II.   CONCLUSION

Thus, for the foregoing reasons, as well as those set out more fully in Doc. No. 340, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Certify This Court's Order Granting Partial Summary Judgment to Defendant Provident on Restatement Issues for Immediate Appeal Pursuant to 28 U.S.C. §1292 (b).

Dated: November 3, 2004                                                    **GENE MESH & ASSOCIATES**

/s/MichaelG.Brautigam
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the Putative Class*

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing Plaintiffs' Motion to Certify This Court's Order dismissing the Case Against Defendant Provident for Immediate Appeal Pursuant to 28 U.S.C. §1292 (Doc. No. 406) was served this 3rd day of November 2004 as per the Court's ECF system on the following:


James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752


James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center, 6 North Main Street
Dayton, OH 45402-1908


                                           /s/ Stephanie A. Hite
                                           **Stephanie A. Hite**