Nos. 04-4327/4513/4514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
05 FEB -7 PM 2:54

FILED
FEB 0 7 2005
LEONARD GREEN, Clerk

1:00cv793
Beckwith

No. 04-4327 )
)
In re: WALTER W. THIEMANN, Putative )
Plaintiff Class, et al., )
)
Petitioners. )
)
_____ ) ORDER
)
Nos. 04-4513/4514 )
)
WALTER W. THIEMANN, et al., )
)
Plaintiffs-Appellants, )
)
v. )
)
OHSL FINANCIAL CORPORATION, et al., )
)
Defendants-Appellees. )
)
)

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By_____ Deputy Clerk

Before: SILER, COLE, and CLAY, Circuit Judges.

This securities litigation brought under state and federal law arises from the 1999 merger between OHSL Financial Corporation and Provident Financial Group, Inc. Before this court are two matters. First, the plaintiffs seek a writ of mandamus directing the district judge to recuse herself from this litigation and to vacate certain substantive orders. Secondly, the plaintiffs have filed two appeals in the case. The defendants move to dismiss those appeals on grounds that the notices of appeal do not comply with Fed. R. App. P. 3(c).

Turning first to the petition for a writ of mandamus, Case No. 04-4327, we note that a petition for mandamus may raise an issue of the district judge's appearance of impropriety under 28 U.S.C. § 455. *In re Aetna Casuality and Surety Company*, 919 F.2d 1136 (6th Cir. 1990) (en banc). Recusal decisions are ordinarily reviewed for an abuse of discretion. *Id.* Further, petitions for relief in mandamus generally are evaluated under the five guidelines adopted in *In re Bendectin Prod. Litig.*, 749 F.2d 300, 304 (6th Cir. 1984):

> 1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired;
>
> 2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.);
>
> 3) The district court's order is clearly erroneous as a matter of law;
>
> 4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules;
>
> 5) The district court's order raises new and important problems, or issues of law of first impression.

This court has often reiterated this test, noting that review in mandamus provides a "safety valve" to the final-judgment rule. *In re Chimenti*, 79 F.3d 534, 539 (6th Cir. 1990), *quoting In re School Asbestos Litig.*, 977 F.2d 764, 773 (3d Cir. 1992). In the instant case, the balance of these factors weighs against granting any relief in mandamus.

On October 20, 2004, the district judge entered *sua sponte* an order, the body of which reads in its entirety: "The undersigned hereby recuses herself from this case. The Clerk is hereby directed to reassign this case to another District Judge." The district clerk made an entry the same day indicating that the case had been reassigned to the docket of another judge.

Two days later, the defendants filed a motion for reconsideration of the order of recusal. They noted that the judge had issued similar orders of recusal in several other cases on the same day.

Noting that the "common denominator" was the presence of a particular law firm, the defendants pointed out that the firm had withdrawn from the instant litigation over seven months earlier. The same day that this motion was filed, the district court entered a second order, which reads: "The order of recusal (Doc. No. 401) was inadvertently issued and it is, therefore, withdrawn. The Clerk of Court is directed to return the case to this Court's docket."

In a letter to this court offered in response to the petition for a writ of mandamus, the district judge explains that certain unspecified events during the month of October 2004 caused her to recuse herself in all matters in which the law firm was appearing. The judge was unaware that the law firm, with which the judge once practiced, had withdrawn from this action many months earlier. On discovering the mistake, the judge, who also acts as the Chief Judge of the district, promptly rescinded the prior order and reasserted jurisdiction in the case.

We cannot conclude that these circumstances rise to a level warranting intervention by relief in mandamus. During the time that this litigation has been pending, the plaintiffs have never raised any issue of bias or appearance of impropriety regarding the district judge. Although they now find evidence of the same in the district court's subsequent rulings, adverse rulings almost never constitute a basis for finding bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Finally, the posture of the case is now such that any errors may be raised in appeal.

The district court entered a decision in this case on November 5, 2004, apparently unaware that several days earlier the plaintiffs had sought to invoke this court's original jurisdiction through the mandamus petition. The decision of November 5 appears to dispose of all of the remaining claims within this action. Apparently of the same opinion, the plaintiffs filed two notices of appeal, resulting in the docketing of Case Nos. 04-4513 and 04-4514 in this court. The notices of appeal indicate that the plaintiffs are appealing the "termination" of the action. The defendants move to

dismiss these appeals for failure to designate the decision, judgment or order on appeal as required by Fed. R. App. P. 3(c)(1)(B). *See United States v. Glover*, 242 F.3d 333 (6th Cir. 2001).

On January 12 and 14, 2005, the plaintiffs filed in the district court two amended notices of appeal that set forth in great detail the decisions and orders of which they seek appeal. The defendants argue that these amended notices of appeal do not confer any jurisdiction upon this court because they are untimely. However, Fed. R. Civ. P. 58(a)(1) requires, with certain exceptions not here applicable, that "[e]very judgment and amended judgment must be set forth on a separate document." The term "judgment," as used in the civil rules, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 58 requires the judgment to be set out on a separate document "distinct from any opinion or memorandum." *Whittington v. Milby*, 928 F.2d 188, 192 (6th Cir. 1991), *quoting* Advisory Committee Notes 1963 Amendments. The intent of this requirement is to create a clear point in time from which the time for appeal begins to run. In the instant case, the district court has not entered a Rule 58 judgment, perhaps awaiting the outcome of the plaintiffs' petition for a writ of mandamus.

When a Rule 58 judgment is required, but has not been filed, Fed. R. App. P. 4(a)(7) provides that the judgment is considered to have been entered as of the earlier of two dates: 1) when the judgment or order is set forth on a separate document, or 2) when 150 days have run from the entry of the judgment or order. The Advisory Committee Notes to this provision indicate that it was adopted to place a finite cap for appeal on cases in which the district court had not entered a final judgment. As a result, the plaintiffs' amended notices of appeal in the instant case may be deemed timely.

Therefore, the petition for a writ of mandamus is **DENIED**. Further, the motion to dismiss Case Nos. 04-4513 and 04-4514 is **DENIED**. The clerk of this court is directed to obtain the

Nos. 04-4327/4513/4514
- 5 -

amended notices of appeal from the district court and to associate them with Case Nos. 04-4513 and 04-4514. The appeals shall proceed upon the court's docket.

ENTERED BY ORDER OF THE COURT

_Leonard Green_
Clerk