UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | |
| | : | ORAL ARGUMENT REQUESTED |
| Defendants. | | |

**PLAINTIFFS' REPLY TO THE RESPONSE OF PROVIDENT AND OHSL DEFENDANTS' TO ORDER TO SHOW CAUSE REGARDING DEPOSITION OF ROSS D. FUERMAN; CROSS-MOTION FOR PAYMENT OF EXPERT FEES AND EXPENSES FOR CANDACE PRESTON AND MICHAEL WALKER; AND REQUEST FOR SANCTIONS**

Plaintiffs respectfully submit this reply to the Response of the Provident and OHSL Defendants to the Court's Order to Show Cause Regarding the Deposition of Ross D. Fuerman (Doc. No. 417) and submit Plaintiffs' Cross-Motion for Payment of Expert Fees and Expenses for Candace Preston and Michael Walker, and Request for Sanctions. The Reply and Cross-Motion is supported by the attached Memorandum.

1

Dated: 11 March 2005

**GENE MESH & ASSOCIATES**

Respectfully Submitted,

 /s/ Michael G. Brautigam
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the
Putative Class*

**MEMORANDUM IN OPPOSITION TO PROVIDENT AND OHSL DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CAUSE (DOC. NO. 417) AND IN SUPPORT OF CROSS-MOTION FOR PAYMENT OF EXPERT FEES AND EXPENSES FOR CANDACE PRESTON AND MICHAEL WALKER; AND REQUEST FOR SANCTIONS**

**I.    PRELIMINARY STATEMENT**

There is one main issue before the Court: whether or not the Provident and OHSL Defendants must pay Plaintiffs' experts for their time after requesting them to appear at their depositions? The answer according to the Federal Rules of Civil Procedure is, of course, is yes. Furthermore, this answer does not just apply to Ross D. Fuerman, Ph.D., but also to Plaintiffs' two other experts: UC Business Professor Michael C. Walker, Ph.D., and Candace Preston. Although the OHSL and Provident Defendants have attempted to cloud this issue by interjecting irrelevant facts and arguments[1], the OHSL

---

1.  For instance, although the OHSL and Provident Defendants include a section entitled "Relevant Facts," this section includes neither facts nor information which is relevant. Rather, the section is almost entirely OHSL and Provident Defendants' spin on events.

2

and Provident Defendants cannot escape the very relevant fact that the OHSL and Provident Defendants are not refusing to pay just Dr. Fuerman's expert fees based upon the reasonableness of the fees, but have refused to pay all of the Plaintiffs' experts in this case. This is important because this Court has in essence stated in its Order (Doc. No. 418) that Federal Rule 26 requires the OHSL and Provident Defendants to pay Dr. Fuerman's fees and expenses, and that the burden is on them to show why they should not have to do so.

As a result, it was no accident that the Response of Provident OHSL Defendants to Order to Show Cause (hereinafter "Response") attempted to deflect attention from their consistent and deliberate shirking of their financial responsibilities in this case by attacking their adversaries and misleading the Court. This is done in four main ways.

First, the OHSL and Provident Defendants attack the credibility of Dr. Fuerman. In particular, they malign Dr. Fuerman by challenging his demeanor, challenging his credentials, and by stating that he was improperly acting as "*de facto* co-counsel" during his deposition.[2] (*See,* Affidavit of Dr. Fuerman, identified and attached as Exhibit A.) However, not only are all of these criticisms untrue, but they are also of no consequence under Federal Rule 26.

---

2. These attacks were not limited to Dr. Fuerman, but also included snide and underhanded comments about Dr. Lutz. For example, even though Dr. Lutz was not even deposed in this case, in the "Relevant Facts" Section of Response the OHSL and Provident Defendants state that Dr. Lutz is a "self-described expert on the English language." (Response, p.2). Dr. Lutz has served as an advisor to the SEC for more than a decade, was instrumental in the SEC's Plain Language Initiative, and has testified and always been recognized as an expert in plain language in Federal and state courts throughout the country. Consequently, the OHSL and Provident Defendants' attacks must be taken for what they are: baseless and shameless attempts to avoid their financial obligations in this case.

Second, the OHSL and Provident Defendants argue that they are only required to pay what is reasonable. The only problem with this argument is that it is completely disingenuous since the word "reasonable" was never uttered by OHSL and Provident Defendants' counsel's prior to this Response. In fact, the correspondence reveals that the OHSL and Provident Defendants claim that they had any duty to pay any expert fees in this case, and that they never had any intention of doing so.

On October 22, 2004, Dr. Fuerman sent Mr. Burke a letter seeking his expenses for his October 21, 2004 deposition. (*See*, Correspondence, collectively attached as Exhibit B). In this letter, Dr. Fuerman was very thoughtful in terms of his expenses, and more than reasonable. However, in Mr. Burke's response to Dr. Fuerman's letter, Mr. Burke does not once use the word "reasonable." Rather, Mr. Burke stated the following:

> "The way things work with expert testimony is that Mr. Brautigam is responsible for all charges and out-of-pocket costs associated with your services. I am responsible for all costs of my expert witnesses, including charges to prepare for and attend depositions, as well as out-of-pocket expenses. At no time was it requested or suggested that I pay for your expenses nor have I agreed to do so."[3]

(*See*, Correspondence, collectively attached as Exhibit A).

Similarly, on November 5, 2004, Mr. Burke also sent a letter to Mr. Brautigam which confirms that Plaintiffs are not in any way misinterpreting Mr. Burke's letter to Dr. Fuerman. In this letter, Mr. Burke stated the following:

> "This will reiterate what I already told Mr. Fuerman. You never requested nor even mentioned the topic of my client paying the cost of deposing

---

[3] This not the first time that Mr. Burke has made false representations to a witness in the case. As the Court no doubt remembers, after the initial (July 2001) ruling on the motion to dismiss, Mr. Burke called key plaintiffs' witness and class member Thomas M. Herron and falsely told him that the entire case had been dismissed against all defendants save Defendant Hanauer.

4

> your expert witnesses. Clearly, I have never agreed to do so. Indeed, given the fact that you named five expert witnesses, for whatever reason, it would make no sense for me to agree to reimburse the cost of deposing these individuals. At no time was this subject ever discussed or agreed to. You pay the cost of your expert witnesses and I will pay the cost of mine."

Id. (*See*, Correspondence, collectively attached as Exhibit B). Once again, no mention of "reasonableness," just a blatant refusal to pay any costs associated with Plaintiffs' experts. There can be no doubt that Mr. Burke never had any intention of paying Plaintiffs' experts anything after demanding use of their valuable time.

Rather, these letters stand in stark contrast to the approach taken in the Response. In the Response, the OHSL and Provident Defendants state that: "Nevertheless, there remains a legitimate, good faith dispute over whether what Dr. Fuerman is seeking is 'reasonable' under all of the circumstances." (Response, at 1). Not only is this statement a one-hundred and eighty degree turn from anything stated by Mr. Burke in his letters, but it all does not communicate the law on this point. Federal Rule 26 does not set forth any standard which requires that the reasonableness of the fees be considered "under all of the circumstances." Consequently, this language must be considered as nothing less than another attempt by the OHSL and Provident Defendants to mislead this Court and deflect its attention away from the fact that they are once again shirking their financial obligations in this case not only in relation to Dr. Fuerman, but also as to Dr. Walker and Candace Preston. (*See*, Affidavit of Dr. Walker, identified and attached as Exhibit C; and Affidavit of Ms. Preston, identified and attached as Exhibit D.)

Third, the OHSL and Provident Defendants intentionally omit any discussion of their refusal to pay Dr. Walker or Ms. Preston. The OHSL and Provident Defendants realize that their arguments regarding the reasonableness of Dr. Fuerman's fees will be

severely weakened once it is revealed that they are not just refusing to pay his fees, but all of the Plaintiffs' experts' fees.[4] This is because this confirms is that the OHSL and Provident Defendants are not making a legitimate good faith argument as to the reasonableness of Dr. Fuerman's fees, but rather just improperly disregarding Federal Rule and refusing to pay all of Plaintiffs' experts fees.

Finally, the OHSL and Provident Defendants make the insincere arguments that they "have no desire to cause unwarranted financial hardship to Dr. Fuerman," and that they want to "fully perform their obligations in this matter." (Response, p. 1). If this was true, then Mr. Burke would have not only taken the time to consult to Federal Rule 26(b)(4)(c) before responding to Dr. Fuerman's request for fees, but this matter would not even be before this Court today.[5] It obviously has cost the OHSL and Provident Defendants a large sum of money to respond to this Court's Order. If they truly wanted to perform their obligations in this matter, they would have paid Dr. Fuerman directly

---

[4] The Plaintiffs are sure that given time the OHSL and Provident Defendants will all attempt to malign both Dr. Walker and Ms. Preston in an attempt to avoid their financial obligations to these two experts. Accordingly, Plaintiffs have attached their transcripts as Exhibits E and F, so that this Court can see for itself that there is absolutely nothing improper or even unusual in these depositions, except perhaps for the low level of questioning.

[5] If Mr. Burke really knew "the way things work with expert testimony," as he stated he did in his October 26, 2004 letter to Dr. Fuerman, then Mr. Burke would have at least mentioned this reasonableness standard in the letter. Mr. Burke did not do so but rather flatly denied any responsibility for Dr. Fuerman's fees, as he has also done in relation to Dr. Walker and Ms. Preston. The fact that he did not mention this reasonableness standard confirms that he either he was unaware of Federal Rule 26(b)(4)(c), or that he was trying to defraud Dr. Fuerman out of the fees and expenses to which he was legally entitled.

rather than use this money to fund a Response challenging said fees and expenses.[6] This is especially the case given the concessions that Dr. Fuerman made to attempt a resolution of this issue.

In this letter, Dr. Fuerman made a good faith effort to try and resolve this matter by reducing his fee by $600.00 in order to eliminate the one-hour of questioning by Mr. Brautigam. (*See*, Correspondence, collectively attached as Exhibit B). He also deducted his $592.45 in travel expenses to which he was rightfully entitled. (*See*, Correspondence, collectively attached as Exhibit B). Although Mr. Burke states that the problem is one of "reasonableness" of the fee, this is simply false. Mr. Burke does not see this as a problem at all since he did not even take the "reasonableness" of the fee into consideration, but simply and unequivocally refused his request. The same is true for Ms. Preston and Dr. Walker.[7] Thus, it is more than disingenuous for the OHSL and Provident Defendants to argue that they wanted to perform their obligations in this matter and not financially harm Dr. Fuerman when the only response that was ever given was a flat refusal to pay anything.

---

[6] Of course, by paying Dr. Fuerman, and Plaintiffs' other experts, Mr. Burke and Keating, Muething & Klekamp, PLL (hereinafter "KMK") would have been unable to bill for the scurrilous Response to the Order to Show Cause, and thus generate additional revenue for KMK.

[7] Although Dr. Walker and Ms. Preston did not directly engage in correspondence with Mr. Burke, he unequivocally informed Mr. Brautigam that there would be no payment for any of Plaintiffs' experts. (*See*, Correspondence, collectively attached as Exhibit B).

II. **ARGUMENT**

  A. **No Agreement is Necessary in Order for the Defendants to be Required to Pay Their Fair Portion of the Expert's Fees Under the Federal Rules**

The OHSL and Provident Defendants spend much of their time in their repetitive and prolix brief attempting to argue things that are not in dispute. Plaintiffs and their experts have never attempted to force the Defendants to honor an agreement to pay these experts because there was no such agreement.[8] In the absence of an agreement to the contrary, Federal Rule 26(b)(4)(c) controls, as contemplated in this Court's Order. (Doc. No. 417).

The OHSL and Provident Defendants have no substantive counter to this argument. Although in their Response, the OHSL and Provident Defendants note a 27 year pattern where defense counsel has never been requested to pay an opposing party's expert, they neither cite a single rule or case in support of this position. In addition, they also do not provide a single affidavit in support of this sweeping statement about the irregular nature of an expert seeking to recover his expenses from the party seeking his

---

[8] Although no formal agreement was ever reached, Plaintiffs' counsel expected that Defense counsel would "fully perform their obligations in this matter," as the OHSL and Provident Defendants claim to be so willing to do. Since the rule is so clear in this matter, and precisely because this was never discussed, Plaintiffs' counsel had no reason to believe that the personal animosity that has dominated the case for five years would translate into this deliberate shirking of financial responsibilities by the OHSL and Provident Defendants, resulting in significant financial harm to these independent experts. Even attorneys admitted to this Court *pro hac vice* know that such conduct is entirely inconsistent with the appropriate ethical standards of attorneys who practice before this Court and in this District.

8

testimony[9]. Given that the OHSL and Provident Defendants attached six exhibits, some of them extremely voluminous, these omissions speak volumes.

### B. There is No Legal Basis for the OHSL and Provident Defendants' Unwarranted Scrutiny and Criticism of Dr. Fuerman's Deposition Testimony When Deciding if His Fee Should be Paid

There is also no legal basis for the OHSL and Provident Defendants' attacks upon Dr. Fuerman. Now realizing that they will have to pay Dr. Fuerman's fees and expenses in this case, the OHSL and Provident Defendants are scrambling to come up with arguments to reduce this fee. Although Rule 26 does not provide that this Court is to make a determination as to the reasonableness of the fee at issue, the OHSL and Provident Defendants nevertheless attempt to challenge its reasonableness on two fronts.

The first is the excessiveness of the fee. Although the OHSL and Provident Defendants argue that his fee was excessive, it was reasonable in every regard. (*See*, Affidavit of Dr. Ross D. Fuerman, Exhibit A). This issue is really a red herring for the reasons stated above. Mr. Burke repeatedly stated in his letter that they were not required to pay anything, and that they would not pay anything. It was only this Order to Show Cause (Doc. No. 417) which has caused them to change their tune. As a result, any arguments as to the reasonableness of Dr. Fuerman's fees must be taken for what they truly are: an attempt to avoid the payment of Dr. Fuerman's fees.

---

[9] The very fact that the Order to show cause exists with its specific references to the applicable rule confirms that the payment Dr. Fuerman is seeking from the OHSL and Provident defendants is normal and customary. It is difficult for Plaintiffs to believe that in 27 years of practice, Mr. Burke has never encountered another attorney who has reviewed the Federal Rules of Civil Procedure and has sough payment for his expert's fees. As stated above, if this were in fact true, Mr. Burke would surely have submitted an affidavit to put this important evidence in the record since it would obviously carry much more weight than the unfounded and sweeping statements he made in his Response.

However, even if this Court did review Dr. Fuerman's fees, they would be deemed nothing short of reasonable. Dr. Fuerman's $592.45 travel expenses were definitely modest. This is especially the case when they are considered in relation to the $3,600.00 the OHSL and Provident Defendants spent in relation to their costs associated with the deposition.[10] Similarly, Dr. Fuerman's rate for the deposition was not out of line. Many experts routinely charge different rates for different types of work, and deposition and trial testimony usually commands a higher rate than ordinary case or trial preparation.[11]

Additionally, Dr. Fuerman's credentials in the area of restatements are beyond question. Dr. Fuerman is an Associate Professor of Accounting at the Sawyer School of Management of Suffolk University in Boston, Massachusetts, where he teaches financial accounting, auditing, and fraud examination (also known as forensic accounting). He is a Certified Public Accountant (Ohio) and a Certified Fraud Examiner. During the past ten years, he has been the author or co-author of ten articles in the following journals: *Corporate Ownership & Control*, *Critical Perspectives on Accounting*, *Journal of Forensic Accounting*, *Research in Accounting Regulation*, *Journal of Legal Economics*,

---

[10] Plaintiffs realize that these costs were not just travel related expenses, the Plaintiffs also know that the $3,600.00 did not consist solely of court reporter costs. Plaintiffs also find it hard to believe that the OHSL and Provident's' counsel would have inconvenienced themselves in the same way that Dr. Fuerman did in order to keep his expenses to a minimum. In any event, this is entirely irrelevant to the issue before the Court.

[11] Plaintiffs did not challenge Dr. Prowse's compensation at the rate of $425/hour for his work on this case. Had Dr. Prowse been deposed, Plaintiffs would not have attempted to attack Dr. Prowse in an attempt to shirk their financial responsibilities as Burke and KMK have done here, but plaintiffs would have honored their moral, ethical, and legal obligation to pay an expert witness for his time. Furthermore, some of his work related to the accounting issues on which Dr. Fuerman opined. Consequently, Dr. Fuerman's rate of $300/hour was more than reasonable.

10

and *The CPA Journal.*

As an expert on restatements, Dr. Fuerman has been cited by Beatty, et al. (2001), Brickey (2003), Palmrose and Scholz (2004), Perino (2003), and Raghunandan, et al. (2003). Professor Palmrose is the 2003 winner of the Wildman Medal, which is given by the American Accounting Association to the Accounting professor whose research, published during the five calendar years preceding the year of the award, is adjudged to have made the most significant contribution to the advancement of the public practice of accountancy (including audit, tax and management services).

The second argument is that Dr. Fuerman's fee should be reduced because he behaved inappropriately during his deposition and needlessly prolonged it. Once again, the OHSL and Provident Defendants are attempting to set new law with this argument. The OHSL and Provident Defendants do not cite to any rules or law which provide that a party taking the deposition of an expert need only pay for the time it takes to receive the responses which it wants to hear from the expert.[12]

In addition, while Plaintiffs deny that Dr. Fuerman's demeanor was anything other than entirely proper and respectful, this point is also not at issue.[13] However, if the

---

[12]  It is very interesting that the OHSL and Provident Defendants would make such an argument given their repeated criticisms of Mr. Brautigam. When Plaintiffs' counsel argued about the difficulty of deposing the elderly and confused OHSL Director Defendants, as well as hostile and evasive Provident witnesses, the OHSL and Provident Defendants consistently blamed Mr. Brautigam for the length and difficulties with the depositions. Now, that it has allegedly happened to them, it is for the first time the deponent's fault. Instead, Burke and KMK should look inward and recognize that it was the almost complete inability of the questioner to understand the accounting issues that led to a prolonged deposition, with wasteful and duplicative questions based not on Dr. Fuerman's demeanor, but on the questioners inability to follow the answers.

[13]  It is also interesting to note that the OHSL and Provident Defendants' main point of contention was that Dr. Fuerman doubted the veracity and sincerity of the OHSL

11

OHSL and Provident Defendants want to pursue this line of argument, it should also be noted that the real problem was not Dr. Fuerman's answers, but Mr. Burke's questions. The level of questioning was also pathetically low and reflected an almost total lack of unfamiliarity with basic accounting concepts. (*See*, Fuerman Affidavit, ¶ 2). In truth, it was this almost complete inability to understand, or even follow in broad strokes, the complex accounting issues in this case that led to the prolonged nature of this deposition.

Furthermore, if the OHSL and Provident Defendants truly had reservations about Dr. Fuerman's credentials, the proper step would have been for them to bring a *Daubert* motion, or to move to strike some or all of his expert report.[14] The OHSL and Provident Defendants have never been silent before when there was a problem. Thus, if this had been the case in relation to Dr. Fuerman's testimony, report, or anything else, the OHSL and Provident Defendants certainly would have spoken up prior to this date. The fact that they did not confirms that their only reason for these attacks is to avoid paying Dr. Fuerman the fees to which he is entitled.

Finally, despite the irrelevance of this argument, the Plaintiffs do want it of record that the OHSL and Provident Defendants' attacks on Dr. Fuerman's reputation and integrity are false and defamatory.[15] Although this Brief in Opposition is not the place to

---

and Provident Defendants' arguments and deposition testimony. As the OHSL and Provident Defendants' counsel well knows, a statement is not defamatory if it is true.

[14] This is exactly what the Plaintiffs did in relation to the OHSL and Provident Defendants' designation of Tayfun Tuzun as an expert. Plaintiffs have discussed his credentials or lack thereof directly in other filings and will not repeat themselves here.

[15] In classic form, the OHSL and Provident Defendants make sure to also get their attacks in on Plaintiffs' counsel as well. The OHSL and Provident Defendants attempt to impugn the integrity of Plaintiffs' counsel by stating that they have left Dr. Fuerman (and presumably the other experts) "to fend for himself with respect to his

counter all of these arguments since these issues are not at issue in relation to the Order to Show Cause, this attack demonstrates how underhanded the OHSL and Provident Defendants have become on this issue. In sum, the OHSL and Provident Defendants' attempts to attack Dr. Fuerman's demeanor, responses, and report, among other things, are solely just an effort to distract from the fact that the OHSL and Provident Defendants have been caught attempting to shirk their financial responsibilities under Federal Rule 26, not only to Dr. Fuerman, but also with respect to Dr. Walker and Candace Preston, important points that KMK somehow neglected to mention in its response. To the extent that the OHSL and Provident Defendants attempt to portray this issue as a good faith dispute over reasonableness, these statements are false.

## II.   PLAINTIFFS' CROSS-MOTION FOR FEES AS TO EXPERTS DR. WALKER AND CANDACE PRESTON

Regrettably, the OHSL and Provident Defendants' conduct in relation to Dr. Fuerman is not an aberration, but a deliberate strategy. The OHSL and Provident Defendants intentionally neglected to raise the fact that they have also refused to pay Candace Preston and Dr. Walker. This was intentional because it is further confirmation of the fact that it is not an issue of "reasonableness" in relation to Dr. Fuerman's fees, but rather a blanket policy of not paying for any of Plaintiffs' experts.

The OHSL and Provident Defendant have not only not paid the reasonable and customary bills that have been submitted by Dr. Walker and Candace Preston, but Mr.

---

fees." Although this argument is irrelevant to the facts of the case, it is another example of the OHSL and Provident Defendants' counsel violating the spirit of good faith and fair dealing that is expected of attorneys admitted to the bar of this district. Even worse, the act of non-payment, in conjunction with these type of accusatory statements, can be considered nothing less than a deliberate attempt by the OHSL and Provident Defendants to create hostility between Plaintiffs' counsel and their witnesses.

Burke has stated in writing that it has no intent to do so. What could be clearer than Mr. Burke's written comment of November 5, 2004: ***"You pay the cost of your expert witnesses and I will pay the costs of mine."*** (*See*, Correspondence, collectively attached as Exhibit B).

Thus, since the OHSL and Provident Defendants' only raises these arguments in order to camouflage their earlier consistent refusal to pay any of the Plaintiffs' experts costs, the Plaintiffs' Cross Motion for Fees for Experts Dr. Walker and Candace Preston should also be granted. The Plaintiffs hired five nationally recognized experts in various fields pertaining to the case. Only three of these experts were deposed at the request of the OHSL and Provident Defendants. Now, Federal Rule 26 requires that the OHSL and Provident Defendants pay these three experts that Mr. Burke and KMK deposed for the fees and expenses they incurred as a result of these depositions, which each witness fully cooperated with.

### III. THE OHSL AND PROVIDENT DEFENDANTS' COUNSEL SHOULD BE SANCTIONED

The OHSL and Provident Defendants' counsel should be sanctioned for their blanket refusal to not compensate any of Plaintiffs' experts for any of his or her time related to their depositions taken by the OHSL and Provident Defendants. However, they should not only be sanctioned for this blanket refusal, but also for the fact that they try to deny this act and mislead the Court as to their acts and intentions throughout this process. While the Response indicates that the OHSL and Provident Defendants have always been willing to "fully perform their obligations in this matter," Mr. Burke's correspondence confirms that they never had any such intent.

In addition, it is obvious that they have also not been acting in good faith. If this was the case then the OHSL and Provident Defendants would have taken the fees necessary to prepare their Response and would have provided them directly to Dr. Fuerman. Their refusal to do so has not only again created an unwanted and needless expense for Plaintiffs, but also for their own clients. The OHSL and Provident Defendants' counsel knows that they will have to pay Dr. Fuerman's fees and expenses in the end. As a result, the filing of a response—instead of just paying the witnesses, as required—was an irrational economic act from the point of view of the OHSL and Provident Defendants. But it is an entirely rational (if bad faith) act by KMK, which seeks to continually profit from the fraud that KMK was instrumental in carrying out.

Accordingly, so that OHSL and Provident's counsel are not rewarded for this strategy of bad faith and blatant misrepresentations to the Court, the Plaintiffs respectfully request that KMK not only be ordered to fulfill their financial obligations to Drs. Fuerman and Walker and Ms. Preston, but that KMK be sanctioned at least in the amount of the fees incurred by plaintiffs' counsel in addressing the Response to the Order to Show Cause. (Doc. No. 417).

## IV.   CONCLUSION

Thus, for the foregoing reasons, Plaintiffs respectfully request that the Court Order the reasonable and necessary expert fees as billed by Dr. Fuerman, Dr. Walker, and Candace Preston be paid by counsel for the OHSL and Provident Defendants forthwith, and that the OHSL and Provident Defendants' counsel be sanctioned for their obvious and blatant bad faith in forcing this matter onto the docket of an already dismissed case.

The Plaintiffs also request oral argument so as to better assist this Court in understanding the facts regarding the issues addressed above.

DATED: 11 March 2005                    Respectfully Submitted,


                                         /s/ Michael G. Brautigam
                                        Gene Mesh (OH Bar # 0002076)
                                        Michael G. Brautigam
                                        GENE MESH & ASSOCIATES
                                        2605 Burnet Avenue
                                        Cincinnati, Ohio 45219-2502
                                        (513) 221-8800
                                        (513) 221-1097  (fax)

                                        *Attorneys for Plaintiffs and the
                                        Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Plaintiffs' Reply to the Response of the OHSL and Provident Defendants to Order to Show Cause Regarding Deposition of Ross D. Fuerman; Cross-Motion For Payment of Expert Fees and Expense for Candace Present and Mike Walker; and Request for Sanctions was served this 11th day of March 2005 as per the following methods:

BY HAND DELIVERY

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

BY FIRST CLASS MAIL

David Greer, Esq.
Bieser, Greer & Landis
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

/s/ Yvonne Belisle
Yvonne Belisle