# Exhibit B
# Correspondence



**SUFFOLK UNIVERSITY**
*Beacon Hill*
*8 Ashburton Place*
*Boston, Massachusetts  02108-2770*

*Frank Sawyer School of Management*
*Accounting Department*

*phone: (617) 573-8652*
*fax: (617) 573-8345*

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, OH, 45219

September 24, 2004

Re: Provident Financial Group - OHSL Securities Litigation

Dear Mike:

As we discussed, I will be deposed by defense counsel in Manhattan on Thursday morning, October 21st.  It is my understanding that defense counsel will pay my expenses.  Thus, it seems fair that I should inform defense counsel what my estimated expenses will be.  At your discretion, you may forward this letter to them.

For the deposition I will charge $300 per hour.  This is just from the time the deposition commences until it concludes.  For example, if it runs 4 hours there will be a charge of $1200.  I will not charge for time spent traveling or anything else.

For my travel expenses, I anticipate my round trip Boston-New York Acela Express Amtrak ticket will be a maximum of $200.  About $25 for taxis.  About $75 for meals.  About $200 for an overnight hotel room.  So the total is about $500, plus the deposition charges.

Very truly yours,

*Ross D. Fuerman*

Ross D. Fuerman,
Associate Professor of Accounting

LAW OFFICES OF GENE MESH AND ASSOCIATES

19 October 2004

By Fax 937 223 6339

James H. Greer, Esq.
BIESER, GREER AND LANDIS, LLP
400 National City Center
North Main Street
Dayton, Ohio 45402-1908

### Re: OHSL

Dear Mr. Greer:

I write to follow-up on my email, to which I have not received a response, regarding certain irregularities in the notice of deposition of our experts Ms. Preston and Dr. Fuerman. First, the identification below the signature on the document indicates that you represent the Provident Defendants. Have the OHSL Defendants and Mr. Hanauer, whose interests are mutually antagonistic to that of the Provident Defendants, finally retained other counsel?

Second, with respect to document requests numbers 1 and 5, we have no intention of producing documents that you have in your possession, custody and control that are extremely voluminous, and therefore unduly burdensome, and apparently requested solely to harass the deponent. For example, if Ms. Preston were sent 20 depositions from the case, we have no intention of schlepping these documents to New York City so that they can be produced to you, even though you already have them. Ms. Preston and Dr. Fuerman have indicated in great detail what documents they have reviewed and relied on in forming their opinions. There should be no ambiguity on this point. To the extent that these documents exist with the ambit of the production of the "entire file" as indicated in request number 1, the above discussion applies.

2005 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

Finally, I believe that a notice of deposition and a notice for the production of documents are not proper for a non-party. If you had merely picked up the phone and asked me for documents that you are entitled to I would have been happy to provide them by agreement, subject to the entirely reasonable limitations outlines above. But since you have made a formal, although improper filing, before I waive proper service of process, are you willing to extend Plaintiffs the same courtesies that you are now seeking?



## LAW OFFICES OF GENE MESH AND ASSOCIATES

Thank you for your prompt attention to this matter.

Sincerely,

Michael G. Brautigam

cc:  All Counsel by Fax





**SUFFOLK UNIVERSITY**
*Beacon Hill*
*8 Ashburton Place*
*Boston, Massachusetts  02108-2770*

*Frank Sawyer School of Management*          *phone: (617) 573-8652*
*Accounting Department*                       *fax: (617) 573-8345*

James E. Burke
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

October 22, 2004

Re: Payment for deposition of expert witness Ross D. Fuerman (OHSL/Provident litigation) in New York, 10/21/04, from 9:00 a.m. Until 7:00 p.m.

Dear Mr. Burke:

I request payment in the amount of $3592.45

The components of this payment are as follows:
Deposition fee: 10 hours @ $300 per hour     $3000.00
Meals                                          150.25
Train to New York                               92.00
Train home to Boston                            88.00
Hotel                                          262.20
                                             $3592.45

Documents (originals - in Auditing we know not to trust photocopies!) are attached.

The train home to Boston was less expensive.  I missed the last decent train home and had to take the Regional Service at 3:15 a.m.  It is less expensive than the Acela Express.  Also, I considered, but rejected, the idea of staying overnight in New York.  I did not think it fair to impose, at a minimum, an extra $262.20 on your firm.  Tips, since they aren't documented in all cases, are generally ignored.  Also, your co-defense counsel remained to the end, voicing frequent objections for the record, on behalf of the defendants.

Very truly yours,

Ross D. Fuerman
Associate Professor of Accounting

REC'D OCT 25 2004

# Sheraton Hotels of New York

**SHERATON MANHATTAN**
**SHERATON NEW YORK**
**SHERATON RUSSELL**

SHERATON MANHATTAN
790 Seventh Avenue
New York, NY 10019
Tel: 212-581-3300 Fax:

G Ross Fuerman
U
E 19 Westgate Rd
S Newton, MA 02459
T

| | |
|---|---|
| ROOM | 830 |
| RATE | 229.00 |
| NO. PERS. | |
| FOLIO | 1 |
| PAGE | 5612185   A |
| ARRIVE | 1 |
| DEPART | 20-OCT-04   17:17 |
| PAYMENT | 21-OCT-04   08:27 |
| | MC |

T R A V E L   A G E N T
C H A R G E   T O

| DATE | REFERENCE | DESCRIPTION | DEBIT CREDIT |
|---|---|---|---|
| 20-OCT-04 | RT830 | Room Chrg Qualified Discount | 229.00 |
| 20-OCT-04 | RT830 | Room Sales Tax | 19.75 |
| 20-OCT-04 | RT830 | City/Local Tax | 11.45 |
| 20-OCT-04 | RT830 | Occupan/Tourism Tax | 2.00 |
| 21-OCT-04 | MC | Mastercard MH | 262.20- |

```
***For Authorization Purposes Only***
xxxxxxxxxxxx3962 FUERMAN,ROSS D
Auth Date    Code    Authorized
20-OCT-04   005959      320.60
            Total-Due              0.00
```

EXPENSE REPORT SUMMARY

| Date | Room & Tax | Food & Bev | Telephone | Parking | Other | Total | Payment |
|---|---|---|---|---|---|---|---|
| 20-OCT-04 | 262.20 | 0.00 | 0.00 | 0.00 | 0.00 | 262.20 | 0.00 |
| 21-OCT-04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 262.20- |
| Total | 262.20 | 0.00 | 0.00 | 0.00 | 0.00 | 262.20 | 262.20- |

Thank you for choosing Starwood Hotels. We look forward to welcoming you back soon!

As a Starwood Preferred Guest you have earned at least 458
Starpoints for this visit B718978350.

| Ross Fuerman | | ROOM | DEPART | AGENT | Sheraton Manhattan |
|---|---|---|---|---|---|
| FOLIO: 5612185 | 20-OCT-04 | 830 | 21-OCT-04 | ACRESHAM | Tel: 212-581-3300 |

CUSTOMER SERVICE SHERATON MANHATTAN / NEW YORK / RUSSELL 800-538-5558



SUMO SUSHI
NEW YORK, NY
941080042110    02
OCT 21. 04  APPROVAL
015077

ROSS D. FUERMAN
*****************3962
M.C.        *****

SALE
                TERMINAL H
              27905635

FOOD AND BEVERAGE

BASE AMOUNT    $25.55

TIP AMOUNT

TOTAL      ---------

X _____
I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT
(MERCHANT AGREEMENT IF CREDIT VOUCHER)
CUSTOMER COPY

---

Riders  AMTRAK  Baggage
Name of Passenger 1
FUERMAN/ROSS

From
BOSTON SOU STA,MA
To
NEW YORK PENN,NY
Carrier  Train  Date
2V  2167  20OCT04
Accom  Space/Car
J  EXPRSS BSNESS
Form of Payment
AP        3773  Accom Charge  1K
Base Fare  $92.00      $.00
                 Total  $92.00
Fare Plans      Reservation #
JOSE
Ticket Number
2739181299125  01  01
Date of Issue    Reservation #
29SEP04        15D3D
PASSENGER RECEIPT

---

Riders  AMTRAK  Baggage
Name of Passenger 1
FUERMAN/ROSS

From
NEW YORK PENN,NY
To
BOSTON SOU STA,MA
Carrier  Train  Date
2V  66  22OCT04
Accom  Space/Car
JY  BUSINESS CL
Form of Payment
EX        133  Accom Charge  $24.00
Base Fare  $64.00
                 Total  $88.00
Fare Plans
YOTC
Ticket Number
2955234395625  No. of  01  01
Date of Issue    Reservation #
21OCT04        15D3D
PASSENGER RECEIPT

---

PRIMO CAPPUCCINO
LIRR, PENN STATION
NEW YORK, NY 10001
Tel:(212)244-4467

Walk In
Date: 10-21 Time: 2:47AM # 024740

Misc Non Tax              2.50
      AMOUNT :           2.50
      TOTAL :            2.50
Cash Received :          5.00
      Change :           2.50

Thank you very much.

---

ROSS D FUERMAN

TIP
TOTAL
AVS RESPONSE: 0
BASE

MASTERCARD
************3962
SALE
BATCH: 000705
OCT 21. 04
025359

TERMINAL H.
MERCHANT H

SRV: 1

NEW YORK

THU:56

$3    .0

CUSTOMER COPY

---

FOOD/BEV/TAX    $  71.70
TIP      $ --.12.00
TOTAL    $ --.83.70

X _____
SIGNATURE

I AGREE TO PAY ABOVE AMOUNT ACCORDING
TO CARD ISSUER AGREEMENT
(MERCHANT AGREEMENT IF RETURN)

MERCHANT COPY

Date: 10/20/04 Day: WED
Response: AUTH/TKT 055598  Time: 20:56

Merch ID: 266410942089
Terminal ID: BLUE
Item: 013  MST CARD DINE IN SALE/SWIPED
Acct: 3962  EXP: 01/07
Thank You

SALE RECEIPT

TURKISH CUISINE
631 9TH AVENUE
NEW YORK, NY 10036
(212) 397-9659

# KMK Keating, Muething & Klekamp PLL

ATTORNEYS AT LAW

**JAMES E. BURKE**
DIRECT DIAL: (513) 579-6428
FACSIMILE: (513) 579-6457
E-MAIL: JBURKE@KMKLAW.COM

October 26, 2004

VIA FACSIMILE and REGULAR U.S. MAIL

Dr. Ross D. Fuerman
Associate Professor of Accounting
Frank Sawyer School of Management
Suffolk University
Beacon Hill
8 Ashburton Place
Boston, MA 02108-2770

Re:    Thiemann, et al. v. OHSL Financial, et al.

Dear Dr. Fuerman:

I am returning your letter dated October 22, 2004 along with the enclosed receipts. I know that you are new to the expert witness business, and I assume this was sent to me in error. This request for reimbursement should be sent to Mr. Brautigam's firm, which retained you. The way things work with expert testimony is that Mr. Brautigam is responsible for all charges and out-of-pocket costs associated with your services. I am responsible for all costs of my expert witnesses, including charges to prepare for and attend depositions, as well as out-of-pocket expenses. At no time was it requested or suggested that I pay for your expenses nor have I agreed to do so. In particular, taking your deposition in New York was an accommodation to Mr. Brautigam, so he should bear the costs associated with that. You should send your letter and receipts to Mr. Brautigam.

It was a pleasure meeting you, I look forward to seeing you again. If you have any questions, please call.

Sincerely yours,

KEATING, MUETHING & KLEKAMP, P.L.L.

By: *James E. Burke*

James E. Burke

JEB:jrr

Enclosures
1353986.1



## LAW OFFICES OF GENE MESH AND ASSOCIATES

1 November 2004

By Hand Delivery

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Mr. Burke:

Enclosed please find a copy of the invoices provided by Ms. Preston for fees and expenses related to her recent expert testimony. Would you kindly see that Ms. Preston is paid?

Thank you for your cooperation.

Sincerely,

*MLB*

Michael G. Brautigam

cc:   James Greer, Esq. by Mail (with enclosure)
      Candace Preston by Fax (w/o enclosure)

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097



## LAW OFFICES OF GENE MESH AND ASSOCIATES

2 November 2004

By Fax 579 6457

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Mr. Burke:

I write in response to your letter of 26 October 2004 to Dr. Ross Fuerman, which—incredibly—you did not copy me on.  In any event, I agree that Dr. Fuerman's letter should have been sent to me to forward on to you, but I disagree with some of your points.  My understanding is that it is customary that the party seeking the expert testimony is responsible for the travel expenses as well as reasonable and necessary deposition expenses.  This is especially true since Dr. Fuerman did not charge for his travel time.  Would you kindly see that this gets paid, or, barring that, would you kindly explain what you are and are not willing to pay for and why?

2405 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

Finally, it should—but apparently does not—go without saying that I should be copied on any and all correspondence with my experts, and I expect you to do so in the future.

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

Thank you for your cooperation.

Sincerely,

*MGB*

Michael G. Brautigam

cc:    James H. Greer, Esq. By Fax
       Ross Fuerman, PhD, CPA By Fax



LAW OFFICES OF GENE MESH AND ASSOCIATES

2 November 2004

By Fax 579 6457

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### <u>Re: OHSL</u>

Dear Mr. Burke:

I write in response to your letter of 26 October 2004 to Dr. Ross Fuerman,
which—incredibly—you did not copy me on.  In any event, I agree that Dr.
Fuerman's letter should have been sent to me to forward on to you, but I disagree
with some of your points.  My understanding is that it is customary that the party
seeking the expert testimony is responsible for the travel expenses as well as
reasonable and necessary deposition expenses.  This is especially true since Dr.
Fuerman did not charge for his travel time.  Would you kindly see that this gets
paid, or, barring that, would you kindly explain what you are and are not willing to
pay for and why?

2405 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

Finally, it should—but apparently does not—go without saying that I should be
copied on any and all correspondence with my experts, and I expect you to do so
in the future.

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

Thank you for your cooperation.

Sincerely,

Michael G. Brautigam

cc:     James H. Greer, Esq. By Fax
        Ross Fuerman, PhD, CPA By Fax



# KMK | Keating, Muething & Klekamp PLL

**ATTORNEYS AT LAW**

**JAMES E. BURKE**
DIRECT DIAL: (513) 579-6428
FACSIMILE: (513) 579-6457
E-MAIL: JBURKE@KMKLAW.COM

November 5, 2004

<u>Via Facsimile</u>

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio  45219-2502

Re:    <u>Thiemann v. OHSL Financial Corp.</u>

Dear Michael:

This is in response to your letter regarding my correspondence with Ross Fuerman and the materials you recently sent me from Candace Preston.

I responded to Mr. Fuerman because he wrote directly to me. I assumed you had instructed him to do this. This will reiterate what I already told Mr. Fuerman. You never requested nor even mentioned the topic of my client paying the cost of deposing your expert witnesses. Clearly I never agreed to do so. Indeed, given the fact that you named five expert witnesses, for whatever reason, it would make no sense for me to agree to reimburse the cost of deposing these individuals. At no time was this subject ever discussed or agreed to. You pay the cost of your expert witnesses and I will pay the cost of mine.

Finally, in light of Judge Beckwith's ruling today, moreover, I assume that all further depositions are cancelled. Please advise whether, under these circumstances you intend to proceed with your mandamus petition.

Sincerely yours,

KEATING, MUETHING & KLEKAMP, P.L.L.

By: _____
                James E. Burke

JEB:jrr

cc:    John W. Hust, Esq.
       John R. Wirthlin, Esq.
       Jason M. Cohen, Esq.

1358878.1



1400 Provident Tower ♦ One East Fourth Street ♦ Cincinnati, Ohio 45202
TEL 513.579.6400 ♦ FAX  513.579.6457 ♦ www.kmklaw.com

**LAW OFFICES OF GENE MESH AND ASSOCIATES**

FAXED 11/15/04

15 November 2004

By Fax 579 6457

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

<u>**Re: OHSL**</u>

Dear Mr. Burke:

I am writing to request that you pay the experts you deposed for their time, which you are required to do under the Federal Rules. If you do not pay them in a timely fashion, I can assure you that each expert will take appropriate action to ensure that they are paid.

Thank you for your cooperation.

Sincerely,

Michael G. Brautigam

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219-2502

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

cc:    James H. Greer, Esq. By Fax
       Ross Fuerman, PhD, CPA By Fax
       Candace Preston, By Fax
       Michael C. Walker, By Fax



LAW OFFICES OF GENE MESH AND ASSOCIATES

26 November 2004

By Fax 579 6457

James E. Burke, Esq.
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

### Re: OHSL

Dear Mr. Burke:

I write in response to my previous letters to request that you pay the expert witnesses for their time at their recent depositions.  I note that I have not received a response to my letter of 15 November 2004.  Simply stated, I am requesting that you pay the experts as you are required to under the Federal Rules.

2605 Burnet Avenue
at Taft Road
Cincinnati, Ohio 45219

If you choose not to honor your clear obligation to pay the experts you deposed for their time, would you kindly explain your rationale, specifically, why you think the Federal Rules do not apply to you.

TELEPHONE
(513) 221-8800

FAX
(513) 221-1097

Thank you for your cooperation.

Sincerely,

Michael G. Brautigam

cc:     James H. Greer, Esq. By Fax 937/223-6339
        John Hust, Esq. By Fax 513/583-4203
        Ross Fuerman, PhD, CPA By Fax 617/573-8345
        Michael C. Walker, PhD By Fax 556-4891
        Candace Preston, MBA, CFA, By Fax 609/452-9881



# KMK | Keating, Muething & Klekamp PLL

ATTORNEYS AT LAW

**JAMES E. BURKE**
DIRECT DIAL: (513) 579-6428
FACSIMILE: (513) 579-6457
E-MAIL: JBURKE@KMKLAW.COM

December 7, 2004

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

Re:    Thiemann v OHSL Financial Corp.

Dear Michael:

I wanted to provide a written explanation of our position with respect to your request that we pay all fees billed and out-of-pocket expenses incurred by your expert witnesses Ross Fuerman and Candace Preston in connection with their depositions. Although this was never suggested, mentioned or requested by you prior to these depositions and we never agreed to it, you have asserted a claim for reimbursement of these expenses, after the fact, under Federal Rule 26(b)(4)(C).

Contrary to your apparent position, Federal Rule 26(b)(4)(C) does not require the party deposing an expert witness pay all costs and fees associated with an expert deposition. It refers to a "reasonable fee." The commentary on the Rule further states:

> "Under Section (B)(4)(C), the Court is directed or authorized to issue protective orders, including an order that the expert be paid a reasonable fee for time spent in responding to discovery, and that the party whose expert is made subject to discovery be paid a <u>fair portion</u> of the fees and expenses that the party incurred in obtaining information from the experts."

This makes two things clear and illustrates why the letters requesting reimbursement for everything are legally ineffective. First, reimbursement only occurs pursuant to court order. You need to file a motion with the court and seek such reimbursement. In this proceeding, the court is authorized to determine what is a "reasonable fee" under all of the circumstances. See *Delbrugge v. State Farm Mutual Auto Insurance Co.*, 2001 U.S. Dist. LEXIS 23675 (S.D. Ohio 2001), citing 6 Moore's Federal Practice §26.80 (Matthew Bender 3d Ed.). This is particularly appropriate in this case because you spent substantial time in both of these depositions interrogating your own witness and needlessly incurring unnecessary expense. At a minimum, such wasteful activity must be deducted from any reimbursement. Similarly, scheduling all of these depositions in New York was done as an accommodation to you. You should be responsible for Mr. Fuerman's travel expenses.



Michael G. Brautigam, Esq.
December 7, 2004
Page 2

Secondly, the way I read the Rule, you must first reimburse your witnesses and make sure they are paid and then you can request from the Court reimbursement for "a fair portion" of these charges. Attempting to force all of these expenses on us is inappropriate and inconsistent with the Rule.

If you have any questions or would like to discuss this further, let me know.

Sincerely yours,

KEATING, MUETHING & KLEKAMP, P.L.L.

By: _____
James E. Burke

JEB:jrr

cc:    James H. Greer, Esq.
       Jason M. Cohen, Esq.

1371732.1



**SUFFOLK UNIVERSITY**
*Beacon Hill*
*8 Ashburton Place*
*Boston, Massachusetts 02108-2770*

*Frank Sawyer School of Management*
*Accounting Department*

*phone: (617) 573-8652*
*fax: (617) 573-8345*

James E. Burke, Esq.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202

December 13, 2004

Re: Payment for your deposition of expert witness Ross D. Fuerman in New York, 10/21/04

Dear Mr. Burke:

After discussing the matter of your nonpayment of my October 21, 2004 deposition with you and Michael Brautigam, Esq., and reviewing your letter to Mr. Brautigam (copy enclosed) dated December 7, 2004, I am very upset. You sent me a Notice of Deposition (copy enclosed). I was legally entitled to demand a court order but I simply came, not wishing to further overburden a United States District Court Judge or Magistrate with the consequences of uncivil, uncooperative behavior. You, on the other hand, are inflicting burdens on the federal judiciary, speciously hiding behind the technical language of a federal rule, when you know full well that your ethical, moral and legal obligation is to pay me, an accounting professor who earns less than $100,000 per year in salary from Suffolk University. You deposed me. You should pay me. You know that is how it is done, regardless of the apparent language contained in a federal rule. You know that your behavior is what gives lawyers a bad name.

The deposition ran from 9:13 a.m. to 6:57 p.m. Lunch was half an hour. Mr. Brautigam direct examined me an hour. You cross examined me at least 8 solid hours. That's $2400. I won't charge you more, as an accommodation to you (instead of the $3000 you *should* pay).

I won't ask you to pay for my $592.45 in travel expenses as a further accommodation to you. How *dare* you say that this deposition in New York City, forcing me to stay up until 3:15 a.m. waiting for the next train to Boston to arrive, was an accommodation to *me*. I had to spend time away from my family because of *you* and your privilege of deposing *me*. If I don't receive $2400 from you by the end of the month you will have to answer to the Court.

Very truly yours,

Ross D. Fuerman, Associate Professor

Cc: Michael Brautigam ✓

# Exhibit C
# Affidavit of Dr. Walker

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Walter W. Thiemann,<br>on behalf of himself and of<br>all others similarly situated, | : | Case No. C-1-00-793 |
| | : | |
| | | Judge Sandra S. Beckwith |
| Plaintiff, | : | |
| | | Magistrate Judge Hogan |
| vs. | : | |
| | | |
| OHSL Financial Corporation, et al. | : | |
| | | **AFFIDAVIT OF** |
| | | **MICHAEL C.** |
| Defendants. | : | **WALKER, PH.D.** |

---

STATE OF   OHIO             :
                           :  SS:
COUNTY OF HAMILTON         :

**MICHAEL C. WALKER, being duly sworn, deposes and states as follows:**

**1.** I am an expert in fiduciary duties with respect to public companies and have been designated as such by plaintiffs in the above-captioned litigation.

**2.** On 28 October 2004 I was deposed by Mr. Burke.  The deposition lasted several hours.  I appeared voluntarily, without a subpoena, and I also produced all the documents called for voluntarily.

**3.** Initially, I was left to wait for more than half an hour before Mr. Burke appeared, although I had checked in with the receptionist to alert Mr. Burke to my presence and readiness to proceed.

1

**4.** I have requested payment of $1,000 for my time, ($250/hour, the same rate I charged plaintiffs) of Mr. Burke and his firm. I an informed and believe that Mr. Burke has refused to pay me, and I am familiar with the correspondence on this topic, where in substance, Mr. Burke flatly refused to pay me, Dr. Fuerman, and Candace Preston.

**5.** Additionally, I am generally familiar with Federal Rule 26 as outlined in the Order to Show Cause (Doc. No. 417). It is my understanding that the party seeking to take my deposition is responsible for my fee.

**6.** I have read and am familiar with the response filed by the OHSL and Provident defendants with respect to the Order to Show Cause. I believe that this is an underhanded and bad faith document where Mr. Burke and KMK unfairly malign the credentials and "demeanor" of Dr. Fuerman. I believe these *ad hominem* attacks to be unfounded; I further believe that it is entirely irrelevant to the issue before the Court. Like Dr. Fuerman, I cooperated completely in the process and I expected to be paid for my time by the party taking my deposition.

**7.** In KMK's reply brief, given their tactics in the litigation thus far, I expect Burke and KMK to attempt to fabricate complaints about my "demeanor" or my lack of cooperation or some other such nonsense. I wish to state with emphasis to the Court that I cooperated fully in the process both in appearing on time, producing requested documents voluntarily, answering questions in a cooperative manner, and generally being respectful and cooperative. I am informed and

2

believe that the party seeking to take my deposition must pay for my time, whether the party likes the answers or not.

**8.** I believe that Mr. Burke's conduct in attempting to evade his financial responsibility is revolting, in bad faith, and in large measure what gives lawyers a bad name in society. This is especially true in that Mr. Burke and KMK have falsely described this issue as a good faith dispute between defense counsel and Dr. Fuerman, and have attempted to hide the fact that Burke and KMK have not paid me and Candace Preston, never had any intention of paying us, and will not pay us absent a specific Order of this court or some other form of mandated relief.

**9.** Finally, I wish to inform the Court that this conduct stands in sharp relief to other cases where I served as an expert witness, where I was paid promptly by the party seeking my deposition, as I erroneously expected would be the case here.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Michael C. Walker

MICHAEL G. BRAUTIGAM
Notary Public, State of Ohio
My Commission Expires
February 20, 2007

Sworn to before me and subscribed in my presence this 9th day of March, 2005.