UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Walter W. Thiemann, et al. | ) Case No. C-1-00-793 |
| Plaintiff, | ) (Judge Sandra S. Beckwith) |
| | ) (Magistrate Judge Timothy S. Hogan) |
| -v- | ) |
| | ) RESPONSE OF PROVIDENT AND |
| OHSL Financial Corp., et al. | ) OHSL DEFENDANTS TO |
| | ) PLAINTIFFS' REPLY REGARDING |
| Defendant. | ) DEPOSITION EXPENSES OF ROSS D. |
| | ) FUERMAN AND CROSS-MOTION |
| | ) FOR PAYMENT OF FEES AND |
| | ) EXPENSES OF CANDACE PRESTON |
| | ) AND <u>MICHAEL WALKER</u> |

A.   **INTRODUCTION**

This matter is before the Court on the Court's Order dated February 14, 2005 (the "Order to Show Cause") requiring the Provident and OHSL Defendants "[T]o show cause why they should not be required to pay, pursuant to Fed. R. Civ. P. 26(b)(4)(C), the <u>reasonable</u> fee and expenses incurred by Dr. Fuerman in connection with his deposition by Defendants." Order (Doc. 417) at p.1, (emphasis added). The Provident and OHSL Defendants responded to the Order to Show Cause on March 1, 2005. Plaintiffs replied on March 11, 2005 and filed yet another request for sanctions, as well as a cross-motion regarding the expert witness fees of two other experts who are not the subject of the Order to Show Cause.

Thus, after refusing to pay any of their experts for their depositions, and after initially refusing even to file a motion with this Court concerning the Fuerman situation, Plaintiffs now want this Court to order the Provident and OHSL Defendants to pay everyone and be sanctioned,

to boot. Plaintiffs' position is not well-taken for several reasons, many of which are established by the documents attached to Plaintiffs' own reply.

**B.     ARGUMENT**

The legal standard governing this dispute is not set forth in Fed. R. 26(b)(4)(c):

> <u>Unless manifest injustice would result,</u> (i) the court shall require that the party seeking discovery pay the expert <u>a</u> <u>reasonable</u> <u>fee</u> for time spent in responding to discovery under this subdivision. . . .

(emphasis added).

The commentary to the rule notes that "[T]he Court is directed or authorized to issue protective orders, including an order that the expert be paid a reasonable fee for time spent responding to discovery . . ." This commentary seems to suggest that the issue of fee-shifting or reimbursement should be raised in advance of the expert discovery, through a motion for a protective order, so that the parties and the court will know what is expected of all concerned. Obviously, that did not occur in this case. For the reasons set forth below, Plaintiffs request should be denied.

    1)    <u>It Would Be Manifestly Unjust to Require These Defendants to Pay the Expert Fees Where There was No Request and No Agreement to Pay the Fees of Plaintiffs' Experts and It is Inconsistent with Local Practice.</u>

In this action, Plaintiffs named five experts and Defendants named two (only one of whom was deposed). Plaintiffs' position is that the Provident and OHSL Defendants should bear the burden of Plaintiffs naming an excessive number of experts to offer arguably irrelevant and inadmissible opinions. Plaintiffs' position that such fee-shifting is reasonable and appropriate is belied by the fact that, by Plaintiffs own admission, this issue was never suggested, mentioned, discussed or agreed to by the parties. Plaintiffs concede as much in their Reply and Cross-Motion:

> Plaintiffs and their experts have never attempted to force the Defendants to honor an agreement to pay these experts because there was no such agreement.

See Reply and Cross-Motion at p. 8.

Plaintiffs' position that it is reasonable to shift all expenses of the depositions of their experts to the Provident and OHSL Defendants,[1] after the fact, when the subject never was mentioned nor agreed to, is without merit. Indeed, it would be manifestly unjust to do so in this case. First, the prevailing practice in this legal community is for parties to bear the expenses of their own experts, including the expenses of that expert's deposition so that disputes like this do not arise. Because Plaintiffs dispute opposing counsel's 27 years of experience in this matter, and his recollection of this prevailing practice, the Affidavit of James E. Burke is attached hereto as Exhibit A. Given this local practice not to ask the other side to pay for the depositions of one's experts, it is manifestly unjust for Plaintiffs to attempt to shift these fees to the Provident and OHSL Defendants after the fact, with no advance notice or discussion. Secondly, it is manifestly unjust to ask the Provident and OHSL Defendants to bear the cost of these depositions where, as here, Plaintiffs' entire case was dismissed as insufficient as a matter of law, before Plaintiffs deposed the principal defense expert. As a result, there can be no reciprocation by Plaintiffs with respect to the fees of the expert witness of the Provident and OHSL Defendants. Plaintiffs should not be allowed to foist the deposition expenses of their experts upon the Provident and OHSL Defendants in connection with a case which was found to have absolutely no merit. It would appear that Plaintiffs merely are attempting to evade what they rightfully owe.

---

[1] Paradoxically, neither Plaintiffs nor the experts are suggesting that the Dinsmore Defendants, who also participated in these depositions, should bear responsibility for some of the expense.

It would be manifestly unjust to require the Provident and OHSL Defendants to pay the expenses of the depositions of Plaintiffs' experts and Plaintiffs' request should be denied.

> 2) The Governing Standard Under Fed. R. 26(b)(4)(c) is Whether Plaintiffs Request is "Reasonable" and The Provident and OHSL Defendants Raised this Point Explicitly.

As this Court noted in the Order to Show Cause, a key related issue is whether the fees requested by the experts are "reasonable.". Whether a particular expert witness fee is "reasonable" is entrusted to the sound discretion of the Court, based upon all the circumstances. See *Jochims v. Isuzu Motors, Ltd.*, 141 F. R. D. 493, 494-97 (S.D. Iowa 1992) (attempt by expert to charge opposing party double the rate charged to plaintiff was rejected as unreasonable) *Hurst v United States,* 123 F. R. D. 319, 321 (D. S. D. 1988) (payment of expert's fee ordered where, in advance of deposition, deposing party was advised that payment would be required and amount of fee was estimated); *Anthony v. Abbott Laboratories, Inc.*, 106 F. R. D. 461, 465 (D. R. I. 1985) (court rejected expert witness' attempt to unilaterally increase his rate from $250 to $420 for testimony at deposition, calling it "unconscionable").

Plaintiffs state in their Reply and Cross-Motion that the Provident and OHSL Defendants never contested the "reasonableness" of Dr. Fuerman's fees. (Reply and Cross-Motion at pp.4-5). This is refuted by one of the attachments to their own motion. Attached hereto as Exhibit B is a letter dated December 7, 2004 from counsel to the Provident and OHSL Defendants to counsel for Plaintiffs on the subject of the fee for Dr. Fuerman's deposition. In the second paragraph of the letter it is expressly stated:

> First, reimbursement only occurs pursuant to court order. You need to file a motion with the court and seek such reimbursement. In this proceeding, the court is authorized

<u>to determine what is a 'reasonable fee' under all of the circumstances</u>.

(Emphasis added).

Plaintiffs' claim that the Provident and OHSL Defendants never raised the reasonableness of Dr. Fuerman's fees is patently untrue.

### 3) <u>Dr. Fuerman's Requested Fee is Excessive and Unreasonable</u>.

Plaintiffs do not dispute, and avoid discussing, the fact that Dr. Fuerman unilaterally doubled his fee for purposes of his deposition. Although his standard rate, and the rate he charged Plaintiffs, is $150 per hour, he wants the Provident and OHSL Defendants to pay him $300 per hour. In two cases directly on point, courts have rejected similar attempts by an expert to procure a windfall at the expense of the opposing party by jacking up the expert's hourly rate.

In *Jochims v. Isuzu Motor Ltd.*, <u>supra</u>, the plaintiffs expert in a products liability suit sought to charge $500 per hour for his deposition. The court noted that the same expert charged Plaintiff only $150-$250 per hour for his services as an expert. The court held that the requested fee was unreasonable and "grossly excessive." The court noted:

> It is double the highest hourly rate he is charging the plaintiff - - and there is absolutely no indication in the record that he has charged and been paid this hourly rate in any of his consulting or other services as an expert witness.

141 F. R. D. at 496.

Similarly, in *Anthony v. Abbott Labs*, <u>supra</u>., plaintiff's medical expert sought compensation at the rate of $420 for giving a deposition. The court noted that in his last previous deposition appearance, the expert charged $250 per hour to a friendly litigant. The court rejected the expert's requested fee as "unconscionable" and "astronomical." The court concluded:

> [H]e [the expert] cannot be left free, in this sort of proceeding, to saddle his adversary with whatever price tag strikes his fancy.

141 F. R. D. at 464.

Dr. Fuerman's fee is excessive for two reasons. First, he unilaterally doubled his fee for the depositions beyond the $150 per hour he was charging Plaintiffs. This is per se unreasonable and was rejected by the courts in *Jochims* and *Anthony*. Obviously, Dr. Fuerman has never been paid $300 to serve as an expert before, because he has never been hired as an expert before. Secondly, as the Provident and OHSL Defendants have already documented in their Response to the Order to Show Cause, the expense associated with Dr. Fuerman's deposition was needlessly increases as a result of his penchant for behaving more like an overly emotional advocate than a disinterested, objective expert. This fact is underscored by the language of Dr. Fuerman's affidavit which is attached to the Reply and Cross-Motion and makes the point better than the Provident and OHSL Defendants ever could. It is little wonder why Dr. Fuerman never has been used as an expert before.

   4)   Plaintiff's Cross-Motion for Reimbursement of the Full Cost of the Preston and Walker Depositions is Without Merit and Should be Denied.

In this Reply and Cross-Motion, Plaintiffs make the incredible statement that "[T]he Provident and OHSL Defendants intentionally omit any discussion of their refusal to pay Dr. Walker or Ms. Preston." Given the fact that the Court's Order to Show Cause dealt solely with Dr. Fuerman and asked for a response only as to him, it should not be surprising that the situations of Dr. Walker and Ms. Preston were not discussed. As is shown below, however, similar arguments to those raised with respect to Dr. Fuerman, demonstrate that Plaintiffs' request to shift all of the cost of the depositions of these experts to the Provident and OHSL Defendants should be denied.

At the outset, it should be noted that the Provident and OHSL Defendants do not deny that Dr. Walker and Ms. Preston are experts in their respective fields. Curiously, however, neither person was asked to provide expert testimony in their field of expertise.[2] Despite the qualifications of these experts, however, Plaintiffs' contention that Defendants should bear all of the costs of their depositions is without merit. First, given Plaintiffs' admission that the issue of the Provident and OHSL Defendants paying for these depositions was never discussed, requested or agreed to, in advance, it is manifestly unjust to burden them with all of these costs, particularly in light of the local practice that parties bear the cost of their own experts' deposition and the fact that Plaintiffs' case was dismissed as legally insufficient before Plaintiffs could reciprocate. The same legal arguments advanced with respect to Dr. Fuerman at pp. 2-4, supra. apply with equal force here. Under the "manifest injustice" exception the Plaintiffs should be responsible for the deposition expenses of their own experts.

The second reason why the Provident and OHSL Defendants should not be required to pay the entire cost of the depositions of Ms. Preston and Dr. Walker is because the fees are excessive. In the *Abbott Labs* case, the court concluded that "the rate of $250 per hour . . . is, in this court's view at the outermost periphery of the range of the sustainable awards." *Anthony v Abbott Labs,* supra. at 466. Dr. Preston's bill seeks to be reimbursed at the rate of $400 per hour and impermissibly also seeks reimbursement for travel time. See Preston letter dated October

---

[2] Dr. Walker received his Masters Degree and his Ph.D. in the fields of economics, corporate finance and financial markets and considers himself an expert in these areas. Walker Dep. pp. 9-27, 44. In this case, however, he was asked to provide expert testimony on the legal issue of whether the OHSL directors breached their fiduciary duty to the OHSL shareholders, even though he is not a lawyer, has never served as the director of a public company and has never before been qualified as an expert or testified on the topic of directors' conduct. Walker Dep. pp. 14, 23-26, 38-39. Ms. Preston is an expert in financial valuation, damages and fairness opinions. Preston Dep. pp. 9-34. In this case, she was asked to opine on whether the OHSL Proxy statement contained material misstatements and she never even looked at Plaintiffs' damages analysis. Preston Dep. pp. 62-63.

26, 2004 attached as Exhibit C. As the Court recalls from the Response to the Order to Show Cause the location of these depositions was set by Plaintiffs, not by the Provident and OHSL Defendants. Moreover, the length of both the Preston and the Walker depositions was needlessly prolonged by Mr. Brautigam's unnecessary examination of his own expert witness, primarily through improper leading questions. See Walker Dep. pp. 130-181; Preston Dep. pp. 191-222. Clearly, there is no justification to assess these expenses against anyone other than Plaintiffs.

The final reason why this Court should not assess the costs of the Preston and Walker depositions is because the conduct of these witnesses indicate that they never understood that the Provident and OHSL Defendants were to be responsible for these expenses. Contrary to Plaintiffs' argument, Ms. Preston sent her bill to Plaintiffs counsel, not to counsel for the Provident and OHSL Defendants. Apparently, Ms. Preston never understood that her deposition expenses were the responsibility of the Provident and OHSL Defendants. Moreover, Dr. Walker never sent a bill to anyone for his deposition. The Provident and OHSL Defendants have never seen such a bill and none is attached to Dr. Walker's affidavit. Clearly, it is not "reasonable" to asses these charges against the Provident and OHSL Defendants when Dr. Walker never even submitted a bill.

### C.  CONCLUSION

For all of the foregoing reasons, the Provident and OHSL Defendants respectfully request this Court determine that the Provident and OHSL Defendants are not responsible for the deposition expenses of any of Plaintiffs' experts.

        Respectfully submitted,

        s/James E. Burke

---

James E. Burke (0032731)
Keating Muething & Klekamp, PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6428
Fax: (513) 579-6457
jburke@kmklaw.com

and

James H. Greer (0046555)
Bieser, Greer & Landis, LLP
400 National City Center
Dayton, Ohio 45402
Tel: (937) 223-3277
Fax: (937) 223-6339
jhg@bgllaw.com

*Attorneys for Provident and OHSL Defendants*

OF COUNSEL:

KEATING, MUETHING & KLEKAMP, P.L.L.
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

      I hereby certify that on March 28, 2005, I electronically filed the RESPONSE OF PROVIDENT AND OHSL DEFENDANTS TO PLAINTIFFS' REPLY REGARDING DEPOSITION EXPENSES OF ROSS D. FUERMAN AND TO CROSS-MOTION FOR PAYMENT OF FEES AND EXPENSES OF CANDACE PRESTON AND MICHAEL WALKER with the Clerk of Courts, using the CM/ECF System which will send notification electronically to the following:

| | |
|---|---|
| Michael G. Brautigam, Esq. | John W. Hust, Esq. |
| Gene I. Mesh, Esq. | Michael E. Maundrell, Esq. |
| Gene Mesh & Associates | Schroeder, Maundrell, Barbiere & Powers |
| 2605 Burnet Avenue | 11935 Mason Road, Suite 110 |
| Cincinnati, Ohio 45219-2502 | Cincinnati, Ohio 45249 |
| *Attorneys for Plaintiffs* | *Attorneys for Dinsmore Defendants* |

                                    s/James E. Burke
                                    ——————————————
                                    James E. Burke

1421306.1