**EXHIBIT B**

**EXHIBIT B**

**KMK** | Keating, Muething & Klekamp PLL
ATTORNEYS AT LAW

JAMES E. BURKE
DIRECT DIAL: (513) 579-6428
FACSIMILE: (513) 579-6457
E-MAIL: JBURKE@KMKLAW.COM

December 7, 2004

**FILE COPY**

Michael G. Brautigam, Esq.
Gene Mesh & Associates
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502

Re: Thiemann v OHSL Financial Corp.

Dear Michael:

I wanted to provide a written explanation of our position with respect to your request that we pay all fees billed and out-of-pocket expenses incurred by your expert witnesses Ross Fuerman and Candace Preston in connection with their depositions. Although this was never suggested, mentioned or requested by you prior to these depositions and we never agreed to it, you have asserted a claim for reimbursement of these expenses, after the fact, under Federal Rule 26(b)(4)(C).

Contrary to your apparent position, Federal Rule 26(b)(4)(C) does not require the party deposing an expert witness pay all costs and fees associated with an expert deposition. It refers to a "reasonable fee." The commentary on the Rule further states:

> "Under Section (B)(4)(C), the Court is directed or authorized to issue protective orders, including an order that the expert be paid a reasonable fee for time spent in responding to discovery, and that the party whose expert is made subject to discovery be paid a <u>fair portion</u> of the fees and expenses that the party incurred in obtaining information from the experts."

This makes two things clear and illustrates why the letters requesting reimbursement for everything are legally ineffective. First, reimbursement only occurs pursuant to court order. You need to file a motion with the court and seek such reimbursement. In this proceeding, the court is authorized to determine what is a "reasonable fee" under all of the circumstances. See *Delbrugge v. State Farm Mutual Auto Insurance Co.*, 2001 U.S. Dist. LEXIS 23675 (S.D. Ohio 2001), citing 6 Moore's Federal Practice §26.80 (Matthew Bender 3d Ed.). This is particularly appropriate in this case because you spent substantial time in both of these depositions interrogating your own witness and needlessly incurring unnecessary expense. At a minimum, such wasteful activity must be deducted from any reimbursement. Similarly, scheduling all of these depositions in New York was done as an accommodation to you. You should be responsible for Mr. Fuerman's travel expenses.



Michael G. Brautigam, Esq.
December 7, 2004
Page 2

    Secondly, the way I read the Rule, you must first reimburse your witnesses and make sure they are paid and then you can request from the Court reimbursement for "a fair portion" of these charges. Attempting to force all of these expenses on us is inappropriate and inconsistent with the Rule.

    If you have any questions or would like to discuss this further, let me know.

    Sincerely yours,

    KEATING, MUETHING & KLEKAMP, P.L.L.

By: _____
    James E. Burke

JEB:jrr

cc:    James H. Greer, Esq.
        Jason M. Cohen, Esq.

1371732.1