UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER W. THIEMANN, et al. | : | Civil Action No. C-1-00-793 |
| Plaintiffs, | : | Judge Sandra S. Beckwith |
| vs. | : | Magistrate Judge Timothy Hogan |
| OHSL FINANCIAL CORP., et al. | : | ORAL ARGUMENT REQUESTED |
| Defendants. | : | |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF CROSS-MOTION FOR PAYMENT OF EXPERT FEES AND EXPENSES FOR DR. ROSS FUERMAN, DR. MICHAEL WALKER AND MS. CANDACE PRESTON; AND REQUEST FOR SANCTIONS (DOC. NO. 419).**

Plaintiffs respectfully submit this reply brief in further support of their Cross-Motion for Payment of Expert Fees and Expenses for Dr. Ross Fuerman, Dr. Michael Walker and Ms. Candace Preston, and Request for Sanctions (Doc. No. 419). The Reply brief is supported by the attached memorandum.

Dated: 1 April 2005

GENE MESH & ASSOCIATES

Respectfully Submitted,

   /s/Michael G. Brautigam
Gene Mesh (0002076)
Michael G. Brautigam
2605 Burnet Avenue
Cincinnati, Ohio 45219-2502
(513) 221-8800
(513) 221-1097 (Facsimile)

*Attorneys for Plaintiffs and the
Putative Class*

I.    **PRELIMINARY STATEMENT**

As an initial matter, it is absolutely clear that the OHSL and Provident defendants and their counsel never intended to pay plaintiffs' experts anything, and that their attempts to characterize this underhanded evasion of their financial obligations to these experts as a good-faith dispute over the reasonableness of the fees are simply false. The OHSL and Provident defendants are having a difficult time getting their story straight in relation to the payment of plaintiffs' experts. First, OHSL and Provident defendants' defense counsel Keating, Muething & Klekamp, PLL (hereinafter "KMK') denied that they had any responsibility to pay plaintiffs' experts under Fed. R. 26(b)(4)(c) through correspondence to plaintiffs' counsel. Then, in their Response on this matter, the OHSL and Provident defendants acknowledged that such fees could be paid pursuant to this rule, but that they were not paying said fees because they had a good faith dispute over the reasonableness of Dr. Fuerman's fee requests. Finally, in their Response to plaintiffs' Reply, while the OHSL and Provident defendants are arguing that they should not have to pay anything, they are also tacitly stating that never intended to pay plaintiffs' experts any fees or expenses. This includes not just Dr. Ross Fuerman, but also plaintiffs' experts Dr. Michael Walker and Ms. Candace Preston. Although they were previously omitted from their arguments, the OHSL and Provident defendants now argue that their fees are unreasonable as well and that they should not be required to pay them either.

This is not a complex issue, and not one which should be subject to so much change. KMK is merely making this up as it goes along since it cannot reconcile its own beliefs with Fed. R. 26(b)(4)(c). KMK has never intended to pay any of plaintiffs' experts' fees or expenses and has been struggling to find the argument which will enable

it to reach its predetermined conclusion in spite of the dictates of Fed. R. 26(b)(4)(c). This is why the OHSL and Provident defendants deviate from the limited wording of Fed.R. 26(b)(4)(c) to fabricate arguments which have absolutely no basis in relation to this rule. This is also why the OHSL and Provident defendants inexplicably argue that "It would appear that plaintiffs merely are attempting to evade what they rightfully owe," when Fed. R. 26(b)(4)(c) provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee. . .," and the Order to Show Cause (Doc. 417) provides that the OHSL and Provident defendants are "to show cause why they should not be required to pay." (Response at 3). KMK cannot in good faith argue that it is the plaintiffs who are attempting to evade their responsibilities when the Federal Rule and Order of this Court places the responsibility on KMK.

As a result, KMK's changing and indefensible positions, as well as the numerous materially false and misleading statements made to this Court to justify said positions, cry out for sanctions. KMK knows that plaintiffs' counsel is preparing for appeal, and that this manufactured dispute would distract them from this task. In addition, this refusal is just a continuation of KMK's pattern of refusing to take any required actions under the law under less ordered by the Court to do so. Not only has KMK again wasted plaintiffs'—and the Court's time, and further reduced their resources, but it has continued to profit from these bad faith, ridiculous arguments, in the same way that it previously handsomely profited from defending its clients from their liability in relation to the materially false proxy statement which it was instrumental in creating.

3

## II. ARGUMENT

### A. No Manifest Injustice Will Result if the OHSL and Provident Defendants are Required to Pay Dr. Fuerman His Requested Fees and Expenses.

The OHSL and Provident defendants begin their Response by again attempting to justify their complete refusal to pay plaintiffs' experts any fees or expenses at all. To do so, the OHSL and Provident defendants have now fabricated a host of new arguments, which have no basis in Fed. R. 26(b)(4)(c), in order to claim that manifest injustice would result if they were forced to pay Dr. Fuerman's requested fees and expenses.

First, the OHSL and Provident defendants argue that the plaintiffs improperly failed to file a motion for protective order prior to the experts' depositions. Pursuant to Fed. R. 26(b)(4)(c), the plaintiffs saw no reason to do so from a factual or legal perspective. From a factual perspective, these were not exceptional expert depositions in any way, but rather garden variety ones. As a result, plaintiffs, obviously overestimating the integrity of KMK, never thought that KMK and its clients would attempt to completely evade their financial responsibilities under Fed. R. 26(b)(4)(c). Although in retrospect, plaintiffs acknowledge that they should have considered that KMK and its clients would not cooperate in good faith, not honor their legal commitments, but rather would continue their pattern of requiring Court order to do what is expected of them under the law, this does not mean that such a protective order is required in order for the experts to recover their fees.

From a legal perspective, there is no reason why there must be a protective order in place prior to the taking of the deposition in order for an expert to recover his fees and expenses. Since the OHSL and Provident defendants acknowledge that there is no

4

language in Fed.R. 26(b)(4)(c) requiring a protective order, they selectively rely on portions of the commentary for this rule, to the exclusion of others, for this proposition. In doing so, the OHSL and Provident defendants conveniently omits the second half of the sentence which it relies upon for this proposition since it does not further its own needs. The full sentence is as follows:

> "Under subdivision (b)(4)(C), the court is directed or authorized to issue protective orders, including an order that the expert be paid a reasonable fee for time spent in responding to discovery, **and that the party whose expert is made subject to discovery be paid a fair portion of the fees and expenses that the party incurred in obtaining information from the expert.**"

Id. (emphasis added). They also ignore the fact that the commentary provides that the Court may issue the latter order as a condition of discovery, "or it may delay the order until after discovery is completed." Thus, the commentary does not suggest that the issue of reimbursement has to be raised prior to discovery. Finally, the OHSL and Provident defendants interestingly omit the language which provides that "these provisions for fees and expenses meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum." *Lewis v. United Air Lines Transp.,* 32 F.Supp. 21 (W.D. 1940); *Walsh v. Reynolds Metal Co.,* 15 F.R.D. 376 (D. NJ 1954). The OHSL and Provident defendants understandably do so because this is exactly what they are attempting to do in this case.

Second, the OHSL and Provident defendants unsuccessfully argue that they should not have to pay because there was no agreement to pay the expert fees and that this rule is inconsistent with local practice. This is a completely disingenuous argument for the OHSL and Provident defendants to make this argument after having just set forth the language of Fed. R. 26(b)(4)(c) which provides that this is the correct procedure, and

5

which makes no mention of any requirements for written agreements in order for the fees to be paid. Even after scouring the commentary for the rule for legal support, the OHSL and Provident defendants still could find no legal support for the proposition that an agreement is necessary in order to recover expert fees or expenses under Fed. R. 26(b)(4)(c).

Third, this issue does not involve the Dinsmore defendants. Plaintiffs' experts quite simply are not seeking payment from the Dinsmore defendants because they had absolutely no role in the scheduling of their depositions, and were in no sense the parties seeking discovery. This is further verified by the fact that the Dinsmore defendants had very minimal participation in the depositions. They did not ask Dr. Fuerman or Dr. Walker any questions, and only asked Ms. Preston three questions as evidenced on pages 189 – 190 of her deposition transcript.

Fourth, the OHSL and Provident defendants make the unavailing argument that it is the prevailing practice in this legal community for parties to bear the expenses of their own experts. This is false. The OHSL and Provident defendants do not cite to any local rule on this matter which would trump Fed. R. 26(b)(4)(c). Rather, the OHSL and Provident defendants improperly violate Local Rule 7.2 by waiting until their Reply to attach the affidavit of James E. Burke, Esq. to support this proposition. However, this affidavit is not without its own problems. Mr. Burke's affidavit is not only false, but it is less than persuasive due to its vagueness. Although Mr. Burke states that he has found that the customary practice has always been that each side bears the costs of their own experts, he does not state if this was through agreement by counsel or if it was based upon opposing counsels' understanding of Fed. R. 26(b)(4)(c). Similarly, Mr. Burke

also states that he has never paid the expenses for an opposing party's expert, nor has he been asked to do so. (Response, Exhibit A). Of course plaintiffs have asked Mr. Burke and his clients to do just that in this case. Also, Mr. Burke does not state whether or not the substance of his affidavit is true with respect to his clients. Mr. Burke only states that he has never <u>personally</u> paid the expenses of an opposing expert's deposition, nor been requested to under Fed. R. Civ. P. 26 (b) (4), but does not comment on whether or not his clients have been asked to pay fees and costs or whether or not they have actually done so. Finally, it should be noted that Mr. Burke's affidavit is rebutted by the affidavits of other attorneys who practice in this state and in this district. (*See*, Attached Affidavits of Harvey Richman, Esq., as Exhibit A; Greg Moore, Esq., as Exhibit B; Ed Long, Esq., as Exhibit C.) Thus, for the foregoing reasons, Mr. Burke's affidavit should have no bearing on this Court's decision.

Fifth, the OHSL and Provident defendants begin to throw in the kitchen sink when they argue that they should not have to pay the costs of these depositions when the plaintiffs have already lost the case. There is absolutely no indication in Fed. R. 26(b)(4)(c) or its commentary that the payment of a party's expert's fees should be tied to the success of that party's case. Nor does reciprocity have any bearing on this rule. The fact that plaintiffs had not taken any of defendants' experts' depositions at the time that the case was dismissed also has no bearing on the issue presently before this Court.[1] The

---

[1] The OHSL and Provident defendants designated only one expert who was not an employee or former employee of Provident. The OHSL and Provident defendants also named Dr. Tayfun Tuzun, who had extensive personal involvement in the wrongdoing leading up to Provident's massive Restatements, this designation was challenged by plaintiffs and would have been more extensively challenged had the case proceeded. In any event, Dr. Tuzun, apparently in recognition of the several problems associated with

7

OHSL and Provident defendants argue that these factors make their payment of plaintiffs' expert fees unjust. However, the only thing that is unjust is that the OHSL and Provident defendants are attempting to avoid their responsibilities under the law in the same way that the parties did in *Lewis* and *Walsh*.

### B.     Dr. Fuerman's Fee is Reasonable.

The OHSL and Provident defendants seek to deflect attention from their complete refusal to pay by once again raising the red-herring of the reasonableness of Dr. Fuerman's fee. Plaintiffs have amply dealt with this issue in plaintiffs' Response and cross-motion (Doc. No. 419), and have little to add. However, plaintiffs will note that plaintiffs did not misrepresent the record when they stated that the OHSL and Provident defendants never contested the "reasonableness" of Dr. Fuerman's fees. (Response, p. 4). Although the OHSL and Provident defendants stated that they recognized that "reasonableness" was a component of the Court's decision regarding the amount of fees to be awarded, they never stated that Dr. Fuerman's fee was unreasonable until they filed their Response with this Court. (Doc. No. 417). Rather, they had just previously denied and continue to deny any responsibility at all for said fees and expenses.

Plaintiffs will also add that the OHSL and Provident defendants have not made the case that Dr. Fuerman's particular fee is unreasonable.[2] There is not a problem with Dr. Fuerman's fee being astronomically high as it was in *Anthony v. Abbott Labs*, 106

---

his expert status, did not charge for his expert report. Perhaps his generous severance from Provident was payment enough for the opinions he offered in this case.

[2]  Plaintiffs will not comment any further on the OHSL and Provident defendants' false characterization of Dr. Fuerman's testimony. His deposition transcript and affidavit are before this Court, and confirm that this is just another attempt by the OHSL and Provident defendants to cloud the issues and divert this Court attention from its task at hand.

8

F.R.D. 461 (D.R.I. 1985) or *Jochims v. Isuzu Motor, Ltd.*, 141 F.R.D. 493 (S.D. Iowa 1992), since the OHSL and Provident defendants' expert $425/hour fee was even higher than Dr. Fuerman's, Dr. Walker's and Ms. Preston's. Although the *Jochims* Court was concerned about the fact that the expert in that case had doubled its fee for opposing counsel, its decision was not nearly this narrow. Rather, the Court looked at several factors including: (1) the witnesses area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the Court in balancing the interests implicated by Rule 26. Id. at 495-496. In both *Jochims* and *Anthony*, the Court was mainly concerned about how similar the requested fee was in relation to other experts in the field. As stated above, this is not a concern in the present case since the OHSL and Provident defendants' expert charged more than all three of the plaintiffs' experts at issue.

## II.     PLAINTIFFS' CROSS-MOTION FOR FEES AS TO EXPERTS DR. MICHAEL WALKER AND MS. CANDACE PRESTON

Dr. Walker and Ms. Preston are also entitled to the fees and expenses that they have requested pursuant to Fed.R. 26(b)(4)(c). In their opening Response, the OHSL and Provident defendants initially tried to limit their misguided arguments to Dr. Fuerman because they were trying to give the false impression that there was a good faith dispute regarding the amount of a fee rather than a blanket refusal on their part to pay any fee for any of plaintiffs' experts. When the plaintiffs pointed this fact out, the OHSL and Provident defendants responded as follows:

> Given the fact that the Court's Order to Show Cause dealt solely with Dr. Fuerman and asked for a response only as to him, it should not be surprising that the situations of Dr. Walker and Ms. Preston were not discussed.

(Response at 6). However, this is not true. It does not take remarkable prescience to realize that the fees of Dr. Walker and Ms. Preston would also be at issue, since KMK's deceitful and underhanded attempt to evade financial responsibility for these witnesses exactly parallels their conduct with Dr. Fuerman. KMK made the calculated decision to avoid discussing them in their opening filing, happy to leave the Court with a very misleading impression of the scope of the dispute. Now, that the OHSL and Provident defendants have been forced to address these experts as well, it is interesting how quickly they attempt to discredit these independent experts. These arguments are easily rejected for several reasons.

First, as discussed above, plaintiffs are not asking for fee shifting, but for adherence to Fed. R. 26(b)(4)(c), or for the basic proposition that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum. *Lewis, supra; Walsh, supra.*

Second, the arguments regarding a lack of agreement, "local practice" and "manifest injustice" are all baseless for the reasons set forth above. The argument that the value of Dr. Walker's and Ms. Preston's testimony should be discounted because they did not testify regarding the areas which are their fields of expertise is also a red herring. These experts were more than qualified to opine on the issues for which they were called to testify. However, this is not an issue which is to be considered when reviewing a request for fees pursuant to Fed.R. 26(b)(4)(c). In addition, if the OHSL and Provident defendants really questioned plaintiffs' experts' qualifications, the proper method of

dealing with this issue would be to make a *Daubert* motion, or other similar challenges as to these experts' qualifications. In sum, these are just the same type of gratuitous attacks which KMK and its clients always make when they lack an appropriate legal argument to make on their own behalf.

Third, the fees are not excessive and there is no evidence of misconduct by these witnesses in relation to these depositions. As stated above, it is disingenuous for the OHSL and Provident defendants to argue that plaintiffs' experts' fees are excessive when their own expert charged $425/hour. Here, both Ms. Preston, and especially Dr. Walker's expert rates, were significantly lower.

In addition, it should not come as a surprise to this Court that defense counsel is once again attacking plaintiffs' counsel and using his alleged improper questioning as a basis to avoid payment of plaintiffs' experts' fees. This is yet another baseless, half-hearted, shoddy, and entirely conclusory attack which is made solely with the hope that the OHSL and Provident defendants can divert this Court's attention from the true issues before this Court by raising multiple false and irrelevant ones. However, as usual, the OHSL and Provident defendants cannot cite to a single improper question, but only figuratively throw nearly a hundred pages of the Walker and Preston depositions at this Court and ask the Court to find alleged misconduct. Given defense counsel's intense dislike for plaintiffs' counsel it is obvious that if they could cite to examples of misconduct, they would not pass up such an opportunity to do so.

**III.    THE OHSL AND PROVIDENT DEFENDANTS' COUNSEL SHOULD BE SANCTIONED**

KMK should be sanctioned for not only their initial blanket refusal to not compensate any of plaintiffs' experts under any circumstances, but also because they

have tried to mislead the Court, and have unnecessarily depleted the time and resources of the plaintiffs, this Court, and its clients. Any other result will financially reward KMK for its blatant and continuing misconduct. While the Response indicates that the OHSL and Provident defendants have always been willing to "fully perform their obligations in this matter," Mr. Burke's correspondence confirms that they never intended any such thing. Rather, KMK continues its pattern and practice of making false arguments to the Court in a desperate attempt to justify their improper behavior, or distract the Court from the very simple issue at hand. These are discussed in detail above and in Doc. No. 419.

It is also clear that KMK's actions are motivated solely by bad faith. Although KMK would not initially admit it, the OHSL and Provident defendants have now indirectly conceded that they will have to pay a fair portion of Dr. Fuerman's expenses. Consequently, all of the time and effort spent fighting over the alleged "reasonableness" of his fees could have easily paid most, if not all, of his fees. By refusing to do so, the OHSL and Provident defendants have only succeeded in creating an unwanted and needless expense for plaintiffs, as well as its own clients. Such conduct must be deemed to be the result of KMK's bad faith since it is the only one to have profited from this irrational economic act. The plaintiffs, as well as the Court, have obviously been unfairly taxed, and so have KMK's clients since they will have to not only eventually pay plaintiffs' experts but also KMK for its time in preparing these filings.

Thus, plaintiffs respectfully request KMK be sanctioned at least in the amount of the bad faith fees it generated in responding to the Order to Show Cause and the costs of plaintiffs' response and cross-motion so that KMK will not be financially rewarded yet

again for this strategy of bad faith and blatant misrepresentations to the Court. (Doc. No. 417).

IV.   **CONCLUSION**

Therefore, for the foregoing reasons, as well as the reasons set forth in Doc. No. 419, plaintiffs respectfully request that the Court Order the reasonable and necessary expert fees as billed by Dr. Ross Fuerman, Dr. Michael Walker, and Ms. Candace Preston be paid by counsel for the OHSL and Provident defendants forthwith, and that the OHSL and Provident defendants' counsel be sanctioned for their obvious and blatant bad faith in forcing this matter onto the docket of an already dismissed case.  Finally, plaintiffs respectfully request an oral argument to assist the Court in rendering a decision on this issue.

DATED: 1 April 2005                                  Respectfully Submitted,


                                                       /s/ Michael G. Brautigam
                                                     Gene Mesh (OH Bar # 0002076)
                                                     Michael G. Brautigam
                                                     GENE MESH & ASSOCIATES
                                                     2605 Burnet Avenue
                                                     Cincinnati, Ohio 45219-2502
                                                     (513) 221-8800
                                                     (513) 221-1097  (fax)

                                                     *Attorneys for Plaintiffs and the
                                                     Putative Class*

**CERTIFICATE OF SERVICE**

      This is to certify that a true and accurate copy of the foregoing plaintiffs' Reply to the Response of the OHSL and Provident defendants to Order to Show Cause Regarding Deposition of Dr. Ross D. Fuerman; Cross-Motion For Payment of Expert Fees and Expense for Dr. Michael Walker and Ms. Candace Preston; and Request for Sanctions was served this 1st day of April 2005 as per the Court's CM/ECF system:

James E. Burke, Esq.
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202-3752

Michael E. Maundrell, Esq.
John W. Hust, Esq.
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249 .

David Greer, Esq.
Bieser, Greer & Landis
400 National City Center
6 North Main Street
Dayton, OH 45402-1908

                                                    /s/ Yvonne Belisle
                                                    Yvonne Belisle