UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WALTER W. THIEMANN,**<br>**PLAINTIFF**<br><br>VS.<br><br>**OHSL FINANCIAL CORP., ET AL.,**<br>**DEFENDANTS** | CASE NO. C-1-00-793<br>(BECKWITH, J.)<br>(HOGAN, M.J.) |

### ORDER

Before the Court is the Response by Provident and OHSL Defendants to this Court's Show Cause Order (Doc. 418), Plaintiff's Reply (Doc. 421) and Defendants' Response to Plaintiff's Reply (Doc. 420). The document numbers are not typographical mistakes; there actually are over 400 filings in this case. Today's issue is who should pay the costs associated with the deposition of Dr. Ross Fuerman, Plaintiff's expert witness. The issue comes to us in an atypical manner. Plaintiff filed no Motion to bring the matter to our attention. Rather, Dr. Fuerman's solicitation of Judge Beckwith's assistance in obtaining compensation for his services has resulted in our participation in order to resolve the apparent dispute. The Court issued a previous Show Cause Order to the Provident and OHSL Defendants. (*See* Doc. 417).

The Court can discern the following facts among the exchange of diatribes contained in the papers:

(1) Ross D. Fuerman, Ph.D. is an Associate Professor of Accounting at Suffolk University in Boston, Massachusetts and was an expert witness designated by Plaintiff. Dr. Fuerman's deposition was taken by defense counsel on October 21, 2004 in New York.

(2) The site of the deposition was determined by Plaintiff's counsel. There appears to be no reason why defense counsel would prefer Boston over New York as defense counsel are based in Cincinnati and either site is of comparable distance and has travel costs that are comparable. Dr. Fuerman's travel costs were $595.45.

(3) There was no agreement, either before or after the Fuerman deposition, about which party would pay for Dr. Fuerman's fees. Defense counsel did pay the court reporter's charge of $3,600. Dr. Fuerman has no written contract for payment of his services, a mistake on his part that this Court assumes will not happen again.

(4) Although the Dinsmore Defendants did attend the Fuerman deposition, they asked no questions. Plaintiff does not seek for this Court to order any portion of the Fuerman fees to be paid by the Dinsmore Defendants.

(5) The Court must assume that Dr. Fuerman's deposition was requested by defense counsel, although there is precedent in this case for counsel taking the deposition of his own witness. The Court, however, does observe that such an unusual procedure was not attributable to any defense counsel.

(6) All of Plaintiff's claims in this case were dismissed by Judge Beckwith prior to any trial on the merits. Thus, there is no pattern reflecting an applied agreement or prior practice by the lawyers in this case relative to the payment of expert deposition fees.

(7) Defense counsel accuses Dr. Fuerman of doubling the fee he charged Plaintiff's counsel, a fact that Plaintiff's counsel does not deny. The fee Dr. Fuerman is charging defense counsel is $300 per hour.

Plaintiff refers us to Rule 26(b)(4)(C) and the language contained therein that "unless manifest injustice would result, (i) the Court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." Defendants essentially argue that "manifest injustice" would occur if the Court enforced Rule 26(b)(4)(C) because the rule is contrary to accepted practice and because Plaintiff was not held to the same standard, since the case was dismissed prior to the deposition of defense experts. The Rule is certainly modifiable by an agreement to the contrary, but in the absence of such an agreement, the Rule is controlling and such is the probable reason for such a rule in the first place. The conclusion is inescapable that Defendants, who sought discovery from Dr. Fuerman, must pay him a reasonable fee for the use of his time.

On the other hand, there are three factors which should be considered on the subject of reasonableness, the first of which is the fact that travel costs were not attributable to Defendants. The second is that there is no justification for a different hourly rate charged to one's adversary

than the hiring attorney. The third is a consideration of Defendants' argument that asking questions of one's own expert at a discovery deposition is unnecessary and simply bill padding. With the latter proposition, we disagree. Although deposing one's own witness would ordinarily be strange practice, rehabilitating one's witness is a proper function of counsel at a discovery deposition. Therefore, we eliminate travel costs as a portion of Dr. Fuerman's charges, for which the Provident and OHSL defendants are responsible. We also limit Dr. Fuerman's hourly rate to the same hourly rate charged Plaintiff's counsel.

Since other experts were not the subject of this Court's Show Cause Order, we limit our response to Dr. Fuerman's fees.

April 13, 2005

Timothy S. Hogan
United States Magistrate Judge